Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile: 619.400.0501
yosina.lissebeck@dinsmore.com

Matthew J. Stockl (State Bar No. 329366)
**DINSMORE & SHOHL LLP**
550 South Hope Street, Suite 1765
Los Angeles, CA 90071
Telephone: 213.335.7737
Facsimile: 213.335.7740
matthew.stockl@dinsmore.com

Proposed Counsel to the Chapter 7 Trustee,
Richard A. Marshack

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| Kristina Lynn Smith,<br><br>　　　　　　Debtor. | Case No. 8:24-bk-12527-TA<br><br>Chapter 7<br><br>**DECLARATION OF MATTHEW J. STOCKL IN SUPPORT OF APPLICATION PURSUANT TO 11 U.S.C. SECTION 327(a) AUTHORIZING THE RETENTION AND EMPLOYMENT OF DINSMORE & SHOHL LLP AS GENERAL BANKRUPTCY COUNSEL FOR CHAPTER 7 TRUSTEE RICHARD A. MARSHACK**<br><br>Date:　　No Hearing Required<br>Time:<br>Ctrm:　　5B<br>　　　　411 West Fourth Street<br>　　　　Santa Ana, California 92701-4593<br>Judge:　Hon. Theodor C. Albert |

1

I, Matthew J. Stockl, declare as follows:

1. I am an attorney duly licensed to practice before this Court and the courts of this State. I am an associate of the law firm Dinsmore & Shohl LLP ("Dinsmore" or the "Firm"), proposed general counsel for the chapter 7 trustee, Richard A. Marshack (the "Trustee"), trustee of the above-captioned debtor (the "Debtor").

2. I submit this declaration ("Declaration") in support of the Application Pursuant to 11 U.S.C. Section 327(a) Authorizing the Retention and Employment of Dinsmore & Shohl LLP as General Bankruptcy Counsel for Chapter 7 Trustee Richard A. Marshack filed concurrently herewith (the "Application").

3. The facts stated below are personally known to me, except for those matters based upon information and belief and as to those, I believe them to be true. If called as a witness, I could and would competently testify to the truth of such facts.

4. On or about October 3, 2024, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court of the Central District of California (the "Court").

5. On or about October 3, 2024, the Trustee was appointed trustee in the Case. The Trustee seeks to retain and employ Dinsmore as the Trustee's general bankruptcy counsel in the Case effective October 23, 2024. This Application, and subsequent Order, controls the terms of engagement, there is no other engagement agreement between the parties. Costs are charged as identified in the chart attached hereto as Exhibit A.

6. To the best of my knowledge, information and belief, neither the Firm, nor any of its partners has any interest in the bankruptcy estate of the Debtor, except as otherwise set forth herein. Nor do any of its partners or associates represent any interest adverse to the Trustee or the bankruptcy estate in connection with the Case with respect to the matters for which the Firm is to be employed and appointed, except as otherwise set forth herein.

7. The Firm is a large, prestigious firm which has been serving United States communities since 1908 in some form. As is common in a large firm, representing hundreds of thousands of clients over the years, the Firm has represented clients who have or may have some

connection to parties involved in the Case. At my direction or the direction of other attorneys at the Firm, the Firm has performed a search in its computerized conflict resolution system for the Debtor, the creditors listed on the Debtor's Schedules on file in the Case, and other parties in interest as noted by the record in the Case. I or other attorneys at the Firm will supplement this Declaration with any necessary disclosures of further connections with creditors and other parties of interest in the Case from time to time as such information becomes available and as appropriate under the relevant circumstances, all in accordance with applicable law and rules.

8.      Based upon my review of the results of the above-described inquiry and conflict check (and any and all knowledge I have apart from the results thereof) thus far, the Firm, to the best of my knowledge and belief, does not hold or represent any interest adverse to the Trustee, the Case, the Debtor's bankruptcy estate or in connection with the Case except as set forth below, and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

9.      Consistent with Bankruptcy Rule 2014, I have chosen to disclose the "connections" that the Firm may have to the Trustee, the Debtor, the bankruptcy estate, the known creditors or other parties in interest in the Case, any of their respective attorneys and accountants as described above, the United States Trustee or any employee of that office, and have adopted a broad definition of the word "connection." Subject to this Declaration, the connections identified through the described inquiry involve entities or persons that are clients of or former clients of the Firm, adverse parties to clients of the Firm, or otherwise involved parties, in each case in unrelated matters, all of which are discussed below:

a.      **Connections with the Trustee**. I do not believe that presently the Firm is involved in any matter in which it is adverse to the Trustee in his role in the Case, or in any other matter. The Firm has and may in the future serve as counsel to the Trustee in his fiduciary capacity in other, unrelated cases; and in the future the Trustee or his law firm may represent one or more attorneys at the Firm who are serving as a trustee or other fiduciary in a matter. Like the Trustee, attorneys at the Firm are or may from time to time be members of the panel of Chapter 7 Trustees for the Central District of California and/or serve as trustees in other cases before the Court. The Firm may in the future be involved in cases in which the Trustee or his affiliates (e.g.

