Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone: 619.400.0500
Facsimile: 619.400.0501
yosina.lissebeck@dinsmore.com

Matthew J. Stockl (State Bar No. 329366)
**DINSMORE & SHOHL LLP**
550 South Hope Street, Suite 1765
Los Angeles, CA 90071
Telephone: 213.335.7737
Facsimile: 213.335.7740
matthew.stockl@dinsmore.com

Proposed Counsel to the Chapter 7 Trustee,
Richard A. Marshack

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No. 8:24-bk-12527-TA |
| Kristina Lynn Smith, | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION TO DISMISS BANKRUPTCY CASE DUE TO BAD FAITH FILING** |
| | [Hearing Requested – Local Bankruptcy Rule 9013-1(o)(4)] |
| | Hearing:<br>Date:   February 11, 2025<br>Time:   11:00 a.m.<br>Place:  Courtroom 5B<br>            411 W Fourth St.<br>            Santa Ana, CA 92701<br>            via ZoomGov |

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE; JEFFREY ADAMS GOMEZ; THE DEBTOR; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL OTHER INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

1

Richard A. Marshack, court-appointed chapter 7 trustee (the "Trustee") in the above-captioned chapter 7 case (the "Case") of the debtor Kristina Lynn Smith (the "Debtor"), hereby files this opposition ("Opposition") to the *Motion to Dismiss Bankruptcy Case Due to Bad Faith Filing* [ECF No. 26] ("Motion") filed by Jeffrey Adams Gomez ("Gomez"). This Opposition is supported by the record and all other relevant papers and pleadings on file with this Court in the Case, all oral and documentary evidence which may be presented prior to or at the hearing on the Motion, and all matters of which the Court make take judicial notice. For the reasons set forth below, the Trustee requests that the Court deny the Motion its entirety.

## I. STATEMENT OF RELEVANT FACTS

On or about October 3, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court of the Central District of California. On or about October 3, 2024, the Trustee was appointed trustee in the Case.

As set forth on her *Schedule A/B*, the Debtor owns real property located at 27591 Kathy Court, Laguna Niguel, California 92677 (the "Laguna Property"). The Debtor also asserts an ownership interest in several investment properties, including: 1010 Moffatt, Rialto CA 92377; 4343 Alamitos St, Montclair CA 91763; 739 W H St, Ontario CA 91762; 14227 Weeping Ln, Fontana CA 92337; 7013 Ramona, Rancho Cucamonga CA 91701; 3588 N Lugo, San Bernardino CA 92404; and 137 South Terrace, San Bernardino CA 92410.

The Debtor and Mr. Gomez are involved in divorce proceedings pending before the Orange County Superior Court ("Family Court") as case number 17D000590. Prior to the Petition Date, the Family Court ordered that the Laguna Property be sold.

The Trustee, through his proposed counsel, has questioned the Debtor at a meeting of creditors and conducted informal discovery. The Trustee has also reviewed documents, discussed values with real estate agents, and performed various other duties in this Case.

The Trustee believes that if the Laguna Property is sold, sufficient equity exists to pay the secured claim, liens, taxes, and costs of sale, and leave equity for the Estate for distribution to creditors listed on Debtor's schedules. For that reason, the Trustee will be filing an application to

2

retain a real estate broker in the Case to market and sell the Laguna Property, subject to Court approval. The Trustee has also filed an application to retain Dinsmore & Shohl LLP as his general bankruptcy counsel. [ECF No. 17].

Gomez filed the Motion to dismiss the Case "for cause" pursuant to § 707(a). The Motion essentially argues that the Case should be dismissed as a "bad faith filing" due to the Debtor's "misrepresentations and omissions" in the Case. (Motion at 3.) Gomez asserts that dismissal is warranted because (1) the Debtor failed to disclose a premarital agreement, storage unit contents, Rolex watch, and other assets; (2) the Case lacks a legitimate bankruptcy purpose because the Debtor could have paid her debts through the sale of the Laguna Property outside of bankruptcy and could have reduced her medical debt by submitting insurance claims; and (3) the Debtor is attempting to forum shop and filed the Case solely to delay and frustrate the enforcement of state court orders. (Motion at 3-5.)

## II.    ARGUMENT

Dismissal of a chapter 7 case is governed by Section 707 of the Bankruptcy Code, which provides that a court may dismiss a chapter 7 case "only for cause[.]" 11 U.S.C. § 707(a). In *Hickman v. Hana (In re Hickman)*, 384 B.R. 832, 840 (9th Cir. B.A.P. 2008), the court observed that the "term 'for cause' is defined in the Bankruptcy Code only by way of a list of three examples—unreasonable delay prejudicial to creditors, nonpayment of filing fees, and not filing schedules—that is plainly incomplete." *In re Harris*, No. 2:21-bk-10152-ER, 2021 Bankr. LEXIS 1664, at \*6 (Bankr. C.D. Cal. Feb. 17, 2021) (quoting *Hickman*). The *Hickman* court explained that courts should examine the totality of the circumstances in determining whether "cause" under §707(a) is present. *Harris*, 2021 Bankr. LEXIS 1664, at \*6-7 (citing *Hickman* 384 B.R. at 840).

While "bad faith" may provide "cause" to dismiss chapter 11 and chapter 13 bankruptcy petitions, "bad faith" does **not** provide "cause" to dismiss a chapter 7 petition. Gomez cites two decisions in support of dismissal of the Case as a "bad faith" filing: *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1220 (9th Cir. 1999) and *Eisen v. Curry (In re Eisen)*, 14 F.3d 469 (9th Cir. 1994), both of which involved Chapter 13 bankruptcy petitions. As discussed in greater detail below, these cases are readily distinguished because they apply the standards for dismissal of a chapter 13

3

case rather than standards for dismissal of a chapter 7 case such as the Case before the Court.

