| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| NEXUS BANKRUPTCY<br>BENJAMIN HESTON (297798)<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949.312.1377<br>Fax: 949.288.2054<br>ben@nexusbk.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Movant, Jeffrey Adams Gomez | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>KRISTINA LYNN SMITH | CASE NO.: 8:24-bk-12527-TA<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| Debtor(s). | DATE: 03/04/2025<br>TIME: 10:30 am<br>COURTROOM: 5B |
| **Movant**: JEFFREY ADAMS GOMEZ | |

1. **Hearing Location**:
   ☐ 255 East Temple Street, Los Angeles, CA 90012     ☒ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367     ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  02/03/2025

Nexus Bankruptcy
Printed name of law firm (if applicable)

Benjamin Heston
Printed name of individual Movant or attorney for Movant

/s/Benjamin Heston
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                     Page 2                          **F 4001-1.RFS.NONBK.MOTION**

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☐ Plaintiff

   b. ☐ Defendant

   c. ☒ Other (*specify*):  Respondent

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: Kristina Smith v. Jeffrey Gomez

   b. *Docket number*: 17D000590

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
      Orange County Superior Court

   d. Causes of action or claims for relief (Claims):
      Dissolution of marriage

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary   petition under chapter   ☒ 7  ☐ 11  ☐ 12  ☐ 13
      was filed on (*date*)  10/03/2024  .

   b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13
      was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☒ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 3                              **F 4001-1.RFS.NONBK.MOTION**

f. ☒ The bankruptcy case was filed in bad faith.

(1) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(2) ☒ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

(3) ☒ Multiple bankruptcy cases affect the Nonbankruptcy Action.

(4) ☐ The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☒ Other (*specify*):
See attached Memorandum of Points and Authorities and Declaration of Jeffrey Adams Gomez.


5. **Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c. ☐ Other (*specify*):


6. **Evidence in Support of Motion:  (*Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d. ☐ Other evidence (*specify*):


7. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☒ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☒ The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 4    **F 4001-1.RFS.NONBK.MOTION**

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☐ Other relief requested.

Date: _02/03/2025_

Nexus Bankruptcy
_____
Printed name of law firm (*if applicable*)

Benjamin Heston
_____
Printed name of individual Movant or attorney for Movant

/s/Benjamin Heston
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) Jeffrey Adams Gomez _____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

   ☒ I am the Movant.
   ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
   ☐ I am employed by Movant as (*title and capacity*):
   ☐ Other (*specify*):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

   ☐ Plaintiff
   ☐ Defendant
   ☒ Other (*specify*): Respondent

4. The Nonbankruptcy Action is pending as:

   a. *Name of Nonbankruptcy Action*: Kristina Smith v. Jeffrey Gomez
   b. *Docket number*: 17D000590
   c. *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
      Orange County Superior Court

5. **Procedural Status of Nonbankruptcy Action**:

   a. The Claims are:
      Dissolution of marriage

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit _____.

   c. The Nonbankruptcy Action was filed on (*date*) _____.

   d. Trial or hearing began/is scheduled to begin on (*date*) _____.

   e. The trial or hearing is estimated to require _____ days (*specify*).

   f. Other plaintiffs in the Nonbankruptcy Action are (*specify*):

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 6                          **F 4001-1.RFS.NONBK.MOTION**

g.   Other defendants in the Nonbankruptcy Action are (*specify*):

6.   **Grounds for relief from stay:**

a.   ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.   ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.   ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):

d.   ☒ The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

   (1) ☐ It is currently set for trial on (*date*) _____.

   (2) ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____.  The basis for this belief is (*specify*):

   (3) ☒ The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.   ☒ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

   (1) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (2) ☒ The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

   See attached Memorandum of Points and Authorities and Declaration of Jeffrey Adams Gomez.

   (3) ☒ Multiple bankruptcy cases affecting the Property include:

   (A) Case name:  In re Jeffrey Adams Gomez
       Case number: 8:23-bk-12046        Chapter: 13
       Date filed: 10/05/2023    Date discharged:        Date dismissed: 05/13/2024
       Relief from stay regarding this Nonbankruptcy Action  ☒ was  ☐ was not  granted.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 7                              **F 4001-1.RFS.NONBK.MOTION**

(B) Case name:

Case number:                                    Chapter:

Date filed:                Date discharged:              Date dismissed:

Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

(C) Case name:

Case number:                                    Chapter:

Date filed:                Date discharged:              Date dismissed:

Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.   ☐ See attached continuation page for other facts justifying relief from stay.

7.   ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a.   ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.   ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

c.   ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/03/2025 | Jeffrey Adams Gomez | |
|---|---|---|
| Date | Printed name | Signature |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 8                          **F 4001-1.RFS.NONBK.MOTION**

**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Movant

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>KRISTINA LYNN SMITH,<br><br>Debtor. | **Case No: 8-24-bk-12527-TA**<br><br>**Chapter 7**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY**<br><br>**Hearing:**<br>Date: March 4, 2025<br>Time: 10:30 AM<br>Courtroom: 5B |

## <u>INTRODUCTION</u>

Movant, Jeffrey Adams Gomez ("Movant"), seeks relief from the automatic stay under 11 U.S.C. § 362(d)(1) to allow the Orange County Superior Court, in Kristina Smith v. Jeffrey Gomez, Case No. 17D000590 ("Divorce Case"), to oversee the sale of real property located at 27591 Kathy Court, Laguna Niguel, California ("Kathy Court Property").

The instant bankruptcy case was filed in bad faith to obstruct the sale of the property which had been ordered just 2 days prior to filing. The Debtor has intentionally misrepresented various facts in her petition in an attempt to persuade the Trustee to liquidate Movant's separate property which is clearly not property of the Estate.

Due to the complexities of the family law issues, as well as the family court's long involvement with this contentious divorce which has been pending since 2017, establish that the family court is the most suitable forum to resolve these matters efficiently and equitably.

Concurrently with this motion, Movant is filing a proof of claim. The issues raised in the proof of claim, like those surrounding the sale of the property, are intricately tied to family law considerations and should be adjudicated in the family court.

Additionally, Movant requests that relief from stay be granted to file an unlawful detainer action if necessary, to ensure that the property can be marketed and sold without obstruction. Granting relief from the stay will not prejudice creditors, the Estate, or the Debtor.

## **STATEMENT OF FACTS**

Jeffrey Adams Gomez and Kristina Lynn Smith were married in 2003. Their marriage dissolved and divorce proceedings were initiated in the Orange County Superior Court under Case No. 17D000590. These proceedings have been extremely contentious and protracted, marked by disputes regarding custody, support, division of property, and false accusations of domestic violence.

The Kathy Court Property constitutes community property jointly owned by the parties. On October 1, 2024, the family court held a hearing where both parties stipulated to sell the Kathy Court Property and agreed to various terms for its sale. The agreement was placed on the record. Attached hereto as **Exhibit A** is a true and correct copy of the transcript of those proceedings. Despite stipulating to sell the property, Kristina Smith filed this Chapter 7 bankruptcy petition just two days later, on October 3, 2024, in a calculated maneuver to sidestep her obligations and hinder the sale of the property.

In Movant's prior Chapter 13 bankruptcy case (Case No. 8:23-bk-12046-TA), the Trustee hired Clarence Yoshikane to sell the Kathy Court Property. However, Kristina Smith refused to provide access to the Trustee's agent. Documentation regarding this obstruction is attached as **Exhibit B**. Furthermore, Ms. Smith filed a motion for relief from stay in Movant's case requesting that the family court be allowed to proceed with the sale of real property, which stands in start contrast with her current actions. A copy of her motion, Movant's Notice of Non-Opposition, and the Court's Order Granting Relief from Stay are attached as **Exhibits C, D, and E**, respectively.

Movant had attempted a 100% repayment plan in his Chapter 13 bankruptcy case, which was ultimately dismissed due to Kristina Smith's vigorous obstruction. Attached hereto as **Exhibit F** is a copy of the Second Amended Chapter 13 Plan filed in that case.

Ms. Smith's bad faith is further evident in her bankruptcy schedules. She falsely characterized Movant's separate property as community property, creating the appearance of significant nonexempt property. Additionally, she listed exaggerated and fraudulently created debts, including those to her family members, which conflict with amounts stated in her family court filings. She also listed medical debts already covered by her health insurance. This was done in order to mislead the Trustee into believing that there was a large amount of unsecured debt which could be paid through liquidation. Out of the 39 debts listed, only 6 claims were filed, 2 of which were the fraudulently created debts filed by Ms. Smith herself.

The family court is uniquely equipped to resolve all issues related to the Kathy Court Property. Its extensive experience with the case includes addressing the equitable application of Watts and Epstein credits, determining reimbursement claims, verifying the prenuptial agreement, conducting forensic accounting, and calculating reimbursement for monies paid to the private judge. Allowing the family court to proceed ensures the resolution of these complex matters in the most efficient and equitable manner.

## LEGAL STANDARD

Relief from the automatic stay may be granted for "cause" under 11 U.S.C. § 362(d). The determination of "cause" involves a fact-intensive inquiry, evaluating whether the proposed action promotes judicial efficiency, preserves equity among parties, and minimizes harm to the bankruptcy estate. Key considerations include the suitability of the non-bankruptcy forum to resolve the underlying issues, whether the stay unfairly prejudices the movant, and the potential impact of relief on the bankruptcy estate, creditors, and the debtor.

In this case, "cause" has been established. The family court's specialized over divorce proceedings, and this case in particular, and its familiarity with the complex family law issues make it the proper forum to resolve matters concerning the Kathy Court Property. Maintaining

1   the stay would only obstruct the efficient resolution of these issues while imposing unnecessary

2   burdens on the bankruptcy process.

3

4   **ARGUMENT**

5   **A.**

6   **The Family Court is the Proper Venue for Resolving Issues**

7   **Related to the Kathy Court Property**

8   The sale of the Kathy Court Property is integral to the equitable division of marital assets.

9   The family court, having already issued orders governing the sale, is uniquely positioned to

10  adjudicate these matters. These issues require expertise in family law that falls outside the typical

11  purview of bankruptcy courts.

12  Ms. Smith's conduct demonstrates the necessity of returning this matter to the family

13  court. In Movant's prior Chapter 13 bankruptcy case, she filed a motion seeking similar relief to

14  facilitate family court proceedings regarding real property. The court granted her motion,

15  acknowledging the appropriateness of the family court's involvement.

16  Additionally, while the domestic relations exception does not mandate abstention in this

17  case, it strongly supports the principle that federal courts should exercise deference in matters

18  where family law issues are implicated. See _Ankenbrandt v. Richards_, 504 U.S. 689, 703 (1992).

19  The domestic relations exception highlights the importance of allowing state courts to address

20  matters that arise in divorce cases which are deeply rooted in state law and policy. The family

21  court is better equipped to navigate the complexities of marital property division, including the

22  nuances of Watts and Epstein credits, reimbursements, and other principles in the equitable

23  division of marital property.

24  Furthermore, the family court has already issued the necessary orders for the sale of the

25  property, whereas in bankruptcy court, new orders would need to be obtained before any sale

26  could proceed. If relief from stay is granted, the sale could commence immediately. Given that

27  the property has already been ordered sold by the family court, proceeding through that venue

28

will be significantly faster and more efficient than obtaining separate approval and orders in the bankruptcy court.

## B.

### Granting Relief from Stay Will Not Harm

### the Bankruptcy Estate, Creditors, or the Debtor

The proceeds from the sale of the Kathy Court Property will be allocated pursuant to family court orders. Any funds designated for Kristina Smith will remain subject to the trustee's administration and applicable exemptions, protecting the interests of creditors. Conversely, funds allocated to Jeffrey Adams Gomez are unrelated to the bankruptcy estate.

Allowing the family court to oversee the sale avoids duplicative and potentially conflicting proceedings and administrative inefficiencies. Additionally, if relief from stay is granted, a neighbor of the property has agreed to handle the sale for a flat rate of $15,000, which would drastically reduce administrative expenses.

## C.

### The Bankruptcy Filing Was Made in Bad Faith

### to Impede the Sale of the Property

The timing of Kristina Smith's bankruptcy filing, occurring just days after the family court ordered the sale of the Kathy Court Property, is a clear indicator of bad faith. This strategic filing was aimed at circumventing and delaying compliance with lawful orders.

Ms. Smith's bad faith is further evidenced by her pattern of misrepresentations and omissions. She falsely characterized Movant's separate property as community property falsely inflating the value of the bankruptcy estate in an apparent attempt to mislead the Chapter 7 Trustee. The Debtor is very much aware that the premarital agreement explicitly excludes all of the real property listed except for the Kathy Court Property.

Ms. Smith has listed fraudulent claims owed to her father, Howard Smith, and sister, Kerry Kavanaugh, which were clearly created for purposes of inflating the unsecured creditor

pool. She listed a myriad of other purported debts, including substantial medical debts which have already been paid by her health insurance. This was all done in order to persuade the Trustee into believing that there is a substantial amount of unsecured debt which could be paid through liquidation of non-exempt assets. Out of the 39 debts listed, only 6 claims were filed, 2 of which were the fraudulently created debts filed by Ms. Smith herself.

These actions have imposed unnecessary financial and emotional burdens on all parties, as Ms. Smith continues to manipulate the bankruptcy process to evade her non-bankruptcy-related obligations. Relief from the stay is essential to mitigate these harms, allowing the family court to enforce its orders, including the sale of the property, and resolve the remaining property division. Moreover, granting relief will facilitate the filing of an unlawful detainer action if necessary, ensuring compliance and expediting the sale process. This approach not only restores the integrity of judicial processes but also aligns with principles of equity and judicial efficiency.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests that this Court grant the motion for relief from the automatic stay under 11 U.S.C. § 362(d) to allow the family court to oversee the sale of the Kathy Court Property and to permit Movant to file an unlawful detainer action if necessary to ensure compliance with the family court's orders.

Nexus Bankruptcy

Date: February 3, 2025

/s/Benjamin Heston
Benjamin Heston,
Attorney for Movant

**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Movant

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

In re:

KRISTINA LYNN SMITH,

      Debtor.

**Case No: 8:24-bk-12527-TA**

**Chapter 7**

**DECLARATION OF JEFFREY ADAMS GOMEZ IN SUPPORT OF MOTION FOR RELIEF FROM STAY**

**Hearing:**
Date: March 4, 2025
Time: 10:30 AM
Courtroom: 5B

I, Jeffrey Adams Gomez, declare as follows:

1. I am the Movant and former spouse of the Debtor. I have personal knowledge of all matters stated herein. On all matters stated on information and belief, I believe those allegations to be true. I could competently testify to the allegations contained herein.

2. I am the Respondent in the dissolution case *Kristina Smith v. Jeffrey Gomez*, case number 17D000590, pending in the Orange County Superior Court.

3. On October 1, 2024, the Family Court held a hearing at which Ms. Smith and I stipulated to sell the community residence located at 27591 Kathy Ct., Laguna Niguel, CA and agreed to various terms for its sale. The agreement was placed on the record. Attached hereto as **Exhibit A** is a true and correct copy of the transcript of those proceedings.

4. Despite stipulating to sell the property on October 1, 2024, the Debtor filed for bankruptcy under Chapter 7 just two days later, on October 3, 2024. This filing was a

calculated maneuver to sidestep her obligations and hinder the sale of the Kathy Court Property. The timing of her bankruptcy filing demonstrates her intent to frustrate the process and delay compliance with the Orange County Superior Court's order and her own agreement.

5.  During my prior Chapter 13 bankruptcy case (case no: 8:23-bk-12046-TA), the Trustee hired Clarence Yoshikane to sell the Kathy Court Property. However, the Debtor refused to give access to the Trustee's agent. Documentation regarding this is attached as **Exhibit B**.

6.  During my Chapter 13 bankruptcy case, Ms. Smith filed a motion for relief from stay requesting that the Family Court be allowed to proceed with the sale of real property. This stands in stark contrast to her current actions and demonstrates her contradictory and bad faith conduct. A copy of her motion, my Notice of Non-Opposition, and the Court's Order Granting Relief from Stay are attached as **Exhibits C, D, and E**, respectively.

7.  I should note that I had attempted a 100% repayment plan in my Chapter 13 which was ultimately dismissed due to Ms. Smith's vigorous obstruction. Attached hereto as **Exhibit F** is a copy of the Second Amended Chapter 13 Plan filed in my case.

8.  The Debtor's schedules demonstrate further bad faith. The Debtor falsely characterized my separate property as community property in order to give the appearance of significant non-exempt property. She also listed exaggerated and fraudulently created debts, including those to her family members, to mislead the Chapter 7 Trustee into believing that there are a large amount of unsecured debt which could be paid through liquidation.

9.  The Family Court is uniquely equipped to resolve all issues related to the Kathy Court Property. The court's extensive experience with this case includes addressing the equitable application of Watts and Epstein credits, determining down payment claims, verifying the prenuptial agreement, conducting forensic accounting, and overseeing reimbursement for monies paid to the private judge. Its familiarity with the case makes it the appropriate forum to resolve these complex matters.

10. The Debtor's actions have caused me significant harm both financially and emotionally. The costs of this ongoing litigation, necessitated by the Debtor's bad faith actions, have been overwhelming. I incurred $43,000 in legal fees during my prior bankruptcy case and have been forced to incur more fees in bringing this Motion.

11. I am a 60-year-old retired Los Angeles County Fireman on a permanent medical disability. The additional expenses I have been forced to incur due to the Debtor's actions have placed a significant financial strain on me, further exacerbating an already difficult situation.

12. I respectfully request that the bankruptcy court grant relief from the automatic stay to permit the Family Court to oversee the sale of the Kathy Court Property and address all related issues. This relief is necessary to uphold the integrity of prior orders, ensure equitable resolution, and prevent further misuse of the legal system.

13. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 3, 2025

_____
Jeffrey Adams Gomez

Declaration Of Jeffrey Adams Gomez In Support Of Motion For Relief From Stay

# EXHIBIT A



Case 8:24-bk-12527-TA    Doc 32    Filed 02/03/25    Entered 02/03/25 11:10:29    Desc
KRISTINA SMITH vs JEFFREY GOMEZ
17D000590                        Main Document    Page 19 of 158

October 1, 2024                                                        Page 1

1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                        COUNTY OF ORANGE

3                   LAMOREAUX JUSTICE CENTER

4                       DEPARTMENT L66

5                          -oOo-

6

7    KRISTINA SMITH,                    )
                                        )
8                    PETITIONER,        )        **CERTIFIED
                                        )        TRANSCRIPT**
9        VS.                            )
                                        )
10   JEFFREY GOMEZ,                     )
                                        )
11                   RESPONDENT.        )    NO. 17D000590
                                        )
12   _____)

13          HONORABLE CARMEN R. LUEGE JUDGE PRESIDING

14       REPORTER'S PARTIAL TRANSCRIPT OF PROCEEDINGS

15                 TUESDAY, OCTOBER 1, 2024

16

17                  A P P E A R A N C E S

18

19   FOR THE PETITIONER:    IN PROPRIA PERSONA
                            BY:  KRISTINA SMITH
20

21

22   FOR THE RESPONDENT:    LAW OFFICES OF PATRICK A. MCCALL
                            BY:  PATRICK A. MCCALL, ESQ.
23                          ATTORNEY AT LAW

24

25

26

1                              SESSIONS

2                    TUESDAY, OCTOBER 1, 2024

3
                                                        PAGE
4

5    AFTERNOON SESSION                                    5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Case 8:24-bk-12527-TA    Doc 32    Filed 02/03/25    Entered 02/03/25 11:10:29    Desc
17D000590    KRISTINA SMITH vs JEFFREY GOMEZ    Main Document    October 1, 2024    Page 21 of 158

Page 3

```
 1                  CHRONOLOGICAL WITNESS INDEX

 2                  TUESDAY, OCTOBER 1, 2024

 3

 4    WITNESS:                                        PAGE

 5
                              (NONE.)
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
```

```
 1                          EXHIBITS INDEX
 2
 3
 4
 5    FOR THE PETITIONER:                      ID.    EVD.    RFSD.
 6    NO.              DESCRIPTION
 7                     (NONE.)
 8
 9
10
11
       FOR THE RESPONDENT:                     ID.    EVD.    RFSD.
12
      NO.              DESCRIPTION
13
                       (NONE.)
14
15
16
17
18
19
20
21
22
23
24
25
26
```

KRISTINA SMITH vs JEFFREY GOMEZ
17D000590                           October 1, 2024

```
 1          ORANGE, CALIFORNIA - TUESDAY, OCTOBER 1, 2024

 2                         AFTERNOON SESSION

 3                          *   *   *   *   *

 4

 5            (WHEREUPON THE FOLLOWING PROCEEDINGS

 6                 WERE HELD IN OPEN COURT:)

 7

 8         THE COURT:  OKAY.

 9         MR. MCCALL:  SHE'S AGREED TO SELL THE HOUSE.

10         THE COURT:  LET ME SAY THIS:

11             I HAVE A FEW QUESTIONS BECAUSE I'M AT A

12    LOSS AT SOME THINGS.  YOU'RE BOTH UNDER OATH.

13    I'M LOOKING AT THE 2023 INCOME AND EXPENSE DECLARATION

14    THAT YOU FILED, MR. GOMEZ.

15         THE RESPONDENT:  OKAY.

16         THE COURT:  OKAY.  SO YOU HAVE -- COULD WE PRINT

17    THAT FOR THEM?  ARE YOU RETIRED A FIRE CAPTAIN?

18         THE RESPONDENT:  YES, YOUR HONOR.

19         THE COURT:  HOW MUCH MONEY TO YOU GET PAID?

20         THE RESPONDENT:  I BRING HOME $3200 NOW AFTER

21    CHILD SUPPORT TAKEN OUT.

22         THE COURT:  I DIDN'T ASK YOU THAT.

23         THE RESPONDENT:  OKAY.

24         THE COURT:  I ASKED YOU HOW MUCH IS YOUR GROSS --

25

26                   (OVERLAPPING SPEECH.)
```

```
 1            THE RESPONDENT:  68 --

 2         THE COURT:  -- INCOME FROM RETIREMENT.

 3         THE RESPONDENT:  $6,850.

 4         THE COURT:  WELL, IT'S BLANK ON YOUR 23 FORM.

 5    I JUST, I WANT TO POINT THIS OUT BECAUSE I'M ASKING IF

 6    YOU FOR THESE NUMBERS --

 7

 8                    (OVERLAPPING SPEECH.)

 9

10         MR. MCCALL:  CAN I SEE IT, YOUR HONOR?

11         THE RESPONDENT:  I'D LIKE TO SEE IT.

12         THE COURT:  I JUST WANT TO BE SURE.  YOU SEE WHAT

13    I'M SAYING?  I'M ONLY BRINGING THIS UP BECAUSE THESE

14    NUMBERS DON'T WORK THAT WELL FOR ME.

15         THE RESPONDENT:  CAN I SEE -- CAN I SEE --

16         THE COURT:  I DON'T WANT HIM TO BE DUCTING, AND

17    YOU UNDERSTAND THAT.  IF IT GROSS, I NEED TO KNOW WHAT

18    HIS INCOME IS.  OKAY?  AND YOU CAN'T BE DEDUCTING

19    WHATEVER SPOUSAL SUPPORT IS.  SO THAT'S ONE THING.

20              I THINK THE OTHER PART OF THE CONTROVERSY,

21    JUST SO THAT EVERYBODY'S CLEAR, IS ABOUT THIS IDEA OF

22    WHETHER YOU HAVE TO KEEP PAYING THE MORTGAGE BECAUSE OF

23    AN ORDER OF 2016.  I THINK THAT'S A CLEAR ANSWER, NO TO

24    THAT.

25              AND THAT'S BECAUSE IT LOOKS TO ME SINCE

26    2016 THERE HAS BEEN CHANGES OF CIRCUMSTANCES, AND IN
```

```
 1    FACT, IF THERE WAS ANY CONFUSION ABOUT HAVING SOME
 2    SUPPORT ORDER THAT INCLUDED THE PAYMENT OF THE MORTGAGE,
 3    THAT CERTAINLY FOR SURE DISAPPEARED ONCE WE HAD THE DCSS
 4    HEARING.
 5            BECAUSE THEY ESTABLISHED CHILD SUPPORT.
 6    OKAY?  SO ONCE THEY ESTABLISH CHILD SUPPORT, THAT IS
 7    CHILD SUPPORT.  I DON'T KNOW WHAT ELSE HE HAS TO BE
 8    PAYING, I'M NOT GONNA GET INTO THAT BUT THE OTHER THING
 9    TO THINK ABOUT IS GOING FORWARD THAT GOING THE COURT
10    DOES -- I HAVE DISCRETION TO DECIDE WHAT THE SUPPORT
11    SHOULD BE.
12            FOR SPOUSAL SUPPORT AT THAT POINT, AND I
13    CAN'T IMAGINE AT THIS POINT THAT SINCE 20 -- I DON'T
14    KNOW WHAT THE DATE OF SEPARATION WAS BUT LET ME LOOK.
15    IT'S JUST, AT THIS POINT, YOU'VE BEEN SO MANY YEARS
16    PAYING SOMEBODY ELSE'S EXPENSES THAT IT STOPS MAKING
17    SENSE.
18            LET ME SEE SOMETHING HERE.  I'M STRUGGLING
19    NOW A LITTLE WITH THIS CASE FINANCIALLY.  LOOK, YOU
20    SEPARATED SOMETIME, IT SOUNDS LIKE, AUGUST OF 2016.
21        THE PETITIONER:  AUGUST 23RD.
22        THE COURT:  OKAY.  SO LET US THINK ABOUT WHAT THAT
23    MEANS, AND YOU HAVE A JUDGMENT, I THINK, OF DISSOLUTION
24    PROBABLY ON 2/14/2019.
25        THE PETITIONER:  NO.
26    ///
```

```
1                (WHEREUPON THE COURT REPORTER

2                    ATTEMPTS TO CLARIFY

3                      FOR THE RECORD.)

4

5           THE PETITIONER:  JUDGMENT ON CUSTODY WAS...

6           THE COURT:  WELL, YOU'RE NOT DIVORCED YET.

7           THE PETITIONER:  NO.

8           THE COURT:  YOU'RE STILL HANGING ON.  OKAY.

9    THAT'S TRUE.  WE TALKED ABOUT THAT.  WE SHOULD BE ABLE

10   TO SOLVE THAT PROBLEM.  BUT IN ANY EVENT, MY WHOLE POINT

11   WHEN I LOOK AT THIS IS THERE HAS BEEN AN IRRATIONAL

12   AMOUNT OF MONEY SPENT ON FEES.

13              IRRATIONAL AT THIS POINT.  THERE HAS BEEN

14   AN IRRATIONAL DELAY IN SOLVING THE FINANCIAL ISSUES

15   BETWEEN THESE PARTIES BECAUSE HOW COULD IT BE THAT SINCE

16   2016 HIS SUPPORT ORDER IS TO PAY $4,500?  IN WHAT?

17   SPOUSAL SUPPORT?

18              BECAUSE HE ALREADY HAS SINCE '22 AN ORDER

19   FOR CHILD SUPPORT.  SO IF WE WERE TO TAKE YOUR

20   INTERPRETATION, FOR PETITIONER, HE'D HAVE TO PAY -- ALL

21   OF HIS RETIREMENT INCOME IS GOING TO PAY FOR THE HOUSE

22   THAT YOU'RE LIVING IN.

23              AND ALL OF HIS MONEY IS GOING IN THAT

24   DIRECTION AND THE CHILD SUPPORT.  SO SOMETHING'S GOT TO

25   GIVE HERE IS REALLY THE WAY I SEE IT.

26           THE PETITIONER:  WE NEED TO SET A HEARING,
```

1   YOUR HONOR.

2          THE COURT:  EXCUSE ME, MA'AM.  SOMETHING'S GOT TO

3   GIVE HERE BECAUSE THIS MATTER SHOULD HAVE BEEN RESOLVED,

4   I THINK, EVEN BEFORE I CAME ON BOARD.  WHEN DID I COME

5   ON BOARD?  I DON'T KNOW.

6          THE PETITIONER:  MARCH 2023.

7          THE COURT:  YEAH, I DIDN'T COME ON BOARD UNTIL

8   SOMETIME IN 2023.  SO, YOU KNOW, EVEN WHEN I CAME ON

9   BOARD, I COULDN'T EVEN DO ANYTHING BECAUSE I SAW THAT

10  BECAUSE THERE WAS SOME OTHER THING FLOATING WITH THE

11  RENT-A-JUDGE THAT THE GENTLEMAN COULDN'T EVEN AFFORD

12  ANYMORE.

13          AND THERE WAS THIS IDEA THAT THEY HAD TO

14  CONTINUE WITH THE RENT-A-JUDGE, AND I WAS PARALYZED FOR

15  A WHILE UNTIL WE GOT THAT CLEARED UP, IN ANY EVENT,

16  BECAUSE I COULDN'T CLEAR IT UP.  IT HAD TO BE CLEARED UP

17  BY A SUPERVISING JUDGE.

18          ALL I'M SAYING IS THIS WHOLE CASE IS AT THE

19  EXTREMES AND, TO ME, WHEN I LOOK AT IT, I HAVE TO SAY,

20  THINGS DON'T MAKE SENSE.  OKAY?  SO WE KNOW THAT DCSS

21  ACCEPTED HIS INCOME.  OKAY?  AND THEY ESTABLISHED CHILD

22  SUPPORT PURSUANT TO THAT.

23          AND AT A MINIMUM AS I SIT HERE, I HAVE

24  THAT.  OKAY?  I'M ASKING YOU FOR UPDATED BECAUSE I WANT

25  TO MAKE SURE I UNDERSTAND HIS TRUE-FINANCIAL CONDITION

26  BUT I ALSO WANT TO SAY THAT IT MAKES NO SENSE.  I HAVE

```
 1    DISCRETION ON THESE MATTERS.

 2                   AND JUST THE NUMBERS DON'T WORK FOR HIM TO

 3    HAVE TO CONTINUE TO PAY THE MORTGAGE, WHICH HE'S

 4    CERTAINLY NOT MAKING BECAUSE THAT'S WHY IT'S IN

 5    FORECLOSURE, AND YOU'RE NOT PAYING IT.  SO I THINK THE

 6    MOST LOGICAL SOLUTION TO SAVE ANY EQUITY THAT YOU MAY

 7    HAVE IN THAT HOUSE, AND I DON'T EVEN KNOW AT THIS POINT.

 8                   BECAUSE I DON'T KNOW HOW BIG THE LIENS ARE

 9    FOR THE OTHER LAWYERS FEES IS TO SELL THE HOUSE, TAKE

10    THE PROCEEDS, PUT THEM IN A TRUST, AND I'D LIKE TO ORDER

11    THAT THERE'S NO DISTRIBUTION.  THE ONLY THING THAT I

12    DON'T KNOW LEGALLY, BECAUSE THIS IS WHAT WORRIES ME.

13                   IS WHETHER ONCE THE LAWYERS HAVE PUT IN A

14    LIEN, WHETHER WE CAN SAY WE'RE NOT GONNA PAY IT.

15    YOU KNOW HOW MUCH THOSE LIENS ARE?

16        MR. MCCALL:  SUBSTANTIAL.  ONE IS A FLARPL, WHICH

17    I KNOW THERE'S CASE LAW THAT ALLOWS THE COURT TO GORGE

18    THAT.  TAKE THAT OUT.  THE OTHER ONE IS A LIEN; HOWEVER,

19    I'VE DEALT WITH THIS SIGNIFICANTLY WITH JUDGE MINERICH

20    OF LATE.

21                   AND SO THERE'S A CASE I CAN REFER TO YOU

22    THAT GIVES THIS COURT THE JURISDICTION TO MARSHAL AND

23    CONTROL ALL THAT.

24        THE COURT:  OKAY.  WELL, I NEED SOME BRIEFING ON

25    THAT.  SO WHAT I WANT TO DO -- THIS IS MY CONCERN:

26                   RIGHT NOW YOU'RE SUPPOSED TO APPEAR ON THE
```

```
 1    9TH?  IS THAT WHAT IT IS?

 2

 3                    (WHEREUPON A DISCUSSION WAS

 4                     HELD OFF THE RECORD BETWEEN

 5                     THE COURT AND THE CLERK.)

 6

 7         THE COURT:  YEAH, YOU HAVE A CONTEMPT BUT I DON'T

 8    KNOW.

 9         MR. MCCALL:  IT'S BEEN CONTINUED.  IT'S THE 17TH

10    NOW.  WE PUT EVERYTHING OVER.

11         THE COURT:  I DON'T KNOW IF THERE'S BEEN SERVICE.

12         MR. MCCALL:  NO, WE'RE -- I GUESS WE'RE GOING

13    BACKWARDS.  THE 9TH HEARINGS WERE CONTINUED IN JANUARY.

14    WE HAVE THE MOTION TO BIFURCATE TO JUST ADVANCE AND

15    CONTINUE THAT TO THE 17TH.  SO THAT'S WHEN OUR NEXT

16    HEARING IS.

17

18                    (WHEREUPON A DISCUSSION WAS

19                     HELD OFF THE RECORD BETWEEN

20                     THE COURT AND THE CLERK.)

21

22         THE COURT:  OKAY.  YEAH, I DON'T EVEN HAVE A PROOF

23    OF SERVICE TO CONTINUE THE CONTEMPT BECAUSE THERE HASN'T

24    BEEN ANY APPEARANCE.  THERE'S NOTHING GOING ON AND

25    CONTEMPT, MR. MCCALL, AS YOU KNOW, HAS TO BE SERVED.

26         MR. MCCALL:  PERSONALLY SERVED.  SHE MAY HAVE DONE
```

```
 1   THAT.  MOM MAY HAVE DONE THAT RECENTLY.  I'M NOT HERE
 2   NEXT WEEK...
 3        THE COURT:  NO, I GET THAT.  THE CONCERN I HAVE --
 4   LET'S SAY I PUT THIS OVER THE 19TH, DO YOU HAVE
 5   ENOUGH TIME TO STOP THE AUCTION SALE?  PROBABLY NOT.
 6        MR. MCCALL:  NO.  NO.  NO.  BY THE WAY, SHE'S
 7   AGREED NOW TO SELL THE HOUSE, AND WE'RE -- SHE'S GONNA
 8   GIVE ME A NAME OF A PROPOSED-REAL-ESTATE AGENT IN THE
 9   MORNING --
10        THE COURT:  YOU'RE GONNA PUT TOGETHER A
11   STIPULATION?
12        MR. MCCALL:  ABSOLUTELY.  TOMORROW FOR SURE.
13        THE COURT:  OKAY.  ALL RIGHT.
14        MR. MCCALL:  SO.
15        THE COURT:  I HAVE TO TELL YOU, I WOULD HATE TO
16   SEE THIS PROPERTY LOST AND I JUST -- I'VE REVIEWED THE
17   ARGUMENTS YOU MADE IN OPPOSITION TO YOUR MOTION AND,
18   HONESTLY, I DIDN'T EXPECT YOU BOTH TO SIT BACK AND LOSE
19   THE PROPERTY.
20             I EXPECT THE MOVEMENT BECAUSE IF YOUR
21   CONCEPT IS I DON'T WANT TO MOVE OUT, BELIEVE ME, THE
22   BANK IS GONNA MOVE YOU OUT.  SO, YOU KNOW WHAT I MEAN,
23   ONCE THE AUCTION HAPPENS AND SOMEBODY BECOMES THE OWNER,
24   YOU KNOW, THEY'LL FILE AN UNLAWFUL DETAINER AT THE DROP
25   OF A HAT.  I USED TO DO UNLAWFUL DETAINERS BUT, YOU
26   KNOW, WHAT I MEAN, YOU'LL BE OUT.
```

