Julie J. Villalobos (State Bar # 263382)
Oaktree Law
3355 Cerritos Ave., Los Alamitos, CA 90720
Telephone:    (562)741-3938
Facsimile:    (888)408-2210
Julie@oaktreelaw.com

Attorney for Debtors,
Kristina Smith

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Kristina Smith,<br><br>　　　　Debtor. | CASE NO.:  8:24-bk-12527-TA<br><br>Chapter 13<br><br>**RESPONSE TO MOTION TO DISMISS BANKRUPTCY CASE DUE TO BAD FAITH FILING;**<br>**DECLARATION OF KRISTINA SMITH IN SUPPORT THEREOF**<br><br>Date: 2/11/25<br>Time: 11:00 a.m.<br>Place: 5B *VIA ZOOM* |

**TO THE HONORABLE THEODOR ALBERT, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

　　Counsel for **Kristina Smith,**  ("Debtor"), submits the following Response to Motion to Dismiss Bankruptcy Case Due to Bad Faith Filing, (" Motion"), that was filed by  Jeffrey Adams Gomez, (" Gomez") on January 21. 2025.

1

1. On October 3, 2024 Debtor filed the instant Chapter 7 Bankruptcy case. See Declaration of Kristina Smith, paragraph 2.

2. On January 21, 2025 Jeffrey Adams Gomez filed a Motion to Dismiss Bankruptcy Case due to Bad Faith Filing. See Declaration of Kristina Smith, paragraph 3.

3. On January 28, 2025, Trustee Richard Marshack, by and through Counsel filed an Opposition to the Motion. Debtor hereby is filing her response in support of the Trustee's Opposition, with a Declaration of Debtor contained herein. See Declaration of Kristina Smith, paragraph 4.

4. Gomez cites that Debtor's case should be dismissed for bad faith under case law that the Trustee has already distinguished in his Opposition does not apply here. Debtor would further like to bring to the Court's attention that her bankruptcy filing was not a strategic move to "side step" the Order entered in state court for the sale of Debtor's Primary Residence at 27591 Kathy Ct Laguna Niguel, CA 92677 ("Primary Residence") and Debtor has been cooperating with the Chapter 7 Trustee in marketing and selling the Primary Residence through her bankruptcy case, in cooperation with the Order, and for the benefit of creditors. See Declaration of Kristina Smith, paragraph 5.

5. Gomez cites several inaccuracies in Debtor's schedules, including the failure to disclose a Rolex watch, a storage unit and other assets. The Debtor lost the Rolex watch in 2022 and does not know where that watch is. See Declaration of Kristina Smith, paragraph 6. The storage unit the Debtor had was closed in October of 2023 for failure to make the payments. See Declaration of Kristina Smith, paragraph 7.

6. Gomez references medical debt that Debtor claimed on her bankruptcy schedules and states those would be paid by Kaiser if Debtor filed a claim. The medical expenses listed by Debtor cannot be covered by Kaiser. See Declaration of Kristina Smith, paragraph 8.

7. Gomez alleges that the debts Debtor listed due to Howard Smith and Kerry Kavanaugh are not actual debts. Debtor does in fact owe her father Howard Smith and her sister Kerry Kavanaugh the debt she disclosed in her schedules. See Declaration of Kristina Smith, paragraph 9.

1  Gomez makes several allegations about Debtor's income in her schedules. Debtor does not have a live in boyfriend and no other income sources besides those listed in schedules. See Declaration of Kristina Smith, paragraph 10.

Debtor has been in cooperation with the Chapter 7 Trustee, his counsel of record. Debtor will continue to assist the Trustee in administering assets of the Estate which is in the best interest of creditors. See Declaration of Kristina Smith, paragraph 11.

Based upon the foregoing, Counsel for the Debtor asks that the Court deny the Motion.

Dated:                                              OAKTREE LAW


                                    By: _____
                                         Julie J. Villalobos, Attorney for Debtor

**Declaration of Kristina Smith**

3

OPPOSITION TO MOTION TO COMPEL

I, Kristina Smith, declare and state as follows:

1. I am the Debtor in the above referenced case and if called to testify could, and would, do so competently.

2. On October 3, 2024 I filed the instant Chapter 7 Bankruptcy case.

3. On January 21, 2025 Jeffrey Adams Gomez filed a Motion to Dismiss Bankruptcy Case due to Bad Faith Filing.

4. On January 28, 2025, Trustee Richard Marshack, by and through Counsel filed an Opposition to the Motion. I hereby am filing my response in support of the Trustee's Opposition, with my declaration under penalty of perjury.

5. Gomez cites that my case should be dismissed for bad faith under case law that the Trustee has already distinguished in his Opposition does not apply here. I would further like to bring to the Court's attention that my bankruptcy filing was not a strategic move to "side step" the Order entered in state court for the sale of my Primary Residence at 27591 Kathy Ct Laguna Niguel, CA 92677 ("Primary Residence") and I have been cooperating with the Chapter 7 Trustee in marketing and selling the Primary Residence through my bankruptcy case, in cooperation with the Order, and for the benefit of creditors.

6. Gomez cites several inaccuracies in my schedules, including the failure to disclose a Rolex watch, a storage unit and other assets. I lost the Rolex watch in 2022 and do not know where that watch is.

7. The storage unit I had was closed in October of 2023 for failure to make the payments.

8. Gomez references medical debt that I claimed on my bankruptcy schedules and states those would be paid by Kaiser if I filed a claim. The medical expenses listed by me cannot be covered by Kaiser.

9. Gomez alleges that the debts I listed due to Howard Smith and Kerry Kavanaugh are not actual debts. I do in fact owe my father Howard Smith and my sister Kerry Kavanaugh the debt disclosed in my schedules.

10. Gomez makes several allegations about my income in my schedules. I do not have a live in boyfriend and no other income sources besides those listed in schedules.

11. I have been in cooperation with the Chapter 7 Trustee, and his counsel of record. I will continue to assist the Trustee in administering assets of the Estate which is in the best interest of creditors.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on February _____, 2025 at _____, California.

_____
Kristina Smith

OPPOSITION TO MOTION TO COMPEL