Jeffrey Adams Gomez Pro Per
P.O. Box 1718
Upland, CA 97185
(909) 477-9821
jeff@jeffadams.com



# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.: 8:24-bk-12527-TA |
| | Chapter 7 |
| KRISTINA LYNN SMITH | **MOTION TO STRIKE DEBTORS RESPONSE TO MOTION TO DISMISS BANKRUPTCY CASE DUE TO BAD FAITH FILING** |
| Debtor, | Hearing Information:<br>Date: 2/11/2025<br>Time: 11:00 AM<br>Place: Courtroom 5B (Zoom) |

**MOTION TO STRIKE DEBTOR'S RESPONSE TO MOTION TO DISMISS BANKRUPTCY CASE DUE TO BAD FAITH FILING**

TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Creditor and Movant, JEFFREY ADAMS GOMEZ (hereinafter "Movant"), respectfully moves this Court to strike Debtor KRISTINA LYNN SMITH's ("Debtor") Response to Motion to Dismiss Bankruptcy Case Due to Bad Faith Filing (the "Response"), and states as follows:

### I. INTRODUCTION

1. On January 21, 2025, Movant filed a Motion to Dismiss the Debtor's Chapter 7 Bankruptcy Case on the grounds of bad faith pursuant to 11 U.S.C. § 707(a).
2. On January 28, 2025, the Chapter 7 Trustee filed an Opposition to Movant's Motion.

**TO MOTION TO STRIKE DEBTORS RESPONSE TO MOTION TO DISMISS BANKCRUPTY CASE DUE TO BAD FAITH FILING**

1

3. On February 4, 2025, Debtor filed her Response to the Motion to Dismiss, failing to adequately address the legal arguments presented by Movant and relying on inadmissible, irrelevant, and misleading statements.
4. Movant hereby requests that the Court strike Debtor's Response in its entirety on the grounds that it fails to refute Movant's legal arguments, contains unsupported factual assertions, and improperly attempts to supplement the Trustee's arguments without independent legal reasoning.

## II. GROUNDS FOR STRIKING DEBTOR'S RESPONSE

### A. Debtor's Response Improperly Attempts to Supplement the Trustee's Opposition

5. **Debtor's Response Was Filed Late** – The Response was due within the deadline set by the Court's rules, yet it was filed seven (7) days late without any motion for an extension or justification for the delay. Bankruptcy courts strictly enforce filing deadlines to ensure fairness and efficiency in proceedings. A late filing is grounds for striking a response, especially where the Debtor has made no attempt to request leave for late submission. Courts have routinely rejected untimely filings that fail to comply with procedural rules, and this Court should do the same here.

6. **Debtor's Response Was Not Signed** – The Response fails to meet the basic procedural requirement of including a signature, making it legally deficient under Rule 9011 of the Federal Rules of Bankruptcy Procedure. A pleading or motion must be signed by the filing attorney or the party, certifying its accuracy and compliance with the rules. The absence of a signature renders the Response procedurally improper and invalid, and it should be stricken from the record as a defective filing.

7. Because the Response was both untimely and unsigned, it is not properly before the Court and should be disregarded in its entirety.

### B. Debtor's Response Fails to Address the Legal Standard for Dismissal Under 11 U.S.C. § 707(a)

8. Debtor's Response merely reiterates the Trustee's argument that bad faith cannot constitute "cause" for dismissal under Chapter 7. However, as Movant's Motion establishes, multiple courts have found that bad faith is a valid basis for dismissal under § 707(a), contrary to Debtor's assertions. The Trustee and Debtor selectively rely on *Neary v. Padilla*, 222 F.3d 1184 (9th Cir. 2000), which held that bad faith alone may not constitute cause under § 707(a). However, courts have since clarified that while bad faith is not explicitly listed in § 707(a), it can still constitute cause for dismissal when viewed under the totality of the circumstances.
9. Debtor fails to cite any legal authority distinguishing the numerous Chapter 7 cases in which courts have dismissed for bad faith. In *In re Piazza*, 719 F.3d 1253 (11th Cir. 2013), the Eleventh Circuit held that bad faith constitutes "cause" for dismissal under §

TO MOTION TO STRIKE DEBTORS RESPONSE TO MOTION TO DISMISS BANKCRUPTY CASE DUE TO BAD FAITH FILING

2

707(a), particularly when a debtor abuses the bankruptcy system to manipulate creditors or evade financial obligations. Similarly, *In re Krueger*, 812 F.3d 365 (5th Cir. 2016), reaffirmed that dismissal is appropriate where a debtor's conduct demonstrates a deliberate misuse of bankruptcy protections. Likewise, *In re Zick*, 931 F.2d 1124 (6th Cir. 1991), confirmed that courts have the discretion to dismiss Chapter 7 cases when the debtor's intent is to hinder, delay, or manipulate creditors rather than seek genuine financial relief.

