Julie J. Villalobos (State Bar # 263382)
**Oaktree Law**
3355 Cerritos Ave., Los Alamitos, CA 90720
Telephone:    (562)741-3938
Facsimile:     (888)408-2210
Julie@oaktreelaw.com

Attorney for Debtors,
Kristina Smith

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Kristina Smith,<br><br>       Debtor. | CASE NO.:  8:24-bk-12527-TA<br><br>Chapter  7<br><br>**RESPONSE TO MOTION TO DISMISS BANKRUPTCY CASE DUE TO BAD FAITH FILING;**<br>**DECLARATION OF KRISTINA SMITH IN SUPPORT THEREOF**<br><br>Date: 2/11/25<br>Time: 11:00 a.m.<br>Place: 5B *VIA ZOOM* |

**TO THE HONORABLE THEODOR ALBERT, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

Counsel for **Kristina Smith,** ("Debtor"), submits the following Response to Motion to Dismiss Bankruptcy Case Due to Bad Faith Filing, (" Motion"), that was filed by Jeffrey Adams Gomez, (" Gomez") on January 21. 2025.

1

1   On October 3, 2024 Debtor filed the instant Chapter 7 Bankruptcy case. See Declaration of Kristina Smith, paragraph 2.

2   On January 21, 2025 Jeffrey Adams Gomez filed a Motion to Dismiss Bankruptcy Case due to Bad Faith Filing. See Declaration of Kristina Smith, paragraph 3.

3   On January 28, 2025, Trustee Richard Marshack, by and through Counsel filed an Opposition to the Motion. Debtor hereby is filing her response in support of the Trustee's Opposition, with a Declaration of Debtor contained herein. See Declaration of Kristina Smith, paragraph 4.

4   Gomez cites that Debtor's case should be dismissed for bad faith under case law that the Trustee has already distinguished in his Opposition does not apply here. Debtor would further like to bring to the Court's attention that her bankruptcy filing was not a strategic move to "side step" the Order entered in state court for the sale of Debtor's Primary Residence at 27591 Kathy Ct Laguna Niguel, CA 92677 ("Primary Residence") and Debtor has been cooperating with the Chapter 7 Trustee in marketing and selling the Primary Residence through her bankruptcy case, in cooperation with the Order, and for the benefit of creditors. See Declaration of Kristina Smith, paragraph 5.

5   Gomez cites several inaccuracies in Debtor's schedules, including the failure to disclose a Rolex watch, a storage unit and other assets. The Debtor lost the Rolex watch in 2022 and does not know where that watch is. See Declaration of Kristina Smith, paragraph 6. The storage unit the Debtor had was closed in October of 2023 for failure to make the payments. See Declaration of Kristina Smith, paragraph 7.

6   Gomez references medical debt that Debtor claimed on her bankruptcy schedules and states those would be paid by Kaiser if Debtor filed a claim. The medical expenses listed by Debtor cannot be covered by Kaiser. See Declaration of Kristina Smith, paragraph 8.

7   Gomez alleges that the debts Debtor listed due to Howard Smith and Kerry Kavanaugh are not actual debts. Debtor does in fact owe her father Howard Smith and her sister Kerry Kavanaugh the debt she disclosed in her schedules. See Declaration of Kristina Smith, paragraph 9.

Gomez makes several allegations about Debtor's income in her schedules. Debtor does not have a live in boyfriend and no other income sources besides those listed in schedules. See Declaration of Kristina Smith, paragraph 10.

Debtor has been in cooperation with the Chapter 7 Trustee, his counsel of record. Debtor will continue to assist the Trustee in administering assets of the Estate which is in the best interest of creditors. See Declaration of Kristina Smith, paragraph 11.

Based upon the foregoing, Counsel for the Debtor asks that the Court deny the Motion.

Dated:   2/4/25                                        OAKTREE LAW

                                        By: _____
                                            July J. Villalobos, Attorney for Debtor

**Declaration of Kristina Smith**

3

I, Kristina Smith, declare and state as follows:

1. I am the Debtor in the above referenced case and if called to testify could, and would, do so competently.

2. On October 3, 2024 I filed the instant Chapter 7 Bankruptcy case.

3. On January 21, 2025 Jeffrey Adams Gomez filed a Motion to Dismiss Bankruptcy Case due to Bad Faith Filing.

4. On January 28, 2025, Trustee Richard Marshack, by and through Counsel filed an Opposition to the Motion. I hereby am filing my response in support of the Trustee's Opposition, with my declaration under penalty of perjury.

