Jeffrey Adams Gomez
Pro Per
P.O. Box 1718
Upland, CA  97185
(909) 477-9821
jeff@jeffadams.com



**FILED**

FEB - 7 2025

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                          Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

|  |  |
|---|---|
| In re | Case No.: 8:24-bk-12527-TA |
|  | Chapter 7 |
| KRISTINA LYNN SMITH | **SUPPLEMENTAL DECLARATION IN RESPONSE TO TRUSTEE'S OPPOSITION TO MOTION TO DISMISS** |
| Debtor, | Hearing Information: <br> Date: February 11, 2025 <br> Time: 11:00AM <br> Place: Courtroom 5B (Zoom) |

## I. INTRODUCTION

1. I submit this Supplemental Declaration in response to the Chapter 7 Trustee's Opposition to my Motion to Dismiss Bankruptcy Case Due to Bad Faith Filing.

2. The Trustee opposes my motion by arguing that bad faith is not a basis for dismissal in Chapter 7 cases under 11 U.S.C. § 707(a), claiming that the case law I previously cited applies only to Chapter 13 cases.

3. However, numerous courts have dismissed Chapter 7 cases for bad faith when the totality of the circumstances shows an abuse of the bankruptcy process. The Ninth

**SUPPLEMENTAL DECLARATION IN RESPONSE TO TRUSTEE'S**
**OPPOSITION TO MOTION TO DISMISS**

1

Circuit and other courts have established that bad faith is a legitimate basis for dismissal under 11 U.S.C. § 707(a).

4. The facts of this case demonstrate that the Debtor filed this Chapter 7 bankruptcy in bad faith to circumvent court orders and obstruct the sale of our community property.

5. The timing of the filing, misrepresentation of financials, and intent to frustrate state court proceedings all strongly support dismissal under 11 U.S.C. § 707(a).

## II. BAD FAITH IS A VALID BASIS FOR DISMISSAL UNDER CHAPTER 7

6. The Trustee incorrectly argues that bad faith is not a basis for dismissal under 11 U.S.C. § 707(a). Courts, however, have repeatedly dismissed Chapter 7 cases for bad faith, particularly where a debtor's conduct demonstrates an abuse of the bankruptcy process.

7. In re Krueger, 812 F.3d 365 (5th Cir. 2016) – The court dismissed a Chapter 7 case for bad faith where the debtor filed bankruptcy solely to hinder state court proceedings and manipulate the legal system. This case is directly applicable to the facts here.

8. In re Mitchell, 357 B.R. 142 (Bankr. C.D. Cal. 2006) – The court dismissed a Chapter 7 case for abuse of the bankruptcy process, holding that when a debtor's conduct indicates an intent to delay, defraud, or obstruct legitimate legal proceedings, dismissal is warranted under 11 U.S.C. § 707(a).

9. In re Lombard, 739 F.2d 499 (10th Cir. 1984) – The court dismissed a Chapter 7 case where the debtor used bankruptcy solely to evade state court rulings. The similarities to this case are striking: The Debtor here filed just days after the Family Court ruled to sell the community property.

10. In re Schwartz, 799 F.3d 760 (7th Cir. 2015) – The Seventh Circuit ruled that if a debtor files bankruptcy with no legitimate financial purpose but rather to obstruct legal proceedings, the case should be dismissed for bad faith.

**SUPPLEMENTAL DECLARATION IN RESPONSE TO TRUSTEE'S
OPPOSITION TO MOTION TO DISMISS**

11. In re Tamecki, 229 F.3d 205 (3d Cir. 2000) – The Third Circuit affirmed dismissal of a Chapter 7 case based on bad faith conduct, ruling that courts have broad discretion to prevent abuse of bankruptcy protections.

12. These cases clearly establish that bad faith is a valid ground for dismissal in Chapter 7 and refute the Trustee's argument.

## III. THE TOTALITY OF CIRCUMSTANCES DEMONSTRATES BAD FAITH

### A. Filing Immediately After an Adverse State Court Ruling

13. In re Eisen, 14 F.3d 469 (9th Cir. 1994) held that when a debtor files bankruptcy immediately after an unfavorable ruling in state court, this is indicative of bad faith.

14. Here, the Debtor filed for Chapter 7 bankruptcy on October 3, 2024 - just days after the Family Court ordered the sale of our community property.

15. This timing suggests a clear intent to obstruct the sale and frustrate the enforcement of the Family Court's ruling, which is a textbook example of bad faith.

### B. Debtor's Misrepresentation of Assets and Financials

16. Courts have dismissed Chapter 7 cases where a debtor misrepresented assets, debts, or financial status to manipulate bankruptcy proceedings.

