Yosina M. Lissebeck (State Bar No. 201654)
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone:  619.400.0500
Facsimile:  619.400.0501
yosina.lissebeck@dinsmore.com

Matthew J. Stockl (State Bar No. 329366)
**DINSMORE & SHOHL LLP**
550 South Hope Street, Suite 1765
Los Angeles, CA 90071
Telephone: 213.335.7737
Facsimile: 213.335.7740
matthew.stockl@dinsmore.com

Proposed Counsel to the Chapter 7 Trustee,
Richard A. Marshack

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Kristina Lynn Smith,<br><br>    Debtor. | Case No. 8:24-bk-12527-TA<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) (ACTION IN NONBANKRUPTCY FORUM)**<br><br><u>Hearing</u>:<br>Date:    March 4, 2025<br>Time:   10:30 a.m.<br>Place:   Courtroom 5B<br>            411 W Fourth St.<br>            Santa Ana, CA 92701<br>            via ZoomGov |

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE; JEFFREY ADAMS GOMEZ; THE DEBTOR; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL OTHER INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

1

Richard A. Marshack, court-appointed chapter 7 trustee (the "Trustee") in the above-captioned chapter 7 case (the "Case") of the debtor Kristina Lynn Smith (the "Debtor"), hereby files this opposition ("Opposition") to the *Notice of Motion and Motion for Relief from Stay under 11 U.S.C. § 362 (with supporting declarations) (Action in Nonbankruptcy Forum)* [ECF No. 32] ("Motion") filed by Jeffrey Adams Gomez ("Gomez" or "Movant"). This Opposition is supported by the record and all other relevant papers and pleadings on file with this Court in the Case, all oral and documentary evidence which may be presented prior to or at the hearing on the Motion, and all matters of which the Court make take judicial notice. For the reasons set forth below, the Trustee requests that the Court deny the Motion its entirety.

I.    **STATEMENT OF RELEVANT FACTS**

On October 3, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court of the Central District of California. On or about October 3, 2024, the Trustee was appointed trustee in the Case.

As set forth on her *Schedule A/B*, the Debtor owns real property located at 27591 Kathy Court, Laguna Niguel, California 92677 (the "Laguna Property"). The Debtor also asserts an ownership interest in several investment properties, including: 1010 Moffatt, Rialto CA 92377; 4343 Alamitos St, Montclair CA 91763; 739 W H St, Ontario CA 91762; 14227 Weeping Ln, Fontana CA 92337; 7013 Ramona, Rancho Cucamonga CA 91701; 3588 N Lugo, San Bernardino CA 92404; and 137 South Terrace, San Bernardino CA 92410.

The Debtor and Mr. Gomez are involved in divorce proceedings pending before the Orange County Superior Court ("Family Court") as case number 17D000590 (the "Divorce Case"). Prior to the Petition Date, the Family Court ordered that the Laguna Property be sold.

The Trustee, through his proposed counsel, has questioned the Debtor at a meeting of creditors and conducted informal discovery. The Trustee has also reviewed documents, discussed values with real estate agents, and performed various other duties in this Case.

The Trustee believes that if the Laguna Property is sold, sufficient equity exists to pay the secured claim, liens, taxes, and costs of sale, and leave equity for the Estate for distribution to creditors listed on Debtor's schedules. For that reason, the Trustee will be filing an application to

2

1  retain a real estate broker in the Case to market and sell the Laguna Property, subject to Court
2  approval. The Trustee has also filed an application to retain Dinsmore & Shohl LLP as his general
3  bankruptcy counsel. [ECF No. 17].
4     Gomez filed the Motion for relief from stay "for cause" pursuant to § 362(d)(1). The
5  Motion argues that the Family Court should oversee the sale of the Laguna Property and that this
6  Case was filed in bad faith because the Case was filed two days after the Family Court ordered the
7  sale of the Laguna Property and that the Debtor misrepresented facts in her petition.
8     For the reasons set forth below, the Motion should be denied based on Movant's failure to
9  demonstrate cause to grant relief from stay.

## II.    ARGUMENT

There is no cause to grant relief from stay. "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause . . . ." 11 U.S.C. § 362(d)(1). Courts determine what constitutes "cause" on a case-by-case basis and have broad discretion to grant or deny relief from stay. *In re Am. Spectrum Realty, Inc.,* 540 B.R. 730, 737 (Bankr. C.D. Cal. 2015) (citing *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer),* 405 B.R. 915, 919, 921 (9th Cir. BAP 2009); *In re Plumberex Specialty Products, Inc.,* 311 B.R. 551, 556-57 (Bankr. C.D. Cal. 2004)). As set forth below, Movant has failed to establish a *prima facie* case that relief from stay is warranted in this Case.

