**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
ben@nexusbk.com

Attorney for Movant

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>KRISTINA LYNN SMITH,<br><br>Debtor. | Case No: 8:24-bk-12527-TA<br><br>Chapter 7<br><br>**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY**<br><br>**Hearing:**<br>Date:  March 4, 2025<br>Time: 10:30 AM<br>Courtroom:  5B |

Movant, Jeffrey Adams Gomez, hereby replies to the Opposition filed by the Chapter 7 Trustee, and alleges as follows:

### ARGUMENT

### I.

### THE TRUSTEE FAILS TO REBUT THE EVIDENCE OF BAD FAITH

The Ninth Circuit has long held that a bankruptcy filing made in bad faith constitutes "cause" for relief from stay. As stated by the court in <u>In re Arnold</u>, 806 F.2d 937 (9th Cir. 1986):

> In certain cases, however, the stay may work an inequity on creditors. If so, the creditor may obtain relief from the stay under 11 U.S.C. § 362(d) (1982). Such relief is granted (1) for cause, including lack of adequate protection of a creditor's security interest in collateral; or (2) when the debtor has no equity in the collateral and the collateral will not help the debtor to reorganize effectively or rehabilitate his business. 11 U.S.C. § 362(d)(1), (2). The debtor's lack of good faith in filing a bankruptcy petition has often been used as cause for removing the automatic stay.

1

See, e.g., *In re Kemble*, 776 F.2d 802, 807 (9th Cir. 1985) (debtor's dilatory behavior a proper consideration in lifting stay); *Matter of Littlecreek Development Co.*, 779 F.2d 1068, 1071 (5th Cir. 1986) (lack of good faith constitutes "cause" for lifting stay).

*In re Arnold*, 806 F.2d 937 (9th Cir. 1986); see also *In re Duvar Apt., Inc.*, 205 B.R. 196, 200 (B.A.P. 9th Cir. 1996) ("The existence of bad faith in commencing a bankruptcy case constitutes cause for granting relief from the stay pursuant to § 362(d)").

Rather than addressing this evidence head-on, the Trustee's opposition sidesteps the issue, arguing that Movant has not conclusively proven bad faith. Under § 362(g), once Movant establishes a prima facie case of cause for relief from stay based on of bad faith, which he has done, the burden shifts to the opposing party to demonstrate that the stay should remain in place. The Trustee has not provided any evidence to counter the clear inference that this case was filed in a bad faith effort to circumvent the family court's authority. **Relief from stay is necessary to ensure that the Debtor is not rewarded for this bad faith tactic.**

## II.
## THE *CURTIS* FACTORS WEIGH IN FAVOR OF GRANTING RELIEF FROM STAY

Even setting aside the bad faith, the *Curtis* factors cited to in the Trustee's Opposition overwhelmingly favor relief from stay.

**1. *Curtis* Factor 4: The State Court Is the Proper Forum to Resolve This Marital Dispute**

The Trustee's claim that the bankruptcy court is "better equipped" to handle the property division is entirely speculative. The Federal Courts have repeatedly emphasized that state family courts are uniquely suited to resolve marital property disputes. This factor is discussed further *infra*.

**2. *Curtis* Factors 1, 10, 11: Resolution of Issues, Judicial Economy, and Progress of Proceedings Favor Stay Relief**

1 The family court has already ordered the sale of the property, making it the most efficient forum to oversee the process. The Trustee ignores this reality and instead speculates that keeping the case in bankruptcy will be more efficient. However, he offers no evidence or cost analysis to support this claim.

Granting relief from stay to allow the family court-ordered sale of the Kathy Court property will result in significantly lower administrative costs. The total estimated cost of sale in family court is $65,000, based on an agreement with a flat-fee real estate agent. In contrast, if the sale is done through the bankruptcy, that cost will more than double due to approximately 5% broker's commission ($100,000 on a $2 million sale) plus additional professionals' fees which would be completely unnecessary outside of the bankruptcy. **These increased costs needlessly reduce the net proceeds available for distribution, primarily to the detriment of Movant.**

The family court is ready to proceed immediately, efficiently, and cost-effectively making it the more favorable venue to finalize the sale and determine the allocation of proceeds.

