| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| NEXUS BANKRUPTCY<br>BENJAMIN HESTON (297798)<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949.312.1377<br>Fax: 949.288.2054<br>ben@nexusbk.com | |

☒ *Attorney for:* Objector, Jeffrey Gomez

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br><br>KRISTINA LYNN SMITH | CASE NO.: 8:24-bk-12527-TA<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF OBJECTION TO CLAIM** |
| | DATE: 05/13/2025<br>TIME: 11:00 am<br>COURTROOM: 5B<br>PLACE: 411 West Fourth Street<br><br>Santa Ana, CA 92701 |
| Debtor(s). | |

1. TO *(specify claimant and claimant's counsel, if any):*  HOWARD SMITH, KRISTINA LYNN SMITH

2. **NOTICE IS HEREBY GIVEN** that the undersigned has filed an objection to your Proof of Claim (Claim #___5-1___) filed in the above referenced case.  The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3. **Deadline for Opposition Papers:** You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

   **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date:  04/10/2025

Nexus Bankruptcy
Printed name of law firm

/s/Benjamin Heston
Signature

Date Notice Mailed:  04/11/2025

Benjamin Heston
Printed name of attorney for objector

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 1                    **F 3007-1.1.NOTICE.OBJ.CLAIM**

**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Creditor/Objector

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>KRISTINA LYNN SMITH,<br><br>      Debtor. | **Case No: 8:24-bk-12527-TA**<br><br>**Chapter 7**<br><br>**OBJECTION TO CLAIM 5-1 (HOWARD SMITH)**<br><br>**Hearing:**<br>Date:  May 13, 2025<br>Time: 11:00 AM<br>Courtroom:  5B |

## <u>INTRODUCTION</u>

      The Debtor and Jeffrey Gomez have been embroiled in extraordinarily contentious divorce proceedings since September of 2016, now entering their ninth year. This case has been marked by prolonged litigation and a pattern of bad-faith conduct by the Debtor aimed at harming Mr. Gomez both personally and financially in any way imaginable. Her bankruptcy filing is merely the latest extension of that effort.

      The Debtor has no legitimate reason to seek bankruptcy relief. She has listed very few actual debts, and the ones that are legitimate amount to less than $5,000. In her Schedules, she fabricated dozens of debts and included multiple parcels of real property in which she has no ownership interest in a calculated attempt to mislead the Chapter 7 Trustee into believing that there is a substantial amount of non-exempt equity and unsecured debt.

The claims that are the subject of this objection and the one being filed concurrently –
Claim No. 5-1 by Howard Smith (the Debtor's father) for $689,000.00 and Claim No. 6-1 by
Kerry Kavanaugh (the Debtor's sister) for $33,000.00 – were filed by the Debtor in pro per on
their behalf.[1] These claims were fraudulently created as a means to divert a potential surplus
estate away from the surplus beneficiary, Jeffrey Gomez, and into her family member's pockets.

As this objection will conclusively show, it is clear that the Debtor fabricated the
documents which were attached to the proofs of claims. The promissory notes submitted in
support of these claims are dated 2017 but were created using a website that did not exist until
years later. Even setting aside the obvious fraud, the claims are time-barred under California's
statute of limitations and fail for lack of consideration. For all of these reasons, the claims must
be disallowed in their entirety.

## ARGUMENT

### I.

### STANDING & TIMELINESS

Jeffrey Adams Gomez (hereinafter, "Gomez") is a party in interest and has standing to
object to claims. *See, e.g., Matter of Dooley*, 41 B.R. 31, 33 (Bankr. N.D. Ga. 1984) ("Title 11
U.S.C. § 502(a) provides that a claim shall be deemed allowed unless a party in interest objects
to it ... The debtor is a party in interest, and, consequently, has standing to object"). While
Gomez is not the debtor in this case, he nonetheless has standing to object to these claims due to
him being a creditor and having a partial interest in any surplus of the estate. If the fraudulent
claims are not disallowed, they will artificially inflate the pool of creditors, reducing any
potential surplus that he would have an interest in.

Although there is a claims bar date, there is no statutory deadline for filing an objection
to a proof of claim. *See, e.g., Ashford v. Consol. Pioneer Mortgage (In re Consol. Pioneer
Mortgage)*, 178 B.R. 222, 225 (B.A.P. 9th Cir. 1995) ("Unlike a proof of claim, which must be

---

[1]    A true and correct copy of Claims 5-1 (Howard Smith) is attached hereto as Exhibit C.

filed before the bar date, an objection to a proof of claim may be filed at any time."). Therefore, this Objection is timely.

## II.

## THE CLAIMS WERE FRAUDULENTLY MANUFACTURED AND MUST BE DISALLOWED UNDER 11 U.S.C. § 502(B)(1)

Under 11 U.S.C. § 502(b)(1), a claim shall be disallowed if it is unenforceable against the debtor under applicable law. Courts have held that claims based on fraudulent documents, fabricated obligations, or false financial records must be disallowed.

> "A bankruptcy court may inquire into the validity of any claim asserted against the bankrupt and may disallow it if it is found to be without lawful existence, and the mere fact that a claim has been reduced to judgment does not prevent such an inquiry. [...] And the bankruptcy trustee may collaterally attack a judgment offered as a claim against the estate for the purpose of showing that it was obtained by collusion of the parties or is founded upon no real debt."

*Margolis v. Nazareth Fair Grounds & Farmers Market, Inc.*, 249 F.2d 221, 223-24 (2d Cir. 1957) (discussing a fraudulent claim which had been reduced to a judgment pre-petition). See also *In re Heath*, 331 B.R. 424, 437 (9th Cir. B.A.P. 2005) (noting that a proof of claim [Official Form 410] is filed under penalty of perjury and threat of fine up to $500,000 and imprisonment up to 5 years pursuant to Federal Criminal Code §§152, 157, and 3571).

The Ninth Circuit and its Bankruptcy Appellate Panel have made clear that debtors may not abuse the bankruptcy process through bad-faith filings, and courts will not hesitate to take corrective action (such as dismissal, lifting stay, or disallowing claims) to prevent such abuse. In *In re Arnold*, 806 F.2d 937 (9th Cir. 1986), the Ninth Circuit recognized that a debtor's "lack of good faith" in filing can constitute cause for relief and that bankruptcy courts should not be refuges for tactical malfeasance. Likewise, in *In re Duvar Apt., Inc.*, 205 B.R. 196 (9th Cir. B.A.P. 1996), the Ninth Circuit BAP emphasized that bad faith conduct by a debtor is actionable, noting that "[t]he existence of bad faith in commencing a bankruptcy case constitutes cause" for

appropriate relief. These cases, among others, stand for the principle that bankruptcy courts have both the authority and responsibility to curb abuses of the system.

Here, a simple examination of the promissory notes attached to these claims reveals that they were created using templates from "Templates.Legal", a website that provides generic legal forms. According to Whois.com, a publicly available domain registration database, Templates.Legal was not registered until December 30, 2019. **Attached hereto as Exhibit A is a true and correct printout of the WhoIs.com registry.** Additionally, an independent search of the Internet Archive (Archive.org), a reputable non-profit digital library that maintains historical records of websites, confirms that the Templates.Legal website did not exist prior to late 2019. **Attached hereto as Exhibit B is a true and correct printout from Archive.org.** Ms. Smith claims that the promissory notes were executed on May 24, 2017. However, the fact that the documents were generated using a template from a website that did not even exist at that time is conclusive evidence of fabrication. This attempted deception demonstrates that the claims are false, fraudulent, and, therefore, unenforceable under Section 502(b)(1).

The Debtor's conduct in manufacturing and filing fraudulent family-member claims is undoubtedly bad faith. If filing a bankruptcy case in bad faith warrants dismissal or lifting of the stay, then filing false claims in an ongoing case surely warrants disallowance of those claims at the very least. The Debtor should not be permitted to benefit from her wrongdoing. Every allowed claim in a case diminishes the pool available to legitimate creditors, so a claim tainted by fraud must be stricken to protect the estate, legitimate creditors, and surplus beneficiaries.

## II.

### EVEN IF THE DEBTS ARE NOT FRAUDULENT, THEY HAVE BEEN RENDERED UNENFORCEABLE BY THE PASSAGE OF THE STATUTE OF LIMITATIONS

Even assuming, for the sake of argument, that the debts claimed by Howard Smith and Kerry Kavanaugh were based on actual loans made in 2017, those debts are now time-barred and unenforceable under California law. Accordingly, they must be disallowed pursuant to 11 U.S.C. § 502(b)(1).

Section 502(b)(1) provides in relevant part:

**"[I]f such objection to a claim is made, the court… shall allow such claim…**

**except to the extent that**

    **(1) such claim is unenforceable against the debtor and property**

    **of the debtor, under any agreement or applicable law…"**

Under California Code of Civil Procedure § 337, the statute of limitations for an action on a written contract is four years from the date of breach or the date of the last payment. The notes attached to Claims 5-1 and 6-1 are allegedly dated May 24, 2017. There is no indication of any payments, acknowledgments, or renewed agreements since that time. Consequently, the latest date on which a cause of action could have accrued was in 2017, and the statute of limitations would have expired no later than 2021.

