| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Richard A. Marshack, Trustee<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, CA 92620<br>949 333-7777<br>949 333-7778 FAX<br>E-Mail:  rmarshack@marshackhays.com<br><br>☒ *Movant(s) appearing without an attorney*<br>☐ *Attorney for Movant(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>KRISTINA LYNN SMITH,<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:24-bk-12527-TA<br>CHAPTER: 7<br><br>**DECLARATION THAT NO PARTY**<br>**REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)**<br><br>[No Hearing Required] |
|---|---|

1. I am the ☒ Movant(s) or ☐ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): 04/11/2025    Movant(s) filed a motion or application (Motion) entitled: Trustee's Application to Employ Clarence Yoshikane of Berkshire Hathaway [DK 67]

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): 04/11/2025    Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than 17   days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

9.   Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: 04/29/2025          /s/ Richard A. Marshack_____
                          Signature


                          Richard A. Marshack_____
                          Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*          Page 2          **F 9013-1.2.NO.REQUEST.HEARING.DEC**

EXHIBIT 1

1  RICHARD A. MARSHACK
   rmarshack@marshackhays.com
2  MARSHACK HAYS WOOD LLP
   870 Roosevelt Avenue
3  Irvine, CA 92620
   Telephone:  (949) 333-7777
4  Facsimile:  (949) 333-7778

5  Chapter 7 Trustee

6

7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

10

| 11 | In re | Case No.  8:24-bk-12527-TA |
|----|-------|----------------------------|
| 12 | KRISTINA LYNN SMITH, | Chapter  7 |
| 13 |       | CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY REAL ESTATE AGENT; |
|    | Debtor. | DECLARATION OF CLARENCE YOSHIKANE IN SUPPORT |
| 14 |       |  |
| 15 |       | **[11 U.S.C. §§ 327(a) and 328(a); FRBP 2014; and LBR 2014-1(b)]** |
| 16 |       |  |
| 17 |       | [No Hearing Required Unless Requested – LBR 9013-1(o)(1) |
| 18 |       |  |

19  TO THE HONORABLE THEORDOR C. ALBERT, UNITED STATES BANKRUPTCY

20  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER

21  INTERESTED PARTIES:

22        Richard A. Marshack, Chapter 7 Trustee ("Trustee" or "Applicant") for the bankruptcy

23  estate (the "Estate") of  Kristina Lynn Smith ("Debtor"), brings this application for authorization

24  to employ Clarence Yoshikane of BHHS / Berkshire Hathaway HomeServices CA Properties as

25  the Trustee's  real estate agent ("Agent") in this bankruptcy case (the "Application").

26        In support thereof, Trustee respectfully represents as follows:

27  / / /

28  / / /

1

EMPLOY AGENT APPLICATION
5000-611

EXHIBIT 1
Page 3

1

2                    **Background Information**

3           On October 3, 2024, Debtor filed a voluntary petition under Chapter 7 of Title 11 the

4    United States Code. On the same date, Richard A. Marshack ("Trustee") was appointed as the

5    Chapter 7 trustee.

6           On October 17, 2024, as Dk. No. 9, Debtor filed the schedules and statements.

7           On October 28, 2024, as Dk. No. 13, the Trustee filed a notice of assets.

8           On November 5, 2024, as Dk. No. 15, Debtor filed amended schedules A/B and C.

9                        **The Property**

10          In her Schedule A/B, Debtor lists an ownership interest in real property located at and

11   commonly known as 27591 Kathy Ct., Laguna Niguel, CA 92677 ("Property") which Debtor

12   values at $1,924,800. The Property is a single-family home in Orange County, California. Title

13   to the Property is held in joint tenancy of the Debtor and Jeff Gomez.

14          Debtor's Amended Schedule C reflects an exemption in the amount of $699,421 and

15   Schedule D reflects liens totaling $897,508.

16          Agent has viewed the Property and, based on the comparable sales in the area, the current

17   market value of the Property is $1,800,000 to $2,000,000.

18                  **Services To Be Performed**

19          In  order to market the Property most effectively, and thereby to liquidate the same for

20   the best and highest price, Trustee has solicited the assistance of  Agent,  a licensed real estate

21   agent.  Agent, on behalf of Trustee, has examined the information related to the Property and has

22   agreed to advertise the Property at the Agent's expense, to show the Property to interested

23   parties, to represent the Estate as seller in connection with the sale of the Property, and to advise

24   Trustee with respect to obtaining the highest and best offers available in the present market.

25   Based on the foregoing agreement, Trustee desires to enter into listing agreement and addendum

26   (the "Listing Agreement"), in substantially the form as attached hereto as **Exhibit "1,"** to employ

27   Clarence Yoshikane of Berkshire Hathaway HomeServices CA Properties as the Estate's real

28   estate agent to procure and submit to Trustee offers to purchase the Property.

EMPLOY AGENT APPLICATION

5000-611

EXHIBIT 1

Page 4

## Compensation Procedure

In consideration for such services, subject to further application and Court order, the Agent will receive, upon consummation of a sale, a real estate agent's commission in an amount equal to six percent (6%) of the purchase price, subject to a carve-out to the Estate of two percent (2% ) of the total commission.

Agent has been informed and understands that no sale of the Property may be consummated until after a notice to creditors with the opportunity for a hearing as well as a Court order.

Pursuant to the Listing Agreement, the commission will only be paid to the Agent from the proceeds of the sale of the Property and after Court approval.  The Trustee requests that he be authorized to pay such commission as an administrative expense through escrow at the closing of the sale of the Property from the proceeds of that Property without the Broker being required to file a fee application.

Agent is aware of the provisions of Bankruptcy Code Section 328(a) and has agreed, notwithstanding the terms and conditions of employment herein set forth, that the Court may allow compensation different from the compensation provided herein if such terms and conditions proved to have been improvident in light of developments unanticipated at the time of the fixing of such terms and conditions.

The Agent has not received any retainer or other compensation for its retention by the Trustee and will only receive compensation as authorized by this Court pursuant to this Application to be paid from the proceeds of the sale of the Property.

## The Agent is Disinterested

To the best of Applicant's knowledge, and based upon the Declaration of Clarence Yoshikane filed concurrently herewith, neither the Agent, nor any persons employed by BHHS / Berkshire Hathaway HomeServices CA Properties, have any connection with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants, Judge of the Bankruptcy Court, the United States Trustee, and any person employed by the Office of the

1    United States Trustee, hold or represent any interest adverse to that of Debtor or the Debtor's

2    estate and that Agent is a disinterested person within the meaning of 11 U.S.C. Section 101(14).

3         Trustee believes that employment of the Agent will be in the best interest of the

4    bankruptcy Estate.

5                              **Conclusion**

6         WHEREFORE, Trustee requests that he be authorized to employ  Clarence Yoshikane of

7    Berkshire Hathaway HomeServices CA Properties as the Estate's real estate agent on the terms

8    and conditions set forth herein, that Trustee be empowered to execute the Listing Agreement,

9    and for such other and further relief as is just.

10    Dated: April 11, 2025                   Respectfully submitted,

11

12                                    /s/  Richard A. Marshack
                                     Richard A. Marshack, Chapter 7 Trustee for the
13                                   Bankruptcy Estate of  Kristina Lynn Smith

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5000-611                    EMPLOY AGENT APPLICATION

EXHIBIT 1
Page 6

# Declaration of Clarence Yoshikane

I, CLARENCE YOSHIKANE, declare and state as follows:

1. I am a licensed real estate agent and employed with Berkshire Hathaway HomeServices CA Properties ("Broker" or "Firm"), 1400 Newport Center Drive, Suite 200, Newport Beach, California 92660; telephone (714) 606-5765.

2. I am familiar with the foregoing Application to Employ Real Estate Agent (the "Application") and the real property located at and commonly known as 27591 Kathy Ct., Laguna Niguel, CA 92677 ("Property") and believe that I am qualified to represent the Trustee and the Estate in connection with the marketing of the Property. I am very familiar with the market for its sale.

3. The Firm has extensive experience in residential and commercial real estate transactions.

4. The Firm has performed services for other Chapter 7 trustees in the Central District of California and the Firm is familiar with the rules and processes employed in the bankruptcy courts for the Central District of California.

5. I have agreed to accept employment on the terms and conditions set forth in the Application and Listing Agreement for the sale of the Property. A true and correct copy of the Property Listing Agreement is attached hereto as Exhibit "1."

6. In my experience, 8% is a reasonable projection of the costs of sale, taking into account an 6% sales commission and 2% escrow, title and incidental costs.

7. I have agreed and understand, notwithstanding the terms and conditions of employment set forth herein, that the Court may allow compensation different if such terms and conditions prove to have been improvident in light of developments unanticipated at the time of fixing such terms and conditions.

