| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| NEXUS BANKRUPTCY<br>BENJAMIN HESTON (297798)<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949.312.1377<br>Fax: 949.288.2054<br>ben@nexusbk.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Movant, Jeffrey Adams Gomez | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>KRISTINA LYNN SMITH,<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:24-bk-12527-SC<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| | DATE: 06/18/2025<br>TIME: 10:00 am<br>COURTROOM: 5B |
| **Movant**: JEFFREY ADAMS GOMEZ | |

1. **Hearing Location**:
   ☐ 255 East Temple Street, Los Angeles, CA 90012    ☒ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 1                            **F 4001-1.RFS.NONBK.MOTION**

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 05/25/2025

Nexus Bankruptcy
Printed name of law firm (if applicable)

Benjamin Heston
Printed name of individual Movant or attorney for Movant


/s/Benjamin Heston
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                               Page 2                              F 4001-1.RFS.NONBK.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**
   a. ☐ Plaintiff
   b. ☐ Defendant
   c. ☒ Other (*specify*): Respondent

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:
   a. *Name of Nonbankruptcy Action*: Kristina Smith v. Jeffrey Gomez
   b. *Docket number*: 17D000590
   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
      Orange County Superior Court
   d. Causes of action or claims for relief (Claims):
      Dissolution of marriage

3. **Bankruptcy Case History:**
   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☒ 7  ☐ 11  ☐ 12  ☐ 13
      was filed on (*date*) __10/03/2024__.
   b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13
      was entered on (*date*) _____.
   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:
   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.
   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.
   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    Page 3    F 4001-1.RFS.NONBK.MOTION

    f. ☒ The bankruptcy case was filed in bad faith.

        (1) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

        (2) ☒ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

        (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

        (4) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

    g. ☒ Other (*specify*):
        The enforceability of a prenuptial agreement is most logically and expeditiously resolved in the family court. See attached Memorandum of Points and Authorities and Declaration of Jeffrey Adams Gomez.

5. **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

    a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

    c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:** (*Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)

    a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

    b. ☒ Supplemental declaration(s).

    c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

    d. ☐ Other evidence (*specify*):

7. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☐ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 4    **F 4001-1.RFS.NONBK.MOTION**

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☒ Other relief requested: **Relief is granted for the limited purpose of litigating the enforceability of the prenuptial agreement..**

Date: 05/25/2025

Nexus Bankruptcy
Printed name of law firm (*if applicable*)

Benjamin Heston
Printed name of individual Movant or attorney for Movant

/s/Benjamin Heston
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    Page 5    F 4001-1.RFS.NONBK.MOTION

# DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) Jeffrey Adams Gomez_____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

    ☒ I am the Movant.
    ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
    ☐ I am employed by Movant as (*title and capacity*):
    ☐ Other (*specify*):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

    ☐ Plaintiff
    ☐ Defendant
    ☒ Other (*specify*): Respondent

4. The Nonbankruptcy Action is pending as:

    a. *Name of Nonbankruptcy Action*: Kristina Smith v. Jeffrey Gomez
    b. *Docket number*: 17D000590
    c. *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
       Orange County Superior Court

5. **Procedural Status of Nonbankruptcy Action**:

    a. The Claims are:
       Dissolution of marriage

    b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit _____.
    c. The Nonbankruptcy Action was filed on (*date*) _____.
    d. Trial or hearing began/is scheduled to begin on (*date*) _____.
    e. The trial or hearing is estimated to require _____ days (*specify*).
    f. Other plaintiffs in the Nonbankruptcy Action are (*specify*):

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 6                                F 4001-1.RFS.NONBK.MOTION

g. Other defendants in the Nonbankruptcy Action are (*specify*):

6. **Grounds for relief from stay:**

   a. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   b. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate. The insurance carrier and policy number are (*specify*):

   d. ☒ The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.
      (1) ☐ It is currently set for trial on (*date*) _____.
      (2) ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____. The basis for this belief is (*specify*):

      (3) ☐ The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

   e. ☒ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.
      (1) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.
      (2) ☒ The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):
          See attached Memorandum of Points and Authorities and Declaration of Jeffrey Adams Gomez.

