1  YOSINA M. LISSEBECK (State Bar No. 201654)
   yosina.lissebeck@dinsmore.com
2  JACOB R. BOTHAMLEY (State Bar No. 319457)
   jacob.bothamley@dinsmore.com
3  **DINSMORE & SHOHL LLP**
4  655 West Broadway, Suite 800
   San Diego, CA 92101
5  Telephone:  619.400.0500
   Facsimile:  619.400.0501
6  Counsel to the Chapter 7 Trustee,
   Richard A. Marshack
7

8             **UNITED STATES BANKRUPTCY COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10            **SANTA ANA DIVISION**

11  In re:                              Case No. 8:24-bk-12527-SC

12  Kristina Lynn Smith,                Chapter 7

13       Debtor.                        **CHAPTER 7 TRUSTEE'S OPPOSITION TO
                                        MOTION FOR RELIEF FROM THE**
14                                      **AUTOMATIC STAY UNDER**
                                        **11 U.S.C. § 362 (WITH SUPPORTING**
15                                      **DECLARATIONS) (ACTION IN**
                                        **NONBANKRUPTCY FORUM);**
16                                      **DECLARATION OF RICHARD A.**
                                        **MARSHACK**
17

18                                      Hearing:
                                        Date:      June 18,  2025
19                                      Time:      10:30 a.m.
                                        Place:     Courtroom 5C
20                                                  411 W Fourth St.
                                                   Santa Ana, CA 92701
21                                                 via ZoomGov

22         Richard A. Marshack, court-appointed chapter 7 trustee (the "Trustee") in the above-

23  captioned chapter 7 case (the "Case") of the debtor Kristina Lynn Smith (the "Debtor"), hereby files

24  this opposition ("Opposition") to the second *Notice of Motion and Motion for Relief from Stay under*

25  *11 U.S.C. § 362 (with supporting declarations) (Action in Nonbankruptcy Forum)* [ECF No. 89]

26  ("Second Motion") filed by Jeffrey Adams Gomez ("Gomez" or "Movant").  This Opposition is

27  supported by the record and all other relevant papers and pleadings on file with this Court in the

28  Case, all oral and documentary evidence which may be presented prior to or at the hearing on the

                                        1

Second Motion, and all matters of which the Court may take judicial notice. This Opposition is also supported by Trustee's declaration ("Marshack Decl."). For the reasons set forth below, the Trustee requests that the Court again deny the Second Motion in its entirety.

## I.    STATEMENT OF RELEVANT FACTS

On October 3, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court of the Central District of California.  On or about October 3, 2024, the Trustee was appointed trustee in the Case.

As set forth on her *Schedule A/B*, the Debtor owns real property located at 27591 Kathy Court, Laguna Niguel, California 92677 (the "Laguna Property").  The Debtor also asserts an ownership interest in several investment properties, including: 1010 Moffatt, Rialto CA 92377; 4343 Alamitos St, Montclair CA 91763; 739 W H St, Ontario CA 91762; 14227 Weeping Ln, Fontana CA 92337; 7013 Ramona, Rancho Cucamonga CA 91701; 3588 N Lugo, San Bernardino CA 92404; and 137 South Terrace, San Bernardino CA 92410.

The Debtor and Mr. Gomez are involved in divorce proceedings pending before the Orange County Superior Court ("Family Court") as case number 17D000590 (the "Divorce Case").  Prior to the Petition Date, the Family Court ordered that the Laguna Property be sold.

The Trustee, through his counsel, has questioned the Debtor at a meeting of creditors and conducted informal discovery.  The Trustee has also reviewed documents, discussed values with real estate agents, and performed various other duties in this Case.

On February 3, 2025, Gomez filed his first motion for relief from stay "for cause" pursuant to § 362(d)(1).  In that motion, Gomez argued that the Family Court should oversee the sale of the Laguna Property, and that this Case was filed in bad faith because the Case was filed two days after the Family Court ordered the sale of the Laguna Property, and that the Debtor misrepresented facts in her petition. The Court denied that motion. The Trustee has retained a Court appointed Broker and the Laguna Property is now being listed.

