United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 24-12527-SC |
| Kristina Lynn Smith | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-8 | User: admin | Page 1 of 2 |
| Date Rcvd: Jun 05, 2025 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 07, 2025:**

**Recip ID    Recipient Name and Address**
db          + Kristina Lynn Smith, 27591 Kathy Ct, Laguna Niguel, CA 92677-6025

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 07, 2025                Signature:        /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 5, 2025 at the address(es) listed below:**

**Name**    **Email Address**

Benjamin Heston
    on behalf of Creditor Jeffrey Adams Gomez bhestonecf@gmail.com    benheston@recap.email,NexusBankruptcy@jubileebk.net

David Coats
    on behalf of Creditor Wells Fargo Bank  N.A. dacoats@raslg.com

Jacob Newsum-Bothamley
    on behalf of Trustee Richard A Marshack (TR) jacob.bothamley@dinsmore.com    bonnie.connolly@dinsmore.com

Jennifer C Wong
    on behalf of Interested Party Courtesy NEF bknotice@mccarthyholthus.com    jwong@ecf.courtdrive.com

Julie J Villalobos
    on behalf of Debtor Kristina Lynn Smith julie@oaktreelaw.com
    oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com

Matthew J Stockl
    on behalf of Trustee Richard A Marshack (TR) mstockl@otterbourg.com    katrice.ortiz@dinsmore.com

| | | |
|---|---|---|
| District/off: 0973-8 | User: admin | Page 2 of 2 |
| Date Rcvd: Jun 05, 2025 | Form ID: pdf042 | Total Noticed: 1 |

Richard A Marshack (TR)
    pkraus@marshackhays.com  ecf.alert+Marshack@titlexi.com

Richard G. Heston
    on behalf of Creditor Richard G Heston rheston@hestonlaw.com
    yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email

United States Trustee (SA)
    ustpregion16.sa.ecf@usdoj.gov

TOTAL: 9

**FILED & ENTERED**

**JUN 05 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Kristina Lynn Smith,<br><br>                      Debtor. | Case No.: 8:24-bk-12527-SC<br><br>CHAPTER 7<br><br>**ORDER CONTINUING HEARING ON OBJECTION TO CLAIM 5-1 AND SETTING DATE OF EVIDENTIARY HEARING AND ESTABLISHING PROCEDURES FOR EVIDENTIARY HEARING**<br><br>**Vacated Hearing Date:**<br>Date:     June 5, 2025<br>Time:    10:00 a.m.<br>Courtroom:  5C<br><br>**Evidentiary Hearing**<br>Date:     July 14, 2025<br>Time:    9:30 a.m.<br>Courtroom: 5C – In-Person |

     The Court has considered the Objection to Claim 5-1 [Dk. 62] (the "Claim Objection") filed on April 11, 2025 by Jeffrey Gomez, the Declaration of Creditor Smith Contesting Objection to Claim by Jeff Gomez [Dk. 77] (the "Opposition") filed on April 30, 2025 by Howard Smith, the Reply in Support of Objection to Claim 5-1 [Dk. 80] (the

-1-

"Reply") filed on May 6, 2025 by Jeffrey Gomez, and has determined that an evidentiary hearing is required to resolve factual disputes related to the Proof of Claim filed by Howard Smith in the above-captioned bankruptcy case on January 17, 2025. As set forth below, the Court finds good cause to set an evidentiary hearing in this matter on **July 14, 2025, at 9:30 a.m.**, with supplemental briefs, exhibits, and witness lists, due 14 days in advance.

## I.    Background

Kristina Lynn Smith ("Debtor") and Jeffrey Gomez have been involved in a contentious divorce proceeding in the California Superior Court (the "Divorce Proceeding") since September 2016.  Debtor filed her voluntary bankruptcy petition initiating this chapter 7 case on October 3, 2024, and Richard A. Marshack was duly appointed as chapter 7 trustee (the "Chapter 7 Trustee") for the bankruptcy estate.

On October 28, 2024, the Chapter 7 Trustee filed a Notification of Asset Case [Dk. 13] and the Clerk of the Bankruptcy Court issued a Notice of Possible Dividend and Order Fixing Time to File Claims [Dk. 13].  Howard Smith timely filed claim number 5-1 on the Court's claims register ("Claim 5") asserting a nonpriority unsecured claim in the amount of $689,000.00, arising from "[l]oans for legal services and living expenses." Claim 5 also includes documentary evidence in the form of (1) a promissory note, dated May 24, 2017, in the amount of $500,000.00 (the "$500K Note"), and (2) a promissory note, dated August 21, 2020, in the amount of $178,000.00 (the "$178K Note") (collectively, the "Notes").  Both Notes purport to be secured by interests in various real properties but appear to be unperfected.[1]

On April 11, 2025, Jeffrey Gomez filed his Claim Objection seeking disallowance of Claim 5 pursuant to 11 U.S.C. § 502(b)(1) on alternate grounds that Claim 5 is unenforceable because it is fraudulent and based on fabricated documents, time-barred by the statute of limitations, or unenforceable for lack of consideration.  Mr. Gomez includes the declaration of a certified computer forensic investigator, Michael Kunkel, in

---

[1] The Court, at this time, makes no finding or determination as to the issue of perfection.

support of his Claim Objection. Howard Smith filed his Opposition on April 30, 2025, consisting of his declaration, Debtor's declaration and unauthenticated copies of written messages from Mr. Gomez to Debtor (the "Messages") on "Our Family Wizard," the communication platform used by Mr. Gomez and Debtor in the Divorce Proceeding.

