**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
ben@nexusbk.com

Attorney for Movant

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>KRISTINA LYNN SMITH,<br><br>Debtor. | Case No: 8:24-bk-12527-TA<br><br>**Chapter 7**<br><br>**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY**<br><br>**Hearing:**<br>Date: June 18, 2025<br>Time: 10:00 AM<br>Courtroom: 5B |

## INTRODUCTION

Movant, Jeffrey Adams Gomez ("Movant"), hereby submits this Reply in support of his Motion for Relief from the Automatic Stay (the "Motion"). The Motion seeks a narrow and limited scope of relief to permit the Orange County Family Court to adjudicate the validity of a premarital agreement executed by Movant and the Debtor.

The Chapter 7 Trustee's Opposition to the Motion (the "Opposition"), asserts that resolution in the family court would unduly burden or interfere with the bankruptcy estate's administration. As discussed below, the Opposition relies upon speculative assertions that have no evidentiary support, and fails to acknowledge the specialized expertise of the state court. Relief from stay will streamline, rather than impede, the administration of this bankruptcy estate.

# ARGUMENT

## A.

### The Trustee's Opposition Misstates the Scope of the Requested Relief

The Trustee's Opposition frames Movant's request as potentially leading to protracted litigation over property division and commingling, which "could interfere with or delay the bankruptcy case." (Opposition, at 7). This mischaracterizes the Motion's narrow scope and presumes a basis for the Estate to have any interest in the dispute to begin with. Movant seeks only an adjudication of the premarital agreement's validity. This not a request for property division, valuation, or enforcement. The validity of the premarital agreement will determine the characterization of the parties' interests in property owned prior to and acquired subsequent to marriage. This is a function of state law. "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55 (1979)

## B.

### The Curtis Factors Weigh in Favor of Stay Relief

The Ninth Circuit, including courts within the Central District of California, routinely apply the twelve factors articulated in *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984), to determine whether "cause" exists under 11 U.S.C. §362(d)(1) to lift or modify the automatic stay.

1. **Whether the relief will result in a partial or complete resolution of the issues:** The Trustee incorrectly asserts that this factor favors denial because it is "unknown if relief from stay will result in a complete adjudication of the issues." (Opposition, at 7). To the contrary, a ruling on the validity of the prenuptial agreement will result in a complete resolution of the pivotal issue of whether seven specific properties are properly characterized as Movant's separate property and thus excluded from the estate. The

Trustee's ability to even consider the separate property of a debtor's former spouse for administration is entirely contingent upon, and currently lacks, this foundational finding.

2. **The lack of any connection with or interference with the bankruptcy case:** The Trustee argues that this factor favors denial, contending that limited relief "would interfere with the bankruptcy case" and could force the Trustee into state court litigation (Opposition, at 7). This argument is circular. The issue of the prenuptial agreement's validity directly impacts the scope of the estate, and resolving it in the proper forum (family court) is the least intrusive method. *In re Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985) ("Bankruptcy courts should generally 'defer to the state courts in the determination of marital property rights.'").

3. **Whether the foreign proceeding involves the debtor as a fiduciary:** The Trustee deems this factor neutral, which, for present purposes, Movant agrees with.

4. **Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases:** The Trustee concedes that the family court is "certainly adept at adjudicating prenuptial agreement disputes" but then asserts that this Court is equally adept and that the "real issue" is property of the estate (Opposition, at 8). This factor strongly favors granting relief. Family courts are uniquely specialized in interpreting and applying California Family Code §§1610−1617 (statutes relating to premarital agreements) and possess unparalleled expertise in premarital agreement validity, coercion, and related issues. Other authorities reinforce this principle. For instance, *In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009), while discussing Curtis factors, also implicitly supports the notion that where a specialized state tribunal has expertise, deference is often warranted. Additionally, abstention doctrines strongly support allowing the family court to decide the validity of the prenuptial agreement. This is a matter of state law, with no independent basis for federal jurisdiction other than its tangential relation to the bankruptcy case.

5. **Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation:** This factor is not applicable.

6. **Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question:** This factor is not applicable.

7. **Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties:** The Trustee argues that resolving the prenup's validity in family court "would prejudice the interests of other parties, namely, creditors of this Estate" because the creditors are not represented in the Divorce Case. (Opposition, at 9). This is another circular argument. In what way could creditors possibly contribute to the issue of whether a premarital agreement is valid? Joinder of third parties to state court domestic relations proceedings, whether creditors or family members, remains the exception, not the rule. Courts will typically deny joinder unless the third party is indispensable, and even then, will scrutinize the impact on delay or complication. In *Schnabel v. Superior Court* (1994) 30 Cal.App.4th 758, the Fourth District Court of Appeals held that joinder is permitted "only in the rarest of circumstances."

8. **Whether the judgment claim arising from the foreign action is subject to equitable subordination:** This factor is not applicable.

9. **Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f):** This factor is not applicable.

10. **The interests of judicial economy and the expeditious and economical determination of litigation for the parties:** The Trustee asserts that granting relief would "likely lead to further disputes in Family Court, burdening the Family Court, the Trustee, and the Debtor with additional litigation." (Opposition, at 9). This ignores the reality that the question of the prenup's validity *must* be resolved, whether in bankruptcy or family court. Given the family court's extensive nine-year history with the parties and the issues, it is the more efficient and economical forum. And of course there will be more litigation in the Family Court – this is a messy, contentious divorce, which has been dragging on for nearly a decade, and there is no end in sight.

