**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Movant

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>KRISTINA LYNN SMITH,<br><br>Debtor. | Case No: 8:24-bk-12527-SC<br><br>Chapter 7<br><br>**MOVANT'S HEARING BRIEF**<br><br>**Hearing:**<br>Date: July 14, 2025<br>Time: 9:30 AM<br>Courtroom: 5C |

Movant, Jeffrey Gomez, hereby submits this Hearing Brief, and the concurrently lodged and served Witness List and Exhibit Binder, in support of his objections to both Claim No. 5-1 (Howard Smith) and Claim No. 6-1 (Kerry Kavanaugh). This brief addresses the objections to both claims, as they involve nearly identical facts and legal issues. Furthermore, the Debtor filed both claims on behalf of the respective family-member Claimants.

## I. BACKGROUND

The Debtor and Movant have been involved in divorce proceedings since 2016. The Debtor, allegedly acting on behalf of her father and sister, filed Claim 5-1 (Howard Smith) in the amount of $689,000, and Claim 6-1 (Kerry Kavanaugh) for $33,000. (**Movant's Exhibits 1 and 2**). Both claims are for alleged loans to cover the Debtor's legal fees and living expenses and are supported by "Standard Promissory Notes" allegedly executed on May 24, 2017.

Movant retained Michael Kunkel, a computer forensics expert, to analyze the authenticity of the promissory notes. (**Movant's Exhibit 3**). Mr. Kunkel's investigation revealed that the promissory notes were created using a template from the website "Templates.Legal," as indicated at the bottom of each page of the notes. A search of the public domain registry Whois.com confirms that the domain Templates.Legal was not created until December 30, 2019, more than two and a half years *after* the notes were supposedly signed. (**Movant's Exhibit 4**). Further, a search of the Internet Archive (Archive.org) confirms that the website did not exist prior to late 2019. (**Movant's Exhibit 5**). This discrepancy makes it impossible for the notes to have been created on the date specified.

When confronted with irrefutable evidence in the claim objections showing that the promissory notes were fabricated, the Debtor admitted that the documents submitted to the Court were not the originals. Instead, she claimed they were backdated "reproductions" of allegedly lost documents. Aside from the fact that the Debtor is clearly trying to cover up one lie with another lie, this is an admission that she knowingly created and filed fabricated documents and concealed the falsity from the Court. If the "reproduction" was truly an innocent act, she should have been upfront about it, as that is exactly what is required by Federal Rule of Bankruptcy Procedure 3001(c)(1) which provides that "If the writing has been lost or destroyed, a statement explaining the loss or destruction **must be filed with the claim**." See FRBP 3001(c)(1).

The Debtor's fabrication of these claims serves a dual, improper purpose. First, these claims were manufactured as part of a scheme to deceive the Chapter 7 Trustee. By listing these debts and dozens of other unsubstantiated debts in her schedules for a total of 41 creditors, the Debtor created the illusion of a high-debt case. (**Movant's Exhibit 8**). The clear intent was to mislead the Trustee into believing this was a surplus estate with a large creditor pool, thereby justifying the time and expense of investigating the Debtor's baseless assertions of ownership of Movant's separate property. The reality, as shown by the official claims register, is that only a small handful of legitimate claims have actually been filed. (**Movant's Exhibit 7**). Second, the claims are a transparent attempt to divert potential estate funds away from legitimate creditors and Mr. Gomez, the primary surplus beneficiary, and into the pockets of her own family. If the

Trustee liquidates any property, especially the properties in which the Debtor falsely claims an interest, these large, fraudulent claims would absorb any proceeds and ensure that Mr. Gomez receives significantly less than his rightful share.

## II. LEGAL ARGUMENT

### A.

### The Claims Must Be Disallowed as They Are Based on Fabricated Documents

Under 11 U.S.C. § 502(b)(1), a claim must be disallowed if it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." A claim based on a document that is not authentic is unenforceable. A bankruptcy court has the authority and duty to "inquire into the validity of any claim... and may disallow it if it is found to be without lawful existence." *Margolis v. Nazareth Fair Grounds & Farmers Market, Inc.*, 249 F.2d 221, 223-24 (2d Cir. 1957).

The expert declaration of Michael Kunkel proves that the promissory notes submitted in support of the Claims were created using a website that did not exist when the notes were allegedly executed. However, the testimony of Michael Kunkel, or any other expert, is not necessary to see the falsity of the documents since the Debtor and Claimants admitted that they are not authentic.

