United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 24-12527-SC |
| Kristina Lynn Smith | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-8 | User: admin | Page 1 of 2 |
| Date Rcvd: Aug 08, 2025 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 10, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | Kristina Lynn Smith, 27591 Kathy Ct, Laguna Niguel, CA 92677-6025 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 10, 2025          Signature:          /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 8, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Benjamin Heston | on behalf of Creditor Jeffrey Adams Gomez bhestonecf@gmail.com benheston@recap.email,NexusBankruptcy@jubileebk.net |
| David Coats | on behalf of Creditor Wells Fargo Bank N.A. dacoats@raslg.com |
| Jacob Newsum-Bothamley | on behalf of Trustee Richard A Marshack (TR) jacob.bothamley@dinsmore.com bonnie.connolly@dinsmore.com |
| Jennifer C Wong | on behalf of Interested Party Courtesy NEF bknotice@mccarthyholthus.com jwong@ecf.courtdrive.com |
| Julie J Villalobos | on behalf of Debtor Kristina Lynn Smith julie@oaktreelaw.com |

| | | |
|---|---|---|
| District/off: 0973-8 | User: admin | Page 2 of 2 |
| Date Rcvd: Aug 08, 2025 | Form ID: pdf042 | Total Noticed: 1 |

oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com

Matthew J Stockl
    on behalf of Trustee Richard A Marshack (TR) mstockl@otterbourg.com katrice.ortiz@dinsmore.com

Richard A Marshack (TR)
    pkraus@marshackhays.com ecf.alert+Marshack@titlexi.com

Richard G. Heston
    on behalf of Creditor Richard G Heston rheston@hestonlaw.com
    yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email

United States Trustee (SA)
    ustpregion16.sa.ecf@usdoj.gov

Yosina M Lissebeck
    on behalf of Trustee Richard A Marshack (TR) Yosina.Lissebeck@Dinsmore.com
    caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

TOTAL: 10

**FILED & ENTERED**

AUG 08 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Kristina Lynn Smith,<br><br><br><br><br><br>Debtor. | Case No.: 8:24-bk-12527-SC<br><br>CHAPTER 7<br><br>**ORDER (1) SUSTAINING OBJECTION TO CLAIM 5-1; (2) DISALLOWING CLAIM 5-1; AND (2) VACATING RELATED EVIDENTIARY HEARING**<br><br><u>Vacated Hearing</u>:<br>Date:        August 12, 2025<br>Time:        1:30 p.m.<br>Courtroom:  5C |

The Court has considered the Objection to Claim 5-1 [Dk. 62] (the "Claim Objection") filed on April 11, 2025 by Jeffrey Gomez, the Declaration of Creditor Smith Contesting Objection to Claim by Jeff Gomez [Dk. 77] (the "Opposition") filed on April 30, 2025 by Howard Smith, the Reply in Support of Objection to Claim 5-1 [Dk. 80] (the "Reply") filed on May 6, 2025 by Jeffrey Gomez, and the Hearing Brief [Dk. 113] filed on June 30, 2025 by Jeffrey Gomez (the "Gomez Hearing Brief"), the docket as a whole, and has determined that this matter is appropriate for disposition without a hearing. Based upon the documents and pleadings filed in this case and the record as a whole,

-1-

and for the reasons set forth below, the Court finds good cause to SUSTAIN the Claim Objection, DISALLOW Claim 5 in its entirety, and VACATE the evidentiary hearing on the Claim Objection.

## I. Introduction

As described in greater detail below, Debtor filed a proof of claim on behalf of her father, e-signed under penalty of perjury, asserting that he was owed a significant sum pursuant to a 2017 promissory note. Debtor attached to the claim the note which purported to have been executed in 2017. Debtor's (former) spouse objected, alleging that the promissory note was fraudulently created. In response, the claimant (Debtor's father) admitted that the promissory note was a "replicate," *created years after the fact.* Based on the foregoing, the Court set the matter for an evidentiary hearing and directed Debtor and her father to submit additional evidence. When neither complied with the Court's directive, the Court further extended the deadline and expressly cautioned that the failure to respond would be deemed consent to sustain the objection. No further pleadings were filed by either Debtor or the claimant. Accordingly, the Court finds that the claim is not entitled to prima facie validity, that the claimant has failed to meet his burden of proof in establishing the claim and that his failure to submit additional pleadings constitute consent to the disallowance of the claim.

