YOSINA M. LISSEBECK (201654)
yosina.lissebeck@dinsmore.com
JACOB R. BOTHAMLEY (319457)
Jacob.bothamley@dinsmore.com
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone:  619.400.0500
Facsimile:  619.400.0501

Counsel to Richard A. Marshack,
Chapter 7 Trustee

FILED & ENTERED

OCT 06 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte       DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.  8:24-BK-12527-SC |
| KRISTINA LYNN SMITH | Chapter  7 |
| | **ORDER APPROVING STIPULATION FOR SALE OF REAL PROPERTY LOCATED AT 27591 KATHY COURT, LAGUNA NIGUEL, CALIFORNIA FREE AND CLEAR OF LIENS** |
| Debtor. | |
| | [No Hearing Needed] |

Kristina Lynn Smith, the Debtor herein ("Debtor"), filed for bankruptcy protection on October 3, 2024 ("Petition Date"). Richard A. Marshack was appointed as the Chapter 7 Trustee ("Trustee"). As set for the in Debtor's Schedule A/B the Debtor owns real property located at 27591 Kathy Court, Laguna Niguel, California 92677 (the "Laguna Property") as community property.  The Debtor and her ex husband, Jeff Gomez ("Gomez") have a pending divorce proceeding.  Prior to the Petition Date, the Family Law Court entered an order requiring the sale of the Laguna Property. Upon the filing of the bankruptcy, this Court now has jurisdiction over the Laguna Property, being administered as an asset of the Estate by the Trustee.  The Trustee requested that all parties with an interest in the Laguna Property, particularly the lien holders, consent to the sale free and clear and subject to the terms of the Stipulation, before taking on the task of marketing the property. All parties, but for one, consented as

1

1  seen in the Stipulation filed with the Court.  The Trustee will accordingly now market the Laguna

2  Property, and once an offer is obtained, will file with the Court a Motion to Approve the Sale of Real

3  Property, free and clear of all liens.

4  The Court, having read and considered the Stipulation For Sale Of Real Property Located At

5  27591 Kathy Court, Laguna Niguel, California Free and Clear of Liens (the "Stipulation") filed on

6  September 26, 2025, as Docket No. 129 (the "Stipulation"), and with good cause shown,

7  **IT IS HEREBY ORDERED THAT**:

8  1.  The Stipulation is approved; and

9  2.  The first priority lienholder, Union Bank N.A., will be paid through escrow as part of

10  any sale.

11  3.  All signatories to the Stipulation shall subordinate payment of their liens or interests to

12  the costs of the sale (including commissions and maintenance), payment of all applicable taxes, and

13  allowed administrative claims (collectively, "Administrative Costs"). Under 11 U.S.C. § 510(c)(2),

14  the liens securing the amounts necessary to pay the Administrative Costs are transferred to the estate.

15  In other words, the Administrative Costs shall be secured by liens and the lienholders shall retain the

16  balance of their liens and the full amount of their claims.

17  4.  One half of the $699,421 homestead (*i.e.*, $349,710.50) is claimed by Gomez. Trustee

18  shall receive such funds from escrow upon closing and hold them pending further order of the Court.

19  Debtor shall reduce and limit her $349,710.50 half of the homestead exemption to $25,000, which she

20  shall receive directly from escrow upon closing to facilitate her relocation. The Debtor shall waive

21  any remaining homestead exemption with respect to all amounts necessary to pay all administrative

22  fees and costs, and timely filed unsecured claims, other than the claim of Gomez. The Trustee shall

23  make distributions to such creditors only pursuant to further court order. Except as otherwise set forth

24  in this paragraph, the Debtor shall retain the right to claim a further homestead exemption in any

25  remaining sales proceeds. The Trustee likewise shall retain the right to file an objection to any further

26  claimed exemption.

27  5.  As to Gomez, Trustee shall hold his half of the homestead exemption, subject to the

28  liens identified in the Stipulation, which shall attach with the same validity, priority, and extent, and

1  the Trustee shall only distribute such funds pursuant to further order of the Court.

2      6.    Debtor's counsel shall also receive fees of $7,000 for assisting the Estate with

3  facilitating the Debtor's move-out from the Property, and sale of the Property. Such funds shall be

4  considered Administrative Costs for purposes of this Order.

5      7.    As set forth in the Order Approving the Stipulation Between Estate, Debtor, and Jeffrey

6  Gomez re: Cooperation With Trustee During Marketing and Sale of Real Property Located At 27591

7  Kathy Court, Laguna Niguel, California (ECF No. 127), Gomez is authorized to incur necessary costs

8  of repair and maintenance on the Property, subject to Trustee's prior written approval, not to exceed a

9  total of $15,000, with such authorized expenses to be reimbursed from proceeds of the sale of the

10 Property as part of the Administrative Costs.

11     8.    Nothing in this Order shall require one spouse's one-half share of the net proceeds after

12 payment of Administrative Costs to pay any post-separation claim owed solely by the other spouse,

13 whether such claim is secured or unsecured. For clarity, homestead funds that are otherwise

14 attributable to one spouse, shall not be used to pay the other spouse's debts or liens.

15     9.    To the extent that funds remain after payment of the obligations set forth above, the

16 remaining funds shall be held by Trustee and disbursed only pursuant to further order of this Court.

17 **IT IS SO ORDERED.**

18                 ###

19

20

21

22

23 Date: October 6, 2025

24                         Scott C. Clarkson
United States Bankruptcy Judge

25

26

27

28