United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 24-12527-SC |
| Kristina Lynn Smith | Chapter 7 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-8 | User: admin | Page 1 of 2 |
| Date Rcvd: Oct 06, 2025 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol    Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

#      Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 08, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | Kristina Lynn Smith, 27591 Kathy Ct, Laguna Niguel, CA 92677-6025 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 08, 2025      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 6, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Benjamin Heston | on behalf of Creditor Jeffrey Adams Gomez bhestonecf@gmail.com benheston@recap.email,NexusBankruptcy@jubileebk.net |
| David Coats | on behalf of Creditor Wells Fargo Bank N.A. dacoats@raslg.com |
| Jacob Newsum-Bothamley | on behalf of Trustee Richard A Marshack (TR) jacob.bothamley@dinsmore.com bonnie.connolly@dinsmore.com |
| Jennifer C Wong | on behalf of Interested Party Courtesy NEF bknotice@mccarthyholthus.com jwong@ecf.courtdrive.com |
| Julie J Villalobos | on behalf of Debtor Kristina Lynn Smith julie@oaktreelaw.com |

District/off: 0973-8 | User: admin | Page 2 of 2
Date Rcvd: Oct 06, 2025 | Form ID: pdf042 | Total Noticed: 1

oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com

Matthew J Stockl
    on behalf of Trustee Richard A Marshack (TR) mstockl@otterbourg.com katrice.ortiz@dinsmore.com

Richard A Marshack (TR)
    pkraus@marshackhays.com ecf.alert+Marshack@titlexi.com

Richard G. Heston
    on behalf of Creditor Richard G Heston rheston@hestonlaw.com
    yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email

United States Trustee (SA)
    ustpregion16.sa.ecf@usdoj.gov

Yosina M Lissebeck
    on behalf of Trustee Richard A Marshack (TR) Yosina.Lissebeck@Dinsmore.com
    caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

TOTAL: 10

YOSINA M. LISSEBECK (201654)
yosina.lissebeck@dinsmore.com
JACOB R. BOTHAMLEY (319457)
Jacob.bothamley@dinsmore.com
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone:  619.400.0500
Facsimile:  619.400.0501

Counsel to Richard A. Marshack,
Chapter 7 Trustee

**FILED & ENTERED**

OCT 06 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte       DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>KRISTINA LYNN SMITH<br><br>Debtor. | Case No.  8:24-BK-12527-SC<br><br>Chapter  7<br><br>**ORDER APPROVING STIPULATION FOR SALE OF REAL PROPERTY LOCATED AT 27591 KATHY COURT, LAGUNA NIGUEL, CALIFORNIA FREE AND CLEAR OF LIENS**<br><br>[No Hearing Needed] |

  Kristina Lynn Smith, the Debtor herein ("Debtor"), filed for bankruptcy protection on October 3, 2024 ("Petition Date"). Richard A. Marshack was appointed as the Chapter 7 Trustee ("Trustee"). As set for the in Debtor's Schedule A/B the Debtor owns real property located at 27591 Kathy Court, Laguna Niguel, California 92677 (the "Laguna Property") as community property.  The Debtor and her ex husband, Jeff Gomez ("Gomez") have a pending divorce proceeding.  Prior to the Petition Date, the Family Law Court entered an order requiring the sale of the Laguna Property. Upon the filing of the bankruptcy, this Court now has jurisdiction over the Laguna Property, being administered as an asset of the Estate by the Trustee.  The Trustee requested that all parties with an interest in the Laguna Property, particularly the lien holders, consent to the sale free and clear and subject to the terms of the Stipulation, before taking on the task of marketing the property. All parties, but for one, consented as

seen in the Stipulation filed with the Court. The Trustee will accordingly now market the Laguna Property, and once an offer is obtained, will file with the Court a Motion to Approve the Sale of Real Property, free and clear of all liens.

The Court, having read and considered the Stipulation For Sale Of Real Property Located At 27591 Kathy Court, Laguna Niguel, California Free and Clear of Liens (the "Stipulation") filed on September 26, 2025, as Docket No. 129 (the "Stipulation"), and with good cause shown,

**IT IS HEREBY ORDERED THAT**:

1. The Stipulation is approved; and

2. The first priority lienholder, Union Bank N.A., will be paid through escrow as part of any sale.

3. All signatories to the Stipulation shall subordinate payment of their liens or interests to the costs of the sale (including commissions and maintenance), payment of all applicable taxes, and allowed administrative claims (collectively, "Administrative Costs"). Under 11 U.S.C. § 510(c)(2), the liens securing the amounts necessary to pay the Administrative Costs are transferred to the estate. In other words, the Administrative Costs shall be secured by liens and the lienholders shall retain the balance of their liens and the full amount of their claims.

4. One half of the $699,421 homestead (*i.e.*, $349,710.50) is claimed by Gomez. Trustee shall receive such funds from escrow upon closing and hold them pending further order of the Court. Debtor shall reduce and limit her $349,710.50 half of the homestead exemption to $25,000, which she shall receive directly from escrow upon closing to facilitate her relocation. The Debtor shall waive any remaining homestead exemption with respect to all amounts necessary to pay all administrative fees and costs, and timely filed unsecured claims, other than the claim of Gomez. The Trustee shall make distributions to such creditors only pursuant to further court order. Except as otherwise set forth in this paragraph, the Debtor shall retain the right to claim a further homestead exemption in any remaining sales proceeds. The Trustee likewise shall retain the right to file an objection to any further claimed exemption.

5. As to Gomez, Trustee shall hold his half of the homestead exemption, subject to the liens identified in the Stipulation, which shall attach with the same validity, priority, and extent, and

2

1  the Trustee shall only distribute such funds pursuant to further order of the Court.

2      6.    Debtor's counsel shall also receive fees of $7,000 for assisting the Estate with
3  facilitating the Debtor's move-out from the Property, and sale of the Property. Such funds shall be
4  considered Administrative Costs for purposes of this Order.

5      7.    As set forth in the Order Approving the Stipulation Between Estate, Debtor, and Jeffrey
6  Gomez re: Cooperation With Trustee During Marketing and Sale of Real Property Located At 27591
7  Kathy Court, Laguna Niguel, California (ECF No. 127), Gomez is authorized to incur necessary costs
8  of repair and maintenance on the Property, subject to Trustee's prior written approval, not to exceed a
9  total of $15,000, with such authorized expenses to be reimbursed from proceeds of the sale of the
10 Property as part of the Administrative Costs.

11     8.    Nothing in this Order shall require one spouse's one-half share of the net proceeds after
12 payment of Administrative Costs to pay any post-separation claim owed solely by the other spouse,
13 whether such claim is secured or unsecured. For clarity, homestead funds that are otherwise
14 attributable to one spouse, shall not be used to pay the other spouse's debts or liens.

15     9.    To the extent that funds remain after payment of the obligations set forth above, the
16 remaining funds shall be held by Trustee and disbursed only pursuant to further order of this Court.

17 **IT IS SO ORDERED.**

###

Date: October 6, 2025

Scott C. Clarkson
United States Bankruptcy Judge

3