YOSINA M. LISSEBECK (State Bar No. 201654)
yosina.lissebeck@dinsmore.com
JACOB R. BOTHAMLEY (State Bar No. 319457)
jacob.bothamley@dinsmore.com
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Telephone:  619.400.0500
Facsimile:  619.400.0501

Counsel to the Chapter 7 Trustee,
Richard A. Marshack

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Kristina Lynn Smith,<br><br>    Debtor. | Case No. 8:24-bk-12527-SC<br><br>Chapter 7<br><br>**TRUSTEE'S REPLY TO THE NESHANIAN LAW FIRM'S OBJECTION AND LIMITED RESPONSE TO THE JOINDER OF JEFFREY ADAMS GOMEZ; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT**<br><br>Hearing:<br>Date:    January 15, 2026<br>Time:    9:00 a.m.<br>Place:   Courtroom 5C<br>           411 W Fourth St.<br>           Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON AND PARTIES, AND THEIR COUNSEL OF RECORD:

Creditor, the Neshanian Law Firm filed an objection (the "Objection") to Trustee's Motion For Order Authorizing Sale of Real Property Located At 27591 Kathy Court, Laguna Niguel, California 92677 (the "Property"): (a) Outside the Ordinary course of business; (b) Free and clear of liens under 363(f); (c) subject to overbids; And (d) for determination of Good faith purchaser under § 363(m) (the "Motion"). Jeffrey Adams Gomez ("Gomez") filed a joinder (the "Joinder") to

the Motion with a reservation of certain rights. Trustee hereby replies to the Objection and responds to the Joinder.

**SUMMARY OF REPLY**

Neither the Objection, nor the Joinder, are truly oppositions to the Motion to Sell the Property. The Objection to the Motion on the basis that it misstates the value of the Neshanian Law Firm's lien as reflected in Proof of Claim 2-1 ("Claim 2-1") is without authority and without merit, and is not relevant.  As to the Joinder, though Trustee might disagree with Gomez's assertions of the character of both the sale proceeds and the liens, all parties (except Mr. Neshanian) already agreed to how the proceeds would be divided and held in the Sale Stipulation[1], now set forth in the Motion. To reiterate, all liens will attach to either the Debtor's or Mr. Gomez's share of the proceeds, so that no party is prejudiced, all issues are preserved, and these types of disagreements can be addressed by the parties and decided by this Court.

A.    A Brief Overview of the Facts & Parties

The Motion provides for a detailed, and necessary, recitation of the procedural and factual matters in the case that support a sale of the Property.  It is a product of months of negotiations, rehabilitation and maintenance to the Property itself, and ultimately stipulations between all the major parties. It is an attempt by which the Trustee believes, all parties, including unsecured creditors, are best served and takes a depreciating asset, turns it into proceeds, distributes some of those proceeds in a manner reasonable and consistent with the Bankruptcy Code and the Trustee's fiduciary duties, and preserves the balance to be fought over by lienholders, on a later date.

What it does not do, is provide the Court with the understanding of the temperament of the case, and the volatile nature of parties' personalities.  It is important to remember that the Debtor and Gomez initially filed for divorce in 2017 and that the toll of almost 9 years of protracted and adversarial litigation has caused all parties, including lienholders, to be frustrated and on edge. Unfortunately, it also means that the Trustee stepped into a case that makes the War of the Roses

///

---

[1] All Capitalized Terms have the same definition as in the underlying Motion to Approve Sale.

2

look like a feel-good holiday film. The Trustee, his professionals, along with other parties in the case, have been needlessly and personally attacked in emails, calls, and during 341(a) examinations.[2]

In this case, the Trustee and his professionals saw an opportunity to solve a complex problem. Although the Superior Court ordered the sale of the Property, it could not sell free and clear of liens. The Trustee saw that under the Bankruptcy Code, a way to obtain a solution that included preservation of the lienholder's rights, the Debtor and Mr. Gomez's interests, and allowed for a solution that also benefited unsecured creditors could be obtained. A unique situation where the bankruptcy Code and the powers of the Bankruptcy Court was the only forum that could afford the best remedy, for all creditors. See, Declaration of Richard A. Marshack, attached hereto ("Marshack Declaration").

