AMY NESHANIAN, ESQ.          SBN 218861
ERIC MARCUS NESHANIAN, ESQ.     SBN 189022
The Neshanian Law Firm, Inc.
5 Corporate Park, Ste. 250
Irvine, California 92606

Telephone No. (714) 973-2600

Attorney for THE NESHANIAN LAW FIRM, INC., Secured Creditor


UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

|  |  |
|---|---|
| In re:<br><br>Kristina Lynn Smith<br><br>　　　　　Debtor. | Case No.:  8:24-bk-12527-SC<br><br>CHAPTER 7<br><br>**SECURED CREDITOR THE NESHANIAN LAW FIRM, INC.'S REBUTTAL TO TRUSTEE'S REPLY TO THE NESHANIAN LAW FIRM'S OBJECTION (DOC 147); DECLARATION OF ERIC MARCUS NESHANIAN IN SUPPORT**<br><br>**Date:          January 15, 2026**<br>**Time:          9:00 a.m,**<br>**Location:     411 West Fourth Street**<br>**　　　　　　Santa Ana, CA  92701**<br>**Courtroom:    5C** |

///
///
///
///
///
///
///
///

1

*REBUTTAL TO TRUSTEE'S REPLY TO SECURED CREDITOR'S OBJECTION*

**TO THE COURT AND ALL INTERESTED PARTIES, AND THEIR COUNSEL OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE** that secured creditor The Neshanian Law Firm, Inc. hereby rebuts the Trustee's Reply to its objection by expressly rejecting the false allegations of the conduct of Eric Marcus Neshanian, Esq., their counsel, in these proceedings.

The conduct of their counsel is neither a subject of this action nor at issue via a request for affirmative relief by any party for, inter alia, attorney fees and costs, or, sanctions.

Notwithstanding the veracity of the allegations of his conduct, they are not relevant to matters currently before the court except perhaps to discredit him and are nothing more than an *ad hominem* attack.

Filing pleadings in response to the Trustee's underlying motion and other pleadings related to the motion are not *ad hominem* attacks.

Regarding the underlying motion, the Trustee did not disclose the true, current value of this secured creditor's claim at the time of filing its motion. This secured creditor's claim clearly indicates that in addition to the stated amount, the claim is subject to fixed interest of 10% per annum. Other secured creditors identified in the motion stand in the same shoes as this secured creditor with respect to the actual value of their claim not being disclosed to the court.

And, regarding Jeffrey Gomez's joinder to the underlying motion, neither he nor his attorney have any probable cause to dispute The Neshanian Law Firm Inc.'s judgment lien or avoid it under a *community claim* theory, or, otherwise.

Neither the Trustee nor his counsel afforded counsel for this secured creditor much respect, candor, professionalism or courtesy in these proceedings.

For example, The Neshanian Law Firm, Inc.'s refusal to sign the Stipulation for Sale of Real Property (which is itself a subject of the underlying motion) was of no consequence to the outcome in these proceedings as the Trustee represents to the court that this secured creditor will be satisfied in full and consents to the sale. Yet, in seeking the court's October 6, 2025, order approving the Stipulation, the Trustee made it a point to include a footnote in the submitted stipulation at fn.2 indicating this secured creditor was the only one not to subscribe to it.

*REBUTTAL TO TRUSTEE'S REPLY TO SECURED CREDITOR'S OBJECTION*

The Neshanian Law Firm, Inc. was never involved in any negotiations in these proceedings including the Stipulation for Sale of Real Property.

Upon being presented with the Stipulation by Trustee's counsel, neither Trustee nor Trustee's counsel could meaningfully meet and confer with this secured creditor's counsel regarding it. They refused to answer the most rudimentary questions like providing the current value of the first money mortgage on the real property which would help secured creditors assess the likelihood of their lien being satisfied by a subsequent sale in the current market.

Instead of acting in good faith, they attempted to coerce The Neshanian Law Firm, Inc. into signing the stipulation by making it seem there was some urgency requiring immediate assent to it and refusing to explain what would happen if this secured creditor did not sign the stipulation. They played games.

When this secured creditor suggested revisions to the proposed stipulation that it wanted to cure irregularities, Trustee's counsel amended the stipulation to reflect the suggested revisions but abruptly ended the meet and confer and excluded this secured creditor as a signatory to the revised stipulation.

Counsel for this secured creditor made sure to inform Trustee in no uncertain terms that his counsel's conduct regarding the Stipulation and attempted meet and confer reflected poorly on him and that neither of them treated him respectfully during the meet and confer regarding the Stipulation. **Please see email correspondence regarding the attempted meet and confer regarding the underlying Stipulation attached to the supporting declaration accompanying this Rebuttal.**

A further example of how little respect Trustee has for this secured creditor's counsel occurred on January 6, 2025 at the creditor's meeting when the Trustee mispronounced counsel's last name and joked that counsel was "famous". During the meeting, the Trustee could not confirm if he would be filing any pleading to address Mr. Gomez's joinder to the underlying motion and said it would be his honor to write this Secured Creditor a check.

///

///

*REBUTTAL TO TRUSTEE'S REPLY TO SECURED CREDITOR'S OBJECTION*

1    Trustee and his counsel conflate constructive criticism with ad hominem attacks.

2    They are bullies who expect others to succumb to their intimidation tactics and take

3 things personally when someone refuses to just go along with them. They go so far as trying to

4 make examples of their detractors in court filings.

5    The zealous defense of this secured creditor's interest in these proceedings is not and was

6 not an *ad hominem* attack.  To the contrary, accusing counsel for this secured creditor of making

7 *ad hominem* attacks when counsel's conduct is neither a subject of this action nor currently at

8 issue before the court is itself an *ad hominem* attack made solely for the purpose of harassment.

9    This secured creditor and his counsel shall not be intimidated. And, if anyone should be

10 chastised for acting uncivilly in these proceedings it is the Trustee and his counsel.

11 Respectfully submitted,

12 Dated: 1/9/2026

13    Eric Marcus Neshanian, Attorney for
     THE NESHANIAN LAW FIRM, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*REBUTTAL TO TRUSTEE'S REPLY TO SECURED CREDITOR'S OBJECTION*

## DECLARATION OF ERIC MARCUS NESHANIAN

**I, Eric Marcus Neshanian, declare as follows:**

1.      I am an adult, US citizen, an attorney licensed to practice law before all California courts and the attorney of record for secured creditor The Neshanian Law Firm, Inc. herein.

2.      I submit this declaration in support of Secured Creditor The Neshanian Law Firm, Inc.'s Rebuttal to the Trustee's Reply to its Objection to the underlying motion.

