| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Richard G. Heston; SBN 90738<br>Heston & Heston, Attorneys at Law<br>19700 Fairchild Road<br>Suite 280<br>Irvine CA 92612-2528<br>949-222-1041<br>949-222-1043 fax<br>rheston@hestonlaw.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Heston & Heston | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br>Kristina Lynn Smith | CASE NO.: 8:24-bk-12527-SC<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362<br>(with supporting declarations)<br>(ACTION IN NONBANKRUPTCY FORUM)** |
| Debtor(s). | DATE: 04/01/2026<br>TIME: 10:00 am<br>COURTROOM: 5C |

**Movant**: Heston & Heston, Attorneys at Law

1. **Hearing Location**:
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 3420 Twelfth Street, Riverside, CA 92501
   - ☒ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than *(date)* _____ and *(time)* _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 3/6/26

HESTON & HESTON, Attorneys at Law
_____
Printed name of law firm (if applicable)

Richard G. Heston
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 2                          F 4001-1.RFS.NONBK.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

    a. ☐ Plaintiff

    b. ☐ Defendant

    c. ☒ Other (*specify*): Creditor (in rem claim against community interest of non-filing spouse only)

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

    a. *Name of Nonbankruptcy Action*: In re Jeffrey Adams Gomez

    b. *Docket number*: 8:23-bk-12046-TA

    c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
       United States Bankruptcy Court for the Central District of California, Santa Ana Division

    d. *Causes of action or claims for relief (Claims)*:
       Court order awarding attorneys fees and costs of $34,421.76 in dismissed Chapter 13 case of Jeffrey Adams Gomez

3. **Bankruptcy Case History:**

    a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☒ 7 ☐ 11 ☐ 12 ☐ 13
       was filed on (*date*)  10/03/2024 .

    b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12 ☐ 13
       was entered on (*date*) _____.

    c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

    a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

    b. ☒ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

    c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

    d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

    e. ☐ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 3                          F 4001-1.RFS.NONBK.MOTION

f. ☐ The bankruptcy case was filed in bad faith.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☐ Other (*specify*):


5. **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

    a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

    c. ☐ Other (*specify*):


6. **Evidence in Support of Motion: (*Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

    a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

    b. ☒ Supplemental declaration(s).

    c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

    d. ☒ Other evidence (*specify*):
        Order Granting Application of Attorney for Debtor for Allowance of Fees and Expenses Following Dismissal or Conversion of Chapter 13 Case Subject to a Rights and Responsibilities Agreement entered 7/1/2024

7. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☐ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                    Page 4                                          F 4001-1.RFS.NONBK.MOTION

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☒ Other relief requested.

Date: 3/6/26

HESTON & HESTON, Attorneys at Law
Printed name of law firm (*if applicable*)

Richard G. Heston
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 5                    F 4001-1.RFS.NONBK.MOTION

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (name of Declarant) Richard G. Heston _____, declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding (Nonbankruptcy Action) because:

    - ☐ I am the Movant.
    - ☒ I am Movant's attorney of record in the Nonbankruptcy Action.
    - ☐ I am employed by Movant as (title and capacity):
    - ☐ Other (specify):

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

    - ☐ Plaintiff
    - ☐ Defendant
    - ☒ Other (specify): Attorney for Debtor Jeffrey Adams Gomez

4.  The Nonbankruptcy Action is pending as:

    a.  *Name of Nonbankruptcy Action*: In re Jeffrey Adams Gomez
    b.  *Docket number*: 8:23-bk-12046-TA
    c.  *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
        United States Bankruptcy Court for the Central District of California, Santa Ana Division

5.  **Procedural Status of Nonbankruptcy Action**:

    a.  The Claims are:
        The Chapter 13 case of Jeffrey Adams Gomez was dismissed with an administrative award of attorneys fees and costs to Debtor's counsel Heston & Heston in the amount of $36,421.76, entered on 7/1/24.

    b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit _____.

    c.  The Nonbankruptcy Action was filed on (date)  10/05/2023  .

    d.  Trial or hearing began/is scheduled to begin on (date) _____.

    e.  The trial or hearing is estimated to require _____ days (specify).

    f.  Other plaintiffs in the Nonbankruptcy Action are (specify):
        Not Applicable

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                        Page 6                        F 4001-1.RFS.NONBK.MOTION

g.   Other defendants in the Nonbankruptcy Action are (*specify*):
     None

6.   **Grounds for relief from stay:**

a.   ☒   Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to
         enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that
         Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under
         11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.   ☐   Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in
         effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate,
         except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary
         complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.   ☐   Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim
         against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number
         are (*specify*):

d.   ☐   The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.
     (1) ☐   It is currently set for trial on (*date*) _____.
     (2) ☐   It is in advanced stages of discovery and Movant believes that it will be set for trial by
             (*date*) _____.  The basis for this belief is (*specify*):

     (3) ☐   The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum
             is the most efficient use of judicial resources.

e.   ☐   The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the
         Nonbankruptcy Action.

