Yosina M. Lissebeck (201654)
Yosina.lissebeck@dinsmore.com
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Tel: (619) 400-0500
Fax: (619) 400-0501

Attorney for Richard A. Marshack, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:24-bk-12527-SC |
| Kristina Lynn Smith, | Chapter 7 |
| Debtor. | **LIMITED OPPOSITION TO HESTON & HESTON, ATTORNEYS AT LAW'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 [DK. 166]** |
| | Date: April 1, 2026<br>Time: 10:00 a.m.<br>Place: Courtroom 5C<br>411 W Fourth St.<br>Santa Ana, CA 92701<br>via ZoomGov |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE; THE DEBTOR; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL OTHER INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

Richard A. Marshack the court-appointed Chapter 7 trustee ("Trustee") in the above-captioned chapter 7 case ("Case") of the debtor Kristina Lynn Smith ("Debtor"), hereby files this limited opposition ("Limited Opposition") to the *Notice of Motion and Motion for Relief from Stay under 11 U.S.C. § 362 (with supporting declarations) (Action in Nonbankruptcy Forum)* [Dk. 166] ("Motion") filed by Heston & Heston, Attorneys at Law ("Heston" or "Movant").

/ / /

1

As discussed *infra* Trustee does not oppose the relief requested in the Motion but rather, through this Limited Opposition, seeks to ensure that any order granting the Motion does not interfere with Trustee's authority and ability to administer the Estate, specifically as such authority relates to the distribution of sales proceeds generated from the sale of the real property located at 27591 Kathy Court, Laguna Niguel, California ("Property"), and that any lien obtained by Movant shall attach only to Jeffrery Adams Gomez's ("Gomez") share of the sales proceeds and shall be subject to the liens attaching thereto.

## I.    STATEMENT OF RELEVANT FACTS

On October 3, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court of the Central District of California. On or about October 3, 2024, Trustee was appointed trustee in the Case.

As set forth on her Schedule A/B, the Debtor owned the Property. Trustee sought to sell the Property for the benefit of the Estate.

To effectuate a sale of the Property, on August 20, 2025, Trustee filed a *Stipulation Between Estate, Debtor and Jeffrey Adams Gomez re: Cooperation with Trustee during Marketing and Sale of Real Property Located at 27591 Kathy Court, Laguna Niguel, California* [Dk. 126] ("Cooperation Stipulation"). The Cooperation Stipulation was approved by the Court on August 21, 2025 [Dk. 127] ("Cooperation Order"). Additionally, on September 26, 2025, Trustee filed with the Court a *Stipulation for Sale of Real Property Located at 27591 Kathy Court, Laguna Niguel, California Free and Clear of Liens* [Dk. 129] ("Sale Stipulation").[1] The Sale Stipulation was approved by the Court on October 6, 2025 [Dk. 130] ("Stipulation Order").

On December 23, 2025, Trustee filed a Motion seeking authority to sell the Property and other related relief [Dk. 139] ("Sale Motion"). On February 27, 2026, the Court entered an order granting the Sale Motion [Dk. 162] ("Sale Order"). The Sale Order, *inter alia*, authorized Trustee to sell the Property and distribute the proceeds as described therein, including reimbursing Gomez

---

[1] The Stipulation was entered into between Trustee, Debtor, Gomez, R&S Law Group, White Zuckerman Warsavsky Lune & Hunt LLP, Steigmeier, Gelbart, Schwartz and Benavente, LLP, A Center for Children and Family Law, Inc., American Express National Bank, and San Joaquin Hills Community Association. *See* Dk. 129.

directly from escrow in the amount of $26,622.33 for the costs of repairs and maintenance to the Property. *Id* at ¶ 22. The Stipulation Order and Sale Order also held that the total claimed homestead exemption of $699,421.00 shall be halved between Debtor and Gomez, providing each $349,710.50 *See e.g.,* Dk. 129, ¶ 4. With respect to Gomez's share, the funds are to be held by Trustee subject to the liens of Stegmeier, Gelbart, Schwartz and Benavente, LLP, The Neshanian Law Firm, and R&S Law Group (the liens collectively, "Gomez Liens").

