| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Yosina M. Lissebeck 201654<br>Yosina.lissebeck@dinsmore.com<br>DINSMORE & SHOHL LLP<br>655 West Broadway, Suite 800<br>San Diego, CA 92101<br>Tel: (619) 400-0500<br><br>☒ *Attorney for*: Richard A. Marshack, Chapter 7 Trustee | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**JUN 12 2026**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY mccall    DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – _SANTA ANA_ DIVISION**

| In re:<br><br>Kristina Lynn Smith,<br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:24-bk-12527-SC<br><br>CHAPTER: 7<br><br>**ORDER ON APPLICATION**<br>**FOR PAYMENT OF:**<br>☒ **INTERIM FEES AND/OR EXPENSES**<br>**(11 U.S.C. § 331)**<br>☐ **FINAL FEES AND/OR EXPENSES**<br>**(11 U.S.C. § 330)**<br><br>DATE: June 2, 2026<br>TIME:  11:00 a.m.<br>COURTROOM: 5C<br>PLACE: 411 West Fourth Street<br>        Santa Ana, CA 92701 |
|---|---|

1.  Name of Applicant (*specify*): Dinsmore & Shohl LLP

2.  This proceeding was heard at the date and place set forth above and was    ☒ Contested    ☐ Uncontested

3.  Appearances were made as follows:

    a.  ☐ Applicant present in court
    b.  ☒ Attorney for Applicant present in court (name): Yosina M. Lissebeck
    c.  ☐ Attorney for United States trustee present in court
    d.  ☒ Other persons present as reflected in the court record

4.  Applicant gave the required notice of the Application on (*specify date*): May 12, 2026

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5.   The court orders as follows:

a.   ☒  Application for Payment of Interim Fees is approved as follows:

(1) ☒   Total amount allowed: $ 172,174.20

(2) ☒   Amount or percentage authorized for payment at this time: 80%

b.   ☒  Application for Reimbursement of Interim Expenses is approved and authorized for payment:

☒  Total amount allowed: $ 478.71

c.   ☐  Application for Payment of Final Fees is approved in the amount of: $ _____

d.   ☐  Application for Reimbursement of Final Expenses is approved and authorized for payment:

☐  Total amount allowed: $ _____

e.   (1) ☐  Application is denied

☐   in full

☐   in part

☐   without prejudice

☐   with prejudice

(2)  Grounds for denial *(specify):*

f.   ☒  The court further orders *(specify):*

Eric M. Neshanian appeared at the hearing on behalf of The Neshanian Law Firm, Inc. and provided an oral objection to the fee application; no written objection was filed by The Neshanian Law Frim, Inc. The Court heard, considered, and overruled the oral objection for the reasons stated on the record.

The Limited Opposition filed by Jeffrey Adams Gomez on May 19, 2026 [Dk. 186] is overruled for the reasons stated in the Court's tentative, which is set forth below and adopted in full, and for the reasons stated on the record.

Tentative for 6/2/26 is to APPROVE as requested.

The Court has reviewed the First Interim Fee Application and finds the requested fees and expenses reasonable and necessary. *See* 11 U.S.C. §§ 330(a)(1)(A), 331; *In re Auto Parts Club, Inc.*, 211 B.R. 29, 33 (9th Cir. BAP 1997). Gomez's Limited Opposition [Dk. 186] does not identify any specific billing entries as unreasonable, unnecessary, excessive, or otherwise noncompensable, but instead argues only that payment is premature pending adjudication of his asserted reimbursement claim under California Family Code § 2640.

The Court is not persuaded that the pending Family Code § 2640 dispute prevents allowance or payment of interim administrative expenses. Under 11 U.S.C. § 541(a)(2), all undivided community property becomes property of the bankruptcy estate upon the petition date, and such property remains estate property unless and until a state court enters a final division order. *Dumas v. Mantle (In re Mantle)*, 153 F.3d 1082, 1085 (9th Cir. 1998). The Bankruptcy Code further expressly authorizes the payment of allowed administrative expenses from estate property, including community property, and grants such claims priority over other claims. *See* 11 U.S.C. §§ 503(b); *Microsoft Corp. v. DAK Industries (In re DAK Industries),* 66 F.3d 1091, 1094 (9th Cir. 1995) (administrative-expense claims have priority over other unsecured claims); *see also* 11 U.S.C. §§ 507(a)(2) and 726(a)(1) (providing that allowed administrative expenses are paid first in distribution). Nothing in § 2640 or the pendency of the stay-relief motion alters the estate status of the undivided community-property proceeds or bars the Trustee from seeking interim compensation from estate assets.

Moreover, as pointed out in the Reply [Dk. 189], it appears that Gomez previously agreed in the Sale Stipulation [Dk. 129] to subordinate his asserted interests to the payment of administrative costs, including Trustee and professional fees.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Accordingly, the Court is inclined to OVERRULE Gomez' Limited Opposition and APPROVE Trustee's fees as requested.

Appearances are required.

**IT IS SO ORDERED.**

###

Date: June 12, 2026

Scott C. Clarkson
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*　　　　　　　　　　　　　　Page 3　　　　　　　　　　　**F 2016-1.3.ORDER.PAYMENT.FEES**