YOSINA M. LISSEBECK (201654)
yosina.lissebeck@dinsmore.com
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Tel: (619) 400-0500
Fax: (619) 400-0501

Attorneys for Richard A. Marshack,
Chapter 7 Trustee

FILED & ENTERED

JUN 12 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall     DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:24-bk-12527-SC |
| Kristina Lynn Smith, | Chapter 7 |
| Debtor. | **ORDER APPROVING CHAPTER 7 TRUSTEE, RICHARD MARSHACK'S COMPROMISES WITH CREDITOR WHITE ZUCKERMAN WARSAVSKY LUNA AND HUNT, LLP AND CREDITOR STEGMEIER, GELBART, SCHWARTZ AND BENAVENTE, LLP** |

Date:        June 2, 2026
Time:        11:00 a.m.
Judge:       Hon. Scott C. Clarkson
Place:       Courtroom 5C
             411 West Fourth Street
             Santa Ana, California 92701

On June 2, 2026, the Court held a hearing on the Chapter 7 Trustee, Richard Marshack's Motion for Order Approving Compromises with Creditor White Zuckerman Warsavsky Luna and Hunt, LLP ("Hunt") and Creditor Stegmeier, Gelbart, Schwartz and Benavente, LLP ("SGSB") filed on May 12, 2026 [Dk. 182] ("Motion"). Appearances are as noted on the record.

/ / /

1

The Court, having reviewed and considered the Motion and its supporting declarations, the Limited Opposition to the Motion filed by Jeffrey Adams Gomez ("Gomez") on May 19, 2026 [Dk. 186] ("Limited Opposition"), and the oral arguments of counsel, and for the reasons stated by the Court on the record and in its tentative ruling, which is set forth below and adopted in full, and based upon the representations made at the hearing by counsel for the Chapter 7 Trustee, finds good cause to order as follows:

1) The Motion is GRANTED in its entirety. The tentative ruling, which is adopted, was as follows:

Tentative for 6/2/26:

The Court is inclined to GRANT the Motion.

The Chapter 7 Trustee seeks approval under 9019 of two settlement agreements resolving lien disputes affecting proceeds from the sale of Debtor's residence located at 27591 Kathy Court, Laguna Niguel, California (the "Property").

The motion arises from competing claims asserted on the Property by Stegmeier, Gelbart, Schwartz and Benavente, LLP ("SGSB"), which recorded a $300,000 Family Law Attorney Real Property Lien ("FLARPL") on January 5, 2023, and White Zuckerman Warsavsky Luna and Hunt, LLP ("Hunt"), which obtained a judgment against the Debtor for $77,396.19 and recorded an abstract of judgment on June 30, 2023.

According to the Motion, SGSB will be paid $240,000.00 on its FLARPL and the remaining $60,000 of its asserted FLARPL claim will be subordinated to allowed administrative and general unsecured claims, with the subordinated lien transferred to the Estate pursuant to 11 U.S.C. § 510(c)(2). Similarly, Hunt shall reduce its claim and lien asserted against Debtor's portion of the Property sale proceeds from $77,396.19 to $50,000.00, freeing approximately $27,396.19 for unsecured creditors.

Trustee has satisfied the *A & C* factors and demonstrated that the proposed compromises are fair and equitable, and in the best interests of the estate. *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson),* 839 F.2d 610, 620 (9th Cir. 1988); *Martin v. Kane (In re A & C Props.),* 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub. nom. Martin v. Robinson,* 479 U.S. 854 (1986).

In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court considers (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986).

2

Regarding the probability of success in litigation, Trustee acknowledges there are colorable disputes concerning the enforceability, extent, and priority of the SGSB FLARPL and Hunt lien. However, the settlements avoid the risks and uncertainty of continued litigation while providing concrete value to the Estate, including the subordination of $60,000 of SGSB's asserted secured claim and reduction of Hunt's lien from $77,396.19 to $50,000.

Collection concerns are alleviated, as the disputed sale proceeds are already under Trustee's control and available for administration. As for the complexity of the litigation, the disputes involve overlapping bankruptcy, family-law, lien-priority, and adversary proceeding issues. Continued litigation would likely require substantial additional attorneys' fees and delay administration of the Estate and distributions to creditors, weighing strongly in favor of compromise.

As to the interests of creditors, the settlements materially increase the funds available for unsecured creditors while avoiding further litigation costs. Trustee represents that the SGSB settlement alone nearly doubles the funds available for unsecured creditor distributions, and the Hunt settlement further increases the value available to the Estate.

