Yosina M. Lissebeck (201654)
yosina.lissebeck@dinsmore.com
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Tel: (619) 400-0500

Attorneys for Richard A. Marshack, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Kristina Lynn Smith,<br><br>         Debtor. | Case No. 8:24-bk-12527-SC<br><br>Chapter 7<br><br>**RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE'S LIMITED OPPOSITION TO JEFFREY ADAMS GOMEZ' MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 [DK. 187]**<br><br>Date:     July 1, 2026<br>Time:    10:00 a.m.<br>Place:   Courtroom 5C<br>           411 W Fourth St.<br>           Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE; JEFFREY ADAMS GOMEZ; THE DEBTOR; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL OTHER INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

Richard A. Marshack, court-appointed Chapter 7 Trustee ("Trustee") in the above-captioned Chapter 7 case ("Case") of the debtor Kristina Lynn Smith ("Debtor"), hereby files this limited opposition ("Opposition") to the *Notice of Motion and Motion for Relief from Stay under 11 U.S.C. § 362* [Dk. 187] ("Motion") filed by Jeffrey Adams Gomez ("Gomez" or "Movant").

1

As discussed *infra* Trustee solely opposes the relief requested in the Motion to the extent that Gomez seeks to interfere with Trustee's authority and ability to administer the Estate, particularly as it relates to the distribution of sales proceeds generated from the sale of the real property located at 27591 Kathy Court, Laguna Niguel, California ("Property"). At bottom, Gomez' alleged reimbursement claim under California Family Code § 2640 cannot affect the community property nature of the sales proceeds as no pre-petition division of the Property occurred, he has otherwise stipulated to "off the top" distributions, the Estate's/Debtor's share in the proceeds, and this Court has entered orders regarding the same which are binding on Gomez.

## I.      STATEMENT OF RELEVANT FACTS

Debtor and her husband, Gomez, have been in marriage dissolution proceedings in Orange County Superior Court for many years – since approximately September 2016. *In re Marriage of Kristina Lynn Smith and Jeffrey Adams Gomez*, Case No. 17D000590 ("Divorce Proceedings").

On October 1, 2024, two days prior to the Petition Date, Debtor and Gomez appeared before Judge Carmen Luege in Orange County Superior Court to address the sale of real property located at, and commonly known as, 27591 Kathy Court, Laguna Niguel, California 92677 ("Property") as part of the Divorce Proceedings. At that hearing, the court ordered the sale of the Property.[1]

On October 3, 2024 ("Petition Date"), Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court of the Central District of California. On or about October 3, 2024, Trustee was appointed trustee in the Case.

As of the Petition Date, no division of the Property had occurred in the Divorce Proceedings.

As set forth on her Schedule A/B, the Debtor owned the Property, which was a community property asset. Trustee sought to sell the Property for the benefit of the Estate.

To effectuate a sale of the Property, on August 20, 2025, Trustee filed a *Stipulation Between Estate, Debtor and Jeffrey Adams Gomez re: Cooperation with Trustee during Marketing and Sale of Real Property Located at 27591 Kathy Court, Laguna Niguel, California* [Dk. 126] ("Cooperation Stipulation"). The Cooperation Stipulation was approved by the Court on August 21, 2025 [Dk. 127]

_____

[1] The sale was ordered pre-petition; even though the order was not entered until October 21, 2024, that was just a "ministerial" act, which related back to the date of the hearing.

2

("Cooperation Order"). Additionally, on September 26, 2025, Trustee filed with the Court a *Stipulation for Sale of Real Property Located at 27591 Kathy Court, Laguna Niguel, California Free and Clear of Liens* [Dk. 129] ("Sale Stipulation").[2] The Sale Stipulation was approved by the Court on October 6, 2025 [Dk. 130] ("Stipulation Order").

On December 23, 2025, Trustee filed a Motion seeking authority to sell the Property and other related relief [Dk. 139] ("Sale Motion"). On February 27, 2026, the Court entered an order granting the Sale Motion [Dk. 162] ("Sale Order").

