**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Movant

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>KRISTINA LYNN SMITH,<br><br>Debtor. | **Case No: 8:24-bk-12527-TA**<br><br>**Chapter 7**<br><br>**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. §362 (ACTION IN NON-BANKRUPTCY FORUM)**<br><br>**Hearing:**<br>Date: July 1, 2026<br>Time: 10:00 AM<br>Courtroom: 5C |

## I. INTRODUCTION

Immediately prior to the case being filed, an order was entered in the divorce proceeding which provided that the Kathy Court Property was to be sold, the mortgage and taxes to be paid, and all remaining proceeds to held in Gomez's attorney's trust account pending further court order. See Exhibit A - Findings and Order After October 1, 2024 Hearing. The Order expressly provided that no attorney's fees were to be paid from the proceeds absent further court order.

This case commenced as a no-asset Chapter 7 on October 3, 2024. On October 9, 2025, Gomez filed Proof of Claim #12, asserting that he held a claim for "Reimbursement under California Family Code § 2640" in the amount of $275,000. See Exhibit B – Proof of Claim #12. Thereafter, the Debtor, Gomez, and other potentially affected parties stipulated to the sale of the Property free and clear of liens. This sale was completed in February 2026.

On May 12, 2026, the Trustee filed an application for approval of fees (Docket #180) and a motion to approve a compromise (Docket #182). While these were pending, Gomez filed the instant Motion for Relief from Stay on May 19, 2026. On May 28, 2026, in the related adversary proceeding, *Gomez v. Stegmeier, Gelbart, Schwartz & Benavente, LLP, et al.*, the Court issued an order *sua sponte* abstaining and staying the adversary proceeding. The Order states:

> "However, the reservation of jurisdiction over disputes concerning lien amounts, priorities, or allocation as to the Kathy Court sale proceeds does not require this Court to decide, in the first instance, all predicate issues arising under California family law or from the parties' dissolution proceeding. Those predicate issues may and should be determined by the Orange County Superior Court, which is better positioned to interpret and apply the parties' premarital agreement, family-court stipulations and orders, attorney-fee awards, California Family Code § 2640, and California Family Code provisions governing FLARPLs. **After those determinations are made, this Court can determine any remaining bankruptcy consequences, including allowance or disallowance of claims, lien priority as against sale proceeds administered in the bankruptcy case, and distribution of such proceeds.**
>
> The predicate issues include, among other things, the effect of the premarital agreement, the validity or enforceability of any FLARPL, the effect of prior family-court stipulations or orders, the amount or effect of any Family Code § 2640 reimbursement claim, and whether particular attorney-fee claims or liens have been satisfied, waived, barred, or otherwise remain enforceable under California law."

See *Gomez v. SGSB, et al.* (Adv. No. 8:26-ap-01028-SC); Docket #14, at 9:6-21.

The Chapter 7 Trustee's Limited Opposition addresses issues that are not currently before the Court. The only issue presented in this Motion is whether Gomez should be allowed to go to state court to litigate the existence and amount of the § 2640 claim. If Gomez prevails, the effect of that ruling would be the subject of a completely different dispute.

## II. LEGAL ARGUMENT

### A. Allowing Relief from Stay is Consistent with Prior Court Orders

The Trustee's opposition focuses on the ultimate distribution of the proceeds. However, Gomez is not asking the Family Court to disturb or vacate the sale order, the interim fee order, or

*Reply In Support Of Motion For Relief From Stay Under 11 U.S.C. §362 (Action In Non-Bankruptcy Forum)*

the Rule 9019 compromise order, nor is he asking the state court to make any rulings as to the funds held by the Trustee.

