YOSINA M. LISSEBECK (201654)
yosina.lissebeck@dinsmore.com
TAYLOR F. DUNCAN (353158)
Taylor.duncan@dinsmore.com
**DINSMORE & SHOHL LLP**
655 West Broadway, Suite 800
San Diego, CA 92101
Tel: (619) 400-0500
Fax: (619) 400-0501

Counsel to Richard A. Marshack,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Kristina Lynn Smith,<br><br>Debtor. | Case No. 8:24-bk-12527-SC<br><br>Chapter 7<br><br>**DINSMORE & SHOHL LLP'S (1) SECOND INTERIM APPLICATION AS COUNSEL FOR RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR ALLOWANCE AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF MAY 1, 2026 THROUGH OCTOBER 12, 2026; AND (2) REQUEST FOR PAYMENT OF FIRST INTERIM FEE APPLICATION HOLDBACK AMOUNT; DECLARATION OF TAYLOR F. DUNCAN**<br><br>Date: November 17, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Scott C. Clarkson<br>Place: Courtroom 5C<br>411 West Fourth Street<br>Santa Ana, California 92701 |

Dinsmore & Shohl LLP ("Dinsmore" or "Applicant"), as counsel to Richard A. Marshack, the duly appointed, qualified, and acting Chapter 7 Trustee (the "Trustee") of the above-captioned bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), respectfully submits *Dinsmore & Shohl LLP's (1) Second Interim Application for Allowance and Payment of Fees and Reimbursement of Expenses for the Period of May 1, 2026 through October 12, 2026; and (2) Request for Payment of First Interim Fee Application Holdback Amount* ("Application"). The Application seeks, for the Period of May 1, 2026, through October 12, 2026 (the "Application Period"), the sum of $61,510.00 for fees incurred and reimbursement of expenses in the amount of $721.30, for a total of $62,231.30. Additionally, the Application seeks authorization for payment of $34,434.84 in fees previously approved by the Court in connection with Dinsmore's First Interim Application (defined below), but which were held back pending further order [*See* Dks. 180, 196].

The Estate currently has $559,075.51 cash on hand which the Trustee is holding pursuant to the sale of real property, the Sale Order, and various stipulations, settlements and orders regarding the same. The total unsecured claims are approximately $75,054.14 as a result of the entry of the Global 9019 Order (defined below).

**STATEMENT OF FACTS**

On October 3, 2024, Debtor filed her voluntary petition under Chapter 7 of the United States Bankruptcy Code ("Petition Date"). [Dk. 1]. The Trustee was appointed as the duly authorized and qualified Chapter 7 Trustee on that same date. [Dk. 4].

On March 6, 2025, an order was entered by this court authorizing the Trustee to retain Dinsmore as his attorneys in this proceeding with respect to all matters arising in connection with the duties of a Trustee. [Dk. 56].

This Case largely involves issues related to a divorce proceeding and various assets, including real property. Since 2016, Debtor and Jeffrey Adams Gomez ("Gomez") have been in marriage dissolution proceedings in Orange County Superior Court. Such proceedings have and continue to be contentious and adversarial and affect the administration of the Estate. For instance, a couple of days prior to the Petition Date, on October 1, 2024, the Orange County Superior Court ordered the sale of the real property located at and commonly known as 27591 Kathy Court, Laguna

Niguel, California 92677 ("Property") to be sold ("Sale Order"). Dinsmore analyzed and advised the Trustee, who used his business judgment, as to a plan that would comply with the Sale Order and provide a benefit to the Estate.

This plan included, after opposing a related motion for relief from stay filed by Gomez, (1) stipulating with Gomez and Debtor with respect to, *inter alia*, their cooperation to preserve the Property's value, allow for appropriate marketing of the Property, and vacate the property to allow for the same [Dk. 126 ("Cooperation Stipulation")], and (2) stipulating with all known lienholders, with one exception, to sell the Property free and clear of all liens, with the proceeds of the sale to be collected and held until further order of the Court. [*See* Dk. 129] ("Sale Stipulation"). The Sale Stipulation also provided that Debtor would reduce and limit her homestead exemption to $25,000. The remainder of her homestead exemption was subordinated to all amounts necessary to pay all administrative fees and costs and timely filed unsecured claims, other than the claim of Gomez. [*Id.*].

As a result of the foregoing, and after addressing the multiple objections filed by the non-stipulating lienholder, Trustee, with Dinsmore's support, was able to effectuate a sale of the Property with an order authorizing such sale having been entered on February 27, 2026 [Dk. 162] ("Bankruptcy Sale Order").

After the sale of the Property, Dinsmore continued negotiations with Debtor's lienholders to provide further benefit to the Estate. Dinsmore assisted Trustee with those efforts which culminated in a motion for order approving compromises with creditors White Zuckerman Warasvsky Luna and Hunt, LLP ("Hunt") and Stegmeier, Gelbart, Schwartz and Benavente LLP ("SGSB"). [Dk. 182] ("Hunt/SGSB 9019 Motion"). The Hunt/SGSB 9019 Motion was approved by the Court on June 12, 2026 [Dk. 197].

Moreover, and in accordance with the Bankruptcy Sale Order, Trustee is holding funds which constitute Gomez's stipulated share of the sale proceeds from the sale of the Property ("Gomez Share"). Disputes among Gomez and his asserted lienholders arose, which resulted in the filing of the adversary proceeding styled *Gomez v. Stegmeier, Gelbart, Schwartz & Benavente, LLP, et al.*, Adv. No. 8:26-ap-01028-SC ("Gomez Adversary"). While the Gomez Adversary did not

name Trustee, the allegations and relief sought therein would undoubtedly have impacted the Estate. Dinsmore supported Trustee with negotiations related to the Gomez Adversary and the claims of Gomez generally. As a result of these efforts Trustee filed a joint motion to approve a global settlement, authorize distributions, and authorize a registry deposit. [Dk. 212] ("Global 9019 Motion"). The Global 9019 Motion resolves, among other things, all issues arising from and related to (1) the Gomez Adversary; (2) the claims of (a) SGSB, (b) The Neshanian Law Firm ("Neshanian"), and (c) R&S Law Group, APC; (3) every proof of claim filed by or on behalf of Gomez in the Estate; and (4) fully distributes the Gomez Share held by Trustee in accordance with the Sale Stipulation and Bankruptcy Sale Order. [*Id.*]. On October 27, 2026, the Court entered an order approving the Global 9019 Motion [Dk. 216] ("Global 9019 Order").

While the sale of the Property was a preliminary primary focus, Dinsmore has and continues to review, analyze, and advise Trustee as to other matters affecting the administration of the Estate including:

1. As stated in the Employment Application, Dinsmore was expressly employed to, and as evidenced by the billing statements attached has, on behalf of the Trustee prepared necessary motions, applications, answers, orders, reports, and other pleadings in connection with the administration of the Estate or as required by this Court or otherwise pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California ("Local Bankruptcy Rules");

2. Representing the Trustee at hearings regarding or affecting the Debtor or the estate;

3. Investigating Debtor and her financial affairs;

4. Prosecuting and defending litigated matters arising during the Case;

5. Advising the Trustee with respect to matters in the Case;

6. Advising the Trustee with respect to the claims (and claims objections) asserted in the Case;

7. Commencing, conducting, advising or assisting in the same as applicable, any and all litigation or other action necessary or appropriate to assert rights held by the estate or the Debtor, or protect or recover assets of the estate or the Debtor;

8. Representing the Trustee with respect to sales of assets of the estate, including real property;

9. Providing counseling with respect to legal matters arising during the pendency of the Case; and

10. Performing all other legal services necessary for the efficient and economic administration of the Case.

Dinsmore has previously filed the *First Interim Application of Dinsmore & Shohl LLP as Counsel for Richard A. Marshack, Chapter 7 Trustee for Allowance and Payment of Fees and Reimbursement of Expenses for the Period of October 23, 2024 Through April 30, 2026* [Dk. 180] ("First Interim Fee Application"). No other fee application has been filed by Dinsmore. An order approving the First Interim Fee Application was entered on June 12, 2026, which approved Dinsmore's fee for the period therein in the total amount of $172,174.20, with authorization for 80% payment at that time, and allowed expenses in the amount of $478.71. [Dk. 196].

**DESCRIPTION OF PROFESSIONAL SERVICES RENDERED**

The portions of this application set forth in this section generally describe the principal areas of professional services rendered by Dinsmore on behalf of Trustee. Attached hereto as **Exhibit "A"** is a summary of the services performed by Dinsmore during the Application Period, sorted by the specific project category, and the total number of hours billed per category. **Exhibit "D"** contains the detailed statements of account supporting information for Exhibit "A" attached hereto. This description of services does not include each and every problem encountered nor each and every service rendered.

During the period May 1, 2026 through October 12, 2026, Dinsmore engaged in the usual and ordinary services as counsel for Trustee, in assisting him in the discharge of his fiduciary duties and responsibilities. Those services included:

/ / /

/ / /

/ / /

/ / /

## FEE APPLICATION

In this category, during the Application Period, Dinsmore billed 17.20 hours for $9,926.00, in overall fees.

**a. Timekeeper Breakdown**

| Timekeeper | Title | Rate (2026) | Hours | Total Fees |
|---|---|---|---|---|
| Yosina M. Lissebeck | Partner | $840 | 5.30 | $4,452.00 |
| Taylor F. Duncan | Associate | $460 | 11.90 | $5,474.00 |
| | **Total Hours / Fees** | | **17.20** | **$9,926.00** |

**b. Services Rendered**

Dinsmore prepared, prosecuted, and obtained approval of the First Interim Fee Application. [Dk. 180]. Additionally, Dinsmore prepared for the instant Second Interim Fee Application.

After the First Interim Fee Application was filed, Gomez filed an opposition thereto. [Dk. 186]. Dinsmore reviewed and analyzed the opposition filed, conferred with the Trustee regarding the issues raised therein, and assisted in formulating the strategy for responding to the objection. Dinsmore thereafter filed a reply, reviewed the Court's ruling, attended the hearing related to the same, and prepared the proposed order approving the fee application.[1] The order approving the First Interim Fee Application was entered on June 12, 2026. [Dk. 196].