3

his law firm) may be a creditor or retained by a party in interest. Attorneys at the Firm may have had matters adverse, or were otherwise involved, in cases in which the Trustee was involved in his fiduciary capacity or as a lawyer or advisor to a party in interest; such cases are unrelated to the Debtor's Case. Both myself and the others at Dinsmore have served as members, directors and/or officers of the California Bankruptcy Forum or other organizations and may do so in the future. The Trustee is or has been or may be a member, officer and/or director of some of these organizations. Attorneys at the Firm socialize with the Trustee from time to time. For conflicts of interest purposes, I do not believe the foregoing representations or involvement with the Trustee poses any conflict of interest or "disinterestedness" issues. These matters are unrelated to the Debtor, the Debtor's bankruptcy estate or other parties in the Case. These matters do not raise any conflict or disinterestedness issues; nevertheless, because Rule 2014 requests "connections," they are disclosed herein.

   **b.**  **Connections with the Debtor**. None known.

   **c.**  **Connections with Creditors and Parties in Interest**: Because of its size and its tenure in this community and throughout the country, it is inevitable that one or more creditors or parties in interest in the Case are or may be clients of the Firm. However, no creditor in the Case has retained the Firm, or is a Firm client, in this matter adverse to the Debtor, the bankruptcy estate or the Trustee in the Case. Each of the creditors or their affiliates listed on Exhibit "B" hereto, are or may be clients of the Firm, or may be adverse or otherwise involved in matters <u>unrelated</u> to the Case and <u>unrelated</u> to the Debtor, the bankruptcy estate, the Trustee or any other party in interest in the Case with respect to the Case, except as set forth herein. For conflicts of interest purposes, I believe these representations do not pose any conflict of interest. However, where a party in interest in the Case is a client of the Firm, the Firm shall not take any action directly adverse to such party on behalf of the Trustee, absent an executed written conflict waiver from such client and subsequent disclosure to this Court and parties in interest, if required. In no circumstances will the Firm represent these clients, or client related parties, adverse to the Debtor or the Trustee in the Case. The Trustee has agreed to the foregoing.

   In addition, with respect to the clients listed on Exhibit "B" and/or one or more of their

affiliates, the Firm may represent parties to which these clients and/or one or more of their affiliates are otherwise associated, in one or more matters <u>unrelated</u> to the Debtor, the Trustee, the bankruptcy estate, or the Case.  The Firm may, from time to time, accept new cases from these clients and/or one or more of their affiliates <u>unrelated</u> to the Debtor, the Trustee with respect to the Case, the bankruptcy estate, or the Case.  The Firm does not possess any material or confidential information related to these clients and/or their affiliates that prevents the Firm from representing the Trustee in the Case.  For conflicts of interest purposes, I believe that none of these representations poses a conflict of interest issue.  I believe no waiver of any potential conflict of interest from any of these clients and/or one or more of their affiliates is necessary as of this time.  If at any point such a waiver is necessary, I expect that each affected entity and/or affiliates would execute any waiver as presented, or in the highly unlikely case that such a waiver is both required and not granted, it is anticipated that the Trustee will retain special counsel.  As of this time, none of these matters raise any conflict or disinterestedness issues; nevertheless, because Rule 2014 requires "connections," they are disclosed herein.

        d.    **Connections with Other Counsel or Professionals in the Case**.  Members of the Firm have been, are or may in the future be involved in other matters in which the Trustee, his law firm, or other professionals, as well as other professionals representing other parties in interest in the Case have been, are or may be involved.  These connections have no impact on the Firm's representation in the Case.

        e.    **United States Trustee and Judiciary**.  I and other partners and attorneys of the Firm have had many cases with the Central District of California Offices of the United States Trustee over the years, and we know many people in these offices personally.  One or more partners or other attorneys at the Firm may have worked in the office of the U.S. Trustee (but to my knowledge, not the Central District of California) before joining the Firm or may have or have had familial relationships with one or more of the attorneys in the Office of the U.S. Trustee, although as noted, to my knowledge, not within the Central District of California.