In *Neary v. Padilla (In re Padilla)*, the Ninth Circuit held that a debtor's "bad faith" did not constitute "cause" for dismissal for purposes of § 707(a):

> We note that Chapters 11 and 13 of the Bankruptcy Code each contain a "dismissal for cause" provision that is structured like § 707(a) and includes the same or similar examples of "cause" as § 707(a). However, under the Chapter 11 and Chapter 13 provisions we have held that bad faith does provide "cause" to dismiss Chapter 11 and Chapter 13 bankruptcy petitions. What distinguishes Chapters 11 and 13 from Chapter 7 is the language of the Bankruptcy Code itself and the post-filing relationship between the debtor and his creditors. The Bankruptcy Code specifically mentions good faith in Chapters 11 and 13 when it permits a court to confirm a payment plan only if it is proposed in good faith. No mention of good faith or bad faith is made in Chapter 7. Also, the post-filing debtor-creditor relationship is markedly different in liquidation and reorganization bankruptcies. Chapters 11 and 13, both reorganization chapters, permit the debtor to "retain its assets and reorder its contractual obligations to its creditors. In return for these benefits, . . . the debtor [must] approach its new relationship with the creditors in good faith . . ." Chapter 7, a liquidation chapter, "requires no ongoing relationship between the debtor and its creditors" and should be available to any debtor willing to surrender all of its nonexempt assets, "regardless of whether the debtor's motive in seeking such a remedy was grounded in good faith." . . . The Bankruptcy Code's language and the protracted relationship between reorganization debtors and their creditors lead us to conclude that bad faith per se can properly constitute "cause" for dismissal of a Chapter 11 or Chapter 13 petition but not of a Chapter 7 petition under § 707(a).

222 F.3d 1184, 1192-93 (9th Cir. 2000) (footnotes and internal citations omitted).

Expanding upon *Padilla*, the Ninth Circuit has held that if the circumstances alleged to constitute cause for dismissal are "contemplated by any specific Code provision applicable to Chapter 7 petitions," then such circumstances do not constitute cause for dismissal within the meaning of §707(a). *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 970 (9th Cir. 2007). In *Sherman*, the SEC asserted that various types of misconduct that the debtors had allegedly engaged in constituted cause for dismissal. The Ninth Circuit assumed without deciding that the debtors had engaged in all the misconduct alleged, but held that dismissal was nonetheless not warranted. The court explained:

> [B]ecause other Code provisions contemplate (1) taking refuge from the jurisdiction of another court; (2) engaging in a "scorched earth" tactic against a particular creditor; and (3) making misrepresentations in bankruptcy filings, we conclude that there is no "cause" to dismiss the [debtors'] bankruptcy petition because of any such behavior. To respect the complex statutory scheme that

4

Congress has created to deal with malfeasance associated with bankruptcy petitions, we are loath to hold that a factor constitutes "cause" unless the Bankruptcy Code regime is incapable of righting wrongs of the kind alleged.

*In re Harris*, No. 2:21-bk-10152-ER, 2021 Bankr. LEXIS 1664, at *8-9 (Bankr. C.D. Cal. Feb. 17, 2021) (quoting *Padilla*, 222 F.3d at 1192-93; *Sherman*, 491 F.3d 948, 974 (9th Cir. 2007)).

While the restrictive construction of "cause" under § 707(a) set forth in *Padilla* and *Sherman* is the minority view, this Court is bound by this more restrictive construction. *See Harris*, 2021 Bankr. LEXIS 1664, at *10. Applying the standards set forth in those cases, Gomez has failed to show "cause" for dismissal of Debtor's Case.

Moreover, the Case should not be dismissed because there are significant non-exempt assets that may be administered for the benefit of creditors. As a result, the Debtor's creditors will be prejudiced by dismissal. The Debtor has limited income and resources and there is no guarantee that creditors will receive payment outside of the bankruptcy process.

Based on the foregoing, Gomez has not met his burden of showing that dismissal of the Case is warranted. The Motion should therefore be denied.

### III. CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order denying the Motion in its entirety, and any other and further relief that the Court deems just and proper.

Dated: January 28, 2025             Respectfully submitted,

                                     DINSMORE & SHOHL LLP

                                     By: /s/ *Matthew J. Stockl*
                                         Yosina M. Lissebeck
                                         Matthew J. Stockl

                                         Proposed Counsel to the Chapter 7 Trustee,
                                         Richard A. Marshack

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 550 S. Hope Street, Suite 1765
Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): ***CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION TO DISMISS BANKRUPTCY CASE DUE TO BAD FAITH FILING*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 28, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On **January 28, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 28, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/28/25 | Katrice Ortiz | /s/ Katrice Ortiz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**In re Kristina Lynn Smith**
**U.S.B.C., Central District of California, Santa Ana Division**
**Case No. 8:24-bk-12527-TA**

I. <u>**SERVED ELECTRONICALLY VIA NEF:**</u>

- **Richard G. Heston**   rheston@hestonlaw.com, yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email
- **Richard A Marshack (TR)**   pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Matthew J Stockl**   matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Julie J Villalobos**   julie@oaktreelaw.com, oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com
- **Jennifer C Wong**   bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

II. <u>**SERVED VIA REGULAR U.S. MAIL:**</u>

<u>**Creditor:**</u>

Jeffrey Adams Gomez
27931 Hedgeline Drive
Laguna Niguel, CA 92677

III. <u>**SERVED VIA OVERNIGHT (FED EX):**</u>

<u>**U.S. Bankruptcy Court:**</u>

Hon. Theodor Albert
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701-4593