1          SO I DON'T UNDERSTAND LOSING THE EQUITY AND

2     LOSING POSSESSION OF THE HOUSE IS IRRATIONAL.   OKAY?

3     IT'S IRRATIONAL, AND I READ YOUR PAPERS.   I DON'T THINK

4     THAT IS PERSUASIVE.   THE OTHER THING I'M GONNA SAY IS

5     THAT YOU CANNOT APPEAR IN COURT, JUST SO THAT YOU

6     UNDERSTAND, IT.

7          HE GIVES ME AN FL-150, YOU GIVE ME AN

8     FL-150.   THIS IS NOT PIE IN THE SKY.   WHAT I MEAN BY

9     THAT IS THIS:

10          YOU CANNOT COME IN AND SAY, OH, WELL, HE

11     MAKES A LOT MORE MONEY.   HE'S A MILLIONAIRE.   JUST LIKE

12     HE CANNOT COME IN AND SAY, OH, NO, SHE MAKES A LOT MORE

13     MONEY.   SHE GETS -- PEOPLE HELP HER, THERE'S INCOME.

14     FINANCIAL ISSUES HAVE TO BE PROVEN.   OKAY?

15          NOT BY ALLEGATIONS BUT BY ANALYSIS OF BANK

16     ACCOUNTS, BY -- THERE HAS TO BE, THAT'S WHY I ASKED IF

17     YOU HAD A FORENSIC ACCOUNTANT WHO COULD DO A CASH-FLOW

18     ANALYSIS.   IF YOU REALLY THINK THAT THE CASH IS FLOWING

19     IN BUT IT JUST SEEMS TO ME THAT THERE HAVE ALREADY BEEN

20     SALES OF PROPERTIES THAT HAVE BEEN SOLD BY THE

21     RESPONDENT.

22          WHICH IS INDICATIVE THAT HE ISN'T HOLDING

23     ON TO PROPERTY.   IT DOESN'T LOOK TO ME -- IF THERE WAS

24     EVER A TIME WHEN YOU BOTH WERE IN A STRONG-FINANCIAL

25     POSITION AND PERHAPS THERE WAS, IT LOOKS TO ME THAT

26     YOU'RE DILUTING WHATEVER WEALTH YOU HAD AT ONE POINT.

```
 1              AND I THINK IF YOU CONTINUE DOWN THIS PATH
 2    IT'S DETRIMENTAL.  SO I THINK IT MAKES SENSE THAT YOU
 3    STIPULATE BUT I'M GONNA MAKE SURE.  SO GIVE ME -- WHAT
 4    ARE THE TERMS OF THIS STIPULATION?
 5              WE'RE GONNA INDICATE AN AGREEMENT.
 6    IT'S GONNA BE -- IT HAS TO BE LISTED BY WHAT DATE?
 7         MR. MCCALL:  IMMEDIATELY FORTHWITH.  THE PARTIES
 8    SHALL MEET AND CONFER ON THE SELECTION OF REAL ESTATE
 9    AGENT.  IN THE UNLIKELY EVENT THAT PERHAPS THAT THE
10    AGENT, THE COURT WILL, ON AN EX-PARTE BASIS, APPOINT
11    ONE.
12              THE PARTIES WILL FULLY COOPERATE WITH THE
13    SALE OF THE RESIDENCE INCLUDING MAKING SURE ALL --
14         THE COURT:  WHERE IS THIS PROPERTY LOCATED?
15         MR. MCCALL:  LAGUNA NIGUEL.
16         THE COURT:  OKAY.  I MEAN, I HAVE A WAY TO SOLVE
17    THE -- SO THAT YOU DON'T HAVE TO BRING THIS BACK TO ME.
18    IF YOU CAN'T AGREE ON A BROKER, WELL, IF YOU CAN'T AGREE
19    ON A BROKER BY FRIDAY, MY ORDER WOULD SAY THE PROPERTY
20    MUST BE LISTED BY FRIDAY THE FOURTH.
21              THIS IS WHAT MY ORDER WOULD SAY:
22              IF YOU CANNOT AGREE ON A BROKER, THE BROKER
23    WILL BE SELECTED BY CHOOSING, I'VE DONE THIS BEFORE, THE
24    CLOSEST BROKERAGE -- REAL ESTATE BROKERAGE COMPANY TO
25    THE HOUSE.  MILEAGE-WISE.  CLOSEST BROKERAGE PROPERTY.
26              SO YOU LOOK IT UP AND CLOSEST BROKER, YOU
```

```
 1   KNOW, ONE OF THE BROKER...

 2        THE PETITIONER:  SO I HAVE SOMEBODY, AND HE SAID

 3   THAT WOULD PROBABLY BE OKAY.

 4        THE COURT:  EXCUSE ME.  I'M JUST TRYING TO TELL

 5   YOU I AM GONNA PUT THIS, YOU KNOW, AS PART OF THE

 6   STIPULATION BECAUSE IF YOU HAVE TO COME BACK, YOU DON'T

 7   HAVE ENOUGH TIME.  YOU'RE GONNA RUN OUT OF TIME, AND

 8   YOU'RE GONNA LOSE THIS PROPERTY.

 9             SO BY THE FOURTH IT'S GONNA BE LISTED AND

10   IF YOU CAN'T AGREE, YOU'RE GONNA CHOOSE THE BROKER HOUSE

11   CLOSEST TO THE PROPERTY IN MILEAGE.  OKAY?  BECAUSE THEY

12   WOULD KNOW THE AREA, I WOULD ASSUME.  OKAY?  THAT'S MY

13   THINKING.  ALL RIGHT?

14        MR. MCCALL:  THAT'S FINE, AND THEN FURTHER THAT

15   THE PARTIES WILL FULLY COOPERATE IN THE LISTING AND SELL

16   THE PROPERTY INCLUDING PROVIDING -- MAKING SURE THE

17   HOUSE IS REPAIRED PER THE REQUEST OF THE LISTING

18   AGENT --

19        THE COURT:  NO.  WAIT.  WHAT DO WE DO WITH

20   REPAIRS?

21        MR. MCCALL:  THAT ANY -- THAT THE REPAIRS SHALL BE

22   DONE, AND IF ONE PARTY -- IF THEY DON'T SHARE THE

23   EXPENSE EQUALLY, THE PARTY WHO ADVANCED COST SHALL BE

24   PAID OUT OF ESCROW.

25        THE COURT:  BUT WHO IS GOING TO, ADVANCE,

26   MR. MCCALL, SEE WHEN I DO THESE ORDERS --
```

```
 1                    (OVERLAPPING SPEECH.)

 2

 3        MR. MCCALL:  YOUR HONOR, IF I COULD JUST FINISH --

 4

 5                    (OVERLAPPING SPEECH.)

 6

 7        THE COURT:  I'M VERY SPECIFIC --

 8        MR. MCCALL:  -- FOR A SECOND, I WAS GONNA FINISH

 9   THAT.

10        THE COURT:  OKAY.

11        MR. MCCALL:  IN THE EVENT THAT ONE OF THE PARTIES

12   DOES ADVANCE AS OPPOSED TO SHARING EQUALLY, THEY SHALL

13   BE PAID EQUALLY -- EXCUSE ME, OUT OF THE SALE PROCEEDS

14   OF THE HOUSE.  THE SALE PROCEEDS SHALL BE PAID INTO MY

15   TRUST ACCOUNT SUBJECT TO THE A COURT ORDER.

16             OR AGREEMENT OF THE PARTIES THAT THE COURT

17   WILL HOLD UP OR NOT ASK THE ESCROW AGENT TO HONOR THE

18   LIEN, ATTORNEY-FEE LIEN AND/OR THE FLARPL SIGNED BY

19   PETITIONER'S COUNSEL.  THE COURT SHALL RESERVE

20   JURISDICTION OVER THAT.

21             AND I THINK THAT COVERS IT.

22        THE COURT:  I DON'T KNOW IF THAT COVERS IT BUT LET

23   ME SEE SOMETHING HERE BECAUSE, I MEAN, I'M GLAD MY

24   REPORTER I THINK CAUGHT IT BUT I'M JUST TYING TO BE

25   HELPFUL TO YOU, AND I NEED HER TO GET ON BOARD WITH THAT

26   STIPULATION ON THE RECORD.
```

KRISTINA SMITH vs JEFFREY GOMEZ
17D000590                          October 1, 2024                          Page 17

```
1              AND I DON'T KNOW IF THAT'S POSSIBLE.
2         MR. MCCALL:  I THINK SHE --
3
4                   (OVERLAPPING SPEECH.)
5
6         THE PETITIONER:  WELL, I AGREE TO THE TERMS WE
7    DISCUSSED IN THE HALLWAY.
8         THE COURT:  SO THOSE WERE THE TERMS?
9         MR. MCCALL:  YES.
10        THE COURT:  OKAY.  LET ME SEE IF I HAVE ANY OTHER
11   QUESTIONS ABOUT THIS.
12
13                  (WHEREUPON THERE WAS
14             A PAUSE IN THE PROCEEDINGS.)
15
16        THE COURT:  OKAY.  ARE THERE REAL-ESTATE TAXES
17   DUE?
18        MR. MCCALL:  YES.
19        THE COURT:  HAVE YOU SEEN THIS PROPERTY ON THE
20   INSIDE?  THE RESPONDENT.  HAVE YOU SEEN THE CONDITION OF
21   THE PROPERTY?
22        THE RESPONDENT:  EXTERIOR NEEDS WORK FOR SURE.
23   PAINT JOB.
24        THE COURT:  BUT NOT THE INTERIOR.
25        THE RESPONDENT:  THE LANDSCAPING.
26        THE COURT:  EXCUSE ME.  NOT THE INTERIOR?
```

```
1        THE RESPONDENT:  I HAVEN'T BEEN IN THE INTERIOR IN
2   SEVEN YEARS.
3        THE COURT:  OKAY.  SO THESE ARE SOME OF THE RULES
4   I THINK I PUT IN PLAY:
5            YOU WILL CONTINUE TO RESIDE IN THE PROPERTY
6   UNTIL CLOSE OF ESCROW.  OKAY?  BUT YOU HAVE TO MAKE THE
7   PROPERTY AVAILABLE FOR INSPECTION BY THE OTHER PARTY
8   WITHIN 24 HOURS OF GIVING NOTICE, AND WHY DO I SAY THAT?
9            HOW COULD YOU AGREE ON WHAT REPAIRS NEED TO
10  BE MADE IF THE OTHER PERSON HASN'T EVEN SEEN THE
11  INTERIOR?
12       THE PETITIONER:  YOUR HONOR, THAT'S JUST GIVING
13  HIM A CHANCE TO HARASS ME.  HE'S NOT ALLOWED ON THE
14  PROPERTY.  HE'S NOT EVEN ALLOWED IN MY NEIGHBORHOOD
15  WITHOUT ME GIVING PERMISSION.
16       THE COURT:  I DON'T KNOW WHAT YOU MEAN.
17       THE PETITIONER:  WE HAVE A COURT ORDER.
18       THE COURT:  WELL, IS THERE A RESTRAINING ORDER?
19       THE PETITIONER:  ON THE COMMUNITY, YES.  HE CAN
20  ONLY COME IN IF I -- THEY GRANT HIM -- JUDGMENT HAS TO
21  BE BECAUSE HE'S HARASSING --
22       THE COURT:  BUT DO YOU SEE WHAT I MEAN, COUNSEL?
23  DO YOU SEE?
24       MR. MCCALL:  I...
25       THE COURT:  I THINK WE WALK AWAY FROM HERE WITH AN
26  ORDER THAT YOU'RE NOT ABLE TO REALLY ENFORCE BECAUSE
```

 1  PART OF THE WAY I STRUCTURE THIS, YOU HAVE A VERY

 2  HIGH-CONFLICT SITUATION HERE, AND PART OF THE WAY I

 3  STRUCTURE THIS IS IF YOU DON'T SHOW THE PROPERTY, IF YOU

 4  DON'T MAKE SURE THAT THE REALTOR HAS ACCESS, IF YOU

 5  START WITH THIS TYPE OF BEHAVIOR, YOU LOSE POSSESSION.

 6          BECAUSE WHEN I ORDER THE PROPERTY FOR SALE,

 7  YOU HAVE TO COMPLY BUT IT'S NOT ENOUGH TO SAY YOU HAVE

 8  TO HAVE COOPERATE.  I SAY IF YOU -- IF THINGS ARE

 9  HAPPENING, YOU NEED TO MOVE OUT, AND THAT'S WHY I WAS

10  CONCERNED ABOUT WHAT MR. MCCALL WAS SAYING.

11          BECAUSE IT'S MORE OF LIKE A FRIENDLY

12  STIPULATION TO SELL THE PROPERTY.  THIS IS AN UNFRIENDLY

13  STIPULATION TO SELL PROPERTY, AND ONE OF THE THINGS THAT

14  HAVE TO HAPPEN, NOT ONLY DO YOU HAVE TO SHOW THE

15  PROPERTY TO THE REALTOR BUT THE GENTLEMAN HAS TO BE

16  THERE.

17          HE HAS TO ALSO HAVE ACCESS BECAUSE YOU HAVE

18  TO GO THROUGH, AND YOU KNOW HOW THE REALTOR TELLS YOU

19  YOU'VE GOT TO PAINT THIS WALL, YOU'VE GOT TO -- AND HOW

20  WOULD THAT HAPPEN?  SOMEONE -- EVEN IF WE WERE GONNA SAY

21  THAT THERE'S GONNA BE REIMBURSEMENT LATER, I'LL TELL YOU

22  ONE ISSUE I'M ALREADY THINKING ABOUT.

23          YOU'VE HAD POSSESSION OF THE PROPERTY.

24  ARGUABLY, YOU HAVE THE DUTY TO MAINTAIN THE PROPERTY

25  WHILE YOU HAVE POSSESSION.  IS THAT GONNA BE FOR SEVEN

26  YEARS THERE HAVE BEEN LEAKS AND THE ROOF IS FALLING IN

1   THE BATHROOM?  IS THAT GONNA BE HIS RESPONSIBILITY?

2   I DON'T KNOW.

3             AND SO THAT'S WHAT I MEAN THAT WE NEED A

4   PLAN HERE THAT MAKES SENSE, AND KEEPING HIM OUT OF THE

5   PROPERTY IS NOT GONNA RESULT IN A GOOD ASSESSMENT

6   BECAUSE WHEN THE REALTOR GOES TO SEE THE PROPERTY, HE

7   HAS TO SEE IT, SHE HAS TO SEE IT.

8             AND I'M GONNA SAY, AT A MINIMUM, EVEN IF

9   YOU'RE NOT GONNA GIVE HIM ACCESS IN ADVANCE, RESPONDENT

10  HAS TO BE THERE BECAUSE HOW IS A REALTOR GOING TO DECIDE

11  WHAT IS THE FAIR-MARKET VALUE TO LIST THE PROPERTY AT?

12  I DON'T KNOW.  I DON'T KNOW.

13            IT'S AFFECTED BY THE CONDITION OF THE

14  PROPERTY.  SO THERE'S A LOT TO THIS, AND THAT'S WHY I

15  NEED TO BE SURE THAT WE PUT IN ALL THE BELLS AND

16  WHISTLES THAT TYPICALLY IN ADDITION TO WHAT MR. MCCALL

17  HAS PUT IN THAT WE KNOW WHAT WE'RE DOING.  ALL RIGHT?

18            I STILL THINK, THIS IS MY OPINION, THAT THE

19  RESPONDENT SHOULD BE ABLE TO DO A WALK THROUGH WITH YOU,

20  AND BE ABLE TO SEE THE CONDITION OF THE PROPERTY PRIOR

21  TO BRINGING THE REALTOR.  SO HE'S NOT SURPRISED WHEN

22  HE'S STANDING THERE.  OKAY?

23            AND THEN, AT A MINIMUM, IF YOU'RE

24  UNCOMFORTABLE WITH THAT, THEN WHEN YOU HAVE THE REALTOR

25  TO APPRAISE THE PROPERTY, HE HAS TO BE PRESENT.

26  ALL RIGHT?  SO WHICH OF THOSE TWO ARE WE GOING WITH?

```
 1         THE PETITIONER:  I'D RATHER WITH THE AGENT BEING
 2   THERE TOO.
 3         MR. MCCALL:  AND I'M OKAY WITH THAT.  THAT'S FINE.
 4         THE COURT:  SO THEN THE TERM IS GONNA BE -- TYPE
 5   THIS.  THAT THE PROPERTY IS GONNA BE LISTED FOR SALE NO
 6   LATER THAN OCTOBER 4TH WITH SUCH REAL ESTATE BROKER AS
 7   THE PARTIES SHALL AGREE, AND IF THEY DON'T AGREE, THEN
 8   THE BROKER WHOSE OFFICE IS CLOSEST TO THE RESIDENCE WILL
 9   BECOME THE BROKER.
10         THE PROPERTY SHALL BE SOLD AT THE
11   HIGHEST-POSSIBLE PRICE RECOMMENDED BY THE BROKER.
12   THE PETITIONER SHALL MAKE THE PROPERTY AVAILABLE FOR
13   INSPECTION BY THE BROKER AND RESPONDENT SHALL BE AT THAT
14   INSPECTION.
15         SO THAT THE PARTIES CAN DISCUSS WHAT IS A
16   FAIR-MARKET VALUE FOR THE PROPERTY.  OKAY?  BASED ON
17   IT'S CONDITION.
18         THE PETITIONER:  FRIDAY?  CORRECT?  FRIDAY?
19         THE COURT:  I DON'T KNOW WHEN IT'S GONNA BE.
20   IT DOESN'T HAVE TO BE FRIDAY.  I PRESUME IT WOULD BE
21   SOONER THAN THAT, IF POSSIBLE, BECAUSE YOU NEED TO KNOW
22   BY FRIDAY WHEN YOU DO THE LISTING CONTRACT WHAT THE
23   PRICE SHOULD BE.
24         A LOCKBOX MAY BE PLACED AT THE PROPERTY AT
25   THE DISCRETION OF THE REALTOR SO THE REALTOR CAN SHOW
26   THE PROPERTY AT ALL REASONABLE TIMES.  THE PARTY
```

1    RESIDING AT THE PROPERTY WILL HAVE THE OBLIGATION TO

2    COOPERATE WITH THE BROKER AND ANY PROSPECTIVE BUYERS.

3            THIS INCLUDES BEING ABLE -- BEING AVAILABLE

4    BY TELEPHONE, KEEPING THE APPOINTMENTS, KEEPING THE

5    PROPERTY IN GOOD CONDITION AND PRESENTABLE, AND ACTING

6    PROMPTLY UPON ANY OFFERS WHEN PRESENTED AS WELL AS

7    CONFERRING WITH THE OTHER PARTY AND THE ATTORNEY

8    REGARDING POSSIBLE COUNTER OFFERS.

9            OKAY?  THAT'S THE LANGUAGE I USE.

10   THE PARTY RESIDING AT THE PROPERTY HAS TO MAINTAIN IT IN

11   CLEAN-AND-PRESENTABLE CONDITION IN ORDER TO OBTAIN THE

12   MAXIMUM-SALES PRICE AND SHALL DO ANY NECESSARY MINOR

13   REPAIR, THAT'S ON YOU, FOR SUCH PURPOSES SO LONG AS

14   YOU'RE OCCUPYING THE RESIDENCE.

15           MAJOR REPAIRS, WHICH I DEFINE AS ANY REPAIR

16   IN EXCESS OF A THOUSAND DOLLARS OR MORE SHALL BE

17   CONSIDERED MAJOR REPAIRS.  SO YOU'RE COVERING THE SMALL

18   THINGS BECAUSE YOU'RE LIVING THERE.  MAJOR REPAIRS WILL

19   BE MADE ONLY AFTER CONSULTATION WITH THE REALTOR AND

20   NOTIFICATION TO THE OTHER PARTY.

21           SAID MAJOR REPAIRS SHALL BE PAID EQUALLY BY

22   THE PARTIES OR SHALL BE EQUALLY BORNE BY THE PARTIES

23   UPON PAYMENT AFTER CLOSE OF ESCROW.  ALL OFFERS SHALL BE

24   IMMEDIATELY CONVEYED BY BOTH PARTIES FOR THEIR

25   RESPECTIVE CONSIDERATION.

26           IF EITHER PARTY DESIRES TO ACCEPT AN OFFER

1   FOR THE PURCHASE OF THE PROPERTY WHICH IS NOT ACCEPTABLE

2   TO THE OTHER PARTY, THE PARTY DECIDING TO ACCEPT THE

3   OFFER MAY, BY NOTICE MOTION, MOVE TO HAVE THE SALE

4   APPROVED BY THE COURT.

5           OKAY?  AT THE HEARING OF SUCH MOTION, THE

6   BURDEN SHOULD SHOW THAT THE SALE IS NOT IN THE BEST

7   INTEREST OF THE PARTIES SHALL BE ON THE PARTY OPPOSING

8   THE OFFER.  ALL RIGHT?  YOU SEE?  WE'RE CREATING A

9   FRAMEWORK FOR THE DISPUTES.

10          AND THEN I ALWAYS SAY IN THE EVENT THAT THE

11  OCCUPYING PARTY DOES NOT COMPLY WITH THE REQUIREMENTS

12  FOR THE MAINTENANCE OF THE HOME OR DOES NOT COOPERATE

13  WITH A REALTOR TO SHOW THE HOME FOR THE SALE AND THE

14  OTHER TERMS OF THIS AGREEMENT, THEN THE PARTY'S RIGHT TO

15  OCCUPY THE HOME MAY BE TERMINATED.

16          BY AN EX-PARTE MOTION.  BY AN EMERGENCY

17  MOTION, ESSENTIALLY, WITH A DECLARATION UNDER PENALTY OF

18  PERJURY SETTING FORTH THE FACTS THAT ARE RELIED UPON,

19  AND THE COURT MAY ISSUE AN ORDER EJECTING THE PARTY FROM

20  THE HOME.  SEE, IF WE DON'T PUT TEETH INTO THIS,

21  COOPERATE MEANS NOTHING.

22      THE PETITIONER:  COULD WE MOVE THAT ONE DATE

23  FROM -- FROM FRIDAY UP TO MAYBE MONDAY?  SINCE I HAVE

24  THE WEEKEND --

25      THE COURT:  I DON'T KNOW WHAT YOU'RE SAYING BUT

26  JUST A MINUTE.  THE NET PROCEEDS FROM THE SALE OF THE

```
 1   PROPERTY SHALL BE DISBURSED AS FOLLOWS:

 2              PAYMENT OF MORTGAGE DEBTS GO FIRST,

 3   REIMBURSEMENTS TO ANY PARTY ENTITLED, I'M NOT GONNA DO

 4   THAT, PURSUANT TO THE JUDGMENT BECAUSE THIS WAS A

 5   POSTJUDGMENT ORDER.  SO WE'RE NOT GONNA DO THAT.

 6              IT'S JUST PAYMENT OF THE MORTGAGE, AND ALL

 7   OF THE COSTS ASSOCIATED WITH THE SALE THAT COMES OFF THE

 8   TOP.  WE STILL NEED TO FIGURE OUT WHAT TO DO WITH LIENS,

 9   MR. MCCALL, DID WE DECIDE THAT?

10        MR. MCCALL:  YEAH, I WILL PROVIDE...

11        THE COURT:  THE RESEARCH?

12        MR. MCCALL:  YEAH.

13        THE COURT:  WHAT ARE YOU GONNA DO WITH THAT?

14

15              (WHEREUPON THE COURT REPORTER

16                 ATTEMPTS TO CLARIFY

17                   FOR THE RECORD.)

18

19        MR. MCCALL:  I THINK IT'S D-E-P-A-S-S-A BUT I'LL

20   GET TO THE CITE.

21        THE COURT:  OH, THE CASE?

22        MR. MCCALL:  YES.

23        THE COURT:  OKAY.  WAIT.  I'LL LOOK THAT UP IN A

24   MOMENT, AND THEN I KEEP JURISDICTION INCLUDING POWER TO

25   CHANGE THE LISTING PRICE TO RESOLVE PROBLEMS WITH

26   BROKERS, THE CONDITIONS OF THE PREMISES.  SO I KEEP
```

```
 1    JURISDICTION.  ALL RIGHT?
 2              ALL RIGHT.  SO I'LL -- WE HAVE TO HAVE THIS
 3    LANGUAGE, AND I JUST WANT TO MAKE SURE THAT'S WHAT
 4    YOU'RE AGREEING TO BECAUSE, YOU KNOW, IT CANNOT BE --
 5    COOPERATE IS NOT GONNA BE GOOD ENOUGH.  SO YOU
 6    UNDERSTAND WHAT THE TERMS ARE?
 7         THE PETITIONER:  YES, I JUST WANTED TO SEE IF WE
 8    CAN MOVE THE DATE FROM THE FOURTH TO THE SIXTH TO GIVE
 9    ME MORE TIME TO GET THE HOUSE A LITTLE BIT FIXED UP.
10    I'VE BEEN IN THE HOSPITAL SO...
11         THE COURT:  I KNOW.  YOU'RE RUNNING OUT OF TIME.
12         THE PETITIONER:  YEAH --
13
14                   (OVERLAPPING SPEECH.)
15
16         THE COURT:  IF YOU DON'T GET THIS AGREEMENT IN
17    FRONT OF THE BANK, YOU'RE RUNNING OUT OF TIME.  YOU NEED
18    TO GET THIS AGREEMENT IN FRONT OF THE BANK SO THAT THEY
19    STOP THE AUCTION.
20         THE PETITIONER:  AND THEN WHAT ABOUT MOVING COSTS
21    FOR ME TO GET OUT?  I HAVE NO -- ALMOST NO INCOME RIGHT
22    NOW.
23         MR. MCCALL:  I ADVISED PETITIONER THAT I WOULD
24    WORK WITH HER ADVANCING HER REASONABLE-MOVING COSTS.
25         THE PETITIONER:  OKAY.
26         THE COURT:  I'M FINE IF YOU AGREE TO THAT.
```

1    I DON'T HAVE A PROBLEM.

2              MR. MCCALL:  YEAH.

3              THE COURT:  I JUST WANT YOU TO UNDERSTAND THAT WE

4    CAN'T LET THE HOUSE TO GO TO FORECLOSURE.  THAT'S MY

5    WHOLE GOAL HERE.  OKAY?  SO, YOU KNOW, WE'VE GOT TO PUT

6    THIS TOGETHER SO YOU DON'T LOSE THIS HOUSE.  ALL RIGHT?

7    OKAY.  JUST A MINUTE.  I'M LOOKING AT SOMETHING HERE.

8

9                        (WHEREUPON THERE WAS

10                        A PAUSE IN THE PROCEEDINGS.)

11

12             THE COURT:  OKAY.  I HAVE A TEMPLATE THAT I'VE

13   USED IN OTHER ORDERS.

14             MR. MCCALL:  ARE YOU ABLE TO SEND THAT TO ME?

15             THE COURT:  I AM GOING TO GIVE YOU A COPY RIGHT

16   NOW AND THEN E-MAIL IT TO YOU SO YOU CAN PUT SOME OF

17   THIS LANGUAGE.

18             MR. MCCALL:  OKAY.

19             THE COURT:  I WENT THROUGH MOST OF IT.  I'M GONNA

20   SCRATCH OFF THE THINGS THAT I DIDN'T USE.  IT'S GONNA

21   PRINT IN MY OFFICE BECAUSE THIS IS ATTACHED TO MY

22   OFFICE.

23

24                        (WHEREUPON THERE WAS

25                        A PAUSE IN THE PROCEEDINGS.)

26   ///

```
 1            THE COURT:  OKAY.  I'M ALSO STRIKING LANGUAGE THAT

 2   DOESN'T APPLY.

 3            MR. MCCALL:  OKAY.

 4            THE COURT:  IF THE OTHER PARTY IS BUYING THE

 5   PROPERTY, OKAY.  SO I'M GONNA GIVE YOU THIS.

 6   WE'RE GONNA MAKE A COPY OF THE TEMPLATE SO YOU HAVE IT.

 7   THERE'S SOME LANGUAGE THAT I STRUCK BECAUSE I DON'T

 8   THINK IT APPLIES.

 9            AND THEN CAN YOU ADD SOME OF THE LANGUAGE

10   THAT YOU PUT ON THE RECORD.  SO THAT YOU'RE COMBINING

11   WHAT IS EXPECTED IN THIS STIPULATION THAT I EXPECT TO

12   GET FILED BY TOMORROW.

13            MR. MCCALL:  RIGHT.

14            THE COURT:  OKAY?

15            MR. MCCALL:  DID YOU HEAR THAT?

16            THE COURT:  SO BY TOMORROW AT 4:00 I EXPECT, AND

17   I'LL TELL YOU IF I DON'T GET IT, I'LL ISSUE -- I'M GONNA

18   ISSUE AN ORDER BECAUSE I'M NOT GONNA LET THE HOUSE...

19            MR. MCCALL:  OKAY.

20            THE COURT:  GO INTO FORECLOSURE.  I THINK THAT'S

21   DETRIMENTAL TO YOU, THE CHILDREN, EVERYONE.  THE OTHER

22   PARTY.  DOESN'T MAKE ANY SENSE.  ALL RIGHT?  AND I DON'T

23   HAVE ANY EVIDENCE THAT, I KNOW WHAT YOU SAID IN YOUR

24   PAPERS.

25            BUT I DON'T HAVE ANY EVIDENCE THAT HE IS

26   MAKING TONS OF MONEY AND HIDING IT OR SOMETHING IS
```

```
 1   HAPPENING.  I DON'T HAVE THAT.  OKAY.

 2         MR. MCCALL:  ALL RIGHT.  THANK YOU, YOUR HONOR.

 3         THE COURT:  ALL RIGHT.  SO THAT'S IT.  I WILL SEE

 4   YOU THEN ON THE 19TH, AND, COUNSEL, GIVE NOTICE OF THE

 5   HEARING ON THE 19TH.

 6         THE PETITIONER:  IT'S THE 17TH.

 7         THE COURT:  I DON'T HAVE A PROOF OF SERVICE FOR

 8   THE CONTEMPT SO YOU IF YOU WANT ME TO CONTINUE IT, I

 9   CAN.  I DON'T HAVE A PROBLEM.  DO YOU WANT TO CONTINUE

10   IT TO THE 19TH?

11         MR. MCCALL:  WELL, THERE WAS DISCUSSION ABOUT

12   DOING IT INTO JANUARY.  THAT'S WHAT YOUR ORDER WAS.

13         THE COURT:  I DON'T HAVE A PROBLEM WITH PUTTING IT

14   TO JANUARY BECAUSE, AS I SAID, I HAVEN'T EVEN LOOKED AT

15   IT BUT SOMETIMES, WELL, FIRST, I DON'T HAVE A PROOF OF

16   SERVICE.

17         THE PETITIONER:  THE PROOF OF SERVICE WAS FILED BY

18   THE PROCESS SERVER.

19         THE COURT:  I DON'T KNOW.

20         MR. MCCALL:  THE BOTTOM LINE...

21         THE COURT:  I DON'T THINK I HAVE A PROOF OF

22   SERVICE.  WE'VE LOOKED.

23         THE PETITIONER:  BECAUSE I'VE HAD SOMEBODY DO IT.

24         THE COURT:  OKAY.  CAN I JUST SAY?  COULD WE JUST

25   HAVE A MOMENT?  YOU'RE NOT AVAILABLE ON THE NINTH SO FOR

26   SURE WE'RE NOT GONNA DO IT ON THE NINTH.  THAT'S FOR
```

```
1    SURE.

2          MR. MCCALL:  RIGHT.

3          THE COURT:  SO THE NEXT QUESTION IS A SIMPLE ONE:

4               IS DO WE TRAIL IT TO THE 19TH, RIGHT?

5          THE CLERK:  THE 17TH.

6          THE COURT:  THE ONLY THING THAT HAPPENS IS THE

7    ARRAIGNMENT.

8          MR. MCCALL:  THE 19TH IS FINE.

9          THE COURT:  OKAY.  I JUST WANT TO MAKE SURE.

10         MR. MCCALL:  AGREED.

11         THE COURT:  WE'RE NOT LITIGATING ANYTHING.

12   THE ARRAIGNMENT TAKES FIVE MINUTES.  ALL RIGHT?

13         MR. MCCALL:  17TH.

14         THE COURT:  THE 17TH.  WHATEVER.  I GET CONFUSED

15   BECAUSE WE'VE MOVED THINGS AROUND.  OKAY.  SO THE NEXT

16   HEARING IS 10/17, AND I WANT TO PUT IT AT 1:30 BECAUSE

17   WE HAVE TO DEAL WITH ATTORNEY'S FEES FOR MS -- MINOR'S

18   COUNSEL.

19              SO IT'S NOT GONNA HAPPEN AT 8:30 BECAUSE I

20   CAN'T INTERRUPT MY CALENDAR.

21

22

23                    (WHEREUPON A DISCUSSION WAS

24                     HELD OFF THE RECORD BETWEEN

25                      THE COURT AND THE CLERK.)

26   ///
```

```
 1          THE COURT:  OKAY.  I DON'T HAVE A PROOF OF

 2   SERVICE, AND I CANNOT DO AN ARRAIGNMENT UNTIL I HAVE THE

 3   PROOF OF SERVICE OR THEY WAIVE.

 4          THE PETITIONER:  I'LL -- I'LL BECAUSE HE FILED

 5   HIMSELF HE SAID.  BECAUSE HE HAD -- I HAD TO USE

 6   SOMEBODY.

 7          THE COURT:  I'M JUST TELLING YOU.

 8          THE PETITIONER:  OKAY.

 9          THE COURT:  THERE'S NO ARRAIGNMENT IF THERE'S NO

10   PROOF OF SERVICE.  OKAY?  SO I'M CONTINUING THE

11   ARRAIGNMENT ALSO TO THE 17TH, AND IT'S AT 1:30 BECAUSE I

12   NEED TO GIVE YOU TIME TO SEE IF WE TALK ABOUT THIS

13   PROBLEM.  OKAY?  THE MINOR'S-FEES PROBLEM.

14          THE PETITIONER:  OKAY.

15          THE COURT:  IT'S HIGHLY UNLIKELY THAT YOU DON'T

16   HAVE TO PAY.  HIGHLY UNLIKELY.  ALL RIGHT?  MINOR'S

17   COUNSEL ARE NOT FREE.

18          THE PETITIONER:  I'M MAKING PARTIAL PAYMENTS.

19   I'LL DO WHAT I CAN.

20          THE COURT:  I DON'T KNOW, MA'AM.  MAYBE YOU'RE

21   GONNA HAVE TO COME UP WITH A PAYMENT PLAN.  MAYBE IF YOU

22   WORK THIS OUT WITH MS. WILLIS, THEN WE DON'T HAVE TO

23   EVEN TALK ABOUT IT.  BUT YOU'VE GOT TO GIVE HER A

24   REASONABLE -- SHE'S UP TO $25,000.

25              THAT'S A LOT OF MONEY.  THAT'S A LOT OF

26   MONEY.
```

```
 1          THE PETITIONER:  WHAT ABOUT MY HEARING THAT YOU
 2   MOVED LAST WEEK THAT YOU DIDN'T HEAR?
 3          THE COURT:  I DON'T KNOW WHAT HEARING.
 4          THE PETITIONER:  THE ONE ON ATTORNEY'S -- IT WAS
 5   SET FOR LAST -- THE 18TH AND THEN --
 6          THE COURT:  OKAY.  THIS IS WHAT WE DID NOW.
 7   SO THAT'S THE ONLY THING I'M DOING.  THE CONTEMPT,
 8   MINOR'S-COUNSEL FEES, AND HOPEFULLY I GET THE
 9   STIPULATION BY TOMORROW AT 4:00 ON THE SALE OF THE
10   PROPERTY.
11          THE PETITIONER:  THANK YOU VERY MUCH, YOUR HONOR.
12          THE COURT:  BECAUSE IF NOT, I'VE GOT TO ISSUE AN
13   ORDER BY THE END OF THE WEEK.
14          THE PETITIONER:  THANK YOU, YOUR HONOR.
15          THE RESPONDENT:  THANK YOU, YOUR HONOR.
16
17              (WHEREUPON AT 4:02 p.m. THE MATTER
18                   IN THE ABOVE-ENTITLED
19                      CAUSE CONCLUDED.)
20
21
22
23
24
25
26
```