10. The Debtor makes no effort to rebut or distinguish these cases, nor does she provide any legal precedent to support her claim that bad faith cannot be considered under § 707(a). Instead, she relies on conclusory statements and unsupported assertions. Courts recognize that while bad faith alone may not always suffice, when combined with other factors such as fraudulent intent, abuse of the system, or evasion of lawful obligations, it is sufficient grounds for dismissal under § 707(a).

11. The Debtor's actions fall squarely within the type of conduct deemed abusive in these cases. She filed for Chapter 7 bankruptcy immediately after an adverse state court ruling ordering the sale of the community property, indicating an improper motive. She further failed to disclose assets accurately, made misrepresentations about her financial status, and attempted to use the bankruptcy process as a shield from state court enforcement. These factors, when viewed in their totality, demonstrate precisely the kind of bad faith that justifies dismissal under well-established case law.

## C. Debtor's Response Contains Irrelevant and Misleading Statements

12. Debtor's claim that she "lost" the Rolex watch in 2022 is an unsupported assertion without any evidentiary backing. Such a claim, made solely in a self-serving declaration, lacks credibility and should be stricken. The Debtor provides no police report, insurance claim, or other documentation to confirm the alleged loss. Given that the Rolex was omitted from the bankruptcy schedules entirely, the claim that it was lost only after the omission was challenged raises further concerns about the reliability of her statements. In fact, in our Family Law Matter as recently as 2023 on her Declaration of Assets, she claimed she had the Rolex in her possession, which is a stark contrast to what she is claiming and refutes any claim that she lost the Rolex in 2022. **See Exhibit "A".** Courts have routinely dismissed similar unverified assertions when raised as an afterthought in response to legal challenges.

13. Debtor's assertion that the storage unit was "closed in October 2023 for failure to make payments" is irrelevant to whether she had the obligation to disclose it in her bankruptcy schedules. The key issue is whether she possessed or controlled assets stored within that unit before its closure. If the unit contained valuable items prior to its forfeiture, the failure to list it in her schedules remains a material omission. The Debtor does not

**TO MOTION TO STRIKE DEBTORS RESPONSE TO MOTION TO DISMISS BANKCRUPTY CASE DUE TO BAD FAITH FILING**

3

provide any documentation to show when and how the contents were handled, further undermining the credibility of this claim.

14. Debtor's claim that her medical debt is not covered by insurance is also unsupported by documentation. Movant has provided sufficient evidence demonstrating that many of these debts could have been paid by Kaiser if properly submitted. The Debtor fails to present insurance denial letters, policy exclusions, or other records proving that the debts are not covered. Instead, she merely asserts that coverage does not apply, without any substantiation. Courts have recognized that debtors bear the burden of proving the necessity and legitimacy of their claims, and vague, unsubstantiated statements fail to meet this standard. There have been no claims submitted by any medical providers.

**Debtor's Response Relies on Hearsay and Inadmissible Self-Serving Statements**

15. The Response is based largely on Debtor's own declaration, which is filled with hearsay, self-serving statements, and conclusions lacking factual support. A response must be supported by objective, verifiable evidence, which is absent in this case. Assertions about the disposition of her Rolex, the closure of a storage unit, and her medical debts are entirely uncorroborated and should be stricken from the record.

16. Courts have held that a party's "self-serving declaration, without more, is insufficient to create a genuine dispute of material fact." See *FTC v. Publrs. Bus. Servs. Inc.*, 540 F. App'x 555, 558 (9th Cir. 2013). In this case, the Debtor's entire Response hinges on her personal account, which is unsupported by independent evidence. Without corroborating documentation, these statements lack probative value and should not be considered by the Court.

17. Debtor's declaration fails to provide any documentary evidence—such as financial statements, sworn affidavits from third parties, or corroborating records—to substantiate her claims, rendering them inadmissible. For example, if the Rolex was indeed lost, a police report or insurance claim should exist. If the storage unit was closed, records from the storage facility should confirm this, along with an inventory of any forfeited items. The failure to provide such evidence suggests that these claims are either fabricated or exaggerated to avoid dismissal.