5. Gomez cites that my case should be dismissed for bad faith under case law that the Trustee has already distinguished in his Opposition does not apply here. I would further like to bring to the Court's attention that my bankruptcy filing was not a strategic move to "side step" the Order entered in state court for the sale of my Primary Residence at 27591 Kathy Ct Laguna Niguel, CA 92677 ("Primary Residence") and I have been cooperating with the Chapter 7 Trustee in marketing and selling the Primary Residence through my bankruptcy case, in cooperation with the Order, and for the benefit of creditors.

6. Gomez cites several inaccuracies in my schedules, including the failure to disclose a Rolex watch, a storage unit and other assets. I lost the Rolex watch in 2022 and do not know where that watch is.

7. The storage unit I had was closed in October of 2023 for failure to make the payments.

8. Gomez references medical debt that I claimed on my bankruptcy schedules and states those would be paid by Kaiser if I filed a claim. The medical expenses listed by me cannot be covered by Kaiser.

9. Gomez alleges that the debts I listed due to Howard Smith and Kerry Kavanaugh are not actual debts. I do in fact owe my father Howard Smith and my sister Kerry Kavanaugh the debt disclosed in my schedules.

10. Gomez makes several allegations about my income in my schedules. I do not have a live in boyfriend and no other income sources besides those listed in schedules.

11. I have been in cooperation with the Chapter 7 Trustee, and his counsel of record. I will continue to assist the Trustee in administering assets of the Estate which is in the best interest of creditors.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on February _____, 2025 at _____, California.

_____
Kristina Smith

5. Gomez cites that my case should be dismissed for bad faith under case law that the Trustee has already distinguished in his Opposition does not apply here. I would further like to bring to the Court's attention that my bankruptcy filing was not a strategic move to "side step" the Order entered in state court for the sale of my Primary Residence at 27591 Kathy Ct Laguna Niguel, CA 92677 ("Primary Residence") and I have been cooperating with the Chapter 7 Trustee in marketing and selling the Primary Residence through my bankruptcy case, in cooperation with the Order, and for the benefit of creditors.

6. Gomez cites several inaccuracies in my schedules, including the failure to disclose a Rolex watch, a storage unit and other assets. I lost the Rolex watch in 2022 and do not know where that watch is.

7. The storage unit I had was closed in October of 2023 for failure to make the payments.

8. Gomez references medical debt that I claimed on my bankruptcy schedules and states those would be paid by Kaiser if I filed a claim. The medical expenses listed by me cannot be covered by Kaiser.

9. Gomez alleges that the debts I listed due to Howard Smith and Kerry Kavanaugh are not actual debts. I do in fact owe my father Howard Smith and my sister Kerry Kavanaugh the debt disclosed in my schedules.

10. Gomez makes several allegations about my income in my schedules. I do not have a live in boyfriend and no other income sources besides those listed in schedules.

11. I have been in cooperation with the Chapter 7 Trustee, and his counsel of record. I will continue to assist the Trustee in administering assets of the Estate which is in the best interest of creditors.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on February 4, 2025 at Laguna Niguel, California.

*Kristina Smith*
Kristina Smith

1

OPPOSITION TO MOTION TO COMPEL

| In re:<br>**Kristina Lynn Smith**<br>Debtor(s). | CHAPTER: **7**<br>CASE NUMBER: **8:24-bk-12527-TA** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3355 Cerritos Ave.
Los Alamitos, CA 90720

A true and correct copy of the foregoing document entitled (*specify*): **RESPONSE TO MOTION TO DISMISS BANKRUPTCY CASE DUE TO BAD FAITH FILING; DECLARATION OF KRISTINA SMITH IN SUPPORT THEREOF**
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On __2/4/25__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Benjamin Heston    bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
Richard G. Heston    rheston@hestonlaw.com, yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email
Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
Matthew J Stockl    matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Julie J Villalobos    julie@oaktreelaw.com, oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com
Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On __2/4/25__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Creditor:
Jeffrey Adams Gomez
27931 Hedgeline Drive
Laguna Niguel, CA 92677

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/4/25 | **Julie J. Villalobos 263382** | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                        **9013-3.1.PROOF.SERVICE**