17. In In re Leavitt, 171 F.3d 1219 (9th Cir. 1999), the court dismissed the case after finding misrepresentations and an intent to manipulate the system.

18. The Debtor in this case misrepresented assets, debts and her financial status to manipulate the bankruptcy proceedings:

1. She exaggerated and fraudulently created debt including those to her family members, which conflict with amounts stated in her family court filings.

2. She concealed financial support from her live-in boyfriend, Kevin O'Brien.

3. She listed medical debt covered by Kaiser health insurance.

**SUPPLEMENTAL DECLARATION IN RESPONSE TO TRUSTEE'S**
**OPPOSITION TO MOTION TO DISMISS**

4. She falsely misrepresented domestic support obligations and even claimed that movant is responsible for making the mortgage payment on the residence that she currently resides in, a residence that Movant has not lived in for over 8+ years!

5. She falsely characterized Movant's sole and separate property as community property creating the appearance of significant nonexempt property.

6. She failed to disclose the pre-marital agreement in which she had legal representation, and a notary public present during the signing proving there was no coercion or duress.

7. She did not use her legal name at the time of her bankruptcy filing.

8. **She failed to disclose her involvement in Movant's recent Chapter 13 bankruptcy filing to hide the fact that she was GRANTED a modified relief from stay to proceed in the non-bankruptcy forum by the Honorable Judge Albert in which she failed to act.**

9. **She failed to disclose the Family Court proceeding in which the parties stipulated to sell the Kathy Ct. property and agreed to various terms of the sale just 2 DAYS prior to debtor filing for Chapter 7 bankruptcy.**

19. These misrepresentations mirror those in Leavitt and further demonstrate bad faith intent.

## C. Filing Solely to Delay and Hinder State Court Proceedings

20. The Ninth Circuit has held that bankruptcy should not be used as a litigation tactic to avoid compliance with state court orders.

21. In In re Mitchell, 357 B.R. 142 (Bankr. C.D. Cal. 2006), the court dismissed a case where the debtor filed bankruptcy only to obstruct a state court order, just as the Debtor has done here.

22. In re Spagnolia, 199 B.R. 362 (Bankr. W.D. Ky. 1995) similarly found that using bankruptcy to gain leverage in family law disputes constitutes bad faith and warrants dismissal.

**SUPPLEMENTAL DECLARATION IN RESPONSE TO TRUSTEE'S**
**OPPOSITION TO MOTION TO DISMISS**

4

## IV. THE TRUSTEE'S ARGUMENTS IGNORE BANKRUPTCY POLICY

23. The Trustee's opposition misinterprets the role of bad faith in Chapter 7 dismissals.

24. Courts have broad discretion under 11 U.S.C. § 707(a) to prevent abuse of the bankruptcy system, as stated in re Tamecki, 229 F.3d 205 (3d Cir. 2000).

25. The Trustee argues that bad faith dismissals apply only in Chapter 13, but courts have repeatedly dismissed Chapter 7 cases for bad faith when abuse is evident.

26. The Bankruptcy Code does not protect those who misuse it to avoid legal obligations.

## V. CONCLUSION

27. Based on well-established case law and the overwhelming evidence of bad faith, I respectfully request that this Court:

   A. Dismiss Kristina Lynn Smith's Petition for Chapter 7 Bankruptcy, with prejudice, pursuant to 11 U.S.C. § 707(a). In the alternative, excluding from this proceeding, any property not in the Debtor's name or otherwise protected by applicable state law including property subject to the premarital agreement.

   B. Bar Debtor from refiling for one year to prevent further misuse of the Bankruptcy Code.

   C. Impose sanctions on Debtor for the bad faith filing pursuant to Federal Rule of Bankruptcy Procedure 9011 and U.S.C. § 362(k).

   D. Grant relief for any actual damage suffered due to Debtor's misuse of the bankruptcy process, including additional compensatory damages if deemed appropriate.

**SUPPLEMENTAL DECLARATION IN RESPONSE TO TRUSTEE'S
OPPOSITION TO MOTION TO DISMISS**

E. Award attorney's fees and costs incurred by Movant in bringing this Motion pursuant to 11 U.S.C. § 105 (a) and any other applicable authority.

F. Any further relief the Court deems appropriate, including a review of any future filings by Debtor.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 3, 2025
Respectfully submitted,

Jeffrey Adams Gomez, Pro Per

**SUPPLEMENTAL DECLARATION IN RESPONSE TO TRUSTEE'S OPPOSITION TO MOTION TO DISMISS**

6