### A.    Movant Has Failed to Meet His Burden of Proof

A party seeking relief from the automatic stay has an initial burden to establish "cause" for relief. If the movant fails to meet this burden, the court should deny the motion without any showing by the respondent.

> [T]he burden of going forward with evidence . . . is generally placed on the party seeking relief. . . . The moving party first must establish its *prima facie* case. Failure to prove a prima facie case requires denial of the requested relief. A *prima facie* case requires a showing by the movant of "a factual and legal right to the relief that it seeks."

3 Collier on Bankruptcy ¶ 362.10 (16th ed. 2024).

Similarly, as discussed in detail in *In re Kim,* 71 B.R. 1011 (Bankr. C.D. Cal. 1987):

3

> A creditor seeking relief from the automatic stay has the burden of producing evidence to make a prima facie case that the creditor is entitled to relief from stay.
>
> . . . .
>
> [T]he impact of the burden of producing evidence is substantive if the burden is not met: The party who fails to carry his burden loses on the issue to which the burden applies, and the ultimate burden of persuasion, which may lie on a different party, plays no role. In a motion for relief from stay, the motion must be denied if the moving creditor fails to make a prima facie case for relief from stay, and the burden of proof set forth in section 362(g) plays no role.
>
> The substantive impact of the allocation of the burden of producing evidence has two substantial policy foundations. First, a party is not permitted to prevail on an issue, even where the party does not have the ultimate burden of persuasion, unless the party introduces a certain quantum of evidence sufficient to put his opponent to the burden of producing evidence. Unless the quantum of proof on an issue reaches a certain threshold, no issue is raised that the opposing party is required to meet.

*In re Kim,* 71 B.R. at 1015-1016 (emphasis added); *see also Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.)*, 311 B.R. 551, 557 & n.11 (Bankr. C.D. Cal. 2004) ("To obtain relief from the automatic stay, the party seeking relief must first establish a *prima facie* case to the text of the note that "cause" exists for relief under § 362(d)(1). . . . A *prima facie* case requires the movant to establish 'a factual and legal right to the relief that it seeks.' . . . If the movant fails to meet its initial burden to demonstrate cause, relief from the automatic stay should be denied.").

In this case, Movant bears the burden of producing evidence to establish a prima facie case of "cause" for relief from stay. Movant has failed to meet this burden. The Motion attaches a cursory declaration of Mr. Gomez that merely recites a procedural history of the Divorce Case, including the transcript of the hearing where the parties agreed to sell the Laguna Property, and the procedural history of the Movant's own chapter 13 case, including stay relief and dismissal pleadings from that case. *See Declaration of Jeffrey Adams Gomez in Support of Motion for Relief from Stay* ("Gomez Decl.") ¶¶ 2-7 & Exhibits A-F. The only additional evidence offered in support of the Motion is Movant's assertions that the Debtor filed the Case in bad faith because of

alleged mischaracterizations of community and separate property, incorrectly scheduled debts, and Movant's belief that the "Family Court is uniquely equipped to resolve all issues related to the [Laguna] Property." *See* Gomez Decl. ¶¶ 8-9.

It is well-established that the mere existence of state court litigation is insufficient, as a matter of law, to constitute cause for relief from the automatic stay. *In re Curtis,* 40 B.R. 795, 803 (Bankr. D. Utah 1984) ("The determination of 'cause' is one that necessarily requires exercise of judicial judgment and involves mixed questions of fact and law. The Court holds that the existence of pending litigation in another forum filed after the commencement of the bankruptcy case, without more, does not constitute 'cause.'"); *In re Plumberex Specialty Prods., Inc.,* 311 B.R. 551 (Bankr. C.D. Cal. 2004) (Timing of debtor's filing, shortly after entry of $2.1 million judgment against it in patent infringement action, was insufficient, without more, to establish cause for relief from stay). Here, the mere existence of the Divorce Case and the fact that the parties agreed to sell the Laguna Property does not constitute "cause" for relief from stay.