### 3. *Curtis* Factors 2, 7: There Is No Meaningful Prejudice to Creditors or the Estate

The Trustee argues that creditors would be prejudiced by lifting the stay, but he fails to explain how. Movant is not seeking to remove assets from the estate—he is simply requesting that the division of proceeds be handled in the appropriate forum. The Trustee's assertion that the estate's interest in the property could be undermined by state court proceedings is speculative and ignores the fact that family law courts regularly adjudicate property division even when one party is in bankruptcy. See *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985). Granting relief from stay would aid in the administration of the estate – not hinder it in any way.

### 4. *Curtis* Factor 12: The Balance of Harms Favors Stay Relief

The Trustee glosses over the severe harm that Movant will suffer if the stay remains in place. This divorce case has been ongoing for nearly a decade, and the stay only serves to prolong the resolution of the parties' financial affairs. In contrast, the Trustee has not demonstrated any concrete harm that would result from allowing the family court to proceed.

## III.

## THIS IS A MARITAL DISPUTE, AND THE FAMILY COURT IS THE PROPER VENUE FOR RESOLVING MARITAL DISPUTES

In a recent Ninth Circuit Bankruptcy Appellate Panel case, *Cohen v. Cohen* (*In re Cohen*), 656 B.R. 798 (B.A.P. 9th Cir. 2023) the court stated:

> The bankruptcy court has "wide latitude in crafting relief from the automatic stay[.]" *Schwartz v. United States* (*In re Schwartz*), 954 F.2d 569, 572 (9th Cir. 1992); see, e.g., *Alonso v. Summerville* (*In re Summerville*), 361 B.R. 133, 144 (9th Cir. BAP 2007) (stating that "[t]he bankruptcy court had jurisdiction to clarify" its relief from stay order). Because the Disputed Issues concerned Scott's liability regarding alleged misuse of community property pursuant to state law, the bankruptcy court did not abuse its discretion in granting Carla relief from stay to continue the Family Law Proceedings, including litigating the Disputed Issues.
>
> Dissolution and the allocation of property incident to a dissolution are long-standing local functions governed by state law. *Ankenbrandt v. Richards*, 504 U.S. 689, 706, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). Long ago, the Supreme Court determined that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94, 10 S.Ct. 850, 34 L.Ed. 500 (1890); see also *Mansell v. Mansell*, 490 U.S. 581, 587, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989) ("[D]omestic relations are preeminently matters of state law . . . ."); *Moore v. Sims*, 442 U.S. 415, 435, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) ("Family relations are a traditional area of state concern.").
>
> Accordingly, federal courts, including bankruptcy courts, ordinarily defer to the state courts in matrimonial matters to promote judicial economy and out of respect for the state courts' expertise in domestic relations issues. *Robbins v. Robbins* (*In re Robbins*), 964 F.2d 342, 344-45 (4th Cir. 1992); *Mac Donald v. Mac Donald* (*In re Mac Donald*), 755 F.2d 715, 717 (9th Cir. 1985).
>
> Therefore, because of California's strong state interest in domestic relations matters and the superior competence of California family law courts in "settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states," *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (quoting Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983)), the bankruptcy court did not err in determining that the Family Law Proceedings was the better forum for adjudicating and equitably distributing the marital property, see also *In re Marriage of Feldman*, 153 Cal. App. 4th 1470, 64 Cal.Rptr.3d 29 (2007).

*In re Cohen*, 656 B.R. 798, 808-09 (B.A.P. 9th Cir. 2023).

# CONCLUSION

The Debtor's bad faith filing, the family court's prior order mandating the sale of the Kathy Court property, the balance of equities, and the significant cost and efficiency advantages of proceeding in family court all weigh decisively in favor of granting relief from stay. This is a family law dispute, and the family court is the proper forum to resolve it. For these reasons, Movant respectfully requests that the Court grant the Motion for Relief from Stay.

Nexus Bankruptcy

Date: February 25, 2025

/s/Benjamin Heston
Benjamin Heston,
Attorney for Movant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400**
**Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/25/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Richard G. Heston    rheston@hestonlaw.com, yflores@hestonlaw.com, docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email
Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
Matthew J Stockl    matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Julie J Villalobos    julie@oaktreelaw.com, oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com
Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 2/25/2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Kristina Lynn Smith
27591 Kathy Ct
Laguna Niguel, CA 92677

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/25/2025 | **Benjamin Heston** | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**