Courts have consistently held that time-barred claims are unenforceable under applicable non-bankruptcy law and must be disallowed under § 502(b)(1). See *In re Hess*, 404 B.R. 747 (Bankr. S.D.N.Y. 2009); *In re Chaussee*, 399 B.R. 225 (B.A.P. 9th Cir. 2008). The fact that a statute of limitations is traditionally an affirmative defense in civil litigation does not preclude its use in bankruptcy. A creditor's claim must be legally enforceable under state law to be allowed in a bankruptcy case. When it is not—because of the passage of time—it is properly subject to disallowance.

Here, because the notes offered in support of Claims 5-1 and 6-1 were allegedly executed in May 2017 and there is no evidence of any subsequent payment or acknowledgment, they fall squarely outside the statute and are therefore unenforceable. Accordingly, even if the Court were to credit the underlying debts as valid in origin (which they are not), they are now time-barred and must be disallowed in full.

///

///

///

///

///

**III.**

**IF THE PROMISSORY NOTES WERE CREATED YEARS AFTER THE ALLEGED**

**LOANS, THEY FAIL FOR LACK OF CONSIDERATION**

Under California contract law, a valid and enforceable agreement must be supported by consideration. That is, there must be a bargained-for exchange: a promise or performance given in return for a promise. Past consideration – a benefit or obligation occuring before a written promise is made – is no consideration at all. See _Kurokawa v. Blum_, 199 Cal. App. 3d 976, 989 (1988).

Here, if these loans did indeed occur in 2017 (which they did not) and the promissory notes were created several years later, these claims fail the most basic test of contract enforceability and cannot serve as the basis for a valid claim under applicable law. Accordingly, the claims founded on these notes must be disallowed for failure of consideration.

**CONCLUSION**

The claims asserted by Howard Smith and Kerry Kavanaugh are fraudulent, time-barred, and unsupported by valid consideration. They were filed by the Debtor herself as part of a transparent effort to redirect estate assets to her family and away from the rightful surplus beneficiary, Jeffrey Gomez.

Accordingly, Creditor Jeffrey Adams Gomez respectfully requests that the Court disallow Proof of Claim No. 5-1 in its entirety pursuant to 11 U.S.C. § 502(b)(1) and grant any such other and further relief as the Court deems just and proper.

Respectfully,

**NEXUS BANKRUPTCY**

Date: April 10, 2025                    /s/Benjamin Heston
                                        BENJAMIN HESTON,
                                        Attorney for Creditor/Objector

## DECLARATION OF MICHAEL KUNKEL

I, Michael Kunkel, declare as follows:

1. I have personal knowledge of all matters stated herein. On all matters stated on information and belief, I believe those allegations to be true. I could competently testify to the allegations contained herein.

## QUALIFICATIONS

2. I am the Director of Investigative Services of Setec Security Technologies, Inc.  My job responsibilities entail providing litigation support to attorneys and project management of Setec's computer forensic and electronic discovery specialists who work in our business unit, Setec Investigations, which specializes in the discovery, collection, investigation, and production of electronic information for investigating and handling computer-related crimes and misuse.  In my role with Setec, I work with government entities, local, state, and federal law enforcement agencies, private attorneys, and corporations, and specialize specifically in managing computer forensic investigations and providing thorough litigation support solutions.  I have been involved in thousands of computer forensic investigations and electronic discovery engagements surrounding theft of intellectual property, trade secret misappropriation, financial fraud, email and Internet abuse, employee disputes, copyright infringement, industrial espionage, disputed dismissals, software code reviews, spoliation, and large data set management among other engagements.

3. I hold certifications as a Certified Information Security Systems Professional (ISC2) as well as an EnCase Certified Examiner (OpenText).  Previously, I was a Special Agent in the United States Air Force Office of Special Investigations where I investigated computer related crime and cyber counterintelligence for the Department of Defense.  I have excelled in over 500 hours of classroom instruction on computer crime investigative techniques and I was a DoD certified Computer Crime Investigator and Computer Forensic Examiner from the Defense Cyber Investigations Training Academy.  I was responsible for computer investigations covering the Western Coast of the United States

as well as the entire US Air Force interest in the Asia/Pacific region. I also utilized my computer investigative expertise during the Global War on Terror in Iraq to identify and neutralize terrorist threats to United States in a Joint Special Operations Task Force. My *curriculum vitae* is hereto attached hereto.

4. Setec has participated in and led countless computer forensic investigations and electronic discovery efforts to facilitate the discovery of electronic evidence in support of criminal and civil lawsuits. Setec is regularly designated as an expert and our team of computer forensic and electronic discovery specialists frequently provides expert witness testimony.

## **ANALYSIS**

5. I was asked to analyze the promissory notes that were attached to documents identified as Proofs of Claims nos. 5-1 and 6-1 and to determine whether the documents were actually created on the purported dates or whether they were made at a later time.

6. To verify the authenticity of the documents, I examined the Templates.Legal website, which is identified at the bottom of the promissory notes. Using Whois.com, a public domain registration database, I confirmed that Templates.Legal was first registered on December 30, 2019. This means that the website would not be distributing its templates before this date. Attached hereto as Exhibit A is a true and correct printout from the WhoIs.com registry.

7. Additionally, I conducted a search on Archive.org, a non-profit digital library that stores historical versions of websites. The results confirmed that no records of Templates.Legal existed on Archive.org prior to late January 2021. Attached hereto as Exhibit B is a true and correct printout from Archive.org.

///
///
///
///
///

8. Because the <u>Templates.Legal</u> service did not exist until 2019 according to its registration, it would have been impossible for someone to have used this service to create promissory notes in 2017. Based on my analysis, I can state with a high degree of certainty that the documents submitted with Proofs of Claims 5-1 and 6-1 were not executed on the purported date in 2017.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: April 10, 2025

MICHAEL KUNKEL



# Curriculum Vitae

**Michael Kunkel**
Director of Investigative Services

(800) 748-5440
mkunkel@SetecInvestigations.com
www.SetecInvestigations.com

Mr. Michael Kunkel is Setec Investigations' Director of Investigative Services.  Mr. Kunkel possesses an extensive technical background, which is combined with a thorough education, time served in the United States Air Force, and numerous certifications, including an EnCase Certified Examiner (EnCE) by OpenText and as a Certified Information Security Systems Professional by $ISC^2$.  Mr. Kunkel's expertise in computer forensics and investigative techniques allows him to successfully provide corporations, law firms, and law enforcement agencies with electronic evidence critical to the resolution of civil and criminal litigations and lead these investigations in a professional manner.

Mr. Kunkel continuously supports public and private corporations, along with government entities through litigation support and expert witness services, leveraging his technical expertise, understanding of the legal system, and real-world experience to produce cost-effective strategies for the discovery, collection, and investigation of electronic evidence.  In addition, Mr. Kunkel participates in Setec Investigations' Computer Incident Response Team (CIRT) and applies his real-world experience by performing corporate computer fraud and cybercrime investigations.

Mr. Kunkel has acted as a computer forensic investigator for private attorneys, law enforcement agencies, corporations, insurance companies, and private individuals.  Mr. Kunkel's involvement in diverse investigations and litigations has spanned numerous areas, including:

- Fraud
- Theft of Intellectual Property
- Trade Secret Misappropriation
- Email & Internet Abuse
- Employee Disputes
- Patent Infringement
- Copyright Infringement

- Divorce & Family Law
- Asset Recovery
- Defamation
- Industrial Espionage
- Disputed Dismissals
- Software Code Review
- Breach of Contract

**PROFESSIONAL EXPERIENCE:**

*Director of Investigative Services, Setec Security Technologies, Inc. (September 2011 to Present)*

- Leads and participates on computer forensic investigations and electronic discovery activities as a skilled high-tech investigator and project manager, regularly focusing on corporate computer fraud and cybercrime investigations.

- Provides litigation support advisory assistance to attorneys to advance computer forensic and electronic discovery efforts, satisfy discovery requests, and compel inspections.

- Acts as a computer forensic investigator for private attorneys, law enforcement agencies, corporations, insurance companies, and private individuals involved in diverse investigations and litigations spanning numerous areas, including, but not limited to: fraud, theft of intellectual property, trade secret misappropriation, email and internet abuse, employee disputes, sexual harassment, and breach of contract.

*Digital Forensic Examiner, Stroz Friedberg L.L.C., San Francisco (August 2009 to September 2011)*

- Conducted digital forensic acquisitions and analyses of laptops, desktops, and servers in civil litigations, criminal matters, and internal investigations.

- Developed and programed customized utilities for use in the processing of electronic data, increasing the efficiency of electronic discovery processes.

- Performed large-scale electronic discovery involving the preservation, processing, and production of electronic data from a variety of digital sources.

*United States Air Force, Chief of Cyber Investigations & Operations, Office of Special Investigations (AFOSI), Yokota Air Base, Japan (August 2006 to August 2009)*

- Supervised, planned, coordinated, and implemented all cyber counterintelligence operations and network intrusion investigations conducted by the Air Force, from the Horn of Africa to the International Date Line.

- Led a team of Special Agents providing cyber investigative and computer forensic support to a multitude of criminal and counterintelligence cases covering 8 locations and providing consultations to over one hundred field agents.