8. The Firm is a "disinterested person" within the meaning of Bankruptcy Code Section 101(14). The Firm does not have an interest adverse to the Debtor or the Estate. As of the Petition Date, the Firm was not a creditor of the Estate and was not owed any funds by the Debtor.

EMPLOY AGENT APPLICATION

5000-611

EXHIBIT 1
Page 7

1       9.     The Firm has no pre-petition claim against Debtor's Estate.

2       10.    To the best of my knowledge, the Firm has no connections with the Debtor,

3 creditors, any other party in interest, their respective attorneys and accountants, the United States

4 trustee, or any person employed in the office of the United States Trustee.

5       11.    To the best of my knowledge, the Firm has no relation to any judge of the United

6 States Bankruptcy Court for the Central District of California, the United States Trustee, or any

7 person currently employed in the Office of the United States Trustee.

8       12.    The Firm has not received a retainer for the services to be performed herein.

9       13.    The Firm understands that its compensation in this case is subject to approval of

10 this Court pursuant to 11 U.S.C. § 328.

11      14.    To the best of my knowledge, I represent no interest which would be adverse to

12 this Estate or its creditors or any party in interest in this proceeding and I am a "disinterested

13 person" as the term is defined in Bankruptcy Code Section 101(14).

14

15     I declare under penalty of perjury that the foregoing is true and correct. Executed on

16 March April 11 , 2025.

17

18                           CLARENCE YOSHIKANE

19

20

21

22

23

24

25

26

27

28

EMPLOY AGENT APPLICATION

5000-611

EXHIBIT 1
Page 8

EXHIBIT 1

EXHIBIT 1
Page 9





## DISCLOSURE REGARDING
## REAL ESTATE AGENCY RELATIONSHIP
**(As required by the Civil Code)**
**(C.A.R. Form AD, Revised 12/21)**

☐ (If checked) This form is being provided in connection with a transaction for a leasehold interest exceeding one year as per Civil Code section 2079.13(j), (k), and (l).

When you enter into a discussion with a real estate agent regarding a real estate transaction, you should from the outset understand what type of agency relationship or representation you wish to have with the agent in the transaction.

### SELLER'S AGENT
A Seller's agent under a listing agreement with the Seller acts as the agent for the Seller only. A Seller's agent or a subagent of that agent has the following affirmative obligations:
To the Seller: A Fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Seller.
To the Buyer and the Seller:
    (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
    (b) A duty of honest and fair dealing and good faith.
    (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

### BUYER'S AGENT
A Buyer's agent can, with a Buyer's consent, agree to act as agent for the Buyer only. In these situations, the agent is not the Seller's agent, even if by agreement the agent may receive compensation for services rendered, either in full or in part from the Seller. An agent acting only for a Buyer has the following affirmative obligations:
To the Buyer: A fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Buyer.
To the Buyer and the Seller:
    (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
    (b) A duty of honest and fair dealing and good faith.
    (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

### AGENT REPRESENTING BOTH SELLER AND BUYER
A real estate agent, either acting directly or through one or more salespersons and broker associates, can legally be the agent of both the Seller and the Buyer in a transaction, but only with the knowledge and consent of both the Seller and the Buyer.
In a dual agency situation, the agent has the following affirmative obligations to both the Seller and the Buyer:
    (a) A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either the Seller or the Buyer.
    (b) Other duties to the Seller and the Buyer as stated above in their respective sections.
In representing both Seller and Buyer, a dual agent may not, without the express permission of the respective party, disclose to the other party confidential information, including, but not limited to, facts relating to either the Buyer's or Seller's financial position, motivations, bargaining position, or other personal information that may impact price, including the Seller's willingness to accept a price less than the listing price or the Buyer's willingness to pay a price greater than the price offered.

### SELLER AND BUYER RESPONSIBILITIES
Either the purchase agreement or a separate document will contain a confirmation of which agent is representing you and whether that agent is representing you exclusively in the transaction or acting as a dual agent. Please pay attention to that confirmation to make sure it accurately reflects your understanding of your agent's role.

The above duties of the agent in a real estate transaction do not relieve a Seller or Buyer from the responsibility to protect his or her own interests. You should carefully read all agreements to assure that they adequately express your understanding of the transaction. A real estate agent is a person qualified to advise about real estate. If legal or tax advice is desired, consult a competent professional.

If you are a Buyer, you have the duty to exercise reasonable care to protect yourself, including as to those facts about the property which are known to you or within your diligent attention and observation.

Both Sellers and Buyers should strongly consider obtaining tax advice from a competent professional because the federal and state tax consequences of a transaction can be complex and subject to change.

Throughout your real property transaction you may receive more than one disclosure form, depending upon the number of agents assisting in the transaction. The law requires each agent with whom you have more than a casual relationship to present you with this disclosure form. You should read its contents each time it is presented to you, considering the relationship between you and the real estate agent in your specific transaction. **This disclosure form includes the provisions of Sections 2079.13 to 2079.24, inclusive, of the Civil Code set forth on page 2. Read it carefully. I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE AND THE PORTIONS OF THE CIVIL CODE PRINTED ON THE SECOND PAGE.**   APN: 636-632-34   Case No. 8:24-bk-12527-TA

☐ Buyer ☒ Seller ☐ Landlord ☐ Tenant ___Richard A. Marshack, Ch 7 Trustee___   Date 3-30-25
Richard A. Marshack, Ch 7 Trustee for the Estate of: Kristina Lynn Smith

☐ Buyer ☐ Seller ☐ Landlord ☐ Tenant _____   Date _____

Agent ___Berkshire Hathaway HomeServices CA Properties___   DRE Lic. # 01317331
    Real Estate Broker (Firm)

By _____   Clarence Yoshikane  DRE Lic. # 00801398   Date January 28, 2025
    (Salesperson or Broker-Associate, if any)

© 2021, California Association of REALTORS®, Inc.

AD REVISED 12/21 (PAGE 1 OF 2)



**DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 1 OF 2)**

BHHS California Properties - Newport Beach, 1400 Newport Center Dr Ste 200 Newport Beach CA 92660   Phone: (555)555-5555   Fax: 9496407420   8967 Listing
Jennifer Toyama   Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201 www.lwolf.com   EXHIBIT 1

EXHIBIT 1
Page 7

Page 10

CIVIL CODE SECTIONS 2079.13 - 2079.24 (2079.16 APPEARS ON THE FRONT)