      (3) ☐ Multiple bankruptcy cases affecting the Property include:
          (A) Case name:
              Case number:                          Chapter:
              Date filed:              Date discharged:              Date dismissed:
              Relief from stay regarding this Nonbankruptcy Action   ☒ was   ☐ was not   granted.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 7                                    F 4001-1.RFS.NONBK.MOTION

      (B) Case name:
           Case number:                              Chapter:
           Date filed:             Date discharged:             Date dismissed:
           Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

      (C) Case name:
           Case number:                              Chapter:
           Date filed:             Date discharged:             Date dismissed:
           Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

      ☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

      ☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.  ☐ See attached continuation page for other facts justifying relief from stay.

7.  ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

  a.  ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

  b.  ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____

  c.  ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/25/2025 | Jeffrey Adams Gomez | _/s/ Jeffrey Adams Gomez_ |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                 Page 8                                          F 4001-1.RFS.NONBK.MOTION

**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
ben@nexusbk.com

Attorney for Movant

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No: 8:24-bk-12527-TA |
| KRISTINA LYNN SMITH, | Chapter 7 |
| Debtor. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY** |
| | **Hearing:**<br>Date: June 18, 2025<br>Time: 10:00 AM<br>Courtroom: 5B |

## INTRODUCTION

Movant, Jeffrey Adams Gomez ("Movant"), seeks relief from the automatic stay under 11 U.S.C. § 362(d)(1) to allow the Orange County Superior Court, in *Kristina Smith v. Jeffrey Gomez*, Case No. 17D000590 ("Divorce Case"), to adjudicate the validity and enforceability of the prenuptial agreement between the parties.

The Debtor is claiming that the prenuptial agreement is invalid due to "duress", despite the fact that she was independently represented by an experienced family law attorney, notarized independently, and that no complaints were raised regarding the validity, duress, or abuse until after the marriage fell apart. The agreement provided that all real estate owned by Movant prior to marriage would remain his separate property, and that all income earned by Movant during the marriage would be his separate property. In other words, it directly contradicts the allegations made by the Debtor in her schedules.

This motion seeks only limited relief from stay to allow the family court to decide an issue that is commonplace in the family courts. That court has presided over the divorce for the past nine years. It is familiar with the parties, the history of the litigation, the financial records, and the procedural context. For the bankruptcy court to take on this issue would be duplicative, inefficient, and inappropriate.

## **STATEMENT OF FACTS**

Jeffrey Gomez and Kristina Smith were married in 2003. Prior to the marriage, they executed a formal prenuptial agreement. Both parties were represented by counsel, both parties signed before separate notaries, and the agreement fully complies with all requirements under California law. The agreement was not ambiguous. It clearly stated that the seven properties owned by Gomez at the time would remain his separate property, and that all income earned by Gomez, including during the marriage, would be his separate property as well.

The Debtor is now alleging that she was coerced into signing the prenuptial agreement, and that her own attorney was "colluding" with Gomez. There is no evidence to support this paranoid conspiracy theory. The Debtor is simply trying to change the rules of the game after she already lost.

The Debtor's conduct throughout this case has been marked by dishonesty and bad faith. She has made numerous false claims in both family court and bankruptcy court. She has misrepresented the character of property, exaggerated or fabricated debts, and coordinated with family members to file fraudulent claims. She listed 39 debts, most of which are either fabricated, already paid, or contradicted by her own family court filings. Her bankruptcy schedules are a work of fiction.

## **LEGAL STANDARD**

Relief from stay may be granted for cause under 11 U.S.C. § 362(d)(1). The standard for determining "cause" is flexible and fact-driven. Courts examine whether the proposed action

would interfere with or assist the administration of the estate, whether the non-bankruptcy forum is more appropriate, and whether relief would serve judicial economy.

When the issue to be decided is the enforceability of a prenuptial agreement under California law, the bankruptcy court is not the proper venue. California family courts routinely adjudicate the validity of premarital agreements and are uniquely positioned to do so. See *In re Mac Donald*, 755 F.2d 715 (9th Cir. 1985). The Ninth Circuit has made clear that family law matters, particularly those involving the interpretation of California family law statutes like Family Code §§ 1610–1617, should be left to state courts with the necessary expertise.

The Bankruptcy Appellate Panel and bankruptcy courts throughout the Ninth Circuit routinely lift the stay to allow family court to determine the validity of marital agreements and the character of disputed assets.