On May 26, 2025, Gomez filed the Second Motion for relief from stay, also under 11 U.S.C. § 362(d)(1). In the Second Motion, Gomez argues relief from stay is warranted to allow the Family Court to adjudicate the validity and enforceability of the prenuptial agreement between the parties.

1    Gomez asserts that the Family Court is the ideal venue for adjudicating Debtor's and Gomez's

2    protracted divorce. Gomez contends that having this Court preside over the lingering issues

3    attending the prenuptial agreement in question is less efficient and possibly even duplicative.

4        As stated above, the Trustee has already begun his investigation into the facts and

5    circumstances surrounding the validity of the pre-nuptial agreement, along with the issues relating

6    to the various parcels of real property therein. ("Marshack Dec. ¶4.) The Trustee believes there are

7    two issues at play here: 1) the validity of the prenuptial agreement and 2) the real property thereunder

8    and whether that property is community property. (*Id.*)

9        Seven parcels of real property are listed in the prenuptial agreement as Mr. Gomez' separate

10   property. (*Id.* at ¶5.) Since the execution of the prenuptial agreement back on August 4, 2003, all 7

11   of those properties were sold, and new properties were purchased. (*Id.*) The Trustee requested

12   documents from Mr. Gomez to support that upon the sales of the original separate properties, none

13   of the proceeds of those properties were commingled into joint bank accounts. (*Id.*) If the proceeds

14   were commingled, they would be transmuted, thus becoming community property, which would be

15   Estate Property, subject to the jurisdiction of this Court. The Trustee has not received that evidence

16   as of the date of filing this Opposition. (*Id.*) The Trustee also had conversations with Mr. Gomez'

17   counsel to resolve all these related issues in a settlement that would resolve the remaining

18   community property issues, without further need for extended litigation. (*Id..* at ¶6.) Those

19   conversations are still pending. (*Id.*)

20       For the reasons set forth below, the Second Motion, like the first, should be denied based on

21   Movant's failure to demonstrate cause to grant relief from stay.

22                        **II.    <u>ARGUMENT</u>**

23       There is no cause to grant relief from stay. "On request of a party in interest and after notice

24   and a hearing, the court shall grant relief from the stay . . . for cause. . . ." 11 U.S.C. § 362(d)(1).

25   Courts determine what constitutes "cause" on a case-by-case basis and have broad discretion to

26   grant or deny relief from stay.  *In re Am. Spectrum Realty, Inc.,* 540 B.R. 730, 736-37 (Bankr. C.D.

27   Cal. 2015) (citing *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer),* 405 B.R. 915, 919,

28   921 (9th Cir. BAP 2009); *In re Plumberex Specialty Products, Inc.,* 311 B.R. 551, 556-57 (Bankr.

C.D. Cal. 2004)). As set forth below, Movant has failed to establish a *prima facie* case that relief

from stay is warranted in this Case.

**A.**     **Movant Has Failed to Meet His Burden of Proof**

A party seeking relief from the automatic stay has an initial burden to establish "cause" for

relief.  If the movant fails to meet this burden, the court should deny the motion without any showing

by the respondent.

> [T]he burden of going forward with evidence . . . is generally placed on the party
> seeking relief. . . .  The moving party first must establish its *prima facie* case.
> Failure to prove a prima facie case requires denial of the requested relief.  A
> *prima facie* case requires a showing by the movant of "a factual and legal right
> to the relief that it seeks."