The pleadings filed in relation to the Claim Objection have revealed that the Notes submitted as evidentiary support for Claim 5 are not the original copies, a fact that is not disputed by Mr. Smith or Debtor. Mr. Smith and Debtor contend that the Notes submitted in support of Claim 5 are "replicate" notes replacing the original lost promissory notes executed on May 24, 2017, hereinafter referred to as the "Alleged Replicate Notes." Mr. Smith and Debtor represent that the Alleged Replicate Notes were created in 2021, after the original promissory notes could not be located. Mr. Gomez maintains that the Alleged Replicate Notes are wholly fabricated and fraudulently made in service of Debtor's desire and efforts to "give[ ] the appearance of a large pool of unsecured claims, when in fact there are minimal claims which would not justify any inquiry into the Debtor's baseless claim that she has an ownership interest in Mr. Gomez's separate real property estate." Reply at p. 6, lines 4-7.

The Court, having considered the Objection to Claim, the Opposition, and the Reply, as well as the documents and pleadings filed in this case and the record as a whole, and in light of the numerous factual disputes and allegations of intentional obfuscation and misconduct in this contested matter, finds good cause to conduct an evidentiary hearing on the Objection to Claim.

## II. Evidentiary Hearing

Accordingly, on **July 14, 2025, at 9:30 a.m.**, the Court will conduct an evidentiary hearing for the following purposes:

1. Mr. Smith and Debtor will be required to make a detailed written offer of proof documenting the making of a loan or loans from Mr. Smith to Debtor in May 2017. This offer of proof shall include, but is not limited to: (a) documentary evidence of the amount and the date(s) on which Mr. Smith acquired sums of money from Kerry and

Scott Kavanaugh to fund the loans made to Debtor, (b) documentary evidence of the transfer of those funds from Mr. Smith to Debtor, including the amount(s) and date(s) of each and any transfer made, and (c) any other relevant records and/or evidence related to the making and funding of the loans described in the Notes;

2. Mr. Gomez will be required to respond to allegations in the Opposition that he has previously acknowledged the existence of the disputed loans in September 2022 and June 2023, and shall address why Mr. Gomez's failure to respond to those allegations should not be considered as an admission that he previously acknowledged the making of loans which he now alleges are wholly fabricated and fraudulent;

3. Mr. Smith will be required to submit properly authenticated copies of the Messages before they may be considered admissible evidence in this matter; and

4. The parties will be required to present written argument and/or documentary evidence regarding any other relevant issue identified by the Parties as necessary to prosecute or defend against the Claim Objection.

## A. **BRIEFS**

Each party shall file and serve a brief on each other and chambers not later than **June 30, 2025**, which shall only address the above-referenced issues. Unless specifically requested by the Court as set forth herein, or in a separate order or tentative ruling, no additional pleadings will be considered.

## B. **EXHIBITS**

If parties intend on using any exhibits at the evidentiary hearing, the following procedures apply:

1. Parties must serve each other and chambers with a list of all exhibits, **with the actual exhibits tabbed and attached**, by **June 30, 2025**.
2. All exhibits must be marked prior to the commencement of the evidentiary hearing. Exhibit tags must be stapled to the bottom (right) of the first page of each exhibit. All exhibits shall be marked for identification with tags available from the court recorder or the clerk's office. Unless the parties agree upon a

unified, joint set of exhibits, the plaintiff's exhibits shall be identified with yellow exhibit tags and marked in numerical order, and the defendant's exhibits shall be identified with blue exhibit tags and marked in alphabetical order.

3. All exhibits must be in a binder or notebook in the format provided for in the Court's instructions, set forth on the website. Each such binder or notebook shall include as its first page an exhibit register. A sample exhibit register may be obtained from the court recorder or from the clerk's office and must be procured sufficiently in advance of the trial date to permit the completed register to be available at the commencement of the trial.

4. ***Do not file an exhibit register with the clerk's office.*** A completed exhibit register is to be handed to the court recorder prior to the beginning of the evidentiary hearing. Each party shall bring sufficient copies of its exhibit binder, containing its exhibit register and all exhibits, for all parties, the witness stand, the court reporter and the judge.

5. Unless the parties stipulate to the foundation for, and admissibility of, an exhibit, any exhibit that any party intends to introduce at the evidentiary hearing must be attached to and authenticated by a declaration or a request for judicial notice filed by the applicable deadline for the filing of that party's declarations.

C. **WITNESSES**

If parties intend to call any witnesses at the evidentiary hearing, they must serve each other and chambers with a list of all witnesses they intend to call at the evidentiary hearing, by **June 30, 2025**.

D. **DEPOSITION TRANSCRIPTS**

Each party intending to offer any evidence by way of deposition testimony (if applicable) pursuant to Fed. R. Civ. Proc. 32 shall lodge with the clerk a copy of the deposition transcript or pages from the transcript to be offered, marked to reflect the portions to be offered, **at least 14 days** before the evidentiary hearing. Transcripts may be bound on the left side and do not have to be hole-punched or blue- backed. Original

deposition transcripts will be treated as trial exhibits and will be delivered to the judge for the evidentiary hearing.

E. **EVIDENTIARY HEARING PROCEDURES**

Parties must review and follow all applicable Federal Rules of Bankruptcy Procedure, Federal Rules of Evidence, Federal Rules of Civil Procedure, Local Bankruptcy Rules, and this Court's procedures (as posted on the Court's website). This Court's procedures for regular trials and evidentiary hearings will be applicable.

F. **APPEARANCES**

**All parties, counsel and witnesses must physically appear on July 14, 2025, at 9:30 a.m. in Courtroom 5C located at 411 W. Fourth Street, Santa Ana, CA 92701.**

**IT IS SO ORDERED.**

Date: June 5, 2025

Scott C. Clarkson
United States Bankruptcy Judge