11. **Whether the foreign proceedings have progressed to the point where the parties are prepared for trial:** The Trustee argues this factor is neutral or favors denial due to the absence of a trial date. However, the divorce proceedings have been pending since 2017, and the family court is intimately familiar with the parties, their history, and the relevant evidence, making it far more prepared to adjudicate any issue arising in the divorce, rather than a bankruptcy court newly introduced to the dispute.

12. **The impact of the stay and the "balance of hurt":** The Trustee argues that the balance of hardships favors denial, speculating about "negative impact on the Estate." (Opposition, at 10). In effect, Trustee is arguing that the application of state law harms his interests, since only under state law would the properties' character be determined depending on the validity of the premarital agreement, and that determination may result in only the debtor's property interest becoming subject to the Trustee's administrative powers as property of the estate. Movant, by contrast, faces the hardship of being forced to litigate his divorce via his ex-wife's bankruptcy.

## C.

### The Trustee's "Commingling" Argument is Not a Basis to Deny Stay Relief

Another of the Trustee's arguments revolves around a speculative claim of "commingling", which he asserts "renders a determination on the validity of a prenuptial agreement of only limited relevance." (Opposition, at 8; *see also* Marshack Decl. ¶ 5). This argument lacks a factual or legal basis and relies solely on the Debtor's self-serving and unproven assertions regarding the disputed validity of the prenuptial agreement. Furthermore, these allegations are based on her animus toward her former spouse and a desire to harm him in any way possible. In any event, the Motion does not seek relief to litigate commingling issues.

The Opposition alleges that the Trustee requested documentation from Movant regarding commingling and "has not yet received that evidence" as of the date of the Opposition (Marshack Decl. ¶ 5). This is not true, as no such request has been made to Movant. This case has been

lingering for over 8 months and the Trustee has seemingly not made any attempt to actually pursue this issue.

### D.

### The Trustee's Speculation Cannot Overcome Statutory Title Presumptions

The Trustee's claims regarding community property interests are inconsistent with well-established California law. Evidence Code §662 states that: "The owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof." When a deed recites that property is held as "separate property" by one spouse, this triggers two competing presumptions:

**Title Presumption (Cal. Evid. Code § 662)**: If title is taken in one spouse's name as their separate property, that presumption controls unless rebutted by *clear and convincing evidence*.

**Community Property Presumption (Fam. Code** §§760,721,2581**)**: While properties acquired during marriage are generally presumed to be community property, this presumption is superseded where there is an express declaration in a deed or a valid premarital agreement characterizing the property as separate. Here, there is both. Thus, the Trustee's reliance on a general community property presumption is legally insufficient to override the express terms of the prenuptial agreement and the form of title without clear and convincing evidence to the contrary.

Evidence Code §662 is not applicable to prevent courts from considering evidence of alleged transmutations, something not present where debtor has not alleged a transmutation, but instead challenged the validity of a premarital agreement. See *In re Marriage of Valli* (2014) 58 Cal.4th 1396 - § 662 does not trump the transmutation requirements of Family Code § 852, even where title is held in the name of one spouse. See also *In re Marriage of Brooks & Robinson* (2008) 169 Cal.App.4th 176 - § 662 may apply where title is taken during marriage, but not where the characterization of the property arises from marital property presumptions or transmutation issues.

## **CONCLUSION**

If the Trustee's administration of the estate is premised on the speculative theory that the prenuptial agreement is invalid and that Movant's separate property is actually community property, then it is incumbent upon the Trustee to allow that theory to be tested and determined in the forum best equipped to adjudicate it. Denying stay relief only prolongs uncertainty and may compel the bankruptcy court to delve into complex state family law issues without a proper basis for doing so.

Movant has demonstrated ample "cause" for relief from the automatic stay under 11 U.S.C. §362(d). The relief sought is narrow and concerns state law within the Family Court's specialized expertise. Granting the Motion will serve judicial economy, comity, and streamline estate administration by providing a definitive ruling on significant asset character, preventing expenditure of estate resources on these unsubstantiated claims.

For the foregoing reasons, Movant respectfully requests this Court grant the Motion for Relief from the Automatic Stay under 11 U.S.C. §362(d)(1) for the limited purpose of allowing the Orange County Superior Court to adjudicate the validity and enforceability of the prenuptial agreement between Movant and the Debtor.

**NEXUS BANKRUPTCY**

Date: June 11, 2025

/s/Benjamin Heston
BENJAMIN HESTON,
Attorney for Movant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**3090 Bristol Street #400**
**Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY (NON-BANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 6/11/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 6/11/2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge Scott C. Clarkson**
411 West Fourth Street
Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/11/2025 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

- **David Coats**   dacoats@raslg.com
- **Benjamin Heston**   bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
- **Richard G. Heston**   rheston@hestonlaw.com, yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email
- **Yosina M Lissebeck**   Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com
- **Richard A Marshack (TR)**   pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Jacob Newsum-Bothamley**   jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com
- **Matthew J Stockl**   mstockl@otterbourg.com, katrice.ortiz@dinsmore.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Julie J Villalobos**   julie@oaktreelaw.com, oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com
- **Jennifer C Wong**   bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com