### B.

### The Claims are Unenforceable Because They Are Barred by the Statute of Limitations

Even if the Court were to set aside the evidence of fabrication and fraud on the Court, the Claims are unenforceable as a matter of law. The applicable statute of limitations for an action on a written contract in California is four years. Cal. Code Civ. Proc. § 337. A claim that is time-barred under state law is unenforceable in bankruptcy and must be disallowed under § 502(b)(1). *See In re Chaussee*, 399 B.R. 225 (B.A.P. 9th Cir. 2008).

1     The promissory notes are dated May 24, 2017. The Claimants have presented no
2 evidence of tolling the statute of limitations. Therefore, any cause of action on these notes
3 expired, at the latest, on May 24, 2021, and the Claims are time-barred and must be disallowed.

## C.
## The Claims are Unenforceable for Lack of Valid Consideration

    The Claimants, in their oppositions, concede the documents are not originals but "recreations" of allegedly lost notes. This admission, made only after the objection was filed, is significant for another reason: lack of consideration. Under California law, a contract requires a bargained-for exchange. A promise based on a past benefit or obligation is unenforceable. *See Kurokawa v. Blum*, 199 Cal. App. 3d 976, 989 (1988).

    If, as the Claimants now suggest, the promissory notes were created in 2021 or later to memorialize alleged loans from 2017, they are invalid. The promise to repay (the notes) was made years after the alleged consideration (the loans) was provided. Without a new, contemporaneous exchange of value, the notes are unenforceable contracts and cannot form the basis for an allowed claim.

## D.
## Movant Has Not Conceded That the Claims Are Valid

    Movant has always maintained that at least some portion the funds in question originated from community property assets that the Debtor took when she departed the family residence in 2016, including approximately $75,000 in cash and $50,000 in silver. The supposed $33,000 "cash loan" from Kerry Kavanaugh was not a loan at all, but rather stolen or misappropriated community funds that were never disclosed.

    While Movant may have previously believed some form of loan existed between the Debtor and her family, a recent title search of the Debtor's father's residence revealed the true nature of their financial arrangements. The only actual loan between the parties occurred in 2020 and has already been fully satisfied. On October 19, 2020, Howard Smith obtained a recorded

$600,000 loan from Scott and Kerry Kavanaugh, secured by his residence. This debt was extinguished on February 8, 2024, when Mr. Smith deeded his $1.3 million property to the Kavanaughs. The Debtor confirmed this transaction also served as an early inheritance, stating in a 2024 settlement conference that she did not have to pay her father back and I believe that the loan was satisfied and her sister received her inheritance.

Ultimately, whether or not Movant subjectively believed a debt existed at some previous time has no bearing on the legal validity of the Claims.

### E.
### The Filing and Prosecution of These Claims Constitute Criminal Acts

The Proof of Claim form (Official Form 410) contains an unambiguous warning: **"A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571."**

By knowingly presenting a claim supported by fabricated documents, the Debtor and the Claimants have committed criminal acts. The evidence shows a clear, willful intent to deceive the Court and the Trustee, and to harm Movant and legitimate creditors. They submitted documents they knew to be false, concealed that falsity until confronted with irrefutable evidence, and did so for the improper purpose of siphoning money from the estate and misleading the Trustee. This conduct falls squarely within the prohibitions of 18 U.S.C. § 152 (Concealment of assets; false oaths and claims) and § 157 (Bankruptcy fraud). The disallowance of these claims is not only appropriate under § 502 but is also necessary to address this blatant contempt for the law and the integrity of the Court.

### III. CONCLUSION

The claims filed by Howard Smith and Kerry Kavanaugh lack any credible support and are instead based on admittedly fabricated and backdated documents. They are barred by the statute of limitations and fail for lack of consideration. This scheme, orchestrated by the Debtor, is an abuse of judicial process, a fraud on this Court, and a federal crime.

For the foregoing reasons, Objector Jeffrey Gomez respectfully requests that this Court enter an order disallowing Proofs of Claims 5-1 and 6-1 in their entirety and grant such other relief as it deems just and proper.

                                                                                      NEXUS BANKRUPTCY

Date: June 30, 2025                                              /s/Benjamin Heston
                                                                          BENJAMIN HESTON,
                                                                          Attorney for Movant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400
Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **MOVANT'S TRIAL BRIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 6/30/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/30/2025 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              **F 9013-3.1.PROOF.SERVICE**

David Coats    dacoats@raslg.com
Benjamin Heston    bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
Richard G. Heston    rheston@hestonlaw.com, yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email
Yosina M Lissebeck    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com
Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
Jacob Newsum-Bothamley    jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com
Matthew J Stockl    mstockl@otterbourg.com, katrice.ortiz@dinsmore.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Julie J Villalobos    julie@oaktreelaw.com, oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com
Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com