### A. General Background

Kristina Lynn Smith ("Debtor") and Jeffrey Gomez have been involved in a contentious divorce proceeding in the California Superior Court (the "Divorce Proceeding") since September 2016. Debtor filed her voluntary bankruptcy petition initiating this chapter 7 case on October 3, 2024, and Richard A. Marshack was duly appointed as chapter 7 trustee (the "Chapter 7 Trustee") for the bankruptcy estate.

On October 28, 2024, the Chapter 7 Trustee filed a Notification of Asset Case [Dk. 13] and the Clerk of the Bankruptcy Court issued a Notice of Possible Dividend and Order Fixing Time to File Claims [Dk. 13]. Debtor, on behalf of Howard Smith, timely filed claim number 5-1 on the Court's claims register ("Claim 5") asserting a nonpriority

unsecured claim in the amount of $689,000.00, arising from "[l]oans for legal services and living expenses." Claim 5 includes documentary evidence in the form of (1) a promissory note, dated May 24, 2017, in the amount of $500,000.00 and (2) a promissory note, dated August 21, 2020, in the amount of $178,000.00. Both promissory notes purport to be secured by interests in various real properties but appear to be unperfected.[1]

On April 11, 2025, Jeffrey Gomez filed his Claim Objection seeking disallowance of Claim 5 as an unenforceable claim on alternate grounds that (1) the claim is fraudulent and based on fabricated documents, (2) the claim is time-barred by the statute of limitations, or (3) the claim is unenforceable for lack of consideration. On April 30, 2025, Howard Smith filed his Opposition and accompanying documentation, without the assistance of counsel.[2]

### B. Claim Objection and Evidentiary Hearing Background

#### 1. Contested Issues Raised by the Pleadings

The Claim Objection is a contested and contentious matter. Much like other matters pending in this bankruptcy case, the facts and circumstances of the subject claim dispute are rooted in Debtor's and Mr. Gomez's ongoing Divorce Proceedings.

The Court has continued this hearing multiple times due to an issue raised by, but not addressed in, the pleadings. Specifically, Mr. Smith's Opposition reveals a fact significant to determination of this matter but not ascertainable from Claim 5 itself: the documents attached to Claim 5 (hereinafter, the "Claim 5 Documents") are not copies of the original Notes. Claim 5 does not include this information; rather, Mr. Smith's Opposition disclosed this information to refute and defeat Mr. Gomez's challenge to the authenticity and enforceability of the Claim 5 Documents. This information, however, does not bolster Mr. Smith's position but rather, raises an issue requiring additional

---

[1] The Court, however, makes no finding or determination regarding the issue of perfection at this time.
[2] Documentary evidence supporting the Opposition consists only of unauthenticated copies of messages sent by Mr. Gomez to Debtor on the messaging platform utilized by the partes in the Divorce Proceeding. The Evidentiary Hearing Procedures Order requires, among other things, that Mr. Smith address this deficiency and submit other additional documents.

briefing and evidence: whether the Claim 5 Documents are proper evidence of an enforceable debt arising from a loan from Mr. Smith to Debtor in May 2017, or whether the Claim 5 Documents were fabricated years after the alleged loan for the sole purpose of supporting a fraudulent claim against Debtor's bankruptcy estate.

    Based on the foregoing circumstances, as well as the numerous allegations of bad faith, intentional obfuscation, and misconduct amongst the parties, the Court found good cause to conduct an evidentiary hearing on the Objection to Claim and issued its Order Continuing Hearing on Objection to Claim 5-1 and Setting Date of Evidentiary Hearing and Establishing Procedures for Evidentiary Hearing [Dk. 97] (the "Evidentiary Hearing Procedures Order"). The Court notes that the parties to this contested matter did not request an evidentiary hearing; the Court *sua sponte* set this matter for evidentiary hearing.[3]

    The Evidentiary Hearing Procedures Order, in pertinent part, requires that all parties to this contested matter file supplemental briefs (hereinafter, the "Supplemental Briefs") addressing issues pertinent to the evidentiary hearing.  The hearing was initially set on July 14, 2025, and subsequently continued to August 12, 2025, pursuant to the Order Continuing Evidentiary Hearings on Claim Objections [Dk. 115] (the "Order Continuing Evidentiary Hearings") entered on July 8, 2025.