B.   The Neshanian Law Firm's Objection

The Neshanian Law Firm's Objection does not assert any basis for denying the Motion. Instead, the Objection asserts that, in the Neshanian Law Firm's view, the Motion misstates the true and updated amount of Claim 2-1. The Trustee simply took the claim amount and identified it as filed by the Neshanian Law firm, and the Trustee was clear to state that he was not determining the validity of any claims filed. Further, the Preliminary Title Report, reflects the amount of the judgment lien as recorded on February 8, 2022. Mr. Neshanian's assertion that the lien amount is now $106,708.22 is something for Mr. Neshanian and Mr. Gomez to fight about in the future. It doesn't change the nature of the Motion, and as seen in the table on page 15 of the Motion, there are approximately $207,000 in Mr. Gomez's share of the proceeds for which Mr. Neshanian's firm lien will attach. Accordingly, the lien is oversecured and adequately protected. See, Marshack Declaration paragraph 4.

However, the Trustee is concerned that the Objection, as filed, will not be what the Neshanian Law Firm, through its likely representative, Eric Neshanian, Esq. ("Mr. Neshanian"), will be discussing at the hearing. Trustee and his counsel took time and great care in drafting the stipulation, emphasizing transparency and candor, which is why all lienholders, with the notable

---

[2] While most of the time, tempers simmer down and cooler heads prevail, the Trustee continues to encourage everyone who will continue in this matter, and appear at any hearing the Court may require, to be mindful of the ethical rules by which we are all bound, specifically, California Rule of Professional Conduct 9.7(a).

3

exception of the Neshanian Law Firm, agreed to the terms of the sale, and did not object to the Motion. However, what the Trustee believes to be Mr. Neshanian's misunderstanding of the bankruptcy sale process, and most likely the frustration of years of litigation with the Debtor and Mr. Gomez, appears to have led Mr. Neshanian to ad hominem attacks on the Trustee, his professionals, and other parties in this case. See, Marshack Declaration, paragraph 8.

Trustee and his counsel, experienced in the practice of law, understand that cases can get heated, and sometimes overheated, especially when there are enormous and life-altering sums of money or personal rights at stake. Trustee submits that this is no such case. On the contrary, this is a routine and (should be) uncontroversial exercise of Trustee's basic lawful duties under the Bankruptcy Code. Trustee is bringing his concerns to the Court's attention in advance of the hearing so that the Court can take appropriate action and not prolong the hearing past what is necessary and productive.

C.    Gomez's Joinder

Trustee notes that through the Joinder, Gomez asserts that nothing in the Motion should be construed as a waiver of his homestead exemption. And further objects to Trustee's allocation of the judgment liens solely to Gomez's share of the sale proceeds. The controlling document is the Sale Stipulation and Order. While Trustee might disagree with Gomez's assertion that the liens identified in the Motion are "community" in character, it doesn't affect this Motion. As set forth in the both the Sale Stipulation (signed by Gomez and all lienholders except the Neshanian Law Firm) and the Motion, the final determination regarding allocation of sale proceeds and disposition of the liens will only occur after further order of this Court. All parties' rights and interests are preserved, and they can argue the validity of those rights, later. See, Marshack Declaration, paragraph 5.

///
///
///
///
///
///

4

## **CONCLUSION**

Despite the Objection, and notwithstanding the Trustee's disagreement on matters identified in the Joinder, the Motion is effectively unopposed. As such, Trustee submits that the Motion may and should be granted in its entirety.

Dated: January 8, 2026                         Respectfully submitted,

                                               DINSMORE & SHOHL LLP


                                               By:  /s/ Yosina M. Lissebeck
                                                    Yosina M. Lissebeck
                                                    Counsel to the Chapter 7 Trustee,
                                                    Richard A. Marshack

5

# DECLARATION OF RICHARD A. MARSHACK

I, RICHARD A. MARSHACK, declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration. I have personal knowledge of the matters set forth in this Declaration, and if called upon to do so I could and would competently testify to these facts. I am the Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Kristina Lynn Smith ("Debtor").

2. I, through my counsel, filed the Motion For Order Authorizing Sale of Real Property Located At 27591 Kathy Court, Laguna Niguel, California 92677 (the "Property"): (a) Outside the Ordinary course of business; (b) Free and clear of liens under 363(f); (c) subject to overbids; And (d) for determination of Good faith purchaser under § 363(m) (the "Motion") on December 23, 2025. See Dkt. 139.