3.      I do not know what compelled the Trustee to falsely accuse me of making ad hominem attacks in these proceedings when my conduct is not a subject of this action or currently at issue and felt a need to respond to defend myself and reputation against this unwarranted, impertinent, personal attack.

4.      Neither the Trustee nor his counsel afforded me much respect, candor, professionalism or courtesy in these proceedings.

5.      For example, The Neshanian Law Firm, Inc.'s refusal to sign the Stipulation for Sale of Real Property (which itself is a subject of the underlying motion) was of no consequence to the outcome in these proceedings as the Trustee represents to the court that this secured creditor will be satisfied in full and consents to the sale.

6.      Yet, in seeking the court's October 6, 2025, order approving the Stipulation, the Trustee made it a point to repeat over and over in his moving papers that this secured creditor was the only party that did not subscribe to it.

7.      The Neshanian Law Firm, Inc. was never involved in any negotiations in these proceedings including the Stipulation for Sale of Real Property.

8.      Upon being presented with the Stipulation by Trustee's counsel, neither Trustee nor Trustee's counsel could meaningfully meet and confer with this secured creditor's counsel regarding it.

9.      They refused to answer the most rudimentary questions like providing the current value of the first money mortgage on the real property which would help secured creditors assess the likelihood of their lien being satisfied by a subsequent sale in the current market.

///

*REBUTTAL TO TRUSTEE'S REPLY TO SECURED CREDITOR'S OBJECTION*

10.     Instead of acting in good faith, they attempted to coerce The Neshanian Law Firm, Inc. into signing the stipulation by making it seem there was some urgency requiring immediate assent to it and refusing to explain what would happen if this secured creditor did not sign the stipulation. They played games.

11.     When this secured creditor suggested revisions to the proposed stipulation that it wanted to cure irregularities, Trustee's counsel amended the stipulation to reflect the suggested revisions but abruptly ended the meet and confer and excluded this secured creditor as a signatory to the revised stipulation.

12.     I made sure to inform Trustee in no uncertain terms that his counsel's conduct regarding the Stipulation and attempted meet and confer reflected poorly on him and that neither of them treated him respectfully during the meet and confer regarding the Stipulation. **True and correct copies of email correspondence among Trustee, his counsel and me regarding the attempted meet and confer about the underlying Stipulation is attached to my declaration as Exhibit "1".**

13.     The email correspondence speak for themselves.

14.     A further example of how little respect Trustee has for this secured creditor's counsel occurred on January 6, 2025 at the creditor's meeting when the Trustee mispronounced counsel's last name and joked that counsel was "famous". During the meeting, the Trustee could not confirm if he would be filing any pleading to address Mr. Gomez's joinder to the underlying motion and said it would be his honor to write my client a check.

15.     Trustee and his counsel conflate constructive criticism with ad hominem attacks.

16.     They are bullies who expect others to succumb to their intimidation tactics and take things personally when someone refuses to just go along with them. They go so far as trying to make examples of their detractors in court filings.

        I declare under penalty of perjury in the State of California that the foregoing is true and correct.

DATED: ___1/9/2026___                                    _____

                                                      Eric Marcus Neshanian, Declarant

6

***REBUTTAL TO TRUSTEE'S REPLY TO SECURED CREDITOR'S OBJECTION***

Exhibit "1"

# M Gmail

Neshanian Law Firm <neshanianlawfirm@gmail.com>

---

## Re: Smith, Kristina L. Chapter 7 case
1 message

---

**Richard Marshack** <RMarshack@marshackhays.com>                    Tue, Dec 30, 2025 at 2:25 PM
To: Neshanian Law Firm <neshanianlawfirm@gmail.com>
Cc: "Yosina.Lissebeck@dinsmore.com" <Yosina.Lissebeck@dinsmore.com>

Eric
We look forward to continuing our discussions and hopefully resolve.  Happy New Year to you and yours.
Richard
Richard Marshack, Esq.
MARSHACK HAYS WOOD, LLP
870 Roosevelt
Irvine, CA 92620
Mobile: 714 624-8000
Office: 949 333-7777


> On Dec 30, 2025, at 2:22 PM, Neshanian Law Firm <neshanianlawfirm@gmail.com> wrote:
>
>
> Dear Yosina and Richard,
>
> Attached please find a courtesy copy of my firm's Objection to the Trustee's Motion to Authorize the Sale of the Kathy Court residence.
>
> Initially, I'm not sure why you could not meet my demands re the stipulation if it didn't matter whether or not I signed the stipulation.
>
> Second, Richard, it appears your counsel still falls short in the candor column as the validity of my lien is not disputed and my firm never expressly consented to the sale of the property despite your attorney's representation to the court on your behalf at pg. 2, lns. 15-17.
>
> Third, your motion does not adequately address the 363 elements regarding stripping my firm's lien. None of the elements are satisfied. However, I am not objecting to that discrepancy. My calculations regarding your stipulation and your attorney's treatment of me were correct. All of it was uncalled for and most of it as to your attorney was petty. Thanks again for the professional courtesy you and your counsel afforded me. Needless to say, I am less than impressed with you.
>
> Eric
> The Neshanian Law Firm, Inc.
> 5 Corporate Park, Ste. 250
> Irvine, CA 92606
> (714) 973-2600 Office
> (714) 973-2601 Fax
>
> **EFFECTIVE MAY 1, 2024, WE HAVE RELOCATED TO THE ABOVE ADDRESS**

> Important Notice to Email Recipients:
> DO NOT read, copy, or disseminate this communication unless you are the intended addressee. This email communication contains confidential and/or privileged information intended only for the addressee. Anyone who receives this email by error should treat it as confidential and is asked to call (714) 973-2600. This email transmission may not be secure and may be illegally intercepted. Do not forward or disseminate this email to any third party. Unauthorized interception of this email is a violation of federal law. Any reliance on the information contained in this correspondence by someone who has not not entered into a retainer agreement with The Neshanian Law Firm, Inc. is taken at the reader's risk. The attorneys of The Neshanian Law Firm, Inc. are licensed to practice law ONLY in California and do not intend to give advice to anyone on any legal matter not involving California  law.
> <OBJECTION TO TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY.pdf>

# M Gmail

Neshanian Law Firm <neshanianlawfirm@gmail.com>

---

## Re: BK Kristina Smith
1 message

---

**Richard Marshack** <RMarshack@marshackhays.com>                    Fri, Sep 5, 2025 at 6:23 AM
To: Neshanian Law Firm <neshanianlawfirm@gmail.com>
Cc: Yosina Lissebeck <yosina.lissebeck@dinsmore.com>