     (1) ☐   Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case
             commencement documents.

     (2) ☐   The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with
             the Nonbankruptcy Action based upon the following facts (*specify*):

     (3) ☐   Multiple bankruptcy cases affecting the Property include:

     (A) Case name:
         Case number:                          Chapter:
         Date filed:          Date discharged:              Date dismissed:
         Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(B) Case name:
      Case number:                Chapter:
      Date filed:           Date discharged:           Date dismissed:
      Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

(C) Case name:
      Case number:                Chapter:
      Date filed:           Date discharged:           Date dismissed:
      Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

      ☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

      ☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

   f. ☐ See attached continuation page for other facts justifying relief from stay.

7. ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _3/6/26_ | Richard G. Heston | |
| Date | *Printed name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*             Page 8             **F 4001-1.RFS.NONBK.MOTION**

# ATTACHMENT 6d

## ORDER GRANTING APPLICATION FOR FEES -

## $36,421.76

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| RICHARD G. HESTON, ESQ.<br>HESTON & HESTON, Attorneys at Law<br>19700 Fairchild Road, Suite 280<br>Irvine, CA 92612<br>(949) 222-1041 Telephone<br>(949) 222-1043 Facsimile<br>rheston@hestonlaw.com<br>SNB: 90738 | **FILED & ENTERED**<br><br>JUL 01 2024<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY deramus  DEPUTY CLERK |
| ☐ Chapter 13 Trustee<br>☒ Attorney for:  Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re:<br><br>JEFFREY ADAMS GOMEZ | CASE NUMBER: 8:23-bk-12046-TA<br><br>CHAPTER: 13 |
|---|---|
| | **ORDER ☒ GRANTING  ☐ DENYING APPLICATION OF ATTORNEY FOR DEBTOR FOR ALLOWANCE OF FEES AND EXPENSES FOLLOWING DISMISSAL OR CONVERSION OF CHAPTER 13 CASE SUBJECT TO A RIGHTS AND RESPONSIBILITIES AGREEMENT** |
| Debtor(s). | ☒ No hearing held<br>☐ Hearing held<br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |

Based on the Application for Allowance of Fees and Expenses Following Dismissal or Conversion of Chapter 13 Case Subject to a Rights and Responsibilities Agreement (Application) filed on (date) 05/28/2022 as docket number 151, the court orders as follows:

1. ☒ The Application is granted and the Attorney for Debtor is allowed the sum of $38,611.00, of which $3,000.00 has already been paid directly to Applicant by Debtor per the Disclosure of Compensation as compensation for Additional Services and the sum of $810.76 in expenses related to Additional Services referred to in the Application, and the Chapter 13 Trustee is directed to pay the unpaid balance of $36,421.76 from the estate of Debtor as funds permit. The balance of the allowed fees and expenses shall be collected directly from the Debtor.

2. ☐ The Application is set for hearing on: (date) _____ at (time) _____.

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2017    Page 1    F 3015-1.19.ORDER.CH13.FEES.DMCON

3. ☐ The Attorney for Debtor must file and serve appropriate notice of the hearing on Debtor and the Chapter 13 Trustee.

4. ☐ The Application is denied.

5. ☐ Other (specify):

### 

Date: July 1, 2024

*Theodor C. Albert*
Theodor C. Albert
United States Bankruptcy Judge

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*                    Page 2                    F 3015-1.19.ORDER.CH13.FEES.DMCON

Richard G. Heston; SBN 90738
Heston & Heston, Attorneys at Law
19700 Fairchild Road
Suite 280
Irvine CA 92612-2528
949-222-1041
949-222-1043
rheston@hestonlaw.com

Attorneys for Movant

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>KRISTINA LYNN SMITH,<br><br>Debtor. | **Case No: 8:24-bk-12527-SC**<br><br>**Chapter 7**<br><br>**DECLARATION OF RICHARD G. HESTON IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>**Hearing:**<br>Date: April 1, 2026<br>Time: 10:00 AM<br>Courtroom: 5C |

## DECLARATION OF RICHARD G. HESTON

I, Richard G. Heston, declare:

1.  I am an attorney licensed to practice before all courts of the State of California and the United States District Court for the Central District of California, and I am admitted to practice before this Bankruptcy Court. I am a partner of the law firm of Heston & Heston in Irvine, California. I make this declaration in support of Movant's Motion for Relief from the Automatic Stay. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify thereto.