On March 6, 2026, Heston filed the Motion. The Motion seeks relief from the automatic stay so Heston can enforce, against Gomez only, a court order awarding and approving Heston's legal fees in the amount of $36,421.76. *See* Case 8:23-bk-12046-TA, Dk. 161 ("Fee order"). In connection with the Fee Order, Movant asserts they previously caused a writ of execution to be issued and obtained an abstract of judgment; however, prior to recording the abstract of judgment and pursuing collection remedies against Gomez, Debtor filed this Case which stayed any enforcement of the Fee Order. Therefore, Heston seeks "to serve a levy under a writ of execution upon funds that the Trustee determines are payable to the non-debtor spouse, [Gomez], after the Trustee determines the amount of his distribution."

Trustee does not oppose the relief requested in the Motion; however, any order granting the Motion should clarify that the relief does not interfere with Trustee's authority and ability to administer the Estate, specifically as such authority relates to the distribution of sales proceeds generated from the sale of the Property, and that any lien obtained by Movant shall attach only to Gomez's share of the sales proceeds and shall be subject to the liens attaching thereto.

**II.    REQUESTED RELIEF**

As noted, Trustee does not object to relief from the automatic stay being granted for the purposes set forth in the Motion. Nonetheless, Trustee files this Limited Opposition to ensure that nothing in any related order impacts authority already provided to Trustee by the Court with respect to the sales proceeds related to the Property.

Any order granting the Motion should clarify that:

1.      Nothing in the Motion shall prevent Trustee from reimbursing Gomez directly from escrow in the amount of $26,622.33 for the costs of repairs and maintenance of the Property;

3

2.      Nothing in the Motion or any related order shall impact any authority already provided by the Court in the Cooperation Order, the Stipulation Order, or Sale Order (collectively, "Prior Orders") and to the extent that there are any conflicts between the Prior Orders and an order granting the Motion, the Prior Orders shall control; and

3.      To the extent that Heston is successful in obtaining a lien, it shall attach only to Gomez's share of the proceeds and shall be subject to the Gomez Liens attaching thereto[2] with the same validity, extent, and priority as provided under applicable law.

## III.      CONCLUSION

WHEREFORE, the Trustee respectfully requests that, should the Court enter an order granting the Motion, that it contain language holding that (i) Trustee maintains the authority to reimburse Gomez for costs incurred per the Sale Order, (ii) nothing in the Motion or related order impacts authority already provided to Trustee in the Prior Orders, and (iii) to the extent Movant obtains a lien, it shall attach only to Gomez's share of the sales proceeds and shall be subject to the liens attaching thereto.

Dated: March 18, 2026                    Respectfully submitted,

DINSMORE & SHOHL LLP


By: /s/ *Yosina M. Lissebeck*
     Yosina M. Lissebeck
Attorney for Richard A. Marshack, Chapter 7 Trustee

---

[2] Which liens and interests were preserved by the Prior Orders.

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 655 West Broadway, Suite 800, San Diego, CA 92101

A true and correct copy of the foregoing document entitled (*specify*): **LIMITED OPPOSITION TO HESTON & HESTON, ATTORNEYS AT LAW'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 [DK. 166]§ 362**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 18, 2026,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On **March 18, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> **JUDGE'S COURTESY COPY**
> Honorable Scott C. Clarkson
> United States Bankruptcy Court
> Central District of California,
> Santa Ana Division
> 411 W. Fourth St., Ste 5130/Ctrm 5C
> Santa Ana, CA 92701-4593

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 18, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 18, 2026 | Caron Burke | /s/ Caron Burke |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

5

**1.      TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

David Coats on behalf of Creditor Wells Fargo Bank, N.A.
dacoats@raslg.com

Benjamin Heston on behalf of Creditor Jeffrey Adams Gomez
bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net

Richard G. Heston on behalf of Creditor Richard G Heston
rheston@hestonlaw.com,
yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,he
stonlaw@recap.email

Yosina M Lissebeck on behalf of Trustee Richard A Marshack (TR)
Yosina.Lissebeck@Dinsmore.com,
caron.burke@dinsmore.com;linda.dominguez@dinsmore.com

Richard A Marshack (TR)
pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

Eric Marcus Neshanian on behalf of Interested Party Courtesy NEF
neshanianlawfirm@gmail.com

Jacob Newsum-Bothamley on behalf of Trustee Richard A Marshack (TR)
jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com

Matthew J Stockl on behalf of Trustee Richard A Marshack (TR)
mstockl@otterbourg.com, katrice.ortiz@dinsmore.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Julie J Villalobos on behalf of Debtor Kristina Lynn Smith
julie@oaktreelaw.com,
oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com

Jennifer C Wong on behalf of Creditor U.S. Bank National Association
bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

Jennifer C Wong on behalf of Interested Party Courtesy NEF
bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

6