Debtor's ex-husband Jeffrey Gomez filed a Limited Opposition [Dk. 186], directing his objections to the timing of the Motion and the source of payment, not to Trustee's general authority to administer property of the estate. He argues that his asserted Family Code § 2640 reimbursement claim has not been liquidated or adjudicated and therefore the source of payment is disputed, rendering the Motion premature.

The pendency of Gomez' asserted Family Code § 2640 reimbursement claim does not render the Motion premature. Under 11 U.S.C. § 541(a)(2), undivided community property enters the bankruptcy estate upon the petition date and remains estate property unless and until divided by a state court order. *See Brace v. Speier (In re Brace)*, 979 F.3d 1228, 1230–31 (9th Cir. 2020); *Dumas v. Mantle (In re Mantle)*, 153 F.3d 1082, 1085 (9th Cir. 1998). Thus, even assuming Gomez may later establish some entitlement to reimbursement under Family Code § 2640, the Kathy Court sale proceeds presently remain estate property subject to administration by Trustee.

Moreover, as noted in the Reply [Dk. 189], under the Sale Stipulation [Dk. 129], the parties agreed that, following payment of senior liens, administrative costs, broker commissions, and related sale expenses, the remaining homestead proceeds would be divided into "Debtor's Share" and "Gomez's Share." Trustee represents that Debtor further agreed to limit and waive portions of "Debtor's Share" as necessary to satisfy administrative expenses and allowed unsecured claims, other than Gomez's claim, and Gomez subordinated his liens or interests to Administrative Costs. Trustee therefore contends that the present compromises affect only "Debtor's Share" of the proceeds and do not impair "Gomez's Share." To be clear, the SGSB compromise concerns the FLARPL against Debtor's Share; it does not resolve SGSB's separate abstract judgment against Gomez's Share.

Accordingly, because the compromises concern Debtor's Share, not Gomez's Share,

3

and Gomez's asserted § 2640 claim does not convert the sale proceeds into his separate property before division, the Court does not find the Motion premature. The Court therefore is inclined to OVERRULE the Limited Opposition and GRANT the Motion.

Appearances are required.

2) Notice of the Motion was proper.

3) The SGSB Settlement Agreement attached as Exhibit 1 to the Motion is APPROVED.

4) The Hunt Settlement Agreement attached as Exhibit 2 to the Motion is APPROVED.

5) The Limited Opposition is overruled.

6) From the Debtor's/Estate's share of the proceeds from the sale of the real property located at, and commonly known as, 27591 Kathy Court, Laguna Niguel, California 92677 ("Property"):

   a. SGSB shall be paid $240,000.00 of its $300,000.00 claim secured by a Family Law Attorney Real Property Lien ("FLARPL") ("Non-Subordinated Claim"). The $60,000 balance of the FLARPL shall be subordinated to all allowed administrative and general unsecured claims except any claim of Gomez ("Subordinated Claim"), and the lien securing the Subordinated Claim shall be transferred to the Estate pursuant to 11 U.S.C. § 510(c)(2). The Non-Subordinated Claim shall be paid within 14 days of entry of this Order. Should Trustee hold insufficient funds from the Debtor's/Estate's portion to pay the Non-Subordinated Claim and Subordinated Claim in full, SGSB shall receive a payment from funds on hand that are subject to the FLARPL equal to the ratio of the Non-Subordinated Claim to the Subordinated Claim. To the extent that the Non-Subordinated Claim is not paid in full, the unpaid balance of the Non-Subordinated Claim shall be allowed as a general unsecured claim against the Estate. Nothing in this Order affects any party in interest's rights to litigate against SGSB with respect to the abstract of judgment held by SGSB that attaches to Gomez's share of the proceeds.

   b. Hunt shall reduce its claim and lien asserted against the Debtor's/Estate's portion of the proceeds from the sale of the Property to $50,000 ("Reduced Claim"). Trustee shall pay the Reduced Claim as a second-priority distribution within 14

days of entry of this Order. Should Trustee hold insufficient funds from the Debtor's/Estate's portion to pay the Reduced Claim in full, any unpaid balance shall be allowed as a general unsecured claim against the Estate.

**IT IS SO ORDERED.**

####

Date: June 12, 2026

Scott C. Clarkson
United States Bankruptcy Judge

5