On May 12, 2026, Dinsmore filed its *First Interim Application for Allowance and Payment of Fees and Reimbursement of Expenses* [Dk. 180] ("Application") and Trustee filed a *Motion for Order Approving Compromises with Creditor White Zuckerman Warsavsky Luna and Hunt LLP and Creditor Stegmeier Gelbart Schwartz and Benavente LLP* [Dk. 182] ("9019 Motion"). On June 12, 2026, the Court entered an order granting both the Application [Dk. 196] ("Application Order") and the 9019 Motion [Dk. 197] ("9019 Order").

## II.    ARGUMENT

Trustee solely opposes the relief sought in the Motion to the extent that Gomez seeks to interfere with Trustee's ability to administer the Estate, particularly as to orders already entered by this Court concerning the sale proceeds from the Property.

As the Property was, on the Petition Date, community property, so too are the sales proceeds generated from its sale. This Court has already ordered that Trustee has authority to distribute the sales proceeds in certain regards. *See* Application Order and 9019 Order.

The Motion states that if Gomez prevails on his reimbursement claim, it will substantially affect what portion of the sales proceeds from the sale of the Property constitute property of the Estate. This statement is legally incorrect as the division of the Property did not occur pre-petition and Gomez has otherwise stipulated to the priority of certain claims over his asserted interests and the division of the sale proceeds, such as the Estate/Debtor's share of the same.

/ / /

---

[2] The Stipulation was entered into between Trustee, Debtor, Gomez, R&S Law Group, White Zuckerman Warsavsky Lune & Hunt LLP, Steigmeier, Gelbart, Schwartz and Benavente, LLP, A Center for Children and Family Law, Inc., American Express National Bank, and San Joaquin Hills Community Association. *See* Dk. 129.

Considering the Sale Stipulation, the Sale Order, the Application Order, the 9019 Order, and the fact that no division of the Property occurred pre-petition, any alleged § 2640 claim[3] cannot impact the Estate's/Debtor's Share of the sales proceeds. While Gomez may retain his alleged reimbursement rights under § 2640, he cannot now seek to collaterally attack final federal court orders in the Divorce Proceedings.

Therefore, to the extent the Court may grant the Motion, any related order must clarify that any § 2640 right to reimbursement cannot interfere with Trustee's distribution of the sale proceeds from the Property.

### 1.    **No Pre-Petition Property Division**

Section 541(a) of the Bankruptcy Code provides that property of the estate includes "[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case . . ." 11 U.S.C. § 541(a)(2). For purposes of § 541(a)(2), all community property not yet divided by a state court at the time of the bankruptcy filing is property of the bankruptcy estate. *Dumas v. Mantle (In Re Mantle)*, 153 F.3d 1082, 1085 (9th Cir. 1998). When a bankruptcy petition is filed prior to the final disposition of property between divorcing spouses, the community property comes within the jurisdiction of the bankruptcy court to assure fairness to the creditors of the individual spouses and the marital estate. *Keller v. Keller (In re Keller)*, 185 B.R. 796, 799-800 (B.A.P. 9th Cir. 1995). "[N]o California case holds that the operation of § 2640 may result in the transmutation of community property into separate property prior to the division by the state court." *In re Mantle, supra,* at 1086.[4]

The *In re Mantle* decision, even cited by Gomez, is on point, and binding, in this instance. There, husband and wife were married, but later husband filed a petition for dissolution of marriage. *Id.* at 1083. With the divorce proceedings pending, a community property house was sold and the sales proceeds placed in an escrow account pending further order of the state court. *Id.* There was no dispute as to the community property nature of the property prior to its sale. *Id.* at 1085. Thereafter, and before the marriage was dissolved, husband filed a bankruptcy petition. *Id.* at 1083-84. In the bankruptcy, wife claimed she was entitled to reimbursement from the sale proceeds under § 2640 for her separate