Allowing the Family Court to litigate the § 2640 claim aligns with the procedures already established by both the state court and this Court. Prior to the bankruptcy filing, the state court explicitly reserved its role regarding these proceeds. In its Findings and Order After Hearing entered October 21, 2024, the Orange County Superior Court directed that "Remaining proceeds shall be deposited into the client trust accounts of Respondent's counsel... Respondent's counsel shall not disburse to anyone any portion of the proceeds unless both parties sign a stipulation which shall be submitted to the court for approval or by court order if the parties cannot agree on distribution." The Family Court then explicitly retained jurisdiction, ordering: "This Court retains jurisdiction to enforce the provisions of this Order and to make further orders that may be required to consummate the sale and distribution of proceeds."

Similarly, this Court has already abstained from deciding these predicate family law issues and directed them to the state court. In its May 28, 2026 Order Abstaining in Part and Staying Adversary Proceeding (Adv. Docket #14), this Court held: "The Court abstains under 28 U.S.C. § 1334(c)(1) from deciding the following predicate issues... (d) the existence, amount, or effect of any reimbursement claim asserted under California Family Code § 2640..."

This Court further confirmed that the state court is the proper forum, noting: "Those predicate issues may and should be determined by the Orange County Superior Court, which is better positioned to interpret and apply the parties' premarital agreement, family-court stipulations and orders, attorney-fee awards, California Family Code § 2640, and California Family Code provisions governing FLARPLs."

**B. The Sale Stipulation Did Not Waive the § 2640 Claim**

The Trustee contends that the October 2025 Sale Stipulation (Docket #129) precludes certain aspects of relief because Gomez subordinated his interests and the proceeds were divided into a "Debtor's Share" and "Gomez's Share." However, the Sale Stipulation merely created the framework for selling the property, paying costs, and holding the remaining proceeds. The

*Reply In Support Of Motion For Relief From Stay Under 11 U.S.C. §362 (Action In Non-Bankruptcy Forum)*

stipulation contains no waiver of rights under Family Code § 2640. To date, no court has determined the existence, validity, or amount of Gomez's reimbursement claim. The superficial labels "Debtor's Share" and "Gomez's Share" do not eliminate the need to liquidate the underlying claim.

### C. The Potential Effect on the Estate Is Not Currently At Issue

To the extent the Trustee's opposition is rooted in concerns over how a successful § 2640 claim might impact funds already distributed or compromised, those concerns do not justify denying or limiting relief from stay. The Trustee elected to proceed with administrative payments and creditor compromises with full knowledge that Gomez held this unliquidated claim. The Court need not be overly concerned with shielding the Trustee from the downstream effects of this decision, particularly when doing so would prejudice a non-debtor party seeking to establish his independent property rights that are superior to the Estate's interest in community property.

### III. CONCLUSION

For the foregoing reasons, Gomez respectfully requests that the Court grant relief from the automatic stay. Allowing the state court to litigate the § 2640 claim is the appropriate next step. The effect of any resulting ruling on the estate will be addressed by this Court at a later date, if necessary

NEXUS BANKRUPTCY

Date: June 24, 2026

/s/Benjamin Heston
BENJAMIN HESTON,
Attorney for Movant

*Reply In Support Of Motion For Relief From Stay Under 11 U.S.C. §362 (Action In Non-Bankruptcy Forum)*

# EXHIBIT A

FL-340

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Order of the Court<br><br>TELEPHONE NO.:              FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br><br>**OCT 2 1 2024**<br><br>DAVID H. YAMASAKI, Clerk of the Court<br><br>BY:_____C. MENDOZA_____,DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: LAMOREAUX JUSTICE CENTER
MAILING ADDRESS: 341 THE CITY DRIVE
CITY AND ZIP CODE: ORANGE, CA 92868
BRANCH NAME:

PETITIONER/PLAINTIFF: Kristina Smith
RESPONDENT/DEFENDANT: Jeffrey Gomez
OTHER PARTY:

| FINDINGS AND ORDER AFTER HEARING | CASE NUMBER:<br>17D000590 |
|---|---|

1. This proceeding was heard
on *(date):* 10/1/24     at *(time):* 8:30am     in Dept.: L66     Room:
by Judge *(name):* Judge Carmen Luege     ☐ Temporary Judge
On the order to show cause, notice of motion or request for order filed *(date):*     by *(name):*

a. ☒ Petitioner/plaintiff present          ☐ Attorney present *(name):*
b. ☒ Respondent/defendant present     ☒ Attorney present *(name):* Patrick McCaul
c. ☐ Other party present                      ☒ Attorney present *(name):* Tracy Willis