During the present Application Period, Dinsmore also reviewed and approved the notice procedures associated with the Second Interim Fee Application and organized and analyzed the applicable billing invoices and entries.

## ASSET ANALYSIS AND RECOVERY

In this category, during the Application Period, Dinsmore billed 1.60 hours for $1,344.00, in overall fees.

/ / /

[1] The opposition to the First Interim Fee Application also opposed the Hunt/SGSB Motion. Accordingly, time incurred related to the Gomez's omnibus opposition, and the hearing related to the First Interim Fee Application also appears in the Litigation category. There are no duplicative time entries.

**a. Timekeeper Breakdown**

| Timekeeper | Title | Rate (2026) | Hours | Total Fees |
|---|---|---|---|---|
| Yosina M. Lissebeck | Partner | $840 | 1.60 | $1,344.00 |
| **Total Hours / Fees** | | | **1.60** | **$1,344.00** |

**b. Services Rendered**

Dinsmore assisted the Trustee in reviewing stipulations and settlement documents affecting Estate property and the allocation and distributions of proceeds from the sale of the Property, communicated with the Trustee regarding the impact of those agreements on creditor recoveries, and provided supporting documents and analysis regarding the same.

Dinsmore further reviewed and analyzed exemption considerations arising in the Case, analyzed the effect of claimed exemptions on Estate administration and distributions, and advised the Trustee regarding those issues. Dinsmore additionally prepared and revised distribution analyses reflecting Estate funds on hand, anticipated recoveries, and expected allocations among creditors.

As disputes concerning lien rights continued to develop, Dinsmore evaluated settlement proposals involving competing claims to Estate proceeds, communicated with parties asserting lien interests, and advised the Trustee regarding the effect of potential settlements on Estate administration and distributions. Dinsmore's efforts assisted the Trustee in evaluating competing interests in Estate assets and maximizing potential recoveries available for creditors.

**ASSET DISPOSITION**

In this category, during the Application Period, Dinsmore billed 16.70 hours for $9,430.00, in overall fees.

**a. Timekeeper Breakdown**

| Timekeeper | Title | Rate (2026) | Hours | Total Fees |
|---|---|---|---|---|
| Yosina M. Lissebeck | Partner | $840 | 4.60 | $3,864.00 |
| Taylor F. Duncan | Associate | $460 | 12.10 | $5,566.00 |
| **Total Hours / Fees** | | | **16.70** | **$9,430.00** |

**b. Services Rendered**

A significant portion of Dinsmore's services involved assisting the Trustee with administration and disposition of Estate assets and the allocation of sale proceeds among creditors and parties asserting interests in those proceeds. Dinsmore analyzed accounting information relating to the sale of the Property, calculated distributions to creditors, evaluated competing claims to proceeds, and prepared detailed distribution schedules reflecting the proper allocation of funds under Court-approved settlements and applicable bankruptcy law.

Dinsmore devoted substantial attention to determining pro rata distributions to unsecured creditors and evaluating the treatment of secured and priority claims (while considering the effects of potential compromises related to the same). This work included reviewing Trustee accountings, calculating Trustee compensation, assessing alleged homestead allocations, evaluating transferred or assigned claim rights, and determining the impact of various settlements and claims on ultimate distributions. Dinsmore also prepared memoranda addressing strategies to maximize distributions available to unsecured creditors.

The administration of sale proceeds was further complicated by disputes involving asserted reimbursement rights and lien claims. Dinsmore analyzed issues arising under California Family Code § 2640, assessed competing claims against the proceeds, communicated with interested parties regarding those claims, and developed legal strategies designed to facilitate an orderly distribution process while preserving Estate assets. Dinsmore also addressed creditor inquiries regarding anticipated distributions and claim treatment.

As disputes among competing claimants persisted, Dinsmore engaged in extensive negotiations with lienholders, creditors, and their counsel in an effort to resolve competing claims to the sale proceeds. Dinsmore participated in numerous conferences with the Trustee and opposing counsel concerning settlement proposals, lien resolutions, and potential procedures for handling disputed funds. Where settlement could not immediately be achieved, Dinsmore prepared a motion seeking authority to deposit disputed proceeds into the Court's registry, drafted supporting declarations, and developed procedural mechanisms intended to permit continued administration of the Estate while preserving the competing claims of interested parties.

Ultimately, Trustee, with Dinsmore's support, was able to secure a global settlement as evidenced by the Global 9019 Motion.

Dinsmore also addressed later-arising issues concerning claims asserted by the California Franchise Tax Board and continued to advise the Trustee regarding the effect of such claims on the ultimate distribution of Estate assets.

**RELIEF FROM STAY PROCEEDINGS**

In this category, during the Application Period, Dinsmore billed 11.00 hours for $6,086.00, in overall fees.

**a. Timekeeper Breakdown**

| Timekeeper | Title | Rate (2026) | Hours | Total Fees |
|---|---|---|---|---|
| Yosina M. Lissebeck | Partner | $840 | 2.70 | $2,268.00 |
| Taylor F. Duncan | Associate | $460 | 8.30 | $3,818.00 |
| **Total Hours / Fees** | | | **11.00** | **$6,086.00** |

**b. Services Rendered**

Dinsmore also devoted substantial efforts to addressing relief from stay issues and related attempts by parties to pursue rights in state court affecting Estate assets and proceeds. Dinsmore analyzed the legal and factual bases for requested stay relief, researched applicable law, and prepared oppositions and limited oppositions on behalf of the Trustee. Dinsmore's work focused on protecting Estate assets, preserving the Bankruptcy Court's jurisdiction over property of the Estate, and avoiding unnecessary litigation costs that could diminish creditor recoveries.

One such matter involved a motion seeking relief from stay in connection with an asserted reimbursement claim arising under California Family Code § 2640. [Dk. 187]. Dinsmore reviewed the motion, analyzed its effect on Estate administration, drafted and revised opposition papers, and coordinated with the Trustee regarding the appropriate litigation strategy. [Dk. 200]. The relief from stay motion was granted in part and denied in part, and specifically limited the relief as requested by Dinsmore. [Dk. 207].

Dinsmore thereafter became involved in related disputes arising from attempts by Gomez to litigate reimbursement and property right issues in state court. Dinsmore reviewed filings

submitted in the family court proceedings by Gomez and Debtor, analyzed whether Gomez's requested relief violated the automatic stay and existing Bankruptcy Court orders, and developed strategies to prevent interference with Estate administration, which was imminent without intervention. Dinsmore prepared demand letters seeking withdrawal of state court requests that improperly affected Estate property, filed objections and opposition papers, and coordinated responses designed to preserve the status quo pending resolution of disputes before the Bankruptcy Court. These efforts were necessary to prevent unauthorized efforts to adjudicate rights in Estate assets outside of the bankruptcy process. The issues with the relief requested by Gomez in state court are now resolved as a result of the entry of the Global 9019 Order.

Dinsmore's work ultimately assisted the Trustee in ensuring that disputes concerning Estate property and sale proceeds remained subject to appropriate bankruptcy oversight, did not interfere with administration of the Estate or distributions to creditors, and did not violate orders entered in the Bankruptcy Court.

**LITIGATION**

In this category, during the Application Period, Dinsmore billed 60.80 hours for $34,724.00, in overall fees.

**a. Timekeeper Breakdown**

| Timekeeper | Title | Rate (2026) | Hours | Total Fees |
|---|---|---|---|---|
| Yosina M. Lissebeck | Partner | $840 | 14.70 | $12,348.00 |
| Christopher Celentino | Partner | $1,110 | 1.80 | $1,998.00 |
| Taylor F. Duncan | Associate | $460 | 44.30 | $20,378.00 |
| **Total Hours / Fees** | | | **60.80** | **$34,724.00** |

**b. Services Rendered**

Dinsmore provided extensive litigation services relating to settlement negotiations, contested matters, family law proceedings, and motions seeking approval of compromises under Bankruptcy Rule 9019.

/ / /

/ / /

Early in the Application Period, Dinsmore finalized multiple settlement agreements – with Hunt and SGSB – and then sought Bankruptcy Court approval of the same. [Dk. 182]. The settlement agreement with SGSB benefitted the Estate as it provided payment to SGSB in the amount of $240,000 on account of their $300,000 secured claim, and subordinated the balance ($60,000) to all allowed general unsecured and administrative creditors. This $60,000 is expected to result in a much larger pro rata distribution to all general unsecured creditors, except Gomez.[2] Moreover, the Hunt settlement agreement benefitted the Estate as Hunt's claim was reduced by $27,396.19 meaning that amount is now unencumbered by security interests and available for distributions to creditors.

After Gomez filed an objection to the Hunt/SGSB 9019 Motion challenging both proposed settlements and the First Interim Fee Application, Dinsmore analyzed the objection, researched relevant law, drafted a detailed reply memorandum, prepared supporting declarations, coordinated with the Trustee regarding litigation strategy, and finalized all reply papers for filing. Dinsmore subsequently prepared for and attended the hearing on the compromise motion. After the Court approved the requested relief, Dinsmore drafted and finalized the proposed order implementing the Court's ruling. The Court approved the Hunt/SGSB 9019 Motion on June 12, 2026 [Dk. 197].

Throughout the remainder of the Application Period, Dinsmore continued to address disputes relating to competing lien claims, asserted reimbursement rights, settlement negotiations, and proceedings in the Debtor's and Gomez's family law case pending in the Orange County Superior Court. Dinsmore analyzed legal issues concerning enforcement of the automatic stay, evaluated procedural mechanisms to address alleged stay violations, prepared correspondence and pleadings directed at unauthorized relief sought in the divorce proceedings, and advised the Trustee regarding the most efficient means of resolving those disputes.