1     On or about July 1, 2017, the Hon. Peter W. Bowie, former Chief Judge for the United

2 States Bankruptcy Court for the Southern District of California, joined Dinsmore as Of Counsel.

3     Attorneys at the Firm may have been, and from time to time may be, panelists on seminars

4 that may include members of the Office of the United States Trustee or judges of the Court, and

5 may attend seminars or meetings of organizations which are also attended by members of the

6 Office of the United States Trustee or judges of the Court.

7     **f.**    **Connections in Other Bankruptcy Cases**. Dinsmore has a long history of

8 representing trustees, debtors, official creditor's committees, creditors and other parties in interest

9 in bankruptcy cases. Because of the nature of the bankruptcy business community, it is common

10 for the same party to appear as a creditor or contract party of more than one debtor. The creditors

11 or parties in interest set forth on Exhibit "B" attached hereto and/or one or more of such creditors'

12 or parties' in interest affiliates, as such affiliates were identified through the conflicts search

13 described above, appear, at one time or another, to have surfaced as creditors (or as otherwise

14 adverse) in one or more matters in which the Firm represented and/or currently represents a

15 trustee, a debtor or a committee, and in which the Firm's representation would have been or is

16 technically adverse to such parties. The Firm is involved or may be involved in several bankruptcy

17 matters in which creditors, contract parties or other parties in interest and/or their affiliates

18 (including as described above) are a creditor or a contract party or otherwise involved and the

19 Firm has represented parties that are adverse to these entities and/or their affiliates in matters

20 unrelated to the Debtor, the Trustee, the bankruptcy estate, or other parties in the Case.

21     **g.**    **Adverse Representation in Non-Bankruptcy Cases**. Dinsmore has a long

22 history of representing clients in litigation, transactions and other matters throughout the United

23 States. Because of the nature of the business, it is not uncommon for creditors or adversaries of

24 the Debtor or the bankruptcy estate to also be adversaries of unrelated Firm clients in unrelated

25 matters. The Firm appears to have represented or represents one or more creditors or parties

26 and/or one or more of such creditors' or parties' in interest affiliates, as such affiliates were

27 identified through the conflicts search described above in one or more non-bankruptcy matters

28 where such parties are adverse to one or more of the creditors or parties in interest as set forth on

Exhibit "B" attached hereto. Any such matters are unrelated to the Debtor, the Trustee with respect to the Case, the bankruptcy estate, or other parties in the Case. None of these matters raise any conflict or disinterestedness issues.

10. Subject to the Court's approval, the Firm will charge the Trustee and the bankruptcy estate for its legal services on an hourly basis and shall seek payment from the bankruptcy estate. Set forth in the Application are the hourly rates the Firm will charge for legal services of its professionals that will initially perform services in the Case. For other professionals, the rate will be the hourly rate generally in effect for the period during which the services are rendered. Because the fees are based on hourly rates and correspond to the experience and expertise of each individual, I believe that these rates, and the terms and conditions of the Firm's employment, are reasonable. These rates are subject to adjustment, historically on or about January 1 of each year.

11. In addition to the hourly rates set forth in the Application, the Firm customarily charges its clients for items of cost and expense incurred in our work on this matter. Items which will be charged separately include copying, messenger services, filing fees, postage and express services, long distance telephone calls, telecopying, computerized legal research, computer-assisted document preparation, support staff overtime when necessary, and similar items. Where appropriate, we may engage third-party providers to perform specific services. As with our hourly rates, the cost and expense schedule is generally updated on January 1 of each year. The current rates for these charges are attached hereto as Exhibit "A." Subject to the Bankruptcy Code, Bankruptcy Rules, any applicable fee guidelines and this Court's order(s), the Firm will be seeking reimbursement of charges incurred on behalf of the Trustee and the bankruptcy estate during the Case. The Firm understands that approval of the employment herein is not a per se approval of any such expense, and that all parties may respond to the Firm's charge of any expense at the time of a fee application containing such expense.

12. The Firm has neither shared nor agreed to share any of the compensation it receives from the Case with any person other than to share this compensation among its partners and employees.

13. The Firm has not received a retainer in connection to its proposed representation of the Trustee.

14. The Firm agrees not to accept compensation for services rendered in the Case except upon order of the Court.

15. Based upon the foregoing, I believe that the Firm is eligible for employment and retention by the Trustee pursuant to the Bankruptcy Code and the applicable Bankruptcy Rules.