1                        REPORTER'S CERTIFICATE

2

3     STATE OF CALIFORNIA )
                          )
4     COUNTY OF ORANGE    )

5

6              I, MISCHA MILAN, CSR, CSR NO. 14296,

7     OFFICIAL COURT REPORTER IN AND FOR THE SUPERIOR COURT OF

8     THE STATE OF CALIFORNIA, COUNTY OF ORANGE, DO HEREBY

9     CERTIFY THAT THE WITHIN AND FOREGOING PARTIAL TRANSCRIPT

10    OF THE PAGES HEREIN INCLUSIVE OF TYPEWRITING, IS A FULL,

11    TRUE AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES OF

12    TESTIMONY AND PROCEEDINGS HAD IN SAID CAUSE TO THE BEST

13    OF MY ABILITY.

14

15        CASE NAME:  SMITH V. GOMEZ

16        CASE NUMBER:  17D000590

17        REPORTER'S COMMENTS:  NONE

18        DATE COMPLETED:  WEDNESDAY, NOVEMBER 27, 2024

19

20

21           SIGNED:   *Mischa Milan*
                       MISCHA MILAN, CSR, CSR NO. 14296
22
                       OFFICIAL COURT REPORTER
23

24

25

26

# EXHIBIT B





**From:** Clarence Yoshikane <clarence.yoshikane@gmail.com>
**Sent:** Tuesday, April 9, 2024 7:44 PM
**To:** SA Ch 13 Atty Brian D. Wirsching <Brian@ch13sac.com>; Atty Richard Heston <RHeston@hestonlaw.com>
**Cc:** Agt Jennifer Toyama <J_Toyama@verizon.net>
**Subject:** GOMEZ, Jeffrey Adams - Photo of Exterior & Rough Estimate of Value after Drive-By Inspection - 27591 Ka
Richard Heston Ch 13 DIP Counsel - Amrane Cohen Ch 13 Trustee Counsel Atty Brian D. Wirsching

Brian & Richard,

Please see the attached photo of the front of the property.

Our Opinion of Value is $1,900,000 to $2,000,000.

Our Valuation is Subject to Interior & Exterior Inspections to verify Condition & Upgrades.

The price obtained is also dependent on the cooperation of the occupants & their willingness to show the property.

We could & should obtain Overbids if everyone works together to obtain the highest price.

We could easily generate all monies that Jeff's reorganization plan requires.

Our next step is to contact
Kristina Smith & set up a meeting & to tour the property.

Let us know your thoughts.

# EXHIBIT C

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Kristina Smith pro per<br>27591 Kathy Ct<br>Laguna Niguel, Ca<br>92677<br>finleyandtatumsmore@gmail.com<br>(949) 734-0553<br><br>☑ Individual appearing without attorney<br>☐ Attorney for: | **FILED**<br>MAR 13 2024<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - _____**

| In re:<br><br>Jeffrey Adams Gomer<br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:23-BK-12046-TA<br>CHAPTER: 13<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)**<br><br>DATE: 4/9/2024<br>TIME: 10:30am<br>COURTROOM: 5B |
|---|---|

**Movant:** Kristina Smith

1. **Hearing Location:**
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 3420 Twelfth Street, Riverside, CA 92501
   - ☑ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                    Page 1                    F 4001-1.RFS.NONBK.MOTION

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: _3_____                          _____
                                         Printed name of law firm (if applicable)

                                         _Kristina Smith_____
                                         Printed name of individual Movant or attorney for Movant

                                         _Kristina Smith_____
                                         Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☐ Plaintiff

   b. ☐ Defendant

   c. ☑ Other (specify): *Creditor*

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action:* Smith w. Gomez

   b. *Docket number:* 17D006590

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:* OC Superior Court

   d. *Causes of action or claims for relief (Claims):* Protect interest in real Property / DSO
   Collect and enforce DSOs, sale of Real Property to cure mortgage for Kathy
   Court

3. **Bankruptcy Case History:**

   a. ☑ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7  ☐ 11  ☐ 12  ☑ 13
   was filed on (date) _____.

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12 ☐ 13
   was entered on (date) _____.

   c. ☐ A plan was confirmed on (date) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☑ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☑ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 3                              F 4001-1.RFS.NONBK.MOTION

f.  ☑  The bankruptcy case was filed in bad faith.

    (1)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2)  ☑  The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3)  ☐  Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4)  ☐  The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g.  ☑  Other (specify):  *Debtor continues to not comply w/ DSOs Risking Community Real Property*

5.  **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

    a.  ☐  The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b.  ☐  Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

    c.  ☐  Other (specify):

6.  **Evidence in Support of Motion:** (*Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)

    a.  ☑  The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

    b.  ☐  Supplemental declaration(s).

    c.  ☐  The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

    d.  ☑  Other evidence (specify):  *Exhibits*

7.  ☐  **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1.  Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2.  ☐  Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3.  ☐  The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 4                        **F 4001-1.RFS.NONBK.MOTION**

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☑ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☑ Other relief requested. _as requested by Declaration_

Date: _3|13|24_

_K.A._
_____
Printed name of law firm (if applicable)

_Kristina Smith_
_____
Printed name of individual Movant or attorney for Movant

_Kristina Smith_
_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 5                              F 4001-1.RFS.NONBK.MOTION

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (name of Declarant) _Kristina Smith_____, declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

    ☑ I am the Movant.
    ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
    ☐ I am employed by Movant as (title and capacity):
    ☐ Other (specify):

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

    ☐ Plaintiff
    ☐ Defendant
    ☑ Other (specify): _Petitioner_

4.  The Nonbankruptcy Action is pending as:

    a.  Name of Nonbankruptcy Action: _Smith vs. Gomez_
    b.  Docket number: _17D000590_
    c.  Nonbankruptcy court or agency where Nonbankruptcy Action is pending: _OC Superior Court_

5.  **Procedural Status of Nonbankruptcy Action:**

    a.  The Claims are:

    _See attachment 6. Supplemental Declaration_

    b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit _____.

    c.  The Nonbankruptcy Action was filed on (date) _1/24/2017_

    d.  Trial or hearing began/is scheduled to begin on (date) _pending lift of stay_

    e.  The trial or hearing is estimated to require _1_ days (specify).

    f.  Other plaintiffs in the Nonbankruptcy Action are (specify):

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 6                          F 4001-1.RFS.NONBK.MOTION

g.   Other defendants in the Nonbankruptcy Action are (*specify*):

5.   **Grounds for relief from stay:**

a.   ☐   Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to
enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that
Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under
11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.   ☐   Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in
effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate,
except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary
complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.   ☐   Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim
against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number
are (*specify*):

d.   ☑   The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

(1)   ☑   It is currently set for trial on (*date*) *pending relief*

(2)   ☑   It is in advanced stages of discovery and Movant believes that it will be set for trial by
(*date*) *2024*.  The basis for this belief is (*specify*):

(3)   ☐   The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum
is the most efficient use of judicial resources.

e.   ☑   The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the
Nonbankruptcy Action.

(1)   ☐   Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case
commencement documents.

(2)   ☑   The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with
the Nonbankruptcy Action based upon the following facts (*specify*):

*Debtor filed exparte less than 24 Hours legady hearing
to enforce & Collect DJ's.*

(3)   ☐   Multiple bankruptcy cases affecting the Property include:

(A)   Case name:
Case number:                              Chapter:
Date filed:              Date discharged:           Date dismissed:
Relief from stay regarding this Nonbankruptcy Action   ☐ was   ☐ was not   granted.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 7                              F 4001-1.RFS.NONBK.MOTION

(B) Case name:
    Case number:                    Chapter:
    Date filed:           Date discharged:         Date dismissed:
    Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

(C) Case name:
    Case number:                    Chapter:
    Date filed:           Date discharged:         Date dismissed:
    Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☑ See attached continuation page for other facts justifying relief from stay.

6. ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/13/24 | _Kristina Smith_ | _Kristina Smith_ |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 8                          F 4001-1.RFS.NONBK.MOTION

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Kristina Smith proper<br>27591 Kathy Ct.<br>Laguna Niguel, Ca<br>92677<br><br>finleyandtatumsmom@gmail.com<br><br>*Attorney for Movant*<br>*Movant appearing without an attorney* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re:<br><br>Jeffrey Adams Gomez<br><br>Debtor(s) | 8<br><br>CASE NO.: 8323 – BK-12046-TA<br>CHAPTER: 13 |
|---|---|
| | **SUPPLEMENTAL NOTICE OF HEARING TO BE HELD REMOTELY USING ZOOMGOV AUDIO AND VIDEO** |
| | HEARING DATE: 4/9/2024<br>HEARING TIME: 10:30 am<br>Courtroom ~~Movant intends to appear in person~~ 5B |

**Movant:**

1. The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned case, on the date and time indicated above, before the Honorable Theodor C. Albert, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number)*:

2. **Please be advised that the Court will conduct the hearing using ZoomGov audio and video technology.** Information on how to participate in the hearing using ZoomGov is provided on the following page of this notice.

3. **If a responding party wishes to appear in person advance notice is required.** The language

"[R]esponding party intends to appear in person" must appear prominently below the hearing information in the caption on the first document filed in response to the motion.

4. ☐Case participants may connect using ZoomGov video and audio free of charge using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet).

5. The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet. Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

6. Individuals also may connect to the hearing by telephone only, using the telephone number provided below. Individuals connecting in this manner also will be prompted for the Meeting ID and Password.

7. In contrast, by mandate of the Administrative Office of the United States Courts, members of the public and the media may only connect to the ZoomGov audio feed, and only by telephone. Access to the video feed by these individuals is prohibited. In the case of a trial or evidentiary hearing, no audio access will be provided. However, members of the public and the media may observe such proceedings in person (with advance notice to chambers).

8. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required.

9. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

10. All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

11. The following is the unique ZoomGov connection information for the above-referenced hearing:

Meeting URL:  ~~htt~~ https://cacb.zoomgov.com/j/1611019800

Meeting ID: 161 101 9800

Password: 054027

Telephone: 1(669)254-5252 or 1(646)828-7666

12. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-and-training-participants.

Date: 3/13/24

Printed name of law firm ~~(if applicable)~~

Kristina Smith

Printed name of ~~individual~~ Movant or attorney for

Kristina Smith

Movant

*October 2023*    **Page 1**    **ZOOMGOV HEARING NOTICE_TA_BK**

### _Declaration Of Creditor Kristina Smith in Support of The Motion for Relief From the Automatic Stay in a Non-Bankruptcy Forum._

I, Kristina Smith declare under penalty of perjury the following is true and correct to the best of my knowledge in support of my second Motion to Request Relief from the Automatic Stay to protect my interest in the Kathy Court property as a co-owner and as a  priority claim by Court Order ( DSO ) as well as enforce and collect the other Domestic Support Obligations and Arrears that Gomez's plan fails to address in his proposed plan and has not been complying with post petition. This is my 2nd request for relief as I filed one on 10/23/2023 and was heard on 11/14/2023 and was instructed at our last request hearing by the Hon. Judge Theodore Albert to seek the motion again if Debtor continued to not comply with post petition payments which he has not including the mortgage of  Kathy Court, the house I reside with our children which  is at risk of loss.

The granting of my  Relief will allow the Family Law Court to order Gomez to cure the mortgage as the Court has ordered previously. My ability to pursue this action in the Family Law Court will also make relieving US Bank's request for relief unnecessary. Kathy Court is part of an active DSO dated 9/13/2016.

This should not be contested by Gomez as Gomez has stated he wants to preserve Kathy Court "for his children" and does intend to sell Kathy Court per his declarations. Kathy Court is worth per Gomez 1.8 M and has a loan of approx. 678K. We have 7 other properties that are rentals and Gomez resides in a 9th property.

Additionally This Court has stated hope that the Family Court can resolve issues with the DSOs and being able to proceed will rectify that. Gomez has convinced himself that even though there was no hearing to modify the DSOs as he had desired  to modify them at the commencement of this Chapter 13 case that suddenly they were modified without a hearing nor new orders. If Gomez is confident in his fantasy modification , let the Family Court proceed  with my request for order and relief sought from this Court.

### _Original Request for Motion to be Relieved of Automatic Stay_

I had filed for and a hearing  was conducted on 11/14/2023 on my request for relief that was not granted in full. My relief sought would have secured Kathy Court, arrearages paid, paid all other outstanding DSOs including related to maintenance of Kathy Court  and set a path to finish the financials of my divorce .. If I was allowed to proceed all of this extra litigation, frustration and property risk would have been mitigated. I warned the Court of my belief Gomez was not going to protect Kathy Court. I am filing this relief request and if granted will solve both my and US Bank's issues with Gomez and alleviate this Court's frustration with this case that has already been granted 2 continuances for Confirmation.

**Please see Declaration in Objection to US Bank Motion for Request of Relief from the Automatic Stay filed simultaneously with this  request for relief.

**Please see Full Notice of Motion and Motion for Relief from the Automatic Stay filed
10/24/2023  with exhibits  by Creditor Kristna Smith

### _Multiple Declarations Filed in Support of  Smith's Relief from the Automatic Stay_

I have to repeatedly reported to this Court Gomez's chronic non-compliance with the existing
court orders. I have attached  declarations made and filed with this Court (without exhibits ) for
the Court to show this pattern of Debtor breaching his fiduciary duties, perjuring himself and not
complying with the terms of the Chapter 13 requirements. This case has been going on for over
5 months with no confirmation in site, it is clearly just a tactic Gomez is using to financially injure
me and evade his fiduciary duties with no intention of  confirming his plan.
*Ex. 1  Declaration in Support of Motion to Relief of Automatic Stay dated 10/20/2023 without
exhibits*
*Ex. 2 Declaration in Response to Opposition to Motion for Relief of Automatic Stay without
exhibits which were filed and lodged with declaration with this case filed 11/13/2023*
*Ex. 3 Declaration Objecting to Confirmation of Chapter 13 Plan without exhibits which were filed
and lodged with declaration with this case filed 12/22/2023*
*Ex. 4 Declaration in Response to Objection of Plan Confirmation without exhibits which were filed
and lodged with declaration with this case filed 1/16/2024*
*Ex.  5 Declaration in support of amended DSO Claims signed 2/7/2024 and filed with the court with
each claim  without exhibits which were filed and lodged with declaration with this case*
*Ex. 6 Declaration filed 3/6/2024 Objecting to Plan Confirmation and Disputing Debtor's DSO
Reporting without exhibits which were filed and lodged with declaration with this case filed*

### _Relief for the Protection and Interest in Kathy Court Property_

The Kathy Court  property was put into a joint tenancy by deed transfer on November 16, 2016
and filed with the OC Recorder on 1/6/2017t.  As through text between myself and Gomez, he
even alerted me to the change of title that he planned on filing 11/16/2016 and then it was filed
on 1/6/2017.Kathy Court was purchased in January 2014 over 11 years after date of marriage.
California is also a community property state.
Gomez has not been paying the post- petition mortgage for Kathy Court which is not only
obligated as part of his Chapter 13 Bankruptcy, but by the Family Law Court. US Bank has
sought a request to lift the stay to proceed with a potential foreclosure of Kathy Court which puts
my property interest and home the children and I reside in at risk. The Family Law Court is the
place to enforce the orders as it has in the past when Gomes stopped paying the mortgage. I
need relief to save Kathy Court.
*Ex. 7  Title Kathy Court filed 1/6/2017*
*Ex. 8 Text from Gomez 11/16/2 a  copy of title Smith and Gomez*
*Ex. 9  FOAH Commissioner Weinberg 8/7/2020*

### _Kathy Court Mortgage  - Is A Domestic Support Obligation_

Kathy Court Mortgage, Taxes and HOA payments are Domestic Support Obligations as ordered
in the stipulation and order dated 9/13/2016 previously filed repeatedly in this case. .  Gomez is
obligated to pay the mortgage, taxes, insurances and HOAs for Kathy Court. Kathy Court is a
DSO and you can collect for DSOs on property not being held by the trustee. DSOs can force
the sale of exempt properties to satisfy the domestic support obligations and therefore since

Augusta is exempt, it is available for me to proceed action  against in my FL Case again since it
is **NOT PROPERTY of THE ESTATE. 11 USC 522 c 1** - exempt assets are liable for Domestic
Support Obligations. **362 b 2 2** 'bankruptcy filing does not stay collection of a DSO from
property that is not property of the estate.  This would also apply to rental income that Gomez is
not claiming as income in his Chapter 13 case. It would be proper that rental income pays the
mortgage through the trustee.  Additionally **362 b 2 C** allows a judicial officer to order
withholding of income that is estate property or debtor property for the purpose of paying DSOs.
In the absence of my relief from the automatic stay I will seek all  legal options available to me in
protecting my community interest and enforce the DSOs- which will benefit US Bank and further
that their relief sought is unnecessary and mine is VERY necessary.

A Debtor's Obligation to pay marital debts directly to a third party ( ie. mortgage) is a domestic
support obligation if agreed as financial support. The order was stipulated by the parties and
remains an  active and enforceable support pursuant to **101 (14A).)** Gomez must comply by
paying the  DSO ( Kathy Court Mortgage)  pursuant to **1322 a 2 as a first priority claim in full.**

The Family Law Court is cautious against any action during a Chapter 13 plan and needs
directives from this Court to proceed with actions against Gomez to enforce orders even from
exempt property.

**\*\*It's also worth noting during this time, Gomez retained Patrick McCall, Family Law attorney and
compensated him with at minimum $10,000 retainer on 12/11/2023. McCall was hired and paid
without this Courts approval to employ and compensate. All money paid to McCall should be
disgorged to pay the unpaid mortgage and DSOs and at minimum an admonishment and or
sanctions to Gomez and his counsels.\*\***

### *Actions Pending in Family Law Court Regarding Kathy Court*
I am re-seeking this  Relief from the Automatic Stay as well to proceed in the family law court
with litigation that would as explained  benefit US Bank. If granted relief,   I will seek the curing
of the Kathy Court Mortgage which the Family Law Court, Commissioner Weinberg  in 2020
ordered Gomez to cure the mortgage when he stopped paying before. Gomez entered into a
forbearance to cure it or Augusta may have been sold to cure the mortgage. Again, I was
unaware that Gomez had arrears on Kathy Court as he was stating time and time again the
mortgage was being paid with evidence leading up to his Ch. 13 Filing.

I had previously filed an RFO to force the sale of Augusta in April 2020 ( Augusta is the only
property Gomez owned prior to marriage but has Moores/ Marsden and transmuted community
interest ) to be sold to cure the Kathy Court mortgage and pay his unpaid DSOs. On 8/7/2020
Commissioner Weinberg ordered Gomez  to submit a plan before 8/14/2020 to bring the Kathy
Court mortgage current and to satisfy any outstanding financial orders owed in this case
including but not limited to outstanding fees and costs to wife's counsel.
Gomez sought a forbearance and was approved and Kathy Court was cured. It is a Domestic
Support Obligation and continues to be a DSOs.
Commissioner Weinberg reserved my RFO without prejudice inviting me to refile in the future if
the situation arises which it has and I plan on proceeding pursuant to **BAPCA act of 2005.**

*In Lee v. Superior Court (1976) Cal App 3d 705 permits the sale of an asset to save another asset.* Here the parties community property residence, Kathy Court property, where I and the children reside full time and Gomez is obligated to pay the  mortgage as Kathy  is a DSO, is in default and risk of foreclosure. To cure the default on the residence and prevent foreclosure proceedings another property warrants being sold to save Kathy Court. Commissioner Weinberg was satisfied with the forbearance as it saved Kathy Court and stated "the Court declines to order the "Augusta" home sold without prejudice to subsequent application if circumstances warrant. "
 **Clearly circumstances now warrant it.**
Gomez also in his Declaration in Response to my RFO dated 5/26/2020 that  " the property ( Kathy Court) is likely community property"

There is NO reason to foreclose or sell Kathy Court when there are *7 other community properties that can cure the defaulted mortgage.* This is a game already played by Gomez that he lost and the Courts did not tolerate this antic by Gomez to injure me and our children. . Please Allow the Family Court to be Gomez's handler.

US Bank's motion request for relief states  they or an agent of "may at its option offer, provide or enter into agreements such as a Forbearance, Loan Modification, Refinance Agreement or other Loan Workout Option." This should be handled immediately in lieu of  and deny the request for relief for US Bank as there are many options as listed by US Bank that have not yet been offered. This horse needs to go before the legal cart and should be the communications at this point not a seek for relief from the automatic stay for US Bank.. The Family Court has already shown it is the place to force Gomez to comply.
*Ex. 9 FOAH Commissioner Weinberg 8/7/2020*

Gomez collects all of our rental income for all 7 rental properties which Gomez has claimed via declaration under penalty of perjury is valued at at least *$19, 800 per month*. A report from Zillow on 3/8/24 shows that the fair market rental value of the 7 rental properties topples *over $21,188*. Gomez is claiming he is only netting less than 4K per his FL 150 and not claiming any income in his bankruptcy schedules. The reports also showed that *none of the houses are listed for sale despite Gomez claims- they are all off market!*

Gomez also collects  his disability retirement at *$6553.71 per month.*
Gomez also as indicated on his 2/14/2023 application for his car loan with Bridgcrest that he makes *$6747.00 per month* with his home repair business.
*That is a total of $33,100.71 per month. That does not include Gomez's book sales, speaking engagements/seminar business, coaching and product sales. At one point those businesses made over $15,000,000 a year.*

Gomez also has a Deferred Compensation and Thrift Savings Plan ( Horizon)  account that he indicated *holds over $250,000* and Gomez, who was 59 on December 1, 2023 is able to

withdraw from a 401k without penalty at 59 ½ ( June 1, 2024) and there are NO age restrictions on distributions from a deferred plan.

The Trustee was correct when Mr. Chien  stated at the 341 Creditors meeting that Gomez's *__cash flow does not make sense__*, but he gets a pass because its a 100% plan.
The Trustee was correct to question again the cash flow when Mr. Chien stated in his Objection to Plan Confirmation on 12/4/2023 *__" Debtor has 6 million + of mostly unencumbered real property." " Debtor does not disclose any rental income from these properties and does not explain the situation".__*

Gomez has well documented history of  post separation history of hiding assets, having money funneled to a Bank of America Account in his friend, Jose Sambolin's name and having shell companies buried under multiple entities through Panama and Nevada, forgoing my name on documents and disguising his is married and filing single status. A Feldman Motion is still pending in the Family Law Court so it is  not surprising Gomez is again lying about his income.

Gomez is a perpetrator of Intimate Partner Violence pursuant to a finding of FC 3044. I have suffered physical abuse by the hands of Gomez from within the first 4 month of marriage in 2003 until the night I finally fled from him with the children on  August 23, 2016. Gomez who was diagnosed with a host of mental illnesses continues to abuse me any way he can, he does it through our children  and financially including through this bankruptcy. He is an abuser and uses any method of his continued coercive control and infliction of fear and pain on me. Until i am fully free from Gomez including financially by the resolution of our Family Law Case, Gomez will continue his violence and abuse towards. He warned me if I left him he would leave me penniless and he is trying to make good on that threat. I respectfully ask the Court to lift the stay so I can finish this divorce and move on with my life.

It's important that the Court is aware again that Gomez has a history of deception and lying under oath.  There is a finding by the family law court  in the Judgement on Custody dated 2/14/2019  that Gomez is untruthful and information provided by him to be "unreliable, incomplete, overly guarded and ultimately of a much less persuasive influence and of limited credibility." It was also found that Gomez is an "unreliable reporter of events"

It was found by the Federal Trade Commission when he was investigated and settled due to his illegally scheming millions from people in his post separation hidden businesses and shell companies and is documented in the receiver's report that Gomez's reporting to the Receiver was " inaccurate and incomplete based on information gathered by the Temporary Receiver" ( Page 10.) That Gomez information provided in subsequent interviews with Gomez and a declaration Gomez filed in our dissolution case "contradicted the information and documents discovered by the Temporary Receiver.

## *Conclusion in Support of Request for Relief*
I request to lift the Automatic stay to proceed in the Family Law Court  so I may proceed with the collection of the non-dischargeable Domestic Support Obligations of past arrearages and

ongoing support in the Family Law Forum and urgently protect and preserve Kathy Court, a Domestic Support Obligation.

"Bankruptcy courts generally will grant relief from the automatic stay to allow a creditor to collect or enforce spousal or child support that becomes due and payable after the debtor has filed for bankruptcy." See In re Raboin, 135 B.R. 682 (Bankr. D.Kan. 1991).

Gomez has not even complied with the Chapter 13 filing in respects to paying all his Domestic Support Obligations. I may not be an attorney and trying my best to represent myself and my children's financial future, but it is clearly stated on every Chapter 13 plan that the DSOs are priority and must be paid. Congress recognized "bad faith filings" made by high conflict and angry spouses during or after divorces and made order for treatment for Domestic Support Claims." It includes that bankruptcy shouldn't interfere with the collection of ongoing obligations for spousal and child support and should pay back all of the arrearages of the DSOs through the life of the Chapter 13 plan. All claims for domestic support obligations should receive equal and favored treatment in the bankruptcy process.

Gomez's counsel has already sought an extension to file schedules and 2 continuances of Plan Confirmation. This Bankruptcy was filed on 10/5/2023 by ex parte the day before my hearing to enforce the court orders he was not complying with for many many years.
Gomez does not represent the support arrears in his repayment plan and by his omission has no intent to pay them.

Gomez chose this bankruptcy, the children and I did not and pursuant to *523 a 5* Gomez is obligated to pay the Domestic Support Obligations including but not limited to the Kathy Court mortgage which was stipulated as Financial Support. Further Gomez not paying the Court ordered Kathy Court mortgage is subject to *523 a 6 that Gomez's subjective motive is to inflict financial injury on me and the children by not protecting the Kathy Court asset.* and for the reasons stated above I ask the Court to approve my Request for Relief of the Automatic Stay as declared under penalty of perjury this day March 13, 2024 in Laguna Niguel, CA.

Krustena Smith

## *Amendment  to Declaration due to post signature  additional information*

Heston,  Gomez's attorney messaged me by email and has indicated that he does not believe that I'm entitled to the support anymore outside of the child support order. He states due to my boyfriend who his miss-names is living with me. Heston also fails to share that Gomez and my children live full-time at Kathy Court. This is not a decision that can be made by an individual nor his attorneys' presumption, a support order  has to be made or changed  by a court of law who is  assigned to this case which is Commissioner Weinberg.
*__Presumption does not matter when there is an actual physical court order for financial support that includes the mortgage of Kathy Court that he is violating.__* Mr. Heston did not have any disclaimer  on his email indicating that it was private or confidential transmission so I am able to attach it here without fear of submitting confidential information. It is also concerning because it appears Mr. Heston is encouraging his client to break the law by not paying the domestic support obligations his client is ordered to pay.

If  this plan is not dismissed on 3/20/24, and there is still consideration of approving this dysfunctional and nontransparent chapter 13 petition then the trustee should be making all conduit payments that are ordered in the domestic support obligations outside of the wage garnishment child support order. Gomez is working the system to financially hurt me and our children

I declare a penalty of perjury on this date March 13, 2024 in LAGUNA NIGUEL California

## Gmail

---

## Gomez, Jeffrey Adams; Motion for Relief From Automatic Stay

---

**rheston@hestonlaw.com** <rheston@hestonlaw.com>
To: finleyandtatumsmom@gmail.com
Cc: jeff@jeffadams.com

Tue, Mar 12, 2024 at 1:37 PM

Ms. Smith,

I have conferred with my client regarding the pendency of the Motion for Relief From Automatic Stay with regard to the Kathy Court ("the Property"). While it is not his desire to see the Property sold at foreclosure, he is not currently occupying the Property and yet as the occupants, neither you nor your cohabitant Keith O'Brien are making the mortgage payments to US Bank.

Since Jeffrey is meeting his children's support obligation as determined by the Department of Child Support Services, and California Family Code § 4323 provides that there is a rebuttable presumption, affecting the burden of proof, of decreased need for spousal support if the supported party is cohabiting with a nonmarital partner, it would appear that Jeffrey is currently meeting his support obligations.

Were the Property to be placed in rental use, the rental income paid by the tenant could be applied to cover the cost of maintaining the Property and keeping the mortgage current. However, I would suspect you would reject such a notion, in which case you and Mr. O'Brien have the option of fulfilling that need by maintaining such costs while occupying the Property pending the resolution of your disputed claim to the Property.

To that end, I am prepared to approach counsel for US Bank to seek an adequate protection order (APO) rather than relief from the automatic stay as is being sought, on condition that the postpetition mortgage payments will be resumed immediately at a rate of a payment and a half (150%) per month until the postpetition arrearage has been cured, and thereafter at the normal 100% of the regularly scheduled payment.

Since Jeffrey is meeting his financial obligations for support to the children and you are presumptively not entitled to support at this time, you and perhaps Mr. O'Brien

may be able to make the APO payments. Alternatively, I can approach counsel for

may be able to make the APO payments. Alternatively, I can approach counsel for
US Bank with the offer to have the Property listed for sale forthwith, since its goal
would otherwise be to foreclose the Property if payments continue to go unpaid.

Please advise me by reply email if you are willing to meet either of those alternatives,
i.e., paying 150% per month mortgage payment until the arrearage has been cured
and then maintaining the payments on a current basis, or agreeing to the immediate
listing of the property for sale. As this impacts upon your family law case, you may
wish to discuss the matter with Mr. Gelbart.



**Richard G. Heston, Esq.**

**Heston & Heston, Attorneys at Law**

Certified Consumer Bankruptcy Law Specialist

Certified Family Law Specialist (1992-2017)

Phone: **949-222-1041**

Email : rheston@hestonlaw.com

19700 Fairchild Rd., Ste. 280

Irvine, CA 92612-2528

**www.hestonlaw.com**

*Dictated with Dragon Naturally Speaking™
software, due to a hand disability. As a result this
email may contain phonetic misspellings and other
errors.*

## Attachment to 6. Evidence in Support of Motion
## b. Supplemental Declaration

I, Kristina Smith,  declare under penalty of perjury that the facts in this declaration pertaining to my Request for Relief from the Automatic Stay  are true and correct and provide this declaration in support of my request.   I apologize if my declaration is not uniform nor in the correct format, because I can not afford an attorney to represent me in this matter and I am making this Motion for Relief of the Automatic Stay for myself and my children to the best of my ability. I am hopeful that any defects in my filing will allow for correction and not be  not denied on arrival due to any  technicality as I am not an attorney nor have I ever completed an undertaking like this and at the mercy of the Court.