**TO MOTION TO STRIKE DEBTORS RESPONSE TO MOTION TO DISMISS BANKCRUPTY CASE DUE TO BAD FAITH FILING**

4

### D. Debtor's Response Improperly Attempts to Supplement the Trustee's Opposition

18. Debtor does not provide an independent legal argument; instead, she attempts to bolster the Trustee's Opposition by restating his arguments without adding any substantive legal reasoning. Rather than distinguishing the legal precedents cited in Movant's Motion to Dismiss, Debtor simply adopts the Trustee's position and repeats the assertion that bad faith is not a basis for dismissal under Chapter 7—without addressing the numerous cases that have held otherwise.

19. Debtor's failure to present new legal analysis or case law supporting her position suggests that her Response serves no legitimate purpose beyond redundancy and should be stricken. A proper opposition must present independent reasoning and cite applicable precedent, rather than merely echoing arguments already made by another party. Because Debtor fails to do so, her Response is legally deficient and should be disregarded in its entirety.

### III. CONCLUSION

For the reasons stated above, Movant respectfully requests that this Court strike Debtor's Response to Motion to Dismiss Bankruptcy Case Due to Bad Faith Filing in its entirety, or in the alternative, disregard the unsupported and inadmissible portions of Debtor's Response.

Dated: February 6, 2025

_____
Jeffrey Adams Gomez, Pro Per

**TO MOTION TO STRIKE DEBTORS RESPONSE TO MOTION TO DISMISS BANKCRUPTY CASE DUE TO BAD FAITH FILING**

5

Exhibit "A"

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF** ORANGE

I have read the foregoing **PETITIONER'S RESPONSES TO FORM INTERROGATORIES - FAMILY LAW, SET TWO**
and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☒ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner ☐ a                                of                                ,
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.
☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for                                ,
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on   Janaury 23, 2023                              , at   Laguna Niguel                              , California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

KRISTINA SMITH                                                           /s/ Kristina Smith
                                                                          34944637E2534E7
**TYPE OR PRINT NAME**                                                    **SIGNATURE**

## PROOF OF SERVICE
1013a (3) CCP Revised 2004

**STATE OF CALIFORNIA, COUNTY OF** ORANGE

I am employed in the county of                                                        , State of California.
I am over the age of 18 and not a party to the within action; my business address is:


On                                                        , I served the foregoing document described as


on                                                                                                        in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:




☐ **BY MAIL**
☐ *I deposited such envelope in the mail at                                                        , California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at                                California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on                                    , at                                    , California.
☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.
Executed on                                    , at                                    , California.
☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.


................................................................                    ................................................................
**TYPE OR PRINT NAME**                                                                **SIGNATURE**
                                                                                      *(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
                                                                                      **(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

NONJC-015 (Rev. 01/01/2011)                  **VERIFICATION/PROOF OF SERVICE**

CEB® Essential
ceb.com  Forms®

**Attachment "3" to Schedule of Assets and Debts**
Orange County Superior Court Case No. 17 D 00-05-90
Marriage of Smith and Gomez

| Assets - Description | Sep. Prop. | Date Acquired | Current Gross Fair Market Value ($) | Amount of Money Owed or Encumbrances ($) |
|---|---|---|---|---|
| (a) 2008 Rolex Watch [W] | P | Dur. Marr. | Unknown | Unknown |
| (b) Rolex Watches (4) [H] | | Dur. Marr. | Unknown | Unknown |
| (c) Gold [H] | | Dur. Marr. | Unknown | Unknown |
| (d) Silver [H] | | Dur. Marr. | Unknown | Unknown |
| (e) Engagement/Promise Ring [H] | | Dur. Marr. | 9,000 | 0 |
| (f) Rare blue stone [H] | | Dur. Marr. | Unknown | Unknown |
| | | | | |
| **Total** | | | **$0** | **$0** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1384 Augusta Drive
Upland, Ca 91786

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*) ~~Supplemental Declaration In Response To Trustee's Opposition To Motion To Dismiss~~ *MOTION TO STRIKE DEBTORS RESPONSE TO MOTION TO DISMISS Bankruptcy Case Due To Bad Faith filing* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/4/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Richard Marshack.   rmarshack@marshackhays.com
US Trustee.   ustpregion.16sa@usdoj.gov
Julie J. Villalobos.   julie@oaktreelaw.com

[X] Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 2/4/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Theodor C. Albert, Chief Judge
United States Bankruptcy Court
411 West Fourth Street, Suite 5085, Courtroom 5B
Santa Ana, Ca 92701-4593

[X] Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/4/2025 | Lisa Tobin | /s/ Lisa Tobin |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 3                    F 9013-1.1.HEARING.NOTICE