### B.    The *Curtis* Factors Weigh in Favor of Denying the Motion

The Bankruptcy Code does not expressly define "cause" for relief from stay in the context of litigation in a non-bankruptcy forum. Case law, however, has developed multi-factor tests to determine whether there is "cause" to grant relief from stay to pursue litigation in a non-bankruptcy forum. The most widely accepted test requires application of the factors set forth in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). Numerous courts, including the Second Circuit Court of Appeals, and courts in the Central District of California, have adopted the list from *Curtis*, of twelve non-exclusive factors in deciding whether to lift the automatic stay to permit litigation to continue in another forum:

1. Whether the relief will result in a partial or complete resolution of the issues;
2. The lack of any connection with or interference with the bankruptcy case;
3. Whether the foreign proceeding involves the debtor as a fiduciary;
4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

5

5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties;

8. Whether the judgment claim arising from the foreign action is subject to equitable subordination;

9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

12. The impact of the stay and the "balance of hurt."

*See In re Am. Spectrum Realty, Inc.,* 540 B.R. 730, 737 (Bankr. C.D. Cal. 2015) (citing *In re Curtis,* 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)).

"The most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor in another forum is the effect of such litigation on the administration of the estate. Even slight interference with the administration may be enough to preclude relief in the absence of a commensurate benefit." *In re Landmark Fence Co.,* 2011 U.S. Dist. LEXIS 150928, at *10 (C.D. Cal. Dec. 9, 2011) (citing *Curtis,* 40 B.R. at 800).

In this Case, relief from stay would cause substantial interference with the administration of this Estate and cause unnecessary administrative expense which could negatively impact distributions to creditors. "The trustee's principal duty is to collect and reduce to money the property of the estate for which he serves, and to close up the estate as expeditiously as is compatible with the best interests of parties in interest." *See* 11 U.S.C. § 704 (Senate Report No. 95-989). Consistent with his duty, the Trustee intends to expeditiously sell the Laguna Property and administer Estate assets. Returning to the Family Court, where the Debtor and Movant have been engaged in protracted litigation for nearly a decade, would interfere with the administration

of the Estate. This, plus the totality of the *Curtis* factors discussed below favor denial of the Motion.

1. **First Factor - Whether the relief will result in a partial or complete resolution of the issues**

The first factor favors denying relief at this time because it is currently unknown if relief from stay will result in a complete adjudication of the issues. The Family Court does not have jurisdiction over property of the Estate. *See In re Teel*, 34 B.R. 762 (9th Cir. BAP 1983). In addition, while the Debtor and Movant agree that the Laguna Property is community property, they dispute the respective separate and community interests in the other investment properties listed on Debtor's schedules. The Trustee has not yet had the opportunity to fully analyze the interests in the investment properties. If relief from stay were granted, after completing his analysis the Trustee may deem it necessary to intervene in the Divorce Case regarding the rights of the Debtor and Movant to property division, in which case relief from stay may not result in a prompt or complete adjudication of the issues but protracted litigation including discovery. Accordingly, this factor weighs in favor of denying relief from stay at this time.

2. **Second Factor - The lack of any connection with or interference with the bankruptcy case**

The second factor favors denying the Motion because granting relief from stay would interfere with the bankruptcy case. As noted above, granting relief may force the Trustee to engage in state court litigation which could interfere with the bankruptcy case because it involves claims regarding the parties' respective rights to certain assets. Litigating in the Family Court would result in additional cost to the Estate when there exists a claims allowance process that would minimize such cost. Thus, this factor favors denying relief from stay at this time.

3. **Third Factor - Whether the foreign proceeding involves the debtor as a fiduciary**

While spouses are subject to the general rules governing fiduciary relationships, it is unclear if Movant has alleged breach of fiduciary duty in the Divorce Case. The Motion provides no evidence on this point and the Movant has not met his burden with respect to this factor.

7

Therefore, this factor is neutral or favors denial.

    4.    **Fourth Factor - Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases**

The fourth factor also favors denial of the Motion. As stated in the Motion, the main impetus for stay relief is to proceed with the sale of the Laguna Property. The sale of real estate does not involve unsettled issues of state law, nor does it require a specialized tribunal. The parties agree that the Laguna Property must be sold and the Trustee has a statutory duty to sell the Laguna Property. This Court is the appropriate forum to resolve any bankruptcy related issue with respect to the sale and the distribution of sale proceeds. Accordingly, this factor weighs in favor of denying relief from stay.

    5.    **Fifth Factor - Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation**

This factor is not applicable.

    6.    **Sixth Factor - Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question**

This factor is not applicable.

    7.    **Seventh Factor - Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties**

The seventh factor favors denying relief from stay because returning to Family Court would prejudice the interests of other parties, namely, creditors of this Estate. The Estate's creditors are not represented in the Divorce Case. In the bankruptcy claims process, any creditor may file an objection to claim. On the other hand, such creditors may not have standing to appear in the Divorce Case because they are not parties to that case. Movant has filed a claim in this Case. *See* Proof of Claim No. 7. To avoid prejudice to the Estate and all creditors, Movant's claim should be resolved by this Court where other creditors will have an opportunity to be heard and to receive ratable distributions of Estate assets.