- Provided specialized briefings to other government agencies and Air Force leadership concerning the threats to the U.S. network infrastructure from foreign intelligence services.

- Conducted extensive liaison with high-level Japanese, Korean, and U.S. military and law enforcement counterparts regarding threats to their networks.

*United States Air Force, Global War on Terrorism, Operation Iraqi Freedom, Iraq, (September 2008 to March 2009)*

- Deployed to Iraq as part of a Joint Special Operations Task Force working alongside members of each service and civilians to counter the Iraqi insurgency and establish stability in the region.

*United States Air Force, Computer Crime Investigator, Travis Air Force Base, California (December 2005 to August 2006)*

- Planned, coordinated, and implemented cyber counterintelligence operations in the western United States.

- Served as the primary investigator on network intrusion investigations involving US Air Force assets.

- Provided cyber investigative consultation and computer forensic analysis to 17 other Air Force field investigative units.

- Testified in multiple court martial proceedings.

*United States Air Force, Criminal Investigator, Travis Air Force Base, California, (June 2004 to December 2005)*

- Acted as primary investigator for felony-level crimes including: murder, rape, child molestation, drugs, blackmail, and fraud.

- Assisted in the apprehension and subsequent incarceration of multiple Air Force criminals.

- Wrote reports and provided testimony in multiple court-martial proceedings.

**PROFESSIONAL CERTIFICATIONS**
- EnCase Certified Examiner, 2010.
- Certified Information Security Systems Professional, 2009.
- DoD-Certified Computer Crime Investigator, 2006.
- DoD-Certified Computer Forensic Examiner, 2005.

**SELECTION OF PROFESSIONAL TRAINING**
- STROZ FRIEDBERG, Internal Training Program - Attended weekly in-house training presentations on digital forensics, cybercrime response, computer security, desktop and network forensics tools, and relevant legal topics.

- DEFENSE CYBER INVESTIGATIONS TRAINING ACADEMY  - Excelled in 500 hours of formal cyber investigative training in Networks and Computer Hardware, Incident Response, Windows Forensic Examinations, Forensics and Intrusions in Windows and Linux Environments, Network Monitoring, Online Undercover Techniques, and Malicious Code Analysis.

- ▪ UNITED STATES AIR FORCE SPECIAL INVESTIGATIONS ACADEMY - Credentialed as a Special Agent of the United States Government.

- ▪ FEDERAL LAW ENFORCEMENT TRAINING CENTER - Criminal Investigator's Training Program.

**EDUCATION**
- ▪ 2008, UNIVERSITY OF TEXAS AT DALLAS, M.B.A., Business
- ▪ 2004, UNITED STATES NAVAL ACADEMY, B.S., Systems Engineering

**LIVE TESTIMONY EXPERIENCE**

1. United States v Mirabal, United States Air Force Court Martial, Nellis Air Force Base, Nevada, April 2006.

2. United States v Turner, United States Air Force Court Martial, Travis Air Force Base, California, January 2007.

3. United States v Chapman, United States Air Force Court Martial, Travis Air Force Base, California, January 2007.

4. United States v Cann, United States Air Force Court Martial, Elmendorf Air Force Base, Alaska, January 2007.

5. United States v Ruddy, United States Air Force Court Martial, Travis Air Force Base, California, June 2007.

6. Denise Winters v County of Solano, Case No: FCS035144, Superior Court of California, Solano County, California, October 2011.

7. Bruce W. Ballai v Kiewitt, Case No: 10CV09827, District Court of Johnson County Kansas, Johnson County, Kansas, February 2012.

8. Hummer Construction, Inc. v Aidlin General Trust, et al., Case No: BC449181, Superior Court of California, Los Angeles County, California, May 2012.

9. Bergstein, et al. v Tregub, et al., Case No: BC434558, Superior Court of California, Los Angeles County, California, September 2012.

10. SMH Capital Advisors, Inc. v Jimmy Day, FINRA Case No: 12-03291, FINRA Arbitration, Dallas, Texas, October 2012

11. *Id.,* March 2013.

12. Videotech Services, Inc. v Edward Abdalla, David Santos, Timothy Rodriquez, Timothy Woolsey, H.F. Woolsey Corporation d/b/a The Crew Source, Case No. SC105947, Superior Court of California, Los Angeles County, California, January 2013

13. *Id.,* July 2014.

14. RPMx Construction, LLC, v Brian Colin and Earth Basics Contracting Corporation, Case No. 417-02459-2013, District Court, 417 Judicial District, Collin County, Texas, July 2013.

15. Pavez Insurance Agency, Inc. DBA CPI Financial & Insurance Services v Sandra M. Best and Does 1 to 10, Inclusive, Case No. CIVSS 818321, Superior Court of California, San Bernardino County, California, September 2013

16. *Id.,* October 2013.

17. Slaymaker v Armstrong Financial Group, Case No. 37-2012-00054141-CU-OE-NC, Superior Court of California, San Diego County, California, April 2014.

18. Dupree, Sulatycky, O'Brien, Giron, and Morales v Sajahtera, Inc., Case No. BC463162, Superior Court of California, Los Angeles County, California, July 2014.

19. Rebecca Lewis v Alexandria Gramercy, LLC; Urban Brokerage, Inc., Case No. BC497235, Superior Court of California, Los Angeles County, California, August 2014.

20. Compak Securities, Inc., v Olandj, McDonald, and Orama, JAMS Reference No. 1200047466, JAMS Arbitration, Los Angeles, California, August 2014.

21. Stephen Welsh v Ryder Truck Rental, INC., and Navistar International Corporation; Case No. 37-2012-00085385-CU-PO-CTL, Superior Court of California, San Diego County, California, September 2014.

22. Archie Roundtree v Los Angeles Unified School District, Gerardo Loera, Ari Bennett, Adriana Maldonado-Gomez and Does 1-30, Case No. BC 499893, Superior Court of California, Los Angeles County, California, November 2014.

23. InfoSpan, Inc. v Emirates NBD Bank PJSC, Case No. 8:11-CV01062 JVS (ANx), United States District Court, Central District of California, Southern Division, January 2015.

24. Luminant Generation Company, LLC., vs Jennifer Morrison, T. Jeff Stone, and T. Jeff Stone & Associates, LLC., Cause No. 416-03151-2013, District Court of Collin County, Texas, 416th Judicial District, February 2015.

25. Procaps S.A. v Patheon Inc., Case No. 1:12-cv-24356-JG, United States District Court, Southern District of Florida, Miami Division, June 2015.

26. Central Medical Diagnostic Laboratory, Inc., v Brian Patchett, Michael Lumkin, California Laboratory Sciences LLC, Case No. 30-2013-00628124, Superior Court of California, County of Orange – Central Justice Center, California, February 2015

27. *Id.,* September 2015.

28. Cat 3, LLC, SXH, LLC, and Suchman, LLC, v Black Lineage, Inc., and Vahe Estepanian a/k/a Fletch Estepanian, Case N. 14-cv-5511 (AT), U.S. District Court, Southern District of New York, California, October 2015

29. *Id.,* New York, December 2015.

30.   Charles M. Natcher, Jr., v JPH Consulting, INC., Case No. 56-2013-0446158-CU-WT-VTA, Superior Court of the State of California, Ventura County – Hall of Justice, Arbitration, California, January 2016.

31.   American Lighting Inc, Neo-Neon Led USA Holdings Ltd and Tivoli LLC, v Targetti Sankey, S p A, et al., Case No. 14-01285-DOC, U.S. District Court, Central District of California, Southern Division, California, February 2016.

32.   Bombardier Inc. v Fabio Rebello, Case No. 2014-CA-001878-O, Circuit Court of the Ninth Judicial Circuit In And For Orange County, Florida, Texas, February 2016.

33.   CoreLogic, Inc. v First American Financial Corporation, Case No. A213700, Judicate West Arbitration, California, April 2016.

34.   Integrated Instrument Services, Inc. v Aziz Rahim and Pippets Pro, LLC, Cause No. 201613511, 165th Judicial District, District Court of Harris County, Texas, May 2016.

35.   Chaowen Zhong v Eaton Escrow, Inc, Case No. 37-2015-00006141-CU-PN-CTL, Superior Court of the State of California, San Diego County, California, May 2016.

36.   Building Materials Corporation of America dba GAF Materials Corporation v Paramount Petroleum Corporation, Case No. BC 481673, Superior Court of the State of California, Los Angeles County, California, July 2016.

37.   The Regents of the University of California v Paul S. Aisen, et. al., Case No. 3:15-cv-01766-BEN-JLB, U.S. District Court, Southern District of California, California, December 2016.

38.   Alessandro Camara v C.G. Motor Sports, Inc., Case No. CIVDS1517958, Superior Court of the State of California, County of San Bernardino, California, January 2017.

39.   Fiber Systems International, Inc. v Michael Dabrowski, Case No. 417-05506-2016, District Court of Collin County, Texas, 417th District Court, McKinney, Texas, February 2017.

40.   FaxLogic, LLC v Matthew Thornton, Cause No. DC-15-07964, District Court of Dallas, Texas, 193rd Judicial District, Dallas, Texas, October 2016

41.   *Id.,* May 2017.