2079.13. As used in Sections 2079.7 and 2079.14 to 2079.24, inclusive, the following terms have the following meanings:
**(a)** "Agent" means a person acting under provisions of Title 9 (commencing with Section 2295) in a real property transaction, and includes a person who is licensed as a real estate broker under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code, and under whose license a listing is executed or an offer to purchase is obtained. The agent in the real property transaction bears responsibility for that agent's salespersons or broker associates who perform as agents of the agent. When a salesperson or broker associate owes a duty to any principal, or to any buyer or seller who is not a principal, in a real property transaction, that duty is equivalent to the duty owed to that party by the broker for whom the salesperson or broker associate functions. **(b)** "Buyer" means a transferee in a real property transaction, and includes a person who executes an offer to purchase real property from a seller through an agent, or who seeks the services of an agent in more than a casual, transitory, or preliminary manner, with the object of entering into a real property transaction. "Buyer" includes vendee or lessee of real property. **(c)** "Commercial real property" means all real property in the state, except (1) single-family residential real property, (2) dwelling units made subject to Chapter 2 (commencing with Section 1940) of Title 5, (3) a mobilehome, as defined in Section 798.3, (4) vacant land, or (5) a recreational vehicle, as defined in Section 799.29. **(d)** "Dual agent" means an agent acting, either directly or through a salesperson or broker associate, as agent for both the seller and the buyer in a real property transaction. **(e)** "Listing agreement" means a written contract between a seller of real property and an agent, by which the agent has been authorized to sell the real property or to find or obtain a buyer, including rendering other services for which a real estate license is required to the seller pursuant to the terms of the agreement. **(f)** "Seller's agent" means a person who has obtained a listing of real property to act as an agent for compensation. **(g)** "Listing price" is the amount expressed in dollars specified in the listing for which the seller is willing to sell the real property through the seller's agent. **(h)** "Offering price" is the amount expressed in dollars specified in an offer to purchase for which the buyer is willing to buy the real property. **(i)** "Offer to purchase" means a written contract executed by a buyer acting through a buyer's agent that becomes the contract for the sale of the real property upon acceptance by the seller. **(j)** "Real property" means any estate specified by subdivision (1) or (2) of Section 761 in property, and includes (1) single-family residential property, (2) multiunit residential property with more than four dwelling units, (3) commercial real property, (4) vacant land, (5) a ground lease coupled with improvements, or (6) a manufactured home as defined in Section 18007 of the Health and Safety Code, or a mobilehome as defined in Section 18008 of the Health and Safety Code, when offered for sale or sold through an agent pursuant to the authority contained in Section 10131.6 of the Business and Professions Code. **(k)** "Real property transaction" means a transaction for the sale of real property in which an agent is retained by a buyer, seller, or both a buyer and seller to act in that transaction, and includes a listing or an offer to purchase. **(l)** "Sell," "sale," or "sold" refers to a transaction for the transfer of real property from the seller to the buyer and includes exchanges of real property between the seller and the buyer, transactions for the creation of a real property sales contract within the meaning of Section 2985, and transactions for the creation of a leasehold exceeding one year's duration. **(m)** "Seller" means the transferor in a real property transaction and includes an owner who lists real property with an agent, whether or not a transfer results, or who receives an offer to purchase real property from an agent on behalf of another. "Seller" includes both a vendor and a lessor of real property. **(n)** "Buyer's agent" means an agent who represents a buyer in a real property transaction.
2079.14. A seller's agent and buyer's agent shall provide the seller and buyer in a real property transaction with a copy of the disclosure form specified in Section 2079.16, and shall obtain a signed acknowledgment of receipt from that seller and buyer, except as provided in Section 2079.15, as follows: **(a)** The seller's agent, if any, shall provide the disclosure form to the seller prior to entering into the listing agreement. **(b)** The buyer's agent shall provide the disclosure form to the buyer as soon as practicable prior to execution of the buyer's offer to purchase. If the offer to purchase is not prepared by the buyer's agent, the buyer's agent shall present the disclosure form to the buyer not later than the next business day after receiving the offer to purchase from the buyer.
2079.15. In any circumstance in which the seller or buyer refuses to sign an acknowledgment of receipt pursuant to Section 2079.14, the agent shall set forth, sign, and date a written declaration of the facts of the refusal.
2079.16 Reproduced on Page 1 of this AD form.
2079.17(a) As soon as practicable, the buyer's agent shall disclose to the buyer and seller whether the agent is acting in the real property transaction as the buyer's agent, or as a dual agent representing both the buyer and the seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller, the buyer, and the buyer's agent prior to or coincident with execution of that contract by the buyer and the seller, respectively. **(b)** As soon as practicable, the seller's agent shall disclose to the seller whether the seller's agent is acting in the real property transaction as the seller's agent, or as a dual agent representing both the buyer and seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller and the seller's agent prior to or coincident with the execution of that contract by the seller.
CONFIRMATION: **(c)** The confirmation required by subdivisions (a) and (b) shall be in the following form:

| Seller's Brokerage Firm | DO NOT COMPLETE. SAMPLE ONLY | License Number _____ |
|---|---|---|

Is the broker of (check one) ☐ the seller; or ☐ both the buyer and seller. (dual agent)

| Seller's Agent | DO NOT COMPLETE. SAMPLE ONLY | License Number _____ |
|---|---|---|

Is (check one): ☐ the Seller's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)

| Buyer's Brokerage Firm | DO NOT COMPLETE. SAMPLE ONLY | License Number _____ |
|---|---|---|

Is the broker of (check one) ☐ the buyer; or ☐ both the buyer and seller. (dual agent)

| Buyer's Agent | DO NOT COMPLETE. SAMPLE ONLY | License Number _____ |
|---|---|---|

Is (check one): ☐ the Buyer's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)
**(d)** The disclosures and confirmation required by this section shall be in addition to the disclosure required by Section 2079.14. An agent's duty to provide disclosure and confirmation of representation in this section may be performed by a real estate salesperson or broker associate affiliated with that broker.
2079.18 (Repealed pursuant to AB-1289)
2079.19 The payment of compensation or the obligation to pay compensation to an agent by the seller or buyer is not necessarily determinative of a particular agency relationship between an agent and the seller or buyer. A listing agent and a selling agent may agree to share any compensation or commission paid, or any right to any compensation or commission for which an obligation arises as the result of a real estate transaction, and the terms of any such agreement shall not necessarily be determinative of a particular relationship.
2079.20 Nothing in this article prevents an agent from selecting, as a condition of the agent's employment, a specific form of agency relationship not specifically prohibited by this article if the requirements of Section 2079.14 and Section 2079.17 are complied with.
2079.21 **(a)** A dual agent may not, without the express permission of the seller, disclose to the buyer any confidential information obtained from the seller. **(b)** A dual agent may not, without the express permission of the buyer, disclose to the seller any confidential information obtained from the buyer. **(c)** "Confidential information" means facts relating to the client's financial position, motivations, bargaining position, or other personal information that may impact price, such as the seller is willing to accept a price less than the listing price or the buyer is willing to pay a price greater than the price offered. **(d)** This section does not alter in any way the duty or responsibility of a dual agent to any principal with respect to confidential information other than price.
2079.22 Nothing in this article precludes a seller's agent from also being a buyer's agent. If a seller or buyer in a transaction chooses to not be represented by an agent, that does not, of itself, make that agent a dual agent.
2079.23 A contract between the principal and agent may be modified or altered to change the agency relationship at any time before the performance of the act which is the object of the agency with the written consent of the parties to the agency relationship.
2079.24 Nothing in this article shall be construed to either diminish the duty of disclosure owed buyers and sellers by agents and their associate licensees, subagents, and employees or to relieve agents and their associate licensees, subagents, and employees from liability for their conduct in connection with acts governed by this article or for any breach of a fiduciary duty or a duty of disclosure.

© 2021, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
*a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020

  

**AD REVISED 12/21 (PAGE 2 OF 2)**

**DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 2 OF 2)**



CALIFORNIA
ASSOCIATION
OF REALTORS®

## POSSIBLE REPRESENTATION OF MORE THAN ONE BUYER
## OR SELLER - DISCLOSURE AND CONSENT
### (C.A.R. Form PRBS, Revised 12/21)

A real estate broker (Broker), whether a corporation, partnership or sole proprietorship, may represent more than one buyer or seller. This multiple representation can occur through an individual licensed as a broker or salesperson or through different individual brokers or salespersons (associate licensees) acting under the Broker's license. The associate licensees may be working out of the same or different office locations.

**Multiple Buyers:** Broker (individually or through its associate licensees) may be working with many prospective buyers at the same time. These prospective buyers may have an interest in, and make offers on, the same properties. Some of these properties may be listed with Broker and some may not. Broker will not limit or restrict any particular buyer from making an offer on any particular property whether or not Broker represents other buyers interested in the same property.

**Multiple Sellers:** Broker (individually or through its associate licensees) may have listings on many properties at the same time. As a result, Broker will attempt to find buyers for each of those listed properties. Some listed properties may appeal to the same prospective buyers. Some properties may attract more prospective buyers than others. Some of these prospective buyers may be represented by Broker and some may not. Broker will market all listed properties to all prospective buyers whether or not Broker has another or other listed properties that may appeal to the same prospective buyers.

**Dual Agency:** If Seller is represented by Broker, Seller acknowledges that broker may represent prospective buyers of Seller's property and consents to Broker acting as a dual agent for both seller and buyer in that transaction. If Buyer is represented by Broker, buyer acknowledges that Broker may represent sellers of property that Buyer is interested in acquiring and consents to Broker acting as a dual agent for both buyer and seller with regard to that property.

In the event of dual agency, seller and buyer agree that: a dual agent may not, without the express permission of the respective party, disclose to the other party confidential information, including, but not limited to, facts relating to either the buyer's or seller's financial position, motivations, bargaining position, or other personal information that may impact price, including the seller's willingness to accept a price less than the listing price or the buyer's willingness to pay a price greater than the price offered; and except as set forth above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties.

**Offers not necessarily confidential:** Buyer is advised that seller or listing agent may disclose the existence, terms, or conditions of buyer's offer unless all parties and their agent have signed a written confidentiality agreement. Whether any such information is actually disclosed depends on many factors, such as current market conditions, the prevailing practice in the real estate community, the listing agent's marketing strategy and the instructions of the seller.

Buyer and seller understand that Broker may represent more than one buyer or more than one seller and even both buyer and seller on the same transaction and consents to such relationships.