## ARGUMENT

**A. The family court is the appropriate forum to determine the enforceability of the prenuptial agreement**

There is no reason this Court should be tasked with determining whether Kristina Smith was under "duress" when she signed the prenup in 2003. There is no reason for this Court to hear evidence about her legal representation at the time or the circumstances under which the agreement was executed. Those are not bankruptcy issues. They are family law issues, and they belong in family court.

The family court has been litigating this case since 2017. It has heard evidence from the parties, evaluated their credibility, and issued multiple rulings on related property issues. The enforceability of the prenup is a state law question, governed entirely by California's family law statutes and caselaw.

**B. Relief from stay will streamline the administration of the estate**

The Trustee is currently operating under the assumption that Gomez's seven properties may be part of the estate. That assumption is based entirely on the Debtor's self-serving and

unsubstantiated assertion that the prenuptial agreement is invalid. No evidence has been submitted. No effort has been made to articulate a legal theory or present supporting evidence. There is nothing more than a vague hope that the agreement might not hold up or that Gomez will throw up his hands and settle.

If the family court determines that the agreement is enforceable, the entire dispute over separate property disappears. Granting relief from stay is the most direct way to eliminate the uncertainty, reduce litigation costs and delay, and focus the case on legitimate aspects of administration.

## **CONCLUSION**

The Debtor's actions in this case have been emblematic of a broader pattern of obstruction, misrepresentation, and misuse of judicial resources. From her falsified schedules to her sudden and unsubstantiated challenge to a decades-old prenuptial agreement, it is clear that her objective is not the honest administration of an estate, but to relitigate family court losses in a new forum. The family court is the appropriate forum to resolve these issues.

For the foregoing reasons, Movant respectfully requests that this Court grant the motion for relief from the automatic stay under 11 U.S.C. § 362(d) to allow the Orange County Superior Court to adjudicate the validity and enforceability of the parties' prenuptial agreement.

                                                              **NEXUS BANKRUPTCY**

Date: May 26, 2025                        /s/Benjamin Heston
                                                    BENJAMIN HESTON,
                                                    Attorney for Movant

## DECLARATION OF JEFFREY ADAMS GOMEZ

I, Jeffrey Adams Gomez, declare as follows:

1. I am the Movant and former spouse of the Debtor. I have personal knowledge of all matters stated herein. On all matters stated on information and belief, I believe those allegations to be true. I could competently testify to the allegations contained herein.

2. Kristina and I were married in 2003. Prior to our marriage, we executed a prenuptial agreement. At the time the agreement was signed, both of us were represented by independent counsel, both of whom were experienced family law attorneys.

3. We each signed the prenuptial agreement before separate notaries. The agreement was executed voluntarily, without coercion or pressure of any kind. At no time during or after the signing did Kristina express any concern about the validity of the agreement or suggest that she was signing under duress.

4. The prenuptial agreement states that all real property I owned before marriage would remain my separate property, and that all income earned by me during the marriage would remain my separate property. At the time of signing, I owned seven properties.

5. Throughout the marriage, I treated those properties as my separate property. I conducted several § 1031 exchanges during the marriage, in which original properties were sold and replaced using only proceeds from prior sales. Kristina did not contribute any funds to the purchase, maintenance, or financing of those properties, and none of them were held in joint title.

6. Our divorce proceedings have been pending in the Orange County Superior Court since 2017. That court has presided over all aspects of our case, including property division, support, and other related issues. It is familiar with the parties, the prenuptial agreement, and the history of litigation between us.

7. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: May 25, 2025

_____
JEFFREY ADAMS GOMEZ

5

Memorandum of Points and Authorities In Support Of Motion For Relief From Stay

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400**
**Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 5/26/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David Coats     dacoats@raslg.com
Richard G. Heston     rheston@hestonlaw.com, yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email
Richard A Marshack (TR)     pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
Matthew J Stockl     matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
Julie J Villalobos     julie@oaktreelaw.com, oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com
Jennifer C Wong     bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 5/26/2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Scott C. Clarkson
411 West Fourth Street, Suite 5130 /
Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/26/2025 | **Benjamin Heston** | **/s/Benjamin Heston** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---
This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                   **F 9013-3.1.PROOF.SERVICE**