3 Collier on Bankruptcy ¶ 362.10 (16th ed. 2024).

Similarly, as discussed in detail in *In re Kim*, 71 B.R. 1011 (Bankr. C.D. Cal. 1987):

> A creditor seeking relief from the automatic stay has the burden of producing
> evidence to make a prima facie case that the creditor is entitled to relief from
> stay.
>
> . . . .
>
> [T]he impact of the burden of producing evidence is substantive if the burden is
> not met: The party who fails to carry his burden loses on the issue to which the
> burden applies, and the ultimate burden of persuasion, which may lie on a
> different party, plays no role.  In a motion for relief from stay, the motion must
> be denied if the moving creditor fails to make a prima facie case for relief from
> stay, and the burden of proof set forth in section 362(g) plays no role.
> The substantive impact of the allocation of the burden of producing evidence
> has two substantial policy foundations.  First, a party is not permitted to prevail
> on an issue, even where the party does not have the ultimate burden of
> persuasion, unless the party introduces a certain quantum of evidence sufficient
> to put his opponent to the burden of producing evidence. Unless the quantum of
> proof on an issue reaches a certain threshold, no issue is raised that the opposing
> party is required to meet.

*In re Kim*, 71 B.R. at 1015-1016; *see also Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re*
*Plumberex Specialty Prods., Inc.)*, 311 B.R. 551, 557 & n.11 (Bankr. C.D. Cal. 2004) ("To obtain
relief from the automatic stay, the party seeking relief must first establish a *prima facie* case to the
text of the note that "cause" exists for relief under § 362(d)(1). . . .  A *prima facie* case requires the
movant to establish 'a factual and legal right to the relief that it seeks.' . . .  If the movant fails to
meet its initial burden to demonstrate cause, relief from the automatic stay should be denied.").

4

In this case, Movant bears the burden of producing evidence to establish a prima facie case of "cause" for relief from stay. Movant has failed to meet this burden. The Second Motion attaches another threadbare declaration of Mr. Gomez that merely recites a procedural history of the Divorce Case and only basic background facts, and no exhibits. Movant is correct that generally, issues of community property, such as prenuptial agreements, are creatures of state law, not bankruptcy law. However, when issues of community property collide with an active bankruptcy case, the lines can, and often do, blur.

It is well-established that the mere existence of state court litigation is insufficient, as a matter of law, to constitute cause for relief from the automatic stay. *In re Curtis,* 40 B.R. 795, 803 (Bankr. D. Utah 1984) ("The determination of 'cause' is one that necessarily requires exercise of judicial judgment and involves mixed questions of fact and law. The Court holds that the existence of pending litigation in another forum filed after the commencement of the bankruptcy case, without more, does not constitute 'cause.'"); *In re Plumberex Specialty Prods., Inc.,* 311 B.R. 551 (Bankr. C.D. Cal. 2004) (Timing of debtor's filing, shortly after entry of $2.1 million judgment against it in patent infringement action, was insufficient, without more, to establish cause for relief from stay). Here, the existence of the Divorce Case, and an attempt to invalidate a prenuptial agreement is not "cause" for relief from stay.

**B.    The *Curtis* Factors Weigh in Favor of Denying the Second Motion**

The Bankruptcy Code does not expressly define "cause" for relief from stay in the context of litigation in a non-bankruptcy forum. Case law, however, has developed multi-factor tests to determine whether there is "cause" to grant relief from stay to pursue litigation in a non-bankruptcy forum. The most widely accepted test requires application of the factors set forth in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). Numerous courts, including the Second Circuit Court of Appeals, and courts in the Central District of California, have adopted the list from *Curtis*, of twelve non-exclusive factors in deciding whether to lift the automatic stay to permit litigation to continue in another forum:

1.    Whether the relief will result in a partial or complete resolution of the issues;

2.    The lack of any connection with or interference with the bankruptcy case;

5

3.    Whether the foreign proceeding involves the debtor as a fiduciary;

4.    Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

5.    Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

6.    Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

7.    Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties;

8.    Whether the judgment claim arising from the foreign action is subject to equitable subordination;

9.    Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

10.    The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

11.    Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

12.    The impact of the stay and the "balance of hurt."

*See In re Am. Spectrum Realty, Inc.,* 540 B.R. 730, 737 (Bankr. C.D. Cal. 2015) (citing *In re Curtis,* 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)).