### 2. Evidentiary Hearing: Procedural and Compliance Issues

    Shortly after entry of the Order Continuing Evidentiary Hearings, the Court reviewed the docket for this case and found that affected claimants Howard Smith and Kerry Kavanaugh (collectively, the "Claimants") failed to file the Supplemental Briefs as required by the Evidentiary Hearing Procedures Order.[4] The Court, upon further review of the docket, determined that it was unclear whether Claimants received notice of the Evidentiary Hearing Procedures Order and found good cause to further continue the

---

[3] The resolution of contested matters generally requires an evidentiary hearing. *See* Fed.R.Bankr.P. 9014(d) and accompanying advisory notes.

[4] The Court finds that Debtor had adequate notice of the briefing deadline; service of the Evidentiary Hearing Procedures Order on Debtor was proper.  Notwithstanding the foregoing, Debtor failed to file a supplemental brief or any other responsive pleading to the Evidentiary Hearing Procedures Order.

1  hearing and allow Claimants to file the Supplemental Briefs. To that end, the Court
2  entered its Order Supplementing Orders Requiring Additional Briefing Pertaining to
3  Objections to Claims 5-1 and 6-1 [Dk. 117] (the "Supplemental Order") on July 17, 2025.
4  Pursuant to the Supplemental Order, Claimants were permitted to and instructed to file
5  the Supplemental Briefs no later than August 1, 2025. Claimants have been further
6  advised by such Order that the Court may treat Claimants' failure to file the
7  Supplemental Briefs as consent to the Court (1) determining the disposition of this
8  matter without a hearing, (2) sustaining the Claim Objection, if appropriate, and (3)
9  vacating the evidentiary hearing, without further notice or hearing.

10    The Court notes that the extended period for Claimants to file Supplemental
11  Briefs is expired and that the Court has reviewed the docket to determine compliance
12  with the Supplemental Order.  The Court finds that Claimants have failed to file the
13  Supplemental Briefs and therefore deems Claimants' noncompliance with the
14  Supplemental Order as consent to the disposition of this matter without further notice or
15  hearing.  Accordingly, the Court has considered the Claim Objection, the Opposition,
16  the Reply, and the Gomez Hearing Brief, and based upon the documents and pleadings
17  filed in this case and the record as a whole, the Court finds good cause to SUSTAIN the
18  Claim Objection, DISALLOW Claim 5 in its entirety, and VACATE the evidentiary
19  hearing on the Claim Objection.

20  **II.    Discussion**
21  **A. Legal Standards Governing an Objection to Claim**
22   Section 502 of the Bankruptcy Code provides that a proof of claim is deemed
23  allowed unless a party in interest objects. 11 U.S.C. § 502(a). Absent an objection, a
24  proof of claim constitutes prima facie evidence of the validity and amount of the claim
25  under Rule 3001(f) of the Federal Rules of Bankruptcy Procedure (hereinafter, "Rule
26  3001"). *See Lundell v. Anchor Constr. Specialists, Inc.,* 223 F.3d 1035, 1039 (9th Cir.
27  2000). A proper proof of claim is presumed valid and is prima facie evidence of the

validity of both the claim and its amount. *Lundell,* 223 F.3d at 1039; Fed.R.Bankr.P. 3001(f).

"Upon objection, the proof of claim provides 'some evidence as to its validity and amount' and is 'strong enough to carry over a mere formal objection without more.'" *Lundell*, 223 F.3d at 1039 (quoting *Wright v. Holm* (*In re Holm*), 931 F.2d 620, 623 (9th Cir. 1991)). To rebut the Rule 3001(f) presumption of validity, the objecting party must provide sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *In re Holm*, 931 F.2d at 623; L.B.R. 3007(c)(1). "The objector must produce evidence, which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Lundell*, 223 F.3d at 1040 (*quoting In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).

If the objecting party produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts back to the claimant to prove the validity of the claim by a preponderance of the evidence. *See In re Consol. Pioneer Mort*, 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (*quoting Allegheny Int'l*, 954 F.2d at 173-74). The ultimate burden of persuasion remains at all times on the claimant. *See Lundell*, 223 F.3d at 1039; *see also Holm*, 931 F.2d at 623.