3. We are still reviewing potential overbids and will proceed with proving those as set forth in the Motion.

4. On December 30, 2025, The Neshanian Law Firm, a lienholder and holder of Proof of Claim 2-1 filed an objection to the Motion on the basis that the Motion misstates the amount of his lien and Claim 2-1. As set forth in the reply, I do not believe that the Neshanian Law Firm's objection is germane to the relief sought in the Motion, and is properly addressed at a future date. Mr. Neshanian's assertion that the lien amount is now $106,708.22 is something for Mr. Neshanian and Mr. Gomez to fight about in the future. It doesn't change the nature of the Motion, and as seen in the table on page 15 of the Motion, there are approximately $207,000 in Mr. Gomez's share of the proceeds for which Mr. Neshanian's firm lien will attach. Accordingly, the lien is oversecured and adequately protected.

5. On January 1, 2026 Jeffrey Adams Gomez ("Gomez"), the ex-husband of the debtor, Kristina Lynn Smith ("Debtor") filed a joinder to the Motion in which he asserts that nothing in the Motion should be construed as a waiver of his homestead exemption. And further objects to Trustee's allocation of the judgment liens solely to Gomez's share of the sale proceeds. The controlling document is the Sale Stipulation and Order. While I might disagree with Gomez's assertion that the liens identified in the Motion are "community" in character, it doesn't affect this

6

Motion. As set forth in the both the Sale Stipulation (signed by Gomez and all lienholders except the Neshanian Law Firm) and the Motion, the final determination regarding allocation of sale proceeds and disposition of the liens will only occur after further order of this Court. All parties' rights and interests are preserved, and they can argue the validity of those rights, later.

6.  In this case, I saw an opportunity to solve a complex problem. Although the Superior Court ordered the sale of the Property, it could not sell free and clear of liens. I knew that under the Bankruptcy Code, there was a way to obtain a solution that included preservation of the lienholder's rights, the Debtor and Mr. Gomez's interests, and allowed for a solution that also benefited unsecured creditors could be obtained. A unique situation where the bankruptcy Code and the powers of the Bankruptcy Court was the only forum that could afford the best remedy, for all creditors.

7.  Not all parties realized this vision and because of the adversarial nature and length of the underlying divorce, it is understanding why there would be frustration and distrust of the process by the Debtor, Mr. Gomez and Lienholders. And while I, and Ms. Lissebeck, were generally able to have discussions with these parties and ultimately get the Sale Stipulation signed to support this Motion, I believe that Mr. Neshanian's frustration just lead him to bring ad hominem attacks. These outbursts are evident in emails and in 341(a) examinations, where attacks were made upon me, Ms. Lissebeck, and other professionals in the case. While, I have the evidence to support these statements, I will not provide them, unless the Court so wishes to see them. My intent is only to bring this to the Court's attention to remind everyone in the case regarding the rules of civility and that there will be no doubt that this Court will not allow such behavior during any hearings.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 8, 2026.

RICHARD A. MARSHACK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:     655 W. Broadway, Suite 800, San Diego, California  92101

A true and correct copy of the foregoing document: **TRUSTEE'S REPLY TO THE NESHANIAN LAW FIRM'S OBJECTION AND LIMITED RESPONSE TO THE JOINDER OF JEFFREY ADAMS GOMEZ; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 8, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On January 8, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COURTESY COPY**
Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California, Santa Ana Division
411 W. Fourth St., Ste 5130/Ctrm 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 8, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 8, 2026 | Caron Burke | /s/ Caron Burke |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August  2010                                                                      **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

   David Coats on behalf of Creditor Wells Fargo Bank, N.A.
   dacoats@raslg.com

   Benjamin Heston on behalf of Creditor Jeffrey Adams Gomez
   bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net

   Richard G. Heston on behalf of Creditor Richard G Heston
   rheston@hestonlaw.com,
   yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email

   Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
   Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

   Richard A Marshack (TR)
   pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

   Eric Marcus Neshanian on behalf of Interested Party Courtesy NEF
   neshanianlawfirm@gmail.com

   Jacob Newsum-Bothamley on behalf of Trustee Richard A Marshack (TR)
   jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com

   Matthew J Stockl on behalf of Trustee Richard A Marshack (TR)
   mstockl@otterbourg.com, katrice.ortiz@dinsmore.com

   United States Trustee (SA)
   ustpregion16.sa.ecf@usdoj.gov

   Julie J Villalobos on behalf of Debtor Kristina Lynn Smith
   julie@oaktreelaw.com,
   oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com

   Jennifer C Wong on behalf of Interested Party Courtesy NEF
   bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                          **F 9013-3.1.PROOF.SERVICE**