I just do not understand your approach and tone.
We are not your enemy.
The house has been completely trashed and is in horrible condition.
We are spending a lot of money to make it marketable.
All you had to do is make us a proposal.
Other creditors see the wisdom in what we are doing.
Richard Marshack, Esq.
MARSHACK HAYS WOOD, LLP
870 Roosevelt
Irvine, CA 92620
Mobile: 714 624-8000
Office: 949 333-7777

> On Sep 4, 2025, at 3:57 PM, Neshanian Law Firm <neshanianlawfirm@gmail.com> wrote:
>
>
> Also, I am not sure how you will be able to enforce paragraph II.3. re subordination of lien payments to your administrative costs without all the lienholders assenting. But, we'll worry about that hurdle when we get there.
>
> Eric
> The Neshanian Law Firm, Inc.
> 5 Corporate Park, Ste. 250
> Irvine, CA 92606
> (714) 973-2600 Office
> (714) 973-2601 Fax
>
> **EFFECTIVE MAY 1, 2024, WE HAVE RELOCATED TO THE ABOVE ADDRESS**
>
> Important Notice to Email Recipients:
> DO NOT read, copy, or disseminate this communication unless you are the intended addressee. This email communication contains confidential and/or privileged information intended only for the addressee. Anyone who receives this email by error should treat it as confidential and is asked to call (714) 973-2600. This email transmission may not be secure and may be illegally intercepted. Do not forward or disseminate this email to any third party. Unauthorized interception of this email is a violation of federal law. Any reliance on the information contained in this correspondence by someone who has not not entered into a retainer agreement with The Neshanian Law Firm, Inc. is taken at the reader's risk. The attorneys of The Neshanian Law Firm, Inc. are licensed to practice law ONLY in California and do not intend to give advice to anyone on any legal matter not involving California law.
>
>
> On Thu, Sep 4, 2025 at 2:44 PM Neshanian Law Firm <neshanianlawfirm@gmail.com> wrote:
>> Richard,
>>
>> Clearly, your counsel could have amended the stipulation to correct it as to form with respect to the listing of the liens. Footnote 1 proves my point. Not sure why it could not have been corrected.
>>
>> And, footnote 2 is just a spectacular display of professionalism.
>>
>> Eric
>> The Neshanian Law Firm, Inc.
>> 5 Corporate Park, Ste. 250

Irvine, CA 92606
(714) 973-2600 Office
(714) 973-2601 Fax

**\*\*EFFECTIVE MAY 1, 2024, WE HAVE RELOCATED TO THE ABOVE ADDRESS\*\***

Important Notice to Email Recipients:
DO NOT read, copy, or disseminate this communication unless you are the intended addressee. This email communication contains confidential and/or privileged information intended only for the addressee. Anyone who receives this email by error should treat it as confidential and is asked to call (714) 973-2600. This email transmission may not be secure and may be illegally intercepted. Do not forward or disseminate this email to any third party. Unauthorized interception of this email is a violation of federal law. Any reliance on the information contained in this correspondence by someone who has not not entered into a retainer agreement with The Neshanian Law Firm, Inc. is taken at the reader's risk. The attorneys of The Neshanian Law Firm, Inc. are licensed to practice law ONLY in California and do not intend to give advice to anyone on any legal matter not involving California law.

**From:** Bothamley, Jacob <Jacob.Bothamley@Dinsmore.com>
**Sent:** Wednesday, September 3, 2025 7:12 PM
**Cc:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>
**Subject:** Kristina Lynn Smith Bankruptcy Case - New Stipulation

Good evening,

I'm reaching out to you again because there has been a slight change in plans.

We have revised the prior stipulation to sell the Debtor's residence free and clear of liens mainly because one lienholder, the Neshanian Law Firm, refused to sign the prior stipulation. We do not want the Neshanian Law Firm's lien to be placed in any higher a position than the lienholders who did sign the prior stipulation. Thus, the need to provide a revised stipulation without the Neshanian Law Firm included. To be clear, when Trustee is ready to file the motion to approve the sale of the Debtor's residence, Trustee will be moving to sell the residence "free and clear". The Neshanian Law Firm will not have gained any advantage or received any preferential treatment by not signing the stipulation.

We also made a few revisions for clarity based on the questions we received from some of the other lienholders. But the revised stipulation is still substantively the same as the prior stipulation.

Please review the revised stipulation (attached here) and sign and return no later than noon on **September 9.**

Of course, if you have any questions, please do not hesitate to contact me or Yosina Lissebeck, and we will be happy to jump on a call with you.

Best,

# Dinsmôre

**Jacob R. Bothamley**
Associate
**Dinsmore & Shohl LLP** • Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0493 • F (619) 400-0501
E Jacob.Bothamley@Dinsmore.com • dinsmore.com

---

**Stipulation with Lienholders To Sell Property Free and Clear 9.3.25 fINAL.pdf**
72K

 Gmail

Neshanian Law Firm <neshanianlawfirm@gmail.com>

## RE: In re Kristina Lynn Smith Bankruptcy Case

1 message

**Lissebeck, Yosina** <Yosina.Lissebeck@dinsmore.com>                    Thu, Aug 28, 2025 at 5:16 PM
To: Neshanian Law Firm <neshanianlawfirm@gmail.com>
Cc: Richard Marshack <RMarshack@marshackhays.com>, "Bothamley, Jacob" <Jacob.Bothamley@dinsmore.com>, Pam
Kraus <pkraus@marshackhays.com>

Mr. Neshanian,

Jake called you on 8/21 after sending you the stipulation on 8/20. In that email he specifically said he would
like to get on a call with you to discuss the purpose of the stipulation with you.  You and Jake had that
conversation via phone.  You had additional questions, in which you emailed us on 8/21 at 2:20, and which I
responded to your questions that same day.

Some of your questions are repetitive, and I'm guessing you do not like my answers, but they remain the
same. I ask you to please review those again. You are correct the stipulation did not provide the FLARPL
date/record number; but it doesn't matter- the Title Report controls.  Are you now saying that if I change the
paragraph f to list the liens exactly as they are listed in the title report you will sign the stipulation? If so, I will
make that change.

Jake and I both explained the reasoning for the stipulation to you. Again my answer is the same. I will add
that if you look at the stipulation, paragraphs 4 & 5, where the Debtor and Gomez are agreeing that the
homestead funds will be used and held, subject to the terms of those paragraphs – that is where you, and all
lienholders benefit.