2.  I previously represented the Debtor's estranged spouse, Jeffrey Adams Gomez ("Jeff"), in a Chapter 13 bankruptcy case filed in this district, Case No. 8:23-bk-12046-TA.

DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM STAY

3.   During that representation I performed substantial legal services on Jeff's behalf. The case was actively litigated and opposed by creditors and other parties, including Jeff's former spouse Kristina Lynn Smith "Kristina"), the debtor herein in this subsequent proceeding, and significant professional time and expense were incurred. The single greatest factor in seeking confirmation was Kristina's adamant opposition and her opposition to Jeff converting the case to Chapter 7, which he instead ultimately dismissed.

4.   Although the Chapter 13 plan was ultimately not confirmed and the case was dismissed on May 13, 2024, the Court reserved jurisdiction over my fees and thereafter entered an order approving my compensation for my services.

5.   On July 1, 2024, this Court entered an order awarding and approving my fees in the amount of $36,421.76 (the "Fee Order"). A true and correct copy of the Fee Order is attached as Exhibit "A."

6.   The Fee Order is a final order of this Court and constitutes a monetary judgment enforceable against Jeff. To date, Jeff has not paid the amount awarded by the Court.

7.   In order to enforce the Fee Order, I caused a writ of execution to be issued and obtained an abstract of judgment.

8.   I was prepared to record the abstract of judgment and pursue ordinary collection remedies against Jeff. However, before enforcement could occur, having opposed Jeff's chapter 13 in which he proposed the sale of the community property residence located at 27591 Kathy Court, Laguna Niguel CA 92677 ("Kathy Court"), which was solely  occupied by Kathy, Kristina filed the present Chapter 7 case. Her filing of this case stayed my enforcement of my fee award against Jeff's interest

11. In this Chapter 7 case, as community property the Kathy Court property constitutes property of the bankruptcy estate.

DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM STAY

12. The Chapter 7 trustee, Richard A. Marshack ("Trustee"), has marketed the Kathy Court property and the Court has approved its sale for approximately $1,999,000. The Trustee has determined that a homestead exemption of approximately $722,500 applies to the property.

13. The Trustee has indicated that, after administration of the estate, Jeff will be entitled to receive a portion of the exempt homestead proceeds as the non-debtor spouse's community property interest.

14. Because the residence and its proceeds are property of the bankruptcy estate, I understand that I cannot lawfully levy, garnish, or otherwise enforce the Fee Order against any distribution payable to Jeff without relief from the automatic stay.

15. I do not seek to recover any funds from Kristina or from property of the bankruptcy estate belonging to Kristina. Instead, I seek only to enforce the Court's Fee Order against Jeff's portion of any distribution once the Trustee determines and segregates his share.

16. Jeff has indicated he would like the award of my fees to be paid; however, based on the history of the attorney-client relationship and the passage of time since entry of the Fee Order, reliance upon a voluntary assignment or future payment is uncertain.

17. If the Trustee distributes funds directly to Jeff without an authorized levy, those funds may be dissipated before lawful enforcement of the Court's Fee Order can occur, resulting in additional litigation and expense. Granting stay relief will allow the Trustee to honor a lawful levy and avoid post-distribution disputes, turnover litigation, or competing claims to the same funds.

18. I have communicated with the Trustee regarding this issue, and the Trustee has advised that relief from stay would permit him to administer the estate and any distribution to Jeff in an orderly and protected manner.

19. I am not seeking to attach, levy upon, or otherwise interfere with property of the Debtor, property of the bankruptcy estate, or administration of the Chapter 7 case.

3

DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM STAY

20. I seek only permission to serve a levy under the writ of execution upon funds that the Trustee determines are payable to the non-debtor spouse, Jeff, after the Trustee determines the amount of his distribution.

21. Granting relief will not prejudice the Debtor's fresh start and will not affect her discharge. Instead, the requested relief will permit enforcement of a prior order of this Court in a controlled manner and will assist the Trustee in making a final distribution.

22. Cause exists under 11 U.S.C. §362(d)(1) to grant relief because (a) the underlying obligation is based on a final compensation order entered by this Court, (b) the obligor is a non-debtor, (c) no recovery is sought from the Debtor or estate property belonging to the Debtor, (d) the Trustee's administration of the estate will not be impeded; and (e) the relief will avoid unnecessary post-distribution litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March __6__, 2026, at Irvine, California.