---

[3] Any reference to "§ 2640" refers to California Family Code § 2640.
[4] All references herein to "§ 2640" are to California Family Code § 2640.

property contribution to the downpayment of the community property house. *Id.* The Ninth Circuit held that "[w]hen the property was sold, the proceeds from the sale remained community property. Because the superior court had not yet divided the property at the commencement of the bankruptcy proceedings, the escrowed community property funds became property of the bankruptcy estate." *Id.* at 1086. It was further held that although wife "retain[ed] her § 2640 right to reimbursement for her separate property contribution to the community, this separate property interest does not render the sale proceeds her separate property prior to division by the superior court." *Id.*

Here, Debtor and Gomez were married but the Divorce Proceedings commenced in 2016. [Motion, pg. 2:2-3]. With the Divorce Proceedings pending, Debtor filed a bankruptcy petition. During the bankruptcy proceedings, the Property was sold. [Dkt. 162].[5] Gomez, in the Motion, does not dispute the community property nature of the property, but simply asserts that he has a reimbursement claim as he "contributed substantial separate property funds toward the acquisition and improvement of the [Property]." [Dkt. 187, pg. 10 of 14: 9-10; *see also* Dkt. 186, pg. 3:3-6].[6] However, the superior court, as of the Petition Date, had not yet divided the Property. [*See* Motion, generally]. While Gomez may retain his alleged § 2640 right to reimbursement, this interest does not render the sale proceeds his separate property. *In re Mantle, supra,* at 1086; 9019 Order.

Therefore, the Property and the sales proceeds derived therefrom are community property, property of the bankruptcy Estate, subject to Trustee's authority to administer the Estate, and cannot be affected by an alleged § 2640 claim. This is especially true considering the Sale Stipulation and Sale Order.

### 2. **The Sale Stipulation**

The Sale Order, *inter alia*, authorized Trustee to sell the Property and distribute the proceeds as described therein. Pursuant to the Sale Stipulation, after the payment of the first priority lienholder's claim, Trustee's fees, Dinsmore's fees, miscellaneous taxes and costs, and the broker commission,

---

[5] As noted, the Property was ordered to be sold by the superior court in the days prior to the filing of the Debtor's bankruptcy petition. The fact that the state court ordered the sale has no impact on the analysis as the Ninth Circuit found it to be immaterial as to whether the state court ordered the sale of the real property during the divorce proceedings. *In re Mantle, supra,*. at 1086.

[6] The Sale Stipulation also described the Property as community property. [Sale Stipulation, I.C. ("The Property is a community property asset of this bankruptcy case.")].

5

Debtor and Gomez are each allocated one half of the funds available on account of their respective "homestead" exemption interests ("Debtor's Share" and "Gomez' Share," respectively). [Dk. 129]. Debtor agreed to reduce and limit Debtor's Share to $25,000 and waived the remainder to all amounts necessary to pay all administrative fees and costs and timely filed unsecured claims, other than the claim of Gomez. [*Id*]. With respect to Gomez' Share, the funds are to be held by Trustee subject to the liens of Stegmeier, Gelbart, Schwartz and Benavente, LLP, The Neshanian Law Firm, and R&S Law Group (the liens collectively, "Gomez Liens"), and only to be distributed pursuant to further order of the Court.

As Gomez has already stipulated to the division of proceeds from the sale of the Property, his alleged § 2640 claim cannot interfere with Debtor's Share or the related distributions to be made by Trustee.

3.      **This Court's Orders are Binding on Gomez and the State Court**

As noted, the Court has entered orders concerning the Property and its sale proceeds. These orders are binding on Gomez and the state court in the Divorce Proceedings.

As it relates to the sale proceeds from the Property, this Court has entered the Stipulation Order, the Sale Order, the Application Order, and the 9019 Order (collectively, "Orders"). The Orders constitute final federal orders that are binding on the parties and are entitled to preclusive effect in subsequent proceedings, including in the Divorce Proceedings. *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 529 (9th Cir. 1998) (citing *Robertson v. Isomedix, Inc. (In re INTL Nutronics)*, 28 F.3d 965, 969 (9th Cir. 1994) (holding that a bankruptcy judgment is entitled to res judicata effect). Gomez may not relitigate these holdings. *Id*.