**THE COURT ORDERS**

2. Custody and visitation/parenting time:     As attached  ☐ on form FL-341    ☐ Other    ☐ Not applicable

3. Child support:     As attached  ☐ on form FL-342    ☐ Other    ☐ Not applicable

4. Spousal or family support:     As attached  ☐ on form FL-343    ☐ Other    ☐ Not applicable

5. Property orders:     As attached  ☐ on form FL-344    ☐ Other    ☐ Not applicable

6. Attorney's fees:     As attached  ☐ on form FL-346    ☐ Other    ☐ Not applicable

7. Other orders:     ☒ As attached          ☐ Not applicable

8. All other issues are reserved until further order of court.

9. ☐ This matter is continued for further hearing on *(date):*     at *(time):*     in Dept.:
on the following issues:

Date:

▶ See last page
JUDICIAL OFFICER

Approved as conforming to court order.

▶_____
SIGNATURE OF ATTORNEY FOR   ☐ PETITIONER / PLAINTIFF   ☐ RESPONDENT/DEFENDANT   ☐ OTHER PARTY

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-340 [Rev. January 1, 2012]

**FINDINGS AND ORDER AFTER HEARING**
**(Family Law—Custody and Support—Uniform Parentage)**

www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.     [Print this form]   [Save this form]          [Clear this form]

## FINDINGS AND ORDER AFTER HEARING 10/1/2024

On June 11, 2024, Jeffrey Gomez, Respondent, filed an emergency request for orders (RFO) seeking the sale of the marital residence, located at 27591 Kathy Ct., Laguna Niguel, CA 92677 ("the Subject Property"), prior to trial to prevent the foreclosure of the property. Petitioner opposed Respondent's request. The Court set the matter for hearing on January 29, 2025. On October 1, 2024, at a hearing before the Court, the parties brought to the Court's attention that the mortgage lender had scheduled a auction, to be held in November 2024, to sell the Subject Property. The parties represented that if the Subject Property was listed for sale by the parties, the lender would most likely stop the sale auction and prevent foreclosure proceedings. The parties agreed on the record to list the property for sale forthwith. The parties, on the record, went over terms that would be included in a stipulation to implement the sale agreement reached by the parties. Respondent's counsel prepared a written stipulation with the terms agreed upon during the October 1, 2024 hearing. Petitioner, however, declined to sign the stipulation for the sale of the property despite the fact that time is of the essence.

Pursuant to Fam. Code § 2108, at any time, pending dissolution proceedings, upon a showing of "good cause," the court may order the liquidation of community or quasi-community assets so as to "avoid unreasonable market or investment risks, given the relative nature, scope and extent of the community estate." Here, at the October 1, 2024 hearing, the parties agreed that they were at risk of losing the equity in the property if the mortgage lender proceeds with the auction sale or foreclosure proceedings. Accordingly, and pursuant to the agreement of the parties, as stated on the record on October 1, 2024, Court finds that there is good cause to order the sale of the Subject Property forthwith.

The parties are further ordered to follow the following rules in connection with the sale of the Subject Property:

- The Subject Property shall be listed for sale on or before October 4, 2024 with such real estate broker as the parties shall agree. If parties cannot agree on a real estate broker, the parties shall use the broker whose office is closest to the residence.

- Petitioner shall have the right to continue to reside at the Subject Property provided she complies with this Order.

- The party residing at the Subject Property shall make the Subject Property available for inspection by the broker and the other party, upon the giving of 24 hours' written notice.

- The Subject Property shall be listed at the highest price as recommended by the broker.