Dinsmore additionally engaged in extensive settlement negotiations among alleged lienholders, creditors, and other interested parties regarding disputed sale proceeds and competing claims. These negotiations ultimately resulted in the formulation of a comprehensive global

[2] The SGSB settlement agreement specifically excluded Gomez from receiving payment from these funds. [Dk. 182].

settlement designed to resolve multiple disputes affecting Estate administration. Dinsmore reviewed settlement proposals, drafted counterproposals, revised settlement agreements, coordinated comments among the parties, and advised the Trustee regarding the legal and practical consequences of the proposed resolution. These negotiations resulted in the global settlement agreement which Trustee has sought Bankruptcy Court approval of. [Dk. 212]. As discussed *supra*, the Global 9019 Motion resolves, among other things, all issues arising from and related to (1) the Gomez Adversary; (2) the claims of (a) SGSB, (b) The Neshanian Law Firm ("Neshanian"), and (c) R&S Law Group, APC; (3) every proof of claim filed by or on behalf of Gomez in the Estate; and (4) fully distributes the Gomez Share held by Trustee in accordance with the Sale Stipulation and Bankruptcy Sale Order. [*Id*.]. This global settlement agreement directly benefits the Estate as it (1) resolves outstanding issues related to the Gomez Share (which cannot be administered for the benefit of the Estate pursuant to the Sale Stipulation and Bankruptcy Sale Order); (2) fully satisfies and considers paid every proof of claim, including amendments thereto, filed by or on behalf of Gomez against the Bankruptcy Estate (which currently total at least $275,000 and significantly reduces the general unsecured creditor pool); and (3) permits Trustee to proceed toward finalizing and closing the Estate (which he could not otherwise do while holding the Gomez Share).

To obtain approval of the global resolution, Dinsmore prepared and revised another comprehensive settlement motion pursuant to Bankruptcy Rule 9019, together with supporting declarations, notices, and related filing documents. Dinsmore coordinated execution of the settlement documents, worked with counsel for the various parties in interest to finalize motion papers, and reviewed all documents for consistency with the negotiated settlement terms prior to filing. The Global 9019 Motion was filed on October 8, 2026 [Dk. 212] and the Global 9019 Order was entered on October 27, 2026 [Dk. 216].

Finally, Dinsmore monitored and participated in related family law proceedings in state court involving reimbursement claims and bifurcation issues, reviewed filings submitted by interested parties, prepared hearing arguments, attended hearings, and reported developments to the Trustee. These services were necessary to protect the Estate's interests, facilitate

implementation of settlements, and advance the efficient administration of Estate assets for the benefit of creditors.

## STAFFING OF CASE AND ATTORNEY TIME

The attorney time reflected in this application is that of Yosina M. Lissebeck, Christopher Celentino, and Taylor F. Duncan. The usual and customary hourly rates charged to Bankruptcy/Insolvency clients are as follows:

a. Staffing and Hourly Rates:

| | | |
|---|---|---|
| Attorney Rate: | Yosina M. Lissebeck | $840 |
| | Christopher Celentino | $1,110 |
| | Taylor F. Duncan | $460 |

The following is an itemization of the time spent on each matter in this Case:

| **CATEGORIES** | **INTERIM PERIOD (May 1, 2026 through October 12, 2026)** | |
|---|---|---|
| | **Hours** | **Amount Requested** |
| Fee Applications (153397-4) | 17.20 | $9,926.00 |
| Asset Analysis & Recovery (153397-8) | 1.60 | $1,344.00 |
| Asset Disposition (153397-9) | 16.70 | $9,430.00 |
| Relief From Stay Proceedings (153397-17) | 11.00 | $6,086.00 |
| Litigation (153397-18) | 60.80 | $34,724.00 |
| **Total Hours** | **107.30** | |
| | **Total Amount Due** | **$61,510.00** |

b. Summary of Time Expended:

The bulk of the work in this Case involved the analysis and administration of Estate assets, including issues arising from Debtor's ongoing and lengthy marital dissolution proceedings, competing claims to sale proceeds, settlement negotiations among creditors and other interested parties, and litigation necessary to facilitate the efficient administration of the Estate. A significant portion of Applicant's services also concerned the resolution of disputes affecting distributions to creditors, approval of compromises, relief from stay issues, and the disposition of Estate assets for the benefit of the Estate.

The fair value of the professional services rendered to Trustee for the period May 1, 2026 through October 12, 2026, is $61,510.00 and reimbursement of expenses in the amount of $721.30. The value of comparable services performed for clients other than under Title 11 of the United States Code is the same as herein requested. No arrangement or understanding exists between Dinsmore and any other person for sharing of compensation to be received for services rendered in connection with this Case.

At all times every reasonable effort was made to avoid duplication of effort and expense on the part of the attorneys for Trustee. Furthermore, although not reflected on the billing sheets, a paralegal and/or legal assistant was utilized by Dinsmore at all times possible, at no charge to the Estate. Accordingly, Dinsmore believes it has delivered high-quality, legal services at an efficient and economical rate for the Estate.

c. Summary of Expenses:

By this Application, Dinsmore seeks interim allowance and reimbursement for expenses incurred in the amount of $721.30.

An itemization of all reasonable and necessary expenses Dinsmore incurred on behalf of the Trustee during the Application Period is attached hereto as **Exhibit "E." Exhibit "E"** includes the date the expense was incurred as applicable, the description of the expense, and the cost of the expense. All of the expenses that Dinsmore is seeking allowance and reimbursement through this Application are customarily charged to its non-bankruptcy clients.

**DETERMINATION OF APPROPRIATE ALLOWANCE OF COMPENSATION**

11 U.S.C. § 330(a) directs the award to a trustee's counsel of:

> (1) After notice to the parties in interest and the United States Trustee, and a hearing ... the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 -
>
> (A) reasonable compensation for actual, necessary services rendered by trustee ... attorney and by any paraprofessional person employed by such person; and
>
> (B) reimbursement for actual, necessary expenses.
>
> (3)(A) In determining the amount of reasonable

> compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
>
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The legislative history of this provision and subsequent decisions make clear that this standard of compensation "marks a sharp cleavage from past practices," *In re Penn-Dixie Industries, Inc.*, 18 B.R. 834, 837 (Bankr. S.D.N.Y. 1982), by "overrul[ing] . . . cases that require fees to be determined based on notions of conservation of the estate and economy of administration." *House Report No. 95-595, 95th Cong., 1st Sess*. 329-330 (1977). Dinsmore asserts that it has satisfied the standard set forth above.

Ms. Lissebeck received her Juris Doctor degree from California Western School of Law in 1998. Ms. Lissebeck served a clinical internship for the Honorable Louise DeCarl Adler, Chief Bankruptcy Judge, from January, 1998 through April, 1998. She was admitted to the California Bar in 1999 and her practice consists of bankruptcy law and business litigation. Ms. Lissebeck was on the Federal Courts Committee for the State Bar of California and served as the Vice President of Community Outreach to the San Diego Chapter of the Federal Bar Association. She is an active member of the San Diego Bankruptcy Forum. She was the Vice President and a Director of the San Diego Bankruptcy Forum, as well as the Co-Education Chair for the California Bankruptcy Forum's 2006 Convention. She is also an active member of the National Association of Bankruptcy Trustees. Ms. Lissebeck has prepared and presented numerous programs regarding Bankruptcy, particularly

as it relates to representing Trustees. Ms. Lissebeck has written a number of blog articles related to bankruptcy sales and issues surrounding bankruptcy sales. Ms. Lissebeck co-authored an article which was published in the California Bankruptcy Journal, Volume 26, Number 4, 2003, entitled, *The Southern District Bankruptcy Court Steps Up to the Plate in the Chapter 11 Filing Game with New Guidelines.*

Mr. Celentino received his juris doctor degree in 1987 from the Georgetown University Law Center. Mr. Celentino focuses his practice on creditors' rights, fiduciary services litigation, business reorganization and workouts, and insolvency and bankruptcy law. He is certified as a business bankruptcy specialist by the American Board of Certification. In 2011, he was selected as one of the "Transcript 10," comprised of 10 of the most noteworthy attorneys from San Diego County, by the San Diego Daily Transcript. He is also a former member and past president of the Board of Directors of the San Diego Bankruptcy Forum. He is also former chair of the San Diego Financial Lawyers Group and has served since 1994 as a court-appointed mediation panel member to the United States Bankruptcy Court, Southern District of California. He has served as both a court-appointed expert and privately-engaged expert in many cases involving unique bankruptcy issues.

Ms. Duncan received her Juris Doctor degree from Chapman University Dale E. Fowler School of Law in 2023. She was admitted to the California Bar in December of the same year. From August 2023 through 2025, Ms. Duncan served as a Law Clerk to the Honorable Scott C. Clarkson, United States Bankruptcy Judge for the Central District of California. Ms. Duncan has been an associate of Dinsmore since 2025.

The hourly rates of the bankruptcy/insolvency department of Dinsmore are itemized above. The rates of lawyers of comparable experience at reorganization departments of firms throughout San Diego, are equal to or higher than the rates for Dinsmore. Services are rendered by Dinsmore in an extremely economical fashion, which combined with the below market hourly rates results in a fee which is outstanding in light of the work which is undertaken and completed.

The Chapter 7 Trustee has approved of Dinsmore filing its Second Interim fee application at this time. Dinsmore is serving a copy of this application upon the Trustee concurrent with its filing.

While the Trustee has not reviewed the application in advance, the Trustee was provided with monthly informational statements during this Case. The Trustee has not objected to any monthly statement. Dinsmore will immediately inform the Court if the Trustee has any objection.

The Estate currently has $559,075.51 cash on hand which the Trustee is holding pursuant to the sale of real property, the Sale Order, and various stipulations, settlements and orders regarding the same. The total unsecured claims was previously approximately $356,896.41; however, the total amount has since been reduced to $75,054.14 as a result of the entry of the Global 9019 Order.

Dinsmore will continue to work in this Case assisting the Trustee in finalizing the administration of this Case, including finalizing the settlements, and addressing any objections to claims.

**REQUEST FOR PAYMENT OF FIRST INTERIM FEE APPLICATION HOLDBACK AMOUNT**

As discussed *supra*, the Court entered an order on June 12, 2026, approving Dinsmore's First Interim Fee Application [Dk. 196]. Pursuant to that order, the Court allowed fees in the amount of $172,174.20 and expenses in the amount of $478.71, while authorizing payment of only 80% of the approved fees at that time. [Dk. 196]. Dinsmore therefore seeks authorization for payment of the remaining 20% holdback, in the amount of $34,434.84, which represents fees already approved, but which remain unpaid. [Dk. 196].