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct, except for those matters stated upon the information and belief and as to those, I believe them to be true.

Executed this 20th day of November, 2024, at Los Angeles, California.

*/s/ Matthew J. Stockl*
Matthew J. Stockl

EXHIBIT "A"

Cost Chart

1

## *Disbursement Pricing*

| Disbursement | Cost |
|---|---|
| Binding | $2.00 each |
| Binding (Special Materials) | $10.00 each |
| Cab Fares | Actual Cost |
| Courier Service | Actual Cost |
| Duplicating | $0.15 per page |
| Duplicating (Color) | $0.75 per page |
| Outside Duplicating | Invoice Cost |
| Lexis | Actual Cost |
| Library Research Services | Published Standard Cost |
| Long Distance Telephone | Actual Cost |
| Messenger Service | Actual Cost |
| Postage | Actual Cost |
| Search and Filing Fees | Actual Cost |
| Telephone (Credit Card Calls) | Actual Cost |
| Travel | Actual Cost |
| 24/7 E-mail/Cell Phone Attorney Contact Charge | Actual Cost or not to exceed $50.00 per month |
| Other External Costs or Advances | Actual Cost |

EXHIBIT "B"

Connections to Parties In Interest[1]

| Creditors and Parties In Interest (as listed on the Schedules) | Name/Similar Name of Dinsmore Connection | Former and/or Current Client (or Affiliate) | Adverse, Related or Involved in Unrelated Bankruptcy Cases | Adverse, Related or Involved in Unrelated Non-Bankruptcy Cases/Matters | Scheduled Amount[2] | Comments |
|---|---|---|---|---|---|---|
| United States Trustee (Central District of California) | | | X -- PLUS relationship through professional organizations and seminars | X -- PLUS relationship through professional organizations and seminars | | The Firm also is involved in other bankruptcy cases where other offices of the U.S. Trustee are involved. |
| Bank of America | Bank of America | X | X | X | $16,790.00 | |
| Bank of America | Bank of America | X | X | X | $10,326.00 | |
| Bank of America | Bank of America | X | X | X | $10,169.00 | |
| Progressive Insurance Co. | Progressive Insurance Company | X | X | X | $239.00 | |

---

[1] Where an "X" is marked, it applies to one or more parties listed in the Name/Similar Name of Dinsmore Connection column. Items marked with an "X" refer to the relationship to the listed Dinsmore Connection.

[2] Unless otherwise noted, the scheduled claim is not listed as contingent, unliquidated or disputed. Claims may exist even where not scheduled. See comments as applicable.

1

| Creditors and Parties In Interest (as listed on the Schedules) | Name/Similar Name of Dinsmore Connection | Former and/or Current Client (or Affiliate) | Adverse, Related or Involved in Unrelated Bankruptcy Cases | Adverse, Related or Involved in Unrelated Non-Bankruptcy Cases/Matters | Scheduled Amount[2] | Comments |
|---|---|---|---|---|---|---|
| Select Portfolio Services | Select Portfolio Servicing, Inc. | X | X | X | | |

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Dinsmore & Shohl LLP
550 S. Hope Street, Suite 1765
Los Angeles, California 90071

A true and correct copy of the foregoing document entitled (*specify*): ***Declaration of Matthew J. Stockl in Support of Application Pursuant to 11 U.S.C. Section 327(a) Authorizing the Retention and Employment of Dinsmore & Shohl LLP as General Bankruptcy Counsel for Chapter 7 Trustee Richard A. Marshack*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 21, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **November 21, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 21, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 21, 2024 | Katrice Ortiz | /s/ Katrice Ortiz |
|---|---|---|
| Date | Printed Name | Signature |

*In re Kristina Lynn Smith*
Case No. 8:24-bk-12527-TA
U.S.B.C., Central District of California
Santa Ana Division

I. **TO BE SERVED VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Richard G. Heston** rheston@hestonlaw.com, yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email
- **Richard A Marshack (TR)** pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Julie J Villalobos**  julie@oaktreelaw.com, oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com
- **Jennifer C Wong** bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

II. **SERVED BY UNITED STATES MAIL**:

**Debtor:**
Kristina Lynn Smith
27591 Kathy Ct
Laguna Niguel, CA 92677-6025

**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593

III. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, OR EMAIL:**

**U.S. Bankruptcy Court:**
Honorable Theodor Albert
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

1

15232336.2