### Requested Relief

1. To lift the Automatic Stay so I may proceed with my Non-Bankruptcy Dissolution **Case 17D000590** and proceed with the collection of the non-dischargeable  Domestic Support Obligations of past arrearages and ongoing support  in the Family Law Forum as outlined in my RFO **exhibit 1**
**Ex. 1 Updated Request for Order Re. Financial Issues Dated 9/1/23 hearing date 10/6/2023 9am.**

Additionally request-
2.To lift the Automatic Stay so I may proceed with my Non-Bankruptcy Dissolution **Case 17D000590** and allow the Family Court divide the community property in particular community real property in the Family Law Forum.

3.To lift the Automatic Stay so I may proceed with my Non-Bankruptcy Dissolution **Case 17D000590** and allow the Family Court to rule on the sale of a community property other than Kathy Court in the Family Law Forum as outlined in my **RFO Exhibit 1**

4.To lift the Automatic Stay so I may proceed with my  Non-Bankruptcy Dissolution **Case 17D000590** and allow the Family Court to rule on my receiving or  collecting  of our rental income and/or control all of our rental income collection and properties  in the Family Law Forum. as request in my **RFO Exhibit 1..**

### Facts in  support of Requested Relief Case History

I am the Petitioner in our dissolution **case #17D000590** that was filed on 1/24/2017 and Jeffrey Adams Gomez "Gomez" Is the Respondent. My family law counsel works on a FLARPL against my house and a discounted hourly rate. If they did not I would not be able to have counsel. My family law attorneys are unable to assist me with this motion. Gomez has retained per Gomez counsel for his Chapter 13 filling.
Gomez has had no less than 15 attorneys involved in our dissolution case.

1



After separation, Gomez and I stipulated to a financial arrangement per our separation which remains active and enforceable today. We stipulated  to a Domestic Support Order enforcing that Gomez pay certain and specific domestic support obligations for the family. The order is attached as **Ex. 2**.  The order allows the financial circumstances remain the same and for Gomez's to control and manage our community properties and businesses acquired or created during the marriage. Gomez stopped paying for more than 1/2 of DSOs including  but not limited to the monetary support payments which as of todays date topple **$260,000.**

He stopped paying the childrens' tuition which he owes me to date **over $42,000,**
He also stopped paying the utilities, my car lease, my cell phone as well as many other court ordered expenses and obligations. He was never granted a modification after multiple attempts and requests as there has ***never been a finding of change of circumstance*** warranting it.
**Ex.  2 Stipulation and order Financial Support 9/16/16 pages**
**Ex. 10 CFLR Executioners Report 10/19/2023 Form EJ 130 Writ of Execution**


2 more additional DSOs have been established in our dissolution case:
On 9/8/21 Gomez offered and stipulated to paying 1/2 of the childrens' club volleyball extra curricular fees and expenses. Though he stopped paying it after one year and told me to hold him in contempt of court via a text message. Gomez owes in excess of **$6,500** which is continues to accrue monthly.
**Ex. 3 Transcript Hearing date 9/8/21 Pages 20 and 21 Stipulated**
**Ex. 4 Text from Gomez 10/4/2022**


There is also an order for Child Support garnishment opened with DCSS by Gomez. Gomez requested in a means to stop the garnishment of the 2016 order of 4K per month which was being handled by the State Disbursement Unit from 12/2021-2/2022. This did not remove or modify the 4K DSO it just put the DCSS order above it and the only order garnished.
Gomez is in compliance in part with this order as DCSS is garnishing the child support, however Gomez has not complied with paying half of our children's medical and dental expenses as ordered by the court which is **over $1000** in arrearages.
The order needs to be modified solely due to the fact that  Gomez states to have 23% of time with the children when he has 0% as of 7/7/2023 when the court put a no contact order in place.
**Ex. 5 DCSS Support un-reimbursements 4/2022**
Gomez is only complying with a few of the court ordered obligations. Most he has ceased paying completely.


Our dissolution case was assigned for all prejudgment matters  before Ret. Commissioner David S. Weinberg by stipulation. Gomez stipulated to advance all fees for Commissioner Weinberg. Gomez controls our community assets excluding the family home where I live exclusively with our twin 12 year old daughters. Gomez moved into one of our other residences at the time of separation, a house much larger than where the children and I reside. Commissioner Weinberg has only filed a final judgment

2

on custody. Commissioner Weinberg still retains jurisdiction over financial and all other matters. Gomez has refused to advance Commissioner Weinberg's fees for any hearing that does not benefit him and he keeps delaying the financial portion of our dissolution case while deliberately defying the ATROs and Court Orders for support.

**Ex.6a Responsive Declaration to Request for Order to Withdraw Stipulation appointing Private Judge Commissioner David S. Weinberg including sub-exhibits 1. Stipulation filed 10/4/2017, 2. Minute order dated 2/15/19 denying request to withdraw stipulation to appointment of private judge**

**Ex. 6b Writ of Mandate and Request for Immediate Stay Gomez v. Superior Court of Orange County 6/9/2020 Denied by IKOLA, Acting PJ - Final**

### Gomez filed his Chapter 13 Bankruptcy in Bad Faith

Gomez was made aware that I was filing an RFO to be heard by Commissioner Weinberg for relief in regards to years of the unpaid of the domestic support obligations and a pathway to finish our dissolution case. I have attached the RFO as **Ex. 1.**
It took me 11 months to raise the money to pay Commissioner Weinberg's fees as Gomez refused to advance despite the stipulation to pay and Gomez controls our community income making it impossible for me to pay.  A court date was scheduled for October 6, 2023 at 9am at Veritext in Costa Mesa, CA.

**Ex. 8 Request for Order Re. Financial Issues Dated 10/20/2022 and Memorandum of Points and Authorities.**

**Ex. 9 Email exchanges from 10/20/2022 - 9/13-2023 Between Respondent, my counsel and Commissioner Weinberg setting up hearing date and advancing fees.**

Gomez in response said he was filing to remove Commissioner Weinberg. We have never been served with this RFO, but it is on the Court docket for 10/30/23. And I responded to it. I have included the declaration as ex.6 He has  already been denied this request once before in the Family Court as well as denied a Writ of Mandate . I've attached my response to his RFO to withdraw our Private Judge to show his history of trying to stop me from seeking financial relief. This is the third time I have sought financial relief and third time Gomez in turn filed  to remove Commissioner Weinberg in response.

After I filed the current RFO for relief in the Family Court, Gomez filed two of his own RFOs  a few weeks later and requested them  to be heard by Commissioner Weinberg the same day as mine. Gomez was able to advance the fees for his hearing, the $4500 1/2 day fees,  within a couple days.

I have included my opposition to his modification dated 9/25/23

**Ex. 9 Email exchanges from 10/20/2022 - 9/13-2023 Between Respondent, my counsel and Commissioner Weinberg setting up hearing date and advancing fees.**

**Ex. 11 9/25/2023 Responsive Declaration to Request for Order hearing set for 1pm 10/6/23 at Veritext**

3

The morning of my hearing on October 6th, 2023 at 9 am at Veritext, in Costa Mesa, CA, Gomez handed my counsel a paper that he had filed for Chapter 13 the day before and said we can't go forward with our hearing. He told the Court that we could only proceed with his RFOs. One was a Bifurcation to single status and the other was to modify the domestic support orders. All to benefit Gomez and to stop my relief.

The Bifurcation proceeded, but we needed time to go forward with the other RFOs because we were all blindsided by his surprise Ch. 13 action and feared I would be sanctioned if I proceeded. The new court date to hear my case was set for 10/26/23 and a fee of $3500 was due. Gomez readily paid the $3500 so his RFO would go forward. Gomez advanced 8K in just a matter of a few weeks though he claims insolvent and unable to pay the support orders. I am unable to advance any more fees, however my RFO would also be heard.
Gomez knew that the court date was after his paperwork was due for his Chapter 13 filing. I suspected that the date it was due would come and go and the case would be dismissed as I believe he only filed to stop my hearing.

On the Pacer Website, Gomez's Chapter 13 paperwork was filed with little to no documents in support. His list of creditors **did not include the nearly $450,000 of creditors he's been claiming on his FL 150s** including the one that he signed under penalty of perjury on his 9/20/23 FL 150 . There is a **significant degree of omitting creditors which should signal bad faith and potential fraud.** He also listed creditors on his  Chapter 13 filing that were **never included on any of his FL 150s signaling again bad faith and /or fraud.** Gomez also has not filed his 2022 taxes per his FL 150. On the Pacer filing it states there is a long list of deficits that needed to be resolved in the form of multiple documents that were due on 10/19/23. If the case was dismissed before the Court became aware of his attempt to file a fraudulent Ch. 13 he would not get caught by his intentional omissions. I was hoping that if he did file the documents they would aid me in our discovery as Gomez has made discovery very difficult in our dissolution case as he has filed countless motions to quash, caught  multiple times perjuring himself repeatedly on his financial declarations and in testimony, filing declarations knowing they were false and even snuck into a building where my forensic accountants  were examining his production of records and he removed tags as well as documents they found to aid in discovery. I was hoping that perhaps there would be more transparency with the Bankruptcy court if he did proceed with the filing.

I spoke with the Trustee office on 10/19/2023 to see if he completed and turned in all the documents that were due that day and was told he asked for a two week extension which was still pending approval of the Court. The deadline was requested to extend to 11/2/23 giving Gomez a continued stay in regard to my RFO which was continued to 10/26/23 as he would still have his automatic stay against me moving forward with my case. I believe he will  not submit his paperwork and let the Court dismiss his case and avoid  the legal actions I was seeking in the form of relief at the 10/6/23 and 10/26.23 hearings.

4

It is also provocative that Gomez filed another request for order in San Bernardino
Court on 10/11/23 and bragged in his declaration stating **"I have millions of dollars
in assets. "**
**Case # CIVSB2325083**

I have been desperately searching case law in respects to my situation and found
several cases in similarity to spouses filing in revenge or to delay a dissolution
including:

*"Declaring bankruptcy in the midst of a divorce has serious implications upon the
equalization process. The court has the ability to annul a bankruptcy in extreme
circumstances. The court has wide discretion under the Bankruptcy and Insolvency
Act[2] when considering an annulment application. It will use this discretion when there
is evidence of fraud or abuse of process. " Warner v Warner[1]*
**https://www.dalestreimanlaw.com/declaring-bankruptcy-avoid-equalization-
abuse-process-annulling-bankruptcy/**

### Gomez History of Deception and Fraud
Gomez has claimed to be near bankruptcy since 2017. He claimed that he was unable
to pay the domestic support obligations and ceased paying the majority of them even
after his request for modification was denied as outlined above. This was all while he
was hiding millions of dollars in assets in shell companies and hidden accounts.

It is important that the court be made aware that Gomez has a history of being
deceptive and lying in Court. In the Judgement on Custody in our dissolution case
dated 2/14/19 ( Ex. 6) The Hon. Commissioner David S. Weinberg states'
"in evaluating the Respondent ( Gomez) as a witness, finds much of the information
offered by him was unreliable, incomplete, overly guarded and ultimately of a much
less persuasive influence and of limited credibility. "
" The Respondent has been found to be an unreliable reporter of events.."
**Ex. 7 Judgement on Custody filed 2/14/19**

In 2018, Gomez was sued by the FTC for his post separation businesses that he set
up and hid from the Family Law Court as well as me. He had shell companies, a bank
account with over 2 million dollars in it as well as made several million dollars all while
claiming in the family court to no only have limited income, but also presented
declarations from his business partner lying that Gomez was not an owner nor officer
of their business when in fact he owned 1/3 of the business and was listed as a VP. If it
wasn't for the FTC raiding the business this chapter of Gomez's deceptive life would
still be hidden from me and the Family Law Court.
**Ex. 8 Declaration of Adam Bowser 10/27/17**

5

He was caught lying and deceiving the Receiver Robb Evans which was detailed in the Receivers Report. He even attempted to claim the same lies he used in our FL case and it was referenced in the receivers report. The Federal Trade Commission and in the receivers report he was caught lying and perjured himself hand over fist. The Case # 2:18-cv-000442-JCM-PAL.

The reports is quite large so I have attached a link to the report
*https://www.robbevans.com/assets/case-files/awsllcreport01.pdf*
Gomez was sued and settled the case to avoid going to trial and facing jail time. He was found to be a " deceptive marketing schemer. "
**Ex. 12 a 10/11/18 Press Release FTC Marketer of Get Rich with Amazon Scheme Settles with FTC. 12b 8/11/2020 FBA Stores Refunds**

Gomez was sued for 64 million dollars for his deceptive scheming and marketing. This FTC action also held up our dissolution case as all our assets were frozen during this time until his settlement was satisfied. It was settled by Gomez forcing me with threats to agree to sell community property to pay his debt. Gomez understands that the marital balance sheet reflects these early payouts and he will receive very little of our community estate when we finalize our divorce and separate assets and I believe is one of the reasons he is attempting to lock himself into a 60 month Chapter 13 to stop the division of community property for another 5 years.

The money Gomez will be claiming as income for his re-payment plan if approved by the Court is not all his. All of the rental properties were purchased after our Date of Marriage and he has already cashed out on much of it. Leaving very little that is actually Gomez's property.

We also have a pending Feldman Motion filed in 2018 that is still awaiting for judgment for Gomez's severe breaches of his fiduciary duties and fraud.

I do not believe that Gomez has any intention of providing the documents and will let the case be dismissed by his inaction. He filed the day before I was finally going to be able to get relief and finish my divorce including dividing our assets which includes **8 properties for which I had to place Lis Pendens on in 2018 when I discovered Gomez had already sold one and was trying to sell additional community properties behind my back.** Kathy Court is the only home in appropriate title. Gomez behind my back put our houses in trusts in his name only, companies that don't exist as well as in variation of his name and as a Single Man. Again, these homes were purchased after DOM and community property. Lis Pendens were my only protection from Gomez.

I will be filing for Proof of Claims as well as Objections if he truly moves forward with the Chapter 13, which I believe he will not go forward with once our court date of 10/26/23 passes with my inability to present my case to the Court due to his intentional action just to cause the Automatic Stay.

6

I am requested the Court allow me to proceed with my non-Bankruptcy related case that has been pending since January 2017 in the Family Law Court and allow me to seek the use legal actions approved by the Court to collect all of the non-dischargeable debt in the form of arrearages of domestic support obligations that he owes me.

Gomez stopped paying without a modification of the order or permission for much of the domestic support order. He has had no accountability for his actions.

I think it is important that they Court be aware that Gomez currently as shared above has no contact with our children pursuant to **Family Code Law Section 3011**. Gomez also has been found to be a perpetrator of domestic violence against me pursuant to a finding of **Family Code Law 3044**. It was noted on the Judgment on Custody that Gomez has always been controlling with money as well and physically abusive to me. Though the children and I have some protection from Gomez physically, he has continued to abuse me financially. In fact, Gomez had filed and continues to file so many actions in an attempt to re-litigate custody matters that we are seeking to have him labeled as a **vexatious litigant** and hindering him from his continued abuse by litigation.

Gomez is a very disturbed man that has been diagnosed with addictions including substance abuse, sex addiction, anger management and multiple mental illnesses.

Based on Gomez's FL 150s it is not very likely will not even qualify for Chapter 13, Chapter 7 nor any other bankruptcy protection. This is just another game to Gomez.

**Additional Facts in Support of the Motion of Relief of the Automatic Stay**
Completing the dissolution case and the property settlement would help simplify Gomez Chapter 13 case if he proceeds with it. He claimed that the support orders were pushing him to the "verge of bankruptcy" despite his not even paying the majority of them. With the dissolution out of the way he may not need bankruptcy relief and I suspect if granted this Motion of Relief from the Automatic Stay his Chapter 13 case will be *dismissed* by Gomez himself.

There is close relation with finishing the dissolution case and this Chapter 13 case and dividing the assets will be very complicated and better served in the Family Law Courts. Gomez's income will be challenged as he is not the sole and separate owner of our community properties and more likely will only have 2 or 3 homes once the assets are divided.

7

In looking into Gomez's Chapter 13 revenge filing's automatic stay as it relates to the 'balance of hurt, " it is designed to further breach Gomez's fiduciary duties and another trick and tool to financially abuse me. Dividing the marital property should be done before his Chapter 13 re-payment plan can be determined and belongs in the forum of our family law court.

My request will give me the finances to advance Commissioner Weinberg's fees and finish our divorce case and finally be free of Gomez and his abuse and control.

Gomez filed his Chapter 13 in bad faith. He is forum shopping and delaying the inevitable accountability for breaking the law repeatedly. He is not a person who had good intentions, but dousing himself in financial difficulty and truly needed help- he is a schemer and manipulator using a loophole to financially abuse me further and delay our dissolution.
case e.g., White , 851, F. 2d at 174
**" We affirm the decision to life the stay under the circumstances here because we are concerned the Bankruptcy Code could otherwise be abused as a weapon in a marital dispute."** The Family Court is the proper tribunal to hear and proceed with our case.

*"As discussed infra, bankruptcy judges usually will grant relief from the stay as they have little desire to handle a domestic relations case. In re White, 851 F.2d at 172-173 (bankruptcy court wise to defer to the divorce court's expertise on the question of characterization of property)."*

*"Recognizing that some actions are better suited to resolution outside the bankruptcy forum, Congress specifically granted the bankruptcy court the power to modify the automatic stay in order to allow litigation to go forward in another forum. Id. In particular, 11 U.S.C. § 362(d) provides: On request of a party in interest and after notice and hearing, the court s hall grant relief from the stay provided under[§362(a)], such as by terminating, annulling, modifying or conditioning the stay (1) for cause . . . .
11 U.S.C. § 362(d)(1) (emphasis added)."*

*"To determine whether "cause" exists to allow litigation to go forward in a non bankruptcy forum, the court must evaluate the following factors, any one of which can form the proper foundation for lifting the automatic stay for cause:
1. The modification of the automatic stay allowing litigation to conclude in a different forum will promote judicial economy:
2. The issues in the pending litigation will involve issues of state law so that the expertise of the bankruptcy court is unnecessary;
3. The estate can properly be protected; or
4. The hardships incurred by the Movant for relief from the stay are outweigh prejudice to the debtor.
See e.g. In Re Claughton, 140 B.R. at 867-868; In re McDonald, 755 F.2d 715, 717 (9th Cir. 1985) (judicial economy and state law issues); In re Peterson, 116B.R. 247 (D.Colo. 1990) (hardship).
Bankruptcy and Family Law Ch. 53 Advanced Family Law Course Diana S. Friedman of MCCURLEY, KINSER, MCCURLEY & NELSON, L.L.P. and Joseph A. Friedman of*

8

KANE, RUSSELL, COLEMAN & LOGAN, P.C.

"In re Mac Donald, 755 F.2d 715, 717 (9th Cir. 1985)  "It is appropriate for
bankruptcy courts to avoid incursions into family law matters 'out of consideration of
court economy, judicial restraint, and deference to our state court brethren and their
established expertise in such matters.' In re Graham, 14 Bankr. 246, 248 (Bankr. W.D.
Ky. 1981). See also In re Howard, 27 Bankr. 894, 895-96 (Bankr. W.D. Ky. 1983)
[bankruptcy court granted relief from the automatic stay to debtor's ex-wife, who had
alleged that the property settlement was fraudulently induced]; cf. Schulze v. Schulze,
15 Bankr. 106, 109 (Bankr. S.D. Ohio 1981) (granting debtor's wife relief from the
automatic stay in order to complete state proceedings for divorce, child custody, and
property division)."
**CLE PRESENTATION: INTERSECTION OF FAMILY LAW AND BANKRUPTCY LAW**

*"Determination of whether cause exists for stay relief is made on a case-by-case
basis, because the Bankruptcy Code does not define "cause." Christensen v.
Tucson Estates,*
*Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166 (9th Cir. 1990)."*

He filed his revenge filing the day before I was finally having my day in Court and he
was going to finally in some capacity be held accountable for his gross breaches of his
fiduciary duties. I am requesting the Court allow for me to proceed with my dissolution
case including my RFO to collect the non-dischargeable DSOs.

I declare under penalty of perjury in the state of California, signed this date in the city
of Laguna Niguel, CA.

Date __10|20|2023__ .        signed__Kristina Smith__

9

KRISTINA SMITH
27591 Kathy Court
Laguna Niguel, CA 92677
949-439-0553
FinleyandTatumsmom@gmail.com
In Pro Per



UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

8 23 - 120    TA

In Re.                                ) Case No.: 8:12-BK-12046-TA
                                      )
JEFFREY ADAMS GOMEZ                   ) RESPONSE TO OPPOSITION TO MOTION
                                      ) FOR RELIEF FROM AUTOMATIC STAY
                                      )
                                      ) DATE NOVEMBER 14, 2023
                                      ) TIME 10:00AM
                                      ) CTRM- 5B ZOOM
                                      )
                                      )

  The "Breathing Spell" theory does not apply to this request for relief. My
request for Relief from the Automatic Stay is in regard to our *dissolution* case
moving forward not a debtor seeking a " breathing spell" from an institution that
filed for bankruptcy. In addition, to make inference that I am a "hungry creditor" is
not proper. I am Gomez's estranged spouse and mother of his two children. Gomez
has not paid several of his financial domestic support orders and obligations as
ordered in nearly 5 years.  Several of the DSOs he hasn't paid in over 6 and a half
years. Gomez does not need any additional "breathing time." His Chapter 13 is
only allowing him to continue to breach his fiduciary duties, violate court orders
and break the law. Gomez has not even paid all of the DSOs  after he filed his
Chapter 13 Bankruptcy which should immediately dismiss his case.

"Bankruptcy courts generally will grant relief from the automatic stay to allow a
creditor to collect or enforce spousal or child support that becomes due and payable
after the debtor has filed for bankruptcy." See In re Raboin, 135 B.R. 682 (Bankr.
D.Kan. 1991).

Gomez has not even complied with the Chapter 13 filing in respects to paying all his Domestic Support Obligations. I may not be an attorney and trying my best to represent myself and my children's financial future, but it is clearly stated on every Chapter 13 plan that the DSOs are priority and must be paid. Congress recognized "bad faith filings" made by *high conflict and angry spouses* during or after divorces and made order for "Preferential Treatment for Domestic Support Claims." It includes that bankruptcy *shouldn't* interfere with the collection of ongoing obligations for spousal and child support and should pay back all of the arrearages of the DSOs through the life of the Chapter 13 plan. All claims for domestic support obligations should receive equal and favored treatment in the bankruptcy process. As of today's date of 11/12/23, DCSS has **not** received any money from Gomez to pay the DCSS DSO for child support.

2. And 3. Gomez admitted his filing was filed as an *emergency the day before* my hearing to stop my hearing that involved selling one of our properties other than Kathy Court ( where the children and I reside full-time and protected as a DSO) and to complete the divorce by paying counsel and our judge the necessary financing to finish through the sale and to pay the several years of arrears owed to me that Gomez refused to pay. Gomez has already sold 6 of our properties for his perusal, debts and to bail him out of his federal issues with the Federal Trade Commissions for post separation bad deeds, criminal activity and illegal business deals. Gomez Chapter 13 plan states his intent to sell a property to pay more of his debts. This is someone who has spent the last 7 years vacationing to exotic locations, indulging in excessive dining, drinking and drugs, buying lavish gifts and jewelry for himself and his multiple female companions, living in multiple residences, driving multiple vehicles, getting non-essential medical treatments such as botox, colonics and massages and sunning himself at the Balboa Bay Club while not paying his DSOs. He is not a honest person who has found himself on hard times. If times were so tough, why is to just this year alone he could afford to live in two nice residences and drive two expensive vehicles, multiple cell phones and travel?

This filing is about me and a way for Gomez to further financially abuse me which has been documented in our Judgment On Custody on 2/14/2019 along with his violence against me. The meeting of the creditors was quite apparent how his anger and vengeance for me was on display .
During the 341 Creditors Meeting on 11/7/2023, The trustee attorney, Jay Chien , pointed out several issue with Gomez's filings including, but not limited to that he claimed the children live with him which they do not and at this time does not even

have visitation with the children, that he omitted income and Mr. Chien even stated, *"With the number of rental properties you have, your cash flow does not make sense."* Further I plan on providing proof that Gomez lied throughout his filings with evidentiary proof in my objection if this case is not dismissed *before* the proof of claims and objections are due. A chapter 13 debtor generally must pay in full all pre-petition and post-petition domestic support obligations which he is not. Mr. Chien also stated to Mr. Gomez when Mr. Gomez went rogue during his 341 creditor's meeting and exclaimed " They're hiring recruiters in Orange County. You might want to look into getting a job Kristina." To which Mr Chien replied to Gomez *"your case gets a pass on a lot of technical issues because it's a 100 plan, but if I think a party is not going to cooperate we will be asking for case dismissal."* Mr. Chien had to request civility in Mr. Gomez repeatedly.

Gomez does not include the several years of arrears he owes in his repayment plan. In Mr. Gomez's Declaration of Payments of DSO signed and filed on 11/3/2023, a day after his extension of 11/2/23 expired, Gomez states he's not paid the majority of the DSOs with an excuse of "in dispute." These are not in dispute as they are active court orders. He indicated that some are in the process of being modified which again is not a true statement as he has requested a modification, but has not been heard and Mr. Chien said it may not be heard unless my motion is granted. This is a second attempt to modify that he has already been denied modification in 2021 due to 631.8 Motion finding that a change of circumstance had not been proven to warrant modification of child and spousal support. Mr. Chien has already stated that the FL case has been frozen and in a standstill and Mr. Gomez was not cooperating with the Chapter 13 plan by not paying support as ordered. Mr. Brian Heston who appeared on behalf of Gomez at his 341 meeting stated that they wish to be able to continue with the FL case and cited to the trustee that we have a hearing on the 14th which would allow Gomez to move forward with financial issues in our FL case. I don't even understand why it is being objected to when Mr. Brian Heston was pro my motion for relief and request the court read or listen to the transcript of the 341 Creditors meeting.

Mr. Richard Heston cities Jacobson, 231 BR 763, 767 but that *does not apply* because:
a. Gomez does not represent the support arrears in his repayment plan and by his omission has no intent to pay them.
b. Gomez is not complying with being current on the DSO after the Chapter 13 filing,

c.  Gomez has already shown his bad faith and caught with several omissions on his filing.

.Jacobson would only apply if Gomez actually was paying all the support orders and arrears in his plan, but he does not. Congress 1994 made a 7th priority . 11 U.S.C 507 (a) (7) that the plan MUST provide for the full payment for support and maintenance arrearage obligations. 11 U.S.C 1328. It is undeniable that Congress assured that the law was changed so maintenance and support obligations  and arrearages must be treated with priority and paid in full int he Chapter 13 plan.

Gomez's  bankruptcy should be stayed or dismissed until the non-bankruptcy forum can accomplish the division or at least characterization of assets and ruling on my Feldman Motion.  Gomez can convert to a chapter 7 or other bankruptcy that deems fit once his assets are actually determined. For Gomez to categorize our properties in his Ch. 13 filings when they have not been categorized in  the FL case and Gomez has already claimed several properties as community in his PDD an d Fl 150s is contemptible and likely criminal actions. It also appears based on forensic research that he had obtained mortgages claiming to be single as well as lied that he was single or put our houses in trusts without my knowledge on our deeds are repeated and gross criminal acts of fraudulent conveyance.  Additionally, Gomez was  repeatedly not forthcoming on his income and audit is not just necessary it should be mandatory in this case.

Gomez 100% Chapter 13 Plan includes money allocated to friends and attorneys that is not actual debt. He has not included all of his interests, his other companies, vehicles, jewelry, etc. He has been so deceptive in his filings that it should rise to Bankruptcy Fraud.

I have previously stated some judgments by the Court  about Gomez's credibility made by Commissioner David S.Weinberg in his orders in my declaration for Request for Motion of Relief that I  ask the Court to take judicial notice of. I also add that in Commissioner Weinberg's Ruling on my request for attorney fees the following in regards Gomez :
**" This report ( report from Gomez's forensic accountant ) was prepared almost exclusively based upon the information provided by the Respondent ( Gomez) without audit. The Court gives little weight to the conclusions found in the report as being based upon reliable information."**
It's also worth noting Gomez disrespect towards Commissioner Weinberg following that and our Judgment On Custody  that included an email at 2:17 am

accusing him and my counsel of collusion as well as failed attempts to have
Commissioner Weinberg removed 3 times. Gomez has stated in an email that I was
provided by my counsel on 3/17/2020 that he will " never step foot back inside that
private courtroom."

**Ex. 1 FOAH 3/11/2019 Commissioner David S. Weinberg**

Mr. Heston cities Yee when the Court in that case granted the relief from the
automatic stay.  To further, shouldn't the Family Law court determine what Gomez
actually owns so the bankruptcy court can move forward without issue. Gomez has
already sold 6 of our properties in the last 6 and a half years. They have ALL
benefitted Gomez and his debts, At what point do I get my day in Court, get my
assets and get my freedom from Gomez.

Gomez has characterized every single property on his Schedule A/B as Sole and
Separate Property with 100% of the ownership of our 9 properties belonging to
Gomez. 8 of the 9 properties were purchase after the date of marriage. Gomez has
already forced the sale of 6 properties to pay his debts including his 2.55 settlement
to the Federal Trade Commission for his illegal marketing and business practices in
post separation businesses that he hid from the Family Law Court and myself. Now
his plan is to sell more of our community properties to pay for more of his bad
behavior and wrongdoings. Gomez is not a victim.

Additionally, Gomez also has claimed his residence at Augusta as exempt along
with two cars that he uses exclusively. Gomez also claimed on his Schedule J that
our twin 12 year old daughters live with him and I live at Kathy Court. The
children live 100% with me at Kathy Court in Orange County and Gomez has not
even seen our daughters since July 5th, 2023. This is a clear reason alone why I
should be granted the relief in order to protect what belongs to the children and I
including our home which I can imagine Gomez will intend that our home out of
the 9 properties is the home he wants to sell to pay his debts. Kathy Court is our
only home in Orange County which is where the children go to school, participate
in sports and activities and have friends and family. The other 8 are in San
Bernardino County where Gomez resides. Gomez should sell Augusta, the only
home purchased prior to marriage as well as H street which Gomez illegally
obtained a mortgage for claiming to be single. I have NOT signed any interspousal
deeds for our rental properties and I am on the Kathy Court deed.

4. Not that it is even relevant to my request for relief, but the  Premarital
Agreement is not valid under  The Golden State's Uniform Premarital Agreement

Act ( UPAA) as well as other reasons I do not wish to explore in this Court as it is a Family Court Issue as well. If Gomez feels his unsigned postnuptial agreement is solid he should want to move forward in the FL Courts, but Gomez knows it is not and that is why he is halting the division and characterization of our assets.

5. Again., Mr. Gomez intends to sell properties that do not fully belong to him, despite his attempting to characterize them. His plan not only sells property which does not belong to him, he also does not intend to pay the arrears he owes me through the plan. He in effect is committing fraudulent conveyance and grand theft. The properties are not Gomez's to sell so the entire plan has been made upon lies and omissions

6. The custody trial was long , because  Gomez who would not accept the 730 evaluator's recommendations and created a circus trial with multiple witnessed in attempt to fight the report and in the end failed. He is the one who has litigated the same issues of custody time and time again that a request to label Gomez as a Vexatious Litigant is before the court and to be heard on 2/15/2024.

Gomez *is* able to pay his counsel contrary to what Mr. Heston states.  Gomez  has had over 13 law firms retained and working for him on our dissolution case alone. He claims he is working with attorneys on a frequent and regular basis including three firms  in this last year. He refers to  them in to my FL counsel and myself. The costs are high because Gomez keeps bringing on new attorneys after his previous attorneys request to be substituted out  due to Gomez and the new attorneys need to get caught up with the case which has spanned over 7 years of litigation primarily by Gomez. It has become increasingly difficult for Gomez to obtain counsel, because he has a bad reputation amongst attorneys.  Additionally, his arrogance is also why he chooses not to have counsel. He claims being his  own attorney "is not hard." He  has stated that he "beats attorneys" "they are upset" by Gomez and his legal domination. He also has been advising individuals and giving legal advice. I am unsure how much he is being paid for these services, but I did find a website that states Gomez runs a legal services company out of Upland.
**Ex. 2 Facebook Post February 5, 2022 Jeff Adams**
**Ex.  3 Datanyze Jeff Adams Law Firms and Legal Services**

## The Motion should be Granted

The RFO that is pending this lift of the automatic stay is a direct pathway to complete the divorce and the pending issues once and for all. Gomez does not want the assets divided, because he knows he has very little on the marital balance sheet and that is his reason he filed Chapter 13 was to stop the RFO and division of assets.

Gomez intends to sell properties that do not fully belong to him, despite his attempting to characterize them. His plan not only sells property which does not belong to him, he also does not intend to pay the arrears he owes me through the plan. He in effect is committing fraudulent conveyance and grand theft. The properties are not Gomez's to sell so the entire plan has been made upon lies and omissions

Gomez's own counsel told the trustee attorney that they wish to go forward with issues in the FL case and that this motion being granted will allow them to move forward so I believe Gomez must no longer wish to oppose my request for relief. I ask the Court to read the transcripts of the

Gomez is abusing the Chapter 13 protection to evade his responsibilities towards his children and spouse as well as posturing to literally sell the home out from under us all while he continues to live a life of luxury and deception with no consequences.