/ / /

8. **Eighth Factor - Whether the judgment claim arising from the foreign action is subject to equitable subordination**

This factor is not applicable. The Trustee is currently unaware of any grounds to seek equitable subordination.

9. **Ninth Factor - Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f)**

This factor is not applicable.

10. **Tenth Factor - The interests of judicial economy and the expeditious and economical determination of litigation for the parties**

The tenth factor favors denying the Motion at this time because granting relief would likely lead to further disputes in Family Court, burdening the Family Court, the Trustee, and the Debtor with additional litigation. *See, e.g.*, *In re Conejo Enters., Inc.,* 96 F.3d 346 (9th Cir. 1996); *see also In re Patel,* 291 B.R. 169 (2003) ("[R]etaining the automatic stay in effect may promote judicial economy by preventing the duplication of litigation.").

11. **Eleventh Factor - Whether the foreign proceedings have progressed to the point where the parties are prepared for trial**

The Trustee is not aware of a trial date in the Divorce Case. The Motion provides no evidence on this point and the Movant has not met his burden with respect to this factor. As for the sale of the Laguna Property, the Family Court already ordered that the property be sold, and the most efficient sale will occur in the bankruptcy context. Therefore, this factor is neutral or favors denial.

12. **Twelfth Factor - The impact of the stay and the "balance of hurt."**

In analyzing this factor, courts balance the hardships as between the movant and the debtor. *See Curtis*, 40 B.R. at 807. Litigation costs may pose a hardship. *See id.* The Movant has not provided any analysis of the comparative costs between the Family Court and this Court. The only evidence before this Court is that the Debtor and Movant have been engaged in lengthy litigation in the Family Court and have been unable to sell the Laguna Property to date.

///

In the bankruptcy context, the Trustee is prepared to administer Estate assets, including the Laguna Property. Movant's concerns that the Debtor may attempt to further delay the sale are addressed by the fact that the Trustee controls property of the Estate. Therefore, there is no need for relief from stay to, as the Motion suggests, "allow the [Family Court] to oversee the sale of the [Laguna] Property and to permit Movant to file an unlawful detainer action if necessary to ensure compliance with the family court's orders." *Memorandum of Points and Authorities in Support of Motion for Relief from Stay* p. 6, l. 15-18. It appears that both parties would benefit from having the Trustee sell the Laguna Property rather than engaging in additional state court litigation, including a potential unlawful detainer action.

Moreover, if stay relief were granted, the likely negative impact on the Estate is much greater than that on Movant. Movant has filed a proof of claim in this Case and this Court can adjudicate that claim. If relief from stay is granted, the Trustee may be forced to litigate in the Family Court which, as noted above, is unnecessary in light of the claims adjudication process. As such, the balance of hardships favors denying relief from stay.

Considering the foregoing factors, the Movant has not met his burden and relief from stay should be denied.

### III.    CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order denying the Motion in its entirety, and any other and further relief that the Court deems just and proper.

Dated:  February 18, 2025            Respectfully submitted,

                                     DINSMORE & SHOHL LLP


                                     By: /s/ *Matthew J. Stockl*
                                         Yosina M. Lissebeck
                                         Matthew J. Stockl

                                         Proposed Counsel to the Chapter 7 Trustee,
                                         Richard A. Marshack

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:    550 S. Hope Street, Suite 1765
Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 18, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **February 18, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 18, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/18/2025 | Katrice Ortiz | /s/ Katrice Ortiz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

11

**In re Kristina Lynn Smith**
**U.S.B.C., Central District of California, Santa Ana Division**
**Case No. 8:24-bk-12527-TA**

I. <u>**SERVED ELECTRONICALLY VIA NEF**</u>:

- **Richard G. Heston**   rheston@hestonlaw.com, yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email
- **Richard A Marshack (TR)**   pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Matthew J Stockl**   matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Julie J Villalobos**   julie@oaktreelaw.com, oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com
- **Jennifer C Wong**   bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

II. <u>**SERVED VIA REGULAR U.S. MAIL**</u>:

<u>**Debtor**</u>:
Kristina Lynn Smith
27591 Kathy Ct
Laguna Niguel, CA 92677

<u>**Creditor**</u>:
Jeffrey Adams Gomez
27931 Hedgeline Drive
Laguna Niguel, CA 92677

III. <u>**SERVED VIA OVERNIGHT (FED EX)**</u>:

<u>**U.S. Bankruptcy Court**</u>:
Hon. Theodor Albert
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701-4593