42.   Aerovironment, Inc. v Torres, McAllister, McBride, Micasense Inc., Case No. 56-2015-00465460-CU-BC-VTA, Superior Court of the State of California, Ventura County, California, June 2017.

43.   CP Kelco U.S., Inc. v Chienkuo Yuan, Case No. 37-2015-00022453-CU-BT-CTL, Superior Court of the State of California, County of San Diego, California, March 2017

44.   *Id.,* August 2017.

45.   Tracey Downey-Racen v Healthy Gourmet, LLC, Case No. 30-2012-00619381-CU-BC-CJC, Superior Court of the State of California, County of Orange, California, October 2017.

46. The New Home Company v Jay Bartell and Ginger Marin, Case No. BC607130, Superior Court of the State of California, County of Los Angeles, California, October 2017.

47. Jeffer Mangels Butler & Mitchell LLP v Gregory J. Lorber, Case No. 14-65050GAG, ADR Services, Inc., California, June 2018

48. *Id.,* July 2018.

49. Professional Reprographics Services, Inc. v Hudson Shuffleboards, Inc., Case No. 30-2018-00992602-CU-UD-CJC, Superior Court of the State of California, County of Orange, July 2018.

50. Oren Cohen v Avraham Hassid, Case No. BC618549, Superior Court of the State of California, County of Los Angeles, California, September 2018.

51. Savills Studley, Inc. v Ashley Elkin, Case No. 1:18-cv-02887-CMA-NRN, U.S.District Court, District of Colorado, Colorado, November 2018.

52. Taryn Dudley v Allan M. Acton, D.D.S., P.A a/k/a Cary Family Dental, LLC, Case No. 5:18-cv-00146-D, U.S. District Court, Eastern District of North Carolina, Western Division, April 2019.

53. Absolute Pediatric Services, Inc. v LaDonna Humphrey, Case No. 04CV-18-961, Circuit Court of Benton County, Arkansas, May 2019.

54. Citcon USA, LLC. v RiverPay Inc., et al., Case No. 5:18-cv-02585-NC, U.S. District Court, Northern District of California, California, September 2019.

55. Zeno Semiconductor Inc. v Silicon Storage Technology Inc., et al., Case No. 17CV306507, Superior Court of Santa Clara, November 2019.

56. Zitan Technologies, LLC, and Ginko, LLC, v Liang Yu, Case No. 3:18-cv-00395-MMD-WGC, United States District Court District of Nevada, March 2020.

57. EMR (USA Holdings) Inc., v Richard Goldberg, et al., Case No. DC-17-14064, 116th Judicial District, Dallas County, October 2020.

58. SPS Technologies, LLC d/b/a PB Fasteners, v Briles Aerospace, Inc, Mike Briles and Robert Briles., Case No. 2:18-cv-09536-MWF-AS, U.S. District Court, Central District of California, November 2020.

59. Karma Automotive, LLC, v Lordstown Motor Corp., Case No. 8:20-cv-02104-JVS-DFM, U.S. District Court, Central District of California, February 2021.

60. Timothy Allen, v Vaksman Law Office, P.C., Case No. 2:19-cv-30-TBM-MTP, U.S. District Court, Southern District of Mississippi, February 2021.

61. Brown & Brown Insurance of Arizona, Inc., v Mark New, Lorna New, Zachary Hope, and Jenna Hope, Case N. CV2019-014651, Superior Court of the State of Arizona in and for the County of Maricopa, May 2021.

62. Steven Jensen v Kristen Kerr, Case N. BC592726, Superior Court of California, County of Los Angeles, May 2021.

63. Stephen Courtney v Kelly Liebbe, Cause No. 296-03470-2016, District Court of the 296th Judicial District, Collin County, June 2021.

64. Wisk Aero LLC v Archer Aviation Inc., Case No. 3:21-cv-02450-WHO, United States District Court, Northern District of California, San Francisco Division, June 2021.

65. Vickers Holding and Finance Inc. v Jossiv Kim and Angelina Kim, Case No. BC 674584, Superior Court of the State of California for the County of Los Angeles – Central District, Los Angeles, June 2021.

66. Hwa Ja Park v Samho Tour, Inc, Case No. 20STCV08182, Superior Court of the State of California for the County of Los Angeles – Central District, Los Angeles, August 2021.

67. Securities and Exchange Commission v Bradley C. Davis, Case No. 1:20-cv-01534-MKV, United States District Court – Southern District of New York, September 2021.

68. Maris Luz Zucchella v Olympusat, Inc, Case No. 2:19-cv-07335-DSF-PLA, United States District Court – Central District of California Western Division, October 2021.

69. Alfredo Herrera v Hilbert Property Management, Inc, Case No. 19STCV27252, Superior Court of the State of California for the County of Los Angeles – Central District, Los Angeles, October 2021.

70. RG Abrams Insurance and Robin Goltsman v The Law Office of C.R. Abrams, Case No. 2:21-cv-00194-FLA-MAA, United States District Court, Central District of California, October 2021.

71. Shahin Adib v Sun West Mortgage Company, JAMS Ref No.: 1200057272, Judicial Arbitration and Mediation Services, October 2021.

72. *Above Referenced Hwa Ja Park v Samho Tour, Inc (Matter 66),* November 2021.

73. BC Tatum Ventures, Inc. v Nancy Brown and Holly Hefele, Case No. 18CV-0201, Superior Court of the State of California for the County of San Luis Obisbo, January 2022.

74. Slim Chillers Inc. v Laura Selecky, Case No. A-20-819562-B, District Court, Clark County, NV, February 2022.

75. Spencer Graff v Crosstown Holdings LLC, Arbitrator Shawn Aiken, February 2022.

76. Hupel v Robles, Guitierrez, and Hesselbein Tire Southwest, Inc, Cause No. 2019CI12311, District Court, Bexar County, March 2022.

77. Paul Ortiz v Lumbee Tribe Enterprises, LLC, Case No. CL21-015, Circuit Court, Stafford County, Virginia, April 2022.

78. Aurora Cazares v Anaheim Terrace Care Center, LLC et al., Case No. 30-2019-01062296, Superior Court of the State of California for the County of Orange – North Justice Center, Orange County, California, April 2022.

79. Impact Images Inc. v Aaron Wolfe, et al., Case No. RIC1903448, Superior Court of the State of California for the County of Riverside, Riverside County, California, May 2022.

80. Zoom Imaging Solutions, Inc. v Jon Crossen, et al., Case No. 2:19-CV-01544-WBS-KJN, United States District Court, Eastern District of California, May 2022.

81. Jonathan Pantani v Instapage, Inc., Case No. CGC-21-589593, Superior Court of the State of California in and for the County of San Francisco, San Francisco County, California, June 2022.

82. Harley Marine Services, Inc. v Matthew Gullickson and Sven Christensen, Case No. 19-2-26516-7 SEA, Superior Court of Washington for King County, Washington, June 2022.

83. Sarah Perata v City and County of San Francisco, Case No. 3:21-cv-02819, United States District Court, Northern District of California, June 2022.

84. *Above Referenced SEC v Bradley Davis (Matter 67),* June 2022.

85. WnG Construction JV, Inc. v AAA Solar Electric, et al., Case No. VC065473, California Superior Court, Los Angeles County, Southeast District, Norwalk Courthouse, July 2022.

86. *Above Referenced Karma Automotive, LLC, v Lordstown Motor Corp. (Matter 59),* August 2022.

87. *Above Referenced Impact Images Inc. v Aaron Wolfe, et al (Matter 79),* September 2022.

88. Blumberg v Stroma Medical Corp., Case No. 30-2020-01172565-CU-BC-CJC, California Superior Court, Orange County, Central Justice Center, California, February 2023.

89. Megan Ekstrom and Robert Ekstrom v Felix; Silverstein; Ekstrom Properties Limited; Stanley Ekstrom Foundation Inc., No. 01-22-00003203, American Arbitration Association, California, February 2023.

90. Renee Dawn Capri v David Scott Crawford, Case No. 19FAM02249, California Superior Court, San Mateo County, March 2023.

91. John Wavell v Robert Zwerling, Case No. 1200055354, Judicial Arbitration & Mediation Services, Orange County, California, March 2023.

92. Dalle-Homme v Homme, Case No. 19STFL13699, California Superior Court, Los Angeles County, California, March 2023.

93. Gamie, LLC dba C3 Risk & Insurance Services v The Liberty Company Insurance Brokers, McIntosh and Callahan, Case No. 01-21-000-3812, American Arbitration Association, May 2023.

94. Apple Inc. v Rivos Inc. Case No. 5:22-CV-2637-EJD, United States District Court, Northern District of California - San Jose Division, June 2023.

95. Interior Electric Inc. v TWC Construction Inc. Case No. 2:18-CV-01118, United States District Court, District of Nevada, June 2023.

96. Bakemark USA, LLC v Javier Navarro et. al. Case No. 2:21-cv-02499 JAK-AGR, United States District Court, Central District of California, August 2023.

97. *Above Referenced John Wavell v Robert Zwerling (Matter 91),* August 2023.

98. Glen Kelley v Fundomate, Inc. Case No. 2:22-cv-05814-FLA-AS, United States District Court, Central District of California, November 2023.