**Seller and/or Buyer acknowledges reading and understanding this Possible Representation of More Than One Buyer or Seller Disclosure and Consent and agrees to the agency possibilities disclosed.**

| | | |
|---|---|---|
| Seller _~signature~_ Richard A. Marshack, Ch 7 Trustee for the Estate of: Kristina Lynn Smith | Date | 3-31-25 |
| Seller _____ | Date | _____ |
| Buyer _____ | Date | _____ |
| Buyer _____ | Date | _____ |
| Buyer's Brokerage Firm _____ | DRE Lic # _____ | Date _____ |
| By _____ | DRE Lic # _____ | Date _____ |
| Seller's Brokerage Firm  Berkshire Hathaway HomeServices CA Properties | DRE Lic # 01317331 | Date January 28, 2025 |
| By _~signature~_  Clarence Yoshikane | DRE Lic # 00801398 | Date _____ |

© 2021, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

**PRBS REVISED 12/21 (PAGE 1 OF 1)**

### POSSIBLE REPRESENTATION OF MORE THAN ONE BUYER OR SELLER (PRBS PAGE 1 OF 1)

| | |
|---|---|
| BHHS California Properties - Newport Beach, 1400 Newport Center Dr Ste 200 Newport Beach CA 92660 | Phone: (555)555-5555  Fax: 9496407429  BK / Listing |
| Jennifer Toyama | Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com |

EXHIBIT 1
Page 9

EXHIBIT 1
Page 12



# RESIDENTIAL LISTING AGREEMENT
### (Exclusive Authorization and Right to Sell)
(C.A.R. Form RLA, Revised 6/21)

**Date Prepared:** January 28, 2025

1. **EXCLUSIVE RIGHT TO SELL:** ___Richard A. Marshack, Ch 7 Trustee for the Estate of: Kristina Lynn Smith___ ("Seller")
hereby employs and grants ___Berkshire Hathaway HomeServices CA Properties___ ("Broker")
beginning (date) ___January 28, 2025___ and ending at 11:59 P.M. on (date) ___July 28, 2025___ ("Listing Period")
the exclusive and irrevocable right to sell or exchange the real property described as ___27591 Kathy Cout___
_____, situated in ___Laguna Niguel___, (City),
___Orange___ (County), California, ___92677___ (Zip Code), Assessor's Parcel No. ___636-632-34___ ("Property").
☐ This Property is a manufactured (mobile) home. See Manufactured Home Listing Addendum (C.A.R. form MHLA) for additional terms.
☐ This Property is being sold as part of a probate, conservatorship, guardianship, or receivership. See for Probate Listing Addendum and Advisory (C.A.R. form PLA) for additional terms.

2. **LISTING PRICE AND TERMS:**
   APN: 636-632-34    Case No. 8:24-bk-12527-TA
   A. The listing price shall be: ___One Million Nine Hundred Ninety Nine Thousand Nine Hundred and Ninety Nine___
   _____ Dollars ($ ___1,999,999___ ).
   B. Listing Terms: ___Two Percent Carve-out to the Bankrupcty Estate from Total Commission.___

3. **COMPENSATION TO BROKER:**
   **Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between Seller and Broker (real estate commissions include all compensation and fees to Broker).**
   A. Seller agrees to pay to Broker as compensation for services irrespective of agency relationship(s), either ☒ ___6.00___ percent of the listing price (or if a purchase agreement is entered into, of the purchase price), or ☐ $ _____,
   AND _____, as follows:
   (1) If during the Listing Period, or any extension, Broker, cooperating broker, Seller or any other person procures a ready, willing, and able buyer(s) whose offer to purchase the Property on any price and terms is accepted by Seller, provided the Buyer completes the transaction or is prevented from doing so by Seller. (Broker is entitled to compensation whether any escrow resulting from such offer closes during or after the expiration of the Listing Period, or any extension.)
   ~~OR (2) If within ___ calendar days (a) after the end of the Listing Period or any extension; or (b) after any cancellation of this Agreement, unless otherwise agreed, Seller enters into a contract to sell, convey, lease or otherwise transfer the Property to anyone ("Prospective Buyer") or that person's related entity: (i) who physically entered and was shown the Property during the Listing Period or any extension by Broker or a cooperating broker, or (ii) for whom Broker or any cooperating broker submitted to Seller a signed, written offer to acquire, lease, exchange or obtain an option on the Property. Seller, however, shall have no obligation to Broker under paragraph 3A(2) unless, not later than the end of the Listing Period or any extension or cancellation, Broker has given Seller a written notice of the names of such Prospective Buyers.~~
   ~~OR (3) If, without Broker's prior written consent, the Property is withdrawn from sale, conveyed, leased, rented, otherwise transferred, or made unmarketable by a voluntary act of Seller during the Listing Period, or any extension.~~
   ~~B. If completion of the sale is prevented by a party to the transaction other than Seller, then compensation which otherwise would have been earned under paragraph 3A shall be payable only if and when Seller collects damages by suit, arbitration, settlement or otherwise, and then in an amount equal to the lesser of one half of the damages recovered or the above compensation, after first deducting title and escrow expenses and the expenses of collection, if any.~~
   C. In addition, Seller agrees to pay Broker: _____
   D. Seller has been advised of Broker's policy regarding cooperation with, and the amount of compensation offered to, other brokers.
   (1) Broker is authorized to cooperate with and compensate brokers participating through the multiple listing service(s) ("MLS") by offering to MLS brokers out of Broker's compensation specified in 3A, either ☒ ___2.00___ percent of the purchase price, or ☐ $ _____.
   (2) Broker is authorized to cooperate with and compensate brokers operating outside the MLS as per Broker's policy.
   DI. Seller hereby irrevocably assigns to Broker the above compensation from Seller's funds and proceeds in escrow. Broker may submit this Agreement, as instructions to compensate Broker pursuant to paragraph 3A, to any escrow regarding the Property involving Seller and a buyer, Prospective Buyer or other transferee.
   DII. (1) Seller represents that Seller has not previously entered into a listing agreement with another broker regarding the Property, unless specified as follows: _____.
   (2) Seller warrants that Seller has no obligation to pay compensation to any other broker regarding the Property unless the Property is transferred to any of the following individuals or entities: _____
   (3) If the Property is sold to anyone listed above during the time Seller is obligated to compensate another broker: (i) Broker is not entitled to compensation under this Agreement; and (ii) Broker is not obligated to represent Seller in such transaction.

© 2021, California Association of REALTORS®, Inc.

**RLA REVISED 6/21 (PAGE 1 OF 5)**

Seller's Initials ___RM___ , _____

## RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 1 OF 5)

BHHS California Properties - Newport Beach, 1400 Newport Center Dr Ste 200 Newport Beach CA 92660    Phone: (555)555-5555    Fax: 9496407429
Jennifer Toyama    Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201    www.lwolf.com    27591 Kathy

Page 10

EXHIBIT 1
Page 13

Property Address: ..... .. .....    27591 Kathy Ct. Laguna Niguel, CA 92677-5020    Date: **January 28, 2025**

4.  **A.**  **ITEMS EXCLUDED AND INCLUDED:** Unless otherwise specified in a real estate purchase agreement, all fixtures and fittings that are attached to the Property are included, and personal property items are excluded, from the purchase price.
    **ADDITIONAL ITEMS EXCLUDED:** _____
    **ADDITIONAL ITEMS INCLUDED:** _____.
    Seller intends that the above items be excluded or included in offering the Property for sale, but understands that: **(i)** the purchase agreement supersedes any intention expressed above and will ultimately determine which items are excluded and included in the sale; and **(ii)** Broker is not responsible for and does not guarantee that the above exclusions and/or inclusions will be in the purchase agreement.

    **B.**  **(1) LEASED OR NOT OWNED ITEMS:** The following items are leased or not owned by Seller:
    ☐ Solar power system    ☐ Alarm system    ☐ Propane tank    ☐ Water Softener
    ☐ Other _____
    **(2) LIENED ITEMS:** The following items have been financed and a lien has been placed on the Property to secure payment:
    ☐ Solar power system    ☐ Windows or doors    ☐ Heating/Ventilation/Air conditioning system
    ☐ Other _____
    Seller will provide to Buyer, as part of the sales agreement, copies of lease documents, or other documents obligating Seller to pay for any such leased or liened item.

5.  **MULTIPLE LISTING SERVICE:**
    **A.**  **WHAT IS AN MLS?** The MLS is a database of properties for sale that is available and disseminated to and accessible by all other real estate agents who are participants or subscribers to the MLS. As set forth in **paragraph 7**, participants and subscribers conducting public marketing of a property listing must submit the property information to the MLS. Property information submitted to the MLS describes the price, terms and conditions under which the Seller's property is offered for sale (including but not limited to the listing broker's offer of compensation to other brokers). It is likely that a significant number of real estate practitioners in any given area are participants or subscribers to the MLS. The MLS may also be part of a reciprocal agreement to which other multiple listing services belong. Real estate agents belonging to other multiple listing services that have reciprocal agreements with the MLS also have access to the information submitted to the MLS. The MLS may further transmit listing information to Internet sites that post property listings online.
    **B.**  **WHAT INFORMATION IS PROVIDED TO THE MLS:** All terms of the transaction, including sales price and financing, if applicable, **(i)** will be provided to the MLS in which the Property is listed for publication, dissemination and use by persons and entities on terms approved by the MLS, and **(ii)** may be provided to the MLS even if the Property was not listed with the MLS. Seller consents to Broker providing a copy of this listing agreement to the MLS if required by the MLS.
    **C.**  **WHAT IS BROKER'S MLS?** Broker is a participant/subscriber to _____**CRMLS**_____ Multiple Listing Service (MLS) and possibly others. That MLS is (or if checked ☐ is not) the primary MLS for the geographic area of the Property. When required by paragraph 7 or by the MLS, Property will be listed with the MLS(s) specified above.