"The most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor in another forum is the effect of such litigation on the administration of the estate.  Even slight interference with the administration may be enough to preclude relief in the absence of a commensurate benefit."  *In re Landmark Fence Co.,* 2011 U.S. Dist. LEXIS 150928, at *10 (C.D. Cal. Dec. 9, 2011) (citing *Curtis,* 40 B.R. at 800).

In this Case, as argued in opposing the first motion, relief from stay would cause substantial interference with the administration of this Estate and cause unnecessary administrative expense which could negatively impact distributions to creditors. (Marshack Decl. ¶¶6, 7.) "The trustee's principal duty is to collect and reduce to money the property of the estate for which he serves, and to close up the estate as expeditiously as is compatible with the best interests of parties in interest." *See* 11 U.S.C. § 704 (Senate Report No. 95-989).  Consistent with his duty, the Trustee is currently engaged in settlement discussions, which, if successful, will eliminate the need for costly litigation

on critical issues in this bankruptcy case and bring this case to an efficient and reasonable close. (Marshack Decl. ¶¶6, 7.) Further litigation in the Family Court is not consistent with these goals, which is why Trustee opposes. (Marshack Decl. ¶¶6, 7, 8.) Indeed, as Gomez points, the Divorce Case is nearly a decade old, and Trustee is obligated to avoid unnecessary expense and delay whenever possible. Bankruptcy cases are all but guaranteed to move far more swiftly. Simply put, returning to the Family Court would interfere with the administration of the Estate. This, plus the totality of the *Curtis* factors discussed below favor denial of the Second Motion.

> 1. First Factor - Whether the relief will result in a partial or complete resolution of the issues

The first factor favors denying relief at this time because it is currently unknown if relief from stay will result in a complete adjudication of the issues.  As previously argued, the Family Court does not have jurisdiction over property of the Estate. *See In re Teel*, 34 B.R. 762 (9th Cir. BAP 1983).  Trustee is still in the process of analyzing Debtor's assets and believes there is likely significant commingling of those assets. (Marshack Decl. ¶5.) Again, if relief from stay were granted, after completing his analysis the Trustee may deem it necessary to intervene in the Divorce Case regarding the rights of the Debtor and Movant to property division, in which case relief from stay may not result in a prompt or complete adjudication of the issues, but protracted litigation including discovery.  Accordingly, this factor weighs in favor of denying relief from stay at this time.

> 2. Second Factor - The lack of any connection with or interference with the bankruptcy case

The second factor favors denying the Second Motion because granting relief from stay would interfere with the bankruptcy case.  As noted above, granting even the limited relief may force the Trustee to engage in state court litigation, which could interfere with or delay the bankruptcy case because it implicates the parties' respective rights to certain assets.  Thus, this factor favors denying relief from stay at this time.

3.    Third Factor - Whether the foreign proceeding involves the debtor as a fiduciary

While spouses are subject to the general rules governing fiduciary relationships, it is unclear if Movant has alleged breach of fiduciary duty in the Divorce Case, though it seems Gomez has alleged various species of misconduct by Debtor.  The Second Motion provides no evidence on this point and the Movant has not met his burden with respect to this factor.  Therefore, this factor is neutral or favors denial.

4.    Fourth Factor - Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases

The fourth factor also favors denial of the Second Motion.  As stated in the Second Motion, the impetus for the limited stay relief is to adjudicate the validity of a prenuptial agreement. The Family Court is certainly adept at adjudicating prenuptial agreement disputes, but so is this Court given the frequency with which community property is directly at issue in bankruptcy cases. However, the real issue in this case, as with most bankruptcy cases, is one that the Family Law Court will not have subject matter jurisdiction over, which is determination of what constitutes property of the estate. Again, Trustee believes there has been significant commingling of assets in this case, which renders a determination on the validity of a prenuptial agreement of only limited relevance. By contrast, the Bankruptcy Court is especially adept and specialized to make these critical determinations. Moreover, the Second Motion neither provides nor even opines on a realistic timetable to have the prenuptial agreement dispute adjudicated. Without such representations, it is a stretch for Movant assert that stay relief serves the interest of efficiency or greater effectiveness. Rather than court the risks attending piecemeal litigation, it is far more efficient to keep this matter where it presently is.  Accordingly, this factor weighs in favor of denying relief from stay.