### B. Analysis

#### 1. No Evidentiary Hearing is Required

An objection to claim is a "contested matter" governed by Rule 9014 of the Federal Rules of Bankruptcy Procedure (hereinafter, "Rule 9014"). *Litton Loan Serv'g v. Garvida (In re Garvida)*, 347 B.R. 697, 704 (B.A.P. 9th Cir. 2006). "Rule 9014 generally requires bankruptcy courts to resolve contested matters only after holding an evidentiary hearing at which the testimony of witnesses is taken in the same manner as it is in adversary proceedings." *In re Locklin*, BAP No. CC–14–1446–KuFKi, 2015 WL 8267995, at *5 (B.A.P. 9th Cir. December 7, 2015) (citing Fed.R.Bankr.P. 9014(d) and accompanying Adv. Comm. Note). However, an evidentiary hearing is not always

appropriate or required; namely, in situations where the parties stipulate to a bankruptcy court determining the matter based on the parties' affidavits and exhibits, or when there are no disputed material factual issues presented. *See In re Caviata Attached Homes, LLC v. U.S. Bank, N.A. (In re Caviata Attached Homes, LLC)*, 481 B.R. 34, 44 (B.A.P. 9th Cir. 2012). Accordingly, "[a]n evidentiary hearing is appropriate if the bankruptcy court cannot readily determine from the record any disputed and material factual issues, but *where the parties do not request an evidentiary hearing or the core facts are not disputed*, the bankruptcy court is authorized to determine contested matters ... on the pleadings and arguments of the parties, drawing necessary inferences from the record." *In re Henderson Int'l Land, LLC*, No. BK-S-23-12852-HLB, 2024 WL 4046016, at *8 (Bankr. D. Nev. Sept. 4, 2024) (citations omitted) (emphasis added).

The Court notes that the parties to this contested matter did not request an evidentiary hearing. Rather, the Court *sua sponte* set this contested matter for evidentiary hearing in service of an expeditious resolution of this matter without unnecessary delay and with the expectation that parties timely submit the supplemental briefing and documentation described in the Evidentiary Hearing Procedures Order. The Court further notes that Debtor neither complied with nor responded to the Evidentiary Hearing Procedures Order, and that both Claimants neither complied with nor responded to the Evidentiary Procedures Order or the Supplemental Order.[5]

Accordingly, in light of the fact that no parties to this contested matter requested an evidentiary hearing, the fact that Claimant Howard Smith has seemingly abandoned the defense of his claim and the Court's inferred conclusion that the core facts of this matter are not disputed by the parties, the Court finds that no evidentiary hearing is required. Based on the foregoing, the Court concludes and finds that it is authorized to determine this matter based on the pleadings and arguments of the parties without need for further hearing.

---

[5] Mr. Gomez timely filed his Supplemental Brief.

## 2. Summary of Pertinent Arguments

Mr. Gomez filed his Claim Objection seeking disallowance of Mr. Smith's claim on the grounds that it is unenforceable against Debtor's bankruptcy estate. Specifically, Mr. Gomez alleges that Claim 5 is based on back-dated documents fabricated by Mr. Smith and Debtor in a collusive effort to assert a fraudulent claim against Debtor's estate in an amount large enough to prevent distribution to Mr. Gomez as a creditor in this bankruptcy case.[6]

Mr. Gomez argues that the Claim 5 Documents could not have been executed in 2017 and submits the Declaration of Michael Kunkel (the "Kunkel Declaration"), a certified computer forensic investigator, as evidentiary proof that Claim 5 is based on wholly fabricated obligations. Specifically, Mr. Gomez contends that the Claim 5 Documents are dated May 24, 2017, but were actually created years later using templates from "Templates.Legal." Mr. Gomez notes that the Claim 5 Documents bear a "Templates.Legal" stamp and asserts that this mark is clear evidence that the Claim 5 Documents were fabricated using software not available in 2017. In other words, Mr. Gomez argues that it is factually impossible for Mr. Smith and Debtor to have prepared promissory notes in 2017 using forms not available until late 2019.