A bankruptcy sale must always proceed by way of a Motion to Approve a Sale filed with the Court. That
Motion is always under 363. That Motion will not be filed with the Court until a buyer is obtained after the
marketing of the property. That Motion has to be filed regardless of the Stipulation being signed by everyone
or not.

All Proofs of Claims filed with the bankruptcy court must be reviewed by the trustee, and then "allowed" prior
to them being paid. My comment was only meant to indicate that the Trustee has not looked at any claims,
including yours, and so he does not yet know if it is valid.

The Debtor's Homestead exemption is $699,421.00 pursuant to CCP section 704.730; and as indicated in
Dkt #15 filed on 11/5/24.

This is the Trustee's stipulation – no other party was involved in the drafting.

I apologize for taking longer than 24 hours to respond to you this time, it has been a very busy day.

Regards,

# Dinsmôre

**Yosina M. Lissebeck**
Partner
**Dinsmore & Shohl LLP  •  Legal Counsel**
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0473  •  F (619) 400-0501
E Yosina.Lissebeck@Dinsmore.com  •  dinsmore.com

**From:** Neshanian Law Firm <neshanianlawfirm@gmail.com>
**Sent:** Wednesday, August 27, 2025 12:49 PM
**To:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>
**Cc:** Richard Marshack <RMarshack@marshackhays.com>; Bothamley, Jacob <Jacob.Bothamley@Dinsmore.com>;
Pam Kraus <pkraus@marshackhays.com>
**Subject:** Re: In re Kristina Lynn Smith Bankruptcy Case

Yossina,

The FLARPL at F.4. is not identified by recording date or document recording number and there is no explanation why the liens are out of order. It causes confusion in both instances and causes the stipulation to be irregular as to form. Why you would continue to overlook this fact and say otherwise including it doesn't matter is alarming to me especially so as you indicate there is not enough money to pay everyone and this is the motivation for the stipulation. In light of this irregularity, I will not sign the proposed stipulation in its current form.

Can you please explain in writing what Jake failed to do in my phone call with him. It was the whole reason for the phone call. What was the background behind the stipulation? And, then, why wasn't I conferred with the background for the stipulation and my assent to its terms before it was presented to me?

Also, rather than vaguely inform me that absent the stipulation your client will have to act accordingly, can you articulate what "acting accordingly" actually means. Because if it is a 363 sale, then I would prefer that your client obtain it by order requiring lienholders to be paid directly from the sale proceeds held in escrow without court order. I do not see any logical reason for agreeing to Mr. Marshack holding onto my firm's money until further court order.

Moreover, it doesn't matter whether you or your client believe my proof of claim is valid, any dispute over its validity would not be bona fide so what is the purpose of telling me you haven't even considered its validity or reviewed the claim.

And, the debtor's exemption takes priority over unsecured creditors in bankruptcy and, if I am incorrect which I do not believe to be the case, it is only 31k or so. At $2 million sale price, there should be more than enough money to pay the lienholders. So, I would like to see your math.

Lastly, for this round of inquiries, which parties and non-parties were involved in the drafting of this irregular in form stipulation?

Please advise

Eric

The Neshanian Law Firm, Inc.

5 Corporate Park, Ste. 250

Irvine, CA 92606

(714) 973-2600 Office

(714) 973-2601 Fax


**\*\*EFFECTIVE MAY 1, 2024, WE HAVE RELOCATED TO THE ABOVE ADDRESS\*\***


Important Notice to Email Recipients:

DO NOT read, copy, or disseminate this communication unless you are the intended addressee. This email communication contains confidential and/or privileged information intended only for the addressee. Anyone who receives this email by error should treat it as confidential and is asked to call (714) 973-2600. This email transmission may not be secure and may be illegally intercepted. Do not forward or disseminate this email to any third party. Unauthorized interception of this email is a violation of federal law. Any reliance on the information contained in this correspondence by someone who has not not entered into a retainer agreement with The Neshanian Law Firm, Inc. is taken at the reader's risk. The attorneys of The Neshanian Law Firm, Inc. are licensed to practice law ONLY in California and do not intend to give advice to anyone on any legal matter not involving California law.


On Wed, Aug 27, 2025 at 9:59 AM Lissebeck, Yosina <Yosina.Lissebeck@dinsmore.com> wrote:

> Mr. Neshanian,
>
>
> As stated to you several times, and as specifically stated in the stipulation, the liens attach to the proceeds of the sale "in the same validity, extent and priority as the lien or interest had under appliable law." The stipulation does not, and it cannot, alter how those liens were filed. The stipulation paragraph f was a list of liens – and it provided the dates and recording numbers – it isn't an "order" of priority -that is set by recording dates/times.
>
>
> I'm happy to set up a call to meet and confer with you, let me know what times/dates works and I will have the trustee on that call as well. Although, I'm not sure what there is left to say. You have made it clear you will not sign the stipulation, so we will have to proceed accordingly.
>
>
> Regards,



Yosina M. Lissebeck
Partner
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800

San Diego, CA 92101

T (619) 400-0473  •  F (619) 400-0501

E Yosina.Lissebeck@Dinsmore.com  •  dinsmore.com

**From:** Neshanian Law Firm <neshanianlawfirm@gmail.com>
**Sent:** Tuesday, August 26, 2025 12:25 PM
**To:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>
**Cc:** Richard Marshack <RMarshack@marshackhays.com>; Bothamley, Jacob
<Jacob.Bothamley@Dinsmore.com>; Pam Kraus <pkraus@marshackhays.com>
**Subject:** Re: In re Kristina Lynn Smith Bankruptcy Case

Yosina,

It is completely unreasonable and unprofessional for you to claim you are acting in good faith while refusing to
meaningfully meet and confer in writing regarding this matter.

You will not even acknowledge that the proposed stipulation erroneously places a junior lien in a superior position over
mine.

Eric

The Neshanian Law Firm, Inc.

5 Corporate Park, Ste. 250

Irvine, CA 92606

(714) 973-2600 Office

(714) 973-2601 Fax

**\*\*EFFECTIVE MAY 1, 2024, WE HAVE RELOCATED TO THE ABOVE ADDRESS\*\***

Important Notice to Email Recipients:

DO NOT read, copy, or disseminate this communication unless you are the intended addressee. This email communication contains confidential and/or
privileged information intended only for the addressee. Anyone who receives this email by error should treat it as confidential and is asked to call (714) 973-
2600. This email transmission may not be secure and may be illegally intercepted. Do not forward or disseminate this email to any third party. Unauthorized
interception of this email is a violation of federal law. Any reliance on the information contained in this correspondence by someone who has not not entered
into a retainer agreement with The Neshanian Law Firm, Inc. is taken at the reader's risk. The attorneys of The Neshanian Law Firm, Inc. are licensed to
practice law ONLY in California and do not intend to give advice to anyone on any legal matter not involving California  law.