Richard G. Heston

DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM STAY

Exhibit "A"

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| RICHARD G. HESTON, ESQ.<br>HESTON & HESTON, Attorneys at Law<br>19700 Fairchild Road, Suite 280<br>Irvine, CA 92612<br>(949) 222-1041 Telephone<br>(949) 222-1043 Facsimile<br>rheston@hestonlaw.com<br>SNB: 90738 | **FILED & ENTERED**<br><br>**JUL 01 2024**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY deramus DEPUTY CLERK |

☐ Chapter 13 Trustee
☒ Attorney for: Debtor

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re:<br><br>JEFFREY ADAMS GOMEZ<br><br><br><br><br><br>Debtor(s). | CASE NUMBER: 8:23-bk-12046-TA<br>CHAPTER: 13 |
|---|---|
| | **ORDER ☒ GRANTING   ☐ DENYING APPLICATION OF ATTORNEY FOR DEBTOR FOR ALLOWANCE OF FEES AND EXPENSES FOLLOWING DISMISSAL OR CONVERSION OF CHAPTER 13 CASE SUBJECT TO A RIGHTS AND RESPONSIBILITIES AGREEMENT** |
| | ☒ No hearing held<br>☐ Hearing held<br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |

Based on the Application for Allowance of Fees and Expenses Following Dismissal or Conversion of Chapter 13 Case Subject to a Rights and Responsibilities Agreement (Application) filed on (date) **05/28/2022** as docket number **151**, the court orders as follows:

1. ☒ The Application is granted and the Attorney for Debtor is allowed the sum of $38,611.00, of which $3,000.00 has already been paid directly to Applicant by Debtor per the Disclosure of Compensation as compensation for Additional Services and the sum of $810.76 in expenses related to Additional Services referred to in the Application, and the Chapter 13 Trustee is directed to pay the unpaid balance of $36,421.76 from the estate of Debtor as funds permit. The balance of the allowed fees and expenses shall be collected directly from the Debtor.

2. ☐ The Application is set for hearing on: (date) _____ at (time) _____.

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*                    Page 1                    **F 3015-1.19.ORDER.CH13.FEES.DMCON**

3.  ☐  The Attorney for Debtor must file and serve appropriate notice of the hearing on Debtor and the Chapter 13 Trustee.

4.  ☐  The Application is denied.

5.  ☐  Other (specify):

###

Date: July 1, 2024

Theodor C. Albert
United States Bankruptcy Judge

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2017                    Page 2                    F 3015-1.19.ORDER.CH13.FEES.DMCON

1    Richard G. Heston; SBN 90738
     Heston & Heston, Attorneys at Law
2    19700 Fairchild Road
     Suite 280
3    Irvine CA 92612-2528
     949-222-1041
4    949-222-1043
     rheston@hestonlaw.com
5
     Attorneys for Movant
6
## UNITED STATES BANKRUPTCY COURT
7
## CENTRAL DISTRICT OF CALIFORNIA
8
## SANTA ANA DIVISION
9

10   In re:                                    **Case No: 8:24-bk-12527-SC**

11   KRISTINA LYNN SMITH,                      **Chapter 7**

12             Debtor.                         **MEMORANDUM OF POINTS AND**
                                               **AUTHORITIES IN SUPPORT OF**
13                                             **MOTION FOR RELIEF FROM THE**
                                               **AUTOMATIC STAY**
14
                                              **Hearing:**
15                                             Date:  April 1, 2026
                                               Time:  10:00 AM
16                                             Courtroom:  5C

17

18   ### I. INTRODUCTION

19        Movant seeks limited relief from the automatic stay under 11 U.S.C. §362(d)(1) to

20   enforce a final compensation order previously entered by this Court against Jeffrey Adams

21   Gomez, a non-debtor spouse. Movant does not seek recovery from the Debtor, from the Debtor's

22   discharge, or from property of the bankruptcy estate.

23        Movant seeks only authorization to levy upon any distribution that the Chapter 7 Trustee

24   determines is payable to the non-debtor spouse following administration of community property

25   in this case. The relief requested will not interfere with estate administration and will instead

26   permit an orderly distribution and avoid post-distribution litigation.

27

28

1

DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM STAY

## II. THE AUTOMATIC STAY DOES NOT EXIST FOR THE PURPOSE OF SHIELDING NON-DEBTORS

The automatic stay protects the debtor and property of the estate, not third parties. The Ninth Circuit has repeatedly held that §362(a) is limited in scope and generally does not extend to non-debtor parties. In *In re Chugach Forest Products, Inc.*, 23 F.3d 241, 246 (9th Cir. 1994), the court held that the automatic stay "protects only the debtor, property of the debtor, or property of the estate."