Ultimately, to the extent that Gomez seeks a determination that Debtor's Share constitutes his separate property or to the extent he seeks to interfere with other stipulated-to or Court-ordered distributions, they would be impermissible collateral attacks on a final bankruptcy court order.

To be clear, under *In re Mantle*, Trustee does not dispute that an alleged § 2640 reimbursement claim may survive in this instance; however, such a claim cannot interfere with orders already entered by this Court or Trustee's authorized distributions related to the same.

/ / /

6

## III.    CONCLUSION

WHEREFORE, the Trustee respectfully requests, to the extent the Court may grant the Motion, that any related order clarify that any alleged § 2640 claim held by Gomez cannot interfere with the Orders already entered by this Court or with Trustee's ability to administer the sale proceeds from the Property as authorized.

Dated:  June 15, 2026                                      Respectfully submitted,

                                                          DINSMORE & SHOHL LLP


                                                          By:  /s/ Yosina M. Lissebeck
                                                               Yosina M. Lissebeck
                                                          Attorneys for Richard A. Marshack, Chapter 7 Trustee

7

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is **655 West Broadway, Suite 800, San Diego, CA 92101**

A true and correct copy of the foregoing document entitled (*specify* **RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE'S LIMITED OPPOSITION TO JEFFREY ADAMS GOMEZ' MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 [DK. 187]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 15, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Attorneys for Wells Fargo Bank NA
  **David Coats** - dacoats@raslg.com

- Attorneys for Jeffrey Adams Gomez
  **Benjamin Heston** - bhestonecf@gmail.com, benheston@recap.email, NexusBankruptcy@jubileebk.net

- Attorneys for Richard Heston & Kerry Kavanaugh
  **Richard G. Heston** - rheston@hestonlaw.com, yflores@hestonlaw.com, docs@hestonlaw.com, HestonRR41032@notify.bestcase.com, hestonlaw@recap.email

- Attorneys for Richard A. Marshack, Chapter 7 Trustee
  **Yosina M Lissebeck** - Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com; linda.dominguez@dinsmore.com

- **Richard A Marshack (TR)** - pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

- Courtesy NEF
  **Eric Marcus Neshanian** - neshanianlawfirm@gmail.com

- Attorneys for Richard A. Marshack, Chapter 7 Trustee
  **Jacob Newsum-Bothamley** - jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com

- Attorneys for Richard A. Marshack, Chapter 7 Trustee
  **Matthew J Stockl** - mstockl@otterbourg.com, nregina@otterbourg.com

- **United States Trustee (SA**) - ustpregion16.sa.ecf@usdoj.gov

8

- Attorneys for Howard & Kristina Smith
  **Julie J Villalobos** - julie@oaktreelaw.com, oakecfmail@gmail.com;
  villalobosjr51108@notify.bestcase.com; gus@oaktreelaw.com

- Attorneys for US Bank National Association
  **Jennifer C Wong** - bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) June 15, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Ronald Reagan Federal Building
411 West Fourth Street, Suite 5130/Ctrm 5C
Santa Ana, CA 92701-4593

Clarence Yoshikane
Berkshire Hathaway
1400 Newport Center Drive, Suite 200
Newport Beach, CA 92660

Kerry Kavanaugh
4511 Isabella Lane
Dallas, TX 75229

Howard Smith
28822 Via De Luna
Laguna Niguel, CA 92677

Michelle Sherwood, Esq
R & S Law Group, APC
400 West First St
Tustin, CA 92780

Hahn Fife & Company LLP
1055 E. Colorado Blvd 5
Pasadena, CA 91106

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 15, 2026 | Wendy A. Yones | | /s/ Wendy A. Yones |
| *Date* | *Printed Name* | | *Signature* |

9