1

- A lock box may be placed on the Subject Property at the discretion of the realtor in order to show the Subject Property at all reasonable times. The party residing at the Subject Property shall have the obligation to cooperate with the broker and any prospective buyers.  This includes being available by telephone, keeping appointments, maintaining the Subject Property in good condition and presentable.

- The party residing in the Subject Property shall maintain it in clean and presentable condition in order to obtain the maximum sales price and shall do any necessary minor repair for such purposes so long as they shall occupy the home. Major repairs shall be defined as any repair which costs $1000.00 or more.  Such major repairs shall be made only after consultation with the realtor, and written notification to the other party.  Said major repairs shall be paid equally by the parties or shall be equally borne by the parties upon payment after close of escrow.

- All offers shall be immediately conveyed to both parties for their respective consideration; if either party desires to accept an offer for the purchase of the Subject Property which is not acceptable to the other party, the party desiring to accept the offer may file a motion to have the sale approved by the court. The burden to show that the sale is NOT in the best interest of the parties shall be on the party opposing the offer. The party opposing the offer shall support his/her position with an appraisal and shall pay the cost and expense of said appraisal.

- In the event that the occupying party does not comply with the requirement for the maintenance of the home, or does not cooperate with the realtor to show the home, then that party's right to occupy the Subject Property may be terminated by an ex parte motion brought to this Court, with a declaration under penalty of perjury setting forth the facts relied upon.  The court, upon such hearing of an ex parte motion, may issue an order ejecting the party from the Subject Property.

- The net proceeds from the sale of the Subject Property, after deduction of normal real estate commissions and costs of sale, shall be disbursed as follows:
  - payment to mortgage lenders and lienholders.
  - payment of real property taxes directly to the government agency.
  - payment of state or federal taxes due as a result of the sale directly to the government agency.

- Remaining proceeds shall be deposited into the client trust accounts of Respondent's counsel. Respondent's counsel shall not used any portion of the sale proceeds to cover the parties' attorney fees or costs of litigation. Respondent's counsel shall not disburse to anyone any portion of the proceeds unless both parties sign a stipulation which shall be submitted to the court for approval or by court order if the parties cannot agree on distribution.

2

This Court retains jurisdiction to enforce the provisions of this Order and to make further orders that may be required to consummate the sale and distribution of proceeds.

**IT IS SO ORDERED:**

DATE: 10/21/24          By: _____

CARMEN R. LUEGE, JUDGE
Department L66

Judge Carmen Luege

3

# EXHIBIT B

<table>
<tr><td>

**Fill in this information to identify the case:**

Debtor 1    Kristina Lynn Smith

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Central District of California

Case number   8:24-bk-12527-SC

</td><td>



**FILED**

OCT 09 2025

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

</td></tr>
</table>

## Official Form 410

# Proof of Claim
04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

| | | |
| --- | --- | --- |
| 1. | **Who is the current creditor?** | Jeffrey Adams Gomez <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor   Jeff Gomez |
| 2. | **Has this claim been acquired from someone else?** | ☑ No <br> ☐ Yes. From whom? _____ |

| | | | |
| --- | --- | --- | --- |
| 3. | **Where should notices and payments to the creditor be sent?** <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> Jeffrey Adams Gomez <br> Name <br> P.O. Box 1718 <br> Number    Street <br> Upland    CA    91785 <br> City    State    ZIP Code <br><br> Contact phone (909)477-9821 <br><br> Contact email jeff@jeffadams.com <br><br><br> Uniform claim identifier (if you use one): <br><br> _ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _ | **Where should payments to the creditor be sent? (if different)** <br><br> _____ <br> Name <br> _____ <br> Number    Street <br> _____ <br> City    State    ZIP Code <br><br> Contact phone _____ <br><br> Contact email _____ |

| | | |
| --- | --- | --- |
| 4. | **Does this claim amend one already filed?** | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____     Filed on _____ <br>         MM / DD / YYYY |
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ |

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

7. **How much is the claim?**    $_____275,000.00. **Does this amount include interest or other charges?**

    ☑ No

    ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Reimbursement under California Family Code § 2640.