Developments since entry of that order support payment of the holdback at this time. As more fully outlined above, the Trustee, with Dinsmore’s support, entered into various settlement agreements, which have been approved by the Court. These settlement agreements have dramatically reduced the amount of general unsecured claims from the time of entry of the order regarding the First Interim Fee Application. At that time, the general unsecured claims totaled approximately $356,896.41; now that amount is approximately $75,054.14. [*See* Dk. 216]. As a result, and with $559,075.51 cash on hand, sufficient funds are available to pay the remaining $34,434.84 without impairing payment of the reduced general unsecured creditor pool. The circumstances that supported retaining a portion of Dinsmore’s compensation have thus materially changed.

Dinsmore does not seek final allowance of its compensation through this request or ask the Court to restrict any later review or adjustment of the interim award. It seeks only payment of compensation that the Court has already reviewed and allowed. Continued retention of the holdback is unnecessary because the settlements have reduced the Estate's exposure to general unsecured claims and left more than sufficient funds to pay the outstanding amount.

Accordingly, the Court should exercise its discretion to authorize immediate payment of the remaining $34,434.84 holdback from Dinsmore's First Interim Fee Application.

**PRAYER**

WHEREFORE, Dinsmore respectfully prays for an order as follows:

1. Allowing and awarding compensation on an interim basis for fees from services rendered to the Trustee for the period May 1, 2026, through October 12, 2026, in the sum of $61,510.00 for fees incurred and reimbursement of expenses in the amount of $721.30.

2. Authorizing the Trustee to immediately pay the requested $61,510.00 for fees incurred and reimbursement of expenses in the amount of $721.30.

3. Authorizing the Trustee to immediately pay the remaining $34,434.84 holdback from Dinsmore's First Interim Fee Application.

4. Reserving jurisdiction over any supplemental interim fee applications of Dinsmore.

5. Granting such other and further relief as is just and proper.

Dated: October 27, 2026

Respectfully submitted,

DINSMORE & SHOHL LLP

By: <u>*/s/ Taylor F. Duncan*</u>
Yosina M. Lissebeck
Taylor F. Duncan
Counsel to Richard A. Marshack, Chapter 7 Trustee

**DECLARATION OF TAYLOR F. DUNCAN**

I, Taylor F. Duncan declare:

1. I am an attorney admitted to practice law before this Court and I am an associate attorney at the law firm of Dinsmore & Shohl LLP ("Dinsmore"), general bankruptcy counsel to Richard A. Marshack, in his capacity as the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Kristina Lynn Smith ("Debtor"). As such, unless expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify thereto if requested to do so.

2. I have reviewed the attached Second Interim Application for Allowance and Payment of Fees and Reimbursement for Expenses for the Period of May 1, 2026 through October 12, 2026 (the "Application").

3. To the best of my knowledge, the Application complies with the United States Trustee Guidelines and Local Bankruptcy Rule 2016-1.

4. The amounts requested in the Application for fees and costs are based on Dinsmore's business records kept by Dinsmore in the ordinary course of Dinsmore's business. Such records are made at or near the time of the events reflected therein by, or from information transmitted by, a person with knowledge of the matter recorded.

5. During the period May 1, 2026 through October 12, 2026 (the "Application Period"), Dinsmore incurred $61,510.00 in total fees, and expenses in the amount of $721.30 in connection with representing the Trustee.

6. The compensation sought by Dinsmore pursuant to the Application is based upon the customary compensation charged by comparably skilled practitioners in cases under the Bankruptcy Code. Furthermore, the compensation sought by Dinsmore pursuant to the Application is based on its standard and usual charges for similar services in other bankruptcy and non-bankruptcy related representations. Pursuant to Bankruptcy Rule 2016, Dinsmore has not entered into any agreement to share the compensation sought herein with any other person or entity, other than its partners, counsels or associates.

///

7. I have reviewed Dinsmore's time records submitted herewith, and I believe them to accurately reflect the services rendered and to be reasonable.

8. Included in the Exhibits to the Application are the following:

**Exhibit "A"** is the Fee Application Summary, which organizes by service category, the number of hours performed, the hourly rates, and the amount billed by each of Dinsmore's professionals who incurred time in such service category.

**Exhibit "B"** lists the names, hourly billing rates, total number of hours spent on this Case by each professional and paraprofessional who billed time during the Application Period and the total amount of fees accrued.

**Exhibit "C"** contains biographies for all Dinsmore personnel who billed time to the representation during the Application Period.

**Exhibit "D"** contains copies of Dinsmore's actual billing invoices, organized chronologically and by service category during the Application Period. These invoices provide a chronological listing of the tasks performed by Dinsmore and the time spent on each task. These invoices are generated from the daily time records maintained by each Dinsmore attorney and paraprofessional in the ordinary course of Dinsmore's business.

**Exhibit "E"** includes the date the expense was incurred as applicable, the description of the expense, and the cost of the expense. All of the expenses that Dinsmore is seeking allowance and reimbursement through this Application are customarily charged to its non-bankruptcy clients. Costs are charged on a pass-through basis, except for copying which is charged at $0.15 per page for black and white copies and $0.75 per page for color copies.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this __ day of October 2026, at San Diego, California.

*/s/ Taylor F. Duncan*
TAYLOR F. DUNCAN

# EXHIBIT A

**Fee Application Summary**

| CATEGORIES | INTERIM PERIOD (May 1, 2026 through October 12, 2026) | |
|---|---|---|
| | **Hours** | **Amount Requested** |
| Fee Applications (153397-4) | 17.20 | $9,926.00 |
| Asset Analysis & Recovery (153397-8) | 1.60 | $1,344.00 |
| Asset Disposition (153397-9) | 16.70 | $9,430.00 |
| Relief From Stay Proceedings (153397-17) | 11.00 | $6,086.00 |
| Litigation (153397-18) | 60.80 | $34,724.00 |
| **Totals** | **107.30** | **$61,510.00** |

# EXHIBIT B

**Summary of Professionals**

| Name | Title | CA Bar Admission Date | Rate | Total Hours | Total Fees |
|---|---|---|---|---|---|
| Yosina M. Lissebeck | Partner | 1999 | $840.00 | 28.90 | $24,276.00 |
| Christopher Celentino | Partner | 1987 | $1,110.00 | 1.80 | $1,998.00 |
| Taylor F. Duncan | Associate | 2023 | $460.00 | 76.60 | $35,236.00 |
| | | | Total Amount | 107.3 | $61,510.00 |

# EXHIBIT C

DINSMORE



# Yosina M. Lissebeck

**Partner**
San Diego, CA
yosina.lissebeck@dinsmore.com
Tel: (619) 400-0473 Fax: (619) 400-0501

As a partner, Yosina is a highly accomplished professional known for her expertise in insolvency and restructuring cases, as well as commercial and business litigation matters. She is a trusted advisor who has offered invaluable insights and innovative strategies tailored to the unique circumstances of numerous trustees, debtors, companies, receivers, stakeholders, and creditors. Her exceptional problem-solving skills and meticulous attention to detail have led to successful resolutions of complex cases, preserving value for all parties involved. Yosina possesses a versatile skillset as an attorney and has established herself as a skilled litigator, representing clients in court for law and motion matters, evidentiary hearings and trials.

Yosina's practice also includes guiding clients through the acquisition and disposition of commercial and residential properties. Negotiating complex purchase and sale agreements, and advising on title and land use issues. She works closely with clients to structure transactions that align with their business and investment goals. Along with this transactional work, Yosina also represents clients in real estate-related litigation disputes before the Federal Bankruptcy Court, including assisting with the sale motion and overbid process and obtaining relief from stay for various property management companies and commercial landlords. Yosina adeptly handles complex issues, contract disputes, fraud claims, and provides valuable assistance with receivership matters. She earned her J.D. from the California Western School of Law.

# Credentials

## Education

California Western School of Law (J.D., 1998)

University of California, Santa Barbara (B.A., 1995)

• Political Science

## Bar admissions

• California

## Court admissions

• U.S. Court of Appeals for the Ninth Circuit
• U.S. Court of Appeals for the Ninth Circuit Bankruptcy Appellate Panel
• U.S. District Court for the Central District of California
• U.S. District Court for the Southern District of California
• U.S. District Court for the Eastern District of California
• U.S. District Court for the Southern District of Texas
• U.S. Bankruptcy Court for the Central District of California
• U.S. Bankruptcy Court for the Southern District of California
• U.S. Bankruptcy Court for the Southern District of Texas

## Affiliations and memberships

• Federal Bar Association, San Diego Chapter, Member
  - Publicity & Bankruptcy Liaison Officer (2010)
  - Vice President of Community Outreach (2012)
• California State Bar Association, Member
  - Federal Courts Committee (2010)
• San Diego County Bar Association, Member
• San Diego Bankruptcy Forum, Member
  - Vice President (2005)
• California Bankruptcy Forum, Member

- Co-Education Chair for the California Bankruptcy Forum Convention (2006)

• Wilderness Basics Course, San Diego Sierra Club

- Chair

## Distinctions

• San Diego Business Journal, Women of Influence in Law, 2025

DINSMORE



# Christopher Celentino

**Partner**

San Diego, CA

christopher.celentino@dinsmore.com

Tel: (619) 400-0519 Fax: (619) 400-0501

Christopher focuses his practice on creditor's rights, fiduciary services litigation, business reorganization and workouts, and insolvency and bankruptcy law. His bankruptcy practice emphasizes representation of creditors and court-appointed trustees in chapter 7 and 11 cases, as well as representation of debtors in chapter 11 cases. He has knowledge of mechanic's lien law and related construction litigation matters, as well as family law and related dissolution matters. His creditor's right practice emphasizes representing lenders and borrowers in workout and restructuring of commercial loans, secured transactions, and lease transactions, and pursuit of creditor's rights in commercial litigation matters. He is certified as a business bankruptcy specialist by the American Board of Certification. In 2011, he was selected as one of the "Transcript 10," comprised of 10 of the most noteworthy attorneys from San Diego County, by the San Diego Daily Transcript. In 2012, Christopher was the president of the California Bankruptcy Forum, the leading professional organization for bankruptcy lawyers in California, having served previously as treasurer and secretary; in 2018, he served as a co-chair of the annual meeting.