I declare under penalty of perjury dated this 12th day of November, 2023 in Laguna Niguel, CA

*Kristina Smith*



1 │ Kristina L. Smith
2 │ 27591 Kathy Ct.
   │ Laguna Niguel, CA 92677
3 │ 949) 439-0553
   │ finleyandtatumsmom@gmail.com
4 │ Self-Represented

5 │ **United States Bankruptcy Court**

6 │ **Central District of California- Santa Ana Division**

7

8 │ **Re.**                          **Chapter 13**

9 │ **Jeffrey Adams Gomez**          **Case# 8:23-bk-12046-TA**

10 │                                 **CHAPTER 13 OBJECTION TO PLAN**

11 │                                 **CONFIRMATION AND REQUEST FOR**

12 │                                 **DISMISSAL WITH PREJUDICE**

13

14

15 │                                 **Date: 12/20/2023**

16 │                                 **Time: 1:30pm**

17 │                                 **Courtroom: 5B**

18 │                                 **Location : 411 W. 4th Santa Ana, CA 92701**

19 │ Creditor, Kristina Smith objects to the confirmation of the Chapter 13 Plan of Jeffrey

20 │ Adams Gomez " Gomez." Gomez has not only been deceptive in the content he has

21 │ filed for his Chapter 13 plan, he has also repeatedly perjured himself in doing so.  He

22 │ has underreported his debt, underreported his income and has made blatant lies in his

23 │ filings for Chapter 13 and I am requesting the court dismiss his Chapter 13 with

24 │ prejudice that prevents him from filing again within a minimum of 24 months. His

25 │ Chapter 13 filing was used as an shield from his obligations in our Family Law case's

26 │ domestic support obligations and fiduciary duties when he filed ex parte Chapter 13 the

27 │ day before a hearing to enforce same. The Court has the power to dismiss this

28 │ "voluntary" filing under 11 U.S.C.A. 1112 "not filed in good faith." .

1

Objection to Chapter 13 Plan Confirmation Jeffrey Adams Gomez  cause # 8:23-bk-12046-TA

(3)

Gomez does not need to file for bankruptcy as he has the assets to pay his bills and debts but chooses not to. I request the Court to either revisit and grant the motion to lift the automatic stay as suggested by this Court if Gomez continues to fail to comply which he has failed to comply or rule that  once the division of assets is completed in the FL case and the divorce is finalized, Gomez shall be allowed to refile his chapter 13 or convert to Chapter 7.

**Gomez has committed fraud and perjury based on his filings as outlined below with evidentiary proof of Gomez's criminal level of deceit and bad faith.**

Gomez's Chapter 13 Schedules and Documents were signed under penalty of perjury Gomez stated at least 3 times during his 431 creditors meeting that he read all of his prepared documents for his Chapter 13 filings and that he signed them under penalty of perjury. He replied affirming that the information he provided in his filings was read and was true and correct. ( see audio transcript of 431) He also acknowledged some omissions and was told to correct them which he has not.

### Gomez' Schedules I- 106I

Gomez is employed not un-employed. He stated he makes $0 per month which is untrue as he not only receives his retirement, he also collects of rental income, receives book royalties and has several other active companies and streams of income he has not reported.

He lists no payroll deductions which his untrue as he list several on his Profit and Loss statements which are included in his FL 150 and provided to this Court **( exhibits 9, 19 an 29)**

He Lists 8a that he only makes $3585.46 from rental income which is untrue and was given doubt of it's reliability of  Gomez's  self reporting of these figures during his 431 by the trustee when the trustee remarked that due to the volume of rental properties, Gomez 's cash flow "doesn't make sense." Gomez P&L states he has collected over $127,000 in rental income just this year to October 1 ( 9 months of rental income is roughly 14K per month .)

### Gomez's Unreported Businesses

Gomez fails to report that he owns a software company and any income related to that business that he operates. He testified to owning this active  business on 6/9/2022. He has failed to report this business in his FL case as well.

**Ex. 1. 6/9/22 Hearing Transcript ( partial ) page 82**
**" I own a software company too"**

Gomez fails to report that he has a home repair business and any income related to to that business that he operates. He reported that he owns this business on his application for a car loan on 2/14/2023. Gomez as recent as this month messaged me that he has home repair  contractors he works with.
**Ex. 2. Bridgecrest 2/14/23 loan documents ( partial )**

Gomez fails to report he is a real estate investor and any income related to these investments. Gomez is not reporting all the rental income either as indicated throughout this objection. He did post on his professional Facebook page on 11/10/23 about how you never make working a  J. O .B. what you make as a real estate investor. He has made millions teaching people how to buy and sell real estate and is still teaching. He told Judge Claudia Silbar on 8/31/22 " *I also tell people how to buy and sell real estate*" He stated also that he is  trying to get back in the game of buying and selling real estate and stated " *the market is so crazy right now*." Gomez was also advised by the Court and his psychiatrist that he should be working though he underreports he is.
**Ex.  3. 11/10/23 Facebook Post**
**Ex. 4.  8/31/22 Certified  HearingTranscript pages 48-49**
Gomez fails to report that he is a motivational speaker and any income related to that business.  On 7/1/21 he testified that he is a motivational speaker currently.
**Ex. 5. Gomez Name Change Declaration 6/22/21**
Gomez fails to report that he runs a seminar business and any income related to.
**Ex. 5. Gomez Name Change Declaration 6/22/21**

### Form 1002-1 EMP.INCOME.DEC
Gomez failed to report that he receives retirement from Lacera which is in opposition to his signed 1002-1."I was not paid by an employer because I was either self-employed or not employed" Dated 10/30/2023.

Gomez fails to report that he is a published author of at least one book.
**Ex. 5. Gomez Name Change Declaration 6/22/21**

Gomez fails to report that he receives book royalties for his publication (s.)
Gomez failed to correct his schedules when he was asked by the Trustee if he received book royalties and responded in the affirmative during his 431. During his testimony on 7/1/21 Gomez stated  " I'm a published book author" " I have a book that's going to be coming out next year." He has royalties listed on P&Ls as provided.
**Please refer to  Audio Transcript 431 Meeting 11/7/2023**
**Ex. 5. Gomez Name Change Declaration 6/22/21**

### Gomez Schedule C Issues
He claims the children reside with him which they do not and have not. Gomez has not seen the children since July 5th, 2023. I have always had primary physical custody of the children since our separation in 2016.

Gomez claims Augusta as his primary residence. Gomez lives in at least two residences.  He resides at Park Newport Apartments which is listed as a creditor and 1388 Augusta which he has or is leasing out a room currently at Augusta  which was not reported as income.

3

Gomez does not claim Kathy Court as exempt which is the childrens' residence and he has court order to pay the mortgage per an active DSO dated 9/13/2016.
**Ex. 21 Stipulation and Order 9/13/2016**

## Gomez 122C-1 Issues

Gomez stated his is "Not Married" which is not correct as we are still legally married and have been since August 9, 2003.

## Gomez 106 D Issues

Gomez claims to have paid property taxes on his profit and loss ledgers for the past 5 years which he has used to deplete the net the rental income on his taxes and FL 150s. The fact that the taxes have not been paid means he perjured himself on his filings including his taxes as it appears they have not been paid. In the 3 exhibits of Gomez's FL 150s - Gomez claims property taxes against his net income as he has every year. Gomez has NOT paid the taxes for Kathy Court which came due on 11/1/2023. Which is a violation of our court order and complying with his bankruptcy.
**Ex. 6 Kathy Court Tax assessment 12/2023**

## Gomez Form 107 Issues

**2.** Gomez stated that in the last three years that he has not lived anywhere other than where he lives now. That is untrue, Gomez fails to report that he lives or lived at Park Newport from April 2023 this year at least through July of this year and possible still resides there. Gomez also leased a residence in Laguna Niguel from in December 2021 to unknown date. Gomez has resided in at least 9 different residences in the passed 7 years.
**Ex. 7 Rancho Niguel Lease for $2300 per month 12/21-2/22**
**Ex. 8 Park Newport Lease 4/2023 down payment of $4235 and $3535 per month.**

## 107
### Part 3 Payments Issues :

US Bank indicated in the institution's objection that Gomez underreported the amount of arrears owed. Gomez indicates NO payment plan for monthly base mortgage payment for Kathy Court. Gomez is ordered by DSO to pay the mortgage and other costs for Kathy Court. Kathy Court Mortgage should be paid by priority as it is a DSO *"Father paying all household and community and family expenses including but not limited to ( Kathy Court residence ) mortgage, property taxes, utilities, HOA fees. auto lease ( wife's) all insurances and children's tuition "*
**Ex. 21 Stipulation and Order 9/13/2016 page 6 of 8**

**7.** Gomez states that he has not made payments within a year of filing that includes child support which is untrue, Gomez has child support being garnished from his fire department retirement through DCSS, however Gomez has failed to pay other DSOs.
**Ex.9 Jeffrey Adams Gomez FL 150 dated 11/29/23**
**Ex. 25 Gomez FL 150 dated 9/20/23**
**Ex. 19 Gomez FL 150 Dated 9/12/23**

-4-

**8.** Park Newport Co-Debtor
Gomez fails to report the lease was entered into with Anthony Ramirez. It appears
Gomez paid the down payment. Gomez also fails to report that he secured a loan with
Robert Gallardo by transferring property rights and to interest visa lien on his Mercedes
in 2023.
**Ex. 8 Park Newport Lease 4/2/2023 -4/2/2024 down payment of $4235 and $3535
per month.**
**Ex. 13 Progressive Car Insurance Statement 12/1/2023**

**19.** Gomez reports that he had not transferred any properties into a trust within the last
10 Years before filing, but that was untrue as he transferred our property known as "
Ashbury" into a trust in 2017 after our separation. That home was sold among others to
satisfy Gomez's settlement to the Federal Trade Commission for deceptive marketing
and scheming among other crimes. It had to be taken out of the trust name and put into
both of our names to complete the sale as it was community property.
**Ex. 10 Ashbury Title filed 1/5/2017**

### Part 4 9  Legal Actions Issues
Gomez fails to report he filed and was denied restraining order in San Bernardino on
10/11/23 after this filing. He also stated in his moving papers that he is being targeted
and lured into a altercation so the other party can sue him as Gomez boasts that he is
worth millions in his case declaration **# CIVSB2325083.**

Gomez also fails to report he is in an active lawsuit with Veritext for non-payment. Case
**#30-2022-01256142-cl-cl-cjc.** Gomez failed to list Vertitext as a creditor as well.
**Ex. 27 Active Case Summary Veritext vs. Gomez filed 4/25/22**

### Chapter 13 Plan filed 10/1/23 F 3015-1.01
### Section I
F. Gomez/Debtor has started a loan modification process without the Courts'permission.
**Ex. 11 Email from Jeff Adams 11/29/2023**

I. Debtor has NOT paid all amounts required to be paid under the  Domestic Support
Obligations that first became available after the date of the filing of the bankruptcy
petition. He has refused to pay several as well. He attempted to catch up on some since
I filled my proof of claims. However is still delinquent and not complying with the chapter
13 plan which is required to be confirmed. Several filed as Proofs of Claims.

**K.** Debtor must pay all required ongoing property taxes and insurance premiums for all
real and personal property that secures claims paid under the plan. He has not.
**Ex. 6 Kathy Court Property Tax Bill due 11/1/2023- unpaid**

### Section II- Order of Payment of Claims
A. DSO- Gomez claims DSO is only adds up to  $4837.00,  a number Gomez must
have invented for his Chapter 13 Bankruptcy. Gomez claimed on his FL 150 signed
and dated 11/29/23 that his payments for DSOs equal $13,050.69. ( See Tax and
DSOs )
**Ex. 9 Jeffrey Adams Gomez FL 150 dated 11/29/23**

**C.** Gomez does not report the DCSS DSO in his filing and only lists as a creditor.

**Class 2-** Gomez only agrees to pay Mortgage for the Augusta Residence in this class

**Class 4-** Gomez per US Bank neglected to report the full arrears amount.

Gomez also claims that I am responsible to pay this mortgage when he clearly stated here that he will be making the mortgage payment to Kathy Court- which he has not complied with .

**Ex. 11 Email Gomez 11/29/23**

**Ex. 12 Email from  Gomez 10/25/2023 Chapter 13 Plan strategy emails from his attorney Heston.**

## V. Revesting of Property for 3015-1.01 page 13 V

Gomez claims he has a property appraisal company and working with US Bank.

Gomez stated he is in the process of a Loan Modification for the Kathy Court property

Gomez has offered no documentation from the trustee to approve the action, no request for motion to refinance has been filed nor has any documentation other than emails from only from  Gomez  confirm a true  the existence of a loan modification in any stage with the Kathy Court mortgage and US bank. It was requested he provide documentation and he has refused.

**Ex. 11 Email Gomez 11/29/23 Loan Modification**

## 106Sum

Gomez's Part 3 Income is not accurate as it  should be in excess of 22K a month.

**9a.** Gomez misrepresents the claim for DSOs- only claims an obscure number of $4837.00 which does not represent the DSOs. In his 11/29/23 FL 140 Gomez declared he pays $13,050.69 in DSOs.

**Ex. 9  Jeffrey Adams Gomez FL 150 dated 11/29/23**

**9e.** Gomez  made no claims of obligations arising out of a separation agreement or divorce that he did not report as a priority claim. He has 4 active  DSOs.

Gomez fails to report his PayPal Account.

Gomez fails to report his Venmo account.

Gomez had ( has )  several bank accounts not reported.

## Schedule A/B 106 Properties

**1.1 Augusta -** Gomez fails to claim that the property is subject to community claim due to CA FL 2640.  Augusta is a condominium not a single family residence as Gomez reports.

Gomez also fails to report Michelle Sherwood of R&S Law has an Abstract of Judgment and lien on the property which would be a claim of  interest in the property.

**1.2-1.9** Gomez to report that **all 8 properties are community properties** and were purchased after the date of marriage and community property. 2 boxes he neglects to check informing the court of ownership interest per property. Gomez fails to report liens, Abstracts of Judgement as well as Lis Pendens on the properties which he is aware of.

**3.1 GMC Acacia-** ( Not Arcadia ) Gomez under reports what he owes for the vehicle. Per the proof of claim and objections filed by Bridgecrest. Gomez purchased this vehicle within a period of time that would disqualify the vehicle as exempt. Additionally

6

Gomez committed fraud by claiming the vehicle is for personal use and then paying the base rent out of the rental income bank of America account. He also writes the car off as a business expense and claims the vehicle has already depleted the rental income of over $6700 from January 1st to October 1st This vehicle should be returned to the leasing company as he already has another vehicle he is attempting to claim as exempt which is paid off, the Mercedes.

**Ex. 2. Bridgecrest 2/14/23 loan documents ( partial )**

**3.2 Mercedes Benz**
Claims worth $6378.00 which is not an accurate amount as it is worth more. Does not claim that another has interest in this property. Gomez does not report that a creditor has a lien against it for a personal loan to Gomez to secure $11,300.

**Ex. 13 Progressive Car Insurance Statement 12/1/2023**

**4.** Gomez fails to list HaulMark Trailer as Gomez failed to report he possesses a Haulmark Trailer which he trans.

**Ex. 14 Schedule of Assets and Debts 2/25/23**

Gomez fails to report if he still possesses his race cars.

**8.** Gomez fails to list gold and silver. Gomez fails to report that he owns gold and silver coins which he has valued at $50,000

**Ex. 14 Schedule of Assets and Debts 2/25/23.**

**9.** Gomez fails to list several bicycles including an electric bike, a Harley motorcycle, snowboard and ski equipment, a boat, fishing and surfing gear and exercise equipment.

**12.** Gomez failed to report his Blue ( Cuprian Tourmaline) stone that is in his possession worth approx. 10K per carat. It has a potential worth of $177,000.

**Ex. 15 Text from Gomez to Kerry Kavanaugh June 11, 2014**

**16.** Gomez fails to list that he possesses at least $75,000 in cash.

**Ex. 14 Schedule of Assets and Debts 2/25/23.**

**18.** Gomez fails to list his flex savings account

**19.** Gomez fails to report that Gomez Properties Rentals is a **community** business. Gomez claims he is Sole Proprietor of Gomez Property Rentals which is untrue as all of the rental properties were purchased after date of marriage and are community property pursuant to Family Code 2550. Gomez has already " cashed out" 2.55M for his debt to the FTC from the community assets sold to pay his debt for post separation criminal business activities settlement which makes his interest in the rental property less than 50%.

**20.** Gomez fails to list his flex saving account again.

## Part 5

7

**27.** Gomez again deceives the Court as several properties are held in business names and trusts as well as Gomez has held title as a " single man" to fraud me out of the properties.

## Creditors' List Issues and Inaccuracies

**4.3 Amy Neshanian Claim 9** has a secured lien against Kathy Court.
Gomez fails to report that Neshanian is a **secured** creditor whom has an Abstract of Judgment against "Kathy Court ." The residence the children and I residence full-time and Gomez is obligated by a DSO to pay the montage and all other bills for the residence.

**4.1.1. James Bastian Claim 8**
Gomez fails to report that James Bastian was paid an additional 20K through the sale of a community property " East Home."
**Ex. 16 East Home Closing Escrow 7/31/2019 20K t James Bastian**

**4.2.7 Verizon  Claim 34**
Gomez claims to owe $2512. Gomez has at least 4 phones. 2 the children do not use and 2 he uses for himself. Claim 34 filed by Verizon shows that he actually owes them $5384.86 which is over twice as much as Gomez reports.

**4.1.2 Jose Sambolin Claim 11**
 Loan that Gomez reports dates  from 2018-2020 in the amount 75K. The 75K Alleged loan from Sambolin was  actually only for 35K at most. Gomez confirms that loan and any payment to loan was over 4 years again ( 2019) when Sambolin testified the 2 loans  to Gomez equaled only 35K. Sambolin and Gomez are and have been business partners  and literal partners in crime. Gomez overinflated his personal loan from Jose Sambolin. The loan was at most for $35,000. In 2020, Gomez testified the loan was for $50,000.
**Ex. 17 Gomez OJD 6/2/2020 pages 59-63**
Sambolin  testified on 4/2019 to the loan only being $35,000. He also stated that Gomez could pay him back when he was "comfortable" enough to do so. There is not documentation of loan.
**Ex. 18 Jose Sambolin Deposition 5/16/2019  partial pages 43 and 47**
Sambolin as well filed a false Proof of Claim as the loan is at most 35K if it truly exists per both Gomez and Sambolin testimony. Sambolin has a documented and reported history of assisting Gomez with hiding assets in the federal trade commission investigation of Gomez
**Ex. 26 Robb Evans Receiver Report Partial Federal Trade Commission case against Gomez 2018. 2:18-cv-00442-JCM-PAL Jose Sambolin page 26 of 44**
Gomez and Sambolin also deceptively liquidated a real property asset. He knowingly assisted Gomez  in selling our property at 3226 Garden in 2017 which was the only home Sambolin ever sold with is real estate license.
**Ex. 18 Jose Sambolin Deposition 5/16/2019  partial pages 43 and 47**
This "loan" and Sambolin should not have been listed as a creditor and should not be included in any payment plan. Gomez does not even list Sambolin as a loan on his FL 150 9/12/2023 and several other FL 150s. On Gomez 9/20/23 FL 150 he claims that he borrowed 50K from Sambolin 4-5 years prior. On his 11/29/23 FL 150 he claims he borrowed 75K from Sambolin 4 years prior.  This loan should be removed from the plan.

8

**Ex. 19 Gomez FL 150 Dated 9/12/23**
**Ex. 25 Gomez FL 150 dated 9/20/23**
**Ex. 9 Jeffrey Adams Gomez FL 150 dated 11/29/23**

**4.1.4 Sherwood Claim 6** - again there is a secured by lien against Augusta
Gomez fails to report that Sherwood is a secured creditor whom has an Abstract of
Judgment against "Augusta." The residence Gomez is attempting to make exempt.

**4.1.6 Park Newport Apartments**
Debtor states that he owes  Back rent of  $5061. Again. Gomez fails to mention he has
a co-signer and co-lessee on the property making  a  2nd debtor on that debt. Anthony
Patrick Ramirez owes 1/2 the debt.
**Ex. 8 Park Newport Lease 4/2023 down payment of $4235 and $3535 per month.**

**4.1.8 Gallardo Unsecured 11.3 2021-23**
Gomez appears to have **secured** a loan with Robert Gallardo. He also received the
loan  *less than 30 days prior to filing his Chapter 13* BK per Gomez's FL 150 dated
9/12/23 and 11/30/23 and it was secured by a lien against the 2007 Mercedes. The
Mercedes is worth over 10K. Gallardo first appeared on Gomez's FL 150 on 9/20/23- he
was not reported on any FL 150 prior including the one filed 9/12/23. There may be a
violation of his bankruptcy compliance related to taking on additional loans after filing.
**Ex.  13 Progressive Car Insurance Statement 12/1/2023**
**Ex. 19 Gomez FL 150 Dated 9/12/23**
**Ex. 25 Gomez FL 150 dated 9/20/23**
**Ex. 9  Jeffrey Adams Gomez FL 150 dated 11/29/23**

**4.2.0 HOA** - Gomez did not pay and had balance on this date  per a letter from
Seabreeze Management ,the homeowners association. Gomez has not timely paid this
expense before our after his filing. This is also a DSO.
**Ex. 20 HOA Kathy Court**

**4.1 Tracy Willis - Minor's Counsel for the Children**
Ms. Willis is a priority debt due to the nature of engagement. It would be given the
priority as a DSO since this is an attorney  for children.
It is my understanding he has not paid his balance since his filing.

**4.2.1 SGSB Claim DSO**
Debt to SGSB is a DSO not an attorney fee debt.  It is my understanding he owes
approximately $83,000 in the unpaid attorney fee award per domestic support order.

**4.2.4 Tony Oertle** - Loan dates 2019-2023
Gomez fails to report that Anthony " Tony" Oertle is a **secured** creditor not unsecured
as Gomez testified that Oertle was given a Rolex as collateral during his OJD.  He also
paid him at least $500. Gomez is also claiming his Rolex as exempt . Gomez has at
least 3 Rolex watches.
**Ex. 17 Gomez OJD 6/2/2020  pages 59-63**

9

## 106EF

Gomez lists  Commissioner Weinberg as a creditor which he is not.
Gomez lists Hughes and Hughes as  a creditor which the firm is not.
Gomez lists Park Newport, his second residence as a creditor, but he fails again to list his co-debtor, Gomez's cousin Anthony Ramirez as a co-signer and co-owner of the property and should be assigned half this debt.

## Schedule H

**1.**. Again Anthony P. Ramirez is a co-debtor fails to list in 3.1 as well
**Ex. 8 Park Newport Lease 4/2023 down payment of $4235 and $3535 per month.**

**2.** Gomez  reports under "Community state" - none- which is incorrect. We lived in California, a community property state, additionally Gomez omits my name and address as required on the form which appears to be a significant omission.

## Schedule J

**2.** Gomez states the children live with him. They do.
**4a** Gomez fails to report the real estate property taxes.
**4b** Gomez fails to report the homeowners insurance .
**6b.** Gomez fails to report his accurate expenses
**6d.** Gomez fails to report his accurate expenses
**11.** Gomez fails to report his monthly costs for his court ordered mental health treatment  bills and prescription costs.
**15c.** Gomez fails to report his vehicle insurance for both of his vehicles which he carries comprehensive on both.
**17 a** Gomez fails to report his lease/rent for the GMC Acacia.
**18** Gomez fails to report health insurance deductions and all of the DSOs.
**19.** Gomez fails to report all of the DSOs.
**Ex. 9  Jeffrey Adams Gomez FL 150 dated 11/29/23**

## 122c-1

**1.** Gomez again  claimed "not married " which is untrue. He is legally married.
**2.** Gomez fails to report his income. He fails to report both his PayPal and Venmo accounts.
**3.** Gomez fails to report the DSOs.
**4.** Gomez fails to report his expenses.
**5.** Gomez fails to report his business income.
**6.** Gomez fails to report his actual income
**7.** Gomez fails to report  his book royalties
**10.** Gomez fails to report income from other businesses and loans
**Ex. 9  Jeffrey Adams Gomez FL 150 dated 11/29/23**

## Part 2

**13.** Gomez again claims not married  when in fact he is married.
**19.** Gomez fails to report again.

The order requires Gomez to pay for the HOAs for Kathy Court. A letter from the Homeowners Associations shows delinquencies since the Chapter 13 filing.  Another bill was sent and was due 12/1/23 and has not been paid as of today 12/12/23.

The order requires Gomez to pay utilities for Kathy Court. Gomez did make a partial payment in early November only after warnings from the trustee, but not complete.
The order requires Gomez to pay 2K on the 1st and 15th of the month in financial support, he has not made all these payments nor timely.
The order requires Gomez to pay the family storage unit expense which he has refused. Gomez has failed to pay several other ordered fees and expense.

**Attorney Fee award DSO 3/2019**
**SGSB Law ( listed as unsecured creditor**
**4.2.1 SGSB-**
Debt to SGSB is a DSO not an attorney fee debt. It is my understanding he owes approximately $83,000 in unpaid attorney fee award per domestic report.
The order requires Gomez to pay approximately 353K in attorney fees and costs , Gomez owes as minimum a balance of  83K. Gomez does not include the order in his DSOs nor paying the arrears in the plan. Despite Gomez belief that he has a dispute or not is irregardless of the current and active order which he is in violation of.
**Ex. 22 FOAH Attorney Fees 3/11/2019 Partial**

**Extra Curricular /Volleyball DSO 9/8/2021**
The stipulated order requires Gomez to pay half of the children's extra curricular and in particular highlight club volleyball. Gomez does not represent anywhere in his plan that he owes in arrears as identified in claim 16. Gomez also owes  volleyball/extra curricular expenses since filing his chapter 13 plan on 10/5/2023.
**Ex.  23 Hearing Transcript 9/8/2021 ( Partial ) pages and Minute Order and Partial stipulation and order.**

**Child Support through DCSS DSO 4/11/22 and 10/22**
The order requires Gomez to pay half of the children's medical and dental which has failed to do. He does not represent in his plan that this is an order nor paying back the in arrears owed. Claim 17.
He also has failed to timely pay his portion of the medical and dental he owes since filing his Chapter 13 protection.
**Ex. 24 Minute Order 4/11/22 DCSS**

Gomez also fails to account for that he is required by the court to certain actions that carry monthly costs that are not being factored into his plan and not even mentioned including but not limited to he is ordered to  : psychiatric care regularly, individual therapy regularly, pay 1/2 of the children therapy, pay for a divorce coach, pay half  of Minors' Counsel, pay for the services of our Private Judge Commissioner David S Weinberg,  pay for an observational therapist to observe Gomez and the children once brief visits resume.

12

It is worth noting that Gomez had paid Commissioner Weinberg $4500 less than a month prior to his filing and has paid an additional $3500 after he filed his bankruptcy case

**DSO Arrears**
Gomez fails to report the arrears and ongoing court ordered domestic report obligations. His plan also neglects to pay back the arrears and ongoing court ordered domestic support obligations in his plan. Gomez appears to believe that he does not need pay them due to a request for a potential modification of the domestic support obligations. Gomez was told in his 431 that he must pay them despite his desire to modify the orders and that the DSOs being paid is part of his compliance with the Chapter 13 Plan. Gomes continues to violate the orders.

## E/F DSO

**Gomez again only states a DSO obligation of only $4837.00. This number is fiction. Gomez's most recent FL 150.**
**Ex. 9  Jeffrey Adams Gomez FL 150 dated 11/29/23**

I respectfully plead that the Court dismiss this case with prejudice. We have a Family Law hearing on 12/22/2023 which would enforce the DSOs and a pathway to finish the divorce. With the plan dismissed I am able to move forward with the hearing. Gomez has used the Chapter 13 stay to harbor himself from his fiduciary duties and further break the law. I have shown the Court in this objection the lengths at which he has perjured himself and lied to the Court and Trustee. Gomez filed this Chapter 13 to stop actions in our FL Case. He voluntarily filed the day prior to our hearing. His motivation is to further deceive and manipulate. He has proven it was a bad faith filing and Gomez should be held accountable for his contemptuous actions.

*"Trustee is to Motion to dismiss including dismissal with a 180 day bar from refiling failure to comply with 11.USC : (1) comply with 11 U.S.C. Section 1307; (2) comply with 11 U.S.C. Section 1322; (3) comply with 11 U.S.C. Section 1325; (4) comply with Local Bankruptcy Rule 3015-1; and/or, (5) comply with orders of the Court."*

Gomez has failed to comply with the above and therefore the plan should be dismissed with prejudice not be approved nor convert to Chapter 7.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration/objection was executed on December 10, 2023 in Laguna Niguel, California.

_Kristina Smith_

Kristina Smith

13

### Declaration of Taxes Filed and DSOs Issues/107 7. Gomez fails to report DSOs.

Gomez was late filing his taxes and not in compliance with the Chapter 13 prerequisites. The deadline after *already* receiving a two week extension  was the 11/2/23. Gomez signed and the document and it was filed on 11/3/23. It is my belief based on Gomez admitting he had not filed taxes for 2022 until the week of the deadline that he filed them late and was not in compliance with the Chapter 13 filing. His tardy documents after already receiving an extension and lack of a request for additional time also makes the filings not in compliance. Additionally the document was signed and filed one business day prior to the 431 creditors meeting. Though Mr Heston provided the wrong name for his client in his request for extension and that he was granted an extension to 11/2/23. Mr. Heston was not truthful  in his opposition to my motion that he filed on 10/31/23 to my Motion for relief from the automatic stay when he claimed they were due 11/4/23. In the Order Granting Extension filed 10/19/23 it states "

*"IT IS ORDERED that the time for Debtor to file the Schedules, Statement of Financial Affairs, Form 22B, Employee Income Record, Chapter 13 Plan and Other Required Chapter 13 Documents, in this case is extended to November 2, 2023."*

Gomez and his counsel Mr. Heston are not in compliance with the rule of the Court 1007.

### Gomez underreporting and compete omissions of DSOs

Gomez does not provide a copy of the Domestic Support Orders.  There are 4.
He does not represent the arrears owed nor  includes them in his Chapter 13 plan.
Gomez has not fully complied with the orders since filing his chapter 13 bankruptcy which should immediately dismiss his case with prejudice.

Despite Gomez belief that he has a dispute or not is irregardless of the current and active orders which he is in violation of.

### DSO 9/13/2016

Gomez has several obligations in this stipulation and order. The order requires Gomez to pay the Kathy Court Mortgage- he has not made a mortgage payment based on the objection filed by US bank. Gomez also sent an email to my counsel that I am obligated to make the house payment which is a lie. Gomez is ordered by the court ordered DSO to pay the mortgage.  107 6. Gomez over- reports Mortgage with US Bank ( Kathy Court ) and underreports  arrears. See US Bank Objection.

**Ex.  21 Stipulation and Order 9/13/2016 Pages 5-6**

The order requires Gomez to pay The Kathy Court property taxes. They were due on 11/1/2023 and Gomez failed to pay them on time. Per US Bank's Objection filed.

### Gomez 106 D

Gomez failed to claim Kathy Court Property Tax was due on 11/1/2023
He signed this document on 11/2/2023 after it was already late so in effect perjured himself again.

KRISTINA SMITH, pro per
27591 Kathy Court
Laguna Niguel, CA 92677
949-439-0553
finleyandtatumsmom@gmail.com



**FILED**

JAN 16 2024

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

In re.

JEFFREY ADAMS GOMEZ
     Debtor

Case No. 8:23-bk-12046-TA

Chapter 13

Reply  DECLARATION OF
CREDITOR IN RESPONSE TO
OBJECTION TO PLAN
CONFIRMATION
Date: 2/21/2024
Time: 1:30PM
Ctrm: 5B

I, Kristina Smith, a creditor in Jeffrey Gomez's " Gomez" Chapter 13 bankruptcy petition
as well as the estranged spouse of Gomez pending dissolution offer this declaration to
provide facts to the Trustee and Court. I have filed several proof of claims, a Request
for Motion for Relief from the Automatic Stay, an Objection to the Confirmation of Plan
as well as responses to Gomez's objections and replies. I am supplying evidentiary
proof to Debtor's non-compliance with the Chapter 13 requirements in particular lack of
being current with Domestic Support Obligations. The issues I have reported persist
with Gomez non-compliance.  The Honorable Judge Theodore Albert invited me to alert
the Court if Gomez continues to not be compliant with paying the DSOs so I may again
request relief from the automatic stay  which I am seeking and/or dismissal of Gomez's
Chapter 13 so I may proceed against Gomez in the Family Law Case.
**Ex. 25 Copy of Notice of Motion and Motion for Relief from Automatic Stay under
11 USC 362 filed 10/24/2023 without Exhibits**

(4)

## Current Active Domestic Support Obligations

Gomez, pursuant to the stipulation and active and enforceable court order dated 9/13/2016, must pay the following which are classified as Financial Support:household, community and family expenses including but not limited: Mortgage for Kathy Court, HOA, All insurances, The Childrens School Tuition ( vacated 2/14/19 via Judgement on Custody), Utilities Kathy Court, Wifes' Mercedes Lease ( n/a after Gomez repossessed vehicle on 6/9/2017),  Kathy Court Property Taxes, plus 2K in discretionary support funds due on on the 1st and 15th of every month. It also ordered Gomez to pay a new weekly Housekeeper and Family Storage Unit costs.

**Ex.1 9/13/2016 Stipulation and Order Financial Support  items listed on Pages  5 and 6.**

Gomez pursuant to the stipulation and court order dated 9/8/2021 must pay the following: 50% of children's club volleyball  and  50% of agreed upon extra curricular activities for the children.

**Ex. 2 9/8/2021 Stipulation  Order for Extra Curricular 50-50**

Gomez pursuant to the DCSS court order dated 4/11/2022 must pay: 50% of unreimbursed medical .