99. Carolyn Griffen v Bloom Energy Corporation. JAMS Case No. 5110000174, JAMS Arbitration, Silicon Valley, California, November 2023.

100. Fine Consulting Services, Inc. v Manley's Boiler LLC. Case No. 30-2019-01091016-CU-BC-NJC, California Superior Court, County of Orange – Central Justice Center, December 2023.

101. Lockton Companies, LLC – Pacific Series, et al. v Eric Kaufman. Case No. 4:22-cv-00462-SRB, United States District Court, Western District of Missouri, January 2024.

102. Dina Abdurahman v Prospect CCMC, LLC, and Dorian Jacobs, M.D. Civil Action No. 2:20-cv-03609-CFK, United States District Court, Eastern District of Pennsylvania, February 2024.

103. Netlogic Solutions Inc. v ZoleyTech, Inc. No. 01-23-00001172, American Arbitration Association, February 2024.

104. *Id.,* March 2024.

105. Altor BioScience, LLC; NantCell, Inc. v Hing C. Wong and HCW Biologics, Inc. No. 5220002288, JAMS Arbitration, May 2024.

106. Sagewater, LLC v David Hossfeld, et al., Case No. 1:23-CV-00770, United States District Court, Eastern District of Virginia, June 2024.

107. Netlogic Solutions, Inc. v Anil Dhondi, Case No. 2022-017192, Circuit Court for Fairfax County, Virginia, July 2024.

108. Rahul Patil v Ragle Inc. and Select Maintenance, LLC. No. 01-23-0002-4283, American Arbitration Association, July 2024.

109. TK Elevator Corp. v Chiteka Jackson, Case No. 1:22-CV-04999-SCJ. United States District Court, Northern District of Georgia, August 2024.

110. Jacob Blalock & Benjamin Novak v Halt Gold Group, LLC, Case No. 19STCV35566. California Superior Court, County of Los Angeles, September 2024.

111. Sandra Holl v Barry Polidor, Esq., Docket No. 223-CV-00435. Vermont Superior Court, Civil Division, Windsor Unit, September 2024.

112. Hayes Medical Staffing, LLC v Eichelberg, et al., Case No. 0:23-cv-60748-DSL. United States District Court, Southern District of Florida, Ft. Lauderdale, October 2024.

113. J&J Freight Solutions, LLC, vs. Jianhua Li, Case No. 19GDCV01347. California Superior Court, Los Angeles County, California, November 2024.

114. Giti Mayton, et al. vs. Matthew J. Romeo, et al., Case No. 22CV008943. Court of Common Pleas, Franklin County, Ohio, December 2024.

115. *Above Referenced J&J Freight Solutions, LLC, vs. Jianhua Li (Matter 113),* December 2024.

116. Control Technology & Solutions, LLC v. Omni Energy Partners, LLC, Case No. 4:21-cv-00686-MTS. United States District Court, Eastern District of Missouri, February 2025.

117. Lupin Atlantis Holdings SA v. Xian-Ming Zeng, Transpire Bio, INC, Axel Perlwitz, and William Schachtner, Case No. 0:23-CV-61621-MD. United States District Court, Southern District of Florida, Fort Lauderdale Division, February 2025.

118. Ann Michelle Salan v. M.S. Aerospace, Case No. YZNPB, Signature Resolution, Arbitration, April 2025.

## DECLARATION OF BENJAMIN HESTON

I, Benjamin Heston, declare as follows:

1.  I have personal knowledge of all matters stated herein. On all matters stated on information and belief, I believe those allegations to be true. I could competently testify to the allegations contained herein.

2.  Attached hereto as Exhibit C is a true and correct copy of the Proof of Claim filed as Claim No. 5-1. I personally obtained this document by downloading it from the Court's CM/ECF system.

3.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: April 10, 2025

/s/Benjamin Heston
BENJAMIN HESTON

# EXHIBIT A

 **Whois** Identity for everyone

 🛒 0     ☰

# templates.legal

Updated 1 second ago 🔄

## Domain Information

| | |
|---|---|
| Domain: | templates.legal |
| Registered On: | 2019-12-30 |
| Expires On: | 2026-12-30 |
| Updated On: | 2023-06-25 |
| Status: | client transfer prohibited |
| Name Servers: | dom.ns.cloudflare.com |
| | wanda.ns.cloudflare.com |

## Registrar Information

| | |
|---|---|
| Registrar: | NameCheap, Inc. |
| IANA ID: | 1068 |
| Abuse Email: | abuse@namecheap.com |
| Abuse Phone: | +1.9854014545 |

## Registrant Contact

| | |
|---|---|
| Organization: | Privacy service provided by Withheld for Privacy ehf |
| State: | Capital Region |
| Country: | IS |

### Interested in similar domains?

| | |
|---|---|
| templatesuk.com | Buy Now |
| templatesreviews.com | Buy Now |
| templatestips.com | Buy Now |
| templateshelp.com | Buy Now |
| templates24.net | Buy Now |
| templatesgames.com | Buy Now |

## .space

$29.88  $1.18

BUY NOW

*while stocks last

**On Sale!**



**.ICU @ $1.48** $8.88



## related domain names

identity.digital      donuts.co      icann.org      cloudflare.com      namecheap.com      withheldforprivacy.com

Copyright © Whois.com. All rights reserved

Privacy | Terms

# EXHIBIT B

Objection to Claim

DONATE

Explore more than 928 billion web pages saved over time

templates.legal                                                                    ✕

**Calendar** · **Collections** · **Changes** · **Summary** · **Site Map** · **URLs**

Saved **100 times** between January 25, 2021 and April 1, 2025.



| | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | **2018** | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | **2025** |

**JAN**

| | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| **12** | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | **21** | 22 | 23 | 24 | **25** |
| 26 | 27 | 28 | 29 | 30 | 31 |

**FEB**

| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | **15** |
| 16 | 17 | 18 | **19** | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 |

**MAR**

| | | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | **11** | 12 |
| 13 | 14 | 15 | 16 | **17** | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 |

**APR**

| | | | | | **1** | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |

**MAY**

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 |

**JUN**

| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 |

**JUL**

| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 31 |

**AUG**

| | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 |

**SEP**

| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 |

**OCT**

| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 |

**NOV**

| | | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 |

**DEC**

| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 |

## Note

This calendar view maps the number of times **templates.legal** was crawled by the Wayback Machine, *not* how many times the site was actually updated. More info in the FAQ.

FAQ | Contact Us | Terms of Service (Dec 31, 2014)

The Wayback Machine is an initiative of the Internet Archive, a 501(c)(3) non-profit, building a digital library of Internet sites and other cultural artifacts in digital form. Other projects include Open Library & archive-it.org.

Your use of the Wayback Machine is subject to the Internet Archive's Terms of Use.

# EXHIBIT C

**Fill in this information to identify the case:**

Debtor 1  Kristina Smith

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court  **Central District of California**

Case number:  **24–12527**

FILED

**U.S. Bankruptcy Court**
**Central District of California**

1/17/2025

**Kathleen J. Campbell, Clerk**

## Official Form 410
## Proof of Claim

12/24

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| **Part 1:** | **Identify the Claim** |
| --- | --- |

**1. Who is the current creditor?**

Howard Smith

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Howard Smith
Name

28822 Via De Luna
Laguna Niguel, CA 92677

Contact phone _____9498315332_____

Contact email _____Howiesmith59@gmail.com_____

Uniform claim identifier (if you use one):

**Where should payments to the creditor be sent?** (if different)

Name

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                   Proof of Claim                   page 1

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**

$ 689000.00

**Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Loans for legal services and living expenses

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                    Proof of Claim                    page 2

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No |
| --- | --- | --- |
| | | ☐ Yes. *Check all that apply:* |

Amount entitled to priority

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies

$ _____

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date ___1/17/2025___

MM / DD / YYYY

/s/ Kristina Smith

Signature

Print the name of the person who is completing and signing this claim:

Name ___Kristina Smith___

First name  Middle name  Last name

Title _____

Company _____

Identify the corporate servicer as the company if the authorized agent is a servicer

Address ___27591 Kathy Court___

Number  Street

Laguna Niguel, CA 92677

City  State  ZIP Code

Contact phone ___9494390553___  Email ___finleyandtatumsmom@gmail.com___

## STANDARD PROMISSORY NOTE

### (SECURED)

#### State of California

$ _500,000_

Date _5/24/2017_

FOR VALUE RECEIVED, the undersigned, ___Kristina  Smith___

("Borrower"). hereby promises to pay to the ___Howard  Smith  or  Estate___

("Lender"), the principal sum of _$500,000_ (the "Principal Amount") together with interest on the unpaid Principal Amount in accordance with the terms set forth below

### 1. Payment

The Borrower shall:

☐  make _____ equal payments of _____ ($_____) each, every
_____ (month/year) starting on _____ and ending on
_____. Or,

☑  pay a lump sum payment by _paid through close of escrow on_
_real  properties  Attachment A 7.1_

### 2. Term

This Note will mature, and be due and payable in full, on _____0_____ (the "Maturity Date").