6.  **BENEFITS OF USING THE MLS; IMPACT OF OPTING OUT OF THE MLS**
    **A.**  **EXPOSURE TO BUYERS THROUGH MLS:** Listing property with an MLS exposes a seller's property to all real estate agents and brokers (and their potential buyer clients) who are participants or subscribers to the MLS or a reciprocating MLS. The MLS may further transmit the MLS database to Internet sites that post property listings online.
    **B.**  **IMPACT OF OPTING OUT OF MLS:** If Seller elects to exclude the Property from the MLS, Seller understands and acknowledges that: **(i)** Seller is authorizing limited exposure of the Property and NO marketing or advertising of the Property to the public will occur; **(ii)** real estate agents and brokers from other real estate offices, and their buyer clients, who have access to that MLS may not be aware that Seller's Property is offered for sale; **(iii)** Information about Seller's Property will not be transmitted from the MLS to various real estate Internet sites that are used by the public to search for property listings and; **(iv)** real estate agents, brokers and members of the public may be unaware of the terms and conditions under which Seller is marketing the Property.
    **C.**  **REDUCTION IN EXPOSURE:** Any reduction in exposure of the Property may lower the number of offers and negatively impact the sales price.
    **D.**  **NOT LISTING PROPERTY IN A LOCAL MLS:** If the Property is listed in an MLS which does not cover the geographic area where the Property is located then real estate agents and brokers working that territory, and Buyers they represent looking for property in the neighborhood, may not be aware the Property is for sale.

    Seller's Initials _____/_____    Broker's/Agent's Initials _____/_____

7.  **PUBLIC MARKETING OF PROPERTY:**
    **A.**  **CLEAR COOPERATION POLICY:** MLS rules require (☐ Do NOT require – see 7F) that residential real property with one to four units and vacant lot listings be submitted to the MLS within 1 business day of any public marketing.
    **B.**  **PUBLIC MARKETING WITHIN CLEAR COOPERATION: (i) Public marketing** includes, but is not limited to, flyers displayed in windows, yard signs, digital marketing on public facing websites, brokerage website displays, digital communications marketing and email blasts, multi-brokerage listing sharing networks, marketing to closed or private listing clubs or groups, and applications available to the general public. **(ii)** Public marketing does not include an office exclusive listing where there is direct promotion of the listing between the brokers and licensees affiliated with the listing brokerage, and one-to-one promotion between these licensees and their clients.
    **C.**  **"COMING SOON" STATUS IMPACT ON MARKETING; Days on Market (DOM):** Seller is advised to discuss with Broker the meaning of "Coming Soon" as that term applies to the MLS in which the Property will be listed, and how any Coming Soon status will impact when and how a listing will be viewable to the public via the MLS. Seller does (☐ does not) authorize Broker to utilize Coming Soon status, if any. Seller is further advised to discuss with Broker how any DOM calculations or similarly utilized tracking field works in the MLS in which the Property will be listed.
    **D.**  **Seller Instructs Broker:** (MLS may require C.A.R. Form SELM or local equivalent form)
    (1)  Seller instructs Broker to market the Property to the public, and to start marketing on the beginning date of this Agreement or ☐ _____ (date).

**RLA REVISED 6/21 (PAGE 2 OF 5)**

Seller's Initials _____/_____

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 2 OF 5)**
Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com    **27591 Kathy Ct. Listing**

EXHIBIT 1
Page 11

EXHIBIT 1
Page 14

Property Address: ...., ..., .. .....   27591 Kathy Ct, Laguna Niguel, CA 92677-6025

OR (2) ☐ Seller instructs Broker NOT to market the Property to the public. Seller understands that no public marketing will occur and the scope of marketing that will occur will consist only of direct one-on-one promotion between the brokers and licensees affiliated with the listing brokerage and their respective clients.

**E. Whether 7D(1) or 7D(2) is selected,** Seller understands and agrees that should any public marketing of the Property occur, the Property listing will be submitted to the MLS within 1 business day.

**F. ☐ CLEAR COOPERATION POLICY DOES NOT APPLY:** Paragraphs 7A (other than the language in the parenthetical), 7B, 7D and 7E do not apply to this listing. Broker shall disclose to Seller and obtain Seller's consent for any instruction to not market the Property on the MLS or to the public.

**8. MLS DATA ON THE INTERNET:** MLS rules allow MLS data to be made available by the MLS to additional Internet sites unless Broker gives the MLS instructions to the contrary. Specific information that can be excluded from the Internet as permitted by (or in accordance with) the MLS is as follows:

**A. PROPERTY OR PROPERTY ADDRESS:** Seller can instruct Broker to have the MLS not display the Property or the Property address on the Internet (C.A.R. Form SELI). Seller understands that either of these opt-outs would mean consumers searching for listings on the Internet may not see the Property or Property's address in response to their search.

**B. FEATURE OPT-OUTS:** Seller can instruct Broker to advise the MLS that Seller does not want visitors to MLS Participant or Subscriber Websites or Electronic Displays that display the Property listing to have the features below (C.A.R. Form SELI). Seller understands **(i)** that these opt-outs apply only to Websites or Electronic Displays of MLS Participants and Subscribers who are real estate broker and agent members of the MLS; **(ii)** that other Internet sites may or may not have the features set forth herein; and **(iii)** that neither Broker nor the MLS may have the ability to control or block such features on other Internet sites.

(1) **COMMENTS AND REVIEWS:** The ability to write comments or reviews about the Property on those sites; or the ability to link to another site containing such comments or reviews if the link is in immediate conjunction with the Property display.

(2) **AUTOMATED ESTIMATE OF VALUE:** The ability to create an automated estimate of value or to link to another site containing such an estimate of value if the link is in immediate conjunction with the Property display.

☐ Seller elects to opt out of certain Internet features as provided by C.A.R. Form SELI or the local equivalent form.

~~9. SELLER REPRESENTATIONS: Seller represents that, unless otherwise specified in writing, Seller is unaware of: (i) any Notice of Default recorded against the Property; (ii) any delinquent amounts due under any loan secured by, or other obligation affecting, the Property; (iii) any bankruptcy, insolvency or similar proceeding affecting the Property; (iv) any litigation, arbitration, administrative action, government investigation or other pending or threatened action that affects or may affect the Property or Seller's ability to transfer it; and (v) any current, pending or proposed special assessments affecting the Property. Seller shall promptly notify Broker in writing if Seller becomes aware of any of these items during the Listing Period or any extension thereof.~~

**10. BROKER'S AND SELLER'S DUTIES:**

**A. Broker Responsibility, Authority and Limitations:** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Agreement. Unless Seller gives Broker written instructions to the contrary, Broker is authorized, but not required, to **(i)** order reports and disclosures including those specified in 10D as necessary, **(ii)** advertise and market the Property by any method and in any medium selected by Broker, including MLS and the Internet, and, to the extent permitted by these media, control the dissemination of the information submitted to any medium; and **(iii)** disclose to any real estate licensee making an inquiry the receipt of any offers on the Property and the offering price of such offers.

**B. Presentation of Offers:** Broker agrees to present all offers received for Seller's Property, and present them to Seller as soon as possible, unless Seller gives Broker written instructions to the contrary.

**C. Buyer Supplemental Offer Letters (Buyer Letters):**

(1) Paragraph 8 of the Fair Housing and Discrimination Advisory (C.A.R. Form FHDA) attached to this Agreement informs Seller of the practice of many buyers and their agents of including a Buyer Letter with an offer to try to influence a seller to accept the buyer's offer. Buyer Letters may include photos and video. Whether overt or unintentional, Buyer Letters may contain information about a buyer's or seller's protected class or characteristics. Deciding whether to accept an offer based upon protected classes or characteristics is unlawful. Broker will not review the content of Buyer Letters.

(2) **(A)** Seller instructs Broker not to present Buyer Letters, whether submitted with an offer or separately at a different time. Seller authorizes Broker to specify in the MLS that Buyer Letters will not be presented to Seller.

OR **(B)** ☐ **Seller instructs Broker to present Buyer Letters.** Broker advises seller that: **(i)** Buyer Letters may contain information about protected classes or characteristics and such information should not be used in Seller's decision of whether to accept, reject, or counter a buyer's offer; and **(ii)** if Seller relies on Buyer Letters, Seller is acting against Broker's advice and should seek the advice of counsel before doing so.