5.    Fifth Factor - Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation

This factor is not applicable.

6.    Sixth Factor - Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question

This factor is not applicable.

7.     <u>Seventh Factor - Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties</u>

As previously argued, the seventh factor favors denying relief from stay because returning to Family Court would prejudice the interests of other parties, namely, creditors of this Estate. Again, the Estate's creditors are not represented in the Divorce Case. It is highly likely that the validity or invalidity of the prenuptial agreement could affect what constitutes property of the Estate, and what is available to satisfy creditor claims.

8.     <u>Eighth Factor - Whether the judgment claim arising from the foreign action is subject to equitable subordination</u>

This factor is not applicable. The Trustee is currently unaware of any grounds to seek equitable subordination.

9.     <u>Ninth Factor - Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f)</u>

This factor is not applicable.

10.     <u>Tenth Factor - The interests of judicial economy and the expeditious and economical determination of litigation for the parties</u>

As previously argued, the tenth factor favors denying the Second Motion at this time because granting relief would likely lead to further disputes in Family Court, burdening the Family Court, the Trustee, and the Debtor with additional litigation. *See, e.g.*, *In re Conejo Enters., Inc.,* 96 F.3d 346 (9th Cir. 1996); *see also In re Patel,* 291 B.R. 169 (2003) ("[R]etaining the automatic stay in effect may promote judicial economy by preventing the duplication of litigation.").

11.     <u>Eleventh Factor - Whether the foreign proceedings have progressed to the point where the parties are prepared for trial</u>

The Trustee is not aware of a trial date in the Divorce Case. The Second Motion again provides no evidence on this point and the Movant has not met his burden with respect to this factor. Movant asserts that the divorce proceedings have been going for years, which if that is any indicator of how long adjudicating the prenuptial agreement could take, the risk of unnecessary prejudicial delays in this case is obviously present. Even if one were to assume that the Family Court could

1  adjudicate the prenuptial agreement as quickly as this Court can, the benefit of piecemeal litigation

2  is difficult to see. Therefore, this factor is neutral or favors denial.

3        12.    Twelfth Factor - The impact of the stay and the "balance of hurt."

4        In analyzing this factor, courts balance the hardships as between the movant and the debtor.

5  *See Curtis*, 40 B.R. at 807.  Litigation costs may pose a hardship. *Id.*  The Movant has not provided

6  any analysis of the comparative costs between the Family Court and this Court.  The only evidence

7  before this Court is that the Debtor and Movant have been engaged in lengthy litigation in the Family

8  Court.

9        The bankruptcy case, by contrast, has been moving forward steadily, and there is no reason

10 to believe that adjudication in a heavily impacted state court would be either more efficient or more

11 effective at adjudicating the lingering critical issues.

12       Moreover, if stay relief were granted, the likely negative impact on the Estate is much greater

13 than that on Movant.  Movant has filed a proof of claim in this Case and this Court can adjudicate

14 that claim.  If relief from stay is granted, the Trustee may be forced to litigate in the Family Court

15 which, as noted above, is unnecessary in light of the claims adjudication process.  As such, the

16 balance of hardships favors denying relief from stay.

17       Considering the foregoing factors, the Movant has not met his burden and relief from stay

18 should be denied.