In the Opposition, Mr. Smith and Debtor contend that the Claim 5 Documents are "replicate" notes replacing the original lost promissory notes executed on May 24, 2017. Mr. Smith and Debtor represent that the Claim 5 Documents were created in 2021, after the original promissory notes could not be located. Mr. Smith and Debtor further contend that they contemporaneously entered into a valid loan and memorialized the terms of that loan in May 2017, and seek to refute Mr. Gomez's allegations of fraudulent conduct by explaining the circumstances requiring production of the Claim 5 Documents

---

[6] Mr. Gomez argues that the Claim 5 Documents are fraudulent fabrications by Debtor and Mr. Smith in service of Debtor's desire and efforts to "give[ ] the appearance of a large pool of unsecured claims, when in fact there are minimal claims which would not justify any inquiry into the Debtor's baseless claim that she has an ownership interest in Mr. Gomez's separate real property estate." Reply at p. 6, lines 4-7.

-8-

to "replicate" the terms of the lost promissory notes. No corroborating evidence of these assertions was provided.

### 3. Claim 5 is Not Entitled to a Presumption of Prima Facie Validity

In relevant part, Rule 3001(c) provides that "[i]f a claim or an interest in the debtor's property security the claim is based on a writing, the creditor must file a copy with the proof of claim [ ]. If the writing has been lost or destroyed, a statement explaining the loss or destruction must be filed with the claim." Fed.R.Bankr.P. 3001(c). Here, because Mr. Smith's claim is allegedly based on written promissory notes, Claim 5 must include copies of those written promissory notes. In other words, Rule 3001(c)(1) requires that Claim 5 includes copies of the original promissory notes.

The Court further notes that Claim 5 on its face, does not state that it is based upon a lost or destroyed writing. However, as previously noted, pleadings filed by Mr. Smith and Debtor have revealed that Claim 5 does not include copies of the original promissory notes, which copies are required under Rule 3001(c)(1). Rather, Claim 5 is supported by documents that Mr. Smith and Debtor concede are not copies of the original notes, but rather "replicate" writings intended to replace the lost writings upon which Claim 5 is based. Succinctly stated, Claim 5 is indisputably based on a lost writing but filed without the explanatory statement contained in the claim as expressly required under Rule 3001(c)(1).

Based on the foregoing, the Court concludes that Claim 5 is not filed in accordance with Rule 3001(c)(1) and on this basis, the Court finds that Claim 5 is not entitled to be determined as prima facie evidence establishing the validity and amount of Mr. Smith's claim. *See Pioneer*, 178 B.R. at 226 ("It is generally held that failure to attach writings to a proof of claim does not require a bankruptcy court to disallow a claim on that basis alone. Rather, the claim is not entitled to be considered as *prima facie* evidence of the claim's validity.") (emphasis in original).

The Court's finding that Claim 5 is not entitled to a finding of presumptive validity under Rule 3001(f) is not, however, in and of itself, a basis to disallow Claim 5.[7] *See In re Heath*, 331 B.R. 424 (B.A.P. 9th Cir. 2005) (A proof of claim lacking the documentation required by Rule 3001(c) is not prima facie evidence of the validity and amount of the claim, but that alone is not a basis to disallow the claim). Rather, Mr. Gomez must set forth additional evidence sufficient to negate a sworn fact in Claim 5.

### 3. The Claim Objection Includes Evidence Sufficient to Shift the Burden of Proof to Mr. Smith

The Court's finding that Claim 5 is not entitled to a presumption prima facie validity is an evidentiary finding which does not have the effect of shifting the burden of proof in this matter from Mr. Gomez to Mr. Smith. *See In re Garvida*, 347 B.R. 697, 706 (B.A.P. 9th Cir. 2006) ("The Supreme Court has clarified that the Rule 3001(f) 'prima facie evidence' language does not address the burden of proof in an objection to claim proceeding") (citation omitted). Rather, Mr. Gomez bears the burden of proof and must present evidence in his Claim Objection that sufficiently show facts negating one or more of the sworn facts in Claim 5. Mr. Gomez must meet his burden of proof in order to shift the burden of proof back to Mr. Smith, who must then prove the validity of his claim by a preponderance of the evidence. *See Lundell*, 223 F.3d at 1040; *see also Pioneer*, 178 B.R. at 226.