On Tue, Aug 26, 2025 at 12:03 PM Lissebeck, Yosina <Yosina.Lissebeck@dinsmore.com> wrote:

Mr. Neshanian,

I'm not going to dignify your personal attacks of me, or my firm, with a response.

We have attempted several times now to explain this process to you, which you are clearly confused about. The Trustee and I tried to call you to explain this process with you, but you refuse to speak with us. Instead wanting all communications by writing. Your emails are misinformed. But you refuse to allow us to explain, instead just continuing to attack us and the process.

We understand you will not sign the stipulation, we will proceed accordingly.

Regards,

Dinsmôre

**Yosina M. Lissebeck**
Partner
Dinsmore & Shohl LLP  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0473  •  F (619) 400-0501
E Yosina.Lissebeck@Dinsmore.com  •  dinsmore.com

**From:** Neshanian Law Firm <neshanianlawfirm@gmail.com>
**Sent:** Tuesday, August 26, 2025 8:44 AM
**To:** Richard Marshack <RMarshack@marshackhays.com>
**Cc:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>; Bothamley, Jacob <Jacob.Bothamley@Dinsmore.com>; Pam Kraus <pkraus@marshackhays.com>
**Subject:** Re: In re Kristina Lynn Smith Bankruptcy Case

Mr. Marshack,

It is fair to say that your attorneys did not handle this matter candidly, professionally or with any professional courtesy.

They make you look bad. You don't prepare a stipulation without first obtaining agreement to the terms agreed upon.

They made it seem like it was an urgent matter but when I asked for immediate answers in writing, Yosina balked and

made it seem like I was unprofessional or unreasonable. Needless to say, I don't care about "your" requirements and I'm not signing the stipulation. You should consider hiring new counsel to represent your interests as trustee.

Eric

On Monday, August 25, 2025, Richard Marshack <RMarshack@marshackhays.com> wrote:

> I am not arguing with you re Mr. Gomez.  It is obvious that he has his agenda and I will not do anything unless it is
> in the best interest of the estate.   He is doing this on my terms.

My first requirement is that if the house is sold all proceeds (less routine costs of sale) are held in my trust account (I am bonded and every few years I go through a DOJ background investigation). My next requirement is that no proceeds are distributed unless and until there is a court order on notice to all lien holders.

Richard Marshack, Esq.

MARSHACK HAYS WOOD, LLP

870 Roosevelt

Irvine, CA 92620

Mobile: 714 624-8000

Office: 949 333-7777

On Aug 25, 2025, at 5:44 PM, Neshanian Law Firm <neshanianlawfirm@gmail.com> wrote:

Mr. Marshack,

No it is not more efficient. It is easier for things to get lost in translation. And, it is easier to deny things when they are expressed orally.

Why weren't you or your attorney interested in calling to explain the stipulation you were proposing before drafting it??

And, Jeff Gomez is a scoundrel and I have no interest in giving him any money from the sale of his assets. Especially, no interest in doing so, without getting paid at a minimum contemporaneously. It is like giving an addict drugs. This proposed stipulation empowers and rewards him despite his shortcomings.

https://www.ftc.gov/news-events/news/press-releases/2018/10/marketer-get-rich-amazon-scheme-settles-ftc

Eric

The Neshanian Law Firm, Inc.

5 Corporate Park, Ste. 250

Irvine, CA 92606

(714) 973-2600 Office

(714) 973-2601 Fax

**EFFECTIVE MAY 1, 2024, WE HAVE RELOCATED TO THE ABOVE ADDRESS**

Important Notice to Email Recipients:

DO NOT read, copy, or disseminate this communication unless you are the intended addressee. This email communication contains confidential and/or privileged information intended only for the addressee. Anyone who receives this email by error should treat it as confidential and is asked to call (714) 973-2600. This email transmission may not be secure and may be illegally intercepted. Do not forward or disseminate this email to any third party. Unauthorized interception of this email is a violation of federal law. Any reliance on the information contained in this correspondence by someone who has not not entered into a retainer agreement with The Neshanian Law Firm, Inc. is taken at the reader's risk. The attorneys of The Neshanian Law Firm, Inc. are licensed to practice law ONLY in California and do not intend to give advice to anyone on any legal matter not involving California law.

On Mon, Aug 25, 2025 at 4:31 PM Richard Marshack <RMarshack@marshackhays.com> wrote:

I will leave it to my attorney to decide how she wishes to proceed. It is easier and more efficient to respond to questions and concerns in a call.

Richard Marshack

Marshack Hays LLP

Sent from my iPhone

> On Aug 25, 2025, at 4:21 PM, Neshanian Law Firm <neshanianlawfirm@gmail.com> wrote:

> Mr. Marshack,

> I'd prefer to read. Oral communications tend to lead to miscommunication.

> And, you can't do what you are proposing without my consent by stipulation or otherwise. So save the puffery.

> Put it in writing Mr. Marshack.

> I do not trust you or your attorney. You never conferred with me regarding this proposed stipulation. Perhaps, you should have explained this before hand not after the fact.

> Eric

> The Neshanian Law Firm, Inc.

> 5 Corporate Park, Ste. 250

> Irvine, CA 92606

> (714) 973-2600 Office

> (714) 973-2601 Fax

**\*\*EFFECTIVE MAY 1, 2024, WE HAVE RELOCATED TO THE ABOVE ADDRESS\*\***

Important Notice to Email Recipients:

DO NOT read, copy, or disseminate this communication unless you are the intended addressee. This email communication contains confidential and/or privileged information intended only for the addressee. Anyone who receives this email by error should treat it as confidential and is asked to call (714) 973-2600. This email transmission may not be secure and may be illegally intercepted. Do not forward or disseminate this email to any third party. Unauthorized interception of this email is a violation of federal law. Any reliance on the information contained in this correspondence by someone who has not not entered into a retainer agreement with The Neshanian Law Firm, Inc. is taken at the reader's risk. The attorneys of The Neshanian Law Firm, Inc. are licensed to practice law ONLY in California and do not intend to give advice to anyone on any legal matter not involving California law.