Likewise, the Bankruptcy Appellate Panel explained:

"The stay of section 362(a) is limited to debtors and does not protect non-debtor parties or their property."

*Boucher v. Shaw (In re Shaw)*, 2007 WL 7545166 (9th Cir. BAP 2007) (citing Ninth Circuit authority).

Here, the obligor on Movant's judgment is the non-debtor spouse. Movant is not attempting to collect from the Debtor. The requested relief therefore falls outside the core purpose of the automatic stay.

## III. CAUSE EXISTS UNDER §362(d)(1)

Relief from stay may be granted "for cause."

11 U.S.C. §362(d)(1).

The Bankruptcy Code does not define "cause." The Ninth Circuit has held that bankruptcy courts determine cause on a case-by-case basis and may grant relief when doing so will not interfere with administration of the estate.

*Kronemyer v. American Contractors Indemnity Co. (In re Kronemyer)*, 405 B.R. 915, 921 (9th Cir. BAP 2009).

Courts routinely grant stay relief where the dispute primarily involves a non-debtor, and the estate will not be prejudiced. Id.

DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM STAY

Here, both factors are satisfied. The judgment debtor is the non-debtor spouse, and Movant seeks relief only as to that person's distribution after the Trustee determines and segregates it.

## IV. THE REQUESTED RELIEF WILL NOT AFFECT PROPERTY OF THE ESTATE

Upon the filing of a bankruptcy case, community property becomes property of the estate under 11 U.S.C. §541(a)(2). However, once the trustee determines the non-debtor spouse's share and distributes it, those funds cease to be estate property. The Ninth Circuit recognizes that the automatic stay applies only to property of the estate while it remains property of the estate.

*Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*, 764 F.3d 1168, 1176 (9th Cir. 2014) (the stay protects estate property; once property is no longer property of the estate, §362(a)(3) no longer applies).

Movant therefore seeks a narrowly tailored order allowing enforcement only against funds determined by the Trustee to be payable to the non-debtor spouse. The Debtor's fresh start will be unaffected.

## V. THE RELIEF REQUESTED PROMOTES JUDICIAL ECONOMY

Bankruptcy courts regularly grant stay relief to allow liquidation or enforcement of claims in another forum where doing so will streamline administration of the estate.

*Christensen v. Tucson Estates, Inc. (In re Tucson Estates)*, 912 F.2d 1162, 1167 (9th Cir. 1990).

Granting relief here avoids the opposite result, post-distribution collection litigation, turnover disputes, and potential competing claims to distributed funds. The Trustee can administer the estate once and distribute funds in a controlled and court-authorized manner.

3

DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM STAY

## VI. CONCLUSION

Cause exists under 11 U.S.C. §362(d)(1). The obligor is a non-debtor spouse, the Debtor and estate property will not be affected, and the requested relief will facilitate administration of the estate and enforcement of a prior order of this Court.

Accordingly, Movant respectfully requests entry of an order granting limited relief from the automatic stay to permit service of a levy upon any distribution payable by the Trustee to the non-debtor spouse.

**HESTON & HESTON**
**Attorneys at Law**

**Date: March 6, 2026**

**/s/Richard G. Heston**
**Richard G. Heston,**
**Attorney for Movant**

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

19700 Fairchild Road, Suite 280
Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **Notice of Motion and Motion for  Relief from the Automatic Stay Under 11 U.S.C. § 362 (with supporting declarations) (Action in Nonbankruptcy Forum)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 3/6/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **David Coats**   dacoats@raslg.com
- **Benjamin Heston**   bhestonecf@gmail.com,
  benheston@recap.email,NexusBankruptcy@jubileebk.net
- **Yosina M Lissebeck**   Yosina.Lissebeck@Dinsmore.com,
  caron.burke@dinsmore.com;linda.dominguez@dinsmore.com
- **Richard A Marshack (TR)**   pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Eric Marcus Neshanian**   neshanianlawfirm@gmail.com
- **Jacob Newsum-Bothamley**   jacob.bothamley@dinsmore.com,
  bonnie.connolly@dinsmore.com
- **Matthew J Stockl**   mstockl@otterbourg.com, katrice.ortiz@dinsmore.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Julie J Villalobos**   julie@oaktreelaw.com,
  oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com
- **Jennifer C Wong**   bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On (*date*) 3/6/2026 served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building & Courthouse
411 West Fourth Street, Suite 5130/Crtrm. 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/6/2026 | Yanira Flores | /s/ Yanira Flores |
|----------|---------------|-------------------|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 F 9013-3.1.PROOF.SERVICE