9. **Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

    **Nature of property:**

    ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

    ☐ Motor vehicle

    ☐ Other. Describe: _____

    **Basis for perfection:** _____

    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:**             $_____

    **Amount of the claim that is secured:**    $_____

    **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:**    $_____

    **Annual Interest Rate (when case was filed)** _____%

    ☐ Fixed

    ☐ Variable

10. **Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | Amount entitled to priority |
|---|---|---|---|
| | ☐ Yes. *Check one:* | | |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |

\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/25/2025
MM / DD / YYYY

*Signature*

**Print the name of the person who is completing and signing this claim:**

| Name | Jeffrey | Adams | Gomez |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Creditor |
|---|---|

| Company | N/A |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | P.O. Box 1718 | | |
|---|---|---|---|
| | Number        Street | | |
| | Upland | CA | 91785 |
| | City | State | ZIP Code |

| Contact phone | (909)477-9821 | Email | jeff@jeffadams.com |
|---|---|---|---|

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No.: 8:24-BK-12527-SC |
| | ) |
| KRISTINA LYNN SMITH | ) **DECLARATION OF JEFFREY ADAMS** |
| | ) |
| | ) **GOMEZ IN SUPPORT OF PROOF OF** |
| | ) |
| Debtor. | ) **CLAIM** |
| | ) |
| | ) |
| | ) |

I, JEFFREY ADAMS GOMEZ, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

I am the creditor in the above-captioned bankruptcy case. I have personal knowledge of the facts stated herein and am competent to testify to them.

This declaration is submitted in support of my Proof of Claim, filed concurrently, for the reimbursement of $275,000.00 in separate property funds used to acquire the real property located at 27591 Kathy Ct., Laguna Niguel, CA 92677 (the "Property").

On or about January 29, 2014, I purchased the Property. A true and correct copy of the Grant Deed, recorded with the Orange County Recorder, is attached as **Exhibit C**. The Deed clearly states I took title as "a married man as his sole and separate property."

I contributed a down payment of $275,000.00 towards the purchase of the Property. The source of these funds was the sale of my pre-marital, separate property located at 213 40th St., Newport Beach, CA, which closed on November 28, 2007, and yielded net proceeds of $525,531.94. A true and correct copy of the closing statement is attached as **Exhibit A**.

I maintained significant separate property funds, as evidenced by my Bank of America statement from January 2009, attached as **Exhibit B.**

On or about September 1, 2016, the Debtor, Kristina Lynn Smith, was added to the title of the Property, converting it from my sole and separate property. This act triggered my right to reimbursement for my separate property contribution under California Family Code § 2640.

I never gifted this down payment or my interest in the Property to the Debtor. The Debtor has not reimbursed me for this separate property contribution.

My claim is for a fixed sum reimbursement of my separate property down payment. This right to reimbursement is established by California Family Code § 2640, which mandates that I be reimbursed for my separate property contribution from the proceeds of the sale of the Property before any equal division of community property. This is a statutory right, not a debt based on a promissory note. Accordingly, the claim is properly filed as an unsecured claim against the bankruptcy estate, payable from the proceeds against the Estate's sale of the Property.

Additionally, I have just recently spent thousands of dollars moving the debtor out of the residence. This included not only hiring a professional moving company, but also paying for three large dumpster trucks due to all the all of the trash the debtor left behind and the hoarding conditions that existed. The house was left in extremely poor condition and will require that I spend tens of thousands of dollars for the repairs on a property that I moved out of almost ten years ago. There are holes in the walls, water leaks, electrical and plumbing issues that need to be repaired, broken appliances, soiled carpet and flooring that needs to be replaced, landscaping that was dead and overgrown, as well as rat dropping throughout the house, garage and attic. The house will also require an interior and exterior paint job so that it can be put on the market for sale.

I respectfully request that the Court allow my claim as a secured claim against the proceeds of the sale of the Property.