He is also a former member and past president of the Board of Directors of the San Diego Bankruptcy Forum. He is a member of the San Diego County Bar Association, where he served as chair of the Bankruptcy Law Section from 1992 – 1993, and a secretary and vice president of the California State Bar Association Insolvency Committee, as well as a former member of the Board of Directors of the Bay Area Bankruptcy Forum. He is also former chair of the San Diego

Financial Lawyers Group and has served since 1994 as a court-appointed mediation panel member to the United States Bankruptcy Court, Southern District of California. He has served as both a court-appointed expert and privately-engaged expert in many cases involving unique issues of bankruptcy and divorce.

# Credentials

## Education

Georgetown University Law Center (J.D., cum laude, 1987)

- Journal of Law and Technology, co-founder and editor-in-chief
- The Georgetown law Journal, associate editor

Northwestern University (B.S., 1984)

## Bar admissions

- California

## Court admissions

- U.S. Court of Appeals for the Ninth Circuit
- U.S. District Court for the Eastern District of California
- U.S. District Court for the Central District of California
- U.S. District Court for the Northern District of California
- U.S. District Court for the Southern District of California

## Affiliations and memberships

- California Bankruptcy Forum, past president, secretary, treasurer, board member
- San Diego Bankruptcy Forum, past president and board member
- Bay Area Bankruptcy Forum, past board member
- Old Town Academy K-8 Charter School, co-founder and former chair of the board

• ABI Southwest, Conference Board (March 2017)

• California State Bar Association, secretary and vice president, Insolvency Committee

• San Diego County Bar Association, Bankruptcy Law section, past chair

• American Bar Association

• San Diego Financial Lawyers Group, past chair

• U.S. Bankruptcy Court, Southern District of California, court-appointed mediation panel member (1994 – 2012)

## Distinctions

• Peer Review Rated AV® Preeminent™ by Martindale-Hubbell

• Chambers USA: America's Leading Lawyers for Business, Bankruptcy/Restructuring (2017 – 2018)

• The Best Lawyers in San Diego, San Diego Magazine (2016)

• Best Lawyers®

- Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law (2012 – 2025, 2027)

- Litigation – Bankruptcy (2012 – 2022)

• San Diego Super Lawyers (2007 – 2018)

• "Transcript 10", San Diego Daily Transcript (2011)

• Senior Lawyer Fellowship, Center for International Legal Studies (2011)

• Board certified in business bankruptcy law by American Board of Certification

• Avvo Top Rated Lawyer (2022)

• Americas Most Honored Lawyers – Top 1% (2022)

DINSMORE



# Taylor F. Duncan

**Associate**

San Diego, CA

taylor.duncan@dinsmore.com

Tel: (619) 400-0456 Fax: (619) 400-0501

Taylor focuses her practice on bankruptcy and restructuring, guiding businesses and individuals through complex financial challenges with clarity and precision. She works closely with trustees, debtors and companies of all sizes, particularly in the healthcare and banking industries, to navigate insolvency proceedings, asset sales, and Chapter 7 and Chapter 11 bankruptcy filings.

Before entering private practice, Taylor completed a two-year clerkship with Judge Scott C. Clarkson in the U.S. Bankruptcy Court for the Central District of California, where she gained hands-on experience in matters involving asset sales and restructuring under Chapter 7,11, and 15.

Originally from Scotland, Taylor brings a global perspective to her work. Outside the office, she's a passionate soccer fan and a proud supporter of Rangers FC, following both the women's and men's leagues. She also played for a year in the Scottish Women's Premier League, a testament to her competitive spirit and strong, team-oriented mindset.

## Credentials

### Education

Chapman University Dale E. Fowler School of Law (J.D., 2023)

- CALI Awards (Highest Class Grade): Criminal Procedure/Police Practice, Elder Law Clinic
- Commitment to Service Award
- Merit Scholarship
- Real Estate Law Society, Vice President
- Criminal Law Society, Member

California State University, Bakersfield (B.A., summa cum laude, 2020)

- Political Science & Criminal Justice
- The Outstanding Student of Political Science Class of 2020 Award
- Pi Sigma Alpha National Political Science Honor Society
- Alpha Phi Sigma National Criminal Justice Honor Society
- Alpha Chi National College Honor Society
- Helen Louise Hawk Honors Program

## Bar admissions

- California
- District of Columbia

## Affiliations and memberships

- Pathways Academy Kern County Probation Department
- Alliance Against Family Violence and Sexual Assault

## Languages

- Spanish

# EXHIBIT D

**Fee Applications (153397-4)**

| Timekeeper | Title | Rate | Hours | Total Fees |
|---|---|---|---|---|
| Yosina M. Lissebeck | Partner | $840.00 | 5.30 | $4,452.00 |
| Taylor F. Duncan | Associate | $460.00 | 11.90 | $5,474.00 |
| | | **Total Hours / Fees** | **17.20** | **$9,926.00** |

| Date | Name | Matter | Hrs | Amt | Narrative |
|---|---|---|---|---|---|
| 5/6/2026 | YML | 4 | 0.5 | $420.00 | Briefly review billing statements for interim fee application (.3); review shell for interim fee application and forward employment application for use to review (.2). |
| 5/6/2026 | TFD | 4 | 0.4 | $184.00 | Begin calculation of fees and expenses for first interim fee application. |
| 5/6/2026 | TFD | 4 | 1.8 | $828.00 | Draft first interim fee application. |
| 5/7/2026 | YML | 4 | 2 | $1,680.00 | Organize and revise billing statements for interim fee application. |
| 5/8/2026 | TFD | 4 | 2 | $920.00 | Continue drafting first interim fee application. |
| 5/8/2026 | TFD | 4 | 0.6 | $276.00 | Review and revise first interim fee application. |
| 5/8/2026 | TFD | 4 | 0.7 | $322.00 | Review and revise exhibits in support of first interim fee application. |
| 5/8/2026 | TFD | 4 | 0.1 | $46.00 | Review and revise notice of hearing on first interim fee application. |
| 5/9/2026 | YML | 4 | 0.6 | $504.00 | Review and revise interim fee application and give detailed instructions to T. Duncan on further revisions to make and what documents to review so that those revisions can be made. |
| 5/10/2026 | TFD | 4 | 5 | $2,300.00 | Finalize draft of first interim fee application. |
| 5/10/2026 | TFD | 4 | 0.5 | $230.00 | Review and revise finalized draft of first interim application. |
| 5/11/2026 | YML | 4 | 0.6 | $504.00 | Review, revise and finalize interim fee application and supporting documents. |
| 5/11/2026 | TFD | 4 | 0.1 | $46.00 | Review and revise first interim fee application based on comments from Y. Lissebeck. |
| 5/12/2026 | YML | 4 | 0.3 | $252.00 | Review and approve interim fee application and all supporting documents for filing. |
| 5/12/2026 | TFD | 4 | 0.1 | $46.00 | Finalize first interim fee application for filing. |

| Date | Name | Matter | Hrs | Amt | Narrative |
|---|---|---|---|---|---|
| 5/19/2026 | YML | 4 | 0.3 | $252.00 | Review opposition to fee application filed by J. Gomez and discuss reply with T. Duncan and C. Celentino. |
| 6/2/2026 | TFD | 4 | 0.1 | $46.00 | Review Court's ruling at hearing on fee application in connection with drafting order related to same. |
| 6/3/2026 | TFD | 4 | 0.4 | $184.00 | Prepare and finalize order on first interim fee application. |
| 6/3/2026 | TFD | 4 | 0.1 | $46.00 | Review, revise, and finalize fee application order. |
| 9/28/2026 | YML | 4 | 0.2 | $168.00 | Review and approve 45 day notice to professionals related to second interim fee applicaiton |
| 10/16/2026 | YML | 4 | 0.8 | $672.00 | Review, organize and revise billing invoices and entries for second interim fee application |

**Asset Analysis & Recovery (153397-8)**

| Timekeeper | Title | Rate | Hours | Total Fees |
|---|---|---|---|---|
| Yosina M. Lissebeck | Partner | $840.00 | 1.60 | $1,344.00 |
| | | **Total Hours / Fees** | **1.60** | **$1,344.00** |

| Date | Name | Matter | Hrs | Amt | Narrative |
|---|---|---|---|---|---|
| 5/11/2026 | YML | 8 | 0.4 | $336.00 | Review and respond to various emails from trustee re how stipulations effect proceeds and distribution to various creditors (.2); review file and forward stipulations and documents to trustee for review and consideration (.2) |
| 6/12/2026 | YML | 8 | 0.6 | $504.00 | Discuss continued 341(a) with Trustee's office (.1); analysis of exemptions (.3); draft email to trustee re exemptions (.2) |
| 6/17/2026 | YML | 8 | 0.3 | $252.00 | Review and revise distribution chart revising amounts and cash on hand and requesting revisions from T. Duncan |
| 7/28/2026 | YML | 8 | 0.3 | $252.00 | Review message from E. Neshanian related to settlement of lien claim (.1); draft email to trustee re settlement and payment from released funds (.2) |