**Ex. 3 4/11/2022 DCSS Order unreimbursed medical**

Gomez pursuant to the DCSS court order dated 10/7/2022 must pay via income withholding order : $2181.00 in monthly child support,  $4815 in arrears in child support from the dates 4/11/2022- 10/7/2022

**Ex. 4 Case Information DCSS # 200000002357412**

**Gomez has  not paid the following since his petition for Chapter 13 was filed on 10/5/2023. Gomez own statements as evidence that they are active DSOs. Additionally, Gomez  does not report any of the large sum of arrears he owes pursuant to the court orders for pre-petition  non-payment nor compliance.**

Discretionary Funds Financial Support Order of 2K per month due  on the 1st and 15th of each month in which Gomez has not complied and has refused to pay per notifications sent directly by Gomez:
10/6-10/14/2023- $1285.71 ( without interest) Gomez sent refusal correspondence
**Ex. 30 OFW Refusal to pay Notice 1/12/2024- Discretionary Financial Support Order pay period 10/6-10/14/23 post petition**                                    .
1/1/2024 - $2000.00 ( without interest) ( Gomez sent me refusal to pay notification via Our Family Wizard on 1/3/2024 with no intention to pay going any future payments )

1   **Ex. 5 OFW Refusal to pay Notice on 1/2/2024- Discretionary Financial Support**

2   **Order period 1/1/2024-1/14-2024 post petition**

3   1/15/2024- $2000.00 ( without interest)  Gomez sent a refusal to pay notice

    **Ex. 29 OFW Refusal to pay Notice 1/12/2024- Discretionary Financial Support**

4   **Order pay period 1/15/24-1/31/24 post petition**

5   **Total $5285.71 unpaid as of 1/16/2024**

    **Ex.1  9/13/2016 Stipulation and Order Financial Support Page 6.**

6

7   Storage Unit post petition unpaid expenses to 1/16/2024

    10/11/2023 - $586 (Gomez sent a refusal notification via Our Family Wizard )

8   **Ex. 6 OFW Refusal to pay Notice 11/9/2023 Storage Unit**

9   **Total $586.00 unpaid**

    **Ex.1  9/13/2016 Stipulation and Order Financial Support Page 5**

10

11  50% Medical Children - post petition unpaid expenses to 1/16/2024

    Allergist costs  $11.64, $60.93, Medications:  $12.28, $22.50 Dermatologist costs

12  $12.50

13  **Total $119.85 unpaid**

    Gomez does not have intent to pay as he is now challenging the existence of the order

14  per a message he sent on 1/3/24 via OFW. He has also sent me messages with no

15  intent to pay stating to use money he was ordered to pay for support to pay the

    unreimbursed medical he owes 50% of to me.

16  **Ex. 7 OFW Message " Unreimbursed Medical Expense" 1/3/24 9:02am**

17  **"Please send me the court order stating I have to pay 50% of unreimbursed**

    **medical expenses that you are demanding."**

18  **Ex. 4 Department of Child Support Services 2 Active Orders List dated 1/11/24**

19  **Ex. 3 4/11/2022 DCSS Order unreimbursed medical 50-50**

20  Extra Curricular 50%- Tatum Tumbling/Cheer post petition unpaid expenses and Finley

21  Club Volleyball -post petition unpaid expenses to 1/16/2024

22  $31.83, $41, $72, $371.31, $40, $44.58, $18.08, $18.95, $12.94, $41.35, $26, $21.55,

    $18.85,

23  **Total $758.44 unpaid**

24  Gomez sent me messages with no intent to pay demanding I use money he was

    ordered to pay for discretionary funds support to pay the unreimbursed extra curricular

25  he owes 50% of to me. Gomez stopped paying pre-petiiton in October 2022  when he

26  sent me a text message telling his he wasn't paying and to file contempt charges

    against him. He has significant arrears for nonpayment of extra curricular.

27  **Ex. 2 9/8/2021 Stipulation  Order for Extra Curricular 50-50**

28  **Ex. 8 Text Message from Gomez 10/4/2022 "File  for Contempt"**

Utilities -post petition unpaid expenses to 1/15/2024:

Cell Phone- Smith and Children- $285.68, $286.68 total- $571.36

Gomez only paid post petition for the month of November 2023, but has refused payments for December 2023 and January 2024.

**Ex. 28 OFW Cell Phone Utility Post Petition  Expenses Paid 11/23 but has Refused months due 12/23 and 1/24.**

Cox Cable- Gomez cancelled cox services  with a move out date of 1/5/2024 with an unpaid  balance  of $31.35

**Ex. 9 COX Cable disconnected notice 1/5/2024**

SDGE- Gomez closed account effective move out date of 1/5/2024 with a large balance of $3020.51 He has not reported as a creditor. I alerted Gomez via OFW.  Gomez informed me that he is having his balance transferred into my name and I have to pay by the 27th of January or risk my power being shut off. He told me I am responsible for my own utilities as a *grown adult woman* which is a violation of the court order which requires Gomez to pay for the utilities.

**Ex.1  9/13/2016 Stipulation and Order Financial Support Page 6**

**Ex. 26 Letter from SDGE Arrears owed by Jeff Gomez $3020.51**

**Ex. 27 OFW message SDG&E From Gomez 1/12/24**

So Cal Gas- Gomez  took name off of account

CR&R- Gomez closed account on 12/22/2023.

Amount unpaid unknown as Gomez is account holder of accounts he closed which is a violation of the 9/13/2016 Order and Stipulation, ATROs and not in compliance with Ch. 13 requirements.  He can not delete accounts to in effect modify the court order that he is to pay the utilities.

Moulton Water - Gomez closed account effective move out date of 1/5/2024 with an unknown balance.

**Ex. 10 OFW Message "Utilities + Car Insurance" 1/2/2024 10:18AM**

*"As of January 5, 2024 the utilities  will be taken out of my name and the accounts closed."*

**Ex. 11 OFW Message "Expenses Paid " 1/4/24 turning off utilities**

*"Be certain to put the utilities in your name by Friday as they will be turned off that day. Please make sure you do this as I do not want my children inconvenienced in any way. "*

Car Insurance: post petition unpaid expenses

1/7/24- past due  payment- $216.57

"Gomez has also informed me that I need to get my own car insurance which is another violation of the 9/13/2016 Order and Stipulation, ATROs and not in compliance with Ch.

13 requirements.  He can not delete me from the insurance plan to in effect modify the
court order that he is to pay the insurance

**Amount unpaid $216.57**

**Ex. 10 OFW Message "Utilities + Car Insurance"  1/2/2024 10:18AM**

*" You need to also get your own car insurance."*


**Gomez continued non-compliance with Family Law Court Orders and not
cooperating with the Chapter 13 plan despite acknowledging legal financial
responsibility to comply with the existing court orders.**

On 11/10/2023 Gomez had a person name "Lisa" who he has employed to work with
him and his bankruptcy attorney per Gomez  and who referenced " we are working
under the guidance of a bankruptcy attorney" contacted me using Gomez's Our Family
Wizard Account not a 3rd party account. She listed payments made on 11/9/2023
including : $2000 DSO support payment due 10/15, $2000 DSO support payment due
10/30, 3 extra expenses curricular (50%), payments made to utilities and medical dental
( 50%).

**Ex. 12 OFW Message " Expenses" 11/9/2023 9:01 pm from " Lisa " using Gomez's
account.**

On 11/10/2023 Gomez sent a near identical message as the one from   "Lisa" also from
his Our Family Wizard account stating the payments made pursuant to the court orders.
Gomez  did add to the message  that " Lisa" is a former bookkeeper and is working for "
free."

**Ex. 13 OFW Message " Expenses" 11/13/2023 9:12pm**

On 11/13/2023 Gomez sent a message via OFW stating "the 2K is for the support
order-I have met all of my DSO obligations."

**Ex.14  OFW Message " Expenses" 11/13/2023 9:12pm**

On 12/4/2023 Gomez again messaged me on Our Family Wizard and stated the
language of our court order word for word challenging me when I sought he pay support
owed from the period of 10/6-10/14/2023 which he did not pay:

*" Read the order. "Father to provide Mother with $4000 a month in discretionary
funds, payable 1/2 on the 1st and 1/2 on the 15th or each month.""*

*" I have conferred with my BK attorney. You are due $2000 for October 15th. You
are also due $2000 for November 1st, November 15th and December 1st."*

Which confirms again that Gomez is aware of his obligations.

**Ex. 15 OFW Message " Expenses" 12/4/2023 9:02pm**

On 12/13//2023 Gomez via OFW advised me to use the "discretionary funds" for the
teacher gift costs. Teachers gift costs are not a court order for shared responsibiilty and
Gomez request that I use discretionary support funds would be a viable option for
payment as teacher gift costs reimbursement is not court ordered.
**Ex. 16 OFW Message " Financial Needs" 12/13/2023 12:03pm**

In more formal documentation of Gomez acknowledgment of all of the existing DSOs
and financial court orders, Gomez's Family Law declarations signed under penalty of
perjury provided further evidence of Gomez pre and post his Chapter 13 Petition orders
that he understands and acknowledges the orders and seeking to modify them. He was
already denied a modification in 2021.The new hearing date is on 2/26/2024 at 1:30pm
which is after the continued confirmation hearing of his Chapter 13 Plan.

On 1/26/2023 in Gomez's Declaration In Support of Respondent's Request for Order
Filed on 9/22/22 "
*" All 3 orders exceed Respondent's Income"*
*"(DCSS) They also ordered unreimbursed medical expenses 50-50"*
*" On October 7, 2022 The Honorable Commissioner Sheri Sandecki stated that*
*DCSS could not modify the Stipulation and Order filed in 2016 and that*
*Respondent would have to come back to this court to have the order modified."*
**Ex. 17 Declaration signed under penalty of Perjury on 1/26/2023 Declaration In
Support of Respondent's Request for Order filed On 9/22/22.**

On 9/12/2023 in Gomez's Attachment 10 Declaration of Respondent Jeffrey Adams
Gomez he declared the following:
*"On September 13, 2016 Petitioner Kristina Smith and I entered into a stipulation*
*and order in which I agreed"*
*"This does not include the $4000 discretionary funds order "*
*"I am to pay 50% of all extra curricular activities of the children"*
*" There are now three court orders for support "*
**Ex. 18 Attachment 10 Declaration of Respondent Jeffrey Adams Gomez 9/12/2023**

On 9/24/2023 Gomez Filed a Responsive Declaration Gomez continued confirming the
existing court orders:
*"On 9/16/2016 Smith and Respondent entered into a Stipulation and Order for*
*Financial Support."*
*"On September 8, 2021 the Honorable Judge Claudia Silbar made an order that*
*Respondent is to pay 50% of all extra-curricular activities of the children"*
*"There are now 3 court orders for support"*

6

*"Respondent doesn't have the ability to pay for all the household, community and family expenses and $4000 a month in discretionary funds as ordered by the court on September 16, 2016"*

*"Respondent disputes the amount of $263,354 owed to Petitioner as of August 28, 2023. Any arrears can easily be offset by the sale of Kathy Court"*

*"In the alternative any arrears owed can be offset pursuant to Watts and our Jeffries as Smith has been residing in the family residence since the date of separation which is over 7 years ago"*

**Ex. 19 Responsive Declaration of Jeffrey Adams Gomez Attachment 10 dated 9/24/2023**

It's also significant to alert the Court that Gomez in his pending RFO to modify support has requested an order that per Gomez declaration page 3 (I) :

*"Order that the real property at 27591 Kathy Court that Smith (\*\*and children\*\*) has resided in for the past 7+ years since the date of separation be sold in the next 90 days. The proceeds shall be split equally by each party"*

Gomez should not be able to proceed with this request as this is in violation of the Automatic Stay that he is trying to preserve. It also goes against Mr. Hestons' statements that Gomez does not wish to sell Kathy Court as he wants that home for his children. This is in direct opposition of Heston's claims.

Mr. Heston stated in his responses to both the Trustee and Union Bank Objections to Gomez's Ch. 13 Plan that :

*"At this time Debtor is not proposing the sale of either his residence or Kathy Court property."*

Hestons' reply was riddled with incorrect facts and statements. It even had the wrong reply document name on the bottom of each page, but Heston was very adamant about the non-sale of Kathy Court as he also declared on behave of Goemz who was not in attendance ( though required per the courts tentative calendaring page) at the confirmation hearing where he was granted a continuance.

**Ex. 20 Heston reply to Trustee Objection to Plan Confirmation 12/13/23**

In Gomez's Reply Declaration dated 9/29/2023 Gomez made the additional relative statements

*"The DCSS Commissioner was very helpful and stated that Respondent would have to come back to this court to have the Stipulation and Order filed on September 23, 2016 modified"*

*"Respondent does not have the funds to pay for a full time attorney or private judge."* ( since that statement Gomez has paid for both )

*" There are now 3 court orders for support "*

**Ex. 21 Gomez's Reply Declaration dated 9/29/2023**

1

2   Post Gomez filing for Ch 13 petition  he stated in his FL 150/Income and Expense

3   Declaration signed  under penalty of perjury on 11/29/2023 the following :

4   *"There are 3 court orders for support. These add up to approximately $13,000 a month".*

5   *"There are 3 court orders for support"*

    *"1. Financial Support /Discretionary Funds  filed 9/13/2016"*

6   *"2. Extra Curricular Activities orders filed 9/8/21"*

7   *"3. DCSS Order filed on 9/8/2021"*

    **Ex. 22 Gomez FL 150 Income and Expense Declaration Dated 11/29/23**

8

9   It is abundantly clear in Gomez's repeated admission that the  Domestic Support

10  Obligations  are active and  that he has chosen not to pay post his Chapter 13 filing just

11  as he did not pay the majority prior to his Chapter 13 filing which resulted in significant
    arrears which Gomez is responsible to pay as well and choosing not to.

12  Mr. Chien of the Trustee office  at the 341 Creditors Meetings on 11/7/2023 (which I

13  have obtained a recording ) after Gomez's inappropriate outburst  demanding  *" Get a*

14  *Job Kristina"* stated to Gomez:

    *"Your case gets a pass on a lot of technical issues since its a 100% plan, but if I*

15  *think a party is not going to cooperate we will be asking for a dismissal. "*

    Mr. Chien representing the trustee also stated in his 12/4/2023 Objection to Gomez's

16  Chapter 13 confirmation that page 2 2. A. I. :

17  *"Debtor must be current ( DSOs) to proceed with the case presumably even if*

    *Debtor intends to challenge or modify DSO requirements. "*

18  Mr. Chien additionally stated :

19  *"Debtor has 6 million+ worth of mostly unencumbered real property. "*

    *"Debtor does not disclose any rental income from these properties and does not*

20  *explain the situation. "*

21  ( note- Gomez admitted in his Declaration dated #25 That Smith is correct in reporting

22  fair market value of rental properties in excess of $18,500 per month of unreported
    income)

23   *"Gomez has failed to  manage the property ( Kathy Court)  to pay DSO."*

24  **Ex. 23 Ch. 13 Trustee's Objection to Confirmation of Chapter 13 Plan and Request
    For Conversion to Chapter 7 dated 12/4/2023**

25

26  Gomez's Chapter 13 was filed the day prior to my  finally having my day in family law

27  court to enforce the financial orders that Gomez has been violating since 2017 and a
    pathway to finalize the dissolution.  It has been 7 years of Gomez violating financial

28  orders without consequence and he is now using this Chapter 13 action to harbor him

from the consequences of the family court. Mr. Heston admitted in his request for an
extension that Gomez (or a name similar to Gomez) filed Chapter 13 *"wherein orders
were sought that would determine the amount of support arrearages and seek
involuntary sale of debtor's various property for purposes of satisfying same. "*
Further Heston states

*" Debtor is seeking to formulate a plan to pay such arrearages in full."* This
statement is in itself an obvious reach from the truth as in the evidence of the proposed
plan by Heston and Gomez.

**Ex. 24 Heston ex Parte Motion for Order Extending time from 10/19/23 to 11/2/23
filed on 10/18/2023**

The filing by Heston and his client Gomez is a clear and obvious case of a " revenge
filing" which was filed in bad faith using a loophole to evade his fiduciary duties and
forum shopping to another venue to evade his legal and financial responsibilities.
Heston has repeatedly opined about the dissolution case being contentious. It's high
conflict nature is due to his legally labled non credible and deceptive client Gomez.
*" We affirm the decision to lift the stay under the circumstances here because we
are concerned the Bankruptcy Code could otherwise be abused as a weapon in a
marital dispute " e.g. White 851 F 2d at 174*

Gomez is pandering to the Family Law Court to stop the enforcement of the mammoth
level of breaches of his fiduciary duties for several year of unpaid support orders, but
requests to modify the financial orders to suit Gomez's desires as well as force the
sale of our home where the children and I reside, Kathy Court. In this Court, Gomez per
his attorney Heston, is stating he is DSO current which he is not and stating he wants
Kathy Court not be sold and secured for the *" for his children."*

Based on the clear evidence that has been provided using Debtors' own declarations,
statements and adversary actions, Debtor, Gomez is very well aware of his Domestic
Support Obligations and is not paying the DSOs as they come due, nor is he current
with the Domestic Support Obligations and clearly defiant against them with no intention
to oblige as legally obligated by law. It is apparent Gomez used his filing for the
automatic stay to stop litigation in the family law court that would hold Gomez
accountable for his severe breach of fiduciary duties. It is also apparent Gomez had no
idea that Chapter 13 rules would make him actually have to make the support
payments. Debtor's obligation to cooperate with his Chapter 13 plan post filing and his
repeated failure to do so should dismiss this case or should warrant at minimum my
relief from the Automatic Stay so I may proceed in the family law court as the cause
has been established to grant relief.

I declare under penalty of perjury on this date January 15, 2024 in Laguna Niguel, CA

I, Kristina Smith declare under penalty of perjury that the following is true and correct. I have prepared a timeline and supporting documentation of the facts.

Debtor, Jeff Gomez, and I separated on 8/23/2016. We entered into a stipulation and order on 9/13/2016 under a FL Case 16D007479 that included a family financial support order. The financial order included but was not limited to : Gomez pay the Kathy Mortgage, HOAs, Utilities, property taxes, insurances, childrens' school tuition and all community and household and family expenses, housekeeper and storage unit. It also included Gomez pay financial support in the amount of 4K per month in two installments on the 1st and 15th of the month as discretionary support funds. Gomez managed community assets including rental properties, rental income collection, our merchant accounts, bank accounts and businesses.

Gomez also filed his own document without my approval nor signature with the court **AFTER** the stipulation was signed stating that *child support would be reserved* and the stipulation and order dated 9/13/2016 became the financial support orders. I did not have any involvement with Gomez preparing that document nor did I sign it.

**EX. 1 FINANCIAL STIPULATION AND ORDER SIGNED 9/13/2016 AND FILED 9/16/16**
**EX. 2 PETITION FOR CUSTODY AND SUPPORT OF MINOR CHILDREN SIGNED BY GOMEZ 9/14/2016.**

On 1/24/2017, I filed for divorce from Gomez. The court ordered that the FL 16D0007479 case was consolidated with case #17D000590 ( our current dissolution case) by Judge Claudia Silbar. 17D000590 became the designated lead case and active file. The stipulation and order for support continued to remain active and enforceable now under 17D000590. No financial hearing was heard and a 730 evaluator was appointed.
**EX. 3 MINUTE ORDER 1/24/2017 CASE CONSOLIDATION**

Commissioner David S. Weinberg was granted 100% jurisdiction over the case by stipulation of appointment by the parties and a bifurcated custody trial commenced in 10/2017 and after nearly 20 days of trial ended in 8/2018. All financial hearings were postponed commencement as Gomez was being investigated and sued by the Federal Trade Commission in a case involving Gomez scheming and frauding consumers in a secret business he formed after separation in September of 2016. All assets were frozen. The FTC case involving Gomez lasted from when his office was entered and custody, control and possession of his business was turned over to the Receiver Robb Evans on March 16, 2018-to August 2020 when the disbursement of funds recovered was sent to the victims of Gomez's business scheme.
Trial and judgment on financial has yet to be heard by Commissioner Weinberg due to Gomez non-compliance.

On 2/14/2019 Commissioner Weinberg's judgment on custody was made. The only financial order that was modified was that Gomez was no longer financially responsible for the childrens' school tuition. Additionally, Commissioner Weinberg made a finding that Gomez was not truthful and lacked credibility. It also made orders related to Gomez's mental illness, anger issues and substance abuse issues.
**EX.4 JUDGEMENT ON CUSTODY 2/14/2019**

On 2/15/2019 Gomez was denied his request to withdraw the stipulation appointing Commissioner Weinberg. The Court stated *" no good cause to withdraw the stipulation"* and that *"it appears the timing is such that Gomez is not happy with Commissioner Weinberg's ruling."* It was also stated that *" respondent has the ability to pay fees."*
**EX. 5 2/15/2019 MINUTE ORDER DENIED WITHDRAWAL OF STIPULATION APPOINTING PRIVATE JUDGE**

2/15/2019 Gomez ceased making any payments including partial for the financial support order- discretionary support funds dated 9/13/2016. The day after the judgment on custody, having minimal visitation and the day he was denied removal of our private judge Commissioner Weinberg.

1



On 5/22/2019 A writ of Execution was filed on a money judgment order against Gomez in the amount of $18,332.12 for unpaid support- the discretionary support order. A subsequent writ w was filed on 7/19/19 for $24,669.66.

**EX. 6 WRIT OF EXECUTIONS**

On 6/5/2020 Gomez filed a Writ of Mandate and Request for Immediate Stay against Commissioner Weinberg that was *denied* on 6/9/2020. It was another failed attempt by Gomez to remove Commissioner Weinberg as our private judge.

**EX. 7 DENIED WRIT OF MANDATE 6/9/2020**

On 8/7/2020 Commissioner Weinberg ordered that Gomez come up with a plan to bring Kathy Court current ( Kathy Court mortgage is part of a support order Gomez must pay see Stipulation and order 9/13/2016) and Gomez must satisfy *any outstanding financial orders owed in this case.*
**EX. 8 ORDER GOMEZ BRING KATHY COURT MORTGAGE CURRENT 8/7/2020**

On 2/25/2021 Gomez was *denied* by Commissioner Weinberg a modification of the support order in the stipulation and order dated 9/13/2016 under civil code 631.8 Motion and found that a *change of circumstance has not been proved to warrant a modification of child and spousal support.* The 9/13/2016 order continued to remain active and enforceable.
**EX. 9 FINAL ORDERS AFTER HEARING DENIED MODIFICATION OF SUPPORT ORDER DATED 9/13/2016**

On 9/8/2021 Debtor Gomez offered to pay for 1/2 of the childrens' club volleyball and other agreed upon extra curricular expenses by stipulation during the hearing. The order was finalized by Judge Claudia Silbar by signed stipulation by all parties and attorneys.
**EX. 10 9/8/2021 TRANSCRIPT PAGES 20-21 9/8/21 HEARING AND MINUTE ORDER AND STIPULATION ORDER FOR EXTRA CURRICULAR ACTIVITIES SHARED EXPENSE BETWEEN PARTIES 50/50**

On 10/15/2021 an Income Withholding Order for Support was signed by Commissioner Weinberg and was sent to the State Disbursement Unit for execution. The Order was designated as "other" Discretionary Funds pursuant to Order filed 9/13/2016. $4000 a month.
**EX. 11 INCOME WITHHOLDING ORDER FOR SUPPORT 10/15/2021 DISCRETIONARY FUNDS FINANCIAL SUPPORT ORDER.**

On 12/9/2021 In response to the IWO, Gomez filed an earnings assignment request for child support with the Department of Child Support Services.

On 2/1/2022 the Department of Child Support Services set a hearing date of 4/11/22 on a request from Gomez due to Gomez claiming a material change on circumstance *( less than a year after being denied by Commissioner Weinberg. )* The hearing was only to establish a child support order including health are costs not to modify any existing orders as child support had been reserved . It was solely to **establish** a child support obligation through the department of Child Support Services.
**EX. 12 MINUTE ORDER 2/1/2022 ESTABLISH CHILD SUPPORT ORDER ONLY DCSS**

On 4/11/22 DCSS Diane Coto and Commissioner Sandecki both repeated multiple times to Gomez that this child support assignment request would not set aside the 9/13/2016 support orders and instead would be in addition to. Gomez said he understood. The request to modify support was sent to Judge Claudia Silbar to be heard on June 13, 2022. Commissioner Sandecki stated that Commissioner Weinberg has jurisdiction and she will not modify the existing order. The Commissioners also Ordered the parties to share 50/50 unreimbursed medical. It should be noted that post Gomez's Chapter 13 petition, Gomez sent an Our Family Wizard

message claiming that there was no order for shared unreimbursed medical. The order is active and is listed on the Department of Child Support case documents as an order.

**EX. 13 MINUTE ORDER 4/11/22 DCSS, OFW MESSAGE "UNREIMBURSED MEDICAL EXPENSES 1/3/2024, DCSS CASE ORDERS**

On June 13, 2022 Judge Claudia Silbar did not proceed with Gomez's modification for the support order of 9/13/2016. Commissioner Weinberg has jurisdiction.

On 9/27/2022 Gomez again filed a request to modify the support order of 9/13/2016 and he referenced the order as child support and spousal/partner support. The RFO was dated 9/27/22 and he requested a change in the child support order made by DCSS and spousal/partner support of 9/13/2016.

On 10/4/22 Gomez sent a text that he would not be complying with the 9/8/2021 Extra Curricular stipulation and court order and said " File for Contempt."

**EX. 14 10/4/2022 TEXT GOMEZ " FILE FOR CONTEMPT' NON-COMPLIANCE WITH EXTRA CURRICULAR SUPPORT STIPULATION DATED 9/8/21.**

On 10/11/2022 Gomez sent a request for order to modify support to Commissioner Weinberg and then never followed through with payment to Commissioner Weinberg. The RFO was dated 9/27/22 and he requested a change in the child support order made by DCSS and spousal/partner support listed as 9/13/2016 order Gomez also outlines *there are 3 active orders - 9/13/2016, 9/8/2021 and DCSS medical and child support orders.*

**EX. 15  GOMEZ RFO FOR MODIFICATION OF SUPPORT ORDERS. 10/11/22  AND EMAIL TO COMMISSIONER WEINBERG REGARDING SAME**

On 2/1/2023 Judge Claudia Silbar denied ruling on Gomez request for modification of the support order of 9/13/2016 and stated again Commissioner Weinberg has jurisdiction over financial and that action needed to be taken to withdraw stipulation or enforce it to move forward with financial.
**EX. 16 MINUTE ORDER 2/1/23**

On 3/15/2023 Commissioner Carmen Luege denied Gomez's request for Bifurcation of divorce on jurisdictional grounds that Commissioner Weinberg retains jurisdiction on all matter outside of custody as custody was the only bifurcated matter that had a final judgment . She stated

*"Commissioner Weinberg continues to have jurisdiction pursuant to the expressed terms of the private judging stipulation. "*

**EX. 17 RULING ON SUBJECT MATTER JUDGE BIFURCATION DENIED DUE TO JURISDICTION 3/15/2023**

On 6/9/2023 My counsel via email to Commissioner Weinberg requested the costs breakdown to go forward with my RFO in regard to enforcing and collection of existing financial court orders. Gomez was included on email. He shared that I would be moving forward with my RFO to enforce support orders and collect arrears.

On 6/22/2023 Gomez filed for a motion to withdraw the private judge Commissioner Weinberg stipulation, but never served me nor my counsel.

On 9/1/2023  I had raised the $4500 to pay for Commissioner Weinberg despite Gomez being ordered to advance his fees and I filed a Request for Order to be heard by Commissioner Weinberg in regard to enforcing all the financial support orders, collection of arrears and financing the trial to complete our dissolution case.
**EX. 18 9/1/23 RFO ENFORCE SUPPORT ORDERS AND COLLECT ARREARS and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

On 9/12/2023 Gomez filed an RFO to change child and spousal/partner support to be heard by Commissioner Weinberg. He also requests an arrears hearing to see if he can have Watts or other tactics to be applied against the large arrears amount he owes due to non-payment/non-compliance.

On 10/5/2023 Gomez files an ex parte Chapter 13 petition less than 24 hours before my RFO was to be heard by Commissioner Weinberg.

On 10/6/2023 minutes prior to the commencement of our RFOs before Commissioner Weinberg, Gomez hands my counsel a sheet of paper indicating that he filed for Chapter 13 Bankruptcy less than 24 hours prior. Gomez stated that we can not go forward with my RFO, but we can go forward with his. Both RFOs were continued to 10/26/23.

On 10/18/2023 Gomez's counsel Heston filed for a request for motion to extend time to file scheduled to 11/2/2023 the day before they were due on 10/19/2023. Stating " *Debtor commenced the instant Chapter 13 proceeding by filing an emergency on October 5, 2023 one day prior to a hearing in the concurrently pending proceeding for dissolution....wherein orders were sought that would determine the amount of support arrearages and seek the involuntary sale of Debtors' various property for purposes of satisfying there same. Debtor is seeking to formulate a plan to pay such arrearages in full"* **He has made no effort in a plan to pay arrears in full.**

Extension was granted.
**EX. 19 MOTION TO EXTEND TIME TO FILE SCHEDULES 10/18/2023**

On 10/25/23 Commissioner Weinberg ordered the RFOs be continued. The date of December 22. 2023 was agreed upon.

On 12/19/2023 Commissioner Weinberg had a familial obligation and the RFO hearings were **continued to 2/26/2024.**
**NO MODIFICATION HAS BEEN MADE and hearing is still pending. ALL FINANCIAL ORDERS REMAIN ACTIVE**

On 2/2/2024 I was informed Gomez's new family law attorney Pat McCall who was retained in mid December ( Note - Gomez has not requested an application to employ despite on 1/17/24 being told he must by the trustee and Judge Albert ) has decided to continue the hearing to withdraw the stipulation that appointed Commissioner Weinberg until a much later date 6-8 months out.
Again, Gomez has NOT had a modification hearing or actions made to modify the 9/13/2016 financial support order

**THE FINANCIAL ORDERS MADE ON 9/13/2016 BY STIPULATION AND ORDER , 9/8/2021 MADE BY STIPULATION AND ORDER AND A CHILD SUPPORT ORDER MADE BY DCSS ON 4/22/22 AND 10/7/2022 ARE ALL ACTIVE ORDERS. THE ARREARS GENERATED BY GOMEZ NON-PAYMENT NOR COMPLIANCE WITH THE FINANCIAL COURT ORDERS NEED TO BE PAID IN HIS CHAPTER 13 REPAYMENT PLAN.**

## PROOF OF CLAIMS  EVIDENCE
### GOMEZ ONGOING SUPPORT ORDERS (STILL ACTIVE AND APPLICABLE )
**9/13/2016 FINANCIAL SUPPORT ORDERS (DEFINED AS)**
4K DISCRETIONARY SUPPORT FUNDS
KATHY COURT MORTGAGE
KATHY COURT UTILITIES
KATHY COURT PROPERTY TAXES
KATHY COURT HOA
ALL INSURANCES
**9/8/2021 SHARED EXTRA CURRICULAR ACTIVITIES  FOR CHILDREN STIPULATION AND ORDER**
CLUB VOLLEYBALL EXPENSES -FINLEY
DRAMA CLUB- ASSOCIATED ACTIVITIES AND SPECIALTIES INCLUDING  BUT NOT LIMITED TO DANCE,
SINGING LESSONS, TUMBLING- TATUM
**4/11/2022 SHARED UNREIMBURSED MEDICAL FOR CHILDREN ORDERED BY DCSS**
**10/7/2022 CHILD SUPPORT ORDER REQUESTED BY GOMEZ**

### SUPPORT UNPAID SINCE GOMEZ FILING FOR CHAPTER 13 PROTECTION
**9/13/2016 ORDER**
4K DISCRETIONARY FUNDS  FAMILY FINANCIAL SUPPORT ORDER - UNPAID ON : 1/24, 2K 1/15/24, 2K
2/1/2024.  TOTAL OWED: ~~$5200.71~~ NO INTEREST   *5 partial unpaid  8/23 - 1285-71 = 7, 285*
**Gomez sent REFUSAL notices via our family wizard**     *71*
**HOAS- $891.00- NO INTEREST**
**EX. 20  SPREADSHEET OF PAID AND UNPAID DISCRETIONARY SUPPORT FUNDS, REFUSAL TO PAY
DISCRETIONARY FUNDS NOTICE FROM GOMES VIA OFW, CFLR ARREARS  EXECUTIONER'S
REPORT TO DAY BEFORE FILING CHAPTER 13 PROTECTION,  UNPAID HOA NOTICE**

UTILITIES GOMEZ CLOSED ALL THE EXISTING ACCOUNTS EFFECTIVE 1/5/2024 AND STOPPED
PAYING. IS TAKING ME OFF THE CAR INSURANCE AS WELL.
**EX. 30 OUR FAMILY WIZARD MESSAGES REGARDING CLOSING UTILITIES ACCOUNTS AND CAR
INSURANCE FROM GOEZ 1/2/24 AND 1/4/24.**

EXTRA CURRICULAR 9/8/2021 SUPPORT  ORDER - $1164.45
**EX. 21 UNPAID POST CHAPTER 13 PROTECTION AND ARREARS EXTRA CURRICULAR
EXPENSES  SPREADSHEET**

UNREIMBURSED MEDICAL SUPPORT ORDER 4/11/22-$253.44
**EX. 22 UNPAID POST CHAPTER 13 PROTECTION AND ARREARS UNREIMBURSED MEDICAL
SUPPORT ORDER  SPREADSHEET**

### ARREARS OWED PRIOR TO CHAPTER 13 INSTANT REQUEST
### PROOF OF CLAIMS PER ORDER:

**9/13/2016 FINANCIAL SUPPORT ORDERS**
4K DISCRETIONARY FUNDS
UNPAID 1/1/2019 - 10/5/2023 ( WHEN GOMEZ FILED FOR EMERGENCY CHAPTER 13) - $265, 444.52  with
interest
(***GOMEZ CLAIMED ON HIS 9/20/23 FL 150 THAT HE OWES APPROXIMATELY 200K- THE ACTUAL
NUMBER IS **$265, 444.52** ) **

**EX. 20  SPREADSHEET OF PAID AND UNPAID DISCRETIONARY SUPPORT FUNDS, REFUSAL TO PAY DISCRETIONARY FUNDS NOTICE FROM GOMES VIA OFW, CFLR ARREARS EXECUTIONER'S REPORT TO DAY BEFORE FILING CHAPTER 13 PROTECTION.  UNPAID HOA NOTICE.**
**EX. 23 GOMEZ FL 150 DATED 9/20/2023**