### 3. Default

Where the Borrower fails to pay the Note in full on the Maturity Date or has failed to make an installment payment due within 15 days of the Maturity Date, all unpaid principal shall accrue interest at the rate of _____0_____ percent (_0_%) per annum OR at the maximum rate allowed by law, whichever is less, until the Borrower is no longer in default.

### 4. Allocation of Payments

Payments shall be first credited any late fees due, then to interest due and any remainder will be credited to the principal.

**Templates.Legal**

## 5. · Prepayment

The Borrower may prepay the loan, with Interest, without any penalty

## 6. Late Fees

If Borrower fails to make a payment due under this Note within _____0_____ days after the Maturity Date, the Borrower agrees to pay to Lender a late payment fee of $____0____.

## 7. Security

7.1. This Note is secured by *Real Property see Att. A  7.1*
(The "Security").

7.2. The Security may not be sold or transferred without the Lender's consent until the Maturity Date.

7.3. If Borrower breaches this provision, the Lender may declare all sums due under this Note immediately due and payable, unless where prohibited by the Governing Law.

7.4. The Lender shall have the sole-option to accept the Security as full- payment for the Principal Amount without further liabilities or obligations. If the market value of the Security does not exceed the Principal Amount, the Borrower shall remain liable for the balance due while accruing interest at the maximum rate allowed by law.

## 8. Acceleration

If the Borrower is in default under this Note or is in default regarding the Security instrument of this Note, and such default is not cured within __0__ days after written notice of such default, then the Lender may, at its option, declare all outstanding sums owed on this Note to be immediately due and payable, in addition to any other rights or remedies that the Lender may have under the security instrument or by law.

## 9. Collection

9.1. The Borrower shall pay any and all issue taxes, documentary stamp taxes, and other taxes that may be payable in respect of the issuance or delivery of this Note.

9.2. If this Note is placed in the hands of an attorney for collection following the occurrence of an event of Default, the Borrower agrees to pay to the Lender upon demand all costs and expenses, including, without limitation, all attorneys' fees and court costs incurred by the Lender in connection with the enforcement or collection of this Note (whether or not any action has been commenced by the Lender to enforce or collect this Note).

## 10. Transfer of Note

The Lender may transfer this Note in compliance with applicable U.S. federal and state and/or foreign securities laws.

## 11. Amendment

Templates.Legal

This Note may not be modified or amended except by written agreement signed by both the Borrower and Lender.

## 12. Governing Law & Jurisdiction

This Note shall be governed by and construed in accordance with the laws of the State of California, and the parties hereby submit to this jurisdiction without prejudice to any conflict of law provisions.

## 13. No Assignment & Delegation

The Borrower may not assign its rights or delegate its duties under this Note without the Lender's prior written consent.

## 14. Severability

In the event that any provision of this Note is determined to be void or unenforceable in whole or in part, for any reason, such determination shall not affect the validity or enforceability of any other provision, all of which shall remain in full force and effect.

## 15. Notices

Any notices required or permitted to be given under this Note, shall be given in writing and shall be delivered either in person, or by certified mail, postage prepaid, return receipt requested, or by facsimile, or by a commercial overnight courier that guarantees next day delivery and provides a receipt, and such notices shall be made to the parties at the addresses listed below:

Lender's Address: 23822 Via de Luna  Lag. Miguel. Ca  92677

Borrower's Address: 27591  Kathy Court  Laguna Miguel. Ca  92677

## 16. Waiver

- 16.1. No failure or delay by the Lender in exercising its rights under this Note shall be considered a waiver of such rights. The Lender shall also not be deemed to have waived any provision of this Note or the exercise of any rights held under this Note unless such waiver is made expressly and in writing.
- 16.2. The waiver by Lender of a breach or violation of any provision of this Note shall not constitute a waiver of any other subsequent breach or violation.
- 16.3. The Borrower and all sureties, guarantors and endorsers hereof, waive presentment, protest and demand, notice of protest, demand and dishonor and nonpayment of this Note.

## 17. Headings

The section headings of this Note are for convenience only, and shall not limit or otherwise affect any of the terms hereof.

Templates.Legal

### 18. Binding

This Note will inure to the benefit of and be binding on the respective successors and permitted assigns of Lender and Borrower

### 19. Conflicting Terms

In the event of any conflict between the terms of this Note and the terms of any security instrument securing the payment of this Note, the terms of this Note shall prevail.

### 20.  Execution Clause

The Borrower executes this Note as a principal and not as a surety.  If there is more than one Borrower, each Borrower shall be jointly and severally liable under this Note.

This agreement was signed the __24__ day of __May__ , 20__17__ by the following:

X _____

**Lender's Signature**

X _____

**Borrower's Signature**

X __Howard Smith__

**Lender's Printed Name**

X __Kristina Smith__

**Borrower's Printed Name**

X _____

**Witness's Signature**

_____

**Witness's Signature**

X __Kerry Kavanaugh__

**Witness's Printed Name**

_____

**Witness's Printed Name**


Templates.Legal

# Attachment A
## Secured Real Property

7.1

    1. 271 Ashbury Lane Upland, CA 91784
APN 1043-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

    2. 3226 Garden Dr. San Bernardino, CA 92404
APN 0271-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

    3. 3588 N. Lugo Ave. San Bernardino, CA 92404
APN 0153-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

    4. 137 S. Terrace San Bernardino CA 92404
APN 0142-721-34

    5. 587 West Winchester Rialto, CA 92376
APN 0127-203-17

    6. 739 West H Street Ontario, CA
APN 1048-303-06-0

    7. 951 East Home St Rialto, CA 92376
APN 0133-302-25

    8. 1010 West Moffatt Street Rialto, CA 92376
APN 1133-411-12

    9. 7013 Ramona Ave. Rancho Cucamonga, CA 91701
APN 1076-221-67-0-000

    10. 14227 Weeping Willow Ln. Fontana, CA 92337
APN 236-462-22

    11. 4343 Alamitos Montclair, CA 91763
APN 1009-232-2120

SECURED PROMISSORY NOTE SMITH/SMITH 2017-MAY-24

# STANDARD PROMISSORY NOTE
## SECURED

This Secured Promissory Note ("Note") is made as of this ___8/21/2020___ (mm/dd/yyyy).
hereinafter known as the "Start Date", by and between

__Kristina SMITH__ (Borrower Name) of __Howard Smith__ Self
("Borrower"), has received and promises to payback

__Howard Smith__ (Lender Name) of __Self__
("Lender") the principal sum of __178,000__ US Dollars ($ _____)
with interest accruing on the unpaid balance at a rate of __—__ percent (%) per annum,
hereinafter known as the "Borrowed Money", beginning as of the Start Date in the manner
as follows

close of escrow: moffett, Ramona, Alamitos, weepin willow, Lugo, S.Terra H Street h paid in full.

1. **PAYMENTS** The full balance of this Note, including all accrued interest and late fees, is
due and payable on _____ (mm/dd/yyyy), hereinafter known as the "Due Date"
The Loan shall be due and payable in one (1) of the following ways (check one)

☑ - **LUMP SUM** Borrower shall pay a lump sum to be made in full, principal and interest
included, of __178,000__ Dollars ($ _____) by the Due Date

☐ - **INSTALLMENTS** Borrower shall pay principal and interest in the amount of
_____ Dollars ($_____) on (check one)

☐ - A weekly basis with any remaining balance payable on the Due Date
☐ - A monthly basis with any remaining balance payable on the Due Date
☐ - A quarterly basis with any remaining balance payable on the Due Date

2. **LATE FEE** There shall be a late payment fee of $ __0__ if an installment is not
paid on-time (by the due date) along with the default interest due, as described in Section 5

3. **SECURITY** This note is hereby secured by the following Real Property Sales
moffatt, Alamitos, H Street, weepin Willow, Lugo, Ramona, S. Terrace
hereinafter known as the "Security", which shall transfer to the possession and ownership of
the Lender IMMEDIATELY pursuant to Section 8 of this Note The Security may not be sold
or transferred without the Lender's consent until the Due Date If Borrower breaches this
provision, Lender may declare all sums due under this Note immediately due and payable,
unless prohibited by applicable law The Lender shall have the sole option to accept the
Security as full payment for the Borrowed Money without further liabilities or obligations If
the market value of the Security does not exceed the Borrowed Money, the Borrower
shall remain liable for the balance due while accruing interest at the maximum rate allowed
by law

x __Kristina Smith__, Borrower    8/21/2020

eSign
x __Howard 3r__ Lender 8/21/2020    Page 1 of 3

# STANDARD PROMISSORY NOTE

## (SECURED)

### State of California

$ **500,000**

Date **5/24/2017**

FOR VALUE RECEIVED, the undersigned, **Kristina Smith** ("Borrower"), hereby promises to pay to the **Howard Smith or Estate** ("Lender"), the principal sum of **$500,000** (the "Principal Amount") together with interest on the unpaid Principal Amount in accordance with the terms set forth below

## 1. Payment

The Borrower shall:

☐     make _____ equal payments of _____ ($_____) each, every _____ (month/year) starting on _____ and ending on _____. Or,

☑     pay a lump sum payment by **paid through close of escrow on real properties Attachment A 7.1**

## 2. Term

This Note will mature, and be due and payable in full, on **0** (the "Maturity Date").