**D.** Seller agrees to consider offers presented by Broker, and to act in good faith to accomplish the sale of the Property by, among other things, making the Property available for showing at reasonable times and, subject to paragraph 3F, referring to Broker all inquiries of any party interested in the Property. Seller is responsible for determining at what price to list and sell the Property.

**E. Investigations and Reports:** Seller agrees, within **5 (or _____ )** Days of the beginning date of this Agreement, to order and, when required by the service provider, pay for a Natural Hazard Disclosure report and the following reports:
☐ Structural Pest Control, ☐ General Property Inspection, ☐ Homeowners Association Documents, ☐ Preliminary (Title) Report, ☐ Roof Inspection, ☐ Pool Inspection, ☐ Septic/Sewer Inspection, ☐ Other _____ .
If Property is located in a Common Interest Development or Homeowners Association, Seller is advised that there may be benefits to obtaining any required documents prior to entering into escrow with any buyer. Such benefits may include, but not be limited to, potentially being able to lower costs in obtaining the documents and avoiding any potential delays or complications due to late or slow delivery of such documents.

~~F. Seller further agrees to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments, attorney fees and costs arising from any incorrect or incomplete information supplied by Seller, or from any material facts that Seller knows but fails to disclose including dangerous or hidden conditions on the Property.~~

**RLA REVISED 6/21 (PAGE 3 OF 5)**   Seller's Initials _____ / _____

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 3 OF 5)**
Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com   BK'7 Listing

EXHIBIT 1
Page 12

EXHIBIT 1
Page 15

Property Address: .... .. ..

**11. DEPOSIT:** Broker is authorized to accept and hold on Seller's behalf any deposits to be applied toward the purchase price.

**12. AGENCY RELATIONSHIPS:**

**A. Disclosure:** The Seller acknowledges receipt of a [X] "Disclosure Regarding Real Estate Agency Relationships" (C.A.R. Form AD).

**B. Seller Representation:** Broker shall represent Seller in any resulting transaction, except as specified in paragraph 3F.

**C. POSSIBLE DUAL AGENCY WITH BUYER:** Depending upon the circumstances, it may be necessary or appropriate for Broker to act as an agent for both Seller and buyer, exchange party, or one or more additional parties ("Buyer"). Broker shall, as soon as practicable, disclose to Seller any election to act as a dual agent representing both Seller and Buyer. If a Buyer is procured directly by Broker or an associate-licensee in Broker's firm, Seller hereby consents to Broker acting as a dual agent for Seller and Buyer. In the event of an exchange, Broker hereby consents to Broker collecting compensation from additional parties for services rendered, provided there is disclosure to all parties of such agency and compensation. Seller understands and agrees that: a dual agent may not, without the express permission of the respective party, disclose to the other party confidential information, including, but not limited to, facts relating to either the Buyer's or Seller's financial position, motivations, bargaining position, or other personal information that may impact price, including the Seller's willingness to accept a price less than the listing price or the Buyer's willingness to pay a price greater than the price offered; and except as set forth above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties.

**D. CONFIRMATION:** Broker shall confirm the agency relationship described above, or as modified, in writing, prior to or concurrent with Seller's execution of a purchase agreement.

**E. POTENTIALLY COMPETING SELLERS AND BUYERS:** Seller understands that Broker may have or obtain listings on other properties, and that potential buyers may consider, make offers on, or purchase through Broker, property the same as or similar to Seller's Property. Seller consents to Broker's representation of sellers and buyers of other properties before, during and after the end of this Agreement. Seller acknowledges receipt of a [X] "Possible Representation of More than One Buyer or Seller - Disclosure and Consent" (C.A.R. Form PRBS).

**13. SECURITY, INSURANCE, SHOWINGS, AUDIO AND VIDEO:** Broker is not responsible for loss of or damage to personal or real property, or person, whether attributable to use of a keysafe/lockbox, a showing of the Property, or otherwise. Third parties, including, but not limited to, appraisers, inspectors, brokers and prospective buyers, may have access to, and take videos and photographs of, the interior of the Property. Seller agrees: **(i)** to take reasonable precautions to safeguard and protect valuables that might be accessible during showings of the Property; **(ii)** to obtain insurance to protect against these risks. Broker does not maintain insurance to protect Seller. Persons visiting the Property may not be aware that they could be recorded by audio or visual devices installed by Seller (such as "nanny cams" and hidden security cameras). Seller is advised to post notice disclosing the existence of security devices.

**14. PHOTOGRAPHS AND INTERNET ADVERTISING:**

**A.** In order to effectively market the Property for sale it is often necessary to provide photographs, virtual tours and other media to buyers. Seller agrees (or [ ] if checked, does not agree) that Broker or others may photograph or otherwise electronically capture images of the exterior and interior of the Property ("Images") for static and/or virtual tours of the Property by buyers and others for use on Broker's website, the MLS, and other marketing materials and sites. Seller acknowledges that if Broker engages third parties to capture and/or reproduce and display Images, the agreement between Broker and those third parties may provide such third parties with certain rights to those Images. The rights to the Images may impact Broker's control or lack of control of future use of the Images. If Seller is concerned, Seller should request that Broker provide any third parties' agreement impacting the Images. Seller also acknowledges that once Images are placed on the Internet neither Broker nor Seller has control over who can view such Images and what use viewers may make of the Images, or how long such Images may remain available on the Internet. Seller further assigns any rights in all Images to the Broker/Agent and agrees that such Images are the property of Broker/Agent and that Broker/Agent may use such Images for advertising, including post sale and for Broker/Agent's business in the future.

**B.** Seller acknowledges that prospective buyers and/or other persons coming onto the property may take photographs, videos or other images of the property. Seller understands that Broker does not have the ability to control or block the taking and use of Images by any such persons. (If checked) [ ] Seller instructs Broker to publish in the MLS that taking of Images is limited to those persons preparing Appraisal or Inspection reports. Seller acknowledges that unauthorized persons may take images who do not have access to or have not read any limiting instruction in the MLS or who take images regardless of any limiting instruction in the MLS. Once images are taken and/or put into electronic display on the Internet or otherwise, neither Broker nor Seller has control over who views such Images nor what use viewers may make of the Images.

**15. KEYSAFE/LOCKBOX:** A keysafe/lockbox is designed to hold a key to the Property to permit access to the Property by Broker, cooperating brokers, MLS participants, their authorized licensees and representatives, authorized inspectors, and accompanied prospective buyers. Seller further agrees that Broker, at Broker's discretion, and without further approval from Seller, shall have the right to grant access to and convey Seller's consent to access the Property to inspectors, appraisers, workers, repair persons, and other persons requiring entry to the Property in order to facilitate the sale of the Property. Broker, cooperating brokers, MLS and Associations/Boards of REALTORS® are not insurers against injury, theft, loss, vandalism or damage attributed to the use of a keysafe/lockbox.

**A.** Seller does (or if checked [ ] does not) authorize Broker to install a keysafe/lockbox.

**B. TENANT-OCCUPIED PROPERTY:** If Seller does not occupy the Property, Seller shall be responsible for obtaining occupant(s)' written permission for use of a keysafe/lockbox (C.A.R. Form KLA).

**16. SIGN:** Seller does (or if checked [ ] does not) authorize Broker to install a FOR SALE/SOLD sign on the Property.

**17. EQUAL HOUSING OPPORTUNITY:** The Property is offered in compliance with federal, state and local anti-discrimination laws.

**18. ATTORNEY FEES:** In any action, proceeding or arbitration between Seller and Broker to enforce the compensation provisions of this Agreement, the prevailing Seller or Broker shall be entitled to reasonable attorney fees and costs from the non-prevailing Seller or Broker, except as provided in paragraph 22A.

**19. ADDITIONAL TERMS:** [ ] REO Advisory Listing (C.A.R. Form REOL) [ ] Short Sale Information and Advisory (C.A.R. Form SSIA)
[ ] Trust Advisory (C.A.R. Form TA)
[ ] Seller intends to include a contingency to purchase a replacement property as part of any resulting transaction

PROPERTY TO BE SOLD IN "AS-IS", "WHERE-IS" CONDITION WITH ALL FAULTS AND WITHOUT ANY WARRANTIES, EXPRESSED OR IMPLIED. PEST CONTROL/TERMITE INSPECTION REPORT AND ANY CORRECTIVE WORK WILL NOT BE PROVIDED, COMPLETED BY NOR PAID FOR BY SELLER.

TRUSTEE'S ADDENDUM TO EXCLUSIVE AND RIGHT TO SELL IS INCORPORATED HEREIN IN ITS ENTIRETY.