19                      **III.    <u>CONCLUSION</u>**

20       WHEREFORE, the Trustee respectfully requests that this Court enter an order denying the

21 Second Motion in its entirety, and any other and further relief that the Court deems just and proper.

22
   Dated:  June 4, 2025                    Respectfully submitted,
23
                                           DINSMORE & SHOHL LLP
24

25
                                           By:  /s/ Jacob R. Bothamley
26                                              Yosina M. Lissebeck
                                                Jacob R. Bothamley
27                                              Counsel to the Chapter 7 Trustee,
                                                Richard A. Marshack
28

## <u>DECLARATION OF RICHARD A. MARSHACK</u>

I, Richard A. Marshack, declare:

1.      I am over the age of eighteen and currently serve as the duly appointed chapter 7 trustee in the above-titled bankruptcy case. The following facts are from my own personal knowledge, unless stated otherwise. If called upon to testify upon any matter discussed in this declaration, I could and would competently do so.

2.      I make this declaration in support of the Opposition to Jeffrey Adams Gomez's ("Gomez") second motion for relief from stay ("Second Motion").

3.      Based on my knowledge of this case, I believe granting even the limited stay relief to validate a prenuptial agreement in state court, as opposed to this Court, as requested in the Second Motion, would be unduly burdensome, and risk unnecessary delays and expense.

4.      I have already begun my investigation into the facts and circumstances surrounding the validity of the prenuptial agreement, along with the issues relating to the various parcels of real property therein.  I believe there are two issues at play here: 1) the validity of the prenuptial agreement, and 2) the real property thereunder and whether that property is community property.

5.      Seven parcels of real property are listed in the prenuptial agreement as Mr. Gomez' separate property. Since the execution of the prenuptial agreement back on August 4, 2003, all 7 of those properties were sold, and new properties were purchased.  In my analysis of Debtor's assets, I became concerned about the commingling of assets, especially related to these 7 properties, during the marriage. I requested documents from Gomez to support that upon the sales of the original separate properties, none of the proceeds of those properties were commingled into joint bank accounts. If the proceeds were commingled, they would be transmuted, thus becoming community property, which would be Estate Property, subject to the jurisdiction of this Court. I have not yet received that evidence as of the date of filing this Opposition.

6.      I also had conversations with Gomez' counsel to address all of these related issues in a settlement that would resolve the remaining community property issues, without further need for extended litigation. Those conversations are still pending. As such, I believe granting the relief requested in the Second Motion would unnecessarily interfere with administration of the Estate.

7.      My main motivation is executing my duties, which are expeditious administration of the Estate, and to that end, acting in the best interests of the Estate. I believe I am making significant progress toward accomplishing those goals in this case.

8.      In short, from my perspective, I do not see how granting the relief requested is a benefit to anyone other than Gomez.  The Estate's interests are perfectly served by continuing to have all matters germane to this case before this Court. By contrast, Gomez has not demonstrated that there is any risk of prejudice to him or anyone else if all relevant matters remain before this Court.

9.      For these reasons, I oppose the limited relief from stay requested by Gomez, and strongly believe that it is in the best interests of all involved to keep this case right where it is, and have all relevant matters decided in one place.

I declare and affirm under penalty of perjury pursuant to the laws of the State of California and the United States of America that the foregoing is true to the best of my current knowledge.

Executed this 4th day of June 2025, in Orange County, California.

_____

Richard A. Marshack

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:       655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document: **CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) (ACTION IN NONBANKRUPTCY FORUM); DECLARATION OF RICHARD A. MARSHACK**  will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 4, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒     Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On June 4, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY**
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐     Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 4, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐     Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 4, 2025 | Bonnie Connolly | /s/ Bonnie Connolly |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                    **F 9013-3.1.PROOF.SERVICE**

1.    **<u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:

- **David Coats**    dacoats@raslg.com
- **Benjamin Heston**    bhestonecf@gmail.com,
  benheston@recap.email,NexusBankruptcy@jubileebk.net
- **Richard G. Heston**    rheston@hestonlaw.com,
  yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Matthew J Stockl**    matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Julie J Villalobos**    julie@oaktreelaw.com,
  oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                          **F 9013-3.1.PROOF.SERVICE**