As previously noted, Mr. Gomez supports his Claim Objection with the Kunkel Declaration--a sworn declaration by a certified computer forensic investigator which clearly states that "it would have been impossible for someone to have used this service to create promissory notes in 2017." *See* Claim Objection at p. 9, lines 1-5. The Court finds that the Kunkel Declaration is sufficient evidence to effectively negate Mr. Smith's sworn fact in Claim 5 regarding the execution date of the promissory notes. The Kunkel

---

[7] Claim 5 lacks the documentation required under Rule 3001(c)(1) and is therefore not entitled to the evidentiary benefit of Rule 3001(f)—i.e., Claim 5 is not prima facie evidence of the validity and amount of Mr. Smith's claim.

Declaration constitutes admissible and authenticated evidence that the promissory notes were not created in 2017. Moreover, the Kunkel Declaration is evidence of a fact which directly contradicts a sworn fact in Mr. Smith's proof of claim—the date on which Mr. Smith and Debtor created the promissory notes.

Based on the foregoing, the Court finds that the probative force of evidence supporting the Claim Objection, i.e., the Kunkel Declaration, is sufficient to negate the sworn fact in Claim 5 regarding the creation date of the underlying promissory notes. The Court further finds that that the Kunkel Declaration is evidence sufficient to rebut the claim and revert the burden of proof back to Mr. Smith to prove the validity of his claim by a preponderance of the evidence. *See In re Cluff*, 313 B.R. 323, 338 (Bankr. D. Utah 2004) ("If a claim is not granted *prima facie* validity, a formal objection coupled with some evidence with tends to 'meet, overcome, or at least equalize' the statements on the proof of claim is sufficient to rebut the claim.") (citations omitted); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993) (If the objector produces sufficient evidence to negate the claim's validity, the burden of persuasion shifts back to the claimant, who then has the ultimate burden to demonstrate that the claim deserves to share in the distribution of the debtor's assets); see *also Pioneer*, 178 B.R. at 226.

### 4. Mr. Smith Has Not Met His Burden of Persuasion

The Court notes that Mr. Smith's Opposition is the only pleading filed in support of Claim 5. The Opposition, however, does not include evidence enabling Mr. Smith to meet his burden of proving the validity of Claim 5 by a preponderance of the evidence. Most notably, Mr. Smith's Opposition does not include authenticated and/or admissible evidence in support of his claim. Instead Mr. Smith submitted only unauthenticated and inadmissible evidence of his claim, despite an ample opportunity to do so and in obvious disregard of the Court's direct and specific instructions in its Evidentiary Hearing Procedures Order requiring that Mr. Smith file his Supplemental Brief and

submit admissible evidence documenting the making of the loans alleged in Claim 5.[8] Moreover, the Court notes that Mr. Smith failed to file a Supplemental Brief or other pleading in response to the Evidentiary Hearing Procedures Order. The Court finds that Mr. Smith's failure to submit a Supplemental Brief after the Court provided an additional opportunity to defend against the Claim Objection is grounds to deem such failure to file as Mr. Smith's consent to the entry of an order sustaining the Claim Objection.

### III.    Conclusion

In light of the foregoing, after having considered the Claim Objection, the Opposition, the Reply, the Gomez Hearing Brief, the related pleadings, and the docket as a whole, the Court finds good cause to SUSTAIN the Claim Objection, DISALLOW Claim 5 in its entirety, and VACATE the evidentiary hearing on the Claim Objection.

**IT IS SO ORDERED.**

Date: August 8, 2025

Scott C. Clarkson
United States Bankruptcy Judge

---

[8] Mr. Smith and Debtor failed to produce any evidence, documentary or otherwise, establishing a contemporaneous exchange of at least $500,000.00 in loan funds for written promissory notes in May 2017.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER (1) SUSTAINING OBJECTION TO CLAIM 5-1; (2) DISALLOWING CLAIM 5-1; AND (2) VACATING RELATED EVIDENTIARY HEARING** was entered on the date indicated as Entered on the first page of this judgment or order and will be served, in addition to service by notice of electronic filing, in the manner indicated below:

**SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

**Kerry Kavanaugh**
4511 Isabella Lane
Dallas, TX 75229

**Howard Smith**
28822 Via De Luna
Laguna Niguel, CA 92677

☐ Service information continued on attached page