On Mon, Aug 25, 2025 at 3:16 PM Richard Marshack <RMarshack@marshackhays.com> wrote:

> You seriously have no idea what we're trying to do. You're making assumptions. I think you should slow down and listen. Maybe then you'll understand.
>
> It is up to you to contact us. Otherwise, we will use other resources that are available to us.
>
> Richard Marshack
>
> Marshack Hays LLP
>
> Sent from my iPhone
>
>> On Aug 25, 2025, at 3:52 PM, Neshanian Law Firm <neshanianlawfirm@gmail.com> wrote:
>>
>> Mr. Marshack,
>>
>> Your attorney or you or both are wasting my time and gaslighting me with your claim that this proposed stipulation is somehow in my best interests.
>>
>> I have nothing to talk about with you. I put this in writing.
>>
>> However, you are more than free to respond in writing. But, please do not call my office regarding this matter. Thank you.
>>
>> Eric
>>
>> The Neshanian Law Firm, Inc.

5 Corporate Park, Ste. 250

Irvine, CA 92606

(714) 973-2600 Office

(714) 973-2601 Fax


**EFFECTIVE MAY 1, 2024, WE HAVE RELOCATED TO THE ABOVE ADDRESS**


Important Notice to Email Recipients:

DO NOT read, copy, or disseminate this communication unless you are the intended addressee. This email communication contains confidential and/or privileged information intended only for the addressee. Anyone who receives this email by error should treat it as confidential and is asked to call (714) 973-2600. This email transmission may not be secure and may be illegally intercepted. Do not forward or disseminate this email to any third party. Unauthorized interception of this email is a violation of federal law. Any reliance on the information contained in this correspondence by someone who has not not entered into a retainer agreement with The Neshanian Law Firm, Inc. is taken at the reader's risk. The attorneys of The Neshanian Law Firm, Inc. are licensed to practice law ONLY in California and do not intend to give advice to anyone on any legal matter not involving California  law.



On Mon, Aug 25, 2025 at 2:01 PM Neshanian Law Firm <neshanianlawfirm@gmail.com> wrote:

> Mr. Marshack,
>
>
> In fact, my firm's lien is superior to both of the credit card company liens also. My lien is no. 4 in order of priority.
>
>
> But, in the draft stipulation your attorney prepared that purportedly protects my client's best interests, three liens which are junior to me have been identified as superior to me.
>
>
> Honestly, I am beside myself. Your attorney made a big stink about my conduct and this proposed draft is approaching unethical conduct - certainly, appears improper with respect to your duty to protect creditors. Looks like you are protecting Saul and American Express. And, the AMEX liens are duplicates.  .
>
>
> Again, nothing to talk about.
>
>
> Eric
>
> The Neshanian Law Firm, Inc.
>
> 5 Corporate Park, Ste. 250

Irvine, CA 92606

(714) 973-2600 Office

(714) 973-2601 Fax

**EFFECTIVE MAY 1, 2024, WE HAVE RELOCATED TO THE ABOVE ADDRESS**

Important Notice to Email Recipients:

DO NOT read, copy, or disseminate this communication unless you are the intended addressee. This email communication contains confidential and/or privileged information intended only for the addressee. Anyone who receives this email by error should treat it as confidential and is asked to call (714) 973-2600. This email transmission may not be secure and may be illegally intercepted. Do not forward or disseminate this email to any third party. Unauthorized interception of this email is a violation of federal law. Any reliance on the information contained in this correspondence by someone who has not not entered into a retainer agreement with The Neshanian Law Firm, Inc. is taken at the reader's risk. The attorneys of The Neshanian Law Firm, Inc. are licensed to practice law ONLY in California and do not intend to give advice to anyone on any legal matter not involving California law.

On Mon, Aug 25, 2025 at 9:57 AM Richard Marshack <RMarshack@marshackhays.com> wrote:

> Eric-
>
> I truly look forward to talking to you.
>
> My job is to pay allowed creditor claims.
>
> We have not even thought about whether your claim is disputed.
>
> We are too busy trying to get enough peace in the divorce to sell the house before the secured debts eliminate the equity.
>
> Understand, we are using special provisions of the bk code to sell the house. Given the amount of debt this could not happen under state law.
>
> We need to monetize the assets in order to pay claims.
>
> Like I said, I look forward to talking to you.
>
> Richard
>
> Richard Marshack, Esq.
>
> MARSHACK HAYS WOOD, LLP
>
> 870 Roosevelt
>
> Irvine, CA 92620
>
> Mobile: 714 624-8000
>
> Office: 949 333-7777

On Aug 24, 2025, at 4:59 PM, Neshanian Law
Firm <neshanianlawfirm@gmail.com> wrote:

Yosina,

Please excuse me, based on Jacob's email
sending me a proposed stipulation last
Wednesday that I did not negotiate for on behalf
of my firm and asking me to participate in a call
on Thursday, I assumed this was an urgent
matter for the Trustee, your client. Apparently, I
was incorrect in assuming this was an urgent
matter for your client which required my
immediate attention.

I am a creditor and have been a business owner
for over twenty years. I first became a member of
the US District Court for the Central District of
California on July 13, 1998.

I am a trial attorney. I have represented
individuals and entities in tort, contract and other
matters - both civil and criminal - in bench or jury
trials. I am also a business person.

And, in addition to representing third persons
before tribunals, I also represent my firm in
which I am a shareholder.

Also, as a result of being a business owner with
a bar card, I have plenty of
experience representing my firm in bankruptcy
matters.

I have successfully prevented the stripping of my
firm's judgment lien and negotiated pay offs of
my firm's liens in bankruptcy litigation.

If you are happy to take my call, you should have
been happy to answer my email correspondence
promptly and in full without all the surplusage or
joining of third parties.

It doesn't take much more time to respond to an
email than speak on the phone. By the way,
neither Jacob nor you have responded to my

follow-up email to him on which you were carbon copied.

While you may have plenty of experience, Jacob does not.

You chose him to speak with me instead of you. Was that professional or courteous, Yossina?

And, when I inquired upon him regarding the balance of the mortgage on the property, he directed me to the stipulation referencing $700,000.00 which is not the current amount.

As you represent the trustee, I do not give any credence to your representations that the stipulation which was negotiated without any participation by my client is in my client's best interests.

I do not give any credence to your representation that sale of the property at foreclosure will wipe out my interest. It may. But, so may the bankruptcy sale. I have control over neither of them and only control the protection of my firm's interest.

I do not give any credence that you can do what is proposed in the stipulation by way of motion.

Ms. Smith has already been discharged in bankruptcy.

She never gave notice of intention of retaining this property and selling it or that she was even claiming an exemption on this property.

You can't sell the property free and clear under 11 USC 363(f) without first filing a motion to include the exempt property in her estate and then by another motion with the consent of all the creditors to the requested relief.

Am I missing something, Yossina?.