Declaration in Support of Proof of Claim

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 10/1/2025

Jeffrey A. Gomez

Declaration in Support of Proof of Claim

Exhibit "A"



FREEDOM ESCROW

Phone (949) 644-3939 • 2 San Joaquin Plaza, Suite 200 • Newport Beach, CA 92660 • Fax: (949) 644-3938
www.freedomescrow.com

JEFF ADAM, TRUSTEE
213 40TH ST. TRUST, DATED MARCH 1, 2004
P.O. BOX 1718
UPLAND, CA 91785

(DELIVERED TO AGENT)

Dear JEFF:

Date: November 29, 2007
Escrow No. 04575-JT
Re: 213 40TH STREET
     NEWPORT BEACH, CA 92663

The above referenced escrow closed on November 28, 2007. In connection therewith, we are enclosing the following documents:

    Check representing your net proceeds of $525,531.94
    Closing Statement (PLEASE RETAIN FOR INCOME TAX PURPOSES)
    IRS 1099 reporting form

NOTE: Your final net proceeds is $6,805.66 less than the estimate, as the title policy fee and 1st half 07/08 property taxes were not reflected on the estimate.

Your escrow will be held by our office for a period of five years from the close of escrow. We appreciate having had the opportunity of serving you.

Sincerely,

Judy Teel
Escrow Officer



Case 8:24-bk-11527-SC    Claim 20

# SELLER'S FINAL SETTLEMENT STATEMENT

Phone (949) 644-3939 • 2 San Joaquin Plaza, Suite 200 • Newport Beach, CA 92660 • Fax (949) 644-3938
www.freedomescrow.com

**PROPERTY:** 213 40TH STREET
NEWPORT BEACH, CA 92663

**DATE:** November 29, 2007

**CLOSING DATE:** November 28, 2007

**SELLER:** 213 40TH ST. TRUST, DATED MARCH 1, 2004

**ESCROW NO.:** 043754-JT

| | DEBITS | CREDITS |
|---|---|---|
| **FINANCIAL CONSIDERATION** | | |
| Total Consideration | | 1,400,000.00 |
| **PAYOFF CHARGES - Flagstar Bank** | | |
| **[Total Payoff $652,334.39]** | | |
| Principal Balance | 650,000.00 | |
| Interest on Principal Balance at $77.9100/day from 11/01/2007 to 11/29/2007 | 2,259.39 | |
| Fax Fee(s) | 75.00 | |
| **PAYOFF CHARGES - F & A Credit Union** | | |
| **[Total Payoff $150,940.67]** | | |
| Principal Balance | 150,910.67 | |
| Statement Fee | 30.00 | |
| **PRORATIONS/ADJUSTMENTS** | | |
| Taxes at $4781.75/semi-annually from 11/28/2007 to 01/01/2008 | | 876.65 |
| **COMMISSION CHARGES** | | |
| Keller Williams | 14,000.00 | |
| Surterre Properties | 42,000.00 | |
| **OTHER DEBITS/CREDITS** | | |
| Yellow Jacket Exterminators for Termite Report/Work | 4,644.00 | |
| BHWC - Land America Home Warranty Home Warranty | 495.00 | |
| City of Newport Beach for Residential Building Report | 177.00 | |
| LGS Reports, Inc. for Zone Disclosure Reports | 128.95 | |
| **TITLE/TAXES/RECORDING CHARGES** | | |
| Owners Title Policy Fee to Ticor Title Company | 2,934.00 | |
| Sub Escrow Fee to Ticor Title Company | 62.50 | |
| Overnight mail for payoff to Ticor Title Company | 11.45 | |
| Documentary Transfer Tax | 1,540.00 | |
| Current Taxes - 1st half 07/08 taxes | 4,781.75 | |
| **ESCROW CHARGES** | | |
| Escrow Fee | 1,350.00 | |
| Drawing Grant Deed | 50.00 | |
| **Net Proceeds** | 525,531.94 | |
| **TOTAL** | $ 1,400,876.65 | $ 1,400,876.65 |

Exhibit "B"

# Bank of America

H -

2455 P P
E0-4

CD 01/20 1 0000 399 1000000000 717 006482 #001 AV 0.324

JEFFERY A GOMEZ
PO BOX 1718
UPLAND  CA  91785-1718

## Your Bank of America Combined Account Statement

**Statement Date: January 12, 2009**

**Premier Banking Service & Support**
Call: 1.800.621.1236

**Written Inquiries**
Bank of America
Upland Branch
PO Box 37176
San Francisco, CA 94137-0001

Customer since 1989
Bank of America appreciates your
business and we enjoy serving you.