**Asset Disposition (153397-9)**

| Timekeeper | Title | Rate | Hours | Total Fees |
|---|---|---|---|---|
| Yosina M. Lissebeck | Partner | $840.00 | 4.60 | $3,864.00 |
| Taylor F. Duncan | Associate | $460.00 | 12.10 | $5,566.00 |
| | | **Total Hours / Fees** | **16.70** | **$9,430.00** |

| Date | Name | Matter | Hrs | Amt | Narrative |
|---|---|---|---|---|---|
| 6/15/2026 | YML | 9 | 0.3 | $252.00 | Discuss distribution of claims to creditors subject to the settlement order with P. Krause and T. Duncan |
| 6/15/2026 | TFD | 9 | 1.3 | $598.00 | Calculate pro rata distributions to creditors (1.2); discuss same with Y. Lissebeck (0.1). |
| 6/16/2026 | TFD | 9 | 0.7 | $322.00 | Finalize updated distributions charts. |
| 6/17/2026 | TFD | 9 | 0.3 | $138.00 | Review and respond to various emails with Y. Lissebeck re distributions from sale and non-sale proceeds. |
| 6/18/2026 | TFD | 9 | 0.1 | $46.00 | Email P. Kraus re accounting of estate funds and trustee's fees in connection with drafting amended distribution schedule. |
| 6/23/2026 | YML | 9 | 0.3 | $252.00 | Discuss distribution scheme with T. Duncan and determine pro rata amounts to creditors |
| 6/23/2026 | TFD | 9 | 3.9 | $1,794.00 | Review and analyze Trustee accounting in connection with funds from the sale of the property, calculate Estate/Debtor and Gomez's stipulated homestead amount, determine remaining allowed off the top distributions including Trustee's fees, calculate distribution of secured claim transferred to the Estate to general unsecured creditors, calculate remaining pro rata distributions to be made to general unsecured creditors after payment of priority claims and all preceding amounts. |
| 6/23/2026 | TFD | 9 | 1.1 | $506.00 | Draft memo regarding potential strategy to increase distributions to general unsecured creditors and Gomez. |
| 7/16/2026 | TFD | 9 | 0.2 | $92.00 | Strategize regarding procedures to close estate concerning interim distributions with sale proceeds, claim allowance, property abandonment, and related matters. |

| Date | Name | Matter | Hrs | Amt | Narrative |
|---|---|---|---|---|---|
| 7/16/2026 | TFD | 9 | 0.5 | $230.00 | Review and analyze applicability of discharge and priority provisions with respect to claims under California Family Code § 2640 in connection with determining distribution rights and potential objections. |
| 7/17/2026 | TFD | 9 | 0.6 | $276.00 | Draft strategy for next steps to complete estate administration. |
| 7/21/2026 | YML | 9 | 0.3 | $252.00 | Review request from J. Smith to Divorce Court related to 2640 request; discuss violation of stay as request is written and need to draft opposition and correspondence stating such |
| 7/22/2026 | YML | 9 | 0.4 | $336.00 | Discuss case with R. Marshack regarding remaining issues related to interim distribution, settlement of claims issues, interpleading funds, and opposition to state court motion filed by J. Gomez |
| 7/22/2026 | TFD | 9 | 0.4 | $184.00 | Review and draft response to J. Gomez regarding § 2640 reimbursement claim. |
| 7/22/2026 | TFD | 9 | 0.1 | $46.00 | Email Trustee re updated distributions memo and proposed next steps. |
| 7/27/2026 | YML | 9 | 0.2 | $168.00 | Review motion filed by J. Gomez in state court re reimbursement claim and forward to T. Duncan to review and respond to related to violation of stay and objection |
| 8/5/2026 | YML | 9 | 0.2 | $168.00 | Responded to creditor inquiry regarding status of $50K allowed claim and anticipated interim distribution timeline |
| 8/5/2026 | YML | 9 | 1 | $840.00 | Review and respond to various emails with E. Neshanian and S. Gelbart related to liens and amounts (.2); telephone call with Trustee and E. Neshanian re lien (.3); telephone call with Trustee and S. Gelbart re lien (.3); telephone call with trustee related to case strategy and interpleading funds (.2) |
| 8/6/2026 | YML | 9 | 1 | $840.00 | Discuss liens and settlement proposal with Trustee (.3); telephone call with B. Heston re settlement proposal (.3); draft detailed settlement proposal to B. Heston (.3); review Trustee's additional comments and remarks re to settlement email (.1) |
| 8/10/2026 | TFD | 9 | 0.2 | $92.00 | Outline motion to deposit funds with Bankruptcy Court. |
| 8/11/2026 | YML | 9 | 0.4 | $336.00 | Review and respond to email from attorneys re liens, settlement, and waivers (.2); draft follow up email to B. Heston with counteroffer to resolve all remaining issues (.2) |
| 8/11/2026 | TFD | 9 | 0.6 | $276.00 | Draft motion to deposit funds into Court's registry. |

| Date | Name | Matter | Hrs | Amt | Narrative |
|---|---|---|---|---|---|
| 8/12/2026 | TFD | 9 | 1.8 | $828.00 | Complete draft of motion to deposit funds with Court. |
| 8/12/2026 | TFD | 9 | 0.3 | $138.00 | Draft declaration of R. Marshack in support of motion to deposit funds with Court. |
| 10/5/2026 | YML | 9 | 0.5 | $420.00 | Review email from Debtor related to FTB claim and attachment issues (.3); draft response related to unsecured claim and priority position of taxing authority (.2) |

**Relief from Stay Proceedings (153397-17)**

| Timekeeper | Title | Rate | Hours | Total Fees |
|---|---|---|---|---|
| Yosina M. Lissebeck | Partner | $840.00 | 2.70 | $2,268.00 |
| Taylor F. Duncan | Associate | $460.00 | 8.30 | $3,818.00 |
| | | **Total Hours / Fees** | **11.00** | **$6,086.00** |

| Date | Name | Matter | Hrs | Amt | Narrative |
|---|---|---|---|---|---|
| 5/26/2026 | TFD | 17 | 2.6 | $1,196.00 | Draft opposition to motion for relief from stay. |
| 6/9/2026 | TFD | 17 | 0.3 | $138.00 | Continue draft of limited opposition to motion for relief from stay filed by Gomez as to a potential 2640 claim. |
| 6/10/2026 | YML | 17 | 0.5 | $420.00 | Review and revise opposition to Gomez RFS |
| 6/10/2026 | TFD | 17 | 1.3 | $598.00 | Review, revise, and finalize draft of limited opposition to Gomez' relief from stay related to his alleged § 2640 claim. |
| 6/11/2026 | YML | 17 | 0.5 | $420.00 | Review and revise opposition to motion for relief from stay |
| 6/11/2026 | TFD | 17 | 0.2 | $92.00 | Email C. Celentino regarding motion for relief from stay filed by Gomez. |
| 6/12/2026 | TFD | 17 | 0.1 | $46.00 | Revise opposition to Gomez' motion for relief from stay. |
| 6/17/2026 | YML | 17 | 0.3 | $252.00 | Review and Finalize Limited Opposition to Stay Motion |
| 7/22/2026 | TFD | 17 | 0.4 | $184.00 | Review and draft response to J. Gomez regarding § 2640 reimbursement claim. |
| 7/22/2026 | TFD | 17 | 0.4 | $184.00 | Review and analyze request for order filed by J. Gomez in state court. |
| 7/22/2026 | TFD | 17 | 0.7 | $322.00 | Strategize with respect to initial response and opposition to request for order filed by J. Gomez in state court. |
| 7/23/2026 | YML | 17 | 0.4 | $336.00 | Analysis of state court documents related to violation of stay (.2); Discuss filing opposition with T. Duncan in state court related to violation of stay with request (.2) |
| 7/23/2026 | TFD | 17 | 0.5 | $230.00 | Review and revise demand letter to J. Gomez with respect to withdrawal of request for relief filed in state court in violation of the automatic stay and bankruptcy court orders. |

| Date | Name | Matter | Hrs | Amt | Narrative |
|---|---|---|---|---|---|
| 7/23/2026 | TFD | 17 | 1.8 | $828.00 | Draft demand letter to J. Gomez with respect to withdrawal of request for relief filed in state court in violation of the automatic stay and bankruptcy court orders. |
| 7/24/2026 | YML | 17 | 0.3 | $252.00 | Review, revise and approve final correspondence to J. Smith and B. Heston re to violating automatic stay with motion in divorce court |
| 8/6/2026 | YML | 17 | 0.4 | $336.00 | Review and approve objection to Gomez request for separate property determination against Kathy Court proceeds in violation of stay |
| 8/7/2026 | YML | 17 | 0.3 | $252.00 | Review, finalize and approve final opposition to Smith State Court document related to reimbursement claim and violation of stay |

**Litigation General (153397-18)**

| Timekeeper | Title | Rate | Hours | Total Fees |
|---|---|---|---|---|
| Yosina M. Lissebeck | Partner | $840.00 | 14.70 | $12,348.00 |
| Christopher Celentino | Partner | $1,110.00 | 1.80 | $1,998.00 |
| Taylor F. Duncan | Associate | $460.00 | 44.30 | $20,378.00 |
| | | **Total Hours / Fees** | **60.80** | **$34,724.00** |

| Date | Name | Matter | Hrs | Amt | Narrative |
|---|---|---|---|---|---|
| 5/6/2026 | YML | 18 | 1 | $840.00 | Revise and finalize settlement agreement of SGSB (.4); revise and finalize settlement agreement with Hunt (.4); telephone call with trustee re settlements and moving forward with case (.2). |
| 5/9/2026 | TFD | 18 | 0.3 | $138.00 | Draft 9019 agreement re settlement involving creditors with interest in sales proceeds. |
| 5/10/2026 | TFD | 18 | 0.5 | $230.00 | Finalize draft of notice of hearing related to 9019 motion re settlement agreements with secured creditors. |
| 5/10/2026 | TFD | 18 | 2 | $920.00 | Continue drafting introduction, statement of facts, and details regarding the compromises in 9019 motion re settlement agreement with secured creditors. |
| 5/10/2026 | TFD | 18 | 1.5 | $690.00 | Draft argument portion of 9019 motion related to the settlement agreements with secured creditors. |
| 5/10/2026 | TFD | 18 | 0.1 | $46.00 | Draft conclusion of 9019 motion related to the settlement agreements with secured creditors. |
| 5/11/2026 | YML | 18 | 0.5 | $420.00 | Review and revise 9019 memorandum of points and authorities. |
| 5/11/2026 | TFD | 18 | 1.2 | $552.00 | Further review and revise 9019 motion based on comments from Y. Lissebeck. |
| 5/12/2026 | YML | 18 | 0.3 | $252.00 | Review and approve 9019 settlement Motion for filing and service. |
| 5/12/2026 | TFD | 18 | 0.1 | $46.00 | Finalize settlement agreement motion re agreement with secured creditors for filing. |
| 5/19/2026 | YML | 18 | 0.3 | $252.00 | Review opposition to 9019 settlement filed by J. Gomez and discuss reply with T. Duncan and C. Celentino. |