CHILDREN'S TUITION FROM 8/1/2017-2/24/2019-$42,044.50 NO INTEREST
EDUCATION EXPENSES ARE GENERALLY CONSIDERED A FORM OF SUPPORT AND IN THIS CASE WAS ORDERED UNDER FINANCIAL SUPPORT.
**EX. 24 NON -INTEREST TOTAL MCDOWELL ELEMENTARY SPREADSHEET REPORT**

*GOMEZ ALSO OWES ARREARS FOR UNPAID UTILITIES, HOUSEKEEPER COSTS, STORAGE UNIT - I AM SEEKING THE FAMILY LAW COURT TO CONSIDER WHEN DIVISION OF ASSETS MOVES FORWARD IN THE FAMILY LAW CASE*

**9/8/2021 SHARED EXTRA CURRICULAR SUPPORT ORDER**
ARREARS $9034.90  no interest
( GOMEZ FL150 DATED 9/20/23 INDICATES THAT HE OWES APPROXIMATELY $7500 IN ARREARS EXACT NUMBER $9034.90)
**EX. 21 UNPAID POST CHAPTER 13 PROTECTION AND ARREARS EXTRA CURRICULAR EXPENSES  SPREADSHEET**

**4/11/2022 SHARED UNREIMBURSED MEDICAL COSTS SUPPORT ORDER**
ARREARS OF UNPAID PRIOR TO FILING -$923.60 no interest
**EX. 22 UNPAID POST CHAPTER 13 PROTECTION AND ARREARS UNREIMBURSED MEDICAL SUPPORT ORDER  SPREADSHEET**

**PROOF - Gomez acknowledged  UNDER PENALTY OF PERJURY that the financial orders made on 9/13/2016, 9/8/21, 4/11/22 and 10/7/22 are active financial support orders. Gomez also acknowledges  AND declares support arrears in the approximate amount of $207,500.**

On 9/20/23 Gomez signed his FL 150 Income and Expense Report in our FL case 17D000590 under penalty of perjury that the information contained on all pages of this form and any attachments is true and correct
On page 3 of 4 Gomez declared that **he owes $207,500 in support orders** balance ie arrears and confirmed this fee arrangement in two different attachments 14a and 16.
On page 4 of 4 Gomez:
**18 d.** Gomez claims he spends $300 a month in childrens; education and special needs.
**20.** Gomez states**" There are 3 court orders for support.**
Attachment 14a : Gomez states the following"
There are presently 3 Court Orders for Support:
   **1.  Financial Support /Discretionary Funds order 9/13/2016**
The following were paid in August  2023- house payment, HOA dues, Car insurance, homeowners insurance
**2. Extra Curricular order filed on 9/8/2021-** Gomez stated " not being paid"
**3. Department of Child Support Order filed on 9/8/2021 ( incorrect date of filing)**
His FL 150 supports that all orders are active and enforceable and that Gomez owes a significant amount in arrears
Gomez further confirms
**16. Support attachment**
**9/13/2016 Discretionary Funds Order - $4000**
**Amount owed $200,000 ( approximate estimate)**

6

**9/8/21-Extra Curricular Funds Order - $7500 ( approximate estimate)**
*This confirms that Gomez admits under penalty of perjury that he owes an approximate $207,500 in*
*arrears of combined discretionary financial support order and extra curricular support order. The actual*
*amount owed in arrears for both is $274, 479.42*
**EX. 23 GOMEZ FL 150 DATED 9/20/2023**

On 11/10/23 Gomez sent a message via Our Family Wizard listing payment he has made post filing to comply
with the orders. He references the 2K as a "DSO SUPPORT PAYMENT"
He also lists other payments he made per the court orders including utilities, extra curricular and medical and
dental. He acknowledges that they are orders that he has paid and states:
*" I am working under the guidance of a bankruptcy attorney...if there are any expenses that have not*
*been paid after the BK filing feel free to respond back."*
**EX. 25 11/10/23 OUR FAMILY WIZARD MESSAGE "EXPENSES PAID' FROM GOMEZ**

On 11/13/23 Gomez sent a message through Our Family Wizard stating " THE 2K IS FOR THE SUPPORT
ORDER. I HAVE MET ALL OF MY DSO OBLIGATIONS." This is confirmation again that the 4K per month in
discretionary financial support is all a DSO per Gomez.
**EX. 26 11/13/23 OUR FAMILY WIZARD MESSAGE FROM GOMEZ EXPENSES 2K DSO**

On 11/29/23 Gomez signed his FL 150 Income and Expense Report in our FL case 17D000590 under penalty
of perjury that the information contained on all pages of this form and any attachments is true and correct.
On page 3 of 4 Gomez declared that he **owes $207,500 in support orders balance** ie arrears and confirmed
this fee arrangement
On page 4 of 4 Gomez:
**18 d.** Gomez now claims he spends $1000 a month on individual therapy for the children and extra curricular
activities
**20.** Gomez states*" There are 3 court orders for support. These add up to approximately $13,000 a*
*month."*
Attachment 16   Gomez states the following
*There are 3 Court Orders for Support:*

1. **Financial Support/Discretionary Funds filed on 9/13/2016**
2. The following were paid in November 2023- house payment, HOA dues, Car insurance, utilities, medical expenses, discretionary funds
3. **2. Extra Curricular order filed on 9/8/20213. Department of Child Support Order filed on 9/8/2021 ( incorrect date of filing)**

**"His FL 150 supports that all orders are active and enforceable and that Gomez owes a significant amount in
arrears **EX. 27 FL 150 INCOME AND EXPENSES DECLARED BY GOMEZ 11/29/23**

On 11/30/23 Gomez sent a message through Our Family Wizard that he transferred funds to me and referred to
them as " SUPPORT /DSO ORDERS". The title of the message from Gomez was  DSO-Support Orders. He
lists them as:
*10/15 Support Payment $2000 pd on 11/9*
*10/30 Support payment pd on 11/9*
*11/15 support payment pd on 11/9*
*11/30 support payment pd on 11/30*
**EX. 28 11/30/2023 OFW message from Gomez DSO-SUPPORT ORDERS**

On 12/4/23 Gomez stated that his BK attorney ( Heston) conferred with Gomez and he owes me 2K on the 1st
and 15th of each month per the court order.

**EX. 29 12/4/2023 OUR FAMILY WIZARD "EXPENSES" 4K PER MONTH PAYMENTS**
Gomez also refers to paying support compliance as payong utilities, HOAs, Mortgage at Kathy Court, Car
Insurance, Extra Curricular and Medical/Dental as support.

## POST FILING NON-COMPLIANCE WITH PAYING SUPPORT ORDERS
As indicated, Gomez briefly complied with support order of the 2K bimonthly ( late payments, but quasi
compliance ) and then suddenly when the 1/1/2024 support money was due, Gomez refused  to make the
payment to me. Gomez has now refused to pay and has not made payments of 2K due on 1/1/2024,
1/15/2024, 2/1/2024 and has already denied he will pay on 2/14/2024. Same applies to the extra curricular
support, unreimbursed medical support, utilities etc.that Gomez has not made any payments towards since
December.  Gomez must remain current to be confirmed and he is not.
**EX. 20  SPREADSHEET OF PAID AND UNPAID DISCRETIONARY SUPPORT FUNDS, REFUSAL TO PAY
DISCRETIONARY FUNDS NOTICE FROM GOMES VIA OFW, CFLR ARREARS  EXECUTIONER'S
REPORT TO DAY BEFORE FILING CHAPTER 13 PROTECTION,  UNPAID HOA NOTICE**

In Section 101 (14) (c) of the bankruptcy code defines a DSO as a  debt owed to a debtors child or former
spouse in the nature of alimony, maintenance or support arising out of a court order.
11 USC 101 14a  Domestic Support Obligation specifically defines as:
-A debt that accrues before on or after the date of the order for relief that is owed or recoverable by a spouse,
former spouse, child of debtor...
-Is in the nature of alimony, maintenance or support of such spouse, former spouse or child of debtor without
regard to whether such debt is expressly so designated ..
-established or subject to establishment before on or after the date of the order for relief in a case title, set forth
in a separation agreement, divorce decree or property settlement agreement, an order of a court record
*All requirements  of defining the DSOs have been met!*

A DSO is never discharged! 523 (a) (5)
Any DSO arrearage is afforded priority treatment under 507(a)(1)
Any DSO must be paid in full to obtain a confirmed  Chapter 13 plan ( 1129, 1222, 1225, 1322 and 1325)
There are exceptions to the automatic stay to collect DSOs under 362
The Debtor must stay current on post petition DSO Payments see 1228 and 1328
The case may be dismissed or converted of on-going DSO payment are not made in Chapter 13 see 112,
1208, 1307)

DSOs are * in the nature of support and all the orders in our case are classified as support!

Gomez' counsel said Gomez was going to come up with an arrears repayment plan and he has not. Gomez
*admits to owing approximately $207,500 in extra curricular and discretionary support funds arrears* yet
has made no repayment plan to pay any of those arrears not the tuition or unreimbursed medical
*A plan even if confirmed is subject to dismissal if debtor fails to pay any post petition or post-confirmation
DSO.*

I have provided complete and accurate information to this Court and the Trustee of the facts of the financial
Orders in this case, the arrears owed as well as Gomez not complying with the financial orders. Objector has
not offered any evidence to meet, overcome or at least equalize the statements on the proof of claim.
I declare under penalty of perjury on February 7, 2024 in Laguna Niguel, CA that the information I have
provided in this declaration  is true and accurate.

*Kristena Brdile*

Page 1

KRISTINA SMITH
27591 Kathy Court
Laguna Niguel, CA 92677
949-439-0553

KRISTINA SMITH, IN PRO PER

FILED

MAR 06 2024

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:              Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

|  |  |
|---|---|
| Re: Jeffrey Adams Gomez | Case: 8:23-bk-12046-TA<br><br>Chapter 13<br><br>DECLARATION OF CREDITOR KRISTINA SMITH'S OBJECTION TO PLAN CONFIRMATION AND DISPUTE DEBTORS DSO REPORTING.<br><br>Next confirmation hearing<br>DATE: 3-20-2024<br>TIME: 1:30pm<br>DEPT: 5B |

I, Kristina Smith, offer this declaration under penalty of perjury in response to the Declaration made by Debtor, Jeffrey Gomez dated 2/27/2024 regarding the Domestic Support Obligations. "DSOs." I request the Court review my previous declarations with evidence to avoid redundancy as it all pertains to the chronic and ongoing issues with Gomez's non-compliance with the DSOs and objections to all of my proof of claims. This declaration also is an update of Gomez not complying with the terms of his Chapter 13 petition and this declaration also serves as my continued objection to the confirmation of Gomez's Chapter 13 Plan and request to be relieved of the automatic stay.

**Gomez History and Court Findings of Untruthfulness and Lack of Credibility**

It's important that the Court is reminded and applies that Gomez has a history of deception and lying under oath. There is a **finding** by the family law court in the Judgement on Custody dated 2/14/2019 that Gomez is untruthful and information provided by him to be "unreliable, incomplete, overly guarded and ultimately of a much less persuasive influence and of limited credibility." It was also found that Gomez is an "unreliable reporter of events"

**Ex. 1 Judgment on Custody 2/14/2019**

Page 2

It was found by the Federal Trade Commission when Gomez was investigated in 2018 and settled due to Gomez illegally scheming millions from people in his post separation hidden businesses and shell companies and is documented in the receiver's report that Gomez's reporting to the Receiver was " inaccurate and incomplete based on information gathered by the Temporary Receiver" ( Page 10.) That Gomez information provided in subsequent interviews with Gomez and a declaration Gomez filed in our dissolution case "contradicted the information and documents discovered by the Temporary Receiver"
**\*\*Receiver Report Robb Evans already in evidence as an exhibit in this case\*\***

### Existing Domestic Support Orders active

Gomez's declaration is filled with lies and omissions to deceive this Court and to use his bankruptcy to continue his Breach of Fiduciary Duties to me in our and commit more fraud. The sole reason Gomez filed his ex parte Chapter 13 per Mr. Heston was to stop the enforcement and collection efforts for the DSOs. Now he is abusing his Chapter 13 umbrella to further breach his fiduciary duties and put me into financial devastation. I have come to realize through support groups that abusers will continue their abuse anyway, they can including financially. Gomez is a perpetrator of domestic violence against me per finding of FC 3044 and he is using the automatic stay as well as knowingly lying about the DSOs to continue to  financially abuse me.

Gomez is attempting to perpetrate fraud by stating the child support order that was established by DCSS is the *only* order for domestic support.That is a complete fabrication of the truth.  During the 2/21/24 confirmation hearing, Mr. Heston improperly made reference to a finding by Judge Carmen Luege that the child support order of 10/2022 was the only order. Firstly, Judge Luege does not have jurisdiction over any financial issues in our FL case outside of fees, to Minors, counsel and request for attorney fees for custody hearings so it would be deemed Void. It was improper to make reference additionally based on hearsay between colleges as Mr. Heston stated he did not have any orders nor even a declaration from Mr. McCal which he anticipated. He indicated a declaration from Mr. McCall was pending, yet the only declaration he filed was from Gomez. Additionally, Mr Heston was incorrect in his characterization of the remarks made at a  hearing he did not attend.  I sympathize with a very frustrated Mr. Heston as he said he was "hacked" and someone  charged  "over 8 thousand dollars of travel expenses" as well as he was  unable to read or receive emails etc, but that does not permit him to opine as facts in our Family Law case with no evidence to back up his claims.

In Gomez declaration, he  made a vague characterization to *purposefully mislead this Court* by not indicating that the statement made by Judge Carmen  Luege was *limited to Child Support not all the other domestic support obligations /orders* which are active and I am not able to enforce due to Gomez's Chapter 13 petition's  automatic stay for his continued non-compliance to pay the DSOs. There has *never* been a denial on my part that **there is a "child" support order as well as the 2 other DSOs dated 9/13/2016 and 9/8/2021. It is Gomez who is in denial.** Additionally DCSS ordered Gomez pay ½ of unreimbursed medical which he has and continues to not  pay as part of the DCSS child support order ( listed as #3 on all of Gomez's filings.) The child support orders were established  not modified on 4/11/ 2022  and 10/7/2022 per Gomez's request. The child support orders in no way modified the existing domestic support obligations dated 9/13/2016  and Stipulation to pay 50/50 extra curricular dated 9/8/2021. Those orders can

Page 3

only be judicially modified by Commissioner Weinberg . This was explained to Gomez by
Commissioner Sandecki and Diane Coto, from DCSS. The 2016 and 2021 orders were not
classified as "child" support and in fact Gomez himself "reserved" child support on
9/14/2016 when he filed the 9/13/2016 domestic support obligations/orders with the court.
The 9/13/2016 support orders are clearly  defined as <u>FINANCIAL SUPPORT.</u>
**Ex. 7 9/14/2016 Child Support Reserved By Respondent Gomez filed with 9/13/2016**
**Stipulation and Order "Financial Support."**

 *<u>Secondly, again DCSS representative Diane Coto  and Commissioner Sandecky
both  told Gomez directly at our hearing that they could not modify the orders as
they were under jurisdiction of our Private Judge Commissioner Weinberg and the
child support orders they order would be in addition to existing orders.</u>* DCSS could
only establish an order not modify the other orders which were not classified as " child
support." Gomez has attempted and was denied a modification in 2021 and re-filed again
in 2023 to modify those support orders. There is no miscommunication as Gomez is very
well aware that DCSS nor the Superior Court can modify the DSOs dated 9/13/2016 and
9/8/2021. On his REPLY DECLARATION DATED 9/29/2023 in connection with his request
to modify the support orders Gomez declared and signed under penalty of perjury that   on
page 2 :
"7. ***<u>The DCSS Commissioner was very helpful and stated that Respondent ( Gomez)
would have to come back to this court to have the Stipulation and Order filed on
September 23, 2016 modified."- GOMEZ</u>***
Gomez further stated on page 3
"28. Respondent does not have funds  to pay for a full time attorney or private judge *(since
has paid both)*
And
***<u>"41. There are now 3 Court Orders for support."</u>***
This declaration was *<u>one week before his ex parte Bankruptcy Petition was filed.</u>*
Nothing has changed, no hearing for modification of the support orders was heard and no
hearing is pending to be heard. Gomez is 100% obligated to pay all DSOs as they come
due and he is not complying and is defiant, aggressive and untruthful in his attempts to
continue his gross and illegal breaches of fiduciary duties. This Court is also tying my
hands from enforcing the orders and seeking actions against Gomez.
**Ex.2  Gomez REPLY DECLARATION DATED 9/29/2023**

In Mr. Heston's, Gomez's Counsel, request to extend time to file on 10/18/2023 he
acknowledges  that Gomez filed his Chapter 13 ex parte the day before our dissolution
hearing which wherel sought  "determine amount of support arrears" and sell property to
satisfy same." Heston stated further that Gomez intended to" ***formulate a plan to pay
such arrearages in full" which he has not.***

Mr. Heston's opposition to my request for relief from the automatic stay was highly based
on the  inability for Gomez  to proceed in family court due to the high cost of the private
judge ( Commissioner Weinberg". Heston  stated that Gomez *<u>was awaiting determination
of the <u>request for withdrawal of the private judge in our dissolution case set for February
2024.</u></u>* **That case was taken off calendar and dismissed by Gomez on 2/15/2024 so
Heston's  excuse is not valid.** Heston  also stated it is a 100% plan, however that 100%
does not include me and therefore is not accurate.  Further, a Declaration from Gomez was

Page 4

also submitted in his opposition to my request to lift the automatic stay where Gomez
declared the following statements signed 10/30/2023:

" *Until the matter has been heard on it's currently schedule of February 15, 2024 I can not
afford to pay Commissioner Weinberg , nor can I afford representation*"

Gomez proved his lack of credibility and his untruthfulness as he dismissed his withdrawal
of private judge, retained a full scope attorney without obtaining an application to employ
and compensate, Pat McCall,  and paid for a hearing with Commissioner Weinberg. So
Gomez used that tactic to seek sympathy of the to not grant me my request to lift the
automatic stay.

*The facts are that there are 3 support orders in which Gomez fully admits in his post
petition filing dated 11/3/2023 F3015.1.08.DEC.TAX.DSO. He listed them in his own
handwriting under not being paid.*

- **Stipulation & Order Filed 9/16/2016-In Process of Being Modified/in Dispute**
- **Extra Curricular Funds Order filed 9/11/2021-In Process of Being Modified /In
  Dispute**
- **Child Support Order being paid**

This document was signed under penalty of perjury.
**Ex. 3 11/3/2023 F3015.1.08.DEC.TAX.DSO**

Gomez filed a new F3015.1.08.DEC.TAX.DSO under penalty of perjury on 2/26/2024
indicating he was DSO current which was lie and the Court should see the same pattern of
omissions, scheming and lies that was a finding by the FTC as well as the family law court.
Gomez is using the bankruptcy court to continue his financial abuse against me. This
document along with his other acts of perjury should cause for at minimum dismissal as it is
an obligation of the debtor to be transparent and honest which Gomez has not and
continues to be deceptive and untruthful to this Court.

During the 341 Creditors Meeting on 11/7/2023, which I have obtained the full audio, Mr.
Chien from the Trustee Office questioned Gomez about the orders.
The following statements were made and I list them with the time the audio count:
**5:37 mark** Mr. Chien asked Gomez if he *was current with DSOs and explained that all
DSOs that come due after his filing must be paid as part if his bankruptcy*
**6:17 mark** - Gomez states *he's trying to get a hearing  to modify the orders but I keep
continuing the matter*
**6:53 mark** Mr. Chien states to Gomez  that Ms. Smith did not choose to file this
Bankruptcy- you did.
**7:13 mark** Mr. Chien states that *whatever court orders that are present at the time and
states domestic support payments and states those need to made during the
pendency of this case.*
*Bankruptcy only takes care of past due payments ( arrears. )*
**7:29 mark** - Gomez affirms "okay"
*8:30 mark Mr. Chien stated  because this case was filed on October 5th anything that
came due after October 5th is currently due and needs to be paid even if you plan to
challenge it or have it altered later on. If you do not make those payments prior to
the actual entry of another court altering set order that would be grounds for
dismissal in this case.*
**9:04 mark**- Gomez states **NO Problem.**

Page 5

**9:13 mark** Gomez asks " that's as of *October 5th going forward no arrears correct?*"

**9:17 mark** Mr Chien states that *arrears will be taken care of through the plan..just ongoing payments need to be made ( Gomez interrupted ) when they came due.*

**9:26 Mark** Gomez states **"Perfect"**

**9;26 mark** Mr. Chien States *-Otherwise we are dealing with a fluid situation and the bankruptcy absolutely will not accept something like that*

**16:17 mark** Gomez made an outburst on record stating *" They're hiring recruiters in Orange County..you might want to look into getting a job Kristina"*

**16:22 mark** Mr. Chien responded to Gomez's outburst by stating *"Please keep it civil..like I said your case gets a pass on a lot of technicalities because it's a 100% plan, but if I think a party's not going to cooperate we will be asking for case dismissal. "*

As further proof that Gomez is well aware of the DSOs- he signed and filed his Income and Expense Declaration acknowledging all of them on his 11/29/2023 FL 150 which was post petition. Gomez FL 150 filed in our Family Law case signed under Penalty of Perjury by Gomez on 11/29/2023 (post petition) states:

Page 3

<u>**"Support Orders" amount $13,050.69 balance $207,500 ( arrears per Gomez ) date of last payment 11/2023**</u>

Page 4 of 4

<u>**8 D. "Court Ordered Extra Curricular Activities"**</u>

20.

<u>**"There are 3 orders for support"**</u>

Attachment 16

<u>**"There are 3 orders for Support"**</u>

<u>**"1. Financial Support/Discretionary Funds filed on 9/13/2016." Gomez lists items under that order that he paid: "House payment for the family residence " ( Kathy Court)**</u>

<u>**"HOA Dues" "petitioner's car insurance" " utilties" " medical expenses" " discretionary funds"**</u>

<u>**Gomez lists order #2**</u>

<u>**"2. Extra Curricular Orders 9/8/2021"**</u>

<u>**And finally #3**</u>

<u>**" 3. Department of Child Support Services order"**</u>

**Ex. 4 FL 150 Gomez for case 17d000590 dated 11/29/2023.**

Correspondence with Gomez through Our Family Wizard previously provided to the Court as evidence for Proof of Claims further shows that Gomez is well aware of the DSOs, that he must pay them and refers to them as DSOs. ( all of these messages were previously submitted into evidence) Gomez on:

**12/4/2023-** *" father to provide mother with $4000.00 a month in discretionary funds, payable ½ on the 1st and ½ on the 15th of each month. "*

*I have conferred with my BK attorney you are due $2000 for Oct. 15. You are also due $2000 for November 1st, November 15th and December 1st."*

**11/30/2023** entitled *DSO Support Orders - " Be advised, you were transferred the following funds per support/DSO orders "*

**11/13/2023 -** *The 2K is for the support order I have met all my DSO obligations.*

Page 6

**11/10/2023- *$2000 for the DSO Support Payment*,** Extra curricular will be paid once a month. Listed medical, dental and utility payments made and states

*" I am working under the guidance of a bankruptcy attorney. If there are any expenses that have not been paid after my BK filing feel free to respond back. It is my goal to get this resolved quickly. "*
*Exhibits already in evidence*

Again, Gomez *did* pay for a hearing to modify the support order of 9/13/2016 and it was to be heard in Commissioner Weinberg's Court on 12/22/2023. The hearing was *continued* to 2/26/2024 due to a health issue involving Commissioner Weinberg's spouse. Gomez's reaction to his hearing being continued was to retaliate against me by ceasing to pay any of the domestic support obligations dated 9/13/2016 and 9/8/2021 that he started paying. Not only did he stop paying, he closed utility accounts and had those balances obligated to me. Many balances that were post petition and should have been paid with Gomez's Chapter 13 Plan that are now obligated to me on an account I did not hold. The Bankruptcy Automatic Stay is preventing me from actions against Gomez in response to his breaches.

Gomez also took my car off the car insurance plan without notice. He deceptively left my name on the car insurance plan where he received a "good driver" discount for me remaining on the plan, but he removed my vehicle. He did this with NO modification of the order nor notice.
**Ex.5  CRR account closed notice 12/22/2023**
**Ex. 6  Declaration Progressive Insurance - my vehicle removed from plan 12/22/2023-Smith kept on plan for " good driver discount."**

**Gomez is VERY delinquent in his Post- Petition Domestic Support Obligations**
**Unpaid since 10/5/23 filing include:**
**HOAs unpaid since December 2023 -  $ 1080.00**
**Childrens' Medical Order via DCSS 4/11/22 total $253.44**
**Extra Curricular Order 9/8/21 total unpaid $2151.31**
**Financial Support Discretionary Funds Order 9/13/2016:**
October 6-14th 2023- $1285
January 1, 2024- $2000
January 15, 2024- $2000
February 1, 2024- $2000
February 15, 2024- $2000
March 1, 2024 -$2000
**March 15, 2024- pre-Refused $2000
**Car Insurance Order dated 9/1/32016 total $147.98**
***Total: $ 16,917.73 past due unpaid DSOs since his filing***
***This is without interest- $17,932.78 with 6% interest applied , which, in chapter 13 shall apply to unpaid post petition unpaid DSO debt.***
***Pursuant to  § 507(a)(1) these obligations of Gomez should take priority!***

***\*\*This is not including utilities, house payment, storage unit, insurances taxes etc which Gomez is obligated by has refused to pay despite DSOs being  Court Ordered.***
**Ex. 8 Our Family Wizard Expense DSO Refusal to Pay Status made by Gomez 12/2023 -3/2024**

Page 7

On 2/15/2024 - Gomez's counsel, Patrick McCall, converted the hearing set for 2/26/24 for Gomez's Request for **Modification of Support Orders** to a **Voluntary Settlement Conference** and *only the VSC was heard on 2/26/2024*. Unfortunately the VSC was not successful in most part to Gomez not willing to negotiate whatsoever. Additionally, Gomez odd and deceptive behavior was on full display when he was caught listening in at the door of the judges private chambers when Commissioner Weinberg was meeting in private with the attorneys. Gomez was discovered by counsel and I witnessed the bizarre behavior of Gomez and the incident as I was sitting quietly in the room next to chambers as directed. I witnessed Gomez being admonished showing that Gomez has very little restraint of himself.

**\*\*\*Note that Mr. McCall was retained by Mr. Gomez on 12/22/2023 as his full scope family law attorney and despite being told on 1/17/2024 during the claims objection hearing that a Application to Employ and Compensate must be filed- none has been filed and he has been representing Gomez for 3 months.\*\*\*** See objection to 2/27/24 Application to employee and compensate.

The hearing to modify Gomez's Domestic Support Obligations was taken off calendar and never heard so NO MODIFICATION was made to the orders.

The Motion to withdraw our private Judge Commissioner Weinberg was taken off calendar and dismissed without prejudice.

**\*\*\*There is no pending motion to withdraw Commissioner Weinberg nor is there a pending request for order to modify the support order set before Commissioner Weinberg nor has any modification been made to the current orders \*\*\***

**"A chapter 11 or 13 plan can only be confirmed if the debtor is current on all DSO debt that first became payable post petition. §§ 1129(a)(14), 1325(a)(8). The case can be dismissed or converted to chapter 7 if debtor is delinquent on a post petition DSO. § 1112(b)(4)(P),6 1307(c)(11). A discharge of even non-DSO debt cannot be granted in Chapter 13 if debtor has not certified that all DSO obligations due on or before the date of certification that were to have been paid through the plan have been paid. § 1328"**

**Conclusion**
**There are 3 active support orders, none have been modified as desired by Gomez and Commissioner Weinberg is still our private judge.**
**Therefore all domestic support obligations remain active and Gomez MUST pay as they come due or this case must be dismiss pursuant to 523 a. 5 and the Bankruptcy and Consumer Abuse and Protection Act of 2005. 11 U.S.C. § 101-1532.**

Unless Gomez becomes current immediately and all pre- petition arrears paid through the plan this case should be dismissed. How much longer is it proper to allow Gomez to breach his fiduciary duties under a false umbrella provided by a chapter 13 petition that he is not complying with? Additionally, it is further unfair that through his deception and games I am unable to seek contempt and enforcement in our family court due to the Automatic Stay. I did not file Chapter 13, but I am the one who is being financially injured by it all while Gomez continues to lie and break the law. I ask the Court to either force Gomez to comply

Page 8

or dismiss this case with prejudice and seek contempt charges against Gomez for perjury pursuant to 848. **False Declarations- 18 USC 152 3.**

**In re Braymer 126 BR 499,503 ( Bankr.ND Tex 1991)**

*" a person who knowingly and fraudulently makes a false declaration, verification or statement under penalty of perjury under section 1746 of title 28 in or in relation to any case under title 11;..shall be fined..imprisoned..or both"*

**\*\*Elements of false declaration have been met:** *Existence of Bankruptcy Proceeding, made false declaration or other statement in relation to bankruptcy proceeding, the statement was material , the statement was known to be false.*

### Potential Conversion to Chapter 7 with special orders

I also request that if the Court consider converting this case to a Chapter 7 Bankruptcy, that I am able to work with the Trustee in selling all seven rental properties which were all purchased after our date of marriage and Gomez's 50% of proceeds be used for his debts to his creditors and that I am to retain my 50% of profit from the sale of all 7 properties as I did not file for bankruptcy. In addition,  Pursuant to Section 523 (a) (5) all support obligations are non-dischargable and all arrears and ongoing support pursuant to the DSOs including the  ones dated on  9/13/2016 and 9/8/2021 . With permission from the Court, Trustee and US Bank I shall  use the 50% of all proceeds from the 7 properties with permission of the Court and US Bank to pay off the loan on Kathy Court and retain the property solely which is protected as  a Domestic Support Obligation and to be exempt. I request that Gomez' residence, Augusta,  that is the only property purchased prior to date of marriage by Gomez be sold as well to pay Gomez's debts to his creditors. Augusta has been  used as a second residence for Gomez. I also request that the Court force Gomez return his vehicle to Bridgcrest as it is a 2nd vehicle for Gomez that was purchased less than 8 months prior to his filing. Gomez has a Mercedes that is paid off that he also drives. It does not seem feasible for Gomez to drive two cars and live in two residences after filing bankruptcy and not complying with the terms.

Gomez's ex parte Chapter 13 filing was filed the day before my hearing to enforce and collect of the DSOs and arrears related to. His filing is a textbook example of " **bad faith"** to further breach his fiduciary duties. Gomez was unaware that his Chapter 13 makes the DSOs top priority so he is lying  under oath in attempt to deceive the Court the DSOs do not exist so he can further evade his financial duties by order of the Family Law Court to his family. This court has been incredibly patient with the situation, but Gomez continues to not comply at all. Mr. Heston  does is complain about a contentious dissolution Gomez is involved in when the reason why it's contentious is his breaching fiduciary duties and deception. I have provided an abundance of evidence that the DSO's are active. And Gomez is acknowledged this time and time again.

I declare under penalty of perjury on this day March 4, 2024 in Laguna Niguel, CA .

*Kristine Smith*

**DECLARATION OF CREDITOR KRISTINA SMITH'S OBJECTION TO
PLAN CONFIRMATION AND DISPUTE  DEBTORS DSO REPORTING.**

9

**RECORDING REQUESTED BY:**
JEFF GOMEZ

**WHEN RECORDED MAIL DOCUMENT AND TAX STATEMENT TO:**

JEFF GOMEZ
P.O. BOX 1718
UPLAND, CA 91785

APN: 636-632-34

*Recorded in Official Records, Orange County*
*Hugh Nguyen, Clerk-Recorder*

12.00

*R000897 88 15*

2017000006694 9:44 am 01/06/17

9 417 G02 F13   2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

13/23-2 JT.

THIS SPACE FOR RECORDER'S USE ONLY

π
2π
ππ

## GRANT DEED

The undersigned Grantor(s) declare(s) that the **DOCUMENTARY TRANSFER TAX IS: $ 0 County**
XX  computed on the full value of the interest of property conveyed, or
___ computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale.
___ OR transfer is EXEMPT from tax for the following reason:

_____        JEFF GOMEZ
Signature of declarant or agent determining tax        Firm Name

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, JEFF GOMEZ, A MARRIED MAN**

**HEREBY GRANT(S) to JEFF GOMEZ and KRISTINA SMITH GOMEZ, HUSBAND AND WIFE AS JOINT TENANTS**

All that real property situated in the City of LAGUNA NIGUEL, County of ORANGE, State of California, described as:
SEE LEGAL DESCRIPTION ATTACHED HERE TO AND MADE A PART HEREOF  *see Exhibit 'A'*

**Commonly Known As:** 27591 KATHY COURT, LAGUNA NIGUEL, CA 92677

SEPTEMBER 1, 2016

_____
JEFF GOMEZ

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document

STATE OF CALIFORNIA
COUNTY OF San Bernardino
On November 16, 2016 , before me, Misty R. Teete , a Notary Public
personally appeared Jeff Gomez

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____        (SEAL)

MISTY R TEETER
Commission # 2027163
Notary Public - California
San Bernardino County
My Comm. Expires Jan 2 20..



MAIL TAX STATEMENTS AS DIRECTED ABOVE





Photo ⌄      Done

WHEN RECORDED MAIL DOCUMENT AND TAX
STATEMENT TO:

JEFF GOMEZ
P.O. BOX 1718
UPLAND, CA 91785

APN: 636-632-34

THIS SPACE FOR RECORDER'S USE ONLY

### GRANT DEED

The undersigned Grantor(s) declare(s) that the **DOCUMENTARY TRANSFER TAX IS: $ 0 County**
XX computed on the full value of the interest of property conveyed, or
____ computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale.
____ OR transfer is EXEMPT from tax for the following reason:

_____
Signature of declarant or agent determining tax      Firm Name

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, JEFF GOMEZ, A MARRIED MA**

**HEREBY GRANT(S) to JEFF GOMEZ and KRISTINA SMITH GOMEZ, HUSBAND AND WIFE AS JOINT TENANTS**

All that real property situated in the City of LAGUNA NIGUEL, County of ORANGE, State of California, described as:
SEE LEGAL DESCRIPTION ATTACHED HERE TO AND MADE A PART HEREOF

**Commonly Known As: 27591 KATHY COURT, LAGUNA NIGUEL, CA 92677**

SEPTEMBER 1, 2016

_____
JEFF GOMEZ

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this cer
attached, and not the truthfulness, accuracy or validity of that document.