## 3. Default

Where the Borrower fails to pay the Note in full on the Maturity Date or has failed to make an installment payment due within 15 days of the Maturity Date, all unpaid principal shall accrue interest at the rate of **0** percent (**0**%) per annum OR at the maximum rate allowed by law, whichever is less, until the Borrower is no longer in default.

## 4. Allocation of Payments

Payments shall be first credited any late fees due, then to interest due and any remainder will be credited to the principal.

**Templates.Legal**

## 5. Prepayment

The Borrower may prepay the loan, with Interest, without any penalty

## 6. Late Fees

If Borrower fails to make a payment due under this Note within _____0_____ days after the Maturity Date, the Borrower agrees to pay to Lender a late payment fee of $ ____0____ .

## 7. Security

7.1. This Note is secured by _Real Property see Att. A 7.1_ (The "Security").

7.2. The Security may not be sold or transferred without the Lender's consent until the Maturity Date.

7.3. If Borrower breaches this provision, the Lender may declare all sums due under this Note immediately due and payable, unless where prohibited by the Governing Law.

7.4. The Lender shall have the sole-option to accept the Security as full- payment for the Principal Amount without further liabilities or obligations. If the market value of the Security does not exceed the Principal Amount, the Borrower shall remain liable for the balance due while accruing interest at the maximum rate allowed by law.

## 8. Acceleration

If the Borrower is in default under this Note or is in default regarding the Security instrument of this Note, and such default is not cured within ___0___ days after written notice of such default, then the Lender may, at its option, declare all outstanding sums owed on this Note to be immediately due and payable, in addition to any other rights or remedies that the Lender may have under the security instrument or by law.

## 9. Collection

9.1. The Borrower shall pay any and all issue taxes, documentary stamp taxes, and other taxes that may be payable in respect of the issuance or delivery of this Note.

9.2. If this Note is placed in the hands of an attorney for collection following the occurrence of an event of Default, the Borrower agrees to pay to the Lender upon demand all costs and expenses, including, without limitation, all attorneys' fees and court costs incurred by the Lender in connection with the enforcement or collection of this Note (whether or not any action has been commenced by the Lender to enforce or collect this Note).

## 10. Transfer of Note

The Lender may transfer this Note in compliance with applicable U.S. federal and state and/or foreign securities laws.

## 11. Amendment

**Templates.Legal**

This Note may not be modified or amended except by written agreement signed by both the Borrower and Lender.

## 12. Governing Law & Jurisdiction

This Note shall be governed by and construed in accordance with the laws of the State of California, and the parties hereby submit to this jurisdiction without prejudice to any conflict of law provisions.

## 13. No Assignment & Delegation

The Borrower may not assign its rights or delegate its duties under this Note without the Lender's prior written consent.

## 14. Severability

In the event that any provision of this Note is determined to be void or unenforceable in whole or in part, for any reason, such determination shall not affect the validity or enforceability of any other provision, all of which shall remain in full force and effect.

## 15. Notices

Any notices required or permitted to be given under this Note, shall be given in writing and shall be delivered either in person, or by certified mail, postage prepaid, return receipt requested, or by facsimile, or by a commercial overnight courier that guarantees next day delivery and provides a receipt, and such notices shall be made to the parties at the addresses listed below:

Lender's Address: 23822 Via de Luna  Lag. Mijuel. Ca  92677

Borrower's Address: 27591  Kathy Court  Laguna Miguel. Ca  92677

## 16. Waiver

16.1. No failure or delay by the Lender in exercising its rights under this Note shall be considered a waiver of such rights. The Lender shall also not be deemed to have waived any provision of this Note or the exercise of any rights held under this Note unless such waiver is made expressly and in writing.

16.2. The waiver by Lender of a breach or violation of any provision of this Note shall not constitute a waiver of any other subsequent breach or violation.

16.3. The Borrower and all sureties, guarantors and endorsers hereof, waive presentment, protest and demand, notice of protest, demand and dishonor and nonpayment of this Note.

## 17. Headings

The section headings of this Note are for convenience only, and shall not limit or otherwise affect any of the terms hereof.

Templates.Legal

## 18. Binding

This Note will inure to the benefit of and be binding on the respective successors and permitted assigns of Lender and Borrower

## 19. Conflicting Terms

In the event of any conflict between the terms of this Note and the terms of any security instrument securing the payment of this Note, the terms of this Note shall prevail.

## 20.    Execution Clause

The Borrower executes this Note as a principal and not as a surety. If there is more than one Borrower, each Borrower shall be jointly and severally liable under this Note.

This agreement was signed the 24 day of May , 20 17 by the following:

X _____

**Lender's Signature**

X _____

**Borrower's Signature**

X Howard Smith

**Lender's Printed Name**

X Kristina Smith

**Borrower's Printed Name**

X _____

**Witness's Signature**

_____

**Witness's Signature**

X Karry Kavanaugh

**Witness's Printed Name**

_____

**Witness's Printed Name**



Templates.Legal

## Attachment A
## Secured Real Property

7.1

1. 271 Ashbury Lane Upland, CA 91784
APN 1043-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

2. 3226 Garden Dr. San Bernardino, CA 92404
APN 0271-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

3. 3588 N. Lugo Ave. San Bernardino, CA 92404
APN 0153-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

4. 137 S. Terrace San Bernardino CA 92404
APN 0142-721-34

5. 587 West Winchester Rialto, CA 92376
APN 0127-203-17

6. 739 West H Street Ontario, CA
APN 1048-303-06-0

7. 951 East Home St Rialto, CA 92376
APN 0133-302-25

8. 1010 West Moffatt Street Rialto, CA 92376
APN 1133-411-12

9. 7013 Ramona Ave. Rancho Cucamonga, CA 91701
APN 1076-221-67-0-000

10. 14227 Weeping Willow Ln. Fontana, CA 92337
APN 236-462-22

11. 4343 Alamitos Montclair, CA 91763
APN 1009-232-2120

SECURED PROMISSORY NOTE SMITH/SMITH 2017-MAY-24

# STANDARD PROMISSORY NOTE
## SECURED

This Secured Promissory Note ("Note") is made as of this  8/21/2020  (mm/dd/yyyy),
hereinafter known as the "Start Date", by and between

Kristina SMITH  (Borrower Name) of  Howard & Smith  Self
("Borrower"), has received and promises to payback

Howard Smith  (Lender Name) of  Self
("Lender") the principal sum of  178,000  US Dollars ($ _____ )
with interest accruing on the unpaid balance at a rate of  ___  percent (%) per annum,
hereinafter known as the "Borrowed Money", beginning as of the Start Date in the manner
as follows

close of escrow: moffett, Ramona, Alamitos,
weepin willow, Lugo, S.Terra
H Street

1. **PAYMENTS** The full balance of this Note, including all accrued interest and late fees, is  h' paid
due and payable on _____ (mm/dd/yyyy), hereinafter known as the "Due Date"  in full.
The Loan shall be due and payable in one (1) of the following ways (check one)

☑ - **LUMP SUM** Borrower shall pay a lump sum to be made in-full, principal and interest
included, of  178,000  Dollars ($ _____ ) by the Due Date

☐ - **INSTALLMENTS** Borrower shall pay principal and interest in the amount of
_____ Dollars ($ _____ ) on (check one)

☐ - A weekly basis with any remaining balance payable on the Due Date
☐ - A monthly basis with any remaining balance payable on the Due Date
☐ - A quarterly basis with any remaining balance payable on the Due Date

2. **LATE FEE** There shall be a late payment fee of $  0  if an installment is not
paid on-time (by the due date) along with the default interest due, as described in Section 5

3. **SECURITY** This note is hereby secured by the following  Real Property Sales
noffatt, Alamctos, H Street, weepin willow, Lugo, Ramona, S. Terrace
hereinafter known as the "Security", which shall transfer to the possession and ownership of
the Lender IMMEDIATELY pursuant to Section 8 of this Note  The Security may not be sold
or transferred without the Lender's consent until the Due Date  If Borrower breaches this
provision, Lender may declare all sums due under this Note immediately due and payable,
unless prohibited by applicable law  The Lender shall have the sole option to accept the
Security as full payment for the Borrowed Money without further liabilities or obligations  If
the market value of the Security does not exceed the Borrowed Money, the Borrower
shall remain liable for the balance due while accruing interest at the maximum rate allowed
by law

X  Kristina Smith , Borrower  8/21/2020

eSign  X  Howard Jr  Lender 8/21/2020    Page 1 of 3

## STANDARD PROMISSORY NOTE

### (SECURED)

#### State of California

$ _500,000_

Date _5/24/2017_

FOR VALUE RECEIVED, the undersigned, ___Kristina Smith___
("Borrower"), hereby promises to pay to the ___Howard Smith or Estate___
("Lender"), the principal sum of ___$500,000___ (the "Principal Amount") together with interest on
the unpaid Principal Amount in accordance with the terms set forth below

### 1. Payment

The Borrower shall:

☐   make _____ equal payments of _____ ($_____) each, every

_____ (month/year) starting on _____ and ending on

_____. Or,

☑   pay a lump sum payment by _paid through close of escrow on_
_real properties Attachment A 7.1_

### 2. Term

This Note will mature, and be due and payable in full, on _____0_____ (the "Maturity Date").