RLA REVISED 6/21 (PAGE 4 OF 5)                    Seller's Initials _____ / _____

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 4 OF 5)**
Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com          BK / Listing
EXHIBIT 1
Page 13
EXHIBIT 1
Page 16

Property Address: _____ 27591 Kathy Ct., San Juan Capistrano, CA 92677-6035 _____

**20. MANAGEMENT APPROVAL:** If an associate-licensee in Broker's office (salesperson or broker-associate) enters into this Agreement on Broker's behalf, and Broker or Manager does not approve of its terms, Broker or Manager has the right to cancel this Agreement, in writing, within **5 Days** After its execution.

**21. SUCCESSORS AND ASSIGNS:** This Agreement shall be binding upon Seller and Seller's successors and assigns.

22. ~~DISPUTE RESOLUTION:~~
   A. ~~MEDIATION. Seller and Broker agree to mediate any dispute or claim arising between them regarding the obligation to pay compensation under this Agreement, before resorting to arbitration or court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. Exclusions from this mediation agreement are specified in paragraph 22B.~~

   B. **ADDITIONAL MEDIATION TERMS:** The following matters shall be excluded from mediation: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code § 2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver or violation of the mediation provisions.

   C. **ARBITRATION ADVISORY:** If Seller and Broker desire to resolve disputes arising between them through arbitration rather than court, they can document their agreement by attaching and signing an Arbitration Agreement (C.A.R. Form ARB).

**23. ENTIRE AGREEMENT:** All prior discussions, negotiations and agreements between the parties concerning the subject matter of this Agreement are superseded by this Agreement, which constitutes the entire contract and a complete and exclusive expression of their agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. This Agreement and any supplement, addendum or modification, including any photocopy or facsimile, may be executed in counterparts.

**24. OWNERSHIP, TITLE AND AUTHORITY:** Seller warrants that: **(i)** Seller is the owner of the Property; **(ii)** no other persons or entities have title to the Property; and **(iii)** Seller has the authority to both execute this Agreement and sell the Property. Exceptions to ownership, title and authority are as follows: _____

☐ **REPRESENTATIVE CAPACITY:** This Listing Agreement is being signed for Seller by an individual acting in a Representative Capacity as specified in the attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-S). Wherever the signature or initials of the representative identified in the RCSD appear on this Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. Seller **(i)** represents that the entity for which the individual is signing already exists and **(ii)** shall Deliver to Broker, within 3 Days After Execution of this Agreement, evidence of authority to act (such as but not limited to: applicable trust document, or portion thereof, letters testamentary, court order, power of attorney, resolution, or formation documents of the business entity).

**By signing below, Seller acknowledges that Seller has read, understands, received a copy of and agrees to the terms of this Agreement.**   APN: 636-632-34   Case No. 8:24-bk-12527-TA

Seller _____ _Richard A. Marshack_ _Ch 7_ _____ (Date) 3-30-25

Richard A. Marshack, Ch 7 Trustee for the Estate of: Kristina Lynn Smith

Address _____ City _____ State ____ Zip ____

Telephone _____ Fax _____ E-mail _____

Seller _____ Date _____

Address _____ City _____ State ____ Zip ____

Telephone _____ Fax _____ E-mail _____

☐ Additional Signature Addendum attached (C.A.R. Form ASA)

Real Estate Broker (Firm) __Berkshire Hathaway HomeServices CA Properties__ DRE Lic. # __01317331__

Address __1400 Newport Center Drive, Suite 200__ City __Newport Beach__ State __CA__ Zip __92660__

By _____ _Clarence Yoshikane_ _____ Tel. __714.606.5765__ E-mail __Clarence.Yoshikane@gmail.com__ DRE Lic.# __00801398__ Date __January 28, 2025__

Clarence Yoshikane

_____ Tel. _____ E-mail _____ DRE Lic.# _____ Date _____

☐ Two Brokers with different companies are co-listing the Property. Co-listing Broker information is on the attached Additional Broker Acknowledgement (C.A.R. Form ABA).

© 2021 California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

**RLA REVISED 6/21 (PAGE 5 OF 5)**

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 5 OF 5)**

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com

EXHIBIT 1
Page 14

EXHIBIT 1
Page 17

## ADDENDUM TO
## EXCLUSIVE AUTHORIZATION AND RIGHT TO SELL

This Addendum to Exclusive Authorization and Right to Sell Agreement ("Agreement") is entered into by and between **Clarence Yoshikane and Berkshire Hathaway HomeServices California Properties** (hereinafter "Agent") and **Richard A. Marshack, as Chapter 7 Trustee for the Estate of: Kristina Lynn Smith 8:24-bk-12527-TA**, pursuant to the following terms and conditions:

### RECITALS

WHEREAS: **Kristina Lynn Smith** ("Debtor") filed a Voluntary Petition under Chapter 7 of Title 11 on **December 3, 2024**, initiating **Case No. 8:24-bk-12527-TA**, in the United States Bankruptcy Court, Central District of California.

WHEREAS: As a result of the conversion, **Richard A. Marshack** was appointed as Chapter 7 Trustee and is now the representative of the Estate charged with the disposition of property of the Estate.

In reference to the residential real property (the "Property") located at **27591 Kathy Ct, Laguna Niguel, CA 92677-6025** (APN: 636-632-34):

The undersigned hereby agree to this addendum as follows:

1.     The parties acknowledge that this listing agreement and any agreement relating to the Property is not binding (including the entering into of a purchase agreement) until Bankruptcy Court approval. The parties acknowledge that the Bankruptcy Court may after approval of this agreement later reduce commissions agreed to.

2.     Agent agrees to extensively market the Property through internet real estate websites and multiple listing services.

3.     The Trustee shall have the right to sell the Property to anyone who, prior to the date of entering into this agreement, has expressed an interest in purchasing the Property, and Agent shall not be entitled to a commission on such a sale.

4.     The Trustee shall further have the right at any time to sell the estate's interest in the Property to the Debtor, **Kristina Lynn Smith**.

5.     A commission is not earned until court approval of a purchase agreement is obtained and escrow is closed.

6.     All disputes between Agent and Trustee or regarding sale of the Property shall be resolved in the U.S. Bankruptcy Court, Central District of California, Santa Ana Division.



EXHIBIT 1
Page 15

EXHIBIT 1
Page 18

7.    There shall be no claim by Agent for damages of any kind against **Richard A. Marshack**, or against the **Law Offices of MARSHACK HAYS WOOD LLP**.  Any claim for damages by Agent as it relates to the listing or sale herein shall only be against the Bankruptcy Estate of **Kristina Lynn Smith.**

8.    Agent agrees that any previous listing agreements with regard to this Property is Null & Void.

9.    This listing is subject to is subject to entering into an agreement with Mr. Carr and approval of the Bankruptcy Court of that agreement.

The within agreement, upon its execution of both parties, is herewith made an integral part of the employment of Agent relating to the Properties herein and the aforementioned Agreement of Sale.

**DATED:**    1/28/25

**AGENT:**    _____
**Clarence Yoshikane, Trustee's Agent**
clarence.yoshikane@gmail.com

**DATED:**

**BANKRUPTCY TRUSTEE:**    _____
**Richard A. Marshack, Chapter 7 Trustee for the Bankruptcy Estate of Kristina Lynn Smith and not in his individual capacity or as a member of the Law Offices of MARSHACK HAYS WOOD LLP**

EXHIBIT 1
Page 16

EXHIBIT 1
Page 19

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt Avenue, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE'S APPLICATION TO EMPLOY REAL
ESTATE AGENT; DECLARATION OF CLARENCE YOSHIKANE IN SUPPORT**  will be served or was served **(a)** on the
judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  **April
11, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On  **April 11, 2025**, I served the following persons and/or entities at the last
known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> **DEBTOR**
> KRISTINA LYNN SMITH
> 27591 KATHY CT
> LAGUNA NIGUEL, CA 92677-6025

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _, I served the following persons
and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service
method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal
delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 11, 2025 | Pamela Kraus | /s/  Pamela Kraus |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

EXHIBIT 1
Page 20

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: continued:

- **David Coats**    dacoats@raslg.com
- **Benjamin Heston**    bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
- **Richard G. Heston**    rheston@hestonlaw.com,
  yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Matthew J Stockl**    matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Julie J Villalobos**    julie@oaktreelaw.com,
  oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

EXHIBIT 1

Page 21

EXHIBIT 2

1 | RICHARD A. MARSHACK
rmarshack@marshackhays.com
2 | MARSHACK HAYS WOOD LLP
870 Roosevelt Avenue
3 | Irvine, CA 92620
Telephone: (949) 333-7777
4 | Facsimile: (949) 333-7778

5 | Chapter 7 Trustee

6

7

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

10

11 | In re | Case No. 8:24-bk-12527-TA

12 | KRISTINA LYNN SMITH, | Chapter 7

13 | Debtor. | NOTICE OF CHAPTER 7 TRUSTEE'S
APPLICATION TO EMPLOY REAL ESTATE
14 | | AGENT

15 | | **[11 U.S.C. §§ 327(a) and 328(a);
FRBP 2014; and LBR 2014-1(b)]**

16 | | [No Hearing Required Unless
17 | | Requested – LBR 9013-1(o)(1)

18 | TO THE HONORABLE THEORDOR C. ALBERT, UNITED STATES BANKRUPTCY

19 | JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER

20 | INTERESTED PARTIES:

21 | PLEASE TAKE NOTICE that Richard A. Marshack, Chapter 7 Trustee ("Trustee" or

22 | "Applicant") for the bankruptcy estate (the "Estate") of Kristina Lynn Smith ("Debtor"), has

23 | filed an application for authorization to employ Clarence Yoshikane of BHHS / Berkshire

24 | Hathaway HomeServices CA Properties as the Trustee's real estate agent ("Agent") in this

25 | bankruptcy case (the "Application").