I could care less who else signed the stipulation.
I have been doing business in family law matters
with almost all of the other listed creditors except
the financial institutions listed in the stipulation.

None of them have reached out to me touting the
proposed stipulation or telling me they signed it
and I should also because it is in our
collective best interests.

And, it's really none of your business about how
many other properties of Mr. Gomez my lien
attaches to as a basis for me going along with
this proposed stipulation that I had no
participation in preparing on behalf of my client.
Heck, it looks like Mr. Gomez, who is not a party
to this action was able to negotiate the terms of
this stipulation but not the creditors.

Lastly, in response to your representation about
not getting full value at a foreclosure sale, how
do you expect to get full value at a bankruptcy
sale when the notice of default is part of the
chain of title.

There is no difference between the scenarios.

And, the scenario you are proposing is possibly
worse than a mere foreclosure sale - at least for
some of the creditors - as the debtor gets to
claim the exemption in bankruptcy but does not
qualify for the exemption at foreclosure sale on
the mortgage. Am I missing something, Yossina?
Do tell.

As the stipulation does not confirm that I shall be
paid from the sale proceeds by escrow and
requires further court order concerning
satisfaction of my lien and undermines 363(f)
and the security provided creditors thereby
including their right to refuse to consent, I
graciously decline entering into the stipulation on
behalf of my firm.

Thus, there is no need to discuss this matter
further via telephone. But, you are free to email
me as you see fit and at your convenience.

I hope you can appreciate that we may have a
difference of opinion as to what candor is, and
professionalism is and what courtesy is.

Forgive me for wrongly assuming this was an urgent matter for your client which required my immediate attention. I guess I was wrong.


Sincerely,


Eric Marcus Neshanian, Esq.

The Neshanian Law Firm, Inc.

5 Corporate Park, Ste. 250

Irvine, CA 92606

(714) 973-2600 Office

(714) 973-2601 Fax


**\*\*EFFECTIVE MAY 1, 2024, WE HAVE RELOCATED TO THE ABOVE ADDRESS\*\***


Important Notice to Email Recipients:

DO NOT read, copy, or disseminate this communication unless you are the intended addressee. This email communication contains confidential and/or privileged information intended only for the addressee. Anyone who receives this email by error should treat it as confidential and is asked to call (714) 973-2600. This email transmission may not be secure and may be illegally intercepted. Do not forward or disseminate this email to any third party. Unauthorized interception of this email is a violation of federal law. Any reliance on the information contained in this correspondence by someone who has not not entered into a retainer agreement with The Neshanian Law Firm, Inc. is taken at the reader's risk. The attorneys of The Neshanian Law Firm, Inc. are licensed to practice law ONLY in California and do not intend to give advice to anyone on any legal matter not involving California law.


On Fri, Aug 22, 2025 at 3:02 PM Lissebeck, Yosina <Yosina.Lissebeck@dinsmore.com> wrote:

Mr. Neshanian,


Wow. I'm not sure who you are used to dealing with in your line of practice, but the "tone" of your last two emails certainly makes me appreciate the fact that I work with the professionals in the commercial litigation and bankruptcy

restructuring practices I belong to for
these last 25+ years. I'm so sorry that
you work with people who would ignore
a colleague's questions.

Please understand that I am not ignoring
you and I will do my best to answer all
your questions so you understand this
process; However, I find that if I can
respond to emails within 24 hours, I'm
doing well – especially since I get over
100 emails every 2 hours to deal with,
plus calls, and documents and other just
daily stuff.

So – let's review –Jake sent you an
email and spoke with you on the phone.
Then you had follow up questions – you
sent an email to us both at 2:20 p.m. on
8/21 – I responded to that at 3:04 pm.

Then – you sent a follow up email asking
further questions at 3:32; and another
email at 4:28 wondering why I had not
responded: Well, as stated above, I get
100's of emails – which I try to respond
within 24 hours if I can.

So now at about 2:56 pm on 8/22 – here
are your responses to your email of
yesterday at 3:32 (within my 24 hour
period):

1. I told you we were getting an
   Order – but on the Federal side,
   our stipulations are separate
   documents from the orders; and
   are specifically formatted as the
   Court's won't sign them otherwise.
2. Correct, the stipulation is a
   preservation of your lien, it is not a
   release of your lien. It will attach to
   the proceeds in the same priority
   and extent that you already have.
   A further court order would be
   needed to release those proceeds.
3. I can't compel you to sign – but I
   hope you do, as it is in your best
   interest to do so – as stated in my
   first email, I'm happy to get on the
   phone and answer any questions
   you have about this process.
4. The Mortgage has not been paid –
   I'm figuring it is over $900,000 at
   this point; when they first filed their
   notice of foreclosure in May 2024

– they listed the price as over $802,000 – so it's been another year.

5. The Property needs to be maintained – the Debtor doesn't have any money – the Estate doesn't have any money; Mr. Gomez is willing to "lend" the estate, only with the Trustee's approval, up to $15,000. Most of these funds are going to help the Debtor directly with moving costs, trash removal, and storage costs. You can confirm with her, she is fine with this. He will get paid only what is expended to benefit the Estate and Debtor and at the direct approval of the Trustee.

6. We are not in family court.  In Bankruptcy – a property can be sold free and clear of all liens; We would like you all to consent – which is why we provided you a stipulation, so that you do have notice and are part of the conversation.

7. I've never seen a foreclosure sale get even close to fair market value for the property. I've attached the Title Report – you can see the liens yourself.

8. No

9. Because it isn't in foreclosure – this is a BK sale – The Trustee has to market it and obtain a fair price, he has fiduciary duties to creditors – like you – whom he is working to get funds too.  This Trustee has worked for over 35 years and his realtor knows how to get the best value out of these properties.

10. The Debtor's attorney SGSB signed the stipulation – as you know, they hold a $300,000 FLARPL and a $325,000 judgment lien.

And here are your response to your email of 8/22 at 1:38 (well within my 24 hour period):

I'm being very candid and answering your questions, I've offered to even get on a call with you to further explain the process if needed. This is not a ploy, this is the Trustee's attempt to do what is in the best interest of the

Estate. We are in bankruptcy court, and the Trustee is the party who has control over the property – he has the power pursuant to the code to sell free and clear of liens. Your lien will attach to the proceeds. This is a wasting asset.  My "failure" to respond to your emails, has been explained above – and I believe it is in your best interest, and every other lienholders interest, to sign the stipulation. Thanks for the "tip" about the two liens held by SGSB – rest assured that we have already asked them for the backup for all fees incurred and the payments made, and have already begun our investigation into those liens. And even with our investigation, they agreed to sign the stipulation before him.