Our free Online Banking service allows you to check balances, track account activity, pay bills and more. **With Online Banking you can also view up to 18 months of this statement online and even turn off delivery of your paper statement. Enroll at** www.bankofamerica.com.

---

### ❏ Summary of Your Deposit Accounts

| Account | Account Number | Your Balance |
|---|---|---|
| Standard Checking | 24554-42799 | $ 67.53 |
| Cash Maximizer | * 24554-70273 | 835,479.51 |
| Total Balances | | $ 835,547.04 |

*Combined balances in these accounts may be used to eliminate monthly checking account service charges.

### ❏ Bank of America News

Bank of America has partnered with Upromise and wants to extend a special opportunity for you to apply for the Upromise Scholarship. $500,000 in scholarships will be awarded, and you could be a recipient. Visit www.upromise.com/500k to learn more.

---

### ❏ Your Standard Checking Account

**Account Number: 24554-42799**
**Statement Period: December 12, 2008**
**                    through January 12, 2009**

| | |
|---|---|
| Beginning Balance on 12/12/08 | $1,724.46 |
| Total Deposits | + 12,238.86 |
| Total Checks, Withdrawals, Transfers, Account Fees | - 13,895.79 |
| Ending Balance | $67.53 |

| | |
|---|---|
| Number of ATM withdrawals and transfers | 2 |
| Number of purchase transactions | 0 |
| Number of 24 Hour Customer Service Calls | |
|  Self-Service | 0 |
|  Assisted | 0 |

---

### ❏ Important Information About Your Account

Based on the average combined balance you've maintained in your linked Bank of America checking and savings accounts, your monthly service charge has been waived.

---

### ❏ Branch/ATM Deposits

| Number | Date Posted | Amount | | Number | Date Posted | Amount |
|---|---|---|---|---|---|---|
| | 12/15 | $ 3,690.80 | | | 01/05 | 600.00 |
| | 12/23 | 5,214.00 | | Total of 4 deposits | | $12,236.36 |
| | 12/30 | 2,731.56 | | | | |

---

Continued on next page

California

Recycled Pa

Exhibit "C"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder



12.00

*S R 0 0 0 6 4 7 5 4 3 0 S *
2014000037515 2:01 pm 01/29/14
93 406 G02  3 08
524.15 524.15 0.00 0.00 6.00 0.00 0.00 0.00

RECORDING REQUESTED BY:
Western Resources Title

AND WHEN RECORDED MAIL TO:

Jeff Gomez
P O Box 1718
Upland, CA 91785

THIS SPACE FOR RECORDER'S USE ONLY:

Title Order No.: 71256 — 𝒜𝒱                                    Escrow No.: 002485-KS

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $1,048.30** ˙
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area  [X] City of  Laguna Niguel

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**David Neal Miller and Elizabeth Margaret Miller, Trustees of The David Neal Miller and Elizabeth Miller Living Trust Dated November 30, 2006**

hereby GRANT(s) to:

**Jeff Gomez, a married man as his sole and separate property**

the real property in the  County of Orange, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
Also Known as: 27591 Kathy Court, Laguna Niguel, CA 92677
AP#: 636-632-34

DATED December 23, 2013
STATE OF CALIFORNIA
COUNTY OF  _Orange_
On _December 30, 2013_
before me, _Anna C. Scott_ ,
A Notary Public in and for said State personally appeared
_David Neal Miller and Elizabeth_
_Margaret Miller_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____