| Date | Name | Matter | Hrs | Amt | Narrative |
|---|---|---|---|---|---|
| 5/19/2026 | TFD | 18 | 0.2 | $92.00 | Strategy call with Y. Lissebeck regarding reply to opposition to fee application and 9019 motion filed by J. Gomez. |
| 5/20/2026 | YML | 18 | 0.2 | $168.00 | Review and respond to email of E. Neshanian related to objection to 9019 motion and lien issues. |
| 5/20/2026 | TFD | 18 | 3.1 | $1,426.00 | Draft reply to opposition filed by Gomez to first interim fee application and compromise motion. |
| 5/20/2026 | TFD | 18 | 1.6 | $736.00 | Review and revise reply to opposition filed by Gomez to first interim fee application and compromise motion. |
| 5/20/2026 | TFD | 18 | 0.3 | $138.00 | Draft declaration of Y. Lissebeck in support of reply, incorporate citations to same in reply. |
| 5/20/2026 | TFD | 18 | 0.5 | $230.00 | Review, revise, and finalize draft of reply to opposition filed by Gomez to first interim fee application and compromise motion. |
| 5/20/2026 | TFD | 18 | 0.4 | $184.00 | Review and analyze email from E. Neshanian regarding inquiries as to Gomez' opposition (0.2); review documents in support of response to same (0.1); draft response to same (0.1). |
| 5/20/2026 | TFD | 18 | 0.9 | $414.00 | Further review and revise reply to opposition filed by Gomez to first interim fee application and compromise motion. |
| 5/20/2026 | TFD | 18 | 0.2 | $92.00 | Email draft of reply to opposition filed by Gomez to first interim fee application and compromise motion and strategy regarding same with respect to various arguments. |
| 5/22/2026 | YML | 18 | 0.3 | $252.00 | Discuss reply to objection to 9019 motion with T. Duncan and advise re applicable arguments to use. |
| 5/26/2026 | YML | 18 | 0.5 | $420.00 | Finalize and approve reply for filing with court related to 9019. |
| 5/26/2026 | TFD | 18 | 1.2 | $552.00 | Review, revise, and finalize reply based on comment from Y. Lissebeck. |
| 6/1/2026 | YML | 18 | 0.5 | $420.00 | Review email from S. Gelbart related to tentative and oral argument for hearing (.2); review tentative in preparation for hearing, forward to S. Gelbart for review and comment (.2); forward tentative to trustee for review and comment prior to hearing (.1) |

| Date | Name | Matter | Hrs | Amt | Narrative |
|---|---|---|---|---|---|
| 6/2/2026 | YML | 18 | 2 | $1,680.00 | Prepare for hearing on 9019 motion, review all documents filed by Trustee, all oppositions, case law and relevant reply (1.5); appear at hearing (.5) |
| 6/2/2026 | TFD | 18 | 0.1 | $46.00 | Review Court's ruling at hearing on 9019 motion in connection with drafting order related to same. |
| 6/3/2026 | YML | 18 | 0.3 | $252.00 | Review and revise order on Motion to approve compromise |
| 6/3/2026 | TFD | 18 | 0.5 | $230.00 | Draft order granting 9019 motion. |
| 6/3/2026 | TFD | 18 | 0.1 | $46.00 | Review, revise, and finalize order re 9019 motion. |
| 6/12/2026 | YML | 18 | 0.2 | $168.00 | Review entered orders |
| 7/1/2026 | CC | 18 | 1.8 | $1,998.00 | Review pleadings, prepare for hearing, prepare to stip to tentative, attend hearing, report to client re hearing |
| 7/27/2026 | TFD | 18 | 0.4 | $184.00 | Review and respond to B. Heston regarding amended RFO (0.2); Review and analyze amended RFO filed by Gomez (0.2). |
| 7/27/2026 | TFD | 18 | 0.3 | $138.00 | Review and draft response to J. Gomez regarding continued violations of bankruptcy court orders in amended request for order. |
| 7/28/2026 | TFD | 18 | 1.1 | $506.00 | Draft response to K. Gomez Amended RFO filed in state court. |
| 7/29/2026 | YML | 18 | 0.6 | $504.00 | Discuss resolution of lien claim with Neshanian and Gomez with the Trustee (.2); draft email to B. Heston related to resolution, release and necessity for court order (.1); draft email to Neshanian re resolution and necessity for order, review response and draft reply (.3) |
| 7/29/2026 | TFD | 18 | 0.2 | $92.00 | Review and draft response to email from J. Adams re state court request for order. |
| 7/29/2026 | TFD | 18 | 1.5 | $690.00 | Review and analyze law applicable to facts of case re addressing stay violations by motion versus adversary. |
| 7/29/2026 | TFD | 18 | 0.3 | $138.00 | Draft analysis related to proceeding by motion as opposed to adversary for contempt proceedings involving stay violations. |
| 7/30/2026 | TFD | 18 | 0.4 | $184.00 | Call with J. Gomez regarding state court RFO and related matters. |
| 7/30/2026 | TFD | 18 | 0.2 | $92.00 | Strategy call with Y. Lissebeck re response to Gomez's RFO and potential contempt motion. |

| Date | Name | Matter | Hrs | Amt | Narrative |
|---|---|---|---|---|---|
| 7/30/2026 | TFD | 18 | 0.1 | $46.00 | Review emails from J. Gomez and B. Heston regarding state court RFO and distribution of proceeds. |
| 7/30/2026 | TFD | 18 | 2.2 | $1,012.00 | Continue draft of opposition to to Gomez's Request for Order filed in State Court. |
| 7/30/2026 | TFD | 18 | 1 | $460.00 | Draft declaration of Richard A. Marshack in support of response to RFO. |
| 7/30/2026 | TFD | 18 | 1.1 | $506.00 | Review and revise response to Gomez's RFO and R. Marshack declaration in support. |
| 8/3/2026 | YML | 18 | 0.5 | $420.00 | Draft Email to trustee regarding settlement discussion and proposed response to opposing counsel on lien waiver issue (.2); review and revise draft response to Gomez request for order with comments (.3) |
| 8/4/2026 | TFD | 18 | 1.9 | $874.00 | Draft amended opposition to Gomez RFO filed in state court. |
| 8/4/2026 | TFD | 18 | 0.2 | $92.00 | Review required responsive forms for response to RFO for compliance with family law rules. |
| 8/5/2026 | TFD | 18 | 0.1 | $46.00 | Review minute order entered in state court related to Gomez filings. |
| 8/5/2026 | TFD | 18 | 1.7 | $782.00 | Finalize opposition to RFO filed by Gomez (1.6); complete FL 320 (0.1). |
| 8/10/2026 | YML | 18 | 0.3 | $252.00 | Review and respond to email from opposing counsel B. Heston related to global resolution proposal regarding trustee reserve funds and settlement terms (.2); review and respond to email from E. Neshanian re status of settlement discussions (.1) |
| 8/13/2026 | YML | 18 | 0.8 | $672.00 | Review email from J. Adams regarding divorce proceedings background and proof of claim dispute and global settlement offer (.2); telephone call with S. Gelbart re settlement and counteroffer (.3); draft detailed counteroffer to J. Adams related to settlement (.3) |
| 8/14/2026 | YML | 18 | 0.6 | $504.00 | Review and respond to multiple emails from B. Heston re settlement (.2); review and respond to multiple emails from S. Gelbert re settlement and holding funds in registry (.2); telephone call with trustee re settlement (.2) |
| 8/18/2026 | YML | 18 | 0.5 | $420.00 | Discuss hearing and argument for state court hearing with associate (.3); review various emails related to settlement and liens (.2) |
| 8/19/2026 | TFD | 18 | 0.6 | $276.00 | Review and analyze filings by K. Smith ahead of hearing re J. Gomez's request for order related to alleged § 2640 claim. |

| Date | Name | Matter | Hrs | Amt | Narrative |
|---|---|---|---|---|---|
| 8/19/2026 | TFD | 18 | 0.2 | $92.00 | Review and analyze filings by Gomez in reply ahead of hearing re alleged § 2640 claim. |
| 8/20/2026 | TFD | 18 | 1.1 | $506.00 | Travel to Orange County Superior Court for hearing on J. Gomez's alleged § 2640 claim (2.2 hours total). |
| 8/20/2026 | TFD | 18 | 2.1 | $966.00 | Attend and argue at hearing on J. Gomez's alleged § 2640 claim. |
| 8/20/2026 | TFD | 18 | 0.5 | $230.00 | Outline arguments in preparation for hearing on J. Gomez's alleged § 2640 claim. |
| 8/20/2026 | TFD | 18 | 0.1 | $46.00 | Review and respond to J. Gomez re hearing on alleged § 2640 claim. |
| 8/31/2026 | YML | 18 | 0.5 | $420.00 | Review and revise global settlement to include additional releases and information related to Gomez POC (.4); draft email to trustee with revisions (.1) |
| 9/2/2026 | YML | 18 | 0.5 | $420.00 | Discuss revisions to settlement with Trustee and moving forward with settlement and final distribution timing (.3); draft email to D. Hunt re timing of distribution, review response (.1); draft email to Center for Children re timing of distribution, review response (.1) |
| 9/3/2026 | YML | 18 | 0.4 | $336.00 | Analysis of revised settlement for POC statements and waiver (.3); forward revised settlement to trustee for review and approval (.1) |
| 9/4/2026 | YML | 18 | 0.5 | $420.00 | Review and respond to email re revised settlement (.3); review revised settlement and forward to trustee (.2) |
| 9/9/2026 | YML | 18 | 0.2 | $168.00 | Review revised settlement and email from B. Heston, respond related to trustee's approval |
| 9/10/2026 | YML | 18 | 0.6 | $504.00 | Review settlement agreement and send email to parties re Estate is fine with revisions (.4); review and respond to email from SG related to registry fees and costs (.2) |
| 9/17/2026 | YML | 18 | 0.2 | $168.00 | Review final settlement agreement and forward to trustee for review and execution |
| 9/23/2026 | YML | 18 | 0.2 | $168.00 | Discuss 9019 motion with trustee (.1); draft email to B. Heston related to joint 9019 Motion to approve settlement (.1) |
| 9/28/2026 | TFD | 18 | 3.2 | $1,472.00 | Draft 9019 motion re global settlement agreement. |
| 9/28/2026 | TFD | 18 | 0.5 | $230.00 | Draft, review, and revise notice of motion re joint 9019 motion. |