STATE OF CALIFORNIA
COUNTY OF San Bernardino }
On November 16, 2016 before me, Misty R. Teeter , a Notary Public
personally appeared Jeff Gomez

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument a
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s)
the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____      (SEAL)

MISTY R. TEETER
Commission # 2023763
Notary Public - California
San Bernardino County
My Comm. Expires



FL-340

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Douglas A. Hatherley, Esq.    SBN 265230<br>STEGMEIER, GELBART, SCHWARTZ & BENAVENTE, LLP<br>19782 MacArthur Boulevard, Suite 200<br>Irvine, California 92612<br>TELEPHONE NO.: (949) 337-4050    FAX NO. (Optional): (949) 337-4059<br>E-MAIL ADDRESS (Optional): dhatherley@sgsblaw.com<br>ATTORNEY FOR (Name): Kristina Smith | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Orange<br>Lamoreaux Justice Center<br>8/11/2020 8:30 AM<br>David H. Yamasaki, Clerk of the Court<br>By: J. Duncanson, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 341 The City Drive South
MAILING ADDRESS: P.O. Box 14170
CITY AND ZIP CODE: Orange, California 92868-3205
BRANCH NAME: Lamoreaux Justice Center

PETITIONER/PLAINTIFF: KRISTINA SMITH

RESPONDENT/DEFENDANT: JEFFREY ADAMS GOMEZ

OTHER PARTY:

| FINDINGS AND ORDER AFTER HEARING | CASE NUMBER:<br>17 D 00-05-90 |
|---|---|

*Private Dispute Resolution Services
611 Anton Blvd., Suite 500, Costa Mesa, CA 92626

1. This proceeding was heard
on (date): June 30, 2020        at (time): 9:00 a.m.        in Dept.: Off site (via Zoom)    Room: *
by Judge (name): The Honorable David S. Weinberg, Commissioner (Ret.) ☐ Temporary Judge
On the order to show cause, notice of motion or request for order filed (date): May 5, 2020 by (name): Kristina Smith
 a. ☒ Petitioner/plaintiff present        ☒ Attorney present (name): Douglas A. Hatherley, Esq.
 b. ☒ Respondent/defendant present      ☒ Attorney present (name): Michelle Sherwood, Esq.
 c. ☐ Other party present               ☐ Attorney present (name):

**THE COURT ORDERS**

2. Custody and visitation/parenting time:   As attached  ☐ on form FL-341   ☐ Other   ☒ Not applicable

3. Child support:                           As attached  ☐ on form FL-342   ☐ Other   ☒ Not applicable

4. Spousal or family support:               As attached  ☐ on form FL-343   ☐ Other   ☒ Not applicable

5. Property orders:                         As attached  ☐ on form FL-344   ☐ Other   ☒ Not applicable

6. Attorney's fees:                         As attached  ☐ on form FL-346   ☐ Other   ☒ Not applicable

7. Other orders:    ☒ As attached    ☐ Not applicable
                    (See Attachment "7" to Findings And Order After Hearing)

8. All other issues are reserved until further order of court.

9. ☐ This matter is continued for further hearing on (date):        at (time):        in Dept.:
    on the following issues:

Date: 8/7/20

▶ _____
                        JUDICIAL OFFICER

Approved as conforming to court order.

▷
SIGNATURE OF ATTORNEY FOR  ☐ PETITIONER/PLAINTIFF  ☒ RESPONDENT/DEFENDANT  ☐ OTHER PARTY

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-340 (Rev. January 1, 2012)
**FINDINGS AND ORDER AFTER HEARING**
(Family Law—Custody and Support—Uniform Parentage)
www.courts.ca.gov

CEB® Essential



Attachment "7" to Findings and Order After Hearing
Orange County Superior Court Case No. 17 D 00-05-90
Marriage of Smith and Gomez

### Findings

1.  The hearing on Petitioner's Request for Order, filed May 5, 2020, to sell the real property located at 1388 Augusta Drive, Upland, California ("Augusta property"), and use proceeds to satisfy obligations owed by Respondent; Transfer title of the real property located at 27591 Kathy Court, Laguna Niguel, California ("Kathy Court property") to Petitioner; and for Respondent to authorize Union Bank to communicate with Petitioner was conducted remotely via Zoom videoconferencing on June 30, 2020 at 9:00 a.m. before The Honorable David S. Weinberg, Commissioner (Ret.).

2.  Douglas A. Hatherley of Stegmeier, Gelbart, Schwartz & Benavente, LLP, appeared on behalf of Petitioner, Kristina Smith ("Wife"), who was present for the hearing. Michelle Sherwood, of R&S Law Group, APC, appeared on behalf of Respondent, Jeffrey Adams Gomez ("Husband"), who was present for the hearing.

3.  Both parties spoke, personally argued their positions (in addition to the argument of their attorneys) and answered questions posed by the Court. Neither party was sworn in. The hearing was not recorded by a court reporter.

4.  During the course of the hearing, Wife withdrew her request for an order transferring title to the Kathy Court property to Wife.

5.  Wife requested a continuance of the ongoing Judgment Debtor's Examination set for June 30, 2020.

1

Attachment "7" to Findings and Order After Hearing
Orange County Superior Court Case No. 17 D 00-05-90
Marriage of Smith and Gomez

---

## Orders

Based on a review of the pleadings, testimony of the parties, and argument of counsel, the Court makes the following Orders:

1.  Husband is to submit a plan on or before August 14, 2020 to bring the Kathy Court mortgage current and to satisfy any outstanding financial orders owed in this case, including but not limited to outstanding fees and costs to Wife's counsel.

2.  Both parties shall submit declarations to the Court on or before August 14, 2020 regarding any monies owed by Husband. The declarations should include the following:

    (a)  An accounting as to how Husband's payments have been applied to the attorney's fees Orders, and the net amount allegedly still owed.

    (b)  If payments were not fully credited, based on a community property analysis to the funds received, the declarations shall indicate same.

    (c)  Calculations of the amount of support and attorney's fees arrears due, including interest.

3.  Based on the declarations of the parties to be submitted by August 14, 2020, the Court will make a decision as to whether the Augusta property should be sold.

4.  Wife's Judgment Debtor Examination of Husband is continued to August 19, 2020. ~~Additional payment to Commissioner Weinberg is required for the Judgment Debtor Examinations.~~

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
24822 Val Verde Court
Laguna Hills, Ca 92653

A true and correct copy of the foregoing document entitled (specify): _Notice of Motion and Motion for relief from the Automatic Stay_

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_3/13/24_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

amrane cohen  efile@ch13acb.com       Jwong@mccarthyholthub.
Ustrustee   ustpregion16.sa@usdg.gov                              com
Jay@ch13ac.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

R Heston                    Gomez
19700 Fairchild Rd #280     P.O. Box 1778
Irvine, Ca 98612            Upland Ca 91756

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_3/13/24_    _Kevin O'Brien II_    _[signature]_
Date         Printed Name          Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

# EXHIBIT D



| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Richard G. Heston; SBN 90738<br>Heston & Heston, Attorneys at Law<br>19700 Fairchild Road<br>Suite 280<br>Irvine CA 92612-2528<br>949-222-1041<br>949-222-1043 fax<br>rheston@hestonlaw.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br>JEFFREY ADAMS GOMEZ | CASE NO.:8:23-bk-12046-TA<br>CHAPTER: 13 |
|---|---|
| Debtor(s). | |
| Movant(s),<br><br>vs.<br><br>Respondent(s). | **NOTICE OF NON-OPPOSITION**<br><br>DATE:04/09/2024<br>TIME: 10:30 am<br>COURTROOM: 5B<br>PLACE:411 W. 4th Street<br>            Santa Ana, CA 92701 |

1. TO THE MOVANT (*specify name*): KRISTINA SMITH

2. NOTICE IS HEREBY GIVEN that the    ☒ Debtor  ☐ chapter ___ trustee ☐ other (*specify*): _____
_____, in the above-entitled proceeding does not oppose the granting of the following motion or application (*specify*): Motion for Relief From Automatic Stay (Non-Bankruptcy) Forum

Date: 4/8/24

HESTON & HESTON, Attorneys at Law
Printed name of law firm

Signature
RICHARD G. HESTON
Printed name
Debtor
Attorney for (*specify*)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 1              **F 9013-1.4.NOTICE.NONOPPOSITION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

19700 Fairchild Road, Suite 280, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **Notice of Non-Opposition** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 4/8/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Amrane (SA) Cohen (TR)**    efile@ch13ac.com
- **Theron S Covey**    tcovey@raslg.com
- **Sean C Ferry**    sferry@raslg.com, bkecf@padgettlawgroup.com;sean.ferry@ecf.courtdrive.com
- **Lorenzo Nunez**    CSBK@GMFINANCIAL.COM
- **Renee M Parker**    renee.parker@mtglawfirm.com, bknotice@earthlink.net;ecf@mtglawfirm.com
- **Amitkumar Sharma**    amit.sharma@aisinfo.com
- **Cheryl A Skigin**    caskigin@earthlink.net, caskigin@earthlink.net
- **Mukta Suri**    Mukta.Suri@BonialPC.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 4/8/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Theodor C. Albert, Chief Judge
United States Bankruptcy Court
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

Kristina Smith
27591 Kathy Court
Laguna Niguel, CA 92677-6025

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/8/2024 | Yanira Flores | /s/ Yanira Flores |
|----------|---------------|-------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

# EXHIBIT E



Attorney or Party Name, Address, Telephone & FAX
Nos., State Bar No. & Email Address

Amrane Cohen, Chapter 13 Trustee
Brian D. Wirsching (SBN 189491)
770 The City Drive South, Suite 3700
Orange, CA 92868
Tel: (714) 621-0200
Office email: efile@ch13ac.com
Direct email: Brian@ch13ac.com

FOR COURT USE ONLY

**FILED & ENTERED**

**APR 18 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus  DEPUTY CLERK

☐ *Movant appearing without an attorney*
☐ *Attorney for Movant*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA -*SANTA ANA* DIVISION

In re:

JEFFREY ADAMS GOMEZ

CASE NO.: 8:23-bk-12046-TA

CHAPTER: 13

### ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362
### (Action in Nonbankruptcy Forum)

| | |
|---|---|
| DATE: | April 9, 2024 |
| TIME: | 10:30 am |
| COURTROOM: | 5B |
| PLACE: | 411 West Fourth St., Santa Ana, CA |

Debtor(s).

**MOVANT: KRISTINA L SMITH**

1. The Motion was:  ☐ Opposed   ☒ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:

    Name of Nonbankruptcy Action:  Smith vs. Gomez

    Docket number: 17D000590

    Nonbankruptcy court or agency where the Nonbankruptcy Action is pending: Orange County Superior Court

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                         Page 1                         **F 4001-1.RFS.NONBK.ORDER**

3.  The Motion is granted under 11 U.S.C. § 362(d)(1).

4.  As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a.  ☒  Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b.  ☐  Modified or conditioned as set forth in Exhibit _____ to the Motion.

    c.  ☐  Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its
        remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5.  **Limitations on Enforcement of Judgment:**  Movant may proceed in the nonbankruptcy forum to final judgment
    (including any appeals) in accordance with applicable nonbankruptcy law.  Movant is permitted to enforce its final
    judgment only by *(specify all that apply)*:

    a.  ☐  Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

    b.  ☐  Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6.  This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter
    of the Bankruptcy Code.

7.  ☐  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on
       the same terms and conditions as to the Debtor.

8.  ☐  The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9.  ☐  This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of
       180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐  This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without
       further notice.

11. ☒  Other (*specify*): Relief from the automatic stay is terminated except with respect to the following:

    a. Any transfer of, or execution against, property of the bankruptcy estate, as determined by the Bankruptcy Court, is
       stayed unless otherwise ordered by the Bankruptcy Court; and

    b. Orders for contempt against Debtor are stayed without further order of the Bankruptcy Court.

###

Date: April 18, 2024

*Theodor C. Albert*
_____
Theodor C. Albert
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                        Page 2                                        **F 4001-1.RFS.NONBK.ORDER**

# EXHIBIT F



| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| Richard G. Heston 90738<br>Heston & Heston, Attorneys at Law<br>19700 Fairchild Road<br>Suite 280<br>Irvine, CA 92612<br>949-222-1041 Fax: 949-222-1043<br>90738 CA<br>rheston@hestonlaw.com | |

☐ *Debtor appearing without attorney*
☑ *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by Debtor within the last 8 years.<br>In re:<br>Jeffrey Adams Gomez<br>AKA Jeffrey Adam Gomez; AKA Jeff Adam Gomez; AKA Jeff Adams Gomez; AKA Jeff Adams; AKA Jeff Adam; AKA Jeffrey Adams Gomez; AW Gomez Property Rentals | CASE NUMBER: **8:23-bk-12046-TA**<br><br>CHAPTER 13 |
|---|---|

**CHAPTER 13 PLAN**

☐ Original
☐ 1st Amended*
☑ 2nd Amended*
☐ _____ Amended*

*list below which sections have been changed:
Section I, Part 1; Section II B, Class 1, Class 6, Section III Summary
[FRBP 3015(b); LBR 3015-1]

**11 U.S.C. SECTION 341(a) CREDITORS' MEETING:**
Date:       11/07/23
Time:       10:00AM
Address:    TR 13, VIDEO CONFERENCE.

**PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**
Date:       3/20/24
Time:       1:30PM
Address:    Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701.

Debtor(s).

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

## Part 1: PRELIMINARY INFORMATION

**TO DEBTOR (the term "Debtor" includes and refers to both spouses as Debtors in a joint bankruptcy case):** This

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                Page *1*                                **F3015-1.01.CHAPTER13.PLAN**

Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**TO ALL CREDITORS:** This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**PLEASE NOTE THAT THE PROVISIONS OF THIS PLAN MAY BE MODIFIED BY ORDER OF THE COURT.**

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation. However, the amounts listed on a proof of claim for an allowed secured or priority claim control over any contrary amounts listed in the Plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. See LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

**The following matters may be of particular importance to you:**

*Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or neither box is checked, the item will be ineffective if set out later as a provision in this Plan.*

1.1 **Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3B and/or Section IV (11 U.S.C. § 506(a) and (d)):**
☑ **Included**    ☐ **Not included**

1.2 **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):**
☐ **Included**    ☑ **Not included**

1.3 **Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:**
☐ **Included**    ☑ **Not included**

1.4 **Other Nonstandard Plan provisions, set out in Section IV:**
☑ **Included**    ☐ **Not included**

**ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a).** A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Regardless of whether this Plan treats a claim as secured or unsecured, any lien securing such claim is not avoided other than as provided by law or order of the court.

**Part 2: PLAN TERMS**

Debtor proposes the following Plan terms and makes the following declarations:

**Section I. PLAN PAYMENT AND LENGTH OF PLAN**

A. Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed. If the payment due date falls on the 29th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015-1(k)(1)(A)).

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*    Page 2    **F3015-1.01.CHAPTER13.PLAN**

Payments by Debtor of:

| $ | 500.00 | per month for months | 1 | through | 12 | totaling $ | 6,000.00 | . |
| $ | 3,606,325.93 | per month for months | 13 | through | 13 | totaling $ | 1,730,891.82 | . |

For a total plan length of 13 months totaling $1,736,891.82.

B. Nonpriority unsecured claims.

The total amount of estimated non-priority unsecured claims is $3,169,888.09 (DISPUTED).

1. Unless otherwise ordered by the court, after Class 1 through Class 4 creditors are paid, allowed nonpriority unsecured claims that are not separately classified (Class 5) will be paid *pro rata* per the option checked below. If both options below are checked, the option providing the largest payment will be effective.

   a. ☐ **"Percentage" plan:** of the total amount of these claims, for an estimated total payment of $.

   b. ☑ **"Residual" plan:** The remaining funds, after disbursements have been made to all other creditors provided for in this Plan, estimated to pay a total of $2,409,981.00 and 100% to claims in Class 5. The amount distributed to Class 5 claims may be less than the amount specified here depending on the amount of secured and priority claims allowed.

2. Minimum Plan payments. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least the greater of the following amounts:

   (a) the sum of $3,606,325.93, representing the liquidation value of the estate in a hypothetical Chapter 7 case under 11 U.S.C. § 1325(a)(4), or

   (b) if Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of $____, representing all disposable income payable for 60 months under the means test.

C. Income tax refunds. Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during the Plan term within 14 days of filing the return and, unless the Plan provides 100% payment to nonpriority unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all federal and state income tax refunds received for the term of the plan. The Debtor may retain a total of $500 of the sum of the federal and state tax refunds for each tax year. Income tax refunds received by the debtor and turned over to the Chapter 13 Trustee or directly turned over to the Chapter 13 Trustee by the taxing authorities do not decrease the total amount of payments stated in Section I.A., above. The refunds are pledged to the plan in addition to the amounts stated in Section I.A. and can be used by the Chapter 13 Trustee to increase the percentage paid to general unsecured creditors without further order of the Bankruptcy Court.

D. In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under FRBP3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

E. Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in this Plan. Debtor must make preconfirmation adequate protection payments and preconfirmation lease payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will accrue beginning the 30th day from the date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next disbursement or as soon as

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    Page 3                                    **F3015-1.01.CHAPTER13.PLAN**

practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments or preconfirmation lease payments.

F.  Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

G.  The Chapter 13 Trustee is authorized to disburse funds after the date the Plan confirmation is announced in open court.

H.  Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

I.  Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

J.  If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered.

K.  Debtor must pay all required ongoing property taxes and insurance premiums for all real and personal property that secures claims paid under the Plan.

**Section II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:**

Except as otherwise provided in this Plan, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

**A.  ORDER OF PAYMENT OF CLAIMS:**

**1st**   If there are Domestic Support Obligations, the order of priority will be:

   (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

   (b) Administrative expenses (Class 1(a)) until paid in full;

If there are no Domestic Support Obligations, the order of priority will be:

   (a) The Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

   (b) Administrative expenses (Class 1(a)) until paid in full.

**2nd**   Subject to the 1st paragraph, *pro rata* to all secured claims and all priority unsecured claims until paid in full except as otherwise provided in this Plan..

**3rd**   Non-priority unsecured creditors will be paid *pro rata* except as otherwise provided in this Plan. No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan.

**B.  CLASSIFICATION AND TREATMENT OF CLAIMS:**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                        Page  4                                        **F3015-1.01.CHAPTER13.PLAN**

## CLASS 1

### ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507

Class 1 claims will be paid in full pro rata. Any treatment that proposes to pay claims in Class 1(a) or 1(b) less than in full must be agreed to in writing by the holder of each such claim and specifically addressed in Section IV.D.

Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below.

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | TOTAL PAYMENT |
|---|---|---|---|
| **a.  Administrative Expenses** | | | |
| (1)  Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | |
| (2)  Attorney's Fees **(ESTIMATED)** | $27,500.00 | | $27,500.00 |
| (3)  Chapter 7 Trustee's Fees | | | |
| (4)  Other | | | |
| (5)  Other | | | |
| **b.  Other Priority Claims** | | | |
| (1)  Internal Revenue Service | | | |
| (2)  Franchise Tax Board | | | |
| (3)  Domestic Support Obligation **(DISPUTED)** | $444,574.12 | 0.00% | $444,574.12 |
| (      )      Other | | | |
| **c.  Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months)**  *(specify creditor name)*: | | | |
| | | | |

☐ See attachment for additional claims in Class 1.

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

*Check one.*

☐ None. *If "None" is checked, the rest of this form for Class 2 need not be completed.*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                                  Page  5                                            **F3015-1.01.CHAPTER13.PLAN**

☑ Debtor will maintain and make the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. Unless otherwise ordered by the court, these payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure the prepetition arrearages, if any, on a listed claim through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated.

The arrearage amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| Nationstar Mortgage LLC | 1592 | $3,624.09 | 0.00% | $3,624.09 | $3,624.09 | ☐ Trustee ☑ Debtor |

☐ See attachment for additional claims in Class 2.

## CLASS 3A

### UNIMPAIRED CLAIMS TO BE PAID DIRECTLY BY DEBTOR

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3A need not be completed.*

☐ Debtor will make regular payments, including any preconfirmation payments, directly to the following creditors in accordance with the terms of the applicable contract (Include Creditor Name and Last 4 Digits of Account Number):

The claims of these creditors are unimpaired under the plan.

☐ See attachment for additional claims in Class 3A.

## CLASS 3B

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE BIFURCATED AND PAID IN FULL DURING THE TERM OF THIS PLAN.

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3B need not be completed.*

☐ Debtor proposes:

**Bifurcation of Claims - Dollar amounts/lien avoidance.** Except as provided below regarding bifurcation of claims into a secured part and an unsecured part, the claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

(a) Bifurcated claims - secured parts: Debtor proposes that, for the purposes of distributions under this Plan, the

dollar amount of secured claims in this Class 3B should be as set forth in the column headed "Secured Claim Amount." For that dollar amount to be binding on the affected parties, either

(i) Debtor must obtain a court order granting a motion fixing the dollar amount of the secured claim and/or avoiding the lien, or

(ii) Debtor must complete and comply with Part 2 Section IV.C., so that the Plan itself serves as such a motion; the "Included" boxes must be checked in Part 1 Paragraphs 1.1 and/or 1.2 (indicating that this Plan includes valuation and lien avoidance, and/or avoidance of a judicial lien or nonpossessory, nonpurchase-money lien in Section IV.C.); and this Plan must be confirmed - if any one of those conditions is not satisfied, then the claim will not be bifurcated into a secured part and an unsecured part pursuant to this sub-paragraph.

(b) Bifurcated claims - unsecured parts: Any allowed claim that exceeds the amount of the secured claim will be treated as a nonpriority unsecured claim in Class 5 below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

☐ See attachment for additional claims in Class 3B.

## CLASS 3C

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID IN FULL DURING THE TERM OF THIS PLAN (WITHOUT BIFURCATION), INCLUDING CURE OF ARREARS, IF APPLICABLE.**

*Check all that apply.*

☐ **None.** *If "None" is checked, the rest of this form for Class 3C need not be completed.*

☑ Debtor proposes to treat the claims listed below as fully secured claims on the terms set forth below. These claims will not be bifurcated. The claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

### IMPAIRED CLAIMS PAID THROUGH THE PLAN BY THE TRUSTEE

| Name of Creditor | Last 4 Digits of Account NUMBER | CLAIM TOTAL | INTEREST RATE | Estimated Monthly Payment | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| Michelle Studer Sherwood |  | $131,143.94 | 10.00 | $11,227.79 | $145,961.25 |
| San Bernardino Tax Collector | x0000 | $15,678.00 | 18.00 | $1,461.42 | $18,998.41 |
| San Bernardino Tax Collector | 3212 | $32,250.00 | 18.00 | $3,006.16 | $39,080.13 |
| San Bernardino Tax Collector | 2000 | $32,529.00 | 18.00 | $3,032.17 | $39,418.26 |
| San Bernardino Tax Collector | 2134 | $22,969.00 | 18.00 | $2,141.04 | $27,833.55 |
| San Bernardino Tax Collector | 2167 | $37,528.00 | 18.00 | $3,498.15 | $45,475.97 |
| San Bernardino Tax Collector | 1112 | $32,448.00 | 18.00 | $3,024.62 | $39,320.10 |

### CURE AND MAINTAIN CLAIMS

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*    Page 7    **F3015-1.01.CHAPTER13.PLAN**

☑ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | Ongoing Payment Disbursing Agent |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
| | | | | | | Trustee Debtor |

☐ See attachment for additional claims in Class 3C.

## CLASS 3D

### SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3D need not be completed.*

☐ The claims listed below were either:

1. Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle    acquired for the personal use of Debtor, or

2. Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under this Plan with interest at the rate stated below. The claim amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | | | | |

☐ See attachment for additional claims in Class 3D.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                              Page  8                              F3015-1.01.CHAPTER13.PLAN

## CLASS 4

### OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE, WHICH ARE PROVIDED FOR UNDER 11 U.S.C. §1322(b)(5)

*Check one.*

☐ None. *If "None" is checked, the rest of this form for Class 4 need not be completed.*

☑ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | ONGOING PAYMENT DISBURSING AGENT |
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
|---|---|---|---|---|---|---|
| Select Portfolio Services | 0640 | $7,718.54 | 0.00 | $7,718.54 | $7,718.54 | ☑ Trustee<br>☑ Debtor |
| | | | | | | ☐ Trustee<br>☐ Debtor |

☐ See attachment for additional claims in Class 4.

## CLASS 5A

### NON-PRIORITY UNSECURED CLAIMS NOT SEPARATELY CLASSIFIED
Allowed nonpriority unsecured claims not separately classified must be paid pursuant to Section I.B. above.

### SEPARATE CLASSIFICATION:
***Check all that apply if Debtor proposes any separate classification of nonpriority unsecured claims.***
☑ **None.** *If "None" is checked, the rest of this form for Class 5 need not be completed.*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page *9*                    **F3015-1.01.CHAPTER13.PLAN**

| CLASS 5B |
| --- |

☐ **Maintenance of payments.** Debtor will maintain and make the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final Plan payment. The contractual installment payments will be disbursed by Debtor.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
| --- | --- | --- | --- | --- |
|  |  |  |  |  |

| CLASS 5C |
| --- |

☐ **Other separately classified nonpriority unsecured claims.**

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT TO BE PAID ON THE CLAIM | INTEREST RATE | ESTIMATED TOTAL AMOUNT OF PAYMENTS |
| --- | --- | --- | --- | --- |
|  |  |  |  |  |

☐ See attachment for additional claims in Class 5.

| CLASS 6 |
| --- |

### SURRENDER OF COLLATERAL

*Check one.*

☐ **None.** *If "None" is checked, the rest of this form for Class 6 need not be completed.*

☑ Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor requests that upon confirmation of the Plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Class 5 above.

Property located at 27591 Kathy Court, Laguna Niguel, CA is in foreclosure and secured creditor U.S. Bank National Association has moved for relief from stay to proceed with sale based on post-petition default. Debtor estimated the property value at $1,650,000 in Schedule A and U.S. Bank's secured claim is $678,766 in its Motion for Relief. Debtor proposes to contribute the estimated surplus proceeds of $971,234 to the Plan.

| Creditor Name: | Description: |
| --- | --- |
| U.S. Bank National Association | 27591 Kathy Court, Laguna Niguel, CA 92677 |

☐ See attachment for additional claims in Class 6.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                    Page 10                                    **F3015-1.01.CHAPTER13.PLAN**

| CLASS 7 |
|---|

**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
Any executory contracts or unexpired leases not listed below are deemed rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 7 need not be completed.*

☐ The executory contracts and unexpired leases listed below are treated as specified (*identify the contract or lease at issue and the other party(ies) to the contract or lease*):

**Creditor Name:** _____

**Description:** _____
      ☐ **Rejected**         ☐ **Assumed; cure amount (if any): $** _____
                   **to be paid over _____ months**

**Creditor Name:** _____

**Description:** _____
      ☐ **Rejected**         ☐ **Assumed; cure amount (if any): $** _____
                   **to be paid over _____ months**

**Payments to be cured within _____ months of filing of the bankruptcy petition. All cure payments will be made through disbursements by the Chapter 13 Trustee.**

☐ See attachment for additional claims in Class 7.

**Section III. PLAN SUMMARY**

| | |
|---|---|
| **CLASS 1a** | $27,500.00 |
| **CLASS 1b** | $444,574.12 |
| **CLASS 1c** | $0.00 |
| **CLASS 2** | $3,624.09 |
| **CLASS 3B** | $0.00 |

| | |
|---|---|
| **CLASS 3C** | $356,085.00 |
| **CLASS 3D** | $0.00 |
| **CLASS 4** | $7,718.54 |
| **CLASS 5A** | $2,409,981.27 |
| **CLASS 5C** | $0.00 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                Page *11*                **F3015-1.01.CHAPTER13.PLAN**

| CLASS 7 | $0.00 |
|---|---|
| SUB-TOTAL | $3,249,483.02 |
| CHAPTER 13 TRUSTEE'S FEE<br>(Estimated 11% unless advised otherwise) | $324,948.30 |
| TOTAL PAYMENT | $3,574,431.32 |

## Section IV. NON-STANDARD PLAN PROVISIONS

☐ **None.** *If "None" is checked, the rest of Section IV need not be completed.*

**Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this Plan in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan. Any nonstandard Plan provision that does not comply with these requirements is <u>ineffective.</u>** A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form, or any Plan provision deviating from this form.

**The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.**

☐ A. <u>Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)].</u> Debtor will file motion(s) to value real or personal property of the bankruptcy estate and/or to avoid a lien pursuant to 11 U.S.C § 506(a) and (d), as specified in **Attachment A**.

☐ B. <u>Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)].</u> Debtor will file a Motion to avoid a judicial lien or nonpossessory, nonpurchase-money security interest, on real or personal property of the bankruptcy estate listed below pursuant to 11 U.S.C § 522(f). If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.

**Name of Creditor Lienholder/Servicer:** _____

**Description of lien and collateral (*e.g.*, 2ⁿᵈ lien on 123 Main St.):** _____

**Name of Creditor Lienholder/Servicer:** _____

**Description of lien and collateral (*e.g.*, 2ⁿᵈ lien on 123 Main St.):** _____

**Name of Creditor Lienholder/Servicer:** _____

**Description of lien and collateral (*e.g.*, 2ⁿᵈ lien on 123 Main St.):** _____

☐ See attachment for any additional liens and security interests to be avoided by separate 11 U.S.C. § 522(f) motion.

☑ C. <u>Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien.</u> Debtor proposes to modify the following secured claims and liens in this Plan without a separate motion or adversary proceeding - this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. **To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.LIEN.CONFRM and all related exhibits as instructed in that form. Note: Not all Judges will grant motions to value and/or avoid liens through this Plan. Please consult the specific Judge's Instructions/Procedures on the court's website for more information.**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*    Page 12    **F3015-1.01.CHAPTER13.PLAN**

### DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN

**TO CREDITOR LIENHOLDER/SERVICER** _____

_____

☐     Real property collateral (street address and/or legal description or document recording number, including county of recording):

_____

*(attach page with legal description of property or document recording number as appropriate)*.

☐     Other collateral (*add description such as judgment date, date and place of lien recording, book and page number*):

_____

☐     11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐     11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

*(check all that apply and see* LBR Form F 4003-2.4.ORDER.AFTERDISCH):

☐     (1) discharge under 11 U.S.C. § 1328, or

☐     (2) Upon completion of all Plan payments.

Value of collateral: ......................................................................................... $  **0.00**

Liens reducing equity (to which subject lien can attach): $  **0.00**   + $ ____ + $ ____ = .. ($  **0.00**   )

Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)):......................................  **0.00**   )

($

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable. (*Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.*)**

Amount of remaining secured claim (negative results should be listed as $-0): ........................... $  **0.00**

*Note*: See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

---

### DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN

**TO CREDITOR LIENHOLDER/SERVICER** _____

_____

☑     Real property collateral (street address and/or legal description or document recording number, including county of recording):

_____

*(attach page with legal description of property or document recording number as appropriate)*.

☐     Other collateral (*add description such as judgment date, date and place of lien recording, book and page number*):

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                Page 13              **F3015-1.01.CHAPTER13.PLAN**

☐     11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐     11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

*(check all that apply and see* LBR Form F 4003-2.4.ORDER.AFTERDISCH):

☐     (1) discharge under 11 U.S.C. § 1328, or

☐     (2) Upon completion of all Plan payments.

Value of collateral: ........................................................................................................... $   **0.00**

Liens reducing equity (to which subject lien can attach): $   **0.00**   + $ _____ + $ _____ = .. ($   **0.00**   )

Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)):.......................................   **0.00**   )
($

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable. (*Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.*)**

Amount of remaining secured claim (negative results should be listed as $-0): ............................ $   **0.00**

*Note*: See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

☐ See attachment(s) for additional request(s) to modify secured claims and liens by this Plan.

    D. **Other Non-Standard Plan Provisions (*use attachment, if necessary*):**

## V. REVESTING OF PROPERTY

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

**By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*            Page 14            **F3015-1.01.CHAPTER13.PLAN**

Date:    3-20-2024

Richard G. Heston 90738
Attorney for Debtor

Jeffrey Adams Gomez
Debtor 1

Debtor 2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

19700 Fairchild Road, Suite 280
Irvine, CA 92612

A true and correct copy of the foregoing document entitled (specify): **2nd Amended Chapter 13 Plan** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 3/20/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Amrane (SA) Cohen (TR)**   efile@ch13ac.com
- **Theron S Covey**   tcovey@raslg.com
- **Sean C Ferry**   sferry@raslg.com, bkecf@padgettlawgroup.com;sean.ferry@ecf.courtdrive.com
- **Lorenzo Nunez**   CSBK@GMFINANCIAL.COM
- **Renee M Parker**   renee.parker@mtglawfirm.com, bknotice@earthlink.net;ecf@mtglawfirm.com
- **Amitkumar Sharma**   amit.sharma@aisinfo.com
- **Cheryl A Skigin**   caskigin@earthlink.net, caskigin@earthlink.net
- **Mukta Suri**   Mukta.Suri@BonialPC.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Jennifer C Wong**   bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) 3/20/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Theodor C. Albert, Chief Judge
United States Bankruptcy Court
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

Kristina Smith
27591 Kathy Court
Laguna Niguel, CA 92677-6025

☐   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/20/2024 | Yanira Flores | /s/ Yanira Flores |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400
Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/3/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Richard G. Heston    rheston@hestonlaw.com,
yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email
Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
Matthew J Stockl    matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Julie J Villalobos    julie@oaktreelaw.com,
oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com
Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 2/3/2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Kristina Lynn Smith
27591 Kathy Ct
Laguna Niguel, CA 92677

Howard Smith
28822 Via De Luna
Laguna Niguel, CA 92677

Kerrry Kavanaugh
4511 Isabella Lane
Dallas, TX 75229

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 2/3/2025 | Benjamin Heston | /s/Benjamin Heston |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.