### 3. Default

Where the Borrower fails to pay the Note in full on the Maturity Date or has failed to make an installment
payment due within 15 days of the Maturity Date, all unpaid principal shall accrue interest at the rate of
_____0_____ percent ( _0_%) per annum OR at the maximum rate allowed by law, whichever is less,
until the Borrower is no longer in default.

### 4. Allocation of Payments

Payments shall be first credited any late fees due, then to interest due and any remainder will be credited to the
principal.

**Templates.Legal**

## 5. Prepayment

The Borrower may prepay the loan, with Interest, without any penalty

## 6. Late Fees

If Borrower fails to make a payment due under this Note within _____0_____ days after the Maturity Date, the Borrower agrees to pay to Lender a late payment fee of $ ___0___ .

## 7. Security

7.1. This Note is secured by *Real Property see Att. A 7.1* (The "Security").

7.2. The Security may not be sold or transferred without the Lender's consent until the Maturity Date.

7.3. If Borrower breaches this provision, the Lender may declare all sums due under this Note immediately due and payable, unless where prohibited by the Governing Law.

7.4. The Lender shall have the sole-option to accept the Security as full- payment for the Principal Amount without further liabilities or obligations. If the market value of the Security does not exceed the Principal Amount, the Borrower shall remain liable for the balance due while accruing interest at the maximum rate allowed by law.

## 8. Acceleration

If the Borrower is in default under this Note or is in default regarding the Security instrument of this Note, and such default is not cured within __0__ days after written notice of such default, then the Lender may, at its option, declare all outstanding sums owed on this Note to be immediately due and payable, in addition to any other rights or remedies that the Lender may have under the security instrument or by law.

## 9. Collection

9.1. The Borrower shall pay any and all issue taxes, documentary stamp taxes, and other taxes that may be payable in respect of the issuance or delivery of this Note.

9.2. If this Note is placed in the hands of an attorney for collection following the occurrence of an event of Default, the Borrower agrees to pay to the Lender upon demand all costs and expenses, including, without limitation, all attorneys' fees and court costs incurred by the Lender in connection with the enforcement or collection of this Note (whether or not any action has been commenced by the Lender to enforce or collect this Note).

## 10. Transfer of Note

The Lender may transfer this Note in compliance with applicable U.S. federal and state and/or foreign securities laws.

## 11. Amendment

**Templates.Legal**

This Note may not be modified or amended except by written agreement signed by both the Borrower and Lender.

## 12. Governing Law & Jurisdiction

This Note shall be governed by and construed in accordance with the laws of the State of California, and the parties hereby submit to this jurisdiction without prejudice to any conflict of law provisions.

## 13. No Assignment & Delegation

The Borrower may not assign its rights or delegate its duties under this Note without the Lender's prior written consent.

## 14. Severability

In the event that any provision of this Note is determined to be void or unenforceable in whole or in part, for any reason, such determination shall not affect the validity or enforceability of any other provision, all of which shall remain in full force and effect.

## 15. Notices

Any notices required or permitted to be given under this Note, shall be given in writing and shall be delivered either in person, or by certified mail, postage prepaid, return receipt requested, or by facsimile, or by a commercial overnight courier that guarantees next day delivery and provides a receipt, and such notices shall be made to the parties at the addresses listed below:

Lender's Address: _23822 Via de Luna   Lag. Miguel. Ca    92677_

Borrower's Address: _27591  Kathy Court  Laguna Miguel. Ca  92677_

## 16. Waiver

16.1. No failure or delay by the Lender in exercising its rights under this Note shall be considered a waiver of such rights. The Lender shall also not be deemed to have waived any provision of this Note or the exercise of any rights held under this Note unless such waiver is made expressly and in writing.

16.2. The waiver by Lender of a breach or violation of any provision of this Note shall not constitute a waiver of any other subsequent breach or violation.

16.3. The Borrower and all sureties, guarantors and endorsers hereof, waive presentment, protest and demand, notice of protest, demand and dishonor and nonpayment of this Note.

## 17. Headings

The section headings of this Note are for convenience only, and shall not limit or otherwise affect any of the terms hereof.

Templates.Legal

## 18. Binding

This Note will inure to the benefit of and be binding on the respective successors and permitted assigns of Lender and Borrower

## 19. Conflicting Terms

In the event of any conflict between the terms of this Note and the terms of any security instrument securing the payment of this Note, the terms of this Note shall prevail.

## 20.    Execution Clause

The Borrower executes this Note as a principal and not as a surety.  If there is more than one Borrower, each Borrower shall be jointly and severally liable under this Note.

This agreement was signed the __24__ day of __May__ , 20__17__ by the following:

X _____                      x _____

**Lender's Signature**                          **Borrower's Signature**

X __Howard Smith__                              x __Kristina Smith__

**Lender's Printed Name**                       **Borrower's Printed Name**

X _____                      _____

**Witness's Signature**                         **Witness's Signature**

x __Kerry Kavanaugh__                           _____

**Witness's Printed Name**                      **Witness's Printed Name**



Templates.Legal

## Attachment A
## Secured Real Property

7.1

1. 271 Ashbury Lane Upland, CA 91784
APN 1043-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

2. 3226 Garden Dr. San Bernardino, CA 92404
APN 0271-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

3. 3588 N. Lugo Ave. San Bernardino, CA 92404
APN 0153-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

4. 137 S. Terrace San Bernardino CA 92404
APN 0142-721-34

5. 587 West Winchester Rialto, CA 92376
APN 0127-203-17

6. 739 West H Street Ontario, CA
APN 1048-303-06-0

7. 951 East Home St Rialto, CA 92376
APN 0133-302-25

8. 1010 West Moffatt Street Rialto, CA 92376
APN 1133-411-12

9. 7013 Ramona Ave. Rancho Cucamonga, CA 91701
APN 1076-221-67-0-000

10. 14227 Weeping Willow Ln. Fontana, CA 92337
APN 236-462-22

11. 4343 Alamitos Montclair, CA 91763
APN 1009-232-2120

SECURED PROMISSORY NOTE SMITH/SMITH 2017-MAY-24

# STANDARD PROMISSORY NOTE
## SECURED

This Secured Promissory Note ("Note") is made as of this _8/21/2020_ (mm/dd/yyyy), hereinafter known as the "Start Date", by and between

_Kristina SMITH_ (Borrower Name) of _Howard Smith_   Self
("Borrower"), has received and promises to payback

_Howard Smith_ (Lender Name) of _Self_
("Lender") the principal sum of _178,000_ US Dollars ($ _____ ) with interest accruing on the unpaid balance at a rate of ____ percent (%) per annum, hereinafter known as the "Borrowed Money", beginning as of the Start Date in the manner as follows

close of escrow: moffett, Ramona, Alamitus, weeping willow, Lugo, S.Terra H'Street   h' paid in full.

1. **PAYMENTS** The full balance of this Note, including all accrued interest and late fees, is due and payable on _____ (mm/dd/yyyy), hereinafter known as the "Due Date". The Loan shall be due and payable in one (1) of the following ways (check one)

   ☑ **LUMP SUM** Borrower shall pay a lump sum to be made in full, principal and interest included, of _178,000_ Dollars ($ _____ ) by the Due Date

   ☐ **INSTALLMENTS** Borrower shall pay principal and interest in the amount of _____ Dollars ($ _____ ) on (check one)

      ☐ A weekly basis with any remaining balance payable on the Due Date
      ☐ A monthly basis with any remaining balance payable on the Due Date
      ☐ A quarterly basis with any remaining balance payable on the Due Date

2. **LATE FEE** There shall be a late payment fee of $ _0_ if an installment is not paid on time (by the due date) along with the default interest due, as described in Section 5

3. **SECURITY** This note is hereby secured by the following _Real Property Sales_ moffett, Alamctus, H-Street, weeping willow, Lugo, Ramona, S.Terrace hereinafter known as the "Security", which shall transfer to the possession and ownership of the Lender IMMEDIATELY pursuant to Section 8 of this Note. The Security may not be sold or transferred without the Lender's consent until the Due Date. If Borrower breaches this provision, Lender may declare all sums due under this Note immediately due and payable, unless prohibited by applicable law. The Lender shall have the sole option to accept the Security as full payment for the Borrowed Money without further liabilities or obligations. If the market value of the Security does not exceed the Borrowed Money, the Borrower shall remain liable for the balance due while accruing interest at the maximum rate allowed by law

X _Kristine Smith_, Borrower   8/21/2020

**eSign**   X _Howard 3r_ Lender 8/21/2020   Page 1 of 3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**3090 Bristol Street #400
Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF OBJECTION TO CLAIM 5-1** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 4/10/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David Coats    dacoats@raslg.com
Richard G. Heston    rheston@hestonlaw.com,
yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email
Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
Matthew J Stockl    matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Julie J Villalobos    julie@oaktreelaw.com, oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com
Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 4/10/2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Theodor Albert               Howard Smith
411 West Fourth Street             28822 Via De Luna
Suite 5085 / Courtroom 5B          Laguna Niguel, CA 92677
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **4/10/2025** | **Benjamin Heston** | **/s/Benjamin Heston** |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**