26 | On October 3, 2024, Debtor filed a voluntary petition under Chapter 7 of Title 11 the

27 | United States Code. On the same date, Richard A. Marshack ("Trustee") was appointed as the

28 | Chapter 7 trustee.

1   In her Schedule A/B, Debtor lists an ownership interest in real property located at and

2   commonly known as 27591 Kathy Ct., Laguna Niguel, CA 92677 ("Property") which Debtor

3   values at $1,924,800. The Property is a single-family home in Orange County, California. Title

4   to the Property is held in joint tenancy of the Debtor and Jeff Gomez.

5   Debtor's Amended Schedule C reflects an exemption in the amount of $699,421 and

6   Schedule D reflects liens totaling $897,508.

7   Agent has viewed the Property and, based on the comparable sales in the area, the current

8   market value of the Property is $1,800,000 to $2,000,000.

9   In  order to market the Property most effectively, and thereby to liquidate the same for

10   the best and highest price, Trustee has solicited the assistance of  Agent,  a licensed real estate

11   agent.  Agent, on behalf of Trustee, has examined the information related to the Property and has

12   agreed to advertise the Property at the Agent's expense, to show the Property to interested

13   parties, to represent the Estate as seller in connection with the sale of the Property, and to advise

14   Trustee with respect to obtaining the highest and best offers available in the present market.

15   Based on the foregoing agreement, Trustee desires to enter into listing agreement and addendum

16   (the "Listing Agreement"), in substantially the form as attached to the Application as **Exhibit**

17   **"1,"** to employ Clarence Yoshikane of Berkshire Hathaway HomeServices CA Properties as the

18   Estate's real estate agent to procure and submit to Trustee offers to purchase the Property.

19   In consideration for such services, subject to further application and Court order, the

20   Agent will receive, upon consummation of a sale, a real estate agent's commission in an amount

21   equal to six percent (6%) of the purchase price, subject to a carve-out to the Estate of two percent

22   (2% ) of the total commission.

23   Agent has been informed and understands that no sale of the Property may be

24   consummated until after a notice to creditors with the opportunity for a hearing as well as a

25   Court order.

26   Agent is aware of the provisions of Bankruptcy Code Section 328(a) and has agreed,

27   notwithstanding the terms and conditions of employment herein set forth, that the Court may

28   allow compensation different from the compensation provided herein if such terms and

1  conditions proved to have been improvident in light of developments unanticipated at the time of

2  the fixing of such terms and conditions.

3       The Agent has not received any retainer or other compensation for its retention by the

4  Trustee and will only receive compensation as authorized by this Court pursuant to this

5  Application to be paid from the proceeds of the sale of the Property.

6

7  Dated: April 11, 2025                    Respectfully submitted,

8

9                                        /s/  Richard A. Marshack
                                        Richard A. Marshack, Chapter 7 Trustee for the
10                                       Bankruptcy Estate of  Kristina Lynn Smith

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt Avenue, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF TRUSTEE'S APPLICATION TO EMPLOY REAL ESTATE AGENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  **April 11, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On  **April 11, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 11, 2025 | Pamela Kraus | /s/  Pamela Kraus |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**

EXHIBIT 2
Page 25

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  continued:

- **David Coats**   dacoats@raslg.com
- **Benjamin Heston**   bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
- **Richard G. Heston**   rheston@hestonlaw.com,
  yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email
- **Richard A Marshack (TR)**   pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Matthew J Stockl**   matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Julie J Villalobos**   julie@oaktreelaw.com,
  oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com
- **Jennifer C Wong**   bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

2. **SERVED BY UNITED STATES MAIL**:

**DEBTOR**
KRISTINA LYNN SMITH
27591 KATHY CT
LAGUNA NIGUEL, CA 92677-6025

**SECURED CREDITOR / POC ADDRESS**
THE NESHANIAN LAW FIRM
AMY NESHANIAN
5 CORPORATE PARK, STE 250
IRVINE, CA 92606-5169

**20 LARGEST CREDITOR**
A CENTER FOR CHILDREN
1111 W CHAPMAN AVE
ORANGE, CA 92868-2828

**20 LARGEST CREDITOR / POC ADDRESS**
AT&T SERVICES, INC.
BY AIS INFOSOURCE LP AS AGENT
KAREN CAVAGNARO, ESQ.
1 AT&T WAY, ROOM 3A104
BEDMINSTER, NJ 07921-2693

**20 LARGEST CREDITOR**
BANK OF AMERICA
ATTN: BANKRUPTCY
4909 SAVARESE CIRCLE
TAMPA, FL 33634-2413

**20 LARGEST CREDITOR**
COX COMMUNICATIONS
6205 PEACHTREE DUNWOODY RD
ATLANTA, GA 30328-4524

**20 LARGEST CREDITOR**
DREW HUNT
4 PARK PLASZA SUITE 200
IRVINE, CA 92614-8533

**20 LARGEST CREDITOR / POC ADDRESS**
FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

**20 LARGEST CREDITOR / POC ADDRESS**
HOWARD SMITH
28822 VIA DE LUNA
LAGUNA NIGUEL, CA 92677-7601

**20 LARGEST CREDITOR / POC ADDRESS**
JEFFREY ADAMS GOMEZ
1388 AUGUSTA DRIVE
UPLAND, CA 91786-2432

**20 LARGEST CREDITOR / POC ADDRESS**
KERRY KAVANAUGH
4511 ISABELLA LANE
DALLAS, TX 75229-5410

**20 LARGEST CREDITOR**
KOHL'S
ATTN: CREDIT ADMINISTRATOR
PO BOX 3043
MILWAUKEE, WI 53201-3043

**20 LARGEST CREDITOR**
LEON BAGINSKI MD
27800 MEDICAL CENTER RD 310
MISSION VIEJO, CA 92691-6461

**20 LARGEST CREDITOR**
MISSION PROVIDENCE HOSPITAL
27799 MEDICAL CENTER RD
MISSION VIEJO, CA 92691-6400

**20 LARGEST CREDITOR**
MOULTON WATER
26161 GORDON RD
LAGUNA HILLS, CA 92653-8224

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                                                                      **F 9013-3.1.PROOF SERVICE**

EXHIBIT 2
Page 26

**20 LARGEST CREDITOR**
PEDIATRICSDERMATOLOGY
3500 BARRANCA PKWY 160
NEWPORT BEACH, CA 92696

**20 LARGEST CREDITOR**
PROGRESSIVE INSURANCE
6300 WILSON MILLS RD
CLEVELAND, OH 44143-2182

**20 LARGEST CREDITOR / POC ADDRESS**
R&S LAW GROUP, APC
230 NEWPORT CENTER DRIVE
SUITE 210
NEWPORT BEACH, CA 92660-7525

**20 LARGEST CREDITOR**
ROWAN DORCY MEDICAL
27799 MEDICAL CENTER RD
MISSION VIEJO, CA 92691-6400

**20 LARGEST CREDITOR**
SDG&E
PO BOX 25111
SANTA ANA CA 92799-5111

**20 LARGEST CREDITOR**
SGSB LAW
19762 MACARTHUR BLVD STE 200
IRVINE, CA 92612-2497

**20 LARGEST CREDITOR**
US ACUTE CARE SOLUTION
4535 DRESSIER RD NW
CANTON, OH 44718

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-3.1.PROOF.SERVICE

EXHIBIT 2
Page 27

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/29/2025 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

[Courtesy copy not required per General Order 20-02]

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 04/29/2025 | Pamela Kraus | /s/ Pamela Kraus |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                  Page 3                        **F 9013-1.2.NO.REQUEST.HEARING.DEC**

- **David Coats**    dacoats@raslg.com
- **Benjamin Heston**    bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
- **Richard G. Heston**    rheston@hestonlaw.com, yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Matthew J Stockl**    matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Julie J Villalobos**    julie@oaktreelaw.com, oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com