I'm hopeful that this helps you understand our intent is nothing but good here. We really do appreciate your concerns and I'm happy to discuss this with you further on Monday if needed, just let me know and I can set up a call.

<image001.jpg>

**Yosina M. Lissebeck**
Partner
**Dinsmore & Shohl LLP**  •  Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0473  •  F (619) 400-0501
E Yosina.Lissebeck@Dinsmore.com  •
dinsmore.com

**From:** Neshanian Law Firm <neshanianlawfirm@gmail.com>
**Sent:** Friday, August 22, 2025 1:38 PM
**To:** Lissebeck, Yosina <Yosina.Lissebeck@Dinsmore.com>
**Cc:** Bothamley, Jacob <Jacob.Bothamley@Dinsmore.com>
**Subject:** Re: In re Kristina Lynn Smith Bankruptcy Case

Dear Yosina,

I don't think you intend to be as candid with me as you represent.

This ploy appears to be an attempt to strip the liens which is not an available avenue for the debtor as she has already been discharged in a chapter 7 bankruptcy.

Additionally, Jeff's previous attorney attempted a similar ploy in family law court before the end of 2024 which the court refused to go along with. I have attached Jeff's proposed findings and order after hearing in that case. I have attached it for your review. Enjoy the extra reading.

It appears that Jeff wants to be able to negotiate his liens against Kathy court via a bankruptcy to which he is not a party.

Your failure to respond to my previous inquiries leads me to believe that you admit that there really is nothing compelling to my interests in executing the stipulation and as a result I will not enter into the stipulation.

Lastly, if SGSB's family law real property lien and judgment against Jeff for fees (reflected by the recorded abstract of judgment) are for the same fees, the firm appears to be double dipping. This is something your client should be investigating because it is unduly leveraging the debtor's bankruptcy estate.

Eric

The Neshanian Law Firm, Inc.

5 Corporate Park, Ste. 250

Irvine, CA 92606

(714) 973-2600 Office

(714) 973-2601 Fax

**EFFECTIVE MAY 1, 2024, WE HAVE RELOCATED TO THE ABOVE ADDRESS**

Important Notice to Email Recipients:

and do not intend to give advice to anyone on any legal
matter not involving California law.

On Thu, Aug 21, 2025 at 3:04 PM
Lissebeck, Yosina
<Yosina.Lissebeck@dinsmore.com> wrote:

Hi Eric,

Happy to discuss further with you,
but this stipulation is really in
everyone's best interest – we would
not be putting it forward if it wasn't.
And your lien rights just transfer
from the "property" to the "proceeds"
in the same priority and extent.

Any stipulation filed with the court
would also have an order – and that
order will then become part of the
record as part of the sale motion
(once a buyer is obtained).

Why do this? There is not enough
money to pay the first mortgage lien
holder on this property, costs of
sale, and the Debtor's homestead,
which trumps all judgment liens.

Further, the Property is currently
facing foreclosure from the senior
lienholder, we are trying to keep
them from doing that.  If the
property is foreclosed upon – no
junior liens get paid.

If everyone agrees to this – and so
far it seems like we are getting
signatures ( SGSB, White
Zuckerman, Heston all signed
already); then the proceeds sit in
the trustee's account -with all liens
attaching in the same priority and
extent, and perhaps at that time a
deal between lienholders can be
done so that everyone get's
something.

showed up on the preliminary title report, and your firm also filed a proof of claim (Claim #2) in the bankruptcy case.

I would like to jump on a quick call with you to explain the background of the stipulation. What does your availability look like tomorrow (Thursday)?

Best,

Jake

<image001.jpg>

**Jacob R. Bothamley**
Associate
**Dinsmore & Shohl LLP** • Legal Counsel
655 West Broadway
Suite 800
San Diego, CA 92101
T (619) 400-0493 • F (619) 400-0501
E Jacob.Bothamley@Dinsmore.com •
dinsmore.com

--

The Neshanian Law Firm, Inc. <br>20 Corporate Park, Ste. 110<br>Irvine, CA 92606<br>(714) 973-2600 Office<br>(714) 973-2601 Fax<br><br>Important Notice to Email Recipients:<br>DO NOT read, copy, or disseminate this communication unless you are the intended addressee. This email communication contains confidential and/or privileged information intended only for the addressee. Anyone who receives this email by error should treat it as confidential and is asked to call (714) 973-2600. This email transmission may not be secure and may be illegally intercepted. Do not forward or disseminate this email to any third party. Unauthorized interception of this email is a violation of federal law. Any reliance on the information contained in this correspondence by someone who has not not entered into a retainer agreement with The Neshanian Law Firm, Inc. is taken at the reader&apos;s risk. The attorneys of The Neshanian Law Firm, Inc. are licensed to practice law ONLY in California and do not intend to give advice to anyone on any legal matter not involving California  law.<br>

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
5 Corporate Park, Ste. 250, Irvine, CA  92606

A true and correct copy of the foregoing document entitled (*specify*): _____
SECURED CREDITOR THE NESHANIAN LAW FIRM, INC.'S REBUTTAL TO TRUSTEE'S REPLY TO THE
THE NESHANIAN LAW FIRM, INC.'S OBJECTION (DOC 147); DECLARATION OF ERIC MARCUS NESHANIAN
IN SUPPORT
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
01/09/2025_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___01/09/2026_____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.
   1. The Honorable Scott C. Clarkson, United States Bankruptcy Court, Central District of California, Ronald Reagan
   Federal Building and Courthouse, 411 W. 4th St., Ste. 5130, Courtroom 5C, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

01/09/2026   Eric Marcus Neshanian, Esq. _____
     Date            *Printed Name*                                    *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

David Coats on behalf of Creditor Wells Fargo Bank, N.A.
dacoats@raslg.com

Benjamin Heston on behalf of Creditor Jeffrey Adams Gomez
bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net

Richard G. Heston on behalf of Creditor Richard G Heston
rheston@hestonlaw.com,
yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@reca
p.email

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;ayrton.celentino@dinsmore.com

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com


Jacob Newsum-Bothamley on behalf of Trustee Richard A Marshack (TR)
jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com

Matthew J Stockl on behalf of Trustee Richard A Marshack (TR)
mstockl@otterbourg.com, katrice.ortiz@dinsmore.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Julie J Villalobos on behalf of Debtor Kristina Lynn Smith
julie@oaktreelaw.com,
oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com

Jennifer C Wong on behalf of Interested Party Courtesy NEF
bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August  2010

F 9013-3.1.PROOF.SERVICE