David Neal Miller and Elizabeth Margaret Miller,
Trustees of The David Neal Miller and Elizabeth Miller
Living Trust Dated November 30, 2006

BY: _David Neal Miller_
David Neal Miller, Trustee

BY: _Elizabeth Margaret Miller_
Elizabeth Margaret Miller, Trustee

ANNA C. SCOTT
Commission # 1922179
Notary Public - California
Orange County
My Comm. Expires Jan 16, 2015

(Seal)

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

**RECORDING REQUESTED BY:**
JEFF GOMEZ

**WHEN RECORDED MAIL DOCUMENT AND TAX STATEMENT TO:**

JEFF GOMEZ
P.O. BOX 1718
UPLAND, CA 91785

APN: 636-632-34

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

12.00

*SR000089788155*

2017000006694 9:44 am 01/06/17

9 417 G02 F13   2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

13423-2 JT.

THIS SPACE FOR RECORDER'S USE ONLY

## GRANT DEED

The undersigned Grantor(s) declare(s) that the **DOCUMENTARY TRANSFER TAX IS: $ 0 County**
XX computed on the full value of the interest of property conveyed, or
___ computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale.
___ OR transfer is EXEMPT from tax for the following reason:

_____     JEFF GOMEZ
Signature of Declarant or agent determining tax          Firm Name

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, JEFF GOMEZ, A MARRIED MAN**

**HEREBY GRANT(S) to JEFF GOMEZ and KRISTINA SMITH GOMEZ, HUSBAND AND WIFE AS JOINT TENANTS**

All that real property situated in the City of LAGUNA NIGUEL, County of ORANGE, State of California, described as:
SEE LEGAL DESCRIPTION ATTACHED HERE TO AND MADE A PART HEREOF  see Exhibit 'A'

**Commonly Known As: 27591 KATHY COURT, LAGUNA NIGUEL, CA 92677**

SEPTEMBER 1, 2016

JEFF GOMEZ

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document

STATE OF CALIFORNIA
COUNTY OF _San Bernardino_
on _November 16, 2016_, before me, _Misty R. Teeter_, a Notary Public
personally appeared _Jeff Gomez_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____     (SEAL)



MISTY R TEETER
Commission # 2077163
Notary Public - California
San Bernardino County
My Comm Expires Jun 2 201_

MAIL TAX STATEMENTS AS DIRECTED ABOVE

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1384 Augusta Drive
Upland, Ca 91786

A true and correct copy of the foregoing document entitled (*specify*): PROOF OF CLAIM
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) 10/09/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Richard G. Heston rheston@hestonlaw.com,
Benjamin Heston  ben@nexusbk.com
yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email
Richard A Marshack (TR) pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
Matthew J Stockl matthew.stockl@dinsmore.com, katrice.ortiz@dinsmore.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Julie J Villalobos julie@oaktreelaw.com,
oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com
Jennifer C Wong bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 10/09/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Kristina Smith
27591 Kathy Ct.
Laguna Niguel, Ca 92677

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

---

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

10/9/2025    Lisa Tobin                     *Lisa Tobin*
*Date*      *Printed Name*              *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400
Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. §362 (ACTION IN NON-BANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 6/24/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David Coats    dacoats@raslg.com
Richard G. Heston    rheston@hestonlaw.com,
yflores@hestonlaw.com,docs@hestonlaw.com,HestonRR41032@notify.bestcase.com,hestonlaw@recap.email
Yosina M Lissebeck    Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com
Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
Eric Marcus Neshanian    neshanianlawfirm@gmail.com
Jacob Newsum-Bothamley    jacob.bothamley@dinsmore.com, bonnie.connolly@dinsmore.com
Matthew J Stockl    mstockl@otterbourg.com, nregina@otterbourg.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Julie J Villalobos    julie@oaktreelaw.com, oakecfmail@gmail.com;villalobosjr51108@notify.bestcase.com;gus@oaktreelaw.com
Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 6/24/2026 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Scott C. Clarkson
411 West Fourth Street
Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/24/2026 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**