| Date | Name | Matter | Hrs | Amt | Narrative |
|---|---|---|---|---|---|
| 9/28/2026 | TFD | 18 | 0.7 | $322.00 | Draft declaration of R. Marshack in support of joint 9019 motion. |
| 9/29/2026 | YML | 18 | 0.5 | $420.00 | Review T. Duncan's draft 9019 motion and notice and provide extensive comments, including conformity to settlement language, undefined terms, consent of all parties, registry-fund release language, and relief requested (.3); Correspond with B. Heston and E. Neshanian regarding status of revisions and timing of return of the motion package (.2) |
| 9/30/2026 | YML | 18 | 0.4 | $336.00 | Review further revised draft of the 9019 motion and notice (.2); Draft email to B. Heston and R. Marshack transmitting revised versions, requesting a supporting declaration from Gomez, and outlining the signature and filing process (.2) |
| 9/30/2026 | TFD | 18 | 3.2 | $1,472.00 | Review and revise 9019 motion, notice of same, and Marshack declarations in support in light of comments received. |
| 10/5/2026 | YML | 18 | 0.3 | $252.00 | Review B. Heston's revisions to the Joint 9019 Motion (language that the PMA ruling need not be final or non-appealable) and the proposed Gomez declaration; confirm acceptance to B. Heston; instruct C. Lam and T. Duncan to format, convert to PDF and add proof of service for signatures |
| 10/6/2026 | YML | 18 | 0.4 | $336.00 | Review revisions to Motion to approve and declaration provided by B. Heston and approve documents for finalization (.2); review finalized documents and forward to B. Heston for signature (.2) |
| 10/7/2026 | YML | 18 | 0.3 | $252.00 | Review and respond to Neshanian Law Firm and T. Talbot regarding the status of the final settlement agreement and the 9019 motion and advise that signatures from B. Heston and Mr. Gomez are pending (.1); Review signed Joint 9019 Motion, Declaration of J. Gomez, and Notice of Joint 9019 Motion from T. Duncan and B. Heston; approve the filing (.2) |
| 10/7/2026 | TFD | 18 | 0.2 | $92.00 | Review various emails from lienholders related to 9019 motion and signatures provided by B. Heston in connection with same (0.1); finalize documents related to 9019 motion (0.1). |
| 10/8/2026 | YML | 18 | 0.3 | $252.00 | Review and approve executed Joint 9019 Motion and supporting declaration received from B. Heston; forward signed motion to T. Duncan and C. Lam for finalization and filing and Review and analyze revised proof of service and AP Notice; advise team that a proof of service is required on all filed documents, and that the caption is improper for the adversary proceeding |

| Date | Name | Matter | Hrs | Amt | Narrative |
|---|---|---|---|---|---|
| 10/8/2026 | TFD | 18 | 0.1 | $46.00 | Review and revise notice of motion to be filed in adversary proceeding. |
| 10/20/2026 | TFD | 18 | 1.3 | $598.00 | Travel to Orange County Superior Court for hearing on Gomez's motion for bifurcation and claim for reimbursement (2.6 total) |
| 10/20/2026 | TFD | 18 | 3 | $1,380.00 | Attend hearing on Gomez's motion for bifurcation and claim for reimbursement. |

# EXHIBIT E

**Expenses**

| Date | Cost | Amount | Description |
|---|---|---|---|
| 5/13/2026 | COPY | $225.75 | |
| 5/13/2026 | FEDEX | $19.72 | VENDOR: Federal Express Corporation INVOICE#: 930945605; DATE: 5/22/2026; Tracking #: 381286727649 Shipment Date: 20260513 Sender: Wendy Yones Dinsmore & Shohl, LLP, 655 West Broadway Suite 800, SAN DIEGO, CA 92101 Ship to: Honorable Scott C Clarkson, United States Bankruptcy Court, 411 W 4TH ST, SANTA ANA, CA 92701 |
| 7/29/2026 | FILING | $34.00 | INVOICE#: 8246281507291804; DATE: 7/29/2026; Filing Fees COURTS/USBC-CA-PG; Filing 06/05/2026 |
| 9/1/2026 | FILING | $0.90 | INVOICE#: 8356539609011936; DATE: 9/1/2026; Court Costs Orange County Family Law Documents - Convenience Fee 08/05/2026 |
| 9/1/2026 | FILING | $7.50 | INVOICE#: 8356539609011936; DATE: 9/1/2026; Court Costs Orange County Family Law Documents 08/05/2026 |
| 9/1/2026 | FILING | $22.50 | INVOICE#: 8356539609011936; DATE: 9/1/2026; Court Costs Orange County Family Law Documents 08/06/2026 |
| 9/1/2026 | FILING | $0.90 | INVOICE#: 8356539609011936; DATE: 9/1/2026; Filing Fees Orange County Family Law Documents - Convenience Fee 08/06/2026 |
| 9/1/2026 | FILING | $144.90 | VENDOR: One Legal, LLC INVOICE#: 08692849; DATE: 9/1/2026; Filing Fees RESPONSIVE DECLARATION - REQUEST FOR ORDER, Declaration, Proof Of Service 08/10/2026 |
| 9/1/2026 | FILING | $28.87 | VENDOR: One Legal, LLC INVOICE#: 08702002; DATE: 9/1/2026; Filing Fees RESPONSIVE DECLARATION - REQUEST FOR ORDER, Declaration, Proof Of Service 08/12/2026 |
| 9/1/2026 | FILING | $24.53 | VENDOR: One Legal, LLC INVOICE#: 08702617; DATE: 9/1/2026; Filing Fees Case Management Statement, Proof of Service (not Summons and Complaint) 08/12/2026 |
| 9/1/2026 | FILING | $24.73 | VENDOR: One Legal, LLC INVOICE#: 08710460; DATE: 9/1/2026; Filing Fees Declaration, Proof Of Service 08/13/2026 |
| 9/16/2026 | FILING | $0.90 | INVOICE#: 8379580909161658; DATE: 9/16/2026; Court Costs ORANGE FMLY LAW DOC Documents (Payment Convenience Fee) 08/17/2026 |
| 9/16/2026 | FILING | $7.50 | INVOICE#: 8379580909161658; DATE: 9/16/2026; Court Costs ORANGE FMLY LAW DOC Documents 08/17/2026 |
| 9/16/2026 | FILING | $27.40 | INVOICE#: 8379580909161658; DATE: 9/16/2026; Court Costs ORANGE FMLY LAW DOC Documents 08/19/2026 |

| Date | Cost | Amount | Description |
|---|---|---|---|
| 9/16/2026 | FILING | $0.90 | INVOICE#: 8379580909161658; DATE: 9/16/2026; Court Costs ORANGE FMLY LAW DOC Documents (Convenience Fee) 08/19/2026 |
| 10/9/2026 | COPY | $26.10 | |
| 10/9/2026 | COPY | $54.00 | |
| 10/9/2026 | COPY | $27.00 | |
| 10/9/2026 | COPY | $27.00 | |
| 10/9/2026 | COPY | $8.10 | |
| 10/9/2026 | COPY | $8.10 | |
| | **Total Costs** | **$721.30** | |

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is **655 West Broadway, Suite 800, San Diego, CA 92101**

A true and correct copy of the foregoing document entitled (*specify*): **DINSMORE & SHOHL LLP'S (1) SECOND INTERIM APPLICATION AS COUNSEL FOR RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR ALLOWANCE AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF MAY 1, 2026 THROUGH OCTOBER 12, 2026; AND (2) REQUEST FOR PAYMENT OF FIRST INTERIM FEE APPLICATION HOLDBACK AMOUNT; DECLARATION OF TAYLOR F. DUNCAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 27, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Attorneys for Wells Fargo Bank NA
  **David Coats** - dacoats@raslg.com

- Attorneys for Jeffrey Adams Gomez
  **Benjamin Heston** - bhestonecf@gmail.com, benheston@recap.email, NexusBankruptcy@jubileebk.net

- Attorneys for Richard Heston & Kerry Kavanaugh
  **Richard G. Heston** - rheston@hestonlaw.com, yflores@hestonlaw.com, docs@hestonlaw.com, HestonRR41032@notify.bestcase.com, hestonlaw@recap.email

- Attorneys for Richard A. Marshack, Chapter 7 Trustee
  **Yosina M Lissebeck** - Yosina.Lissebeck@Dinsmore.com, caron.burke@dinsmore.com;

- **Richard A Marshack (TR)** - pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com

- Courtesy NEF
  **Eric Marcus Neshanian** - neshanianlawfirm@gmail.com

- Attorneys for Richard A. Marshack, Chapter 7 Trustee
  **Taylor F. Duncan** - taylor.duncan@dinsmore.com, cynthia.lam@dinsmore.com

- Attorneys for Richard A. Marshack, Chapter 7 Trustee
  **Matthew J Stockl** - mstockl@otterbourg.com, nregina@otterbourg.com

- **United States Trustee (SA**) - ustpregion16.sa.ecf@usdoj.gov

- Attorneys for Howard & Kristina Smith
  **Julie J Villalobos** - julie@oaktreelaw.com, oakecfmail@gmail.com; villalobosjr51108@notify.bestcase.com; gus@oaktreelaw.com

- Attorneys for US Bank National Association
  **Jennifer C Wong** - bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) October 27, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Ronald Reagan Federal Building
411 West Fourth Street, Suite 5130/Ctrm 5C
Santa Ana, CA 92701-4593

Clarence Yoshikane
Berkshire Hathaway
1400 Newport Center Drive, Suite 200
Newport Beach, CA 92660

Kerry Kavanaugh
4511 Isabella Lane
Dallas, TX 75229

Howard Smith
28822 Via De Luna
Laguna Niguel, CA 92677

Michelle Sherwood, Esq
R & S Law Group, APC
400 West First St
Tustin, CA 92780

Hahn Fife & Company LLP
1055 E. Colorado Blvd 5
Pasadena, CA 91106

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

October 27, 2026 Cynthia Lam /s/ Cynthia Lam
*Date* *Printed Name* *Signature*